UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | MDL 3144 | Date | April 4, 2025 |
| Title | In re: TikTok, Inc., Minor Privacy Litigation | Page | 1 of 3 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS – ORDER RE INITIAL STATUS CONFERENCE**

This Court has been assigned to handle the *In re: TikTok, Inc., Minor Privacy Litigation*, MDL No. 3144.  *See* U.S. Judicial Panel on Multidistrict Litigation, Case MDL No. 3144, Dkt. No. 83.  Pursuant thereto, the following cases have been transferred to the undersigned judge for coordinated or consolidated pretrial proceedings:

<u>Central District of California</u>
*A.A., et al., v. ByteDance Inc., et al.*, C.D. Cal. No. 2:24-cv-06784 (filed Aug. 9, 2024)
*Villanueva, et al. v. ByteDance Inc.*, C.D. Cal. No. 2:24-cv-07922[1] (filed Sept. 17, 2024)

<u>Northern District of California</u>
*McKissick on behalf of A.M. v. ByteDance Inc., et al.*, N.D. Cal. No. 3:24-08051 (filed Nov. 15, 2024)

<u>Northern District of Florida</u>
*Humbert, et al. v. ByteDance Inc., et al.*, N.D. Fla. No. 5:24-00236 (filed Oct. 15, 2024)

<u>Western District of Missouri</u>
*Middleton v. TikTok, Inc., et al.*, W.D. Mo. No. 4:24-00742 (filed Nov. 15, 2024)

<u>District of New Jersey</u>
*Lanser v. ByteDance Inc., et al.*, D. N.J. No. 2:24-10818 (filed Nov. 27, 2024)

Given the need to process this litigation expeditiously, an initial status conference is set for 10:00 a.m. on April 14, 2025, at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 9D, 9th Floor.  Counsel may appear either in person or telephonically (if the latter, counsel must contact

---

[1] The *A.A.* and *Villanueva* cases were consolidated on November 25. 2024 with *A.A.* being the lead case.  On January 15, 2025, a "corrected" consolidated complaint was filed in *A.A.* where the initially named Plaintiff was "J.C.," and thereafter references to the No. 2:24-cv-06784 case were made to "*J.C. v. ByteDance*," as it appears that A.A. is no longer listed as a Plaintiff in that matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | MDL 3144 | Date | April 4, 2025 |
|---|---|---|---|

| Title | *In re: TikTok, Inc., Minor Privacy Litigation* | Page | 2 of 3 |
|---|---|---|---|

the court clerk prior to April 14 at javier_gonzalez@cacd.uscourts.gov or 213-894-0191). Pursuant thereto, all pending motions in the above cases are taken off-calendar with their reinstatement to be discussed at the status conference.

The following topics are expected to be raised, but not necessarily resolved, at the conference:[2]

1) Will it be necessary to select/appoint lead, liaison or administrative counsel?
2) Will a new complaint be filed to govern the MDL proceedings?
3) Are there any related pending (or likely to be filed) federal cases which should be transferred to this MDL?
4) Are there any pending state cases which relate to or parallel this MDL such that the Court should reach out to the state judicial officer(s) for purposes of coordination?
5) Preliminary recommendations as to scheduling, *e.g.*, should a Fed. R. Civ. P. 26(f) scheduling conference be set, when should the hearing on a motion for class certification be set, the date for closing regular discovery and expert discovery, etc.?
6) What is the status of the above transferred cases: (a) have there been any significant rulings; (b) are there any pending motions; (c) have there been any pre-trial schedules set (*e.g.* when a motion for class certification is to be filed or heard); (d) have guardians ad litem been appointed where required; and (e) are there any other matter(s) which counsel wishes to bring to the attention of the Court?
7) It is this Court's practice to refer all civil cases to mediation, and the earlier the better. In litigation of this type, the settlement discussions can be held before a magistrate judge or through a private mediation service. What are the parties' thoughts as to when and before whom?
8) It is this Court's practice to refer all discovery disputes to the assigned magistrate judge unless there is need for an immediate resolution of the disagreement. Does any party see the need for any special and/or preliminary orders re discovery?
9) There is a pending lawsuit brought in the Central District of California by the Consumer Protection Branch, Civil Division of the U.S. Department of Justice against ByteDance LTD and TikTok LTD, *i.e. United States v. ByteDance Ltd.*, No. 2:24-cv-06535-ODW-(RAOx) (C.D. Cal. Aug. 2, 2024), which appears to raise similar causes of action and/or claims as involved in this MDL. That case has not been (and is not expected to be) included in this MDL. However, the undersigned judicial officer will request that that

---

[2] The Court would deem it advisable for the various Plaintiffs' counsel to consult amongst themselves to discuss (but not to inexorably reach a consensus) on the issues to be considered at the status conference. To assist in the start of those discussions, the Court would assign Plaintiffs' counsel in *J.C. v. ByteDance* (*i.e.*, Steven L. Block at Silver Golub & Teitelli LLP and/or Eric Kofka at Cohen Milstein Sellers & Toll PLLC) to make the initial contacts and arrangements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | MDL 3144 | Date | April 4, 2025 |
|---|---|---|---|
| Title | *In re: TikTok, Inc., Minor Privacy Litigation* | Page | 3 of 3 |

action be reassigned to his docket to avoid potential conflicts as to scheduling and rulings.

10) There was an earlier lawsuit which also appears to have raised some of the same claims in this MDL. *See United States v. Musical.ly*, No. 2:19-cv-01439-ODW-(RAOx) (C.D. Cal. Feb. 27, 2019). What are the parties' position(s) as to that action's (in particular, the injunction issued) impact on this MDL, if any?