Case 2:25-ml-03144-GW-RAO    Document 10    Filed 04/24/25    Page 1 of 32    Page ID
#:19

**BRADLEY/GROMBACHER LLP**
Kiley L. Grombacher (State Bar No. 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
Email: kgrombacher@bradleygrombacher.com

*Attorneys for Plaintiff*
**Nick McKissick** individually and on behalf of all others
similarly situated (Related to 2:25-cv-03118-GW-
RAOx) on behalf of A.M.

*[ADDITIONAL PARTIES AND COUNSEL ON*

*SIGNATURE PAGE]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re TikTok Inc. Minor Privacy Litigation** | MDL 3144 |
| | Case No. 2:25-ml-03144-GW-RAO |
| | **JOINT STATUS REPORT** |
| **ALL ACTIONS** | |

Pursuant to the Court's April 14, 2025 Orders in the MDL action [Dkt. No. 3] and the government's civil enforcement action [Dkt. 51],  the MDL Plaintiffs and Defendants (collectively, "the parties") and the United States ("the government") jointly submit this Status Report in advance of the April 28, 2025, Status Conference.

## I.    APPOINTMENT OF PLAINTIFFS' LEADERSHIP

**MDL Plaintiffs' Position:** Plaintiffs' counsel continue to meet and confer in an effort to present the Court with a consensus leadership structure consistent with the Manual for Complex Litigation.  Plaintiffs' counsel hope to submit  a joint proposal to avoid motion practice under Fed. R. Civ. Pro. 23(g). Plaintiffs' counsel will advise the Court at the status conference on April 28, 2025 whether there is a consensus leadership structure. If there is no consensus, Plaintiffs' counsel request that the Court set a briefing schedule to determine leadership.

**Defendants' Position:** Defendants continue to believe that a leadership structure is necessary for Plaintiffs' counsel.  Defendants take no position as to how that leadership structure should be assembled—whether by joint proposal or contested motion.  But Defendants believe it is inefficient, burdensome, and risks inconsistency for Defendants to maintain individual channels of communication about various topics with different Plaintiffs' counsel.  Defendants believe that a leadership structure for Plaintiffs' counsel should be put in place as soon as is reasonably possible.

## II.    STATUS OF TRANSFEREE CASES

| Case Name | Case Number | Transferee Court | Transfer Date |
|---|---|---|---|
| *J.C. v. ByteDance Inc.* | 2:24-cv-06784 | C.D. Cal. | 4/10/25 |
| *Humbert v. ByteDance Inc.* | 2:25-cv-03119 | N.D. Fla. | 4/23/25 |
| *Middleton v. ByteDance Inc.* | 2:25-cv-03120 | W.D. Mo. | 4/11/25 |
| *McKissick v. ByteDance Inc.* | 2:25-cv-03118 | N.D. Cal. | 4/11/25 |

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

| | | | |
|---|---|---|---|
| *Lanser v. ByteDance Inc.* | 2:25-cv-03121 | D.N.J. | 4/15/25 |
| *R.W. v. ByteDance Inc.* | 2:25-cv-03330 | N.D. Cal. | 4/17/25 |
| *J.O. v. ByteDance Inc.* | 2:25-cv-03333 | N.D. Cal. | 4/17/25 |
| *Walters v. ByteDance Inc.* | 2:25-cv-03432 | D. Minn. | 4/17/25 |
| *Brodiski v. TikTok Inc.* | 2:25-cv-03336 | N.D. Cal. | 4/17/25 |
| *Armbruster v. ByteDance Inc.* | 2:25-cv-03338 | N.D. Cal. | 4/17/25 |
| *Hinkle v. ByteDance Inc.* | 2:25-cv-03435 | S.D.W. Va. | 4/17/25 |
| *Martin v. ByteDance Inc.* | 2:25-cv-03431 | E.D. La. | 4/17/25 |
| *Riley v. ByteDance Inc.* | 2:25-cv-03395 | N.D. Fla. | 4/17/25 |
| *Lindsey v. ByteDance Inc.* | 2:25-cv-03396 | N.D. Fla. | 4/17/25 |
| *White v. ByteDance Inc.* | 2:25-cv-03434 | E.D. Mo. | 4/17/25 |
| *Luong v. ByteDance Inc.* | 2:25-cv-03397 | S.D. Fla. | 4/17/25 |
| *Ramlawi-Benton v. ByteDance Inc.* | | S.D. Fla. | Vacated (1404 transfer) |
| *J.R. v. ByteDance Inc.* | 2:25-cv-03394 | M.D. Fla. | 4/17/25 |
| *H.T. v. ByteDance Inc.* | 2:25-cv-03399 | S.D. Fla. | 4/17/25 |
| *Green v. ByteDance Ltd.* | 2:25-cv-03527 | C.D. Cal. | |

## III.    FILING OF PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT

**MDL Plaintiffs' Position:**  Within 45 days of the appointment of Plaintiffs' counsel under Rule 23(g), Plaintiffs shall file a consolidated amended complaint (the "Master Consolidated Complaint").  *See* Manual for Complex Litigation, (Fourth) § 22.36 (describing master complaints as a vehicle for MDL-wide resolution of various issues).  Plaintiffs believe that an extended briefing schedule will only engender more delay. Once leadership is appointed, Plaintiffs' counsel intend to meet and confer with regard to a more expedited briefing schedule.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

**Defendants' Position:** Defendants agree with Plaintiffs' proposal that a Master Consolidated Complaint be filed within 45 days of appointment of Plaintiffs' counsel under Rule 23(g). Defendants also request that the Court formally stay Defendants' deadlines to respond to the individual complaints filed in all the cases centralized in this MDL.

Defendants propose the following briefing schedule for Defendants' anticipated motion to dismiss the Master Consolidated Complaint: (1) Defendants' motion to dismiss the Master Consolidated Complaint is due 45 days after the Master Consolidated Complaint is filed; (2) Plaintiffs' joint opposition to Defendants' motion to dismiss is due 30 days after the motion is filed; and (3) Defendants' reply in support of their motion to dismiss is due 21 days after Plaintiffs' joint opposition is filed. Depending on the breadth of the Master Consolidated Complaint, Defendants believe that additional pages for the anticipated motion to dismiss briefing may be appropriate, but will raise that issue once the Master Consolidated Complaint is filed.

## IV.  DISCOVERY PLAN

### A. Status of "First Day Orders" – ESI Protocol, TAR review, Protective Order and Preservation Agreements/Issues

**MDL Plaintiffs' Position:** The Plaintiffs have attempted to begin negotiations on the form and substance of the ESI Protocol, the Protective Order, and an appropriate Preservation Agreement for relevant party discovery, but Defendants have indicated that until Plaintiffs' leadership is appointed they are not willing to engage in substantive discussions on the same. Despite this, Plaintiffs' counsel have conferred and will provid draft proposed orders modeled upon other litigation involving the Defendant (with the consensus of the Plaintiffs involved) to Defendants for review and consideration prior the upcoming hearing so that when Plaintiffs' leadership is appointed the parties may work expeditiously to reach consensus on these proposed orders.

1      While the parties continue to negotiate an appropriate Preservation Agreement,

2  Plaintiffs have sent Defendants a letter identifying categories of evidence for

3  Defendants to preserve.  Unfortunately, Defendants informed Plaintiffs yesterday

4  that it is deleting important evidence. Plaintiffs expect Defendants to preserve the

5  data regarding what it collected from each TikTok account and the revenue that

6  TikTok earned from each account. This evidence will demonstrate the breadth of

7  Defendants' collection and use of children's personal information and the unjust

8  enrichment that Defendants earned.

9      Defendants claim that it was required to delete this relevant evidence because

10  of its 2019 Stipulated Order. That is incorrect. The 2019 Stipulated Order has a

11  specific exception that applies here: "Personal information need not be destroyed,

12  and may be disclosed, to the extent requested by a government agency or *required*

13  *by a law*, regulation, or court order." *United States v. Musical.ly*, No. 2:19-cv-01439-

14  ODW-RAO (C.D. Cal. Feb. 27, 2019) at page 10. Here, once Defendants were on

15  notice of this or similar litigation, Defendants had a legal obligation to preserve this

16  relevant evidence. *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*,

17  No. 22-35832, 2023 WL 6866273, at *2 (9th Cir. Oct. 18, 2023). To be clear,

18  Defendants should continue to remove children's TikTok accounts from their

19  platform; but, Defendants need to preserve the data regarding those accounts.

20      Defendants need to immediately preserve data regarding each TikTok account.

21  If Defendants refuse to do so, Plaintiffs seek to promptly submit briefing regarding

22  Defendants' preservation of evidence. Plaintiffs will also likely need to seek relief

23  for the data that Defendants have already improperly deleted.

24      With regard to Defendants' request for early discovery of Plaintiffs'

25  usernames, Plaintiffs simply request that such early discovery be reciprocal and that

26  the Defendants provide all information in its possession related to the usernames

27  within a reasonable period of time.  Defendants have refused to do so.

28  ///

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

**Defendants' Position:**  Plaintiffs' statement above that Defendants are not willing to have substantive discussions regarding the ESI Protocol and Protective Order is incorrect.  Defendants intend to send to Plaintiffs a draft ESI Protocol and draft Protective Order for review and consideration.  Defendants believe that the parties should negotiate based on Defendants' proposals due to the unique nature of Defendants' systems.

Because Plaintiffs bring their claims anonymously, Defendants reached out to Plaintiffs' counsel to ask for all usernames associated with Plaintiffs' accounts to help ensure the preservation of Plaintiffs' data.  In that correspondence, Defendants also reminded Plaintiffs that the TikTok platform allows users to download and save their own data, and explained how to do so.  No Plaintiff sent Defendants the usernames associated with Plaintiffs' accounts.

Defendants received Plaintiffs' letter regarding preservation on April 22, and will analyze that letter and respond in due course.  Given the information Defendants have available to them, Defendants have already taken reasonable steps to preserve relevant documents and data.  But one of Plaintiffs' requests in their April 22 letter—that Defendants preserve virtually *all data* from *every TikTok account*—is technically inconceivable, immensely burdensome, and inconsistent with Defendants' obligations under COPPA and the 2019 Stipulated Order.  As discussed in the DOJ's complaint, Defendants engage in a variety of processes to identify users on the 13+ Experience who are actually under 13 years old.[1]  As the Government is aware, if Defendants determine that a user on the 13+ Experience is in fact under 13, Defendants ban that underage user's account and delete most of the data associated with the account, pursuant to Defendants' obligations under the Children's Online

---

[1] Since March 2019, users who create accounts on the TikTok platform are generally required to provide their birthdate at account creation, per FTC guidance that Defendants may "rely on the age information [their] users enter, even if that information is not accurate."  FTC, Complying With COPPA:  Frequently Asked Questions (July 2020), https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions.

1  Privacy Protection Act ("COPPA") and the 2019 Stipulated Order entered in *United*
2  *States v. Musical.ly*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Feb. 27, 2019).
3  Absent an order by this Court, Defendants do not intend to modify their existing
4  account deletion practices.[2]  Because Plaintiffs contend that Defendants should retain
5  under 13 user data (notwithstanding COPPA), Defendants agree that the parties
6  should brief the issue and give the Government the opportunity to explain its position
7  as well.

8          **B. Rule 26 Conference Scheduling**

9          **MDL Plaintiffs' Position:** Plaintiffs view the scheduling of a prompt Rule 26
10  conference as an integral step in efficiently managing this MDL to conclusion, either
11  by way of settlement or trial.

12          **Government's Position:** The government notes that the Rule 26(f) conference
13  in its case has already been completed.

14          **Defendants' Position:** Defendants believe it would be most efficient to wait
15  to hold a Rule 26(f) conference until Plaintiffs' leadership structure is determined
16  and the Master Consolidated Complaint is filed.

17          **C. DOJ Coordination**

18          **MDL Plaintiffs' Position:** The parallel DOJ action provides an opportunity
19  for the Court to efficiently advance discovery by ordering Defendants to reproduce
20  in this litigation discovery produced in any court case, government investigation, or
21  government hearing (whether domestic or international) regarding the collection, use
22  and storage of minor data. Such an approach has been adopted by this Court and in
23  other MDL litigation. *See, e.g., Heckman v. Live Nation Ent., Inc.*, No. CV 22-0047-
24  GW-GJSX, ECF No. 292 at 1-2 (C.D. Cal. Jan. 22, 2025) (Wu, J.) (ordering
25  production of materials previously produced by defendants in prior government

26

27  _____
    [2] Before modifying their existing practices, Defendants would also seek confirmation from the
28  Government that it will not consider retention of data from under 13 users as part of Defendants'
    preservation efforts in this litigation to be a violation of COPPA.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

investigations and litigation, along with correspondence relating to the same); Discovery Ruling No. 22 in *In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (N.D. Ohio Sept. 16, 2019) (ECF No. 2576) (amended Oct. 3, 2019 (ECF No. 2712), Apr. 30, 2020 (ECF No. 3286), and May 8, 2020 (ECF No. 3291)) and reflected in the Civil Minutes of December 9, 2019 Telephone Status Conference in *In Re: Juul Labs, Inc.*, No. 19-md02913-WHO (N.D. Cal. Dec. 10, 2019) (ECF No. 299). Moreover, Defendants TikTok, Inc. and ByteDance, Inc. have already been ordered to produce similar discovery in *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 29, 2022) (ECF No. 125). *See also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 8:10-ML-02151, 2010 WL 2194802, at *1 (C.D. Cal. June 1, 2010) (Selna, J.) (ordering defendants to produce Rule 26(a)(1) documents "within their possession" and "which has already been produced to Government entities to date"); *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1113 (N.D. Cal. 2012) (Koh, J.) (ordering defendants at first case management conference to "produce responsive, non-privileged documents already produced to the DOJ"); *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs.*, No. 2:09-CV-1054, 2010 WL 2541366, at *1 (S.D. Ohio June 18, 2010) (ordering defendants to "produce to plaintiffs documents already produced to various state or federal regulators" while the motion to dismiss is pending); *Galaria v. Nationwide Mut. Ins. Co.*, No. 2:13-CV-00118, 2013 WL 6578730, at *1 (S.D. Ohio Dec. 16, 2013) (denying defendant's motion to stay discovery pending motion to dismiss, noting that "[i]f documents or other information . . . respond to requests for information from governmental agencies, it would be difficult to argue that production of that document would be burdensome").

Defendants note that other courts have limited plaintiffs' access to prior

discovery produced to government agencies. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2010 WL 2194802, at \*1. Should the Court deem it appropriate, Plaintiffs are amenable to receiving a limited production of pre-motion to dismiss discovery tied to specific requests made by the DOJ. Plaintiffs are also open to negotiating a limited production with Defendants or having the Court review the DOJ's requests to identify the requests relevant to Plaintiffs' claims and require Defendants to re-produce documents responsive to such requests. *See In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 29, 2022) (ECF No. 125).

**Government's Position:** The government's action against Defendants is distinct from the MDL and should proceed on a separate schedule.[3] The government's lawsuit is procedurally more advanced than the MDL. Defendants have filed an answer. *See* ECF No. 32. The parties have conducted their Rule 26(f) conference, exchanged initial disclosures pursuant to Rule 26(a), and filed their Joint Rule 26(f) Report. *See* ECF No. 40. The Court has issued a scheduling order. *See* ECF No. 42. By contrast, the MDL Plaintiffs must still select liaison counsel and file a Master Complaint, Defendants must respond to that Complaint, and the parties must conduct a Rule 26(f) conference. To the extent some coordination of discovery will contribute to the efficient adjudication of the government's case and the MDL, the

---

[3] This Court has already considered whether to consolidate the Government's case with two of the MDL actions, *Villanueva ex rel. J.C. v. Bytedance Inc.*, No. 24-cv-07922 (C.D. Cal. filed Sept. 17, 2024) and *A.A. v. Bytedance Inc.*, No. 24-cv-06784 (C.D. Cal. filed Aug. 9, 2024), and properly decided against consolidation. *See* No. 24-cv-07922, ECF No. 40; No. 24-cv-06784, ECF No. 52. The Government opposed consolidation because: (1) the MDL presented numerous factual and legal issues not presented by the government's action, including class certification, the TikTok Entities' liability under the constitutional, statutory, and/or common law of five different states, and the economic gain/loss caused by the TikTok Entities' conduct; and (2) placing the government's action on the same schedule with the putative class actions would prejudice the government's ability to obtain prompt relief. *See* ECF No. 39. Defendants and the plaintiffs in *Villanueva* and *A.A.* opposed consolidation on similar grounds. *See* No. 24-cv-07922, ECF Nos. 36-37.

government does not oppose coordination. However, coordination should not delay the progress of, or needlessly complicate, the government's action.

The government should be free to serve written discovery requests (i.e. requests for production of documents, interrogatories) immediately, without any input from the MDL Plaintiffs. Requiring the government to coordinate written discovery requests with the MDL Plaintiffs would unnecessarily complicate and delay the process of preparing discovery requests without increasing efficiency for Defendants or the Court. Moreover, the MDL involves legal, factual, and remedial issues that are irrelevant to the government's case. *See* ECF No. 39. If and when the MDL begins discovery, the MDL Plaintiffs will be free to serve their own discovery requests focused on the numerous issues that are unique to the MDL. To the extent that the MDL Plaintiffs seek discovery material that has been previously provided to the government in connection with this case, or in *United States v. Musical.ly.*, No. 2:19-cv-01439 (C.D. Cal.), Defendants could provide those materials to the MDL Plaintiffs.

The government does not anticipate taking any depositions within the next 90 days. Decisions regarding coordination of depositions can and should be postponed until the Parties are farther along in discovery and the MDL is more procedurally advanced.

**Defendants' Position:** Defendants should not be required to produce any materials to Plaintiffs until Defendants' anticipated motion to dismiss is resolved. Contrary to Plaintiffs' assertions, courts often do *not* require defendants to produce Government investigation materials before the resolution of the defendant's motion to dismiss. *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1089, 1101 (N.D. Cal. 2007) (noting that court stayed discovery pending outcome of motion to dismiss and, only upon denial of motion to dismiss, ordering production of documents produced to Government in parallel investigation); *In re*

*Wholesale Grocery Prods. Antitrust Litig.*, 2010 WL 11469883, at *1-2, *4 (D. Minn. Mar. 3, 2010) (refusing to lift stay of discovery—put in place until resolution of defendants' motion to dismiss—to require defendants to produce documents that had been produced to FTC in parallel investigation).

In fact, the majority of the cases Plaintiffs cite are distinguishable because they either involved a limited set of documents, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2010 WL 2194802, at *1 (noting production would be 75,000 to 100,000 pages); *Ohio Police & Fire Pension Fund*, 2010 WL 2541366, at *2 (ordering production of a narrow subset of the documents produced to the Government),[4] were decided after the defendants answered the complaint, *compare In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (N.D. Ohio Sept. 16, 2019) (ECF No. 2576) (amended Oct. 3, 2019 (ECF No. 2712)), Apr. 30, 2020 (ECF No. 3286), and May 8, 2020 (ECF No. 3291), *with id.* (ECF No. 1248), or did not deal with a request by defendants to stay discovery on the basis of a pending motion to dismiss, *Heckman*, No. 2:22-cv-00047-GW-GJS, ECF Nos. 283, 292.  Here, in contrast, Defendants have been engaging with the Government on these issues for more than six years, both in connection with *United States v. Musical.ly*, and in the years following the consent decree entered in that case.  Defendants should not be required to compile and produce investigation-related materials across those six-plus years unless Plaintiffs' Master Consolidated Complaint survives Defendants' anticipated motion to dismiss.

Once discovery commences, Defendants believe the Court should closely coordinate the actions, in light of the similarities between the Government's action and Plaintiffs' action.  Coordinating discovery is particularly critical with regard to depositions, to prevent the same witnesses from being deposed multiple times on the same issues.  Coordinating discovery would also reduce the likelihood of redundant

---

[4] *Galaria*, 2013 WL 6578730, at *1, does not consider production size or burden because the passage Plaintiffs quote is dicta.

written discovery and document productions and avoid duplicative briefing of common issues.

### D. Discovery Stay Pending 12(b)(6) Motion Practice

**MDL Plaintiffs' Position:** Plaintiffs believe that commencing limited discovery now, consistent with the Federal Rules, is appropriate and will maximize efficiency pending briefing and decision on motions directed to the Master Consolidated Complaint. This discovery should include information and materials already produced by Defendants to the federal government that relates to the subject matter of this litigation, including but not limited to Defendants' alleged violation of COPPA and the COPPA Rule by creating accounts for children, collecting their information without parental notice or consent, and using that information, in part, for commercial purposes.

Defendants' request to stay discovery until disposition of their anticipated motion to dismiss should be denied. "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "[A]s the Federal Rules do not provide for automatic stays of discovery, and because their routine issuance would be 'directly at odds with the need for expeditious resolution of litigation,' courts generally disfavor them." *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *1 (C.D. Cal. Nov. 14, 2019) (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)).

A party's intention to file a motion to dismiss "is not ordinarily sufficient to justify a stay of discovery." *Id*.; *see also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."). Defendants' conclusory assertion that their anticipated motion to dismiss may "potentially" be dispositive of the entire case

is at best "[i]dle speculation [that] does not satisfy Rule 26(c)'s good cause requirement." *In re Vizio, Inc., Consumer Priv. Litig.*, 8:16-ml-02693-JLS (KESx), ECF No. 98 (C.D. Cal. Jul. 5, 2016) (quoting *Gray*, 133 F.R.D. at 41); *Mason v. Spring EQ LLC*, No. 5:24-CV-1833-MWC (AGRX), 2024 WL 5424385, at *2 (C.D. Cal. Nov. 27, 2024) (denying motion to stay discovery pending resolution of dispositive motion because "Defendant has not provided the Court with a clear and convincing showing that it will prevail on the merits of its dispositive motions.").

Courts take different approaches to assessing a stay of discovery pending a potentially dispositive motion. *See Luna v. Girgis*, 2022 WL 3012167, at *2 (C.D. Cal. June 30, 2022) (detailing three approaches). Even when applying the two-prong test identified by Defendants, "[d]istrict courts have consistently found that a judge deciding whether to issue a stay of discovery should take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should issue." *Mlejnecky*, 2011 WL 489743, at *8. "The Court will only enter an order staying discovery 'when it is convinced that the plaintiff will be unable to state a claim for relief.'" *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *3 (C.D. Cal. July 12, 2021) (quoting *Quezambra*, 2019 WL 8108745, at *1).

In two cases cited by Defendants, the Ninth Circuit simply affirmed the principle that a court "may . . . stay discovery *when it is convinced that [the] plaintiff will be unable to state a claim for relief*"—a finding that is impossible at this stage. *Sepulveda v. Dep't of Treasury*, 295 F. App'x 160, 161 (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)) (emphasis added); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (emphasis added). The Ninth Circuit affirmed a stay in *Little v. City of Seattle*, but there, qualified immunity was at issue, and "discovery could not have affected the immunity decision." 863 F.2d 681, 685 (9th Cir. 1988). And in all but one of the district cases cited by Defendants, at least one motion to dismiss was already before the court, and the court was able to "peek" at the merits. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19236923, at *3–

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

4 (C.D. Cal. Sept. 6, 2022); *Doe*, 2021 WL 4348731, at *3–7; *Quezambra*, 2019 WL 8108745, at *2; *Sonneveldt*, 2021 WL 4814990, at *2 (C.D. Cal. May 4, 2021). Defendants' only other example, the social media adolescent addiction MDL, did not stay all discovery pending resolution of an anticipated motion dismiss. The court allowed "very limited discovery . . . to the extent it would support the most fulsome master complaint(s) and where such documents have already been produced/obtained in connection with prior litigation and/or investigations." *See* Case Mgmt. Order No. 3, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 15, 2022), Dkt. 111 at 4.

Here, there is no Motion to Dismiss currently before the Court regarding the prospective Master Consolidated Complaint. Thus, the Court cannot "peek" at the merits and determine if Plaintiffs will be unable to state a claim for relief. Nor can Plaintiffs fully address the two-prong test without the motion. Defendants' request for a stay should be denied. *See, e.g.*, *Mason v. Spring EQ LLC*, 2024 WL 5424385, at *2 (C.D. Cal. Nov. 27, 2024) (denying stay where defendant "has not provided the Court with a clear and convincing showing that it will prevail on the merits of its dispositive motions"); *Warner v. Amazon.com, Inc.*, 2024 WL 1600635, at *1 (C.D. Cal. Feb. 9, 2024) (denying stay where defendants "have not made a strong showing" of entitlement to stay); *Cain v. JPay, Inc.*, 2022 WL 1840342, at *2 (C.D. Cal. Apr. 4, 2022) (denying stay where court was "not persuaded that it should grant a stay after taking a 'preliminary peek' at the parties' arguments").

**Government's Position:**  Defendants did not file a Motion to Dismiss in the government's action and have filed an Answer to the government's Complaint. See ECF No. 32. For this reason, and as set forth above, discovery should not be stayed in the government's action while motion practice occurs in the MDL.

**Defendants' Position:**  As discussed above, discovery should be stayed until the disposition of Defendants' anticipated motion to dismiss.  Federal Rule of Civil Procedure 26(c)(1) gives courts "wide discretion" to control discovery to protect a

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

party from undue burden or expense. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Ninth Circuit has held that district courts do not abuse their discretion by staying discovery and the filing of motions until they have ruled on the pending dispositive motions." *Mason v. Spring EQ LLC*, 2024 WL 5424385, at *1 (C.D. Cal. Nov. 27, 2024) (citing *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) and *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Sepulveda v. Dep't of Treasury*, 295 F. App'x 160, 160-61 (9th Cir. 2008) ("The district court did not abuse its discretion in denying as premature Sepulveda's motion to compel production of documents because the court had not yet resolved defendants' motion to dismiss."); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (affirming grant of protective order staying discovery); *Little*, 863 F.2d at 685 (affirming stay of discovery pending determination of motion to dismiss).

Pendency of a motion to dismiss is appropriate to stay discovery if (1) the pending motion is potentially dispositive of the entire case, and (2) the dispositive motion can be decided absent additional discovery. *Sonneveldt v. Mazda Motor of Am., Inc.*, 2021 WL 4814990, at *1 (C.D. Cal. May 4, 2021). Both of these elements favor a stay. Defendants anticipate moving to dismiss the entire Master Consolidated Complaint, just as they did with respect to the complaint in *J.C.* The motion to dismiss can be fully briefed and decided without discovery, just as it was poised to be in *J.C.*

Plaintiffs say that Defendants' "intention" to file a motion to dismiss that may "potentially" be dispositive does not justify a stay. They suggest that the Court should deny a stay because it cannot evaluate the merits without "peek[ing]" at Defendants' motion to dismiss. Plaintiffs' arguments fail for two reasons. First, Defendants' motion to dismiss is not a mere "intention." The only reason Defendants have not filed a motion to dismiss is because Plaintiffs have not filed the Master Consolidated Complaint. It does not follow that Plaintiffs should be entitled to start discovery—particularly before Plaintiffs have even filed their Master Consolidated

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

Complaint—merely because Defendants have not had an opportunity to present their motion to dismiss to the Court. After all, "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). At the very least, the Court should stay discovery until Defendants' motion to dismiss is filed to then "peek" at the merits of Defendants' motion and evaluate whether a further stay is warranted.

Second, the Court need not "peek" at the merits of Defendants' motion to dismiss to grant a stay. District courts have "authority [to] issue a protective order pertaining to the discovery process," including "an order staying discovery pending the outcome of a ***potentially*** dispositive motion." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (emphasis added); *see also Doe v. Reddit, Inc.*, 2021 WL 4348731, at *7 (C.D. Cal. July 12, 2021) (staying discovery where "motion to dismiss would potentially be dispositive and result in the dismissal of each of Plaintiffs' claims"). Indeed, in the social media addiction MDL, Judge Yvonne Gonzalez Rodgers stayed discovery "through the resolution of a motion to dismiss" before any motion was filed. *See* Case Mgmt. Order No. 1, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (N.D. Cal. Nov. 10, 2022), Dkt. 75 at 5. Plaintiffs point out that a later case management order permitted "very limited discovery" into documents that had "already been produced" in other actions, but conveniently omit the sentence prior, which reiterates that "discovery [was] generally stayed in the case pending resolution of the first motion to dismiss." Case Mgmt. Order No. 3, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 15, 2022), Dkt. 111 at 4.

Moreover, the Court already has insight into any motion Defendants would file. Defendants filed a motion to dismiss the *J.C.* action that explains why Plaintiffs'

claims should be dismissed in their entirety, including for lack of standing, and Defendants will file a similar motion here. That is all that is necessary to warrant a stay. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19236923, at *5 (C.D. Cal. Sept. 6, 2022) (staying discovery based on Defendants' "potentially dispositive motion to dismiss raising a critical jurisdictional challenge as well as arguments addressing other purported defects of the amended pleading"); *Luna v. Girgis*, 2022 WL 3012167 (C.D. Cal. June 30, 2022) (staying discovery pending motion to dismiss where "Defendants [sought] dismissal of th[e] action in its entirety"); *Quezambra*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (staying discovery where defendants' motions to dismiss "raise[d] arguments related to Article III standing, the adequacy of [plaintiffs'] pleading, and [plaintiffs'] ability to state a claim based on her allegations").

"Pausing discovery until the District Judge decides the Rule 12(b)(6) motion promotes efficiency and complies with the goal of achieving a 'just, speedy, and inexpensive' resolution, as this allows the parties to participate in future discovery with a clear understanding of which claims, if any, defendant … must answer." *In re ZF-TRW*, 2022 WL 19236923, at *5. The Court should take that approach here. To the extent the Court requires further insight on whether a stay continues to be warranted once Defendants' motion to dismiss is filed, Defendants seek leave to brief that issue.

## V.    FUTURE CASE MANAGEMENT

**MDL Plaintiffs' Position:** Plaintiffs recommend regular case management conferences in person and/or via Zoom with the Court as a key component to effectively keeping the MDL on track. Plaintiffs suggest that these conferences be scheduled monthly and in-person.

**Government's Position:** As the government's action is distinct from the MDL, the government takes no position on potential MDL case management conferences. To the extent that the Court requests or invites the government to attend

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1  any such MDL conferences, the government requests that it be permitted to attend by

2  telephonically or by video conference.

3      **Defendants' Position:** Defendants agree with Plaintiffs' recommendation for

4  regular in-person conferences with the Court.

5  Dated April 23, 2025,                    Respectfully Submitted,

6

7                                 /s/ *Eric Kafka*

8                                 Eric A. Kafka
                                  **COHEN MILSTEIN SELLERS**
9                                 **AND TOLL PLLC**
                                  88 Pine Street, 14th Floor
10                                New York, NY 10005212
                                  Tel: 838-7797
11
                                  Fax: 212-838-7745
12                                Email: ekafka@cohenmilstein.com
                                  Email: kputtieva@cohenmilstein.com
13                                Email: jwaldman@cohenmilstein.com
14

15                                Counsel for Plaintiffs/Consol Plaintiffs
16                                A. A. *a minor, by and through their guardian*
                                  *ad litem, MARCELO MUTO;* A. B. *a minor, by*
17                                *and through their guardian ad litem*
                                  *HEATHER BRESSETTE;* A. C. *a minor, by*
18                                *and through their guardian ad litem*
                                  *HEATHER BRESSETTE*
19
                                  **Related to LACV24-6784-GW(RAOx)**
20

21                                Jody Villanueva *on behalf of* J.C., Angela
22                                Faucett *on behalf of* K. F., Lamartine Pierre, Jr.
                                  *on behalf of* C. P.
23                                **Related to LACV24-07922-GW(RAOx)**
24
                                  Alexis Douglas *on behalf of* A. J., Marcelo
25                                Muto *on behalf of* B. M., Heather Bresette *on*
                                  *behalf of* L F., Darryl Maultsby *on behalf of* D.
26                                M., Kayla Jaramillo *Guardian Ad Litem* J. W.
27                                **Related for LACV24-6784-GW (RAOx)**

28

JOINT STATUS REPORT
                                             NO. 2:25-ML-03144-GW

1  Ryan Hoyt *on behalf of* D. R. H. *on behalf of* D
2  W. H. *on behalf of* R. W., Valerie Gates *on*
   *behalf of* A. G.
3  **Related to 2:24-cv-06784-GW (RAOx)**
4
5
6  /s/ *Kristen Cardoso*
   _____
7  Kristen Lake Cardoso
   **KOPELOWITZ OSTROW PA**
8  One West Las Olas Boulevard, Suite 500
   Fort Lauderdale, FL 33301
9  Tel: 954-525-4100
10 Fax: 954-525-4300
   Email: cardoso@kolawyers.com
11 Email: ostrow@kolawyers.com
12
   Counsel for Plaintiff
13 H.T. *A Minor, By and through her Legal*
   *Guardian, MILAGRO ALMODOVAR,*
14 **(Related to 2:25-cv-03399-GW-RAOx**
15
16 /s/ *John Nelson*
   _____
17 John Nelson
   **MILBERG COLEMAN BRYSON**
18 **PHILLIPS GROSSMAN PLLC**
19 148 Dolphin Court
   American Canyon, CA 94589
20 Tel: 707-334-3727
   Email: hlopez@milberg.com
21 Email: jnelson@milberg.com
22 Email: GKlinger@milberg.com
23
   Counsel for Plaintiff
24 **R.W.** *a minor by and through their guardian*
   *ad litem, Pamela Hancock, (Related to 2:25-*
25 *cv-03330-GW-RAOx)*
26
27
28
   _____
   - 18 -                        JOINT STATUS REPORT
                                  NO. 2:25-ML-03144-GW

1

2
/s/ Heather McElroy

Heather M McElroy
3
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
4
Mpls, MN 55402
Tel: 612-361-8200
5
Email: hmm@ciresiconlin.com
6
Email: mas@ciresiconlin.com

7
Counsel for Plaintiff
8
Katherine R. Walters on behalf of L.W.

9

10
/s/ Keller Rohrback

Keller Rohrback L.L.P.
11
Cari Laufenberg
Derek Loeser
12
**CHRISTOPHER LONDERGAN**
**SPRINGER**
13
801 Garden Street
14
Santa Barbara, CA 93101
15
805-456-1496
Email: cspringer@kellerrohrback.com
16
Email: claufenberg@KellerRohrback.com
17
Email: dloeser@kellerrohrback.com

18
Counsel for Plaintiffs
19
Tatiana Brodiski; Steven Burda

20
/s/ Beena Mcdonald

21
Beena M. Mcdonald
**CHIMICLES SCHWARTZ KRINER &**
22
**DONALDSON-SMITH LLP**
One Haverford Centre
23
361 West Lancaster Avenue
24
Haverford, PA 19041
Tel: 610-649-1497
25
Email: bmm@chimicles.com
26
Email: SteveSchwartz@chimicles.com

27
Counsel for Plaintiff
28

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1

Armbruseter

2

/s/ Matthey Stonestreet

3

Matthew Stonestreet

4

**GIATRAS LAW FIRM**

118 Capitol Street Suite 400

5

Charleston, WV 25301

6

Tel: 304-343-2900

Fax: 304-343-2942

7

Email: matt@thewvlawfirm.com

8

Email: troy@thewvlawfirm.com

9

Counsel for Plaintiffs

10

Amanda Hinkle, A.H. *a minor*

***(Related to 2:25-cv-03435-GW-RAOx)***

11

12

/s/ James Dugan

13

James R. Dugan , II

14

**DUGAN LAW FIRM PLC**

365 Canal St., Suite 1000

15

New Orleans, LA 70130

16

Tel: 504-648-0180

Fax: 504-648-0181

17

Email: jdugan@dugan-lawfirm.com

18

Email: dscalia@dugan-lawfirm.com

Email: monica@dugan-lawfirm.com

19

Email: rico@akdlalaw.com

20

Counsel for Plaintiff

21

Chantell Martin on behalf of T.M., Jacquelyn

22

Williams on behalf of K.P.

23

/s/ Clayton Connors

24

Clayton Morris Connors

25

**LAW OFFICE OF CLAYTON M**

26

**CONNORS**

4300 Bayou Boulevard Suite 37

27

Pensacola, FL 32503

28

Tel: 850-473-0401

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

Email: cmc@westconlaw.com

Counsel for Plaintiff
Jonathan Riley *on behalf of* W.C.R., T.S.R.R.,
N.A.R., T.A.R., and N.J.R.
***(Related to 2:25-cv-03395-GW-RAOx)***


/s/ Nicholas Mayfield
Nicholas Ryan Mayfield
**THE GORI LAW FIRM PC**
156 N. Main Street
Edwardsville, IL 62025
Tel: 618-600-1166
Email: rmayfield@gorilaw.com

Counsel for Plaintiff
Michael White on behalf of K.L.W. and
K.L.W.


/s/ Joseph Osborne
Joseph A. Osborne
**OSBORNE AND ASSOCIATES LAW
FIRM PA**
433 Plaza Real Suite 271
Boca Raton, FL 33432
Tel: 561-293-2600
Fax: 561-923-8100
Email: josborne@oa-lawfirm.com
Email: josborne@realtoughlawyers.com

Counsel for Plaintiff
Michael Luong
***(Related to 2:25-cv-03397-GW-RAOx) on
behalf of D.L.***

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1

2
/s/ Justin Parafinczuk

Justin Parafinczuk
3
**PARAFINCZUK WOLF LAW FIRM**

5550 Glades Rd., Suite 500
4
Boca Raton, FL 33431

Tel: 954-462-6700
5
Email: JParafinczuk@parawolf.com

Email: JParafinczuk@pwslawfirm.com
6

7

8
/s/ Jason Alperstein
9
Jason H. Alperstein

**CARELLA BYRNE CECCHI BRODY &**
10
**AGNELLO, P.C.**

5 Becker Farm Road
11
Roseland, New Jersey 07068

Tel: 973-994-1700
12
Email: jcecchi@carellabyrne.com

Email: jalperstein@carellabyrne.com
13
Email: jsteele@carellabyrne.com
14

15

16
Counsel for Plaintiff

J.R. *A Minor, by and through his legal*
17
*guardian, Sal Rivera*

18
H.T. *A Minor, By and through her Legal*
19
*Guardian, MILAGRO ALMODOVAR,*

*(Related to 2:25-cv-03399-GW-RAOx)*
20

21
/s/  Kiley Grombacher
22
Kiley L. Grombacher, Esq.

**BRADLEY/GROMBACHER LLP**
23
31365 Oak Crest Drive, Suite 240

Westlake Village, California 91361
24
Tel: 866-881-0403

Email: kgrombacher@bradleygrombacher.com
25

26
Counsel for Plaintiff
27
Nick McKissick *on behalf of* A.M.

**(Related to 2:25-cv-03118-GW-RAOx)**
28

- 22 -

1

2  M.S., A.M., B.L., E.H., J.H.,
   **(*Related to LACV24-06784-GW (RAOx)***
3

4
   /s/ Bryan Aylstock
5  Bryan F. Aylstock, Esq.
   **AYLSTOCK WITKIN KREIS**
6  **OVERHOLTZ PLLC**
7  17 East Main Street, Suite 200
   Pensacola, Florida 32502
8  Tel: 850-202-1010
9  Email: baylstock@awkolaw.com
   Email: nguntner@awkolaw.com
10

11
   Counsel for Plaintiffs
12 Scott Humbert on behalf of E.H. and J.H.,
   Tonia Lightwine on behalf of B.L., Monroe
13 Seigle on behalf of M.S.,

14

15 /s/ Thoms W. Pirtle

16 Thomas W. Pirtle
   **LAMINACK PIRTLE & MARTINES**
17 5020 Montrose Boulevard, 9th Floor
18 Houston, TX 77006
   Tel: 713-292-2750
19 Email: tomp@lpm-triallaw.com
20 Counsel for Plaintiffs
   Scott Humbert on behalf of E.H. and J.H., Tonia
21 Lightwine on behalf of B.L., Monroe Seigle on
22 behalf of M.S.,

23
   /s/ Casper Jivalagian
24
   Caspar S Jivalagian
25 **KJT LAW GROUP LLP**
26 230 North Maryland Avenue Suite 306
   Glendale, CA 91206-423
27 Tel: 6818-507-8525
   Fax: 818-507-8588
28

- 23 -

Email: caspar@kjtlawgroup.com

Counsel for Plaintiff
A. A. *a minor, by and through their guardian ad litem, MARCELO MUTO;* A. B. *a minor, by and through their guardian ad litem HEATHER BRESSETTE;* A. C. *a minor, by and through their guardian ad litem HEATHER BRESSETTE*
***(Related to LACV24-6784-GW (RAOx)***

/s/ Steven Bloch

Steven L. Bloch
**SILVER GOLUB AND TEITELL LLP**
One Landmark Square 15th Floor
Stamford, CT 06901
Tel: 203-325-4491
Fax: 203-325-3769
Email: sbloch@sgtlaw.com
Email: dgolub@sgtlaw.com
Email: jsclar@sgtlaw.com
Email: isloss@sgtlaw.com

Counsel for Plaintiff
A. A. *a minor, by and through their guardian ad litem, MARCELO MUTO;* A. B. *a minor, by and through their guardian ad litem HEATHER BRESSETTE;* A. C. *a minor, by and through their guardian ad litem HEATHER BRESSETTE*
***(Related to LACV24-6784-GW (RAOx)***
Jody Villanueva *on behalf of* J.C., Angela Faucett *on behalf of* K. F., Lamartine Pierre, Jr. *on behalf of* C. P.
***Related to 2:24-cv-07922-ODW-RAO***

Alexis Douglas *on behalf of* A. J., Marcelo Muto *on behalf of* B. M., Heather Bresette *on behalf of* L F., Darryl Maultsby *on behalf of* D. M., Kayla Jaramillo *Guardian Ad Litem* J. W.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

*Related for LACV24-6784-GW (RAOx)*

Ryan Hoyt *on behalf of* D. R. H. *on behalf of* D W. H. *on behalf of* R. W., Valerie Gates *on behalf of* A G.
***Related to 2:24-cv-06784-GW (RAOx)***

/s/ Mark Todzo

Mark N. Todzo
**LEXINGTON LAW GROUP LLP**
503 Divisadero Street
San Francisco, CA 94117
Tel: 415-913-7800
Fax: 415-759-4112
Email: mtodzo@lexlawgroup.com
Email: pcarey@lexlawgroup.com

Counsel for Plaintiff/Consol Plaintiff
A. A. *a minor, by and through their guardian ad litem, MARCELO MUTO;* A. B. *a minor, by and through their guardian ad litem HEATHER BRESSETTE;* A. C. *a minor, by and through their guardian ad litem HEATHER BRESSETTE*
***(Related to LACV24-6784-GW (RAOx)***

Darryl Maultsby *on behalf of* D. M., Kayla Jaramillo *Guardian Ad Litem* J. W.
***(Related to LACV24-06784-GW (RAOx)***

/s/ paul hoffman

Paul L Hoffman
**SCHONBUCH SEPLOW HARRIS HOFFMAN AND ZELDES LLP**
200 Pier Avenue Suite 226
Hermosa Beach, CA 90254
Tel: 310-717-7373
Fax: 310-399-7040
Email: hoffpaul@aol.com

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1
2      Counsel for Plaintiff/
       Jody Villanueva *on behalf of* J.C., Angela
3      Faucett *on behalf of* K. F., Lamartine Pierre, Jr.
       *on behalf of* C. P.
4      ***Related to LACV24-07922-GW(RAOx)***
5
       Alexis Douglas *on behalf of* A. J., Marcelo
6      Muto *on behalf of* B. M., Heather Bresette *on
       behalf of* L F., Darryl Maultsby *on behalf of* D.
7      M., Kayla Jaramillo *Guardian Ad Litem* J. W.
       ***Related for LACV24-6784-GW (RAOx)***
8
9      Ryan Hoyt *on behalf of* D. R. H. *on behalf of* D
       W. H. *on behalf of* R. W., Valerie Gates *on
10     behalf of* A G.
       ***Related to 2:24-cv-06784-GW (RAOx)***
11
12
13     /s/ Thomas Cartmell
14     Thomas P. Cartmell
       **WAGSTAFF & CARTMELL**
15     4740 Grand Avenue, Suite 300
       Kansas City, Missouri 64112
16     Tel: 816-701-1100
       Email: lscarcello@wcllp.com
17     Email: tcartmell@wcllp.com
       Email: ebarton@wcllp.com
18     Email: thudson@wcllp.com
19
       Counsel for Plaintiff
20     **Christina Middleton** *as guardian and next of
       kin on behalf of A.B., individually and on
21     behalf of all others similarly situated (Related
       to LACV25-03120-GW(RAOx)*
22
23
24
25
26
27
28
                          - 26 -

1

2    Christopher L. Ayers
     **SEEGER WEISS LLP**
3    55 Challenger Road
4    Ridgefield Park, New Jersey 07660
     Tel: 888-546-8799
5    Email: cseeger@seegerweiss.com
6    Email: cayers@seegerweiss.com
     Email: jscullion@seegerweiss.com
7
8    Counsel for Plaintiff
     **Kathleen Lanser** *as guardian and next of kin*
9    *on behalf of A.L. (Related 2:25-cv-03121-GW-*
10   *RAOx)*

11

12

13   Francis J Flynn, Jr.
     **LAW OFFICE OF FRANCIS J. FLYNN JR.**
14   6057 Metropolitan Plaza
15   Los Angeles, CA 90036
     Tel: 314-662-2836
16   Email: casey@lawofficeflynn.com
17
18   Counsel for Plaintiffs
     **Ryan Armbruster** *as parent and guardian of*
19   *his minor child, C.A. (Related to 2:25-cv-*
     *03338-GW-RAOx)*
20
     **Yolanda Berry** *as parent and guardian of her*
21   *minor child C.C. (Related to 2:25-cv-03338-*
     *GW-RAOx)*
22

23

24   Jeffrey E. Ostrow
25   **SIMPSON THACHER AND**
     **BARTLETT LLP**
26   2475 Hanover Street
27   Palo Alto, CA 94304
     Tel: 650-251-5000
28

- 27 -                    JOINT STATUS REPORT
                          NO. 2:25-ML-03144-GW

1

2

Fax: 650-251-5002
Email: jostrow@stblaw.com

3

Counsel for Plaintiff

4

**H.T.** *A Minor, By and through her Legal*

5

*Guardian, MILAGRO ALMODOVAR,*
*(Related to 2:25-cv-03399-GW-RAOx)*

6

7

8

9

Charles Philip Hall

**PHIL HALL PA**

10

4300 Bayou Boulevard Suite 32
Pensacola, FL 32503

11

Tel: 850-760-2156

12

Email: phil@askalawyerfirst.com

13

Counsel for Plaintiff

14

Katrice Lindsey *on behalf of* JDW, JYW and
SMW

15

***(Related to 2:25-cv-03396-GW-RAOx)***

16

17

18

Matthew Stonestreet

**THE GIATRAS LAW FIRM**

19

118 Capitol Street, Suite 400

20

Charleston, WV 25301
Tel: 304-343-2900

21

Fax: 304/343-2942

22

Email: matt@thewvlawfirm.com

23

Email: troy@thewvlawfirm.com

24

Counsel Plaintiff

25

**Amanda Hinkle,**
**A. H.** *a minor,*

26

27

28

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Roderick Alvendia
**ALVENDIA, KELLY & DEMARES**
909 Poydras St., Suite 1625
New Orleans, LA 70112
Tel: 504-618-1601
Email: rico@akdlalaw.com

Counsel For

---

Marcus P. Smith
Zachary L. Cowan
Trial Attorneys
Consumer Protection Branch
Civil Division, U.S. Department of Justice
450 5th Street, NW Suite 6400-South
Washington, D.C. 20001
Tel: (202) 353-9712 (Smith)
Tel: (202) 353-7728 (Cowan)
Marcus.P.Smith@usdoj.gov
Zachary.L.Cowan@usdoj.gov

---

Andre M. Mura
Steve Lopez
Hanne Jensen
Anna J. Katz
**GIBBS MURA LLP**
1111 Broadway Street, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
Email: amm@classlawgroup.com
Email: sal@classlawgroup.com
Email: hj@classlawgroup.com
Email: ajk@classlawgroup.com

Attorneys for Plaintiffs

- 29 -

1
2

Green, on behalf of S.V., and Vazquez, on
behalf of J.B., and the Proposed Classes

3
4
5
6

7    Daniel M. Petrocelli
8    **O'MELVENY & MEYERS LLP**
     1999 Avenue of the Stars
9    Los Angeles, CA 90067-6035
     Tel: 310-553-6700
10   Fax: 310-246-6779
11   Email: dpetrocelli@omm.com

12   Matthew David Powers
13   **O'MELVENY & MYERS LLP**
     Two Embarcadero Center, 28th Floor
14   San Francisco, CA 94111
     Tel: 415-984-8700
15   Fax: 415-984-8701
16   Email: mpowers@omm.com

17
18   Stephen D. Brody
     **O'MELVENY AND MYERS LLP**
19   1625 Eye Street, NW
     Washington, DC 20006
20   Tel: 202-383-5167
21   Email: sbrody@omm.com

22   Alicia Ragsdale Olszeski
23   **ALICIA RAGSDALE LAW OFFICES**
     56 Marshall Place
24   Webster Groves, MO 63119
25   Tel: 314-304-1909
     Email: ali.olszeski@faegredrinker.com
26

27   Attorneys for Defendants
28   ByteDance Ltd., ByteDance Inc., TikTok Ltd.,

- 30 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TikTok Inc., TikTok LLC, TikTok Pte. Ltd.,
and TikTok U.S. Data Security Inc.