DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: TikTok, Inc. Minor Privacy Litigation | Case No. 2:25-ml-03144-GW-RAO<br><br>**DEFENDANTS' OPPOSED EX PARTE APPLICATION FOR TEMPORARY SUSPENSION AND CLARIFICATION OF PRESERVATION ORDER** |

# APPLICATION

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Central District of California Local Rule 7-19, Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, "Defendants") hereby apply *ex parte* for an order temporarily suspending and/or clarifying the Court's April 28, 2025 Order regarding preservation of data (the "Order"), through and including May 29, 2025, pursuant to the Court's instruction that the parties may "make a request on an ex parte basis" to modify the Order. *See* ECF No. 11 at 2; Declaration of Daniel M. Petrocelli ("Petrocelli Decl."), Ex. A at 16:6-11, 19:3-9.

As set forth below, good cause exists for this request because it is not feasible to comply with the Court's Order. Additional time is required, among other reasons, to assess the nature and extent of the data related to accounts on the 13+ Experience identified as belonging to users under the age of 13 (hereinafter, "Underage User Data"). In addition, given Defendants' systemic, technical, and other processes for deleting Underage User Data, it may be necessary to develop and implement new measures to preserve Underage User Data. Given these constraints, Defendants respectfully request the necessary time to evaluate, propose, and implement appropriate preservation measures before a preservation order takes effect.

Defendants' request for *ex parte* relief is based on this Application, the accompanying Memorandum of Points and Authorities, the declarations of Noreen Yeh and Daniel M. Petrocelli, and all documents on file in this action.

Pursuant to Local Rule 7-19, Defendants have provided notice of this application to Plaintiffs through written correspondence on April 29, 2025.

Plaintiffs' counsel have indicated they will oppose the relief sought in his Application. The Government has not indicated whether or not it will oppose. The contact information for Eric Kafka, counsel for some of the Plaintiffs,[1] is as follows:

> Eric A. Kafka
> COHEN MILSTEIN SELLERS AND TOLL PLLC
> 88 Pine Street, 14th Floor
> New York, NY 10005
> Tel: 212-838-7797
> 212-838-7745
> ekafka@cohenmilstein.com

---

[1] Plaintiffs have not yet selected a liaison. Eric Kafka's information is provided because he was lead signatory on the joint status report submitted to the Court on April 24, 2025. *See* ECF No. 10.

Dated: April 30, 2025

Respectfully submitted,

By: /s/ *Daniel M. Petrocelli*
    Daniel M. Petrocelli

DANIEL M. PETROCELLI
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

STEPHEN D. BRODY
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

MATTHEW D. POWERS
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3832
Telephone: +1 415 984-8700
Facsimile: +1 415 984-8700

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants ByteDance Inc., ByteDance Ltd., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. request clarification, and/or a modest, 30-day suspension, of the Court's April 28, 2025 order that Defendants "preserve data." ECF No. 11. Defendants require additional time to investigate a number of issues essential to establishing workable preservation measures, including the types of Underage User Data that Defendants are able to preserve, whether preservation of such data necessitates system and process modifications, and assessment of the feasibility, timeliness, cost, and other burdens associated with establishing and implementing appropriate preservation measures. Based on this investigation, Defendants will formulate a proposed preservation plan to supersede the current Order and will submit it to the Court and all counsel to address at the next scheduled hearing on May 29, 2025.

## II.   ARGUMENT

"[I]f for some reason, a party learns that a [discovery order] has become impossible to comply with, the party should promptly move for relief, with a good showing that despite its best efforts, compliance is impossible." *In re StubHub Refund Litig.*, 2023 WL 3092972, at *2 (N.D. Cal. Apr. 25, 2023); *see also Cook v. Meta Platforms, Inc.*, 2024 WL 4133811, at *1 (N.D. Cal. Sept. 9, 2024) ("If [a party] learn[s] new information that makes it seem like it will be difficult or impossible … to comply with the order, then [the party] should move to modify the order with reasonable diligence, explaining why the order has become difficult or impossible … to comply with.").

The Order requires Defendants to "preserve data" regarding under 13 users without limitation. Immediately following the April 28, 2025 status conference and the Court's issuance of the Order, Defendants and their counsel conferred about the

Order, and it became clear that preserving Underage User Data would be much more complex than originally anticipated. Petrocelli Decl. ¶¶ 5-6. As set out in the accompanying Declaration of Noreen Yeh ("Yeh Decl."), there are multiple technical barriers to doing so, and it will take time for Defendants to analyze their systems and processes in order to propose a preservation plan that is technically feasible and that accounts for the potentially extreme burdens of preserving certain types of user data. These barriers include, for example, pausing rolling deletion for various types of data, Yeh Decl. ¶¶ 13-14, extracting data of users who Defendants have identified as under the age of 13 on the 13+ Experience, *id.* ¶¶ 12, 14, storing all of this newly preserved data, *id.* ¶ 15, and ensuring that the extracted data is not used for other purposes once it is extracted, *id.* ¶ 14.

In short, Defendants need time to investigate what types of data preservation are possible, whether new systems will need to be developed or existing systems need to be modified to ensure the preservation of certain data, and what the burden associated with various kinds of data preservation is. Because of that, Defendants seek a suspension and clarification of the Court's order to "preserve data" for 30 days in order to sufficiently investigate, understand system capabilities, and develop working proposals for preservation of data regarding identified under 13 users. To be clear, Defendants have implemented other efforts to preserve documents related to this case, including issuing a litigation hold that implicates numerous custodians. Petrocelli Decl. ¶ 6.

### III.    CONCLUSION

Defendants ask the Court to suspend and/or modify its Order until May 29, 2025. Defendants further seek leave to file, by May 23, 2025, a proposal for a data preservation order to supersede the Order. If the parties cannot reach agreement on the May 23, 2025 proposal, Defendants ask that Plaintiffs be permitted to file a response to the proposal by May 27, 2025.

Dated: April 30, 2025

Respectfully submitted,

By: */s/ Daniel M. Petrocelli*
    Daniel M. Petrocelli

DANIEL M. PETROCELLI
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

STEPHEN D. BRODY
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

MATTHEW D. POWERS
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3832
Telephone: +1 415 984-8700
Facsimile: +1 415 984-8700

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically services all counsel of record for the parties who have appeared.

Dated: April 30, 2025                    /s/ *Daniel M. Petrocelli*
                                         Daniel M. Petrocelli