DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:  +1 202 383 5300
Facsimile:   +1 202 383 5414

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:  +1 415 984 8700
Facsimile:   +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd.,
ByteDance Inc., TikTok Ltd., TikTok Inc.,
TikTok LLC, TikTok Pte. Ltd., and
TikTok U.S. Data Security Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: TikTok, Inc. Minor Privacy Litigation | Case No. 2:25-ml-03144-GW-RAO<br><br>**DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DEFENDANTS' OPPOSED EX PARTE APPLICATION FOR TEMPORARY SUSPENSION AND CLARIFICATION OF PRESERVATION ORDER** |

# **DECLARATION**

I, Daniel M. Petrocelli, declare as follows:

1.      I am an active member of the Bar of the State of California and a partner at the law firm O'Melveny & Myers LLP, counsel for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, "Defendants").

2.      I have personal knowledge of the facts stated in this declaration, except for those matters stated on information and belief, and if called upon to do so, I could and would so testify.  I submit this declaration in support of Defendants' Opposed Ex Parte Application for Temporary Suspension of this Court's Preservation Order.

3.      At the April 28, 2025 status conference, a transcript of which is attached hereto as **Exhibit A**, the Court ordered Defendants to preserve account data related to users they identify as under 13 "until the Court orders further."  Tr. 18:17-20.  The Court instructed Defendants to file an *ex parte* motion to modify the order if they felt that they could not "comply with [the Court's] request."  Tr. 16:6-11, 19:3-9.

4.      Following the status conference, the Court issued a written order requiring Defendants to "preserve data until the Court orders further unless the parties make a request on an ex parte basis."  ECF No. 11 at 2.

5.      That same day, counsel conferred with Defendants about the Order, and it became clear that preserving such data would be much more complex than originally anticipated.

6.      Until this point, Defendants had made other efforts to preserve documents related to this case, including issuing a litigation hold that implicates numerous custodians.  However, as set forth in the Declaration of Noreen Yeh, preserving account data related to users identified as under 13 is significantly complicated and potentially burdensome.

PETROCELLI DECL. ISO OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

7. On April 29, 2025, I contacted Plaintiffs' counsel notifying them that Defendants planned to file an *ex parte* application requesting to clarify and suspend the Court's April 28, 2025 order on preservation until May 29, 2025.

8. In my correspondence, attached hereto as **Exhibit B**, I explained that Defendants' immediate preservation of all information, materials, and data related to accounts on the 13+ Experience that Defendants have identified as belonging to users under the age of 13 would not be feasible, and that additional time was necessary to determine the proper scope of preservation in this case and implement the appropriate preservation measures.

9. Plaintiffs' counsel indicated that Plaintiffs oppose the relief sought in Defendants' application.

10. On April 30, 2025, Defendants' counsel and Plaintiffs' counsel conferred about Defendants' application. The parties were not able to reach an agreement about the issues raised.

I declare under penalty of perjury that the foregoing is true and correct.

Executed April 30, 2025 in Los Angeles, California

By:  */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

PETROCELLI DECL. ISO OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

# **<u>Exhibit A</u>**

### Page 1

```
 1
 2
 3          UNITED STATES DISTRICT COURT
 4   CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION
 5       HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE
 6
 7   IN RE: TIKTOK, INC.,
     MINOR PRIVACY LITIGATION,
 8                                    Case No.
 9                                    25-ML-3144-GW
10
11           REPORTER'S TRANSCRIPT OF
         STATUS CONFERENCE RE MDL Motion for 3144
12              Monday, April 28, 2025
                      10:00 a.m.
13              LOS ANGELES, CALIFORNIA
14
15
16
17
18
19   _____
20       TERRI A. HOURIGAN, CSR NO. 3838, CCRR
21       FEDERAL OFFICIAL COURT REPORTER
         350 WEST FIRST STREET, ROOM 4311
22       LOS ANGELES, CALIFORNIA  90012
              (213) 894-2849
23
24
25
             UNITED STATES DISTRICT COURT
```

### Page 2

```
 1                APPEARANCES OF COUNSEL:
 2
 3   FOR PLAINTIFFS: A.A., A.B., A.C., JODY VILLANUEVA,
     ANGELA FAUCETT, LAMARTINE PIERRE, JR.
 4
 5       COHEN MILSTEIN SELLERS and TOLL PLLC
         BY:  ERIC A. KAFKA
 6           Attorney at Law
         88 Pine Street, 14th Floor
 7       New York, New York  10005
 8   FOR THE PLAINTIFF:  CHRISTINA MIDDLETON
 9       WAGSTAFF and CARTMELL LLP
         BY:  TYLER W. HUDSON (appearing telephonically)
10           Attorney at Law
         470 Grand Avenue, Suite 300
11       Kansas City, Missouri  64112
12   FOR THE PLAINTIFF:  KILEY LYNN GROMBACHER
13       BRADLEY GROMBACHER LLP
         BY:  KILEY LYNN GROMBACHER
14           Attorney at Law
         31365 Oak Creek Drive, Suite 240
15       Westlake Village, California 91361
16   FOR THE PLAINTIFF:  RYAN ARMBRUSTER
17       LAW OFFICE OF FRANCIS J. FLYNN JR.
         BY:  FRANCIS J. FLYNN, JR. (Appearing telephonically)
18           Attorney at Law
         6057 Metropolitan Plaza
19       Los Angeles, California  90056
20   FOR THE PLAINTIFF:  H.T., J.O.
21       KOPELOWITZ OSTROW PA
         BY:  KRISTEN CARDOSO (appearing telephonically)
22           Attorney at Law
         One West Las Olas Boulevard, Suite 500
23       Fort Lauderdale, Florida  33322
24
25
             UNITED STATES DISTRICT COURT
```

### Page 3

```
 1                APPEARANCES OF COUNSEL:
 2
   FOR THE PLAINTIFF:  CHANTELL MARTIN, JACQUELYN WILLIAMS
 3
       DUGAN LAW FIRM APLC
       BY:  JAMES R. DUGAN, II  (appearing telephonically)
 4           DAVID SCOTT SCALIA
             Attorneys at Law
 5       One Canal Place
         365 Canal Street, Suite 1000
 6       New Orleans, Louisiana  70130
 7
       FOR THE PLAINTIFF:  SCOTT HUMBERT
 8
       AYLSTOCK WOITKIN KREIS and OVERHOLTZ
 9       BY:  BRYAN F. AYLSTOCK
             Attorney at Law
10       17 East Main Street, Suite 200
         Pensacola, Florida  32502
11
12   FOR THE PLAINTIFF:  J.R.
13       CARELLA BRYNE BAIN GILFILLAN
         BY:  JAMES E. CECCHI
14           Attorney at Law
         5 Becker Farm Road
15       Roseland, New Jersey  07068
16       KOPELOWITZ OSTROW PA
         BY:  JEFF M. OSTROW
17           Attorney at Law
         One West Las Olas Boulevard, Suite 500
18       Fort Lauderdale, Florida  33301
19   FOR THE PLAINTIFF:  A.C.
20       SILVER GOLUB and TIETELL LLP
         BY:  STEVEN L. BLOCH
21           Attorney at Law
         One Landmark Square 15th Floor
22       Stamford, Connecticut
23
24
25
             UNITED STATES DISTRICT COURT
```

### Page 4

```
 1                APPEARANCES OF COUNSEL
 2
   FOR THE PLAINTIFF:
 3
       KELLER ROHRBACK LLP
 4       BY:  DEREK LOESER
             Attorney at Law
 5       1201 Third Avenue, Suite 3400
         Seattle, Washington  98101
 6
 7   FOR THE PLAINTIFF:
 8       GIBBS MURA LLP
         BY:  ERIC HOWARD GIBBS
 9           Attorney at Law
         1111 Broadway, Suite 2100
10       Oakland, California  94607
11   FOR THE DEFENDANT:
12       O'MELVENY and MYERS LLP
         BY:  DANIEL M. PETROCELLI
13           MATTHEW DAVID POWERS
             Attorneys at Law
14       Two Embarcadero Center
         San Francisco, California  94111
15
16
17
18
19
20
21
22
23
24
25
             UNITED STATES DISTRICT COURT
```

5

LOS ANGELES, CALIFORNIA: Monday, April 28, 2025

10:00 a.m.

--oOo--

THE COURT:  Let me call the matter of *In re: TikTok Private Litigation.*

THE COURT:  My clerk has indicated to me he has already taken the appearances, so I'm not going to have everybody announce their appearances.

The only one thing I ask, if you are going to speak, identify yourselves for purposes of my reporter, so she can take down who is speaking, and we will do it in that fashion.

Let me indicate, we have a lot of stuff to go over.

I don't know how long -- it shouldn't take too long.

It's based upon the joint status report, which is Docket No. 10 that has been filed.

Just a couple of preliminary matters.  First of all, I want to instruct all of the parties and counsel, that if you file anything in this case, file it in the MDL docket, which is the 25 ML 3144, so if that's done, we can look at one spot for all of the filings, and we don't have to look at individual cases and that is going to save a lot of time.

The second thing, I generally do not entertain oral

UNITED STATES DISTRICT COURT

6

motions, so if you want to request something from the Court, you are going to have to file papers for it, unless it's something that has arisen in the course of a preset hearing date or something like that, then maybe I will entertain that.  Generally, I don't rule on oral motions.

Okay.  What I'm going to do at this point in time, I'm going to go over the items that are listed on the joint status report, page by page, and then once that is done, if anybody else has some stuff they want to bring to the Court's attention, feel free to do so at that point in time.

First of all, insofar as the issue in regards to plaintiff's leadership -- first of all, just as an aside, I once did a case -- how many of you were in front of Denise Coat on the Southern District of New York case?

So I had a case years ago with her that was -- I don't know why -- I can't remember why it became joint with her, but there were three cases, one in Los Angeles, one in New York, and one, I keep on thinking it's Kansas or maybe Illinois, but three judges had to get together because of three cases arose in various parts of the country, and for some reason, Judge Coat took the laboring oar.  I think it was her personality and stuff like that.

I was shocked that she would do these things, she would have counsel, and she would tell counsel, they would say something that they wanted to do some motions, and she said, I

UNITED STATES DISTRICT COURT

7

will give you five pages to brief it, and I will limit it to three pages.

That was on stuff that was -- I was shocked, it was major motions that I would never have thought -- but she did it and the attorneys didn't seem to -- I don't know if they bit the bullet or what they said behind her back, but they didn't say anything in front of her.

I just point that out, it was a learning experience for me, not that I would do it with you folks, but I just throw that out as an aside.

The leadership structure, have the plaintiffs all agreed upon a leadership structure?

MR. BLOCH:  Your Honor.  Stephen Bloch, from Silver Golub.

We have not, though, we have made efforts to do so, but we have not agreed and come to consensus on that.

THE COURT:  This is what I will do, I want the briefs, insofar as leadership positions, of any of the -- any party, I want all of those filings.  They can be separately filed, I don't really care, or they can be jointly filed, if you want, I don't care one way or the other, but that will have to be filed 14 days from today's date.

Then I will give it ten days after that date for a response.

In other words, I don't care how many plaintiff's

UNITED STATES DISTRICT COURT

8

counsel file, I don't care how many plaintiff's counsel respond, I just want those two dates, so 14 days after today's date, which would be the 12th of May, and then ten days, approximately, for the response; I will put it for May the 22nd.

I will put the matter back on calendar for June the 2nd.

I will make a ruling on that -- obviously, I will allow any further arguments that is necessary, but I will make a ruling on that date.

I want the leadership structure to be decided as soon as possible, okay?

MR. GIBBS:  Your Honor, will you entertain slates with those motions?

THE COURT:  I don't care how it's done.  I'm open to pretty much anything.

As I said, I have had one case, I have had a number of MDLs, but I had one MDL where there were 40 or some-odd different individual class actions were filed to consolidate into it.

That one I did have -- I think there were two firms that were the leadership, and then there was another attorney that was, kind of, like -- when you get old, you forget the terms, for things basically the intermediary between all of the other --

MR. GIBBS:  Was that the IKEA matter?

THE COURT:  It was the IKEA matter.  Were you the

UNITED STATES DISTRICT COURT

9

1  person on that matter?
2        MR. GIBBS:  I was the person who coordinated all of
3  those.
4        THE COURT:  So I already gave you a ruling --
5        MR. GIBBS:  We were both younger.
6        THE COURT:  We both had hair.  It was that long ago.
7        MR. GIBBS:  I don't think I had hair.
8        THE COURT:  But I will entertain slates as well.
9  But hopefully you can agree on something.  It would be faster
10  and easier, and no hard feelings if you all agree.
11        All right --
12        MR. AYLSTOCK:  Your Honor, Bryan Aylstock on behalf
13  of plaintiff, Humbert.
14        If I could indulge the Court, I have a preplanned family
15  trip overseas on -- we leave on the 1st.  Would it be possible
16  to do it the Thursday before?
17        THE COURT:  First of what?
18        MR. AYLSTOCK:  The 1st of June.
19        THE COURT:  You want to do it on the 29th?  I will
20  do it on the 29th.
21        MR. AYLSTOCK:  Thank you, Judge.
22        MR. LOESER:  Your Honor, are you going to order
23  three pages for all three?
24        THE REPORTER:  Please identify who is speaking.
25        THE COURT:  You need to identify yourself.

**UNITED STATES DISTRICT COURT**

11

1        I saw the cases that are on the list.  Are there any
2  other cases other than the ones on this list that the parties
3  are aware of?
4        MR. AYLSTOCK:  Bryan Aylstock on behalf of the
5  plaintiffs, not that we're aware of.
6        I will note that not every case on this case has a
7  transfer date that is officially on the docket.
8        THE COURT:  Let me ask, Javier.
9        THE COURTROOM DEPUTY:  There is one left.
10        THE COURT:  The Green case is.  I was going to ask
11  about that, the Green case.  Is there any problem with me -- I
12  think that is a case in front of Judge Hwang at this point in
13  time.  Is there any problem with me putting that case in here?
14        MR. GIBBS:  Gary Gibbs, Your Honor.  No problem.
15        THE COURT:  I will order the Green case be
16  transferred to me.
17        What happened -- I am not sure I pronounced that
18  correctly, "Mam Lowly," a Benton case, that was vacated.  There
19  is a 1404 transfer.  When was that matter?
20        MR. AYLSTOCK:  Yes, Your Honor.  That was a Southern
21  District of Florida matter.
22        And the Court, there was a pending 1404 transfer.  The
23  Court ruled upon it pending the CTO from the 1407 transfer.  I
24  believe it's here.
25        THE COURT:  It is transferred here?

**UNITED STATES DISTRICT COURT**

10

1        MR. LOESER:  Derek Loeser.  The comment is not worth
2  writing down.
3        THE COURT:  No, if it's said by you, definitely, if
4  for nothing else, potential sanctions motions thereafter.
5        MR. LOESER:  That is wonderful, thank you, Your
6  Honor.
7        MR. BLOCH:  This is Stephen Bloch.  If I can just
8  request, I think what the parties have, at least on the
9  plaintiff's side, reached consensus.  If it's acceptable to the
10  Court is 20 pages for the opening brief, and five pages for the
11  response?
12        THE COURT:  How many papers are going to be filed,
13  do you think?
14        MR. BLOCH:  My sense is there are two, maybe, three,
15  at most.
16        THE COURT:  That's fine, 20 pages and 5 pages.
17        Also, what I will do is I will stay this case pending my
18  determination, certainly as to my determination of leadership
19  structure.
20        Again, I don't want to put it to the defense to respond
21  to multiple inquiries or anything like that, I will allow for
22  them to inquire solely as to the person or persons I choose for
23  a leadership position.
24        Then the next issue is I'm still on page 1, is the
25  status of transfer of cases.

**UNITED STATES DISTRICT COURT**

12

1        MR. AYLSTOCK:  Yes, Your Honor.
2        THE COURT:  When it said "vacated," I thought
3  something happened in the case, but that case is here now?
4        MR. AYLSTOCK:  The CTO was vacated, but the 1404
5  transferred.
6        THE COURT:  That's fine.  Then once the leadership
7  is finalized -- before, I finish on the status of transferring
8  cases, there is no state cases anybody is aware of?
9        MR. AYLSTOCK:  No, Your Honor.
10        THE COURT:  Other than the J.C. case, where there
11  was some activity, are any of the other cases -- was there any
12  substantial activity at all?
13        MR. AYLSTOCK:  No, Your Honor.  There was no
14  oppositions to the CTOs.
15        THE COURT:  Great.  Then on page 2, once the
16  leadership is determined, I would require the master
17  consolidated complaint to be filed within 21 days of that.
18        I don't think it should be too hard.  This is not
19  anything particularly new.
20        Then on page 3, if the defense files -- decides to file
21  a motion rather than filing an answer, I want the motion to be
22  filed 30 days after the filing of the consolidated complaint.
23        Actually, let me take that back.
24        I would want the -- if there is an answer, I will allow
25  30 days for an answer, and if it's going to be a motion, the

**UNITED STATES DISTRICT COURT**

13

1 motion has to be filed in 21 days.
2        And then I want from 20 days of the filing of the
3 consolidated complaint, then -- maybe I should be nicer.
4        I will give you guys 30 days.  I will give you 30 days;
5 in other words, after the consolidated complaint is filed,
6 30 days to file the motion; 21 days after that filing for the
7 opposition, and then ten days after that for the response, and
8 then ten days after the response is filed, I will hear the
9 matter.
10       But I hear matters only on Mondays and Thursdays, so
11 it's the closest Monday or Thursday after ten days.
12       Then on page 3, the discovery plan portion.  Obviously,
13 until there is a consolidated complaint, it's somewhat
14 difficult to do the status of these other things, although,
15 generally I want you to talk about -- once the leadership is
16 selected, talk generally about protective orders.  This is
17 standard stuff.
18       The preservation stuff, this is what I will do at this
19 point in time, even though there is not anything -- we don't
20 have a consolidated complaint filed.
21       I do think this, if the defendants have received a
22 request from any plaintiff's counsel for the preservation of
23 documents, I would want those documents to be preserved with
24 the following proviso:
25       I will allow the defendants to make a request to -- you
**UNITED STATES DISTRICT COURT**

14

1 can do it on *ex parte* basis, a shorter basis than the normal
2 time, for a request that you be allowed to destroy documents,
3 but obviously, I want to know what the documents are that you
4 plan to destroy or get rid of, and stuff like that.
5        But also, if a request has just been made for general,
6 like, blunder bust, keep every record, no, I would say that is
7 not sufficient.
8        If you receive a request for specific documents, for
9 example, all records TikTok has as to minors and purchases by
10 minors, stuff of that sort, then I would say, yeah, keep them
11 until I tell you that you can get rid of them.
12       MR. POWERS:  May I be heard, Your Honor?
13       THE COURT:  Yes.
14       MR. POWERS:  Matt Powers for the defendants.
15       As we put in the papers, Your Honor, the concern is
16 preserving or identifying information for minors is against the
17 law.  And we have ongoing -- our client --
18       THE COURT:  Let me just say, yes and no, but at some
19 point, you know, I can always issue an order at this point in
20 time.  Once I have issued an order, you have to follow it.
21       MR. POWERS:  We would absolutely.  We're sort of
22 between a rock and a hard place, a bit.
23       I believe the government attorneys for the DOJ are on
24 the phone.  We want to make sure we are complying.
25       THE COURT:  Okay.  Let me ask the representatives
**UNITED STATES DISTRICT COURT**

15

1 from DOJ, do you have a position on this issue?
2              (Voice not detectable.)
3        THE COURT:  You are breaking up.  Can you speak
4 louder?
5        MR. SMITH:  I hear an echo.
6        THE COURT:  Are you on a land line or are you on,
7 like, a iPad thing?
8        MR. SMITH:  I'm on a cellular phone, but I don't
9 think that is contributing to the feedback.
10       I think someone on the line needs to mute their phone,
11 because I'm hearing an echo.
12       THE COURT:  Right now, you are coming in fine.
13       MR. SMITH:  Okay.  I think the muting was done.  I
14 think the problem is solved, but I can hear you all clearly as
15 well.
16       THE COURT:  Great.
17       Just a second, can you identify yourself again?
18       MR. SMITH:  Sure.  Marcus Smith Consumer Protection
19 Brands, Department of Justice, on behalf of the United States.
20       Our position is that the defendants should comply with
21 KOPPA and the obligation to whatever COPPA requires them to do,
22 that's what they should be doing.
23       They also need to comply with their document
24 preservation obligations.
25       To the extent those two things are intentioned, I think
**UNITED STATES DISTRICT COURT**

16

1 we need more specific information about what exactly is being
2 deleted versus what is being preserved.
3        It's difficult -- so, in short, it's difficult to take a
4 position, Your Honor, in the abstract.
5        I think we need more detail.
6        THE COURT:  Let me stop.  That's what I wanted,
7 because in fact, it seems to me I'm going to order the
8 preservation insofar as specifically requested documents, not a
9 blunderbuss, but specifically request of documents, but I leave
10 it up to the defendant to move, even on an *ex parte* basis, if
11 it feels that it can't comply with my request.
12       MR. POWERS:  I can give the Court and the parties
13 more clarity here.
14       THE COURT:  I don't want it orally, I want it in
15 writing.
16       MR. POWERS:  I wasn't going to make a motion.  I was
17 going to explain the nature of the situation.
18       The ongoing process is that when defendants identify a
19 user on the above 13 experience, that is in fact under 13,
20 through a variety of mechanisms, some of which are described in
21 some of the complaints, the practice is after brief appeal
22 period, to ban the account, and then delete the data associated
23 with that account.
24       There is a record of the deletion, but the data
25 associated with that account is deleted.
**UNITED STATES DISTRICT COURT**

1    That is my client's understanding of how to comply with

2    their obligations, both under the consent decree, and COPPA

3    generally.

4    It is -- we could pause that process, but that is the

5    deletion that is occurring that we are concerned about.

6    THE COURT:  Why don't we do this, my proposal would

7    be not to have you delete it until such time I permit you to

8    delete it.  Because in that way, you could justify what you are

9    doing in saying this was an order from this Court that -- I

10    presume the statute will allow the retention of those materials

11    for purposes of litigation.

12    MR. POWERS:  If the Court orders us to do that, we

13    will comply.

14    THE COURT:  Let me ask plaintiff's counsel, I

15    presume you have no problem with that.

16    It's not turned over to you guys yet, it's just

17    preservation.

18    MR. KAFKA:  Your Honor, Eric Kafka for the

19    plaintiffs.

20    We appreciate your order for them to not delete the

21    data.

22    The one thing, I think, we would ask is that the motion

23    not be *ex parte*, because this is an important issue.

24    THE COURT:  Well no, when I say *ex parte*, it doesn't

25    mean I will make a ruling without hearing from the plaintiff's

UNITED STATES DISTRICT COURT

1    side.

2    If it's something that is so obvious, I might do so, but

3    for the most part, I am only saying I'm doing *ex parte*, because

4    it doesn't do the standard three weeks of 28 days or whatever

5    it is, but whatever it is, I will allow it to be done on a

6    quicker basis.

7    MR. KAFKA:  Thank you, Your Honor.

8    THE COURT:  So that is understood by everybody?

9    MR. POWERS:  Yes.  So just to be clear the Court is

10    ordering us to preserve that data we are deleting from the

11    users we identify as under 13?

12    We will communicate to my client promptly after the

13    hearing.

14    THE COURT:  Okay.

15    MR. KAFKA:  They should still ban those users from

16    the platform.

17    THE COURT:  I'm not requiring them not to comply

18    with the other requirements, banning, et cetera, I'm just

19    requiring them to preserve those documents until the Court

20    orders further.

21    MR. POWERS:  The only other piece under

22    preservation, Your Honor --

23    THE COURT:  Let me ask -- so was that Mr. Smith?

24    MR. SMITH:  Marcus Smith, on behalf of the

25    government.  I just wanted to clarify that, Your Honor, in

UNITED STATES DISTRICT COURT

1    ordering them to preserve this data, while the issue is briefed

2    in writing; is that correct?

3    THE COURT:  No.  I'm now issuing a order requiring

4    them to preserve the items, that information.  I'm allowing

5    them, the defendant, if the defendant wants to make a motion of

6    some sort to allow them to continue to delete those items, then

7    I will entertain it on an *ex parte* basis, but obviously,

8    allowing time for the plaintiffs to respond to that request, if

9    made.

10    And I leave it up to the defense at any point in time

11    you want to do that, you are free to do that, but until such

12    time as you do that, I will order that you maintain the records

13    that are out there.

14    MR. PETROCELLI:  Your Honor, Mr. Petrocelli for the

15    record.

16    If we file an *ex parte* application and following receipt

17    of any opposition, does Your Honor hold a hearing?

18    THE COURT:  I will hold a hearing, yes.

19    MR. PETROCELLI:  Thank you.

20    THE COURT:  Let me ask the government counsel, you

21    have no problem with what I'm doing, right?

22    MR. SMITH:  Well, Your Honor, I can't -- I'm not

23    certain -- we might, because to the extent that this order

24    requires them to retain documents indefinitely, that might be

25    in violation of a regulation -- that might be something that we

UNITED STATES DISTRICT COURT

1    take issue with.

2    THE COURT:  Let me put it this way, I will allow the

3    government -- you are not going to be joining this case, but I

4    will allow you, if you, the government wants to modify my

5    order in this case, I will allow you to make a special

6    appearance to do so.

7    MR. SMITH:  That's what I was going to ask.  Thank

8    you, Your Honor.

9    THE COURT:  Again, I don't envision this -- let's

10    put it this way, this order I'm issuing today, I presume is

11    going to be changed or modified somewhat in the future, once

12    some more of the dust settles down.

13    At this point in time, I'm only doing this to preserve

14    evidence, but not necessarily to put it in stone, so that would

15    be that.

16    MR. POWERS:  Your Honor, one other quick point.

17    We had asked -- because the plaintiffs are anonymous in

18    this case, their minor children are anonymous, we don't know

19    what their user names are or what their accounts are, so

20    normally, we would add those names to a preservation process,

21    but we can't do that here.

22    So if the plaintiffs would identify them, we're happy to

23    add their minor children --

24    THE COURT:  Why don't you -- don't identify them,

25    just identify them by initials.

UNITED STATES DISTRICT COURT

23

1      MR. POWERS:  Correct.  We don't know what accounts
2  are associated with them.  So we can't preserve their own
3  clients' accounts specifically.
4      We would be happy to do that, but absent identification
5  of who they are, what their account names are, we can't do
6  that.
7      THE COURT:  Is that page 5 of your joint report, it
8  mentions the fact because the plaintiffs are bringing their
9  claims anonymously; in other words, the plaintiffs at this
10 point in time, my understanding can preserve their own stuff,
11 right?
12     MR. POWERS:  That's correct, they can.
13     THE COURT:  I presume they're going to do that.
14     You are indicating you can't do that for them, they
15 understand that hopefully, so therefore -- you could, if they
16 identified them to you.
17     MR. POWERS:  Correct.
18     THE COURT:  So far they have not identified them to
19 you, in which case, they are going to have to preserve it
20 themselves at this point in time, unless they want to give the
21 information to your client for your client to preserve it.
22     That is my understanding of the situation at this point.
23     MR. LOESER:  That is correct, Your Honor.  What the
24 plaintiffs have said -- Derek Loeser -- what the plaintiffs
25 have said is that they don't have a problem providing this

UNITED STATES DISTRICT COURT

---

24

1      There is a tremendous amount of data, typically, that
2  the company collects and obtains with regard to users,
3  including the minor plaintiffs in this case.
4      One of the things that would be helpful for the
5  litigation, would be once we have identified by name of the
6  plaintiffs, they then search their records to provide the
7  information, certainly preserve it, and also produce
8  information that the plaintiffs don't have that they have
9  collected with regard to the plaintiffs.
10     MR. POWERS:  So we are talking about preservation.
11 If we get to discovery, then obviously this information is
12 going to be subject to discovery.
13     But at this stage, all we're asking is to preserve,
14 that's it.  We're talking about preservation, not production.
15     THE COURT:  Well, let just stop.
16     That stuff, which counsel is talking about, will be
17 preserved, assuming their clients have been identified.
18     MR. POWERS:  If they were identified, we would
19 certainly preserve any data associated with their clients,
20 correct.
21     THE COURT:  Let me ask, you have a choice now,
22 again, I'm not ordering discovery at this stage.
23     But if the plaintiffs turn over the identity of their
24 clients to defense counsel, subject to a standard protective
25 order, at this point in time, then they will tell you what they

UNITED STATES DISTRICT COURT

---

22

1  information, but there should be reciprocity so the defendant
2  should produce the information that they have collected.
3      THE COURT:  You mean, their underage defendants?
4      MR. LOESER:  The plaintiffs.
5      THE COURT:  No, the plaintiffs are going to
6  identify.
7      MR. LOESER:  They have information and records and
8  knowledge that we don't have about what they do with the data
9  they collect from our plaintiffs.  So we would like a
10 reciprocal obligation for them to provide information.
11     THE COURT:  Well, let me ask, is there any problem
12 for you providing that information in the near issue?
13     MR. POWERS:  All we're trying to preserve, if they
14 have downloaded their data.
15     THE COURT:  No, what he is saying, he doesn't
16 understand necessarily what your client does in terms of
17 preservation.
18     MR. POWERS:  Now, I'm not understanding.
19     I'm not sure, Your Honor, if there is data other than
20 what would be available in the download your data process.
21     I don't know if there is anything to provide, I don't
22 know, I have to say if there is anything to provide, other than
23 that data.
24     MR. LOESER:  Your Honor, I have had a fair amount of
25 experience litigating against social media companies.

UNITED STATES DISTRICT COURT

---

24

1  have -- you will tell them what they have as to their clients,
2  right?
3      MR. POWERS:  As opposed to producing it?
4      THE COURT:  You don't have to produce it, just
5  identify what you have.
6      MR. POWERS:  Yes.  I'm sure we can identify, at
7  least, conceptionally what data we had, to the extent there is
8  data beyond the downloaded data.
9      MR. LOESER:  That's fine, Your Honor.
10     THE COURT:  I can see this case settling in the very
11 near future at this point.
12     MR. LOESER:  Once that data is provided, probably.
13     Your Honor, there is an issue, I think you are probably
14 getting to it, the stay after.
15     THE COURT:  I will get to that stuff in a moment.
16     Again, a lot of the stuff you have brought out is
17 referenced during the status report.  And I appreciate that the
18 joint status is very thorough.  Thank you.
19     It says, for example, to be clear the defendants should
20 continue to remove childrens' TikTok accounts from their
21 platform, but the defendants need to preserve data regarding
22 those accounts.  And I agree with that, both sides agree with
23 that as well.
24     So I have addressed the stuff, I had on pages 4 and 5.
25     Then as to a 26(f) -- sorry, the 26(f) conference

UNITED STATES DISTRICT COURT

25

1 scheduling.
2       There are three points. This is on page 6, by the MDL
3 plaintiffs, by the government, also by the defense. Actually,
4 I agree with all three points, because again, the plaintiffs
5 say the 26(f) should be scheduled promptly, et cetera, I
6 agree with that 100 percent.
7       The government's position is that 26(f) has already been
8 conducted in its case, so therefore, the government is not
9 consolidated with this case, I understand that as well.
10      Then the defendants say that it would be most efficient
11 to wait until the -- don't do a 26(f) until leadership has been
12 determined and a consolidated complaint has been filed.
13      I agree with that as well.
14      I agree with everybody.
15      All we need to do is we need to choose the leadership,
16 we need to file the consolidated complaint, and thereafter, I
17 will, once that is in, I will set a date for 26(f).
18      Now, if a motion to dismiss has been filed, I may or may
19 not continue the 26(f) that I originally scheduled, and that
20 depends on the nature of the motion and things of that sort.
21      But there is a possibility that I would, if a motion has
22 been filed, rather than simply an answer.
23      But I would have to look at the stuff at that point in
24 time.
25      So I will set a 26(f) once a consolidated complaint has

UNITED STATES DISTRICT COURT

27

1 complaint is filed.
2       Frankly, I think at some point in time there is going to
3 have to be a fair amount of coordination with the DOJ
4 litigation.
5       But the extent of that coordination depends upon a lot
6 of different things that are up in the air at this point in
7 time, but I envision it being coordinated.
8       MR. LOESER: Understood, Your Honor.
9       I would just emphasize that the defendants, themselves,
10 identified relationship between the government case and the MDL
11 plaintiff's case. The defendants, themselves, urge close
12 coordination.
13      I would like -- if possible, we could revisit the stay
14 issue on government production and production in other cases,
15 after leadership, because I think it is important that we get
16 the already produced documents produced quickly.
17      THE COURT: I agree. What you are talking about is
18 stuff was talked about on page 9 of the joint status report,
19 again, the pages is actually 8 and 9.
20      There is -- as I said, there is going to have to be
21 coordination. The extent of it, certainly by the time of
22 depositions it pretty much has to be, because again, I don't
23 want to have multiple depositions, if possible.
24      But the other problem I think -- let me ask, looking
25 somewhat into the future, assuming the case is not dismissed

UNITED STATES DISTRICT COURT

26

1 been filed.
2       This is subject to obviously any sort of motion to
3 continue it if a motion dismiss has been filed.
4       Then as to the next topic is DOJ coordination.
5       I understand the MDL plaintiff's position is you think
6 in Heckman I took a position that the materials that have
7 previously been produced by the defendants to prior
8 governmental investigations and litigation be turned over.
9       I think I did that, but I thought that one of the
10 reasons I did that, because there was a request and nobody was
11 really objecting to it, so I just did it.
12      If somebody objects to it, then I will have to see
13 what my response would be.
14      MR. LOESER: Your Honor, I read the order, and I
15 tried to find the briefing that predated the order.
16      I believe the defendant did object to that.
17      I could be wrong, but judging from the amount of words
18 that the plaintiffs devoted in the status report to arguing for
19 that information, I suspected --
20      THE COURT: Well, they are particularly loquacious
21 on that side.
22      MR. LOESER: I think it would make sense here.
23      THE COURT: Let me put it this way, at this point in
24 time, I'm staying everything, though, at this point in time,
25 until such time as the leadership and the consolidated

UNITED STATES DISTRICT COURT

28

1 out, and assuming it is not settled, after -- if there is a
2 12(b) motion practice, assuming that I don't dismiss out the
3 case, after that point in time, the next major step, I presume,
4 for the plaintiffs would be a motion of some sort for class
5 cert; is that correct?
6       MR. LOESER: Yes, Your Honor. Although, typically
7 because of the overlap between merits and class cert discovery,
8 discovery is open for all.
9       THE COURT: Well, yes and no.
10      Some judges open it for all. I usually don't. I
11 usually limit it to class cert stuff.
12      I may not in this case, because of the fact there is
13 going to be substantive discovery going to in the government
14 case.
15      So it may not -- any savings of time and money won't
16 probably be achieved.
17      So, yeah, I would think that -- the question, however,
18 is the government obviously is not going to be certifying
19 class, the government is going to be arguing the merits, and
20 stuff of that sort.
21      So the question is what period of time are we going to
22 be doing -- in this case, they were prepping for a motion for
23 class cert. Is everything pretty much going to be
24 simultaneously litigated during that point in time?
25      MR. LOESER: In my experience, that is smoothest

UNITED STATES DISTRICT COURT

29

1 operation. There is not fights over what is class discovery
2 and merits discovery.
3 The plaintiffs will move for class cert as soon as they
4 can, based on the information that has been obtained.
5 There is often pretty significant expert reports and
6 expert discovery these days that relates to class cert, so it
7 takes some time to put it together.
8 We would be firing on all cylinders to do both merits
9 and class discovery and moving swiftly.
10 THE COURT: I envision, obviously, there would be
11 some period of discovery.
12 I guess at this point for the case, I may not limit it
13 to just class cert discovery, but just across the board
14 discovery.
15 MR. POWERS: Your Honor, I agree partially with
16 plaintiff's counsel.
17 Often merits issues do bleed into class cert, and
18 obviously there is a bit of different circumstance by -- Matt
19 Powers for defendants.
20 THE COURT: By now she knows.
21 MR. POWERS: It is a different circumstance with the
22 DOJ case.
23 I will just say that if we get to that stage, there may
24 certainly be topics that we think are inappropriate for
25 discovery prior to class certification.

**UNITED STATES DISTRICT COURT**

30

1 Maybe not, maybe we won't have those areas of
2 disagreement, but I think that issue should wait.
3 THE COURT: Again, I'm at this point in time, I am
4 not deciding anything finally. I'm indicating my response to
5 stuff on the joint report.
6 So yeah, obviously, there is going to be have to be
7 coordination, et cetera.
8 Let's see what else, on page 11, again, discovery
9 pending the motion for 12(b)(6) motion, you know, I think it
10 really depends on what is the -- if there is a 12(b)(6) motion,
11 you know, what is the nature of the motion, because sometimes
12 even though, obviously, 12(b)(6) motions are not supposed to be
13 resolved on facts, there might be certain types of arguments
14 that are made, even under 12(b)(6) that might warrant some
15 opportunity for discovery of some sort or another by one side
16 or the other; it really depends.
17 Until I see the 12(b)(6) motion, I can't say one way or
18 the other.
19 Generally, I do understand there might be some hesitancy
20 of allowing discovery, but conversely, however, I can also see
21 a situation where I would allow discovery, it just depends on
22 the motion, finally what the consolidated complaint looks like
23 and things like that.
24 So I'm not going to say I will issue a decision or, you
25 know, a position at this point in time, I will have to see what

**UNITED STATES DISTRICT COURT**

31

1 happens.
2 MR. BLOCH: Your Honor, Steven Bloch, if I could
3 offer a little bit of commentary.
4 I think, while this may not be dispositive, the motion
5 to dismiss in the J.C. action, the initial consolidated action
6 was fully briefed, and I think that provides a lot of guidance
7 here.
8 THE COURT: I think it is, but again, until I see
9 the consolidated complaint here, I don't know if it's exactly
10 on all fours, et cetera, et cetera.
11 Let me put it this way, if I haven't made a ruling that
12 stays discovery, and if the plaintiffs serve discovery on the
13 defendants, I will obviously allow defendants to make a motion,
14 either to stay that production of that discovery or whatever.
15 I mean, I will give you the opportunity, but at this
16 point in time, I'm not saying you are barred from submitting
17 discovery, once the leadership is decided, and once the
18 consolidated complaint has been filed.
19 MR. BLOCH: Thank you.
20 MR. LOESER: On that point, if I may, the discussion
21 in the status report circles back to the limited production of
22 documents produced to the government already.
23 It's that limited discovery that we think would make
24 sense.
25 THE COURT: I thought we already discussed that to

**UNITED STATES DISTRICT COURT**

32

1 some extent, and we kind of reached sort of an initial
2 tentative position on that somewhat?
3 MR. LOESER: I think so.
4 I guess it comes together with this issue of when a
5 motion is pending and whether discovery should go forward or
6 not.
7 It sound like Your Honor is reserving judgment.
8 THE COURT: Once -- I have set a firm date that both
9 leadership selection and filing of a consolidated complaint.
10 Once that is done, I'm not going to forbid discovery,
11 but obviously, you know, if you file something right away, I
12 can understand the defendant's position somewhat, especially,
13 if it's an onerous discovery, that hey, we haven't even decided
14 what this case is about yet.
15 Although, we have a general idea, we haven't decided
16 firmly, so I would let them make a -- file a motion to stay
17 their response, pending some other date.
18 If they convince me, then I will stay, if they don't
19 convince me, then they will produce.
20 MR. LOESER: The burden is obviously on them.
21 THE COURT: Yeah, the burden would be on them.
22 MR. LOESER: I have taken a peek at the motion the
23 filed before.
24 I think Your Honor will find it interesting that they
25 are arguing that the plaintiffs aren't specific enough about

**UNITED STATES DISTRICT COURT**

## 33

1   what information has been taken and inappropriately been used.
2         Based upon the motion I have seen -- again, we're going
3   to get to this later, that discovery would be quite useful on
4   that.
5         THE COURT: Well, let me indicate to the defendant,
6   not to prejudge anything, because I haven't read the motions,
7   I'm relying on what he said.
8         If that is the nature of your argument, you know, well
9   unless if you are going to argue that there is no -- it would
10   have no basis for arguing some sort of improper, either
11   retention or obtaining information, et cetera.
12         It would seem to me that under the 12(b)(6) standard for
13   me to grant a dismissal, you know, without leave to amend, it
14   would have to be a situation where they could not, foreseeably
15   amend to state a claim.
16         Given the fact that what they pled so far --
17         MR. PETROCELLI: I think it's a fair balance and
18   accurate description, Your Honor.
19         THE COURT: I think they are much more complicated
20   than you think they are.
21         So I would say to give their arguments their due, and at
22   this point in time, we don't know.
23         We haven't seen the consolidated complaint, and we
24   haven't seen the defense's response.
25         Once we do that, then we will see.

UNITED STATES DISTRICT COURT

## 34

1         MR. LOESER: Thank you, Your Honor.
2         THE COURT: Let's see, what else?
3         Do I have any other comments on the motion -- sorry, the
4   joint status report.
5         That's pretty much it. The only thing I would also ask
6   the parties, again, it's never too early to discuss mediation.
7         I presume that if once the parties feel comfortable
8   going into mediation, you guys are probably going to go to
9   private mediation, or would you want to do it in front of a
10   Magistrate Judge?
11         MR. BLOCH: Yes, Your Honor. Steven Bloch.
12         THE COURT: The Magistrate Judges are free. I know
13   how much these -- a lot of my colleagues are doing this stuff,
14   I know how much they charge, I'm going, wow.
15         MR. BLOCH: Well, we appreciate the offer for
16   Magistrate Judge's guidance, I think private mediation is
17   probably appropriate.
18         THE COURT: Defense probably concurs, you are going
19   to go private?
20         MR. PETROCELLI: That's fine, Your Honor.
21         THE COURT: I want you guys to talk about some
22   dates, if not specific dates, some, like, event dates; in other
23   words, if I deny the motion to dismiss, you know, would the
24   parties feel comfortable at that point in time, do you the
25   parties want to see if I grant the motion for class cert, then

UNITED STATES DISTRICT COURT

## 35

1   at that point in time? In other words, I want you guys to give
2   me some clues as to when both sides feel comfortable going to
3   mediation.
4         I understand it would be private, but give me some dates
5   or events that you think would be most appropriate to start
6   serious mediation talks.
7         All right. Let's see, I think that is all I have.
8         Let me ask counsel, does either side want to bring
9   anything to my attention at this point in time?
10         MR. LOESER: From the fact that -- Derek Loeser, no
11   one is standing up, so the answer is no.
12         THE COURT: We don't know is the government counsel
13   standing up?
14         MR. SMITH: Marcus Smith for the government. There
15   was one outstanding issue from our last conference, Your Honor.
16         Your Honor was entertaining staying written discovery in
17   the government's case, while certain other issues were being
18   sorted out.
19         I want to confirm that the Court does not have a problem
20   with us going forward with --
21         THE COURT: I would agree. At this point in time, I
22   would agree, I would say the government is free to do whatever
23   discovery it wants.
24         If there is any party in this case that wants to either
25   object or seek a stay or protective order or whatever, they

UNITED STATES DISTRICT COURT

## 36

1   will have to file something, because again, I'm not
2   entertaining oral motions.
3         So, the government is free to litigate its case.
4         And if some party in this case or any other party, third
5   party or whatever, has objections, they can come to this Court
6   and seek some sort of protective order or some other form of
7   motion, okay?
8         MR. SMITH: Thank you, Your Honor.
9         THE COURT: Anything else with that?
10         MR. KAFKA: Nothing further for the plaintiffs.
11         THE COURT: All right.
12         MR. PETROCELLI: Thank you, Your Honor. Nothing
13   from us.
14         THE COURTROOM DEPUTY: Any follow-up status
15   conferences?
16         THE COURT: Let me just -- well, I thought I had set
17   some dates, haven't I?
18         THE COURTROOM DEPUTY: There is a hearing on the
19   motion on the response.
20         THE COURT: Yeah, that is right.
21         All right. Everybody, have very nice week.
22         MR. KAFKA: Thank you, Your Honor.
23         MR. PETROCELLI: Thank you, Your Honor.
24         (The proceedings concluded at 10:53 a.m.)
25         * * *

UNITED STATES DISTRICT COURT

CERTIFICATE OF OFFICIAL REPORTER

COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )


          I, TERRI A. HOURIGAN, Federal Official Realtime
Court Reporter, in and for the United States District Court for
the Central District of California, do hereby certify that
pursuant to Section 753, Title 28, United States Code that the
foregoing is a true and correct transcript of the
stenographically reported proceedings held in the
above-entitled matter and that the transcript page format is in
conformance with the regulations of the judicial conference of
the United States.

Date: 28th day of April, 2025.



                    /s/ TERRI A. HOURIGAN
          _____

          TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                   Federal Court Reporter



**UNITED STATES DISTRICT COURT**

**/**

**/s** [1] - 41:19

**1**

**1** [1] - 14:19
**10** [1] - 9:17
**100** [1] - 28:16
**10:00** [1] - 9:2
**10:53** [1] - 40:1
**11** [1] - 33:14
**12(b** [1] - 31:10
**12(b)(6** [6] - 33:15, 33:16, 33:18, 33:20, 33:23, 36:15
**12th** [1] - 12:1
**13** [3] - 20:11, 22:2
**14** [2] - 11:20, 11:25
**1404** [1] - 15:13, 15:17, 15:23
**1407** [1] - 15:18
**1st** [2] - 13:11, 13:14

**2**

**2** [1] - 16:9
**20** [3] - 14:6, 14:12, 16:21
**2025** [3] - 1:14, 9:1, 41:16
**21** [3] - 16:11, 16:20, 16:25
**213** [1] - 1:25
**22nd** [1] - 12:2
**25** [1] - 9:21
**26(f** [7] - 28:10, 28:15, 28:17, 28:21, 29:4, 29:10
**26(f)** [1] - 29:2
**28** [4] - 1:14, 9:1, 21:20, 41:9
**28th** [1] - 41:16
**29th** [2] - 13:15, 13:16
**2nd** [1] - 12:3

**3**

**3** [2] - 16:14, 17:6
**30** [5] - 16:16, 16:19, 16:23, 16:25
**3144** [1] - 9:21
**350** [1] - 1:24
**3838** [2] - 1:23, 41:20

**4**

**4** [1] - 28:9
**40** [1] - 12:14

**4311** [1] - 1:24

**5**

**5** [3] - 14:12, 24:21, 28:9

**6**

**6** [1] - 28:12

**7**

**753** [1] - 41:9

**8**

**8** [1] - 31:2
**894-2849** [1] - 1:25

**9**

**9** [2] - 31:1, 31:2
**90012** [1] - 1:24

**A**

**a.m** [2] - 9:2, 40:1
**A1** [1] - 2:5
**A2** [1] - 2:11
**A3** [1] - 2:17
**A4** [1] - 2:23
**above-entitled** [1] - 41:12
**absent** [1] - 24:18
**absolutely** [1] - 18:14
**abstract** [1] - 19:21
**acceptable** [1] - 14:5
**account** [4] - 20:14, 20:15, 20:17, 24:19
**accounts** [4] - 24:8, 24:15, 24:17, 28:7
**accurate** [1] - 36:21
**achieved** [1] - 31:24
**action** [2] - 34:10, 34:11
**actions** [1] - 12:15
**activity** [2] - 16:5, 16:6
**add** [2] - 24:9, 24:12
**address** [1] - 28:9
**ADDRESS** [8] - 2:5, 2:5, 2:11, 2:11, 2:17, 2:17, 2:23, 2:23
**ADDRESS-A1** [1] - 2:5
**ADDRESS-A2** [1] - 2:11
**ADDRESS-A3** [1] -

2:17
**ADDRESS-A4** [1] - 2:23
**ADDRESS-B1** [1] - 2:5
**ADDRESS-B2** [1] - 2:11
**ADDRESS-B3** [1] - 2:17
**ADDRESS-B4** [1] - 2:23
**ago** [2] - 10:14, 13:2
**agree** [12] - 13:5, 13:6, 28:8, 28:14, 28:15, 28:23, 28:24, 30:25, 32:23, 38:23, 38:24
**agreed** [2] - 11:9, 11:14
**air** [1] - 30:15
**allow** [12] - 12:4, 14:17, 16:18, 17:19, 21:2, 21:21, 22:21, 23:16, 23:18, 23:19, 34:2, 34:18
**allowed** [1] - 17:21
**allowing** [3] - 22:19, 22:23, 34:1
**amend** [2] - 36:16, 36:18
**amount** [4] - 26:10, 26:12, 30:2, 30:12
**ANGELES** [4] - 1:15, 1:24, 9:1, 41:3
**Angeles** [1] - 10:16
**announce** [1] - 9:10
**anonymous** [2] - 24:6, 24:7
**anonymously** [1] - 24:23
**answer** [5] - 16:15, 16:18, 16:19, 29:7, 38:13
**APP02** [1] - 2:9
**APP03** [1] - 2:15
**APP04** [1] - 2:21
**appeal** [1] - 20:13
**appearance** [1] - 23:20
**appearances** [2] - 9:9, 9:10
**APPEARANCES** [1] - 2:1
**application** [1] - 23:5
**appreciate** [3] - 21:11, 28:3, 37:17
**appropriate** [2] - 37:19, 38:7
**April** [3] - 1:14, 9:1, 41:16

**areas** [1] - 33:7
**argue** [1] - 36:12
**arguing** [4] - 30:3, 32:2, 36:3, 36:13
**argument** [1] - 36:11
**arguments** [3] - 12:5, 33:19, 36:24
**arisen** [1] - 10:2
**arose** [1] - 10:18
**aside** [2] - 10:11, 11:8
**associated** [4] - 20:14, 20:17, 24:16, 27:5
**assuming** [4] - 27:2, 31:8, 31:9, 31:10
**attention** [2] - 10:8, 38:11
**Attorney** [4] - 2:4, 2:10, 2:16, 2:22
**attorney** [1] - 12:17
**ATTORNEY1** [1] - 2:4
**ATTORNEY2** [1] - 2:10
**ATTORNEY3** [1] - 2:16
**ATTORNEY4** [1] - 2:22
**attorneys** [2] - 11:3, 18:16
**available** [1] - 26:7
**aware** [3] - 14:23, 14:25, 16:2
**AYLSTOCK** [9] - 13:8, 13:14, 13:17, 14:24, 15:15, 15:20, 15:23, 16:3, 16:7
**Aylstock** [2] - 13:8, 14:24

**B**

**B1** [1] - 2:5
**B2** [1] - 2:11
**B3** [1] - 2:17
**B4** [1] - 2:23
**balance** [1] - 36:20
**ban** [2] - 20:14, 22:5
**banning** [1] - 22:8
**barred** [1] - 34:21
**based** [3] - 9:16, 32:12, 36:5
**basis** [6] - 17:20, 20:2, 21:22, 22:22, 36:13
**became** [1] - 10:15
**behalf** [4] - 13:8, 14:24, 19:12, 22:14
**behind** [1] - 11:4

**Benton** [1] - 15:13
**between** [4] - 12:19, 18:15, 30:19, 31:15
**beyond** [1] - 27:19
**bit** [4] - 11:3, 18:15, 32:25, 34:9
**bleed** [1] - 32:24
**BLOCH** [7] - 11:11, 14:3, 14:10, 34:8, 34:24, 37:13, 37:17
**Bloch** [4] - 11:11, 14:3, 34:8, 37:13
**blunder** [2] - 17:25, 20:1
**board** [1] - 32:21
**Brands** [1] - 19:11
**breaking** [1] - 18:21
**brief** [2] - 10:25, 14:6, 20:13
**briefed** [2] - 22:16, 34:11
**briefing** [1] - 29:25
**briefs** [1] - 11:16
**bring** [2] - 10:8, 38:10
**bringing** [1] - 24:22
**brought** [1] - 28:2
**Bryan** [2] - 13:8, 14:24
**bullet** [1] - 11:4
**burden** [2] - 35:23, 35:24
**bust** [2] - 17:25, 20:1
**BY** [4] - 2:4, 2:10, 2:16, 2:22

**C**

**calendar** [1] - 12:3
**California** [1] - 41:8
**CALIFORNIA** [5] - 1:2, 1:15, 1:24, 9:1, 41:4
**care** [5] - 11:18, 11:19, 11:23, 11:24, 12:11
**case** [39] - 9:20, 10:12, 10:13, 10:14, 12:13, 14:13, 15:1, 15:5, 15:6, 15:7, 15:8, 15:10, 15:13, 15:22, 16:4, 23:17, 23:19, 24:7, 25:8, 26:14, 27:21, 28:18, 28:19, 30:19, 30:20, 31:8, 31:11, 31:20, 31:22, 32:5, 32:20, 33:4, 35:18, 38:19, 39:1, 39:5, 39:6
**Case** [1] - 1:7

**UNITED STATES DISTRICT COURT**

**CASENUM** [1] - 1:7
**cases** [10] - 9:23, 10:16, 10:18, 14:20, 14:21, 14:22, 16:2, 16:5, 30:23
**CCRR** [1] - 1:23
**cellular** [1] - 19:1
**Central** [1] - 41:8
**CENTRAL** [2] - 1:2
**cert** [9] - 31:13, 31:15, 31:18, 32:6, 32:11, 32:14, 32:21, 32:24, 38:2
**certain** [3] - 23:12, 33:19, 38:19
**certainly** [5] - 14:14, 26:18, 27:5, 31:4, 33:5
**CERTIFICATE** [1] - 41:1
**certification** [1] - 33:6
**certify** [1] - 41:8
**certifying** [1] - 32:1
**cetera** [6] - 22:8, 28:15, 33:13, 34:15, 36:14
**changed** [1] - 23:25
**charge** [1] - 37:16
**check** [1] - 13:9
**children** [1] - 24:7
**childrens** [1] - 24:12
**childrens'** [1] - 28:6
**choice** [1] - 27:7
**choose** [2] - 14:18, 28:25
**circles** [1] - 35:1
**circumstance** [2] - 32:25, 33:3
**CITY1** [1] - 2:6
**CITY2** [1] - 2:12
**CITY3** [1] - 2:18
**CITY4** [1] - 2:24
**claim** [1] - 36:18
**claims** [1] - 24:23
**clarify** [1] - 22:15
**clarity** [1] - 20:5
**class** [14] - 12:15, 31:12, 31:15, 31:18, 32:1, 32:6, 32:9, 32:11, 32:14, 32:17, 32:21, 32:24, 33:6, 38:2
**clear** [2] - 21:25, 28:5
**clearly** [1] - 19:7
**clerk** [1] - 9:8
**client** [5] - 18:10, 22:3, 25:10, 26:3
**client's** [1] - 20:18

**clients** [4] - 27:3, 27:5, 27:10, 27:12
**clients'** [1] - 24:17
**close** [1] - 30:20
**closest** [1] - 17:5
**clues** [1] - 38:4
**Coat** [2] - 10:12, 10:20
**Code** [1] - 41:9
**colleagues** [1] - 37:15
**collect** [1] - 25:22
**collected** [2] - 25:16, 26:20
**collects** [1] - 26:13
**comfortable** [3] - 37:9, 38:1, 38:4
**coming** [1] - 19:5
**comment** [1] - 13:22
**commentary** [1] - 34:9
**comments** [1] - 37:6
**communicate** [1] - 22:3
**companies** [1] - 26:11
**company** [1] - 26:13
**complaint** [15] - 16:11, 16:16, 16:22, 16:24, 17:7, 17:14, 28:22, 29:1, 29:10, 30:10, 34:4, 34:14, 34:23, 35:13, 37:1
**complaints** [1] - 20:13
**complicated** [1] - 36:22
**comply** [6] - 19:13, 19:16, 20:3, 20:18, 21:5, 22:7
**complying** [1] - 18:17
**conceptionally** [1] - 27:18
**concern** [1] - 18:8
**concerned** [1] - 20:22
**concluded** [1] - 40:1
**concurs** [1] - 37:20
**conducted** [1] - 28:18
**Conference** [1] - 1:13
**conference** [3] - 28:10, 38:17, 41:13
**Conference/ Sentencing** [1] - 1:13
**conferences** [1] - 39:17
**confirm** [1] - 38:21

**conformance** [1] - 41:13
**consensus** [2] - 11:14, 14:5
**consent** [1] - 20:19
**consolidate** [2] - 12:15, 16:24
**consolidated** [16] - 16:11, 16:16, 16:22, 17:7, 17:14, 28:19, 28:22, 28:25, 29:10, 30:10, 34:4, 34:11, 34:14, 34:23, 35:13, 37:1
**Consumer** [1] - 19:11
**continue** [4] - 22:21, 28:6, 29:4, 29:12
**contributing** [1] - 19:2
**conversely** [1] - 34:1
**convince** [2] - 35:21, 35:22
**coordinated** [2] - 12:23, 30:16
**coordination** [6] - 29:14, 30:12, 30:14, 30:21, 31:4, 33:13
**COPPA** [2] - 19:14, 20:19
**correct** [8] - 22:17, 24:15, 25:1, 25:6, 25:12, 27:6, 31:13, 41:10
**correctly** [1] - 15:12
**counsel** [13] - 9:19, 10:23, 11:24, 17:16, 21:6, 23:9, 27:2, 27:10, 32:24, 38:10, 38:14
**COUNSEL** [1] - 2:1
**country** [1] - 10:19
**COUNTY** [1] - 41:3
**couple** [1] - 9:18
**course** [1] - 10:2
**court** [1] - 21:25
**COURT** [80] - 1:1, 1:23, 9:6, 9:8, 11:15, 12:11, 12:21, 12:25, 13:2, 13:4, 13:13, 13:15, 13:21, 13:24, 14:8, 14:12, 15:3, 15:5, 15:10, 15:19, 15:21, 15:25, 16:4, 16:9, 18:6, 18:11, 18:18, 18:21, 18:24, 19:5, 19:9, 19:23, 20:6, 20:23, 21:6, 21:15, 21:24, 22:7, 22:13, 22:18, 23:7,

23:9, 23:16, 23:23, 24:13, 24:21, 25:2, 25:7, 25:17, 25:19, 25:24, 26:3, 27:1, 27:7, 27:15, 27:21, 28:1, 30:5, 30:8, 30:25, 31:17, 32:18, 33:2, 33:9, 34:13, 35:5, 35:12, 35:24, 36:8, 36:22, 37:5, 37:14, 37:20, 37:23, 38:14, 38:23, 39:11, 39:13, 39:18, 39:22
**Court** [14] - 9:25, 13:10, 14:6, 15:16, 15:17, 20:4, 21:1, 21:4, 22:9, 38:21, 39:7, 41:7, 41:20
**Court's** [1] - 10:8
**COURTROOM** [3] - 15:4, 39:16, 39:20
**CRR** [1] - 41:20
**CSR** [2] - 1:23, 41:20
**CTO** [2] - 15:17, 15:23
**CTOs** [1] - 16:8
**cylinders** [1] - 32:16

**D**

**data** [17] - 20:14, 20:16, 21:12, 22:1, 22:16, 25:21, 26:2, 26:6, 26:7, 26:9, 26:12, 27:5, 27:18, 27:19, 27:23, 28:7
**date** [9] - 10:3, 11:20, 11:21, 12:1, 12:6, 15:1, 29:2, 35:12, 35:20
**Date** [1] - 41:16
**dates** [6] - 11:25, 37:24, 38:6, 39:19
**days** [18] - 11:20, 11:21, 11:25, 12:1, 16:11, 16:16, 16:19, 16:20, 16:21, 16:23, 16:25, 17:1, 17:2, 17:5, 21:20, 32:14
**decided** [2] - 12:7, 34:22, 35:17, 35:19
**decides** [1] - 16:14
**deciding** [1] - 33:10
**decision** [1] - 34:6
**decree** [1] - 20:17
**DEFENDANT** [4] - 1:8, 2:9, 2:15, 2:21
**defendant** [6] - 20:2, 22:20, 25:15, 30:1, 36:8

**defendant's** [1] - 35:16
**Defendants** [1] - 1:9
**defendants** [14] - 17:15, 17:19, 19:13, 20:10, 25:17, 28:5, 28:7, 28:20, 29:17, 30:18, 30:20, 33:1, 34:18
**defense** [6] - 14:15, 16:14, 18:7, 22:25, 27:10, 28:13
**Defense** [1] - 37:20
**defense's** [1] - 37:2
**definitely** [1] - 13:24
**delete** [5] - 20:14, 20:24, 20:25, 21:11, 22:21
**deleted** [2] - 19:19, 20:17
**deleting** [1] - 22:1
**deletion** [2] - 20:16, 20:22
**Denise** [1] - 10:12
**deny** [1] - 37:25
**Department** [1] - 19:12
**deposition** [1] - 31:5
**depositions** [1] - 31:6
**DEPUTY** [3] - 15:4, 39:16, 39:20
**Derrick** [2] - 13:22, 38:12
**described** [1] - 20:12
**description** [1] - 36:21
**destroy** [2] - 17:21, 17:23
**detail** [1] - 19:22
**detectable** [1] - 18:20
**determination** [1] - 14:14
**determined** [2] - 16:10, 28:22
**devoted** [1] - 30:3
**different** [4] - 12:14, 30:15, 32:25, 33:3
**difficult** [3] - 17:8, 19:20
**disagreement** [1] - 33:8
**discovery** [30] - 17:6, 26:22, 26:23, 27:8, 31:15, 31:16, 31:21, 32:9, 32:10, 32:14, 32:17, 32:19, 32:21, 32:22, 33:6, 33:14, 33:21, 34:1, 34:2,

34:17, 34:19, 34:22,
35:3, 35:10, 35:14,
35:17, 36:6, 38:18,
38:24
  **discuss** [1] - 37:8
  **discussed** [1] - 35:5
  **discussion** [1] -
34:25
  **dismiss** [5] - 29:3,
29:13, 31:10, 34:10,
37:25
  **dismissal** [1] - 36:16
  **dismissed** [1] - 31:8
  **dispositive** [1] - 34:9
  **DISTRICT** [3] - 1:1,
1:2, 1:3
  **District** [4] - 10:13,
15:16, 41:7, 41:8
  **DIVISION** [1] - 1:2
  **Docket** [1] - 9:16
  **docket** [2] - 9:20,
15:2
  **document** [1] - 19:16
  **documents** [11] -
17:17, 17:21, 17:22,
18:1, 19:25, 20:1,
22:9, 23:13, 30:24,
35:2
  **DOJ** [5] - 18:16,
18:18, 29:14, 30:12,
33:4
  **done** [6] - 9:21, 10:7,
12:11, 19:6, 21:21,
35:14
  **down** [3] - 9:13,
13:23, 24:1
  **download** [1] - 26:7
  **downloaded** [2] -
26:2, 27:19
  **due** [1] - 36:24
  **during** [2] - 28:3,
32:7
  **dust** [1] - 24:1

### E

  **E-MAIL1** [1] - 2:7
  **E-MAIL2** [1] - 2:13
  **E-MAIL3** [1] - 2:19
  **E-MAIL4** [1] - 2:25
  **early** [1] - 37:8
  **easier** [1] - 13:6
  **echo** [2] - 18:23,
19:4
  **efficient** [1] - 28:20
  **efforts** [1] - 11:13
  **either** [4] - 34:19,
36:13, 38:10, 39:1
  **emphasize** [1] -
30:18

  **entertain** [5] - 9:24,
10:3, 12:9, 13:4,
22:22
  **entertaining** [2] -
38:18, 39:4
  **entitled** [1] - 41:12
  **envision** [2] - 23:23,
30:16
  **especially** [1] - 35:16
  **et** [7] - 22:8, 28:15,
33:13, 34:15, 36:14
  **event** [1] - 37:24
  **events** [1] - 38:7
  **evidence** [1] - 24:3
  **ex** [7] - 17:20, 20:2,
21:14, 21:15, 21:19,
22:22, 23:5
  **exactly** [2] - 19:19,
34:14
  **example** [1] - 18:2,
28:5
  **experience** [4] -
11:6, 20:11, 26:11,
32:8
  **expert** [2] - 32:13,
32:14
  **explain** [1] - 20:9
  **extent** [6] - 19:17,
23:12, 27:18, 30:14,
31:4, 35:6

### F

  **fact** [6] - 19:24,
20:11, 24:22, 31:20,
36:19, 38:12
  **facts** [1] - 33:19
  **fair** [3] - 26:10,
30:12, 36:20
  **family** [1] - 13:10
  **far** [2] - 25:7, 36:19
  **fashion** [1] - 9:13
  **faster** [1] - 13:5
  **FEDERAL** [1] - 1:23
  **Federal** [2] - 41:6,
41:20
  **feedback** [1] - 19:2
  **feelings** [1] - 13:6
  **fights** [1] - 32:9
  **file** [10] - 9:20, 10:1,
11:24, 16:14, 16:25,
23:5, 28:25, 35:15,
39:3
  **filed** [20] - 9:17,
11:18, 11:20, 12:15,
14:8, 16:11, 16:16,
16:20, 16:24, 17:2,
17:14, 28:22, 29:3,
29:7, 29:11, 29:13,
30:10, 34:23, 36:1

  **files** [1] - 16:14
  **filing** [5] - 16:15,
16:16, 16:21, 16:25,
35:13
  **filings** [1] - 9:22,
11:17
  **finalized** [1] - 16:1
  **finally** [2] - 33:10,
34:4
  **fine** [5] - 14:12,
15:25, 19:5, 27:20,
37:22
  **finish** [1] - 16:1
  **firing** [1] - 32:16
  **firm** [1] - 35:12
  **FIRM1** [1] - 2:3
  **FIRM2** [1] - 2:9
  **FIRM3** [1] - 2:15
  **FIRM4** [1] - 2:21
  **firmly** [1] - 35:19
  **firms** [1] - 12:16
  **FIRST** [1] - 1:24
  **first** [5] - 9:18, 10:10,
10:11, 13:13
  **five** [2] - 10:25, 14:6
  **Florida** [1] - 15:16
  **folks** [1] - 11:7
  **follow** [2] - 18:13,
39:16
  **follow-up** [1] - 39:16
  **following** [2] - 17:18,
23:5
  **FOR** [4] - 2:3, 2:9,
2:15, 2:21
  **forbid** [1] - 35:14
  **foregoing** [1] - 41:10
  **foreseeably** [1] -
36:18
  **forget** [1] - 12:18
  **form** [1] - 39:8
  **format** [1] - 41:12
  **forward** [2] - 35:10,
38:22
  **fours** [1] - 34:15
  **frankly** [1] - 30:11
  **free** [5] - 10:9, 23:1,
37:14, 38:24, 39:5
  **front** [4] - 10:12,
11:5, 15:7, 37:11
  **fully** [1] - 34:11
  **future** [3] - 23:25,
27:22, 31:8

### G

  **Gary** [1] - 15:9
  **general** [2] - 17:24,
35:18
  **generally** [6] - 9:24,
10:4, 17:9, 17:10,

20:20, 33:25
  **GEORGE** [1] - 1:3
  **GIBBS** [6] - 12:9,
12:20, 12:23, 13:1,
13:3, 15:9
  **Gibbs** [1] - 15:9
  **given** [1] - 36:19
  **government** [17] -
18:16, 22:15, 23:9,
23:17, 23:18, 28:13,
28:18, 30:19, 30:22,
31:21, 32:1, 32:2,
35:2, 38:14, 38:16,
38:24, 39:5
  **government's** [2] -
28:17, 38:19
  **governmental** [1] -
29:18
  **grant** [2] - 36:16,
38:2
  **great** [2] - 16:9, 19:9
  **Green** [3] - 15:5,
15:6, 15:10
  **guess** [1] - 32:20
  **guidance** [2] - 34:12,
37:18
  **guys** [5] - 16:23,
21:8, 37:10, 37:23,
38:3

### H

  **hair** [2] - 13:2, 13:3
  **happy** [2] - 24:11,
24:18
  **hard** [3] - 13:6,
16:12, 18:15
  **hear** [4] - 17:2, 17:4,
18:23, 19:7
  **heard** [1] - 18:5
  **hearing** [7] - 10:2,
19:4, 21:16, 22:4,
23:6, 23:7, 39:20
  **Hearing** [1] - 1:13
  **Heckman** [1] - 29:16
  **held** [1] - 41:11
  **helpful** [1] - 26:15
  **hereby** [1] - 41:8
  **hesitancy** [1] - 33:25
  **hold** [2] - 23:6, 23:7
  **Honor** [42] - 11:11,
12:9, 13:8, 13:18,
14:2, 15:9, 15:15,
15:20, 16:3, 16:7,
18:5, 18:8, 19:21,
21:10, 21:23, 21:25,
22:12, 22:15, 23:3,
23:6, 23:11, 23:22,
24:5, 25:12, 26:6,
26:10, 27:20, 27:24,

29:24, 30:17, 31:14,
35:11, 36:2, 37:4,
37:13, 37:22, 38:17,
38:18, 39:10, 39:14,
39:24, 39:25
  **HONORABLE** [1] -
1:3
  **hopefully** [2] - 13:5,
25:4
  **HOURIGAN** [4] -
1:23, 41:6, 41:19,
41:20
  **Humbert** [1] - 13:9
  **Hwang** [1] - 15:7

### I

  **idea** [1] - 35:18
  **identification** [1] -
24:18
  **identified** [6] - 25:5,
25:7, 26:16, 27:3,
27:4, 30:19
  **identify** [12] - 9:12,
13:20, 13:21, 19:10,
20:10, 22:2, 24:11,
24:13, 24:14, 25:19,
27:16, 27:17
  **identifying** [1] - 18:9
  **identity** [1] - 27:9
  **IKEA** [2] - 12:20,
12:21
  **Illinois** [1] - 10:17
  **important** [2] -
21:14, 30:23
  **improper** [1] - 36:13
  **inappropriate** [1] -
33:5
  **inappropriately** [1] -
36:4
  **including** [1] - 26:14
  **indefinitely** [1] -
23:13
  **indicate** [2] - 9:14,
36:8
  **indicated** [1] - 9:8
  **indicating** [2] - 25:3,
33:10
  **individual** [2] - 9:22,
12:15
  **indulge** [1] - 13:10
  **information** [16] -
18:9, 19:18, 22:19,
25:10, 25:14, 25:15,
25:20, 25:23, 25:25,
26:18, 26:19, 26:22,
30:4, 32:12, 36:4,
36:14
  **initial** [2] - 34:10,
35:6

UNITED STATES DISTRICT COURT

**initials** [1] - 24:14
**inquire** [1] - 14:17
**inquiries** [1] - 14:16
**insofar** [3] - 10:10, 11:16, 19:25
**instruct** [1] - 9:19
**intentioned** [1] - 19:18
**interesting** [1] - 36:2
**intermediary** [1] - 12:19
**investigations** [1] - 29:18
**iPad** [1] - 18:25
**issue** [14] - 10:10, 14:19, 18:12, 18:19, 21:14, 22:16, 23:15, 25:25, 27:24, 30:22, 33:8, 34:5, 35:9, 38:17
**issued** [1] - 18:13
**issues** [2] - 32:24, 38:19
**issuing** [2] - 22:18, 23:24
**items** [3] - 10:6, 22:19, 22:21

## J

**Javier** [1] - 15:3
**JC** [2] - 16:4, 34:10
**JOB** [1] - 1:14
**joining** [1] - 23:17
**joint** [8] - 9:16, 10:6, 10:15, 24:21, 28:4, 31:1, 33:11, 37:6
**jointly** [1] - 11:18
**JUDGE** [1] - 1:3
**Judge** [4] - 10:19, 13:17, 15:7, 37:12
**Judge's** [1] - 37:18
**judges** [2] - 10:18, 31:17
**Judges** [1] - 37:14
**judging** [1] - 30:2
**judgment** [1] - 35:11
**judicial** [1] - 41:13
**June** [2] - 12:3, 13:14
**Justice** [1] - 19:12
**justify** [1] - 20:25

## K

**KAFKA** [5] - 21:10, 21:23, 22:5, 39:12, 39:24
**Kafka** [1] - 21:10
**Kansas** [1] - 10:17

**keep** [3] - 10:17, 17:25, 18:3
**kind** [2] - 12:18, 35:6
**knowledge** [1] - 25:21
**knows** [1] - 33:2
**KOPPA** [1] - 19:14

## L

**laboring** [1] - 10:20
**land** [1] - 18:24
**last** [1] - 38:17
**law** [1] - 18:10
**Law** [4] - 2:4, 2:10, 2:16, 2:22
**leadership** [17] - 10:11, 11:9, 11:10, 11:16, 12:7, 12:17, 14:14, 14:18, 15:25, 16:10, 17:9, 28:21, 28:25, 30:10, 30:23, 34:22, 35:13
**learning** [1] - 11:6
**least** [2] - 14:4, 27:18
**leave** [4] - 13:11, 20:2, 22:25, 36:16
**left** [1] - 15:4
**limit** [3] - 10:25, 31:18, 32:20
**limited** [2] - 35:1, 35:3
**line** [2] - 18:24, 19:3
**list** [2] - 14:21, 14:22
**listed** [1] - 10:6
**litigate** [1] - 39:5
**litigated** [1] - 32:7
**litigating** [1] - 26:11
**litigation** [4] - 21:3, 26:16, 29:18, 30:13
**Litigation** [1] - 9:7
**LOESER** [20] - 13:18, 13:22, 14:1, 25:12, 25:18, 25:20, 26:10, 27:20, 27:23, 29:24, 30:7, 30:17, 31:14, 32:8, 34:25, 35:8, 35:23, 35:25, 37:4, 38:12
**Loeser** [2] - 13:22, 38:12
**look** [3] - 9:21, 9:22, 29:8
**looking** [1] - 31:7
**looks** [1] - 34:4
**loquacious** [1] - 30:5
**Los** [1] - 10:16
**LOS** [4] - 1:15, 1:24, 9:1, 41:3
**louder** [1] - 18:22

**Lowly** [1] - 15:13

## M

**Magistrate** [3] - 37:12, 37:14, 37:18
**MAIL1** [1] - 2:7
**MAIL2** [1] - 2:13
**MAIL3** [1] - 2:19
**MAIL4** [1] - 2:25
**maintain** [1] - 23:2
**major** [2] - 11:2, 31:11
**Mam** [1] - 15:12
**Marcus** [3] - 19:11, 22:14, 38:16
**master** [1] - 16:10
**materials** [2] - 21:2, 29:16
**Matt** [2] - 18:7, 32:25
**matter** [9] - 9:6, 12:3, 12:20, 12:21, 12:22, 15:14, 15:16, 17:3, 41:12
**matters** [2] - 9:18, 17:4
**MDL** [5] - 9:20, 12:14, 28:12, 29:15, 30:19
**MDLs** [1] - 12:13
**mean** [2] - 21:16, 25:17, 34:20
**mechanisms** [1] - 20:12
**media** [1] - 26:11
**mediation** [6] - 37:8, 37:10, 37:11, 37:18, 38:5, 38:8
**mentions** [1] - 14:22
**merits** [5] - 31:15, 32:2, 32:10, 32:16, 32:24
**might** [7] - 21:18, 23:12, 23:13, 23:14, 33:19, 33:20, 33:25
**minor** [1] - 24:7, 24:12, 26:14
**minors** [3] - 18:2, 18:3, 18:9
**ML** [1] - 9:21
**modified** [1] - 23:25
**modify** [1] - 23:18
**moment** [1] - 28:1
**Monday** [3] - 1:14, 9:1, 17:5
**Mondays** [1] - 17:4
**money** [1] - 31:23
**most** [4] - 14:11, 21:19, 28:20, 38:7
**Motion** [1] - 1:13

**motion** [33] - 16:15, 16:19, 16:25, 20:8, 21:13, 22:20, 29:3, 29:5, 29:6, 29:12, 29:13, 31:10, 31:12, 32:5, 33:15, 33:16, 33:17, 33:23, 34:3, 34:10, 34:18, 35:9, 35:20, 35:25, 36:5, 37:6, 37:25, 38:2, 39:8, 39:21
**motions** [9] - 9:25, 10:4, 10:24, 11:2, 12:10, 13:25, 33:18, 36:9, 39:4
**move** [2] - 20:2, 32:11
**moving** [1] - 32:17
**MR** [82] - 11:11, 12:9, 12:20, 12:23, 13:1, 13:3, 13:8, 13:14, 13:17, 13:18, 13:22, 14:1, 14:3, 14:10, 14:24, 15:9, 15:15, 15:20, 15:23, 16:3, 16:7, 18:5, 18:7, 18:14, 18:23, 19:1, 19:6, 19:11, 20:4, 20:8, 21:4, 21:10, 21:23, 21:25, 22:5, 22:11, 22:14, 23:3, 23:8, 23:11, 23:21, 24:5, 24:15, 25:1, 25:6, 25:12, 25:18, 25:20, 26:1, 26:5, 26:10, 26:21, 27:4, 27:14, 27:17, 27:20, 27:23, 29:24, 30:7, 30:17, 31:14, 32:8, 32:23, 33:3, 34:8, 34:24, 34:25, 35:8, 35:23, 35:25, 36:20, 37:4, 37:13, 37:17, 37:22, 38:12, 38:16, 39:10, 39:12, 39:14, 39:24, 39:25
**multiple** [2] - 14:16, 31:6
**mute** [1] - 19:3
**muting** [1] - 19:6

## N

**name** [1] - 26:16
**names** [3] - 24:8, 24:9, 24:19
**nature** [4] - 20:9, 29:5, 33:17, 36:11
**near** [2] - 25:25, 27:22

**necessarily** [1] - 24:3
**necessary** [1] - 12:5
**need** [8] - 13:21, 19:16, 19:18, 19:21, 28:7, 28:24, 28:25
**needs** [1] - 19:3
**never** [2] - 11:2, 37:8
**new** [1] - 16:13
**New** [2] - 10:13, 10:16
**next** [3] - 14:19, 29:14, 31:11
**nice** [1] - 39:23
**nicer** [1] - 16:22
**NO** [1] - 1:23, 41:20
**nobody** [1] - 29:20
**normal** [1] - 17:20
**normally** [1] - 24:9
**note** [1] - 14:25
**nothing** [3] - 13:25, 39:12, 39:14
**number** [1] - 12:13
**NUMBER1** [1] - 2:6
**NUMBER2** [1] - 2:12
**NUMBER3** [1] - 2:18
**NUMBER4** [1] - 2:24

## O

**oar** [1] - 10:20
**object** [2] - 30:1, 39:2
**objecting** [1] - 29:21, 29:22
**objections** [1] - 39:7
**obligation** [2] - 19:14, 25:23
**obligations** [2] - 19:17, 20:19
**obtained** [1] - 32:12
**obtaining** [1] - 36:14
**obtains** [1] - 26:13
**obvious** [1] - 21:18
**obviously** [13] - 12:4, 17:6, 17:22, 22:22, 26:22, 29:12, 32:1, 32:18, 32:25, 33:12, 33:18, 34:18, 35:15
**occurring** [1] - 20:22
**odd** [1] - 12:14
**OF** [6] - 1:2, 1:12, 2:1, 41:1, 41:3, 41:4
**offer** [2] - 34:8, 37:17
**Official** [1] - 41:6
**OFFICIAL** [2] - 1:23, 41:1
**officially** [1] - 15:1
**often** [2] - 32:13, 32:24

**old** [1] - 12:18
**older** [1] - 13:1
**once** [17] - 10:7, 10:11, 15:25, 16:9, 17:9, 18:13, 23:25, 26:16, 27:23, 29:1, 29:10, 34:22, 35:12, 35:14, 37:3, 37:9
**one** [18] - 9:11, 9:21, 10:16, 10:17, 11:19, 12:13, 12:14, 12:16, 15:4, 21:13, 24:5, 26:15, 29:19, 33:21, 33:23, 38:12, 38:17
**onerous** [1] - 35:17
**ones** [1] - 14:22
**ongoing** [2] - 18:10, 20:10
**oOo** [1] - 9:3
**open** [3] - 12:11, 31:16, 31:17
**opening** [1] - 14:6
**operation** [1] - 32:9
**opportunity** [2] - 33:21, 34:20
**opposed** [1] - 27:14
**opposition** [2] - 17:1, 23:6
**oppositions** [1] - 16:8
**oral** [3] - 9:24, 10:4, 39:4
**orally** [1] - 20:6
**order** [17] - 13:18, 15:10, 18:12, 18:13, 19:24, 21:1, 21:11, 22:18, 23:2, 23:12, 23:19, 23:24, 27:11, 29:24, 29:25, 39:2, 39:8
**ordering** [3] - 22:1, 22:16, 27:8
**orders** [3] - 17:10, 21:4, 22:10
**originally** [1] - 29:4
**outstanding** [1] - 38:17
**overlap** [1] - 31:15
**overseas** [1] - 13:11
**own** [2] - 24:16, 24:24

**P**

**page** [11] - 10:7, 14:19, 16:9, 16:14, 17:6, 24:21, 28:12, 31:1, 33:14, 41:12
**pages** [9] - 10:25, 13:19, 14:6, 14:12,

28:9, 31:2
**papers** [3] - 10:1, 14:8, 18:8
**part** [1] - 21:19
**parte** [7] - 17:20, 20:2, 21:14, 21:15, 21:19, 22:22, 23:5
**partially** [1] - 32:23
**particularly** [2] - 16:13, 30:5
**parties** [8] - 9:19, 14:4, 14:22, 20:4, 37:8, 37:9, 38:1, 38:2
**parts** [1] - 10:19
**party** [5] - 11:17, 39:1, 39:6
**pause** [1] - 20:21
**peek** [1] - 35:25
**pending** [6] - 14:13, 15:16, 15:17, 33:15, 35:10, 35:20
**percent** [1] - 28:16
**period** [2] - 20:14, 32:4, 32:19
**permit** [1] - 20:24
**person** [3] - 12:22, 12:23, 14:17
**personality** [1] - 10:20
**persons** [1] - 14:17
**PETROCELLI** [6] - 23:3, 23:8, 36:20, 37:22, 39:14, 39:25
**Petrocelli** [1] - 23:3
**PHONE** [4] - 2:6, 2:12, 2:18, 2:24
**phone** [3] - 18:17, 19:1, 19:3
**piece** [1] - 22:11
**place** [1] - 18:15
**PLAINTIFF** [2] - 1:5, 2:3
**plaintiff** [1] - 13:9
**plaintiff's** [10] - 10:10, 11:23, 11:24, 14:5, 17:16, 21:6, 21:16, 29:15, 30:20, 32:23
**Plaintiffs** [1] - 1:6
**plaintiffs** [25] - 11:9, 14:25, 21:11, 22:23, 24:6, 24:11, 24:22, 24:23, 25:13, 25:18, 25:19, 25:22, 26:14, 26:17, 26:19, 26:20, 27:9, 28:13, 28:14, 30:3, 31:12, 32:11, 34:17, 36:3, 39:12
**plan** [2] - 17:6, 17:22
**platform** [2] - 22:6,

28:6
**pled** [1] - 36:19
**point** [32] - 10:5, 10:9, 11:6, 15:7, 17:13, 18:12, 22:25, 24:2, 24:5, 24:24, 25:9, 25:11, 27:11, 27:22, 29:8, 30:8, 30:9, 30:11, 30:15, 31:11, 32:7, 32:20, 33:9, 34:6, 34:21, 34:25, 36:25, 38:1, 38:3, 38:11, 38:23
**points** [2] - 28:12, 28:14
**portion** [1] - 17:6
**position** [10] - 14:18, 18:19, 19:13, 19:21, 28:17, 29:15, 29:16, 34:6, 35:7, 35:16
**positions** [1] - 11:16
**possibility** [1] - 29:6
**possible** [4] - 12:8, 13:11, 30:21, 31:6
**potential** [1] - 13:25
**POWERS** [20] - 18:5, 18:7, 18:14, 20:4, 20:8, 21:4, 21:25, 22:11, 24:5, 24:15, 25:1, 25:6, 26:1, 26:5, 26:21, 27:4, 27:14, 27:17, 32:23, 33:3
**Powers** [2] - 18:7, 33:1
**practice** [2] - 20:13, 31:10
**predated** [1] - 29:25
**prejudge** [1] - 36:9
**preliminary** [1] - 9:18
**preplanned** [1] - 13:10
**prepping** [1] - 32:5
**preservation** [10] - 17:12, 17:16, 19:17, 19:25, 21:9, 22:12, 24:9, 26:4, 26:21, 26:25
**preserve** [14] - 22:1, 22:9, 22:16, 22:19, 24:2, 24:16, 24:24, 25:8, 25:10, 26:1, 26:18, 26:24, 27:5, 28:7
**preserved** [3] - 17:17, 19:19, 27:2
**preserving** [1] - 18:9
**preset** [1] - 10:2
**presume** [6] - 21:2, 21:7, 23:24, 25:2,

31:11, 37:9
**pretty** [5] - 12:12, 31:5, 32:6, 32:13, 37:7
**previously** [1] - 29:17
**private** [4] - 37:11, 37:18, 37:21, 38:6
**Private** [1] - 9:7
**problem** [10] - 15:6, 15:8, 15:9, 19:7, 21:7, 23:10, 25:13, 25:24, 31:7, 38:21
**proceedings** [2] - 40:1, 41:11
**process** [4] - 20:10, 20:21, 24:9, 26:7
**produce** [4] - 25:15, 26:18, 27:15, 35:22
**produced** [4] - 29:17, 30:24, 35:2
**producing** [1] - 27:14
**production** [5] - 26:25, 30:22, 34:19, 35:1
**promptly** [2] - 22:3, 28:15
**pronounce** [1] - 15:12
**proposal** [1] - 20:23
**Protection** [1] - 19:11
**protective** [4] - 17:10, 27:10, 39:2, 39:8
**provide** [3] - 25:23, 26:8, 26:17
**provided** [1] - 27:23
**provides** [1] - 34:11
**providing** [2] - 25:13, 25:25
**proviso** [1] - 17:18
**purchases** [1] - 18:2
**purposes** [2] - 9:12, 21:3
**pursuant** [1] - 41:9
**put** [9] - 12:2, 12:3, 14:15, 18:8, 23:16, 23:24, 24:3, 32:15, 34:16
**putting** [1] - 15:8

**Q**

**quick** [1] - 24:5
**quicker** [1] - 21:22
**quickly** [1] - 30:24
**quite** [1] - 36:6

31:11, 37:9
**R**

**rather** [2] - 16:15, 29:7
**re** [1] - 9:6
**reached** [2] - 14:5, 35:6
**read** [2] - 29:24, 36:9
**really** [4] - 11:18, 29:21, 33:16, 33:22
**Realtime** [1] - 41:6
**reason** [1] - 10:19
**reasons** [1] - 29:20
**receipt** [1] - 23:5
**receive** [1] - 18:1
**received** [1] - 17:15
**reciprocal** [1] - 25:22
**reciprocity** [1] - 25:14
**record** [3] - 17:25, 20:16, 23:4
**records** [4] - 18:2, 23:2, 25:20, 26:17
**referenced** [1] - 28:3
**regard** [2] - 26:13, 26:20
**regarding** [1] - 28:7
**regards** [1] - 10:10
**regulation** [1] - 23:14
**regulations** [1] - 41:13
**relates** [1] - 32:14
**relationship** [1] - 30:19
**relying** [1] - 36:10
**remember** [1] - 10:15
**remove** [1] - 28:6
**report** [9] - 9:16, 10:7, 24:21, 28:3, 30:3, 31:1, 33:11, 35:1, 37:6
**reported** [1] - 41:11
**reporter** [1] - 9:12
**Reporter** [2] - 41:7, 41:20
**REPORTER** [3] - 1:23, 13:20, 41:1
**REPORTER'S** [1] - 1:12
**reports** [1] - 32:13
**representatives** [1] - 18:18
**request** [11] - 9:25, 14:4, 17:16, 17:19, 17:21, 17:24, 18:1, 20:1, 20:3, 22:23, 29:20
**requested** [1] - 19:25
**require** [1] - 16:10

requirements [1] - 22:8
requires [2] - 19:14, 23:13
requiring [3] - 22:7, 22:9, 22:18
reserving [1] - 35:11
resolve [1] - 33:19
respond [3] - 11:25, 14:16, 22:23
response [10] - 11:22, 12:2, 14:7, 17:1, 17:2, 29:23, 33:10, 35:20, 37:2, 39:21
retain [1] - 23:13
retention [2] - 21:2, 36:14
revisit [1] - 30:21
rid [2] - 17:23, 18:4
rock [1] - 18:15
ROOM [1] - 1:24
RPR [1] - 41:20
rule [1] - 10:4
ruled [1] - 15:17
ruling [5] - 12:4, 12:6, 12:25, 21:16, 34:16

## S

sanctions [1] - 13:25
save [1] - 9:23
savings [1] - 31:23
saw [1] - 14:21
scheduled [2] - 28:15, 29:4
scheduling [1] - 28:11
search [1] - 26:17
second [2] - 9:24, 19:10
Section [1] - 41:9
see [11] - 27:21, 29:22, 33:14, 33:23, 34:1, 34:7, 34:13, 37:3, 37:5, 38:2, 38:9
seek [2] - 39:2, 39:7
seem [2] - 11:3, 36:15
selected [1] - 17:10
selection [1] - 35:13
sense [3] - 14:10, 30:7, 35:4
separately [1] - 11:17
serious [1] - 38:7
serve [1] - 34:17
set [4] - 29:1, 29:10, 35:12, 39:18

settled [1] - 31:9
settles [1] - 24:1
settling [1] - 27:21
shocked [2] - 10:22, 11:1
short [1] - 19:20
shorter [1] - 17:20
side [5] - 14:5, 21:17, 30:6, 33:21, 38:10
sides [2] - 28:8, 38:4
significant [1] - 32:13
Silver [1] - 11:11
simply [1] - 29:7
simultaneously [1] - 32:7
situation [4] - 20:9, 25:11, 34:2, 36:17
slates [2] - 12:9, 13:4
SMITH [9] - 18:23, 19:1, 19:6, 19:11, 22:14, 23:11, 23:21, 38:16, 39:10
Smith [4] - 19:11, 22:13, 22:14, 38:16
smoothest [1] - 32:8
social [1] - 26:11
solely [1] - 14:17
solved [1] - 19:7
some-odd [1] - 12:14
someone [1] - 19:3
sometimes [1] - 33:17
somewhat [5] - 17:7, 23:25, 31:8, 35:7, 35:16
soon [2] - 12:7, 32:11
sorry [2] - 28:10, 37:6
sort [11] - 18:3, 18:14, 22:21, 29:5, 29:12, 31:12, 32:3, 33:21, 35:6, 36:13, 39:8
sorted [1] - 38:19
sound [1] - 35:11
Southern [2] - 10:13, 15:15
speaking [2] - 9:13, 13:20
special [1] - 23:19
specific [4] - 18:1, 19:18, 36:3, 37:24
specifically [1] - 19:25, 20:1, 24:17
spot [1] - 9:21
stage [3] - 26:24, 27:8, 33:4
standard [4] - 17:11,

21:20, 27:10, 36:15
standing [2] - 38:13, 38:15
START [1] - 1:14
start [1] - 38:7
state [2] - 16:2, 36:18
STATE [1] - 2:6
STATE1 [1] - 2:6
STATE2 [1] - 2:12
STATE3 [1] - 2:18
STATE4 [1] - 2:24
States [4] - 19:12, 41:7, 41:9, 41:14
STATES [1] - 1:1
status [12] - 9:16, 10:6, 14:20, 16:1, 17:8, 28:3, 28:4, 30:3, 31:1, 35:1, 37:6, 39:16
Status [1] - 1:13
statute [1] - 21:2
stay [7] - 14:13, 27:25, 30:22, 34:19, 35:20, 35:21, 39:2
staying [2] - 30:8, 38:18
stays [1] - 34:17
stenographically [1] - 41:11
step [1] - 31:11
Stephen [2] - 11:11, 14:3
Steven [2] - 34:8, 37:13
still [2] - 14:19, 22:5
stone [1] - 24:3
stop [2] - 19:23, 27:17
STREET [1] - 1:24
structure [4] - 11:9, 11:10, 12:7, 14:15
stuff [19] - 9:14, 10:8, 10:21, 11:1, 17:11, 17:12, 17:23, 18:3, 24:25, 27:1, 28:1, 28:2, 28:9, 29:8, 30:25, 31:19, 32:2, 33:10, 37:15
subject [3] - 26:23, 27:10, 29:12
submitting [1] - 34:21
substantial [1] - 16:6
substantive [1] - 31:21
sufficient [1] - 17:25
supposed [1] - 33:18
suspected [1] - 30:4
swiftly [1] - 32:17

## T

talks [1] - 38:8
ten [5] - 11:21, 12:1, 17:1, 17:2, 17:5
tentative [1] - 35:7
terms [2] - 12:18, 26:4
TERRI [4] - 1:23, 41:6, 41:19, 41:20
THE [86] - 2:3, 2:9, 2:15, 2:21, 9:6, 9:8, 11:15, 12:11, 12:21, 12:25, 13:2, 13:4, 13:13, 13:15, 13:20, 13:21, 13:24, 14:8, 14:12, 15:3, 15:4, 15:5, 15:10, 15:19, 15:21, 15:25, 16:4, 16:9, 18:6, 18:11, 18:18, 18:21, 18:24, 19:5, 19:9, 19:23, 20:6, 20:23, 21:6, 21:15, 21:24, 22:7, 22:13, 22:18, 23:7, 23:9, 23:16, 23:23, 24:13, 24:21, 25:2, 25:7, 25:17, 25:19, 25:24, 26:3, 27:1, 27:7, 27:15, 27:21, 28:1, 30:5, 30:8, 30:25, 31:17, 32:18, 33:2, 33:9, 34:13, 35:5, 35:12, 35:24, 36:8, 36:22, 37:5, 37:14, 37:20, 37:23, 38:14, 38:23, 39:11, 39:13, 39:16, 39:18, 39:20, 39:22
themselves [3] - 25:9, 30:18, 30:20
thereafter [2] - 13:25, 29:1
therefore [2] - 25:4, 28:18
thinking [1] - 10:17
third [1] - 39:6
thorough [1] - 28:4
three [10] - 10:16, 10:18, 10:25, 13:19, 14:10, 21:20, 28:12, 28:14
throw [1] - 11:7
Thursday [2] - 13:12, 17:5
Thursdays [1] - 17:4
TikTok [3] - 9:6, 18:2, 28:6
TIME [1] - 1:14
Title [1] - 41:9

today [1] - 23:24
today's [2] - 11:20, 11:25
together [3] - 10:18, 32:15, 35:9
took [2] - 10:20, 29:16
topic [1] - 29:14
topics [1] - 33:5
TRANSCRIPT [1] - 1:12
transcript [2] - 41:10, 41:12
transfer [5] - 14:20, 15:1, 15:14, 15:17, 15:18
transferred [3] - 15:11, 15:19, 15:24
transferring [1] - 16:1
tremendous [1] - 26:12
tried [1] - 29:25
trip [1] - 13:11
true [1] - 41:10
trying [1] - 26:1
turn [1] - 27:9
turned [2] - 21:8, 29:18
two [4] - 11:25, 12:16, 14:10, 19:17
types [1] - 33:19
typically [2] - 26:12, 31:14

## U

U.S [1] - 1:3
under [6] - 20:11, 20:19, 22:2, 22:11, 33:20, 36:15
underage [1] - 25:17
understood [2] - 21:24, 30:17
United [4] - 19:12, 41:7, 41:9, 41:14
UNITED [1] - 1:1
unless [3] - 10:1, 25:9, 36:12
up [7] - 18:21, 20:2, 22:25, 30:15, 38:13, 38:15, 39:16
urge [1] - 30:20
useful [1] - 36:6
user [2] - 20:11, 24:8
users [2] - 22:2, 22:5, 26:13

## V

**vacated** [3] - 15:13, 15:21, 15:23
**variety** [1] - 20:12
**various** [1] - 10:19
**versus** [1] - 19:19
**violation** [1] - 23:14
**voice** [1] - 18:20
**vs** [1] - 1:7

## W

**wait** [2] - 28:21, 33:8
**wants** [4] - 22:20, 23:18, 38:25, 39:1
**warrant** [1] - 33:20
**week** [1] - 39:23
**weeks** [1] - 21:20
**WEST** [1] - 1:24
**wonderful** [1] - 14:1
**words** [6] - 11:23, 16:24, 24:23, 30:2, 37:25, 38:3
**worth** [1] - 13:23
**wow** [1] - 37:16
**writing** [3] - 13:23, 20:7, 22:17
**written** [1] - 38:18
**WU** [1] - 1:3

## X

**XYZ** [1] - 1:13

## Y

**years** [1] - 10:14
**York** [2] - 10:13, 10:16
**yourself** [2] - 13:21, 19:10
**yourselves** [1] - 9:12

## Z

**ZIP1** [1] - 2:6
**ZIP2** [1] - 2:12
**ZIP3** [1] - 2:18
**ZIP4** [1] - 2:24

UNITED STATES DISTRICT COURT

# **Exhibit B**

| | |
|---|---|
| **From:** | Eric Kafka <EKafka@cohenmilstein.com> |
| **Sent:** | Tuesday, April 29, 2025 4:24 PM |
| **To:** | Petrocelli, Daniel M. |
| **Cc:** | Formella, Abby; Bryan Aylstock; Powers, Matt; Zachary L. Cowan; Kiley Grombacher; Maria Valle-Lomeli; Marcus P. Smith; tomp@lpm-triallaw.com; Tom P. Cartmell; Eric Barton; Christopher Seeger; John Nelson; Gary Klinger; Kristen Lake Cardoso; Jeff Ostrow; Heather M. McElroy; Michael Sacchet; cspringer@kellerrohrback.com; Cari Laufenberg; casey@lawofficeflynn.com; matt@thewvlawfirm.com; troy@thewvlawfirm.com; James Dugan; David Scalia; cmc@westconlaw.com; phil@askalawyerfirst.com; rmayfield@gorilaw.com; Joseph Osborne; Justin Parafinczuk; James Cecchi; jalperstein@carellabyrne.com; Karina Puttieva; Jenna Waldman; dgolub@sgtlaw.com; sbloch@sgtlaw.com; pcarey@lexlawgroup.com; Brody, Steve; mtodzo@lexlawgroup.com; caspar@kjtlawgroup.com; Jennifer Sclar Silver Golub Teitell; hoffpaul; Tyler Hudson; cayers@seegerweiss.com; Jennifer Scullion; JParafinczuk@pwslawfirm.com; monica@dugan-lawfirm.com; Rico Alvendia; dloeser@kellerrohrback.com; Stodder, Hana; Andre Mura; ehg@classlawgroup.com; Hillary Fidler |
| **Subject:** | RE: J.C. v. ByteDance:  Plaintiffs' data |

Thank you, Dan. Pursuant to the Court's guidance, Plaintiffs will respond in opposition to TikTok's application.

---

**From:** Petrocelli, Daniel M. <dpetrocelli@omm.com>
**Sent:** Tuesday, April 29, 2025 4:22 PM
**To:** Eric Kafka <EKafka@cohenmilstein.com>
**Cc:** Formella, Abby <aformella@omm.com>; Bryan Aylstock <BAylstock@awkolaw.com>; Powers, Matt <mpowers@omm.com>; Zachary L. Cowan <Zachary.L.Cowan@usdoj.gov>; Kiley Grombacher <kgrombacher@bradleygrombacher.com>; Maria Valle-Lomeli <mvalle@bradleygrombacher.com>; Marcus P. Smith <Marcus.P.Smith@usdoj.gov>; tomp@lpm-triallaw.com; Tom P. Cartmell <tcartmell@wcllp.com>; Eric Barton <ebarton@wcllp.com>; Christopher Seeger <cseeger@seegerweiss.com>; John Nelson <jnelson@milberg.com>; Gary Klinger <GKlinger@milberg.com>; Kristen Lake Cardoso <cardoso@kolawyers.com>; Jeff Ostrow <ostrow@kolawyers.com>; Heather M. McElroy <HMM@ciresiconlin.com>; Michael Sacchet <MAS@ciresiconlin.com>; cspringer@kellerrohrback.com; Cari Laufenberg <claufenberg@kellerrohrback.com>; casey@lawofficeflynn.com; matt@thewvlawfirm.com; troy@thewvlawfirm.com; James Dugan <jdugan@dugan-lawfirm.com>; David Scalia <dscalia@dugan-lawfirm.com>; cmc@westconlaw.com; phil@askalawyerfirst.com; rmayfield@gorilaw.com; Joseph Osborne <josborne@realtoughlawyers.com>; Justin Parafinczuk <JParafinczuk@parawolf.com>; James Cecchi <JCecchi@carellabyrne.com>; jalperstein@carellabyrne.com; Karina Puttieva <KPuttieva@cohenmilstein.com>; Jenna Waldman <jwaldman@cohenmilstein.com>; dgolub@sgtlaw.com; sbloch@sgtlaw.com; pcarey@lexlawgroup.com; Brody, Steve <sbrody@omm.com>; mtodzo@lexlawgroup.com; caspar@kjtlawgroup.com; Jennifer Sclar Silver Golub Teitell <jsclar@sgtlaw.com>; hoffpaul <hoffpaul@aol.com>; Tyler Hudson <thudson@wcllp.com>; cayers@seegerweiss.com; Jennifer Scullion <JScullion@seegerweiss.com>; JParafinczuk@pwslawfirm.com; monica@dugan-lawfirm.com; Rico Alvendia <rico@akdlalaw.com>; dloeser@kellerrohrback.com; Stodder, Hana <hstodder@omm.com>; Andre Mura <amm@classlawgroup.com>; ehg@classlawgroup.com; Hillary Fidler <HFidler@seegerweiss.com>
**Subject:** Re: J.C. v. ByteDance: Plaintiffs' data

As stated in my email, the application will seek to suspend yesterday's preservation order until we can agree on preservation measures or the Court can address the matter on May 29.  We will note that plaintiffs' counsel do not consent.
Dan

On Apr 29, 2025, at 4:11 PM, Eric Kafka <EKafka@cohenmilstein.com> wrote:


Hi Dan,

Plaintiffs' counsel do not consent to the suspension of the preservation order.

As discussed at the hearing, the Court expects that Plaintiffs' counsel (and the DOJ) will have an opportunity to respond to any motion filed by TikTok regarding preservation. Thus, could you explain what you mean by an "ex parte application"?

Thank you,
Eric


**Eric Kafka**
Partner

<image001.png>

**Cohen Milstein Sellers & Toll PLLC**
88 Pine Street | 14th Floor
New York, NY 10005
phone 212.838.7797


*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

---

**From:** Petrocelli, Daniel M. <dpetrocelli@omm.com>
**Sent:** Tuesday, April 29, 2025 1:35 PM
**To:** Formella, Abby <aformella@omm.com>; Bryan Aylstock <BAylstock@awkolaw.com>; Powers, Matt <mpowers@omm.com>; Cowan, Zachary L. <Zachary.L.Cowan@usdoj.gov>; Kiley Grombacher (External) <kgrombacher@bradleygrombacher.com>; Maria Valle-Lomeli (External) <mvalle@bradleygrombacher.com>
**Cc:** Smith, Marcus P. <Marcus.P.Smith@usdoj.gov>; tomp@lpm-triallaw.com; Tom P. Cartmell <tcartmell@wcllp.com>; Eric Barton <ebarton@wcllp.com>; Christopher Seeger (External) <cseeger@seegerweiss.com>; John Nelson <jnelson@milberg.com>; Gary Klinger <GKlinger@milberg.com>; Kristen Lake Cardoso <cardoso@kolawyers.com>; Jeff Ostrow <ostrow@kolawyers.com>; Heather M. McElroy <HMM@ciresiconlin.com>; Michael Sacchet (External) <MAS@ciresiconlin.com>; cspringer@KellerRohrback.com; Cari Laufenberg (External) <claufenberg@kellerrohrback.com>; casey@lawofficeflynn.com; matt@thewvlawfirm.com; troy@thewvlawfirm.com; James Dugan (External) <jdugan@dugan-lawfirm.com>; David Scalia (External) <dscalia@dugan-lawfirm.com>; cmc@westconlaw.com; phil@askalawyerfirst.com; rmayfield@gorilaw.com; Joseph Osborne <josborne@realtoughlawyers.com>; Justin Parafinczuk <JParafinczuk@parawolf.com>; James Cecchi (External) <JCecchi@carellabyrne.com>; jalperstein@carellabyrne.com; Eric Kafka <EKafka@cohenmilstein.com>; Karina Puttieva <KPuttieva@cohenmilstein.com>; Jenna Waldman <jwaldman@cohenmilstein.com>; dgolub@sgtlaw.com; sbloch@sgtlaw.com; pcarey@lexlawgroup.com; Brody, Steve <sbrody@omm.com>; mtodzo@lexlawgroup.com; caspar@KJTlawgroup.com; Jennifer Sclar Silver Golub Teitell <jsclar@sgtlaw.com>; hoffpaul@aol.com; Tyler Hudson (External) <thudson@wcllp.com>; cayers@seegerweiss.com; Jennifer Scullion <JScullion@seegerweiss.com>; JParafinczuk@pwslawfirm.com; monica@dugan-lawfirm.com; Rico Alvendia <rico@akdlalaw.com>; dloeser@kellerrohrback.com; Stodder, Hana <hstodder@omm.com>; Andre Mura

<amm@classlawgroup.com>; ehg@classlawgroup.com; Hillary Fidler <HFidler@SeegerWeiss.com>
**Subject:** RE: J.C. v. ByteDance: Plaintiffs' data


Counsel, defendants intend to file an ex parte application tomorrow to temporarily suspend the Court's preservation order yesterday.  Based on discussions with our clients ("TikTok") after yesterday's hearing we have learned it is not feasible to immediately preserve information, materials, and data related to users on the 13+ platform that TikTok's systems and processes have identified are under the age of 13 ("herein "underage data").  Among other reasons, to comply with legal requirements TikTok's operational systems are designed to identify and delete not only underage data, but also older data and related to other impermissible uses.  We are still investigating whether and to what extent it is feasible to identify and segregate underage data from this larger data set, including whether we can do so in a way that preserves the data but also prevents further access and use.  In addition, it is necessary to ascertain the nature and extent of the underage data required to be preserved, including, for example, video material viewed or shared by an identified underage user on the 13+ platform.  There are practical limitations to storing all such data.

Given these constraints, TikTok requires additional time to investigate and establish appropriate preservation measures.  To that end, once we have obtained additional information we would like to meet and confer with you to discuss these issues, with the hope of reaching agreement on proposed preservation measures to submit to the Court in advance of the next scheduled hearing on May 29.   In the interim, please let us know today if you will consent to a suspension of yesterday's preservation order through and including May 29, 2025.

Many thanks, Dan.