1    Andre M. Mura (298541)
2    **GIBBS MURA LLP**
3    1111 Broadway Street, Suite 2100
     Oakland, California 94607
4    Telephone: (510) 350-9700
     Facsimile: (510) 350-9701
5    amm@classlawgroup.com
6
7    *[Additional counsel for certain Plaintiffs*
     *on signature page]*
8
9
10                    **UNITED STATES DISTRICT COURT**
11                    **CENTRAL DISTRICT OF CALIFORNIA**
                      **WESTERN DIVISION**
12
13                                          Case No. 2:25-ml-03144-GW-RAO
14
15    In Re: TikTok, Inc. Minor Privacy      **PLAINTIFFS' OPPOSITION TO**
      Litigation                            **DEFENDANTS' EX PARTE**
16                                           **APPLICATION FOR TEMPORARY**
                                             **SUSPENSION AND CLARIFICATION**
17                                           **OF PRESERVATION ORDER**
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs in several actions in this multidistrict litigation (collectively the "Humbert Plaintiffs")[1] hereby oppose the TikTok Defendants' ex parte request for an order temporarily suspending or clarifying the Court's April 28, 2025 Order regarding preservation of data.[2]

## Introduction

The TikTok Defendants come to this Court with an emergency of their own making. They seek a reprieve from this Court's April 28 Order on preservation, claiming to be incapable of preserving data related to accounts of users under the age of 13 without further investigation. But their duty to preserve this evidence arose long before this Court's April 28 Order.

Years earlier, parents, the federal government, and state attorneys general each sued TikTok for knowingly allowing millions of children under 13 to create and use TikTok accounts that are not reserved for children. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 4:22-md-3047 (N.D. Cal. Feb. 14, 2023) (Dkt. No 136, ¶¶1009-1010) (alleging negligence per se based on violations of the Children's Online Privacy Protection Act, 15 U.S.C. §§6501-6506 ("COPPA")); *United*

---

[1] This group of Plaintiffs consists of Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., Monroe Seigle on behalf of M.S., Nick McKissick on behalf of A.M, Christina Middleton as guardian and next of kin on behalf of A.B., individually and on behalf of all others similarly situated (Related to LACV25-03120-GW(RAOx), Kathleen Lanser as guardian and next of kin on behalf of A.L., Katherine R. Walters on behalf of L.W., Tatiana Brodiski, Steven Burda, Amanda Hinkle, A.H. a minor, Chantell Martin on behalf of T.M., Jacquelyn Williams on behalf of K.P, Jonathan Riley on behalf of W.C.R., T.S.R.R., N.A.R., T.A.R., and N.J.R., Michael White on behalf of K.L.W. and K.L.W., Michael Luong on behalf of D.L., Ramlawi-Benton, R.W. a minor by and through their guardian ad litem, Pamela Hancock, Katrice Lindsey on behalf of JDW, JYW and SMW, J.R. A Minor, by and through his legal guardian, Sal Rivera, Tessa Green, on behalf of S.V., and Kristi Vazquez, on behalf of J.B.

[2]The TikTok Defendants are ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. We refer to Defendants collectively as "TikTok."

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1    *States v. ByteDance Ltd.*, No. 2:24-cv-06535 (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1)

2    (alleging COPPA violations); *State of New Hampshire v. TikTok Inc.*, No. 217-2024-CV-

3    00399 (N.H. Sup. Ct., June 25, 2024) (Dkt. No. 1, ¶¶ 340-347) (alleging state-law

4    consumer protection claims based on COPPA violations).

5         These legal actions required TikTok to preserve evidence related to children's use

6    of its platform, put the company on notice of further litigation into the same subject, and

7    required it to build and maintain a robust infrastructure for storing, preserving, and

8    quickly accessing this evidence. A temporary suspension of the April 28 Order,

9    therefore, would not alter TikTok's longstanding obligation to preserve data related to

10   accounts of users under the age of 13.

11        Nowhere in its emergency application does TikTok adequately defend its failure

12   to preserve data of underage users. Its skeletal declarations fail to show that preservation

13   is infeasible or unduly burdensome—or that emergency relief is warranted. Rather than

14   suspend TikTok's duty to preserve evidence based on barebones briefing, no argument,

15   and scarce time for reflection, the Court should allow this preservation dispute to

16   proceed in an ordinary way. Plaintiffs thus propose that the Court permit them to take a

17   Rule 30(b)(6) deposition on preservation, followed by full briefing and a hearing on the

18   scope of preservation.

19                                    **Argument**

20   **A.      TikTok's obligation to preserve underage user data should not be**

21   **         suspended.**

22        TikTok's request to suspend temporarily the April 28 Order ignores that TikTok's

23   obligation to preserve this data arose long ago. What's more, TikTok has necessarily

24   maintained the infrastructure required to satisfy these obligations for years. Because

25   TikTok has not shown that preservation of underage user data is infeasible or unduly

26   burdensome, the Court should not suspend any preservation obligations.

27        **1.      TikTok's preservation obligation is not new.**

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1    "The common law imposes the obligation to preserve evidence from the moment

2    that litigation is reasonably anticipated." *Sanders v. Los Angeles Cnty.*, 2019 WL

3    12831725, at \*2 (C.D. Cal. 2019) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 881 F.

4    Supp. 2d 1132, 1136 (N.D. Cal. 2012)). This duty "arises not only during litigation but

5    also extends to that period before the litigation when a party reasonably should know

6    that the evidence may be relevant to anticipated litigation." *Colonies Partners, L.P. v.*

7    *Cnty. of San Bernardino*, 2020 WL 1496444, at \*6 (C.D. Cal. Feb. 27, 2020), *report and*

8    *recommendation adopted*, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020).

9    Here, TikTok has long been under a duty to preserve evidence at the heart of this

10   case due to preexisting litigation surrounding its improper collection and use of

11   children's data. Because the duty to preserve is premised on foreseeability of potential

12   litigation, where *previous* litigation involved similar allegations and legal claims, a

13   party's duty to preserve may "attach[] as of the date of [that] earlier action[.]" *Montoya*

14   *v. Orange Cnty. Sheriff's Dep't*, 2013 WL 12347292, at \*6 (C.D. Cal. Oct. 15, 2013)

15   (collecting cases); *Rockman Co. (USA), Inc. v. Nong Shim Co., Ltd*, 229 F. Supp. 3d

16   1109, 1125 (N.D. Cal. 2017) (duty to preserve triggered by earlier filing of overlapping

17   government enforcement action); *Cobb v. BSH Home Appliances Corp.*, 2014 WL

18   12591841, at \*3 (C.D. Cal. Sept. 22, 2014) (duty to preserve triggered by "similar

19   lawsuit involving" defendant's same product); *In re Actos (Pioglitazone) Prods. Liab.*

20   *Litig.*, 2014 WL 2872299, at \*21–22 (W.D. La. 2014) (litigation hold from prior

21   litigation encompassed the same fundamental information at issue in subsequent MDL);

22   *John B. v. Goetz*, 879 F.Supp.2d 787, 868 (M.D. Tenn. 2010) (earlier consent decree

23   "provide[d] ample guidance and clarity on what information is relevant and material and

24   therefore should be retained").

25   TikTok has long had reason to anticipate—and has actually experienced—an

26   unfolding series of lawsuits over its collection, retention, and use of personal data from

27

28

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

children under 13.[3] The Federal Trade Commission brought an enforcement action
against ByteDance more than six years ago, in February of 2019, involving allegations
that are "strikingly similar" to those in this litigation. *See Montoya*, 2013 WL 12347292,
at *6; *compare United States v. Musical.ly*, Case No. 2:19-cv-01439-ODW-RAO, (C.D.
Cal. Feb. 27, 2019) (Dkt. No. 1, ¶¶ 24–29, 31),  *with Green v. ByteDance Ltd.*, No. 2:25-
cv-03527, (C.D. Cal. Apr. 21, 2025) (Dkt. No. 1, ¶¶ 59–81). So as of February 2019,
TikTok was on notice of its preservation obligations with respect to the same data at
issue here. *See Montoya*, 2013 WL 12347292, at *6.

　　　But even if the FTC action were not enough, this MDL is only the most recent
entry in a years-long set of lawsuits regarding TikTok's alleged violations of COPPA,
each of which *also* suffice to demonstrate TikTok's actual knowledge of anticipated
litigation over this same data. Take, for example, multidistrict litigation that alleged
violations of COPPA due to TikTok's unlawful collection, retention, and profitable use
of children's data in a complaint filed in February 2023. *See In re Soc. Media*, No. 4:22-
md-3047 (N.D. Cal. Feb. 14, 2023) (Dkt. No 136, ¶¶1009–1010). Or consider the near-
identical claims in the COPPA enforcement action that the United States brought against
TikTok in August 2024, or the exceedingly similar allegations of COPPA violations in
New Hampshire's June 2024 complaint against TikTok. *See ByteDance*, No. 2:24-cv-
06535 (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1) ("DOJ Compl."); *see also TikTok*, No. 217-
2024-CV-00399 (N.H. Sup. Ct., June 25, 2024) (Dkt. No. 1, ¶¶ 340-347). Each of these
actions involves similar allegations of wrongdoing and encompasses similar aspects of
TikTok's collection, use, and retention of children's data. So at the very latest, TikTok
was obliged to preserve evidence encompassed by this Court's recent Order starting
August 2, 2024.

---

[3] It is telling that TikTok's primary declarant, Noreen Yeh, is an in-house eDiscovery
Analyst—a role that necessarily recognizes the foreseeability of litigation over TikTok's
data systems and practices. ECF No. 19-2 at ¶ 1.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1    For these reasons, TikTok was required to preserve evidence at the heart of

2  Plaintiffs' claims independently of this Court's April 28 Order. "Neither a preservation

3  demand letter nor a court order is required" to trigger the duty to preserve—rather, a

4  "preservation order only clarifies the parties' particular obligation." *Goetz*, 879

5  F.Supp.2d at 867–68; *accord Microvention*, 2023 WL 7476998, at *3. Because its duty

6  to preserve has already been triggered, TikTok must "suspend any existing policies

7  related to deleting or destroying files and preserve all relevant documents related to the

8  litigation." *Nava v. Cal. State Super. Ct.*, 2025 WL 504430, at *6 (C.D. Cal. 2025)

9  (quoting *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1070 (N.D. Cal.

10  2006)).

11    **2.    Plaintiffs seek preservation of evidence at the heart of this case.**

12    Despite this longstanding duty to preserve, TikTok requests, on an emergency

13  basis, that the Court relieve it of its duty to preserve account data relating to identified

14  under-13 users—precisely the evidence that is central to this litigation. Plaintiffs' chief

15  allegation in this MDL is that TikTok improperly collects data from children under age

16  13 whom it negligently allows to use its platform. Data related to accounts on the 13+

17  experience that TikTok has identified as belonging to under 13 users—the same data

18  TikTok claims is not "feasible" to preserve—thus goes to the core of Plaintiffs' claims.

19  And because Plaintiffs allege that TikTok's retention and use of children's data in

20  various ways constitutes independently actionable violations of COPPA, TikTok must

21  preserve both information relating to its use of children's data and the data itself. If the

22  Court permits TikTok to improperly carve out under 13 account data from its

23  preservation obligations, Plaintiffs would be deprived of relevant evidence that goes

24  towards specific COPPA violations they allege, which also serve as the basis of liability

25  for related state law claims.

26  //

27  //

28  //

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

**B.     TikTok has not shown that it is infeasible to comply with its preservation obligations.**

Based in part on its misreading of its preservation obligation as stemming from the Court's April 28 Order, TikTok argues that it is "not feasible" to comply with that Order and preserve the underage user data at issue in this litigation. ECF No. 19 at 2, 5-6. But for at least four reasons, TikTok has not shown that it is unduly burdensome or infeasible to preserve the data at issue here. First, TikTok was legally required to identify the systems, processes, and data pathways at issue in this litigation as part of the FTC's 2019 permanent injunction. Second, as stated in similar litigation in 2024, TikTok has already investigated deficiencies in these processes and reported to the federal government on the data systems at issue. Third, the 2019 permanent injunction recognized that TikTok may be required by Court order to retain the data at issue here. And finally, on its face, TikTok's declaration supporting its claim to *infeasibility* of preservation actually identifies affirmative steps it could and should have already taken to preserve that same data. Because TikTok has long been required to understand the data systems at issue here and report quickly on their use, it cannot now show that it is infeasible or unduly burdensome to preserve the same underlying data in this litigation.

*First*, TikTok has not shown that it needs additional time to assess where this user data for children under 13 is stored, its existing deletion processes, or how it uses that data. *See* ECF No 19 at 6; ECF No 19-2 at ¶¶ 11-15. For users under the age of 13, TikTok should already know where these users' data is stored and how TikTok deletes that data because TikTok is *required* to know this information under the Central District's 2019 permanent injunction. *See generally* Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief against Musical.ly and Musical.ly, Inc. *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10) ("2019 Permanent Injunction"). That Order required TikTok to delete the personal information of any user who was under 13 at the time of the Order or who was over 13 at the time of the Order but whose personal information TikTok had collected

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1    when they were under 13. *Id*. at \*9. The Order did not require TikTok to delete the

2    personal information of users under 13 that TikTok collected *after* the Order.

3          The permanent injunction also explicitly required TikTok to "create and

4    retain…[a]ll records necessary to demonstrate full compliance" with its terms. *Id*. at \*14.

5    Those records encompass the data TikTok *now* claims it would be infeasible to preserve

6    here. There is no way TikTok could demonstrate full compliance with the permanent

7    injunction unless it already identified and documented (1) all places where it stores the

8    data of child users; and (2) all processes it employs to ensure children's data is deleted.

9    *See id*. What's more, the permanent injunction also required TikTok to inform "all

10   employees, agents, and representatives having managerial responsibilities for the

11   collection, use, maintenance, or disclosure of personal information" that they were

12   required to maintain records of where the data of child users is stored and what processes

13   are utilized to ensure deletion of that data. *See id*. at \*11-12.

14          ***Second***, even if TikTok did not maintain—contrary to the requirements of the

15   2019 injunction—records of how TikTok stores children's data and how TikTok ensures

16   its deletion, TikTok's investigation in response to the FTC's inquiries in 2020 and

17   beyond should have ascertained all the places where TikTok stores children's data and

18   all process failures that led TikTok to retain such information despite representing that it

19   had been deleted. TikTok's request for 30 days to investigate its systems and determine

20   where it stores, processes, or accesses personal data from children under 13, ECF No. 19

21   at 6, ignores that it has had *six years* to complete that investigation, and has been on

22   notice of potential litigation over this data for at least that long. *See Montoya*, 2013 WL

23   12347292, at \*6. No further investigation should be necessary for TikTok to

24   "understand" where that data resides, as it has been legally obligated to know the

25   answers to these questions for years.

26          Under the 2019 injunction, TikTok is required to produce the records necessary to

27   demonstrate its compliance with the injunction to the FTC or DOJ within *14 days* of any

28   request. 2019 Permanent Injunction, at \*15. TikTok has already had occasion to test its

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

record retention and reporting capacity with respect to this data. In June 2020, the FTC asked TikTok for information about TikTok's compliance with the 2019 injunction. DOJ Compl. at *25. TikTok told the FTC that "the deletion of children's data as required by the 2019 Permanent Injunction" was "completed on May 24, 2020." *Id*. After a follow-up inquiry by the FTC, TikTok acknowledged that its June 2020 statement "had been false." *Id*. TikTok had retained data of child users that it had previously represented had been deleted. *Id*. at *25-26. The investigation TikTok undertook to respond to the initial FTC request, along with its investigation to correct its misrepresentations, both would have identified the necessary data, systems, and processes to utilize to satisfy its preservation obligations in this case.

**Third**, TikTok has not shown that it is infeasible to preserve the data at issue here because of its obligations under the permanent injunction. The 2019 order left open the possibility that a court in subsequent litigation might require TikTok to retain information on child users. "Personal information need not be destroyed, and may be disclosed, to the extent . . . required by a law, regulation, or court order." 2019 Permanent Injunction at *10. So while TikTok was previously under an obligation to delete this data—through which it must necessarily have identified where this data resides—it may comply with this Court's order to preserve the same data going forward without violating the consent decree.

**Finally**, even setting aside the previous litigation, TikTok has already identified one deletion process it can stop to ensure preservation in this litigation alone. The Noreen Yeh Declaration says that once "a user is determined to be under 13 on the 13+ Experience, TikTok uses the particular users' identifiers, primarily UIDs, to scan for their data in those tables and proceeds with a targeted deletion." Yeh Dec. ¶ 12. The thrust of TikTok's burden argument is that this process is "complicated,"—but stopping a complicated process can be simple. Declaration of Douglas Forrest at ¶¶ 14(c), 25. Although the process may have been "complicated" to set up, it is unlikely that TikTok engages in a manual, ad hoc, bespoke process to delete data every time it identifies an

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1  under-13 user. *Id.* The process is likely to be automated—an automation that can be

2  turned off. *Id.*

3       The Yeh Declaration further says that just because the deletion process is turned

4  off does not mean that the data is preserved in a forensically-sound way. Yeh Decl. at

5  ¶ 12. Yeh also says the data may continue to be "access[ed] and process[ed]." *Id*. But

6  this is not evidence that it is infeasible to preserve the data at all. Forrest Decl. at ¶ 26.

7  And the Yeh declaration does not say that the user data would be 'modified' after

8  TikTok has banned the user in question. TikTok simply offers no evidence that once

9  preserved, the data would not stay preserved. Forrest Decl. at ¶ 26.

10       More troubling still, the relief TikTok requests goes well beyond the purported

11  issues raised by its declarant. In its ex parte application, TikTok asks this Court to allow

12  it to delete this data entirely, even though the Yeh Declaration says TikTok could

13  preserve the data, albeit potentially in a forensically-imperfect way. TikTok has offered

14  no evidence supporting good cause for such a dramatic suspension of its longstanding

15  preservation obligation. The Court should require TikTok to preserve this data long

16  before TikTok has developed what it believes to be a forensically-foolproof way to

17  collect the data for review and production. *See* Forrest Decl. at ¶ 27. Preservation and

18  collection of ESI are generally two separate stages. *Id.* So even setting aside the contrary

19  evidence from years of similar litigation, the only support TikTok offers here for its

20  remarkable request to upend its preservation obligations entirely in fact supports the

21  opposite—that TikTok *already* has feasible ways to preserve the data subject to this

22  Court's order.

23     **C. The Court should permit Plaintiffs to take an early 30(b)(6) as to the scope of**

24         **TikTok's preservation obligations, and order full briefing and a hearing on**

25         **the scope of preservation.**

26       Finally, while the Court should reject TikTok's unsupported and improper request

27  for a temporary suspension of its obligation to preserve data of underage users,

28  Plaintiffs agree that it would be appropriate to brief the *scope* of TikTok's preservation

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

obligations on an expedited basis. To do so, Plaintiffs request that the Court order TikTok to make available an early 30(b)(6) deponent on the topics of ESI preservation, or at minimum, order the parties to meet and confer with an ESI representative present, and then brief the scope of preservation that is appropriate here. *See* Ex. 2, Pls' Notice of Rule 30b6 Deposition. Plaintiffs do not oppose the briefing schedule TikTok set out in its ex parte request: TikTok will file its request as to the scope of preservation by May 23, 2025, and Plaintiffs will file a response by May 27, 2025.

## Conclusion

For the reasons set out above, the Court should deny TikTok's ex parte request to suspend its preservation obligations and instead should permit a Rule 30(b)(6) deposition on preservation, and set a briefing schedule and hearing on the scope of TikTok's preservation of underage user data.

DATED: May 1, 2025                    Respectfully submitted,

**GIBBS MURA LLP**

By:    */s/ Andre M. Mura*

Andre M. Mura
Steve Lopez
Hanne Jensen
Anna J. Katz
**GIBBS MURA LLP**
1111 Broadway Street, Suite 2100
Oakland, California 94607
Telephone:   (510) 350-9700
Facsimile:   (510) 350-9701
amm@classlawgroup.com
sal@classlawgroup.com
hj@classlawgroup.com
ajk@classlawgroup.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiffs Tessa Green, on behalf of
S.V., and Kristi Vazquez, on behalf of J.B., and all
others similarly situated*

*/s/ Bryan Aylstock (Authorized)*
Bryan F. Aylstock, Esq.
**AYLSTOCK WITKIN KREIS
OVERHOLTZ PLLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Tel: 850-202-1010
Email: baylstock@awkolaw.com

*Counsel for Plaintiffs*
*Scott Humbert on behalf of E.H. and J.H., Tonia
Lightwine on behalf of B.L., Monroe Seigle on
behalf of M.S.*

*/s/ Kiley Grombacher (Authorized)*
Kiley L. Grombacher, Esq.
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: 866-881-0403
Email: kgrombacher@bradleygrombacher.com

Counsel for Plaintiff
Nick McKissick on behalf of A.M.

*/s/ Thomas Carmell (Authorized)*
Thomas P. Cartmell
Eric Barton
Tyler W. Hudson
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: 816-701-1100
Email: tcartmell@wcllp.com
Email: ebarton@wcllp.com
Email: thudson@wcllp.com

11

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

*Counsel for Plaintiff Christina Middleton as guardian and next of kin on behalf of A.B., individually and on behalf of all others similarly situated*

*/s/ Christopher Seeger (Authorized)*
Christopher A. Seeger
Christopher L. Ayers
Jennifer R. Scullion
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, New Jersey 07660
Tel: 888-546-8799
Email: cseeger@seegerweiss.com
Email: cayers@seegerweiss.com
Email: jscullion@seegerweiss.com

*Counsel for Plaintiff Kathleen Lanser as guardian and next of kin on behalf of A.L.*

*/s/ Jeffrey Ostrow (Authorized)*
Jeffrey E. Ostrow
Kristen Lake Cardoso
**KOPELOWITZ OSTROW PA**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
Fax: 954-525-4300
Email: cardoso@kolawyers.com
Email: ostrow@kolawyers.com

*Counsel for Plaintiff J.O. H.T. A Minor, a minor child, by and through Danaa Carrillo, her mother, and H.T. A Minor, By and through her Legal Guardian, Milagro Almodovar*

*/s/ Heather McElroy (Authorized)*
Michael Sacchet
Heather M McElroy

12

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Tel: 612-361-8200
Email: hmm@ciresiconlin.com
Email: mas@ciresiconlin.com

*Counsel for Plaintiff Katherine R. Walters on behalf of L.W.*

*/s/ Derek Loeser (Authorized)*
Derek Loeser
Cari Campen Laufenberg
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Email: claufenberg@KellerRohrback.com
Email: dloeser@kellerrohrback.com

Christopher Londergan Springer
**KELLER ROHRBACK L.L.P.**
801 Garden Street
Santa Barbara, CA 93101
805-456-1496
Email: cspringer@kellerrohrback.com

*Counsel for Plaintiffs Tatiana Brodiski; Steven Burda*

*/s/ Matthew Stonestreet (Authorized)*
Troy Giatras
Matthew Stonestreet
**GIATRAS LAW FIRM**
118 Capitol Street Suite 400
Charleston, WV 25301
Tel: 304-343-2900
Fax: 304-343-2942
Email: troy@thewvlawfirm.com
Email: matt@thewvlawfirm.com

13

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

*Counsel for Plaintiffs Amanda Hinkle, A.H. a minor*

/s/ James Dugan (Authorized)
James R. Dugan, II
David Scott Scalia
Monica M Vela-Vick
**DUGAN LAW FIRM PLC**
365 Canal St., Suite 1000
New Orleans, LA 70130
Tel: 504-648-0180
Fax: 504-648-0181
Email: jdugan@dugan-lawfirm.com
Email: dscalia@dugan-lawfirm.com
Email: monica@dugan-lawfirm.com

Roderick Alvendia
**ALVENDIA, KELLY & DEMARES**
909 Poydras St., Suite 1625
New Orleans, LA 70112
Tel: 504-618-1601
Email: rico@akdlalaw.com

*Counsel for Plaintiff Chantell Martin on behalf of T.M., Jacquelyn Williams on behalf of K.P.*

/s/ Clayton Morris Conners (Authorized)
Clayton Morris Connors
**LAW OFFICE OF CLAYTON M CONNORS**
4300 Bayou Boulevard Suite 37
Pensacola, FL 32503
Tel: 850-473-0401
Email: cmc@westconlaw.com

*Counsel for Plaintiff Jonathan Riley on behalf of W.C.R., T.S.R.R., N.A.R., T.A.R., and N.J.R.*

/s/ Nicholas Mayfield (Authorized)
Nicholas Ryan Mayfield
**THE GORI LAW FIRM PC**

14

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

156 N. Main Street
Edwardsville, IL 62025
Tel: 618-600-1166
Email: rmayfield@gorilaw.com

*Counsel for Plaintiff Michael White on behalf of
K.L.W. and K.L.W.*

/s/ Joseph Osborne (Authorized)
Joseph A. Osborne
**OSBORNE AND ASSOCIATES LAW FIRM
PA**
433 Plaza Real Suite 271
Boca Raton, FL 33432
Tel: 561-293-2600
Fax: 561-923-8100
Email: josborne@oa-lawfirm.com

*Counsel for Plaintiff Michael Luong on behalf of
D.L.*

/s/ Justin Parafinczuk (Authorized)
Justin Parafinczuk
**PARAFINCZUK WOLF LAW FIRM**
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel: 954-462-6700
Email: JParafinczuk@parawolf.com
Email: JParafinczuk@pwslawfirm.com

*Counsel for Ramlawi-Benton*

/s/ John Nelson (Authorized)
Gary Klinger
John Nelson
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN PLLC**
402 West Broadway Suite 1760
San Diego, CA 92101
Email: jnelson@milberg.com

15

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1

2

3      Heather Marie Lopez
       **MILBERG COLEMAN BRYSON PHILLIPS**
4      **GROSSMAN PLLC**
5      148 Dolphin Court
       American Canyon, CA 94589
6      Tel: 707-334-3727
7      Email: GKlinger@milberg.com
       Email: hlopez@milberg.com
8

9      *Counsel for Plaintiff R.W. a minor by and through*
10     *their guardian ad litem, Pamela Hancock*

11     /s/ Charles Philip Hall (Authorized)
12     Charles Philip Hall
       **PHIL HALL PA**
13     4300 Bayou Boulevard Suite 32
14     Pensacola, FL 32503
       Tel: 850-760-2156
15     Email: phil@askalawyerfirst.com
16

17     *Counsel for Plaintiff Katrice Lindsey on behalf of*
       *JDW, JYW and SMW*
18

19     /s/ James Cecchi (Authorized)
20     James E. Cecchi
       Jason H. Alperstein
21     Jordan M. Steele
22     **CARELLA BYRNE CECCHI BRODY &**
       **AGNELLO, P.C.**
23     5 Becker Farm Road
24     Roseland, New Jersey 07068
       Tel: 973-994-1700
25     Email: jcecchi@carellabyrne.com
26     Email: jalperstein@carellabyrne.com
27     Email: jsteele@carellabyrne.com

28

16

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO

1    *Counsel for Plaintiff J.R. A Minor, by and through his legal guardian, Sal Rivera*

2

3    *H.T. A Minor, By and through her Legal Guardian, MILAGRO ALMODOVAR*

4

5    */s/ Thomas Pirtle (Authorized)*
     Thomas W. Pirtle

6    **LAMINACK PIRTLE & MARTINES**

7    5020 Montrose Boulevard, 9th Floor

8    Houston, TX 77006
     Tel: 713-292-2750

9    Email: tomp@lpm-triallaw.com

10

11   *Counsel for Plaintiffs Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L.,*

12   *Monroe Seigle on behalf of M.S.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:25-ML-03144-GW-RAO