**BRADLEY/GROMBACHER LLP**
Kiley L. Grombacher (State Bar No. 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
Email: kgrombacher@bradleygrombacher.com

*Attorneys for Plaintiff*
**Nick McKissick** individually and on behalf of all others similarly situated (Related to 2:25-cv-03118-GW-RAOx) on behalf of A.M.

*[ADDITIONAL PARTIES AND COUNSEL ON SIGNATURE PAGE]*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re TikTok Inc. Minor Privacy Litigation** | MDL 3144<br> Case No. 2:25-ml-03144-GW-RAO |
| | **NOTICE OF ORAL AND VIDEO DEPOSITION OF BYT BYTEDANCE, INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; AND TIKTOK U.S. DATA SECURITY, INC., PURSUANT TO FED. R. CIV. P.30(b)(6)** |
| **ALL ACTIONS** | |
| | **(Document Destruction, Document Retention, and Litigation Hold Policies)** |

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, Coalition Plaintiffs[1], by and through their undersigned attorneys, will take the remote deposition of BYTEDANCE, INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; AND TIKTOK U.S. DATA SECURITY, INC., (collectively "Defendants" or "TikTok"), on **[INSERT DATE/TIME]**.  Pursuant to Fed. R. Civ. P. 30(b)(6), TikTok shall designate and produce a representative or representatives, as may be required, to testify on behalf of TikTok concerning the topics identified in Exhibit A attached hereto.

This deposition will be taken upon oral examination, pursuant to the provisions of Federal Rules of Civil Procedure 30, and shall be recorded by stenographic and audiovisual means and taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and shall continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce any document reviewed by the deponent, prior to the commencement of the deposition, to prepare for the deposition and/or to refresh the deponent's recollection regarding the facts of this case, as well as all documents requested below.

## DEFINITIONS

1.      "13+ Experience" means the TikTok platform exclusive of the separate limited

---

[1] Coalition Plaintiffs shall mean Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., Monroe Seigle on behalf of M.S., Nick McKissick on behalf of A.M, Christina Middleton as guardian and next of kin on behalf of A.B., individually and on behalf of all others similarly situated (Related to LACV25-03120-GW(RAOx), Kathleen Lanser as guardian and next of kin on behalf of A.L., Katherine R. Walters on behalf of L.W., Tatiana Brodiski, Steven Burda, Amanda Hinkle, A.H. a minor, Chantell Martin on behalf of T.M., Jacquelyn Williams on behalf of K.P, Jonathan Riley on behalf of W.C.R., T.S.R.R., N.A.R., T.A.R., and N.J.R., Michael White on behalf of K.L.W. and K.L.W., Michael Luong on behalf of D.L., Ramlawi-Benton, R.W. a minor by and through their guardian ad litem, Pamela Hancock, Katrice Lindsey on behalf of JDW, JYW and SMW, J.R. A Minor, by and through his legal guardian, Sal Rivera, Green, on behalf of S.V., and Vazquez, on behalf of J.B.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

experience offered to users under the age of 13 known as TikTok Kids Mode..

2.      "You," "Your," or "TikTok" mean each and any of the TikTok Defendants and any of their corporations, businesses, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of the preceding entities.

3.      "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

4.      "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

5.      "Communications" means any oral or written (including electronically) statement, discussion, conversation, or document, and any transfer of data from one location to another by electronic or similar means, including but not limited to letters, emails, SMS messages, text messages, iMessages, voice texts, voicemail messages, and any other documents or electronically stored information.

6.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7.      "Document" or "Documents" includes but is not limited to all emails (including attachments), SMS messages, text messages, iMessages, voice texts, recordings (whether audio or visual), data, databases, writings, drawings, graphs, charts, photographs, handwritten notes, drafts, tabulations, calculations, summaries, letters, correspondence, e-mails, memoranda, reports, invoices, notes, schedules, worksheets, plans, minutes, bulletins, brochures, catalogs, notices, press releases, transcripts, calendars, diaries, forecasts, materials printed from online, and any data compilations from which information can be obtained or translated, through

detection devices, into reasonably usable form. This includes but is not limited to electronically stored information, data and metadata, all paper documents and other tangible items from which information can be processed or transcribed, including all originals and non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, that are in your or your attorney's(s') possession, custody, or control, regardless of where the document is physically located. The parties shall negotiate a protocol which shall govern the identification and production of electronically store information.

8.      "Employees" means any person who at any time acted or purported to act on behalf of another person or persons, including all present and former directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

9.      "Identify", when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, business affiliation, email address, telephone number, and job title. The word "identify", when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if Electronically Stored Information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or Electronically Stored Information; (3) the date of the document or Electronically Stored Information; (4) the author of the document or Electronically Stored Information; (5) the addressee of the document or Electronically Stored Information; and (6) the relationship of the author and addressee to each other.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

10. "Meeting or Meetings" means the contemporaneous presence of any natural persons, whether in person or by teleconferencing, video conferencing or otherwise, and whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

11. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as CEO, president, secretary, or treasurer.

12. "Underage User Data" means all information, materials, and data related to accounts used by individuals who are or may be under the age of 13, including but not limited to users on the 13+ Experience platform that TikTok's employees, systems, and processes have identified are or may be under the age of 13.

13. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

14. "Relating to," "relate to," "regarding," or "concerning" means in any way directly or indirectly referring to, disclosing, describing, confirming, supporting, evidencing, clarifying, or contradicting.

15. The singular includes the plural, and the plural includes the singular.

16. The terms "and" and "or" are intended to have both the conjunctive and disjunctive meanings, so as to be inclusive of any documents that otherwise may be excluded from production.

## **TOPICS OF EXAMINATION**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, TikTok shall designate one or more officers, directors, Agents, employees, or other sufficiently knowledgeable persons to testify concerning the following topics:

### **Destruction or Unavailability of Underage User Data**

1.      Identify the full nature and extent of all Underage User Data collected or otherwise maintained by TikTok since January 1, 2019, including but not limited to:

    a.  A description of all such Underage Use Data;

    b.  All data provided by the user that is collected;

    c.  All data that is automatically collected by TikTok; and

    d.  A description and location or manner of storage of such Underage User Data, regardless of whether such Underage User Data has been deleted, lost, or otherwise destroyed.

2.      Identify all Underage User Data that has been destroyed, lost, or made unavailable since January 1, 2019, including but not limited to:

    a.  A description of all such Underage Use Data;

    b.  All data provided by the user that is collected;

    c.  All data that is automatically collected by TikTok; and

    d.  A description and location or manner of storage of such Underage User Data, regardless of whether such Underage User Data has been deleted, lost, or otherwise destroyed.

3.      Identify any and all third parties with whom TikTok shared or transmitted any Underage User Data that has since been destroyed, lost, or made unavailable by TikTok since January 1, 2019.

4.      For all Underage User Data that has been destroyed, lost, or has become otherwise unavailable since January 1, 2019, provide details regarding when such data was destroyed or lost, or became otherwise unavailable, how it was destroyed, lost, or became otherwise unavailable, who destroyed, lost, or made it otherwise unavailable, and why it was destroyed, lost, or became

otherwise unavailable.

5.      What efforts, if any, have been undertaken to try to locate, restore, or recreate destroyed or unavailable Underage User Data since January 1, 2019, including by whom and when those efforts were undertaken, if at all.

6.      When TikTok or any of its former or current employees or counsel or Agents first learned that any Underage User Data was destroyed, lost, or became otherwise unavailable since January 1, 2019.  This includes but is not limited to any and all law firms, lawyers, or e-discovery vendors hired by TikTok in relation to the Underage User Data.

7.      Who directed that the Underage User Data be destroyed, when such direction was given, when such files were actually destroyed, and when TikTok's counsel was informed of such destruction.

8.      All efforts made by TikTok to restore destroyed, lost, or otherwise unavailable Underage User Data since January 1, 2019.

### **Destruction or Unavailability of Documents, ESI-Containing Devices, and Communications Regarding Underage User Data**

9.      Identify all individual custodians and noncustodial sources from which Defendant or any vendor on its behalf has preserved, collected, or initiated collection of, potentially relevant hardcopy and/or ESI in connection with this litigation.

10.     Identify all custodial files, noncustodial sources, Documents, ESI-containing devices, or Communications related to Underage User Data that have been destroyed, lost, or made unavailable since January 1, 2019.

11.     Identify all individuals with responsibility for identifying, collecting, reviewing, maintaining, deleting, or otherwise working with the Underage User Data whose custodial files, ESI-containing devices, Documents, or Communications have been destroyed or lost, or have

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

become otherwise unavailable, since January 1, 2019, including but not limited to:

    a.    TikTok entity that employed the individual;

    b.    Dates of employment;

    c.    Reason for separation, if applicable;

    d.    Last Known location of their electronic and hardcopy personnel files;

    e.    Whether they used a cell phone, iPad, tablet, laptop, desktop computer, or other electronic device to communicate with other TikTok employees or to conduct work related to the Underage User Data; and

    f.    Last known employer and personal contact information.

12.    For each custodial file, noncustodial source, ESI-containing device, Document, or Communication that has been destroyed or lost, or has become otherwise unavailable since January 1, 2019, details regarding when such Documents or Communications were destroyed or lost, or became otherwise unavailable, how they were destroyed, lost, or became otherwise unavailable, who destroyed, lost, or made them otherwise unavailable, and why they were destroyed, lost, or became otherwise unavailable.

13.    For each custodial file, noncustodial source, ESI-containing device, Document, or Communication that has been destroyed, lost, or has become otherwise unavailable since January 1, 2019, details regarding whether similarly situated employees' files were also destroyed and, if not, why not.

14.    What efforts, if any, have been undertaken to try to locate, restore, or recreate destroyed or unavailable custodial files, noncustodial sources, ESI-containing devices, Documents, or Communications since January 1, 2019, including by whom and when those efforts were undertaken, if at all.

15.    When TikTok or any of its former or current employees or counsel or Agents first

learned that any custodial file, noncustodial source, ESI-containing device, Documents, or Communications related to the Underage User Data project was destroyed, lost, or became otherwise unavailable since January 1, 2019. This includes but is not limited to any and all law firms, lawyers, or e-discovery vendors hired by TikTok in relation to the Underage User Data.

16.  Who directed that the custodial files, noncustodial sources, ESI-containing devices, Documents, or Communications in question be destroyed, when such direction was given, when such files were actually destroyed, and when TikTok's counsel was informed of such destruction.

17.  Information and applicable policies concerning TikTok employees' use of electronic devices, including but not limited to cell phones, iPads, tablets, laptops, and desktop computers, to communicate with other TikTok employees or to conduct work related to the Underage User Data.

18.  TikTok's policies, or lack thereof, of routine backup, uploading, saving, maintaining, or otherwise storing Documents and Communications, including but not limited to Documents and Communications contained on employee cell phones, iPads, tablets, or other ESI-containing devices on the cloud, a server, or otherwise while such employees are employed by TikTok that would have been in effect or applicable on and after January 1, 2019.

19.  All efforts made by TikTok to restore destroyed, lost, or otherwise unavailable custodial files, noncustodial sources, ESI-containing devices, Documents, or Communications relating to the Underage User Data since January 1, 2019.

**Preservation, Retention, and Litigation Hold Policies Regarding the Underage User Data**

20.  All of TikTok's policies regarding Document and/or data retention, preservation, destruction, rolling deletion, and/or disposal in effect since January 1, 2019, including any

revisions and or amendments.

21.    All of TikTok's policies and system architecture regarding backup, uploading, saving, storing, maintaining, transferring, transmitting, migrating, archiving, and/or otherwise storing electronically stored information, including Underage User Data, in effect or applicable on and after January 1, 2019, including but not limited to:

    a.  How often such backups are run;

    b.  How and where the backups are stored and cataloged;

    c.  Whether the data on the backups are searchable

    d.  Whether any backups have ever been accessed, together with the particulars of such access;

    e.  Whether any backups have been converted to any other media or form; and

    f.  Whether any backups have been destroyed; and

    g.  If any data on backups has been destroyed or deleted, the standard operating procedure, policy, or rules for doing so in effect or applicable on or after January 1, 2019.

22.    All details relating to backup, data warehouse, or archival systems used to back up or archive Underage User Data, including those that are onsite, offsite, cloud-based, or maintained by third party vendors.

23.    All details relating to the destruction or retention of Underage User Data and electronic or paper files, custodial files, ESI-containing devices, Documents, or Communications since January 1, 2019, including but not limited to any order(s) or memo(s) directing destruction or retention.

24.    All details regarding the nature and extent to which TikTok's operational systems are designed to identify and delete Underage User Data, older data, data related to other

impermissible uses, or otherwise comply with legal requirements and other privacy principles, including the nature and extent of such legal requirements and privacy principles

25.    The capabilities of TikTok's relevant Document repository software, how Underage User Data is stored and/or maintained with that software, and reports that can be generated with that software.

26.    All repositories that contain potentially relevant information which TikTok purports are not accessible and the factual basis for that determination.

27.    The nature and extent of of Underage User Data that TikTok is able to preserve, including whether preservation of such data necessitates system and process modifications, and assessment of the feasibility, timeliness, cost, and other burdens associated with establishing and implementing appropriate preservation measures.

28.    All information regarding litigation holds that were put into place that would apply to Underage User Data, and electronic or paper files, custodial files, ESI-containing devices, Documents, or Communications relating the Underage User Data, since January 1, 2019, including:

a.    When and who issued the holds;

b.    When and who received the holds;

c.    The method(s) by which the litigation holds were transmitted or otherwise communicated;

d.    The kinds and categories of information and/or data Your current and/or former employees were instructed to preserve and collect;

e.    Any time period specifications or restrictions, if any, covered by the litigation hold(s);

f.    The specific actions or inactions Your current and/or former employees were

instructed to take to preserve and collect the information requested; and

g.   What was done to ensure compliance with the holds.

29.   All information regarding the decision to issue any litigation holds involving the Underage User Data, including all Documents and Communications regarding whether a litigation hold was necessary or required, and the results of those communications, up to and until such a litigation hold was put into place.

30.   The date that TikTok, or anyone operating on its behalf, at its insistence, or in its interest, contacted any lawyer or law firm in anticipation of the subject litigation or associated with the subject litigation.

31.   The date that TikTok, or anyone operating on its behalf, at its insistence, or in its interest, put any third party on notice of any potential litigation or the reasonable anticipation of litigation, either federal or state, involving Underage User Data.

32.   The date that TikTok, or anyone operating on its behalf, at its insistence, or in its interest, notified or caused to be notified any insurer, underwriter, or Agent regarding anything related to the subject litigation or anticipation of same, including but not limited to coverage issues relating to the subject litigation.

33.   You are also required to produce all documents responsive to the topics including herein, including, but not limited to, copies of document retention or preservation policies and communications setting forth litigation holds in effect and applicable to the Underage User Data, including electronic or paper files, custodial files, ESI-containing devices, Documents, or Communications relating the Underage User Data, since January 1, 2019.

///

///

///

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1

2  Dated May 1, 2025,                          Respectfully Submitted,

3                                              */s/ Bryan Aylstock (Authorized)*

4                                              Bryan F. Aylstock, Esq.
                                               **AYLSTOCK WITKIN KREIS**
5                                              **OVERHOLTZ PLLC**

6                                              17 East Main Street, Suite 200
                                               Pensacola, Florida 32502
7                                              Tel: 850-202-1010

8                                              Email: baylstock@awkolaw.com
                                               Email: nguntner@awkolaw.com
9

10                                             Counsel for Plaintiffs
                                               Scott Humbert on behalf of E.H. and J.H.,
11                                             Tonia Lightwine on behalf of B.L., Monroe
                                               Seigle on behalf of M.S.
12

13                                             */s/ Kiley Grombacher*

14                                             Kiley L. Grombacher, Esq.
                                               **BRADLEY/GROMBACHER LLP**
15                                             31365 Oak Crest Drive, Suite 240

16                                             Westlake Village, California 91361
                                               Tel: 866-881-0403
17                                             Email: kgrombacher@bradleygrombacher.com

18
                                               Counsel for Plaintiff
19                                             Nick McKissick on behalf of A.M.

20

21                                             */s/ Thomas Carmell (Authorized)*

22                                             Thomas P. Cartmell
                                               Eric Barton
23                                             Tyler W. Hudson

24                                             **WAGSTAFF & CARTMELL**
                                               4740 Grand Avenue, Suite 300
25                                             Kansas City, Missouri 64112

26                                             Tel: 816-701-1100
                                               Email: tcartmell@wcllp.com
27                                             Email: ebarton@wcllp.com

28                                             Email: thudson@wcllp.com

- 12 -

1

2 Counsel for Plaintiff
 Christina Middleton as guardian and next of
3 kin on behalf of A.B., individually and on
 behalf of all others similarly situated
4

5

6 */s/ Christopher Seeger (Authorized)*
 Christopher A. Seeger
7 Christopher L. Ayers
 Jennifer R. Scullion
8 **SEEGER WEISS LLP**
9 55 Challenger Road
 Ridgefield Park, New Jersey 07660
10 Tel: 888-546-8799
 Email: cseeger@seegerweiss.com
11 Email: cayers@seegerweiss.com
12 Email: jscullion@seegerweiss.com
13

14 Counsel for Plaintiff
 Kathleen Lanser as guardian and next of kin on
15 behalf of A.L.
16

17 /s/ *Jeffrey Ostrow (Authorized)*
 Jeffrey E. Ostrow
18 Kristen Lake Cardoso
19 **KOPELOWITZ OSTROW PA**
 One West Las Olas Boulevard, Suite 500
20 Fort Lauderdale, FL 33301
 Tel: 954-525-4100
21 Fax: 954-525-4300
22 Email: cardoso@kolawyers.com
 Email: ostrow@kolawyers.com
23

24 Counsel for Plaintiff
 J.O. H.T. A Minor, a minor child, by and
25 through Danaa Carrillo, her mother, and H.T.
26 A Minor, By and through her Legal Guardian,
 Milagro Almodovar
27

28

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Heather McElroy (Authorized)*
Michael Sacchet
Heather M McElroy
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Mpls, MN 55402
Tel: 612-361-8200
Email: hmm@ciresiconlin.com
Email: mas@ciresiconlin.com

Counsel for Plaintiff
Katherine R. Walters on behalf of L.W.


*/s/ Derek Loeser (Authorized)*
Derek Loeser
Cari Campen Laufenberg
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Email: claufenberg@KellerRohrback.com
Email: dloeser@kellerrohrback.com

Christopher Londergan Springer
**KELLER ROHRBACK L.L.P.**
801 Garden Street
Santa Barbara, CA 93101
805-456-1496
Email: cspringer@kellerrohrback.com

Counsel for Plaintiffs Tatiana Brodiski; Steven
Burda


*/s/ Matthew Stonestreet (Authorized)*
Troy Giatras
Matthew Stonestreet
**GIATRAS LAW FIRM**
118 Capitol Street Suite 400
Charleston, WV 25301
Tel: 304-343-2900

- 14 -

Fax: 304-343-2942
Email: troy@thewvlawfirm.com
Email: matt@thewvlawfirm.com

Counsel for Plaintiffs
Amanda Hinkle, A.H. *a minor*


*/s/ James Dugan (Authorized)*
James R. Dugan , II
David Scott Scalia
Monica M Vela-Vick
**DUGAN LAW FIRM PLC**
365 Canal St., Suite 1000
New Orleans, LA 70130
Tel: 504-648-0180
Fax: 504-648-0181
Email: jdugan@dugan-lawfirm.com
Email: dscalia@dugan-lawfirm.com
Email: monica@dugan-lawfirm.com

Roderick Alvendia
**ALVENDIA, KELLY & DEMARES**
909 Poydras St., Suite 1625
New Orleans, LA 70112
Tel: 504-618-1601
Email: rico@akdlalaw.com

Counsel for Plaintiff
Chantell Martin on behalf of T.M., Jacquelyn
Williams on behalf of K.P.

*/s/ Clayton Morris Conners (Authorized)*
Clayton Morris Connors
**LAW OFFICE OF CLAYTON M
CONNORS**
4300 Bayou Boulevard Suite 37
Pensacola, FL 32503
Tel: 850-473-0401
Email: cmc@westconlaw.com

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

Counsel for Plaintiff
Jonathan Riley on behalf of W.C.R., T.S.R.R.,
N.A.R., T.A.R., and N.J.R.


*/s/ Nicholas Mayfield (Authorized)*
Nicholas Ryan Mayfield
**THE GORI LAW FIRM PC**
156 N. Main Street
Edwardsville, IL 62025
Tel: 618-600-1166
Email: rmayfield@gorilaw.com

Counsel for Plaintiff Michael White on behalf
of K.L.W. and K.L.W.


/s/ *Joseph Osborne (Authorized)*
Joseph A. Osborne
**OSBORNE AND ASSOCIATES LAW
FIRM PA**
433 Plaza Real Suite 271
Boca Raton, FL 33432
Tel: 561-293-2600
Fax: 561-923-8100
Email: josborne@oa-lawfirm.com

Counsel for Plaintiff
Michael Luong on behalf of D.L.


/s/ *Justin Parafinczuk (Authorized)*
Justin Parafinczuk
**PARAFINCZUK WOLF LAW FIRM**
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel: 954-462-6700
Email: JParafinczuk@parawolf.com
Email: JParafinczuk@pwslawfirm.com

Counsel for Ramlawi-Benton

1

2          /s/ John Nelson (Authorized)
           Gary Klinger
3          John Nelson
4          **MILBERG COLEMAN BRYSON**
           **PHILLIPS GROSSMAN PLLC**
5          402 West Broadway Suite 1760
6          San Diego, CA 92101
           Email: jnelson@milberg.com
7

8          Heather Marie Lopez
           **MILBERG COLEMAN BRYSON**
9          **PHILLIPS GROSSMAN PLLC**
10         148 Dolphin Court
           American Canyon, CA 94589
11         Tel: 707-334-3727
12         Email: GKlinger@milberg.com
           Email: hlopez@milberg.com
13

14         Counsel for Plaintiff
           R.W. *a minor by and through their guardian*
15         *ad litem, Pamela Hancock,*

16

17         */s/ Charles Philip Hall (Authorized)*
           Charles Philip Hall
18         **PHIL HALL PA**
19         4300 Bayou Boulevard Suite 32
           Pensacola, FL 32503
20         Tel: 850-760-2156
21         Email: phil@askalawyerfirst.com

22         Counsel for Plaintiff Katrice Lindsey *on behalf*
23         *of* JDW, JYW and SMW

24

25         */s/ James Cecchi (Authorized)*
           James E. Cecchi
26         Jason H. Alperstein
           Jordan M. Steele
27         **CARELLA BYRNE CECCHI BRODY &**
28         **AGNELLO, P.C.**

1
2
3
4
5

5 Becker Farm Road
Roseland, New Jersey 07068
Tel: 973-994-1700
Email: jcecchi@carellabyrne.com
Email: jalperstein@carellabyrne.com
Email: jsteele@carellabyrne.com

6
7

Counsel for Plaintiff
J.R. *A Minor, by and through his legal guardian, Sal Rivera*

8
9

H.T. *A Minor, By and through her Legal Guardian, MILAGRO ALMODOVAR*

10
11

*/s/ Thomas Pirtle (Authorized)*

12
13
14
15

Thomas W. Pirtle
**LAMINACK PIRTLE & MARTINES**
5020 Montrose Boulevard, 9th Floor
Houston, TX 77006
Tel: 713-292-2750
Email: tomp@lpm-triallaw.com

16
17
18
19

Counsel for Plaintiffs
Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., Monroe Seigle on behalf of M.S.,

20
21
22
23
24
25
26
27
28

*/s/ Andre Mura (Authorized)*
Andre M. Mura
Steve Lopez
Hanne Jensen
Anna J. Katz
**GIBBS MURA LLP**
1111 Broadway Street, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
Email: amm@classlawgroup.com
Email: sal@classlawgroup.com

- 18 -

Email: hj@classlawgroup.com
Email: ajk@classlawgroup.com

Attorneys for Plaintiffs Green, on behalf of
S.V., and Vazquez, on behalf of J.B., and the
Proposed Classes