DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:  +1 202 383 5300
Facsimile:   +1 202 383 5414

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:  +1 415 984 8700
Facsimile:   +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd.,*
*ByteDance Inc., TikTok Ltd., TikTok Inc.,*
*TikTok LLC, TikTok Pte. Ltd., and*
*TikTok U.S. Data Security Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: TikTok, Inc. Minor Privacy Litigation | Case No. 2:25-ml-03144-GW-RAO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF OPPOSED EX PARTE APPLICATION FOR TEMPORARY SUSPENSION AND CLARIFICATION OF PRESERVATION ORDER** |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................ 1

II.    ARGUMENT ................................................................................. 2

    A.    Defendants Are Required to Delete Underage User Data. ................... 2

    B.    Other Litigation Does Not Impose the Preservation Obligations Plaintiffs Seek Here. ............................................................... 5

    C.    Defendants Have Taken Substantial Efforts to Preserve Relevant Information............................................................... 7

    D.    Defendants Need Additional Time to Assess How to Preserve Underage User Data. ............................................................... 8

III.    CONCLUSION .............................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Feindt v. United States*,
  2023 WL 8650190 (D. Haw. Dec. 14, 2023) .....................................................4, 9

*Griffith v. TikTok Inc.*,
  No. 5:23-cv-00964-SB-E (C.D. Cal.),............................................................5

*Jones v. Google LLC*,
  73 F.4th 636 (9th Cir. 2023) .................................................................3

*Rodriguez v. Google, LLC*,
  2021 WL 8085492 (N.D. Cal. Dec. 1, 2021) ....................................................3, 9

**Statutes & Regulations**

15 U.S.C. § 6502(a)(1) ......................................................................2

16 C.F.R. § 312.10...........................................................................3

**Rules**

Fed. R. Civ. P. 26(b)(1) ....................................................................4

Fed. R. Civ. P. 37(e) .......................................................................4

**Other Authorities**

FTC, *Complying With COPPA: Frequently Asked Questions* (July
  2020), https://www.ftc.gov/business-
  guidance/resources/complying-coppa-frequently-asked-questions ....................3

## I.    INTRODUCTION

Plaintiffs' oppositions miss the point.  Defendants' application for *ex parte* relief does not claim that Defendants are incapable of preserving relevant data or that any preservation measures are off limits.  Rather, Defendants' point is that fashioning an appropriate preservation order is vastly more complicated than Plaintiffs blithely assert and requires study, investigation, and time.  As the Department of Justice ("DOJ") is fully aware, for years Defendants have been building out and implementing systems to ensure that when an under-13 user on the 13+ Experience is identified, Defendants delete data associated with that account (hereinafter, "Underage User Data").  Defendants do so not only to comply with COPPA, but also with the stipulated order entered in *United States v. Musical.ly*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019), ECF No. 10 ("2019 Stipulated Order"); Supplemental Declaration of Daniel M. Petrocelli ("Supp. Petrocelli Decl."), Ex. D.

As set out in more detail below, Plaintiffs' contentions that the 2019 Stipulated Order or the DOJ's civil case imposed obligations that Defendants *preserve* Underage User Data are indefensible—both the Order and the DOJ's complaint specifically demand the *deletion* of such data.  *See* 2019 Stipulated Order at 8 (requiring Defendants to "[d]estroy all personal information … that is associated with [under-13] user accounts"); Complaint, *United States v. ByteDance*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024), ECF No. 1 ("DOJ Compl.") ¶ 118 (accusing Defendants of "failing to timely delete personal information collected from children").

At this stage, Defendants' application simply seeks the necessary time to investigate how to comply with a preservation order that honors their legal obligations, is tailored to this lawsuit, and allows for reasonable measures that can be maintained for the life of this case.  Contrary to Plaintiffs' uninformed views, preserving specified data from a platform with over a billion users worldwide in a

1  manner that precludes further access to and use of the data is an exceedingly

2  complex process, made all the more so given that the platform is obligated under

3  federal law to delete the very data that Plaintiffs claim should be preserved.

4      Plaintiffs make no showing that additional time is unreasonable or

5  improper.  Indeed, Plaintiffs themselves could not agree on the appropriate

6  approach to addressing preservation issues in this case—they were forced to file

7  two briefs expressing different positions on how the Court should resolve this

8  dispute.  Nearly all Plaintiffs took the position that the Court should not decide this

9  issue "based on barebones briefing, no argument, and scarce time for reflection."

10  ECF No. 20 at 2.  Defendants agree: the Court should give the parties until the end

11  of May to get clarity on the scope of preservation in this case and proceed with a

12  plan that makes sense for all involved.

13  **II.    ARGUMENT**

14      **A.    Defendants Are Required to Delete Underage User Data.**

15      Plaintiffs contend that Defendants have had a "long standing duty" to

16  preserve Underage User Data.  ECF No. 20 at 2-3; ECF No. 21 at 6-7.  That is

17  wrong for two reasons.  ***First***, contrary to Plaintiffs' sweeping and unsupported

18  assertions, both COPPA and the 2019 Stipulated Order require Defendants to delete

19  Underage User Data.  As Plaintiffs well know, it is a violation of COPPA to fail to

20  delete Underage User Data once Defendants identify the account as belonging to a

21  user under the age of 13.  *See, e.g.*, *J.C. v. ByteDance Ltd.*, No. 2:24-cv-06784

22  (C.D. Cal. Jan. 15, 2025), ECF No. 73 ("*J.C.* Compl.") ¶ 15; *J.R. v. ByteDance Inc.*,

23  No. 2:25-cv-03394 (C.D. Cal. Mar. 25, 2025), ECF No. 1 ¶¶ 106-18.  COPPA

24  generally prohibits website operators from "collect[ing] personal information from

25  a child" without notice and parental consent.  15 U.S.C. § 6502(a)(1).  To the extent

26  any website operator obtains personal information from an under-13 user, it "must

27  delete [that] information using reasonable measures to protect against unauthorized

28  access to, or use of, the information in connection with its deletion."  16 C.F.R.

§ 312.10.[1]  In short, COPPA and the COPPA Rule make plain that Defendants have an obligation under federal law to delete Underage User Data.

In line with COPPA's requirements, the 2019 Stipulated Order enjoins Defendants from violating COPPA including by "[r]etaining personal information for longer than is reasonably necessary to fulfill the purpose for which the information was collected."  Supp. Petrocelli Decl., Ex. D at 8.  Plaintiffs know that too.  *See, e.g.*, *J.C.* Compl. ¶ 8; *H.T. v. ByteDance Inc.*, No. 1:25-cv-03399 (C.D. Cal. Mar. 25, 2025) ¶ 6.  To comply with the 2019 Stipulated Order and COPPA, and in close coordination with DOJ, Defendants have—for years—been implementing systems to identify and delete Underage User Data collected from users, such as the Plaintiff classes, who misrepresent their age to access the 13+ Experience.

Plaintiffs' unqualified demand that their state law claims obligate Defendants to preserve *all* Underage User Data is in direct disregard—if not defiance—of Defendants' mandatory obligation under federal law to delete *all* such data.[2]  This inherent conflict is precisely why Defendants require a preservation order that takes into account these competing obligations, is carefully tailored and reasonable in scope, and recognizes preservation limitations and burdens, especially dealing with voluminous machine data.  *See, e.g.*, *Rodriguez v. Google, LLC*, 2021 WL 8085492, at *2 (N.D. Cal. Dec. 1, 2021) (Google's retention policy for app usage data was reasonable and noting that the Federal Rules "do[] not call for perfection

---

[1] *See also* FTC, *Complying With COPPA: Frequently Asked Questions* (July 2020), https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions ("Operators covered by the [COPPA] Rule must … [r]etain personal information collected online from a child for only as long as is necessary to fulfill the purpose for which it was collected and delete the information using reasonable measures to protect against its unauthorized access or use.").

[2] Plaintiffs' claims are all based on alleged violations of state law.  Plaintiffs are barred from suing directly under COPPA because "COPPA does not authorize a private right of action."  Only the FTC and state attorneys general are authorized to sue under the statute.  *Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023).  Instead, Plaintiffs bring state privacy, unfair competition, and unjust enrichment theories.  *See, e.g.*, *J.C.* Compl. ¶¶ 334-603.

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

in preserving ESI," only "reasonableness," and "whether preservation is reasonable depends on whether what was done—or not done—was proportional to [the] case." (quotations and citations omitted) (last alteration in original)); *Feindt v. United States*, 2023 WL 8650190, at *7 (D. Haw. Dec. 14, 2023) (courts are "urge[d] … to consider proportionality in evaluating the reasonableness of preservation efforts and to be 'sensitive to party resources' because 'aggressive preservation efforts can be extremely costly . . . .'" (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment)); *see also* Fed. R. Civ. P. 37(e) (recourse for failure to preserve electronically stored information available only if "a party failed to take *reasonable* steps to preserve it" (emphasis added)); Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("The *parties and the court* have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes" (emphasis added)).

**Second**, and relatedly, Plaintiffs' position that *all* Underage User Data is discoverable and hence must be preserved goes far beyond the bounds of reasonableness and proportionality.  *See* ECF No. 20 at 5.[3]  As explained by Ms. Yeh, Defendants delete thousands of accounts with Underage User Data every single day.  ECF No. 19-2 ¶ 10.  Plaintiffs cannot credibly contend that virtually limitless data is required to litigate their claims.  Indeed, in a lawsuit brought against TikTok entities for their data collection practices, another court in this District concluded "that a one-day sample" of a subset of data, not "all data collected," was "relevant and proportional to the needs of the case."  *See Griffith v. TikTok Inc.*, No. 5:23-cv-00964-SB-E (C.D. Cal.), ECF No. 78 at 1; *see also id.*, ECF No. 283 at 1-2.

---

[3] Plaintiffs have suggested, both in their briefing and in their April 22, 2025 preservation letter to Defendants, that TikTok needs to preserve all user data for this lawsuit, even data unrelated to under 13 users.  *See* ECF No. 21 at 7-8.  This sort of blunderbuss request is not appropriate for a lawsuit directed at only a small subset of the TikTok platform's users.

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

**B.    Other Litigation Does Not Impose the Preservation Obligations Plaintiffs Seek Here.**

Next, Plaintiffs suggest that Defendants should have "long had reason to anticipate" the obligation to preserve data related to the accounts of users under the age of 13 because of "an unfolding series of lawsuits over [Defendants'] collection, retention, and use of personal data from children under 13." ECF No. 20 at 4-5. Again, Plaintiffs are incorrect. None of the past lawsuits that Plaintiffs identify—the *Musical.ly* action, DOJ's civil case, the social media addiction MDL, or the New Hampshire AG's case—imposed anything like the sweeping preservation obligations Plaintiffs now claim.

***First***, Plaintiffs contend that, because the FTC's enforcement suit in *Musical.ly* "more than six years ago" made "strikingly similar" allegations to this case, Defendants were "on notice of [their] preservation obligations with respect to the same data at issue here." ECF No. 20 at 4. That argument has it exactly backwards. As already explained, the 2019 Stipulated Order that resolved the *Musical.ly* action explicitly required Defendants to *delete* Underage User Data, not preserve it. *See* 2019 Stipulated Order at 8 ("[d]estroy all personal information … that is associated with [under-13] user accounts").

The same is true of DOJ's civil lawsuit. As in the *Musical.ly* action, the DOJ's core allegation in their Complaint is that Defendants "[f]ail[ed] to delete personal information collected from children," not failed to preserve it. DOJ Compl. ¶ 118; *see also, e.g.*, *id.* ¶¶ 93-96. Likewise, in the parties' Rule 26(f) report filed with the Court in December of last year, DOJ contended that Defendants "failed to comply" with deletion requests, while Defendants explained that they were taking steps to "remove users who misrepresent their age," that its policies were to "remove the account" when a suspected child user is identified, and that Defendants "honor deletion requests in a manner that complies with COPPA." Supp. Petrocelli Decl., Ex. C at 2-3. The DOJ has not contended that

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

Defendants are required to preserve Underage User Data. *Id.* ¶ 3.[4]

Plaintiffs, whose claims in this case are a cut and paste of DOJ's allegations,[5] were at least constructively aware, if not actually aware, of these positions, including that Defendants engage in extensive efforts to delete Underage User Data when such accounts are identified, and that the entire purpose of the DOJ's action is to compel Defendants to implement practices that DOJ submits are more effective at identifying *and deleting* the data Plaintiffs now contend Defendants were required to preserve. *Compare*, *e.g.*, DOJ Compl. ¶ 118 ("failing to timely delete personal information collected from children"), *with* Pls' Opp. to Defs' Ex Parte App., ECF No. 20 at 1 (claiming that Defendants must preserve "data related to accounts of users under the age of 13").

*Second*, Plaintiffs' assertion that the social media addiction MDL required Defendants to preserve Underage User Data is also wrong. According to Plaintiffs, Defendants were required to preserve here "the same data" at issue there because the social media addiction MDL "alleged violations of COPPA due to TikTok's unlawful collection, retention, and profitable use of children's data." ECF No. 20 at 4. But the vast majority of allegations in the social media addiction MDL have nothing to do with COPPA,[6] and the limited sets of user data that Defendants have

---

[4] When asked about the preservation of Underage User Data at the April 28, 2025 status conference, counsel for the government stated: "Our position is that the defendants should comply with [C]OPPA and the obligation to whatever COPPA requires them to do, that's what they should be doing." ECF No. 19-1, Ex. A, Tr. 15:18-22. Counsel recognized that, if Defendants' COPPA obligations were in tension with their preservation obligations, "more specific information" would be required, and that it would "be difficult to take a position … in the abstract." *Id.* at 15:23-16:4.

[5] *Compare*, *e.g.*, DOJ Compl. ¶¶ 40-51 (allegations based on age gate), 52-60 (allegations based on data collection in Kids Mode), 61-76 (allegations based on parental deletion requests), 77-111 (allegations based on content moderation), *with J.C.* Compl. ¶¶ 88-99 (age gate), 100-108 (Kids Mode), 109-120 (parental deletion requests), 121-44 (content moderation).

[6] *See* Pls.' Am. Master Compl. (Personal Injury), *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-3047 (N.D. Cal. Dec. 15, 2023), ECF No. 494 (in a complaint with 18 distinct claims, each with multiple

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

been preserving in that MDL (1) applied only to ~4,800 accounts, (2) regarded only specific types of data, not "all" user data, and (3) with perhaps only a handful of exceptions, applied to accounts from users over 13 whose data were not subject to COPPA's requirements for mandatory deletion and prevention of further access or use. Supp. Petrocelli Decl. ¶¶ 6-7. Plaintiffs' erroneous assertion that the social media addiction MDL required preservation of all Underage User Data is surprising because Plaintiffs' counsel—a number of whom also represent plaintiffs in the social media addiction MDL[7]— have known for years that Defendants were preserving data of specifically-identified accounts, very few of which were subject to COPPA, and were preserving specific types of data, *not* all user data. *Id.*

*Finally*, Plaintiffs argue that the litigation in *New Hampshire v. TikTok*, No. 217-2024-CV-00399 (N.H. Sup. Ct., June 25, 2024), like the DOJ action, raises "exceedingly similar allegations" and likewise would have put Defendants on notice of their preservation obligations here. ECF No. 20 at 4. But if New Hampshire's litigation raises "exceedingly similar allegations" as the DOJ's case, Plaintiffs could not have expected the preservation that they seek here for the same reason that they could not have expected it based on the DOJ's case.

### C.    Defendants Have Taken Substantial Efforts to Preserve Relevant Information.

Defendants have already taken extensive efforts to preserve data and documents in connection with this litigation. Defendants have in place a comprehensive litigation hold for all of the private class actions that preserves broad categories of documents for custodians across the company, and covers

---

theories of liability, asserting a violation of COPPA as just one theory of a consumer protection claim and one theory of a negligence per se claim).

[7] Those nine firms—all of which signed on to an Opposition to Defendants' application—are Gibbs Mura LLP; Aylstock Witkin Kreis Overholtz PLLC; Wagstaff & Cartmell; Seeger Weiss LLP; Kopelowitz Ostrow PA; Keller Rohrback L.L.P.; Dugan Law Firm PLC; Milberg Coleman Bryson Phillips Grossman PLLC; and Carella Byrne Cecchi Brody & Agnello, P.C.

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

relevant policies, internal emails, and Lark chats.[8]  And while Defendants delete Underage User Data when they identify underage accounts, pursuant to Section VIII of the 2019 Stipulated Order in the *Musical.ly* action, Supp. Petrocelli Decl., Ex. D at 14, Defendants maintain a record of those deletions.  *Id.* ¶¶ 4-5.

Defendants have also sought to work with Plaintiffs to preserve data associated with their accounts, to the extent that data still exists.  Such accounts and their data would exist for underage Plaintiffs who managed to evade Defendants' processes for identifying and deleting Underage User Data.  Furthermore, those Plaintiffs have at their disposal and can utilize Defendants' Download Your Data tool to preserve data associated with their accounts.  *Id.* ¶ 9.  This feature would allow Plaintiffs to download on their personal devices and preserve a range of data for their own accounts, including data reflecting personal information, followers, followed accounts, a user's posts, likes, comments, favorites, browsing history, and direct messages.  *Id.* ¶ 9 & Ex. F.

Defendants have asked Plaintiffs for the usernames associated with their accounts to ascertain whether their accounts do still exist, so Defendants can identify and properly preserve information relating to those accounts.  *Id.* ¶ 8.  So far, Plaintiffs have refused to provide that information.  *Id.* ¶ 10.  Nor have they disclosed whether they used the Download Your Data tool to preserve their own data.  *Id.*

**D.    Defendants Need Additional Time to Assess How to Preserve Underage User Data.**

Plaintiffs' remaining arguments that Defendants do not need time to investigate how to preserve Underage User Data are equally without merit.  ***First***, Plaintiffs say that "[n]o further investigation should be necessary for TikTok to 'understand' where [Underage User Data] resides, as it has been legally obligated to

---

[8] Lark is an internal communications platform used by Defendants.

know the answers to these questions for years," under the 2019 Stipulated Order

and pursuant to the FTC's subsequent investigation.  ECF No. 20 at 6-8.  But

learning where data is stored and how to delete it was a years-long process having

nothing to do with preservation—preservation is the opposite of what Defendants'

Underage User Data processes are designed to do.  Further investigation is indeed

"necessary for TikTok to 'understand'" how to preserve information in this

case.  *Id.*

   That leads to Plaintiffs' ***second*** flawed point: that Defendants' existing

deletion process for Underage User Data "can … ensure preservation in this

litigation alone."  ECF No. 20 at 9.  Contrary to Plaintiffs' and their "expert's"

speculative assertions,[9] there are no known mechanisms to simply pause deletion of

all Underage User Data.  ECF No. 19-2 ¶ 12.  So Defendants need time to

determine the extent to which it is possible to identify, capture, and store Underage

User Data.  *Id.* ¶¶ 12-14.  This also entails an assessment of the burdens in

designing and implementing new system and process changes that operate in a

manner compliant with Defendants' other privacy obligations.  *Id.* ¶¶ 13-15.  Part of

this process will necessarily require identifying specific types of Underage User

Data for potential preservation, since attempting to preserve unlimited data (if even

possible) would impose extraordinary burdens, not to mention that preserving many

types of data would have no bearing on any aspect of Plaintiffs' claims.  *Rodriguez*,

2021 WL 8085492, at *2; *Feindt*, 2023 WL 8650190, at *7.  Thousands of accounts

associated with suspected under 13 users are deleted every day, ECF No. 19-2 ¶ 10,

and storing certain types of voluminous data (i.e., videos) will be significantly more

burdensome than storing other types of data.  Defendants need time—and

reasonable cooperation from Plaintiffs' counsel, to see what is feasible.

---

[9] Plaintiffs' expert witness, Douglas Forrest, has no experience with or
understanding of any of Defendants' systems.

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

1    For example, in the social media addiction MDL, Defendants have preserved

2  limited sets of data from approximately 4,800 specifically-identified accounts,[10]

3  and even that has required enormous time and resources.  Supp. Petrocelli Decl.

4  ¶ 7.  Unlike nearly all of the user data preserved in the social media addiction MDL,

5  to the extent specific types of relevant Underage User Data can be preserved,

6  Defendants must take steps to segregate that data from their systems and processes

7  to prevent further access to and processing of that data in connection with

8  Defendants' normal business operations.  ECF No. 19-2 ¶ 14.  Failing to do so

9  would be a violation of COPPA.  16 C.F.R. § 312.10 (To the extent any website

10 operator obtains personal information from an under-13 user, it "must delete [that]

11 information using reasonable measures to protect against unauthorized access to, or

12 use of, the information in connection with its deletion.").

13    ***Finally,*** Plaintiffs claim that because Defendants asked Plaintiffs for the

14 usernames associated with their accounts to preserve data, they must be able to

15 identify and preserve data associated with the entire putative class.  Defendants do

16 not even have the username information for the named Plaintiffs, let alone the

17 entire putative class.  And as explained, that information would be useful only for

18 those underage accounts that have evaded detection and remain active. Defendants

19 must be able to preserve whatever data remains of the named Plaintiffs now.  ECF

20 No. 21 at 7-8.

21                                    * * *

22    Defendants do not wish to be in violation of any order of this Court, but for

23 all the reasons explained, they cannot possibly comply with the April 28 Order in

24 its current form.   We require and request more time to figure out what is feasible

25 and reasonable, and to come back to the Court with a proposal clarifying precisely

26

27 [10] There are not 4,800 plaintiffs in the social media addiction MDL, but Defendants
   have been preserving data associated with accounts of both plaintiffs and those
28 identified as potential plaintiffs.

10

1    what our obligations are and how we can meet them.  This involves a coordinated

2    effort among engineers, technicians, operators, and many others from numerous

3    teams across TikTok.[11]  A brief 30-day pause to allow Defendants to investigate

4    causes no harm—the data that was already deleted pursuant to COPPA is gone,

5    and the only data that remains to be preserved is for the accounts of Plaintiffs and

6    class members—all of whom misrepresented their ages to access the

7    13+Experience—who have still managed to evade detection and deletion.

8    **III.    CONCLUSION**

9        Defendants respectfully request that the Court suspend and/or modify its

10   Order until May 29, 2025 and permit Defendants to file a proposal for data

11   preservation to supersede the Order by May 23, 2025, and, assuming that they do

12   not agree with Defendants' proposal, permit Plaintiffs to file a response by May 27,

13   2025.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[11] It is for this reason that some Plaintiffs' proposal of a 30(b)(6) deposition is not
currently feasible.  It will take more time to either (1) determine the right
representative for each of the deposition topics or (2) educate one person on all
topics than what Plaintiffs have proposed

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

1    Dated:       May 4, 2025              Respectfully submitted,

2

3                                          By:   /s/ Daniel M. Petrocelli
                                                    Daniel M. Petrocelli
4
                                           DANIEL M. PETROCELLI
5                                          dpetrocelli@omm.com
                                           O'MELVENY & MYERS LLP
6                                          1999 Avenue of the Stars
                                           Los Angeles, California 90067-6035
7                                          Telephone:  +1 310 553 6700
                                           Facsimile:   +1 310 246 6779
8
                                           STEPHEN D. BRODY
9                                          sbrody@omm.com
                                           O'MELVENY & MYERS LLP
10                                         1625 Eye Street, NW
                                           Washington, D.C. 20006-4001
11                                         Telephone:  +1 202 383 5300
                                           Facsimile:   +1 202 383 5414
12
                                           MATTHEW D. POWERS
13                                         mpowers@omm.com
                                           O'MELVENY & MYERS LLP
14                                         Two Embarcadero Center, 28th Floor
                                           San Francisco, California 94111-3832
15                                         Telephone: +1 415 984-8700
                                           Facsimile: +1 415 984-8700
16
                                           *Attorneys for Defendants ByteDance Ltd.,*
17                                         *ByteDance Inc., TikTok Ltd., TikTok Inc.,*
                                           *TikTok LLC, TikTok Pte. Ltd., and TikTok*
18                                         *U.S. Data Security Inc.*

19

20

21

22

23

24

25

26

27

28

                                    12

1

**CERTIFICATE OF SERVICE**

I certify that on May 4, 2025, I electronically filed the foregoing with the

Clerk of Court using CM/ECF, which automatically services all counsel of record

for the parties who have appeared.


Dated: May 4, 2025                                            */s/ Daniel M. Petrocelli*
                                                               Daniel M. Petrocelli

REPLY IN SUPPORT OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO