1    DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2    O'MELVENY & MYERS LLP
     1999 Avenue of the Stars
3    Los Angeles, California 90067-6035
     Telephone:  +1 310 553 6700
4    Facsimile:   +1 310 246 6779

5    STEPHEN D. BRODY (*pro hac vice*)
     sbrody@omm.com
6    O'MELVENY & MYERS LLP
     1625 Eye Street, NW
7    Washington, D.C. 20006-4001
     Telephone:  +1 202 383 5300
8    Facsimile:   +1 202 383 5414

9    MATTHEW D. POWERS (S.B. #212682)
     mpowers@omm.com
10   O'MELVENY & MYERS LLP
     Two Embarcadero Center
11   San Francisco, CA 94111
     Telephone:  +1 415 984 8700
12   Facsimile:   +1 415 984 8701

13   *Attorneys for Defendants ByteDance Ltd.,*
     *ByteDance Inc., TikTok Ltd., TikTok Inc.,*
14   *TikTok LLC, TikTok Pte. Ltd., and*
     *TikTok U.S. Data Security Inc.*

15

16                    **UNITED STATES DISTRICT COURT**

17                    **CENTRAL DISTRICT OF CALIFORNIA**

18

19                                          | Case No. 2:25-ml-03144-GW-RAO
20                                          |
     In Re: TikTok, Inc. Minor Privacy      | **SUPPLEMENTAL**
21   Litigation                             | **DECLARATION OF DANIEL M.**
                                            | **PETROCELLI IN SUPPORT OF**
22                                          | **DEFENDANTS' OPPOSED EX**
                                            | **PARTE APPLICATION FOR**
23                                          | **TEMPORARY SUSPENSION AND**
                                            | **CLARIFICATION OF**
24                                          | **PRESERVATION ORDER**
25

26

27

28

### DECLARATION

I, Daniel M. Petrocelli, declare as follows:

1.      I am an active member of the Bar of the State of California and a partner at the law firm O'Melveny & Myers LLP, counsel for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, "Defendants").

2.      I have personal knowledge of the facts stated in this declaration, except for those matters stated on information and belief, and if called upon to do so, I could and would so testify.  I submit this declaration in support of Defendants' Opposed Ex Parte Application for Temporary Suspension of this Court's Preservation Order.

3.      I am counsel for Defendants in *United States v. ByteDance Ltd.*, No. 2:24-cv-06535-GW-RAO (C.D. Cal. Aug. 2, 2024).  Parties in that case submitted a Rule 26(f) Joint Report on December 5, 2024, attached hereto as **Exhibit C**, and have met and conferred on discovery issues.  Neither party has taken the position that Defendants are required to preserve all data associated with accounts that they identify as belonging to users under the age of 13.

4.      Prior to the government's suit in *United States v. ByteDance*, the government brought suit against Defendants' predecessor entity, Musical.ly. Attached hereto as **Exhibit D** is the stipulated order resolving the case in *United States v. Musical.ly*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019).

5.      As part of the recordkeeping process under the *Musical.ly* stipulated order, Defendants maintain certain records associated with their deletion of Underage User Data.

6.      Separately, upon my information and belief, in *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*, No. 4:22-md-03047 (N.D. Cal. Oct. 6, 2022), only a handful of plaintiffs were under the age of 13 when the litigation was filed.

7.      In the social media addiction MDL, the parties have met and conferred numerous times regarding Defendants' data preservation efforts, and Defendants have informed plaintiffs that Defendants are only preserving certain data associated with "User account(s) **associated with Individual Plaintiffs**."  Defendants informed Plaintiffs that they have not preserved data of "TikTok users **not involved in this Litigation**."  Attached hereto as **Exhibit E** is a true and correct copy of correspondence related to data preservation from Defendants to plaintiffs in that litigation.  It is my understanding that, in that litigation, Defendants have preserved data associated with approximately 4,800 accounts, and doing so has required significant time and resources.

8.      Since Plaintiffs in this litigation are anonymous, Defendants' counsel sent an email to Plaintiffs' counsel asking for the usernames associated with Plaintiffs' accounts to ascertain whether Plaintiffs' accounts still exist so Defendants can identify and properly preserve information relating to the accounts.

9.      In that correspondence, Defendants also informed Plaintiffs of Defendants' Download Your Data feature.  Attached as **Exhibit F** is a true and correct copy of the types of data that are available to download if a TikTok user uses Defendants' Download Your Data tool, the instructions for which are available online.[1]

10.     Thus far, Plaintiffs have refused to provide Defendants with their usernames, any other information that would allow Defendants to identify and preserve their user data, or any indication that Plaintiffs have attempted to use the Download Your Data feature.

---

[1] Requesting your data, TikTok, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data.

SUPP. PETROCELLI DECL. ISO OF
EX PARTE APPLICATION
NO. 2:25-ML-03144-GW-RAO

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    Executed May 4, 2025 in Los Angeles, California

4

5                                              By:    */s/ Daniel M. Petrocelli*
                                                      Daniel M. Petrocelli
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPP. PETROCELLI DECL. ISO OF
                                                                              EX PARTE APPLICATION
                                                                              NO. 2:25-ML-03144-GW-RAO

# **Exhibit C**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BYTEDANCE LTD. *et al.*,<br><br>Defendants. | No. 2:24-cv-06535-ODW-RAO<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hearing Date: December 16, 2024<br>Time: 1:30 p.m. |

Plaintiff the United States of America (the "Government"), and Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. ("Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and this Court's October 28, 2024, Order (ECF No. 34), hereby file their joint scheduling report addressing discovery and other pretrial issues.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the following attorneys appeared telephonically to meet and confer on October 9, 2024: Ben Cornfeld and Marcus Smith, undersigned counsel for the United States; and Daniel M. Petrocelli, Stephen McIntyre, and Stephen D. Brody, undersigned counsel for Defendants.

# I.     Synopsis of the Principal Issues in the Case (*see* ECF NO. 34 at 3 ¶ 1):

*Government's Position*: The Government brings this action against Defendants, owners and operators of the popular social media app TikTok, for violations of the Children's Online Privacy Protection Act, 15 U.S.C. 6501 *et seq*., and associated Rule, 16 C.F.R. pt. 312. Among other things, COPPA requires operators of online platforms that are either (i) directed to children under the age of 13 or (ii) who obtain actual knowledge that they are collecting personal information from children, to obtain verifiable parental consent before collecting or using children's personal information. It also requires them to honor parental requests to delete their children's data. The Government alleges that, from 2019 to the present, Defendants knowingly permitted children under 13 to create and use TikTok accounts without their parents' consent, collected extensive personal information (including names, phone numbers, email addresses, and video recordings) from those children, and failed to comply with parents' requests to delete their children's accounts and personal information. Even for users in Kids Mode, a pared-back version of the app designed for children under the age of 13, Defendants unlawfully collected personal information without parental consent. Defendants engaged in this conduct despite being subject to an injunction, issued by this Court, restraining them from committing COPPA violations. *See United States v. Musical.ly*, Case No. 2:19-cv-01439-ODW (RAO), ECF No. 10 (Mar. 27, 2019), at § I. Defendants also failed to comply with the Injunction's requirement that they maintain all records necessary to demonstrate full compliance with COPPA and COPPA Rule. *See id.* at § VIII.

Principal issues in this case include whether Defendants unlawfully collected or used personal information from children without required parental consent and whether Defendants failed to comply with parental requests that Defendants delete their children's data.

2

*Defendants' Position*: TikTok[1] denies the Government's claims in all respects.

The TikTok platform is an online entertainment media platform that enables users aged 13 and up to create, share, and view videos. More than 170 million Americans use the TikTok platform every month to share their talents, skills, passions, and ideas. Businesses large and small use the platform to showcase products and services, tell their brand stories, connect with their target audiences, and engage in commercial activity that helps drive the American economy.

TikTok safeguards its platform for all users, including children and families. To that end, among other protections, TikTok does not allow users under the age of 13 to access the portion of the TikTok platform that is directed to users who are 13 and older (the "13+ Experience"). Instead, users who represent that they are under 13 years old are offered a separate experience that is specifically designed for them to experience the platform in an age-appropriate manner (sometimes known as "Kids Mode"). TikTok limits the personal information collected from Kids Mode users, consistent with the Children's Online Privacy Protection Act ("COPPA").

TikTok has implemented extensive systems and processes designed to proactively identify and remove users who misrepresent their age. When TikTok identifies a suspected child user, its policy is to remove the account. Likewise, when a parent or guardian requests the deletion of a child's account, TikTok honors the request in a manner that complies with COPPA. TikTok's systems and processes not only meet but exceed the requirements of COPPA and the Stipulated Order entered in *United States v. Musical.ly.*, No. 2:19-cv-01439-ODW (RAO).

As this action will confirm, TikTok has complied with COPPA and the Stipulated Order in protecting children under 13 and safeguarding the TikTok platform. There is no basis for granting the relief the Government seeks.

---

[1] As used in Defendants' Synopsis of the Principal Issues in the Case, "TikTok" refers to Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.

## II. Items Required by Federal Rule of Civil Procedure 26(f)

### A. Initial Disclosures (Rule 26(f)(3)(A))

The Parties exchanged initial disclosures on November 15, 2024.

### B. Subjects of Discovery (Rule 26(f)(3)(B))

*Government's Position*: The Government contends that discovery may be needed on the following topics for the relevant timeframe (March 2019-present):

- Defendants' corporate organization, management, controllers, employees, and witnesses;
- Design and use of Defendants' age gate;
- Defendants' knowledge or identification of accounts held by underage users (i.e., children under the age of 13);
- Defendants' content moderation policies and practices as applied to accounts suspected to belong to underage users;
- Defendants' collection, retention, use, sharing, and deletion of data from users in the Kids Mode experience;
- Defendants' collection, retention, use, sharing, and deletion of data from underage users in the regular TikTok experience;
- Defendants' provision of notice to parents and obtaining of verifiable parental consent for the collection, retention, use, and sharing of data from underage users;
- Parental account deletion requests, responses, and Defendants' related policies and practices;
- Third party account deletion requests, responses, and Defendants' related policies and practices;
- Defendants' privacy policies and practices for TikTok's Kids Mode and regular experiences, and Defendants' provision of notice to parents of these policies and practices;
- Harms caused by underage use of the TikTok platform;

- Defendants' financial condition, assets, liabilities, and other information related to their ability to pay a civil penalty and continue to operate as a business;
- Profits, platform growth, or other benefits Defendants' have derived from collecting, retaining, using, and sharing data from underage children;
- Defendants' identification or classification of users by age for any purpose;
- Defendants' knowledge of, training on, and compliance with the injunction this Court entered in 2019;
- Defendants' document and data retention policies and its execution of such policies; and
- Other matters relevant to the conduct alleged in the complaint, the relief sought, or the responses and defenses asserted in Defendants' Answer.

The Government reserves the right to seek discovery into additional topics should facts warranting discovery on additional topics become known to it.

*Defendants' Position*: Defendants reserve the right to object to any discovery request propounded by the Government on any basis permitted by the Federal Rules of Civil Procedure and applicable law.  Defendants expect to seek discovery related to the following topics for the relevant timeframe:

- Investigation case files from the U.S. Federal Trade Commission ("FTC") and the U.S. Department of Justice's ("DOJ") pre-Complaint inquiry relating to Defendants' compliance with the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief entered by this Court on March 27, 2019, and the Children's Online Privacy Protection Act (the "Investigation");

- Documents and information in the DOJ's or FTC's possession, custody, or control relating to the Investigation;
- Documents and information that the DOJ or FTC received from third parties in connection with the Investigation;
- Documents and information that the DOJ or FTC received from any other government agency, including any state attorney general, in connection with the Investigation;
- Documents and information identifying each individual and entity that the DOJ or FTC spoke to in connection with the Investigation;
- Documents and information identifying each individual and entity that the FTC or DOJ is in contact with or is receiving information from in connection with this or any related proceeding;
- Documents and information the FTC or DOJ shared with or obtained from any other government agency, including any state attorney general, relating to any topic at issue in this or any related proceeding;
- Documents and information received from, shared with, or collected or generated by any branch or division of the DOJ or FTC in connection with any topic at issue in this or any related proceeding;
- Documents and information reflecting any coordination, including sharing of information, between, within, or among any branch(es) or division(s) of the DOJ or FTC involving any other proceeding relating to any topic at issue in this or any related proceeding; and
- Documents and information, including but not limited to formal reports, memoranda, and transcripts, relating to any witness interviews or testimony taken in connection with any topic at issue in this or any related proceeding.

6

Defendants reserve the right to seek discovery into additional topics should facts warranting discovery on additional topics become known to them.

### C.    Timing and Sequence of Discovery (Rule 26(f)(3)(B))

The Parties jointly submit the following proposed deadlines for discovery, motions, and trial.

| | |
|---|---|
| *Close of Fact Discovery:* | March 18, 2026 |
| *Affirmative Expert Reports:* | June 3, 2026 |
| *Rebuttal Expert Reports:* | September 2, 2026 |
| *Close of Discovery:* | October 14, 2026 |
| *Dispositive Motions:* | November 12, 2026 |
| *Oppositions to Dispositive Motions:* | December 16, 2026 |
| *Replies In Support of Dispositive Motions:* | January 13, 2027 |
| *Hearing on Dispositive Motions:* | January 25, 2027 |
| *Pretrial Conference:* | 90 days after Court's decision on dispositive motions |
| *Trial:* | 30 days after Pretrial Conference |

### D.    Electronically Stored Information (Rule 26(f)(3)(C))

*Government's Position*: The Government has taken appropriate steps to preserve potentially responsive documents, including implementing litigation holds. The Government will provide Defendants with its preferred specifications for the form of Defendants' productions. The Government will in good faith attempt to comply with Defendants' productions specifications, except that it will produce documents either itemized by the specific request or else as kept in the ordinary course of business as permitted by Federal Rule of Civil Procedure 34(b)(2)(E).

The Government notes the following issues relating to Defendants' electronically stored information:

- *Lark*. Defendants' employees use a program for business communications that is called Lark, which contains instant messaging, email, word processing, and other features. The Government requests that Defendants produce materials maintained in Lark in a reasonably reviewable form.

- *Recordings*. Defendants maintain recordings of certain business meetings conducted on the videoconferencing service Zoom. The Government may seek production of those recordings, as well as any other recordings stored in Defendants' business records.

- *Translated Documents*. Some of the relevant documents in this matter are written in foreign languages. During the Government's investigation, Defendants produced machine-generated translations of responsive documents and supplied them to the Government in extracted text files associated with the corresponding foreign language documents. The Government will request that Defendants continue to produce such translations.

- *Missing Records*. As noted above, this Court's March 27, 2019 Order, entered in *United States Musical.ly et al.*, No. 2:19-cv-01439-ODW-RAO, ECF NO. 10 (C.D. Cal.) forbids Defendants from violating COPPA, *see id.* at § I, and requires that it "create and maintain . . . [a]ll records necessary to demonstrate full compliance" with the Order, *see id.* at § VIII. The Government alleges that documents and records relevant to this litigation are unavailable because Defendants failed to comply with the Order. *See* Complaint, ECF No. 31, at ¶¶ 106-111. The Government reserves the right to seek appropriate relief.

*Defendants' Position*: Defendants do not agree with the Government's characterizations of Defendants' electronically stored information ("ESI").

8

Defendants reserve the right to object to any request for ESI propounded by the Government on any basis permitted by the Federal Rules of Civil Procedure and applicable law. Nothing in Defendants' responses below should be construed as waiving any objection or relief that might otherwise be available to Defendants.

Defendants have taken appropriate steps to preserve potentially responsive documents, including implementing litigation holds. Defendants believe the Parties should negotiate a stipulated ESI protocol that will govern the production of ESI in this action.

With respect to the specific items that the Government raises above:

- *Lark*. If otherwise relevant, discoverable, reasonable, proportional to the needs of the case, and responsive to the Government's discovery requests, Defendants will produce Lark materials in a reasonably reviewable form.

- *Recordings*. Defendants will respond to the Government's discovery requests in due course.

- *Translated Documents*. Subject to any objection or claim of any privilege, protection, or immunity, Defendants are willing to produce existing translations of responsive foreign-language documents developed in the ordinary course of business. To the extent translations of such documents do not exist, Defendants have no obligation to create and produce translations of foreign-language documents. *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA CV 15-00246-DOC (DFMx), 2016 WL 6246383, at *1-2 (C.D. Cal. Jan. 14, 2016) ("A long line of cases has rejected the argument that a producing party should be compelled to translate its foreign-language documents. These cases follow from the general principle that civil litigants should bear their own litigation costs."); *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982) (finding that orders directing a producing party to translate documents "violate the well-accepted principle that each party bear the ordinary burden of financing his own suit.").

- *Allegedly Missing Records*. Defendants respectfully refer to paragraphs 106-111 of their Answer to the Government's Complaint (ECF No. 32), which speaks for itself in all respects. Defendants will respond to any related motions or requests for relief in due course.

### E.    Privilege Issues (Rule 26(f)(3)(D))

The Parties will request entry of an order pursuant to Federal Rule of Evidence 502. With respect to remaining issues:

*Government's Position*: The Government expects to claim the attorney-client privilege, work product protection, protection for information or material prepared in anticipation of litigation, common interest privilege, deliberative process privilege, law enforcement privilege, and any other applicable privilege or protection, as appropriate.

*Defendants' Position*: Defendants expect to claim the attorney-client privilege, attorney work product protection, protection for information or material prepared in anticipation of litigation, common interest privilege, and any other applicable privilege or protection as appropriate.

### F.    Changes to Discovery Limitations (Rule 26(f)(3)(F))

The Parties do not currently seek any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure, but each reserve the right to move for such changes should the need arise as discovery progresses and/or oppose any motion by the opposing Party to seek any such changes.

### G.    Other Orders (Rule 26(F)(3)(G))

The Parties will request that the Court enter a Protective Order.

## III.    Items Required By Local Rule 26-1

### A.    Complex Case Procedures (L.R. 26-1(a))

The Parties agree that no complex case procedures need to be utilized.

### B.    Motion Schedule (L.R. 26-1(b))

The Parties' proposed motion schedule is set forth in Section II.C above.

### C.    ADR (L.R. 26-1(c))

The Parties agree that ADR Procedure No. 3—a private dispute resolution proceeding—is best suited to the circumstances of this case. Given the Parties' unsuccessful effort to settle before filing, the Parties propose that this private dispute resolution proceeding occur after substantial fact discovery has been completed.

### D.    Trial Estimate (L.R. 26-1(d))

*Government's Position*: The Government's best current estimate is 10 trial days to present its case.

*Defendants' Position*: Defendants' best current estimate is approximately 10 trial days to present its case.

### E.    Additional Parties (L.R. 26-1(e))

The Parties do not anticipate that any additional parties will appear, although the Government may seek leave to amend the Complaint to name additional defendants if warranted through facts learned in discovery.

### F.    Expert Witnesses (L.R. 26-1(f))

The Parties' proposed schedule for expert witness disclosures are set forth in Section II.C above.

## IV.    Items Required by the Court's October 8, 2024 Order (ECF No. 34)

### A.    Listing and Proposed Schedule of Written Discovery, Depositions, and a Proposed Discovery Cut-Off Date (ECF No. 34, at p.2 ¶ 1)

The Parties' proposed discovery schedule is set forth in Section II.C above.

### B.    Listing and Proposed Schedule of Law and Motion Matters, and a Proposed Dispositive Motion Cut-Off Date (ECF No. 34 at p.2 ¶ 2)

The Parties' proposed motion schedule is set forth in Section II.C above.

### C.    Settlement Efforts (ECF No. 34 at p.2 ¶ 3)

The Parties' proposed settlement procedure is set forth in Section III.C above. The Parties, and the Federal Trade Commission, engaged in extensive settlement

discussions before and after the Commission referred this action to the Department of Justice, but were unable to reach a resolution before the case was filed. The Parties have not meaningfully discussed settlement since the filing of the Complaint. The Parties remain willing to engage in settlement efforts going forward.

### D. Length of Trial and Trial Dates (ECF No. 34 at p.3 ¶ 4)

The Parties' proposed timeframe for trial is set forth in Section II.C above. The Parties' trial length estimates are set forth in Section III.D above.

### E. Parties Likely To Be Added (ECF No. 34 at p.3 ¶ 5)

The Parties' positions regarding the appearance of additional parties are set forth in Section III.E above.

### F. Finder of Fact (ECF No. 34 at p.3 ¶ 6)

*Government's Position*: The Government has made a jury demand and seeks trial by jury on liability. However, the Court, not the jury, sets the appropriate civil penalty and injunctive relief. *See* 15 U.S.C. § 45(m); *Tull v. United States,* 481 U.S. 412, 426-27 (1987).

*Defendants' Position*: As the Government seeks both legal and equitable relief (Complaint, ECF No. 31, at ¶ 125), any legal issue in this action should be tried to a jury, while any equitable issue should be decided by the Court.

### G. Other Issues Affecting Status of Case Management (ECF No. 34 at p.3 ¶ 7)

*Government's Position*: None.

*Defendants' Position*: None.

### H. Severance, Bifurcation, Or Other Ordering of Proof (ECF No. 34 at p.3 ¶ 8)

*Government's Position*: No severance, bifurcation, or other ordering of proof is needed.

*Defendants' Position*: Defendants believe that it is premature to address these issues at present, but acknowledge that the Government seeks both legal and equitable relief. *See* Complaint, ECF No. 31, at ¶ 125.

## I.     Likelihood of Amendments to Pleadings (ECF No. 34 at p.3 ¶ 2)

*Government's Position*: The Government does not presently anticipate amending its Complaint but reserves the right to do so if warranted based on fact discovery.

*Defendants' Position*: Defendants do not presently anticipate amending their Answer to the Government's Complaint, but will seek leave to do so if the need arises. Defendants will respond to any amendments to the Government's Complaint in due course.

## J.     Issues Which May Be Determined by Motion (ECF No. 34 at p.3 ¶ 3)

*Government's Position*: The Government expects to seek summary judgment as to Defendants' COPPA violations. As noted in Section II.D above, it may also seek appropriate relief for Defendants' failure to create and maintain records to show its compliance with COPPA, as required by the injunction this Court entered in 2019.

*Defendants' Position*: Defendants intend to seek summary judgment as to the Government's claim, and will respond to any motion that the Government brings in due course.

Dated:  December 5, 2024         Respectfully submitted,

**FOR PLAINTIFF**
**THE UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BURDEN H. WALKER
Acting Deputy Assistant Attorney General,
Civil Division

AMANDA N. LISKAMM
Director
Consumer Protection Branch

LISA K. HSIAO
Senior Deputy Director, Civil Litigation

ZACHARY A. DIETERT
Assistant Director

By: */s/ Marcus P. Smith*
Benjamin A. Cornfeld
Marcus P. Smith
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20001
(202) 305-1537 (Cornfeld)
(202) 353-9712 (Smith)
(202) 514-8742 (Fax)
Benjamin.a.cornfeld2@usdoj.gov
marcus.p.smith@usdoj.gov

1    **FOR DEFENDANTS BYTEDANCE**
2    **LTD., BYTEDANCE INC., TIKTOK**
     **LTD., TIKTOK INC., TIKTOK PTE.**
3    **LTD., and TIKTOK U.S. DATA**
     **SECURITY INC.:**
4

5        By:   /s/ *Daniel M. Petrocelli*
6              Daniel M. Petrocelli

7    DANIEL M. PETROCELLI
     (S.B. #97802)
8    dpetrocelli@omm.com
     STEPHEN MCINTYRE (S.B. #274481)
9    smcintyre@omm.com
     O'MELVENY & MYERS LLP
10   1999 Avenue of the Stars
     Los Angeles, California  90067-6035
11   Telephone:  +1 310 553 6700
     Facsimile:   +1 310 246 6779
12
     STEPHEN D. BRODY (*pro hac vice*)
13   sbrody@omm.com
     O'MELVENY & MYERS LLP
14   1625 Eye Street, NW
     Washington, DC  20006-4001
15   Telephone:  +1 202 383 5300
     Facsimile:   +1 202 383 5414
16

17   *Attorneys for ByteDance Ltd., ByteDance*
     *Inc., TikTok Ltd., TikTok Inc., TikTok Pte.*
18   *Ltd., and TikTok U.S. Data Security Inc.*
19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

Pursuant to the Central District of California Local Rule 5-4.3.4(a)(2)(i), I attest that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing content and has authorized this filing.

*/s/ Marcus P. Smith*

# **Exhibit D**

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cv-01439-ODW (RAO) |
| Plaintiff, | **STIPULATED ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION,  AND OTHER RELIEF** |
| v. | |
| MUSICAL.LY, a corporation; and MUSICAL.LY, INC., a corporation, | |
| Defendants. | |

Plaintiff, the United States of America, acting upon notification and on behalf of the Federal Trade Commission ("Commission"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief, ("Complaint"), pursuant to Sections 13(b), and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), and 56(a)(1), the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6502(c) and 6505(d), and the Commission's Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312.  Defendants have waived service of the summons and the Complaint.  Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants violated the COPPA Rule and the FTC Act by failing to post a privacy policy on its online service providing clear, understandable, and complete notice of its information practices; failing to provide direct notice of its information practices to parents; failing to obtain verifiable parental consent prior to collecting, using, and/or disclosing personal information from children; failing to delete personal information at the request of parents; and retaining personal information longer than reasonably necessary to fulfill the purpose for which the information was collected.

3.      Defendants neither admit nor deny any of the allegations in this Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**ORDER**

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      "Child" means an individual under the age of 13 residing in the U.S.

B.      "Collects" or "collection" means, for the purposes of Parts I, II, V, VI and VII of this Order only, the gathering of any personal information from a child by any means, including but not limited to:

1.  Requesting, prompting, or encouraging a child to submit personal information online;

2.  Enabling a child to make personal information publicly available in identifiable form; or

3.  Passive tracking of a child online.

C.  "Defendants" means Musical.ly and Musical.ly, Inc., and their successors and assigns.

D.  "Delete" means to remove personal information such that it is not maintained in retrievable form and cannot be retrieved in the normal course of business.

E.  "Disclose" or disclosure" means, with respect to personal information:

1.  The release of personal information collected by an operator from a child in identifiable form for any purpose, except where an operator provides such information to a person who provides support for the internal operations of the Web site or online service; and

2.  Making personal information collected by an operator from a child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a Web site or online service; a pen pal service; an electronic mail service; a message board; or a chat room.

F.  "Internet" means collectively the myriad of computer and telecommunication facilities, including equipment and operating software, which comprises the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor  protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission.

G.  "Obtaining verifiable consent" means making any reasonable effort (taking into consideration available technology) to ensure that before personal information is collected from a child, a parent of the child:

1.  Receives notice of the operator's personal information collection, use,

3

and disclosure practices; and

2. Authorizes any collection, use, and/or disclosure of the personal information.

H. "Online contact information" means an email address or any other substantially similar identifier that permits direct contact with a person online, including but not limited to, an instant messaging user identifier, a voice over internet protocol (VOIP) identifier, or a video chat identifier.

I. "Operator" means any person who operates a Web site located on the Internet or an online service and who collects or maintains personal information from or about the users of or visitors to such Web site or online service, or on whose behalf such information is collected or maintained, or offers products or services for sale through the Web site or online service, where such Web site or online service is operated for commercial purposes involving commerce among the several States, or with one or more foreign nations; in any territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or nation; or between the District of Columbia and any State, territory, or foreign nation.

J. "Parent" includes a legal guardian.

K. "Person" means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

L. "Personal information" means individually identifiable information about an individual collected online, including:

1. A first and last name;

2. A home or other physical address including street name and name of a city or town;

3. Online contact information as defined in this section;

4. A screen or user name where it functions in the same manner as online

4

contact information, as defined in this section;

5.  A telephone number;

6.  A Social Security number;

7.  A persistent identifier that can be used to recognize a user over time and across different Web sites or online services.  Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

8.  A photograph, video, or audio file where such file contains a child's image or voice;

9.  Geolocation information sufficient to identify street name and name of a city or town; or

10. Information concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this section.

M.  "Registration information" means the following types of information collected for purposes of registering an account:

1.  A user name;

2.  A password;

3.  An email address; or

4.  An account authentication identifier associated with any third party Web site or online service through which a user of Defendants' Web site or online service registered an account.

N.  "Release of personal information" means the sharing, selling, renting, or transfer of personal information to any third party.

O.  "Support for the internal operations of the Web site or online service" means:

1.  Those activities necessary to:

5

a.  Maintain or analyze the functioning of the Web site or online service;

b.  Perform network communications;

c.  Authenticate users of, or personalize the content on, the Web site or online service;

d.  Serve contextual advertising on the Web site or online service or cap the frequency of advertising;

e.  Protect the security or integrity of the user, Web site, or online service;

f.  Ensure legal or regulatory compliance; or

g.  Fulfill a request of a child as permitted by 16 C.F.R. §§ 312.5(c)(3) and (4);

2.  So long as the information collected for the activities listed in paragraphs (1)(a)-(g) of this definition is not used or disclosed to contact a specific individual, including through behavioral advertising, to amass a profile on a specific individual, or for any other purpose.

P.  "Third party" means any person who is not:

1.  An operator with respect to the collection or maintenance of personal information on the Web site or online service; or

2.  A person who provides support for the internal operations of the Web site or online service and who does not use or disclose information protected under this part for any other purpose.

Q.  "Web site or online service directed to children" means a commercial Web site or online service, or portion thereof, that is targeted to children.

1.  In determining whether a Web site or online service, or a portion thereof, is directed to children, the Commission will consider its subject matter, visual content, use of animated characters or child-oriented activities and incentives, music or other audio content, age of models, presence of child celebrities or celebrities who appeal to children, language or other

6

characteristics of the Web site or online service, as well as whether advertising promoting or appearing on the Web site or online service is directed to children. The Commission will also consider competent and reliable empirical evidence regarding audience composition, and evidence regarding the intended audience.

2. A Web site or online service shall be deemed directed to children when it has actual knowledge that it is collecting personal information directly from users of another Web site or online service directed to children.

3. A Web site or online service that is directed to children under this criteria set forth in paragraph (1) of this definition, but that does not target children as its primary audience, shall not be deemed directed to children if it:

    a. Does not collect personal information from any visitor prior to collecting age information; and

    b. Prevents the collection, use, or disclosure of personal information from visitors who identify themselves as under age 13 without first complying with the notice and parental consent provisions of this part.

4. A Web site or online service shall not be deemed directed to children solely because it refers or links to a commercial Web site or online service directed to children by using information location tools, including a directory, index, reference, pointer, or hypertext link.

## I.   INJUNCTION CONCERNING THE COLLECTION OF PERSONAL INFORMATION FROM CHILDREN

**IT IS ORDERED** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with being an operator of any Web site or online service directed to children or of any Web site or online service with actual knowledge that it is collecting or

maintaining personal information from a child, are hereby permanently restrained and enjoined from violating the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, including, but not limited to:

A. Failing to make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives direct notice of Defendants' practices with regard to the collection, use, or disclosure of personal information from children, including notice of any material change in the collection, use, or disclosure practices to which the parent has previously consented;

B. Failing to post a prominent and clearly labeled link to an online notice of its information practices with regard to children, if any, on the home or landing page or screen of its Web site or online service, *and* at each area of the Web site or online service where personal information is collected from children;

C. Failing to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children, including consent to any material change in the collection, use, or disclosure practices to which the parent has previously consented;

D. Failing to delete a child's personal information at the request of a parent; and

E. Retaining personal information for longer than is reasonably necessary to fulfill the purpose for which the information was collected.

A copy of the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, is attached hereto as Appendix A.

## II.    DELETION OF CHILDREN'S PERSONAL INFORMATION AND TREATMENT OF ACCOUNTS EXISTING AT TIME OF ENTRY OF THIS ORDER

**IT IS FURTHER ORDERED** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, shall:

A. Destroy all personal information, in all forms in their possession, custody, or control, that is associated with user accounts existing at the time of entry of this

8

Order; or

B. If, at the time of entry of this Order, Defendants operate any Web site or online service that is directed to children but that does not target children as the primary audience,

1. For users of accounts existing at the time of entry of this Order who identify as under age 13, Defendants shall destroy such users' personal information, except that Defendants may, with the affirmative consent of the user, transfer the user's videos to the user's device and allow such user to retain their username, so long as that username does not function in the same manner as online contact information.

2. For users of accounts existing at the time of entry of this Order who identify as age 13 or over who were under age 13 at the time Defendants collected personal information, Defendants shall destroy such personal information, except that Defendants may, with the affirmative consent of the user, transfer the user's videos to the user's device and retain the user's registration information.

3. If the age of a particular user of an existing account is not identified within forty-five 45 days after entry of the Order, Defendants shall, within forty-five (45) days of entry of the Order: (a) remove such user's personal information from Defendants' Web sites and online services; (b) refrain from disclosing or using personal information that has been removed from their Web sites and online services; and (c) destroy such personal information within 12 months after entry of the Order. If the age of a particular user whose information has been removed is identified within 12 months after entry of the Order, Defendants shall comply with Section B(1) and B(2).

4. Personal information need not be destroyed, and may be collected, used, and disclosed, to the extent Defendants obtain verifiable parental consent

for its collection, use, and disclosure.

5. Personal information need not be destroyed, and may be disclosed, to the extent requested by a government agency or as required by a law, regulation, or court order.

C. To the extent not covered in its compliance report, Defendants must submit a supplemental report, sworn under penalty of perjury, discussing whether and how Defendants are in compliance with this provision, within 15 months of entry of this Order.

Provided further, that personal information need not be destroyed, and may be collected, used, and disclosed, to the extent Defendants obtain verifiable parental consent for its collection, use, and disclosure, and may be disclosed as requested by a government agency or as required by a law, regulation or court order.

## III. MONETARY JUDGEMENT FOR CIVIL PENALTY

**IT IS FURTHER ORDERED that:**

A. Judgement in the amount of $5,700,000.00 is entered in favor of Plaintiff against Defendants, jointly and severally, as a civil penalty.

B. Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, $5,700,000.00, which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

## IV. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED that:**

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof,

in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgement pursuant to this Order.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Taxpayer Identification Numbers, which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## V.    INFORMATIONAL RELIEF

A. Defendants must report on their deletion obligations under penalty of perjury:

1. Defendants must submit a report within ninety (90) days of the entry of this Order summarizing their compliance with Section II of this Order; and

2. If Defendants elect to operate any Web site or online service that is directed to children but that does not target children as the primary audience, Defendants must submit a report within fifteen (15) months of the entry of this Order summarizing their compliance with Section II.B. of this Order.

## VI.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, Defendants must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial

11

responsibilities for the collection, use, maintenance, or disclosure of personal information  or the operation of any of Defendants' Web sites or online services; and (3) any business entity resulting from any change in structure as set forth in the Part titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.  Each Defendant must:

1. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant;

2. Identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and involvement of any other Defendant;

4. Describe in detail whether and how that Defendant is in compliance with each section of this Order;

5. Provide a copy of each different version of any privacy notice posted on each Web site or online service operated by that Defendant or otherwise communicated to parents of children from whom that Defendant collects personal information;

6.  Provide a statement setting forth in detail any methods used to obtain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children or the methods used to avoid collecting, using, and/or disclosing personal information from children;

7.  Provide a statement setting forth in detail the means provided for parents to review any personal information collected from their children and to refuse to permit its further use or maintenance;

8.  Provide a statement setting forth in detail why each type of information collected from a child is reasonably necessary for the provision of the particular related activity;

9.  Provide a statement setting forth in detail the procedures used to protect the confidentiality, security, and integrity of personal information collected from children; and

10. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. §

13

1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. Musical.ly, *et al.*

## VIII.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of this Order, and retain each such record for 5 years. Specifically, Defendants must create and retain the following records:

A.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

B.  Copies of all consumer complaints relating to Defendants' information practices, including its collection, use, maintenance, or disclosure of personal information, and any response; and

C.  A copy of each materially different form, page, or screen created, maintained, or otherwise provided by Defendants through which personal information is collected from a child, and a copy of each materially different document containing any representation regarding collection, use, maintenance or disclosure practices pertaining to personal information from children. Each webpage copy shall be accompanied by the URL of the webpage where the material was posted online. Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information on the Internet.

# IX.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any procedure prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant.  Defendants must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

1

## X. RETENTION OF JURISDICTION

2          **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter

3    for purposes of construction, modification, and enforcement of this Order.

4          The Clerk of the Court shall close the case.

5          **IT IS SO ORDERED.**

6

7

8    Dated: March 27, 2019          _____

9                                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **SO STIPULATED AND AGREED:**

2    **FOR DEFENDANTS:**                          **FOR PLAINTIFF UNITED STATES**
                                                  **OF AMERICA:**
3

4                                                 JOSEPH H. HUNT
                                                  Assistant Attorney General
5                                                 NICOLA T. HANNA
                                                  United States Attorney
6    LYDIA PARNES
     Wilson Sonsini Goodrich & Rosati            JAMES M. BURNHAM
7    1700 K Street, NW, Fifth Floor               Deputy Assistant Attorney General
                                                  GUSTAV W. EYLER
8    Washington, D.C.                             Acting Director
     Tel: (202) 973-8800                          Consumer Protection Branch
9    Fax: (202) 973-8899                          U.S. Department of Justice, Civil
                                                  Division
10   lparnes@wsgr.com
                                                  DAVID M. HARRIS, AUSA
11                                                Chief, Civil Division
     *Counsel for Musical.ly and Musical.ly,*    DAVID K. BARRETT, AUSA
12   *Inc.*                                       Chief, Civil Fraud Section
                                                  ABRAHAM C. MELTZER, AUSA
13                                                Deputy Chief, Civil Fraud Section
                                                  ROSS M. CUFF, AUSA
14   **DEFENDANTS:**
                                                          /S/
15                                                KENDRACK D. LEWIS
                             Trial Attorney
16                                                Consumer Protection Branch
                                                  U.S. Department of Justice, Civil
17                                                Division
                                                  P.O. Box 386
18   ALEX ZHU                                     Washington, D.C. 20044
     Director, CEO, and President                 Tel: (202) 353-3881
19   Musical.ly, Inc.                             kendrack.lewis@usdoj.gov

20                                                **FOR THE FEDERAL TRADE**
                                                  **COMMISSION:**
21
                                                  MANEESHA MITHAL
22                                                Associate Director
                                                  MARK EICHORN
23                                                Assistant Director
     YIMING ZHANG
24   Director                                             /S/
     Musical.ly                                   KRISTIN K. COHEN
25                                                PEDER MAGEE
                                                  ALLISON M. LEFRAK
26                                                Attorneys, Division of Privacy and
                                                  Identity Protection
27                                                Federal Trade Commission
                                                  600 Pennsylvania Avenue, N.W.
28                                                Washington, D.C. 20580
                                                  Tel: (202) 326-2804

# **Appendix A**

# Exhibit E

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel:  +1 404 572 4600
Fax:  +1 404 572 5100
www.kslaw.com

Mark Sentenac
Partner
Direct Dial: +1 404 572 3571
msentenac@kslaw.com

April 1, 2025

**VIA E-MAIL**

Michael M. Weinkowitz
MWeinkowitz@lfsblaw.com

Felicia Craick
FCraick@kellerrohrback.com

Andre M. Mura
Amm@classlawgroup.com

> Re:    *In re: Social Media Adolescent Addiction/Personal Injury Products Liability
> Litigation, MDL 3047*; **Plaintiffs' Fourth Set of Interrogatories, Data
> Preservation**

Counsel:

We write in response to Plaintiffs' March 15, 2025 letter concerning the preservation of
the age inference data and user adoption rates for certain "safety features" addressed in the TikTok
Defendants' supplemental responses to interrogatories number 2 and 9 in Plaintiffs' Fourth Set of
Interrogatories ("ROG Set 4").

Interrogatory number 2 in ROG Set 4 asks: "For each year in the Relevant Time Period,
identify the number of domestic TikTok users of Unknown Age, Non-Age Gate users, Hidden
Minors, each Reported Age between 0 and 100, and each Inferred Age between 0 and 100." In
their February 24, 2025 supplemental response to interrogatory number 2, the TikTok Defendants
explained that, for non-age gate users, "[t]he TikTok Defendants are only able to calculate this
information for the last 60 days, not for the Relevant Time Period, given that the user level model
table only goes back 60 days." Plaintiffs ask that the TikTok Defendants "explain in writing why
the TikTok Defendants did not preserve this data."

Interrogatory number 9 in ROG Set 4 asks: "For each year during the Relevant Time
Period, identify the percentage rate of adoption for each Safety Feature by domestic users of
Unknown Age, Non-Age Gate users, Hidden Minors, each Reported Age between 0 and 100, and
each Inferred Age between 0 and 100." In their February 24, 2025 supplemental response to

April 1, 2025
Page 2

interrogatory number 9, the TikTok Defendants provided this information for 2024 and 2025. Plaintiffs ask that the TikTok Defendants "explain in writing why [pre-2024] data was not provided in response to this interrogatory" and "[i]f the data was not preserved," to explain why.

The TikTok Defendants have taken reasonable steps to preserve existing user data for confirmed Plaintiff user accounts. The TikTok Defendants cannot, however, reasonably preserve all user data for the over 170 million active users of the TikTok platform in the United States beyond their ordinary retention periods. As detailed below, the TikTok Defendants have repeatedly informed Plaintiffs of this throughout the litigation.

In the fall of 2023, the parties engaged in extensive discussions regarding a proposed preservation order. The draft order explicitly outlined the specific types of user data that the TikTok Defendants would take reasonable steps to preserve, as well as those it would not beyond their ordinary retention periods. It identified nearly 50 distinct categories of user account data that the TikTok Defendants would endeavor to preserve if available at the time, specifically for "User account(s) **associated with Individual Plaintiffs**." It was equally clear that certain user data would not be preserved beyond ordinary retention periods. The draft order expressly stated that the TikTok Defendants would not take steps to preserve various sources of user account data—including Hive Tables, which maintain age inference and feature adoption data—"for TikTok users **not involved in this Litigation**":

3. *TikTok identifies the below data sources as **possibly containing Potentially Relevant Information, but for which preservation beyond existing retention periods is unreasonable, unduly burdensome, and/or not proportional to the needs of this litigation. TikTok represents that some of these data sources are dynamic sites that are used for analytical purposes and contain data for TikTok users not involved in this Litigation**. TikTok is preserving User Account Data residing in certain Hive Tables, TCS, Octopus and Lighthouse consistent with Section A.2, above.*

   a. *Lighthouse. A portal used by the Trust & Safety team to analyze compliance with User Guidelines and support content moderation-related efforts.*

   b. *MinT. A portal providing tools for content mining and management.*

   c. ***Hive Tables**. Hive tables are a data warehousing system that facilitate data analysis and queries that are a byproduct of dynamic data. This data is stored as a snapshot from a set period of time (mostly daily or hourly). There are tens of thousands of hive tables.*

   d. *TCS. TCS provides manual moderation/labeling operation services.*

   e. *UFP. UFP is a unified platform that connects the company's product lines and accepts user feedback.*

April 1, 2025
Page 3

> *f. Octopus. Octopus is an aggregation tool for content moderation auditing . . .*[1]

Over several months, the parties exchanged numerous drafts of the preservation order with this information clearly delineating the plaintiff-associated user data that the TikTok Defendants would take reasonable steps to preserve and the non-plaintiff user data they could not preserve beyond ordinary retention periods. Moreover, the parties met and conferred to discuss this order numerous times, including a meet and confer to specifically discuss preservation of user data. During those meet and confers, the parties discussed the boundaries of the TikTok Defendants' preservation of non-plaintiff user data.

Moreover, Plaintiffs are aware of the contours on the TikTok Defendants' preservation of user account data from the parties' many meet and confers and correspondence concerning the collection and preservation of confirmed user accounts for plaintiffs in this litigation. We have consistently explained to Plaintiffs that the TikTok Defendants begin preserving user account data within one to two weeks of Plaintiffs' confirmation of the account. *See, e.g.*, TikTok Counsel's letters to Plaintiffs dated October 28, October 29, and November 1, 2024. For example, on October 29, 2024, we sent Plaintiffs a letter identifying the dates that TikTok began preserving user account data for 47 confirmed bellwether Plaintiffs' accounts. Those preservation dates ranged from June 2023 to October 2024. *See* October 29, 2024 letter to Plaintiffs. Clearly, user account data for these accounts prior to the time they were identified and other accounts not associated with any plaintiff in this litigation were not being preserved beyond ordinary retention periods.

Additionally, Plaintiffs' counsel questioned the TikTok Defendants' eDiscovery and preservation Rule 30(b)(6) witness, Aidan Booth, on this subject, including specifically retention periods for user data stored in Hive Tables. *See, e.g.*, Booth Dep. at 66:16–71:11. And Mr. Booth clearly testified that "not absolutely everything has an indefinite retention period." *Id*. at 114:20–115:10, 117:22–118:6. Consistently, in producing plaintiff-associated user account data, the TikTok Defendants expressly stated that such productions were "subject to certain time-to-live [i.e., retention period] limitations" and identified those periods, including retention periods for age model and screentime limits data. *See* October 16, 2024 and November 11, 2024 letters to Plaintiffs.

In short, Plaintiffs have long been on notice that the TikTok Defendants cannot reasonably preserve all data for every non-plaintiff user account. As such, as the TikTok Defendants have repeatedly explained, the user level model data and adoption rate data sought by Plaintiffs is not available outside the retention periods identified in the TikTok Defendants' supplemental responses to Plaintiffs' interrogatories 2 and 9.

---

[1] Draft Preservation Order dated November 13, 2023.

April 1, 2025
Page 4

If you have any questions or would like to discuss this matter further, please let us know.

Sincerely,

Mark Sentenac

# **<u>Exhibit F</u>**



