UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 25-3144-GW-RAOx | Date | May 5, 2025 |
|---|---|---|---|
| Title | *In re: TikTok, Inc., Minor Privacy Litigation* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY SUSPENSION OF PRESERVATION ORDER

On April 28, 2025, this Court ordered Defendants to preserve certain data concerning this matter. *See* Docket No. 11. Defendants now seek temporary suspension of that preservation order so that they can "investigate a number of issues essential to establishing workable preservation measures, including the types of Underage User Data that Defendants are able to preserve, whether preservation of such data necessitates system and process modifications, and assessment of the feasibility, timeliness, cost, and other burdens associated with establishing and implementing appropriate preservation measures." *See* Ex Parte Application ("Application"), Docket No. 19, at 5. Defendants seek a suspension or modification of the order until May 29, 2025, and wish to submit an alternative proposal. *Id.* at 6.

In support of the Application, Defendants submit the Declaration of Noreen Yeh, an eDiscovery Analyst at TikTok, who avers that she is "unaware of any mechanism to simply pause deletion of all Underage User Data," "Underage User Data is commingled with other user data," and alludes to other issues associated with segregating, preserving, and storing such data in a "forensically sound" and economically viable manner. *See generally* Declaration of Noreen Yeh, Docket No. 19-2.

Plaintiffs submit two Oppositions to the Application. One group of Plaintiffs (the "Humbert Plaintiffs") points out that TikTok has had to undergo similar preservation efforts pursuant to other litigation involving data of children under 13, suggesting that TikTok already has undergone the investigative efforts it claims that it must undergo or has had ample opportunity to do so. *See generally* Humbert Opposition, Docket No. 20. Humbert Plaintiffs submit the Declaration of Douglas Forrest, a systems architect and programmer in eDiscovery, to opine that TikTok could likely pause deletions more simply and swiftly than the Yeh Declaration indicates. *See generally* Declaration of Douglas Forrest, Docket No. 20-1. Finally, Humbert Plaintiffs seek to depose Defendants concerning the scope of the preservation order and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 25-3144-GW-RAOx | Date | May 5, 2025 |
|---|---|---|---|
| Title | *In re: TikTok, Inc., Minor Privacy Litigation* | | |

Electronically Stored Information. *See* Docket No. 20-2. Another group of Plaintiffs ("J.C. Plaintiffs") aver that TikTok has had preservation obligations since at least August 2024 and point to public statements made by TikTok suggesting that it engages in some form of temporary segregation and retention of accounts flagged as underage prior to deletion. *See generally* J.C. Opposition ("J.C. Opp."), Docket No. 21. Both sets of Plaintiffs take issue with the Yeh Declaration on grounds that Yeh appears to lack personal knowledge of and experience with the technical aspects of TikTok and the extent of data retention it permits.

Defendants argue that other litigation has forced TikTok to *delete* the data of underage users, not preserve it, and has no bearing on its technological capacity to preserve such data once identified. *See* Reply, Docket Nos. 24 & 24-1.

"Ex parte applications are solely for extraordinary relief and are rarely justified." *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 943 (C.D. Cal. 2022). Defendants have not established that they cannot comply with the Court's preservation order, only that they are unsure if they can and anticipate potential technical and other difficulties. This does not justify setting aside the preservation order, particularly given the risk of prejudice to Plaintiffs of lost evidence. *See* J.C. Opp. at 1. If Defendants ultimately cannot preserve some data within the scope of the preservation order because of technical or other practical limitations, they will not face sanctions. Defendants must do their best to comply with the preservation order, but are not expected to accomplish something truly infeasible.

As Defendants continue to investigate and make efforts to comply with the preservation order, they are instructed to file a brief on May 21, 2025, concerning their findings and addressing the status of the potential issues they identified in the Application. Plaintiffs are to submit briefing by May 26, 2025. Further argument on the issue will be heard at the May 29, 2025, hearing. In the interim, the Court permits Plaintiffs to conduct one deposition of Defendants on the subject of Electronically Stored Information preservation for no longer than three hours.

Based on the foregoing discussion, the Application is **DENIED**.

**IT IS SO ORDERED.**