1  Steven L. Bloch, (*pro hac vice*)
   **SILVER GOLUB & TEITELL LLP**
2  One Landmark Square, 15th Floor
   Stamford, Connecticut 06901
3  Telephone: (203) 325-4491
   dgolub@sgtlaw.com
4
   Eric Kafka (*pro hac vice*)
5  **COHEN MILSTEIN SELLERS & TOLL PLLC**
6  88 Pine Street, 14th Floor
   New York, NY 10005
7  Telephone: (212) 838-7797
   Facsimile: (212) 838-7745
8  ekafka@cohenmilstein.com

9  ***Attorneys for Plaintiffs in J.C., et. al. v. ByteDance, et al.
   (Case No. 24-cv-06784) and the Putative Classes***
10

11
   [Additional counsel on signature page]
12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15

16  **In re TikTok Inc. Minor Privacy**          MDL No. 3144
17  **Litigation**                               Case No: 2:25-ml-03144-GW (RAOx)

18                                               **CLASS ACTION**

19                                               **NOTICE OF MOTION AND MOTION
                                                 FOR APPOINTMENT OF INTERIM
20  **ALL ACTIONS**                              LEAD CLASS COUNSEL**

21                                               DATE: May 29, 2025
22                                               TIME: 10:00 a.m.
                                                 JUDGE: Hon. George H. Wu
23                                               DEPT.: Courtroom 9D

24

25

26

27

28

---

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, May 29, 2025, at 10:00 a.m. or as soon thereafter as the motion may be heard before the Honorable George H. Wu in Courtroom 9D of the United States District Court for the Central District of California, Western Division (Los Angeles), 350 W. 1st Street, 5th Floor, Los Angeles, California 90012, Plaintiffs in the matter captioned *J.C., et. al. v. ByteDance, et al.*, Case No. 24-cv-06784, will and hereby do jointly move the Court for an order:

Appointing Steven L. Bloch of Silver Golub & Teitell ("Silver Golub") and Eric Kafka of Cohen Milstein Sellers & Toll ("Cohen Milstein") as Interim Class Counsel in *In re TikTok Inc. Minor Privacy Litigation*, and all other actions consolidated into it, pursuant to Fed. R. Civ. P. 23(g). Plaintiffs' motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declarations and Firm Resumes attached as Exhibits A-B; the Proposed Order submitted herewith; and any other matter the Court may wish to consider.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7-3

This Motion for Appointment of Interim Lead Class Counsel was filed upon the direction of the Court after Plaintiffs' counsel was not able to reach agreement on a leadership structure. Defendants take no position on this Motion.

Pursuant to Local Rule 5-4.3.4, by my signature below, I, Eric Kafka, attest that all other signatories concur in the filing's content and have authorized this filing.

Dated:  May 12, 2025

By:  */s/ Steven L. Bloch*

David S. Golub, (*pro hac vice*)
Steven L. Bloch, (*pro hac vice*)
Ian W. Sloss, (*pro hac vice*)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jennifer Sclar, (*pro hac vice*)
John Seredynski, (*pro hac vice*)
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, Connecticut 06901
Telephone: (203) 325-4491
dgolub@sgtlaw.com

By:  */s/ Eric Kafka*

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Karina Puttieva (SBN 317702)
Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
kputtieva@cohenmilstein.com
jwaldman@cohenmilstein.com

***Attorneys for Plaintiffs in J.C., et. al. v.
ByteDance, et al. (Case No. 24-cv-06784)
and the Putative Classes***

Patrick Carey, (SBN 308623)
Mark Todzo, (SBN 168389)
**LEXINGTON LAW GROUP, LLP**
503 Divisadero Street
San Francisco, California 94105
Telephone: (415) 913-7800
pcarey@lexlawgroup.com
mtodzo@lexlawgroup.com

***Local Counsel for Plaintiffs in J.C., et. al. v.
ByteDance, et al. (Case No. 24-cv-06784)
and the Putative Classes***

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

1

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................3

LEGAL STANDARD..............................................................................................6

ARGUMENT ...........................................................................................................6

    A.    The Work Done Identifying or Investigating Potential Claims................7

        1.    Silver Golub and Cohen Milstein Filed the First Two
              Complaints. .................................................................................8

        2.    Silver Golub and Cohen Milstein Successfully Advocated
              for The Data Privacy Class Actions to Maintain an
              Independent Case. .......................................................................9

        3.    Silver Golub and Cohen Milstein Advanced the Classes'
              Interests by Fully Briefing TikTok's Motion to Dismiss. ......10

        4.    First-Filed Counsel Protected the Classes' Interests by
              Proactively Raising Preservation Concerns..............................11

    B.    Counsel's Experience in Handling Complex Actions and Privacy
       Litigation .......................................................................................12

        5.    Steven L. Bloch of Silver Golub...............................................12

        6.    Eric Kafka of Cohen Milstein....................................................15

    C.    First-Filed Counsel Have Extensively Litigated the Applicable
       Law and Recently Created Important Ninth Circuit Privacy Law .........16

    D.    Silver Golub and Cohen Milstein Will Commit Substantial
       Resources to Litigation ..........................................................................18

CONCLUSION........................................................................................................18

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

*In re Amazon Return Pol'y Litig.*,
 2024 WL 729204 (W.D. Wash. Feb. 22, 2024) ...................................................8

6

7

*Azpeitia v. Tesoro Ref. & Mktg. Co. Llc*,
 2017 WL 4071368 (N.D. Cal. Sep. 14, 2017).....................................................6

8

*Jones v. Google LLC*,
 56 F.4th 735 (9th Cir. 2022) ......................................................................1, 8, 17

9

10

*In re Terazosin Hydrochloride Antitrust Litig.*,
 220 F.R.D. 672 (S.D. Fla. 2004)........................................................................12

11

12

*White v. Experian Info. Sols.*,
 993 F. Supp. 2d 1154 (C.D. Cal. 2014) ...............................................................7

13

14

**Other Authorities**

15

Fed. R. Civ. P. 23(g) .............................................................................................*passim*

16

Manual for Complex Litigation  ..........................................................................6, 7

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs in the two first-filed actions (consolidated as *J.C. et al. v. ByteDance, Ltd. et al.*, Case No. 2:24-cv-06784, C.D. Cal.) ("The *J.C.* Action"), move this Court to appoint Steven L. Bloch of Silver Golub & Teitell LLP ("Silver Golub") and Eric Kafka of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), as Interim Co-Lead Class Counsel in this MDL. The respective work and experience of Steven Bloch and Eric Kafka in this action and other social media and privacy class actions, particularly in COPPA-related privacy actions, readily satisfies the criteria for appointment as lead counsel and distinguishes them as counsel best able to represent the interests of the millions of children whose privacy has been violated and whose personal information has been illicitly collected and commercially exploited by TikTok.

Mr. Bloch and Silver Golub have pioneered privacy actions based on COPPA violations, having obtaining a landmark ruling in the Ninth Circuit that COPPA does not preempt state law causes of action "that are parallel to, or proscribe the same conduct forbidden by, COPPA," *Jones v. Google LLC*, 73 F.4th 636, 644 (9th Cir 2023), and successfully litigating private actions like this one to protect the rights and interests of minor children. Mr. Kafka is a leading litigator of class actions against social media companies. This includes Mr. Kafka and Cohen Milstein recently securing an important Ninth Circuit ruling upholding the district court's grant of class certification in *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1230 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1051, 220 L. Ed. 2d 381 (2025). Collectively, Mr. Bloch and Mr. Kafka and their firms ("First-Filed Counsel") bring a wealth of experience litigating privacy class actions and class actions against technology, social media, and entertainment companies.

Predicated on that experience, Mr. Bloch and Mr. Kafka investigated and filed the first actions well before any additional actions were filed. From inception, Mr.

Bloch and Mr. Kafka have moved this action forward and have substantially advanced the interests of the Classes prior to an appointment of lead counsel, a rare feat. First-Filed Counsel have fully briefed TikTok's motion to dismiss, setting a framework for the Court's analysis of the claims in this action.

Mr. Bloch and Mr. Kafka also successfully briefed and argued the opposition to other plaintiffs' motion before the JPML which sought to centralize this action with an *unrelated* MDL pending for years in another district, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* (MDL No. 3047, N.D. Cal) ("Social Media Addiction MDL"). The Social Media Addiction MDL is centered on and seeks to remedy the physical and mental harm to adolescents caused by the addictive nature of multiple social media platforms through claims for negligence, products liability, and public nuisance. In denying the request to transfer this action to the Social Media Addiction MDL, the JPML held that this action is separate and distinct from the Social Media Addiction MDL. *See* Transfer Order at 2, JPML ECF 83. Through the efforts of First-Filed Counsel, this targeted "data privacy class action[]" against the TikTok defendants remains an independent action and will proceed apace, rather than becoming an appendage of a sprawling, industry-wide MDL, which would have subjected this action to delays and—at best—the divided attention of that court.

First-Filed Counsel were also instrumental in securing an Order from the Court directing TikTok to preserve crucial evidence, opposing TikTok's request for relief from the Court's Preservation Order, and collaborating with other plaintiffs' counsel to prepare for the examination of TikTok regarding their preservation capabilities. ECF 10, 11, 21, 25.

Mr. Bloch and Mr. Kafka have worked cooperatively and effectively to move this action forward from the outset and are best positioned and able to represent the interests of the Classes through a streamlined organizational leadership structure that will prosecute the case efficiently while providing the Classes with all the resources

necessary and the expertise of counsel who have been at the forefront of prosecuting private litigation arising out of COPPA violations.

For the following reasons, Mr. Bloch and Mr. Kafka will provide the strongest possible representation for the putative Classes based on all factors considered under Fed. R. Civ. P. 23(g).

## **BACKGROUND**

On August 9, 2024, Silver Golub, drawing upon its experience in other COPPA-based actions and its investigation of TikTok's conduct, filed the first class action complaint in the Central District of California against Defendants ByteDance Inc., ByteDance Ltd., TikTok Ltd., TikTok, Inc., TikTok PTE. Ltd., and TikTok U.S. Data Security Inc. (collectively "TikTok") on behalf of the putative Classes of children whose privacy has been violated and whose data has been collected and commercially exploited without obtaining the required parental consent under COPPA. *See A.A. et al v. ByteDance Inc. et al* Compl., 2:24-cv-06784, ECF 1. Silver Golub filed the initial action just one week after the United States initiated its action involving allegations stemming from similar conduct. *See* United States Compl., 2:24-cv-06535, ECF 1 (the "DOJ Action"). Cohen Milstein filed a separate complaint in the Central District of California approximately one month later, alleging similar harms. Cohen Milstein's complaint included independent research to support its claims. *See Villanueva* Compl., 2:24-cv-07922, ECF 1.

By early October 2024, the actions filed by Silver Golub and Cohen Milstein were the only privacy class actions that had been filed against TikTok for collecting and using children's data in violation of COPPA. At that time, Steven Bloch of Silver Golub and Eric Kafka of Cohen Milstein agreed to consolidate their actions and work together to represent the Classes.[1] *See* Declaration of Steven Bloch ("Bloch Decl."); Declaration of Eric Kafka ("Kafka Decl.").

---

[1] *A.A.* and *Villanueva* were consolidated as *J.C. et al. v. ByteDance, Ltd. et al.*, Case No. 2:24-cv-06784. *J.C.* Action, ECF 52, 73.

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

1    First-Filed Counsel proceeded to materially advance this litigation, including by

2    (1) stipulating to consolidate their actions, which were consolidated in front of the

3    Honorable Otis D. Wright II; (2) conferring with the DOJ and TikTok's counsel in

4    response to the Court's directive to address whether the private actions should be

5    consolidated with the related DOJ Action; (3) agreeing with the DOJ and TikTok to

6    establish methods of informal coordination of the actions; and (4) drafting and filing

7    the Consolidated Class Action Complaints on December 16, 2024 and on January 15,

8    2025. *See J.C.* Action, ECF 41, 47, 52, 53, 73.

9    First-Filed Counsel and TikTok also fully briefed TikTok's Motion to Dismiss.

10    *See J.C.* Action, ECF 77, 88, 89. Mr. Bloch and Mr. Kafka and their firms worked

11    together to draft the Opposition to TikTok's Motion to Dismiss, drawing upon their

12    extensive experience in similar litigation. *See J.C.* Action, ECF 88. For example, in

13    their Opposition to TikTok's Motion to Dismiss, First-Filed Counsel cited *In Re Meta*

14    *Pixel Healthcare Litigation*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023) (where Cohen

15    Milstein is co-lead counsel), *A.B. By and Through Turner v. Google LLC*, 2024 WL

16    3052969 (N.D. Cal. June 18, 2024) (where Silver Golub is lead counsel), *Hubbard v.*

17    *Google LLC*, 2025 WL 82211 (N.D. Cal. Jan. 13, 2025) (where Silver Golub is co-

18    lead counsel), and *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953 (N.D.

19    Cal. 2016) (where Cohen Milstein was co-lead counsel). *J.C.* Action, ECF 88 at 5-6,

20    9-11, 13, 18-20. On November 21, 2024, Mr. Bloch and Mr. Kafka filed a motion

21    with Judge Wright to be appointed as Co-Lead Counsel pursuant to Federal Rule of

22    Civil Procedure 23(g). *See J.C.* Action, ECF 51.

23    While First-Filed Counsel were advancing this litigation in the Central District

24    of California, other plaintiffs began to file tag-along actions in other districts around

25    the country. More than two months after Plaintiffs filed the initial *A.A.* Action, a

26    separate class action complaint was filed in the Northern District of Florida. *See*

27    *Humbert et al. v. ByteDance Inc. et al.,* 5:24-cv-0023 (the "*Humbert* Action"). Yet

28    another month later, three additional tag-along actions were filed in the Northern

District of California (*McKissick. v. ByteDance, Inc., et al*, 3:24-cv-08051), the Western District of Missouri (*Middleton v. ByteDance, Inc. et al.*, 4:24-cv-00742), and the District of New Jersey (*Lanser v. ByteDance, Inc. et al.*, 2:24-cv-10818).

On December 5, 2024, two weeks after First-Filed Counsel moved for leadership appointment in the Central District of California, counsel for the *McKissick* Action petitioned the JPML to transfer and consolidate these privacy class actions with *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*. *McKissick* argued that "the Related Actions involve common issues of law and fact and the same TikTok Defendants as those in MDL No. 3047." JPML ECF 1 at 2. Plaintiffs in the *Humbert* Action and the *Lanser* Action supported consolidating the privacy class actions against TikTok with the Social Media Addiction MDL. JMPL Dkt. 13, 23.

On January 3, 2025, spearheaded by counsel for plaintiffs in the *Humbert* Action, plaintiffs in *Humbert* and *McKissick* moved to intervene and stay the initial consolidated action until the JPML ruled on the petition (*see J.C.* Action; ECF 55, 76), joined by plaintiff in the *Lanser* Action.

First-Filed Counsel opposed transfer to the Social Media Addiction MDL, arguing that consolidation there would fail to promote the just and efficient prosecution of these actions and result in substantial delay. The Panel agreed. It held that it was "not persuaded that these actions should be included in MDL No. 3047." Transfer Order at 2. The Panel further explained that the Social Media Addiction MDL was fundamentally different than the data privacy class actions: the Social Media Addiction MDL "has been defined by allegations that defendants' social media platforms are designed to be addictive to adolescent users, causing harm . . . The data privacy actions now before the Panel contain no addiction-related contentions." *Id.* The Panel further ruled that the Central District of California was the most appropriate transferee district for this litigation and assigned the MDL to the Honorable George H. Wu. *Id.*

1    On April 28, 2025, with all consolidated tag-along actions before it, this Court
2    set a schedule for all motions relating to the leadership structure. Civil Minutes,
3    ECF 11.

4                                        **LEGAL STANDARD**

5    Federal Rule of Civil Procedure 23(g)(3) authorizes the court to "designate
6    interim counsel to act on behalf of a putative class before determining whether to
7    certify the action as a class action." The "designation of interim counsel clarifies
8    responsibility for protecting the interests of the class during precertification activities,
9    such as making and responding to motions, conducting any necessary discovery,
10   moving for class certification, and negotiating settlement." *Manual for Complex Litig.*
11   (Fourth) § 21.11.

12       Courts appointing interim class counsel consider the following factors:
13       (i) the work counsel has done in identifying or investigating potential
14       claims in the action;
15       (ii) counsel's experience in handling class actions, other complex
16       litigation, and the types of claims asserted in the action;
17       (iii) counsel's knowledge of the applicable law; and
18       (iv) the resources that counsel will commit to representing the class.
19   Fed. R. Civ. P. 23(g)(1)(A); *see also Azpeitia v. Tesoro Ref. & Mktg. Co. Llc*, 2017
20   WL 4071368, at *2 (N.D. Cal. Sep. 14, 2017) (noting while those factors are listed in
21   context of certification of a class the "Court looks to those factors in designating
22   interim class counsel as well"). Courts may also consider "any other matter pertinent
23   to counsel's ability to fairly and adequately represent the interests of the class." Fed.
24   R. Civ. P. 23(g)(1)(B).

25                                        **ARGUMENT**

26       The Rule 23(g) factors unequivocally support the First-Filed Counsel's
27   application for appointment as counsel for the Classes. First and foremost, the work
28   First-Filed Counsel has done in identifying or investigating potential claims in the

action far surpasses the other actions in the MDL. First-Filed Counsel diligently researched the Plaintiffs' claims. First-Filed Counsel have already devoted hundreds of hours and substantial resources to litigating this case, including by briefing TikTok's motion to dismiss and proactively raising preservation concerns with the Court, resulting in the Court's extant Preservation Order (ECF 11).

Second, First-Filed Counsel are highly experienced in litigating complex class actions, especially class actions against large social media companies and privacy class actions. Notably, Steven Bloch and Silver Golub recently obtained a landmark decision from the United States Court of Appeals for the Ninth Circuit establishing that COPPA does not preempt enforcement of consistent state laws, which paved the way for this action and Mr. Bloch is currently playing a leading role in several privacy class actions, including COPP-based actions. Eric Kafka of Cohen Milstein is one of the leading technology and privacy class action litigators in the country, with deep experience litigating against social media companies, including three lawsuits he has litigated against Meta Platforms, Inc. (f/k/a Facebook, Inc.).

Finally, Silver Golub and Cohen Milstein will commit substantial resources to litigation, as demonstrated by a track record of devoting millions of dollars to litigating class actions. Cohen Milstein is one of the largest Plaintiffs' firms in the country, and the largest Plaintiffs' firm that has filed a complaint in this MDL.

**A. The Work Done Identifying or Investigating Potential Claims**

The first factor for consideration under Rule 23(g)(1) is the work done to date identifying and investigating potential claims. Fed R. Civ. P. 23(g)(1)(A)(i); *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014); *Manual for Complex Litig.* (Fourth) §21.271. Steven Bloch and Eric Kafka have done substantially more work identifying, investigating, and litigating the claims in this case than counsel in the tag-along actions. *See In re Amazon Return Pol'y Litig.*, 2024 WL 729204, at *3 (W.D. Wash. Feb. 22, 2024) (noting that there are "two distinguishing factors that give the [lead counsel] the edge here: (1) they have spent

substantially more time and resources advancing the interests of the class, and (2) they filed [their] case first").

Over the last nine months, Silver Golub and Cohen Milstein have already devoted substantial time resources to advance the putative classes' interests, including by (i) filing the first two complaints in the MDL, which provided the legal and factual framework for the tag-along actions, (ii) successfully advocating for this action to remain legally separate from the DOJ Action and the Social Media Addiction MDL, and that it would have its own independent counsel, (iii) filing a consolidated class action complaint and fully briefing TikTok's Motion to Dismiss; and (iv) proactively raising preservation concerns with the Court, which resulted in the Court's Preservation Order. It is rare for two law firms to so substantially advance the interests of the Classes prior to an appointment of lead counsel.

### 1. Silver Golub and Cohen Milstein Filed the First Two Complaints.

Both Silver Golub and Cohen Milstein moved quickly in connection with the Federal Trade Commission's referral to the Department of Justice in June 2024 to investigate TikTok's practices in collecting and exploiting children's data and initiate their respective cases. First-Filed Counsel evaluated TikTok's data collection practices in light of COPPA's strict requirements and determined that TikTok's ongoing violations—facilitated through weak age-gating mechanisms and retention of unauthorized data—stood in direct conflict with these legal obligations and children's privacy protections. Counsel also evaluated the viability of claims under state law, particularly in light of recent case law addressing COPPA's preemption clause, which was successfully argued by Silver Golub as counsel for Plaintiffs-Appellants before the Ninth Circuit. *Jones v. Google LLC*, 73 F.4th 636 (9th Cir 2023). Counsel identified viable state law claims based on the facts of this case and built on the years of litigation experience prosecuting class action claims against social media technology companies.

Notably, several of the initial tag-along complaints simply copied substantial portions of Cohen Milstein's *Villanueva* complaint, including 49 consecutive paragraphs verbatim from *Villanueva*'s factual allegations. Compare *Villanueva* Compl. ¶¶ 26-74 (2:24-cv-07922, ECF 1) with *Humbert* Compl. ¶¶ 5–53 (5:24-cv-00236, ECF 1); *McKissick* Compl. ¶¶ 5–53 (3:24-cv-08051, ECF 1). First-Filed Counsel do not believe that this disqualifies these tag-along complaints. Rather, this highlights the ways in which First-Filed Counsel's investigation and leadership created the groundwork for this MDL.

### 2. Silver Golub and Cohen Milstein Successfully Advocated for The Data Privacy Class Actions to Maintain an Independent Case.

First-Filed Counsel have twice stopped the data privacy class actions from being improperly consolidated with other cases, advancing the Classes' interests by protecting the Classes' ability to maintain and prosecute an independent action.

After Silver Golub and Cohen Milstein moved to consolidate of their cases, Judge Otis D. Wright II issued an order on November 14, 2024 for Plaintiffs to show cause why their case should not also be consolidated with *United States of America v. ByteDance Ltd. et al.*, No. 2:24-cv-06535-ODW. First-Filed Counsel submitted briefing to Judge Wright, who after receiving briefing, decided not to consolidate the data privacy class actions with the DOJ action. *See J.C. Action*, ECF 47, 52. After Judge Wright's show cause order, First-Filed Counsel further advanced the interests of the Classes by conferring with Department of Justice and agreeing to "continue to discuss methods of informal coordination of discovery to aid in the efficient resolution of these related cases." *See J.C. Action*, ECF 47, at 4.

In December 2024, a second threat emerged to the independence of the data privacy class actions against TikTok. The *McKissick* Plaintiffs, backed by the *Humbert* Action and the *Lanser* Action, supported consolidating the privacy class

actions against TikTok with the Social Media Addiction MDL. JMPL ECF 1, 13, 23.[2] First-Filed Counsel were the *only* counsel who advocated before the JPML that this litigation remain in the Central District of California. JPML ECF 24, Transcript of Mar. 27, 2025 JPML Hr'g. Transfer and consolidation of the data privacy class actions with the Social Media Addiction MDL would have turned this case into an appendage of a sprawling, (almost entirely unrelated) industry-wide MDL about addiction, which would have subjected the data privacy class actions to years of delays. Fortunately, the JPML refused to transfer and consolidate and transfer the data privacy class actions to the Social Media Addiction MDL. First-Filed Counsel have already protected the Classes' interests by successfully advocating twice for the data privacy class actions to remain an independent case.

### 3. *Silver Golub and Cohen Milstein Advanced the Classes' Interests by Fully Briefing TikTok's Motion to Dismiss.*

Mr. Bloch and Mr. Kafka worked together to synthesize and further develop their complaints, and they jointly drafted and filed Consolidated Class Action Complaints on December. 16, 2024 and on January 15, 2025. See *J.C.* Action, ECF 41, 47, 52, 53, 73. First-Filed Counsel's operative Consolidated Class Action Complaint is 123 pages and alleges 18 claims on behalf of 12 plaintiffs from six states. See *J.C.* Action, ECF 73.

First-Filed Counsel and TikTok also fully briefed TikTok's Motion to Dismiss. See *J.C.* Action, ECF 77, 88, 89. Mr. Bloch and Mr. Kafka and their firms worked together to draft the Opposition to TikTok's Motion to Dismiss, drawing upon their extensive experience in similar litigation. See *J.C.* Action, ECF 88. Mr. Bloch drew upon his experience in COPPA-related litigation, which the Plaintiffs cited extensively in their opposition. *See A.B. By and Through Turner v. Google LLC*, 2024

---

[2] Many of the tag-along actions were filed by firms with existing leadership positions in the Social Media Addiction MDL. *See* ECF 24, at 7, fn. 7. Neither Silver Golub nor Cohen Milstein have leadership positions in the Social Media Addiction MDL.

WL 3052969 (N.D. Cal. June 18, 2024) and *Hubbard v. Google LLC*, 2025 WL 82211
(N.D. Cal. Jan. 13, 2025). Mr. Kafka also drew upon his experience in In *Re Meta*
*Pixel Healthcare Litigation*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023) and *In re Anthem,*
*Inc. Data Breach Litig.*, 162 F. Supp. 3d 953 (N.D. Cal. 2016), both of which
Plaintiffs cited in opposition to the motion to dismiss. See J.C. Action, ECF 88,
at 13, 20.

Regardless of who is ultimately appointed lead counsel, Mr. Bloch and Mr.
Kafka substantially advanced the interests of the Classes by developing the necessary
legal arguments to defeat a Rule 12(b)(6) motion to dismiss by TikTok. First-Filed
Counsel's opposition to TikTok's motion to dismiss demonstrates that First-Filed
Counsel is not just well-qualified to lead this litigation; First-Filed Counsel has
already been advancing this litigation for the good of the Classes for many months.

### 4. First-Filed Counsel Protected the Classes' Interests by Proactively Raising Preservation Concerns.

First-Filed Counsel also aggressively protected the interests of the Classes by
proactively raising TikTok's preservation of class member data. Mr. Kafka wrote to
TikTok's counsel requesting confirmation that TikTok had preserved class member
data. *See* Ex. B to Kafka Decl. at ECF 21-1, Email from E. Kafka to A. Formella
(Mar. 26, 2025). When TikTok did not provide an adequate response, Mr. Kafka
raised TikTok's data preservation at the Court's initial April 14 status conference. Mr.
Kafka expressed concern that TikTok was not adequately preserving data.

As a result of the concerns raised at the April 14 status conference by Mr.
Kafka, Judge Wu directed Plaintiffs' Counsel to send Defendants a letter with
categories of information that TikTok should preserve. And on April 22, 2025,
Plaintiffs' counsel sent TikTok a detailed Preservation Letter, listing twenty-five
categories of information that TikTok must preserve. Plaintiffs' Preservation Letter
(Apr. 22, 2025), Ex. D to Kafka Decl. at ECF 21-1. On April 24, 2025, the parties
filed a Joint Status Report setting forth the parties' positions on various aspects of the

case, including regarding preservation. See Joint Status Report ("JSR"), ECF 10 at 4-6. On April 28, 2025, the Court issued a clear order, both orally and in writing, requiring TikTok to preserve all relevant data. See Civil Minutes, ECF 11. First-Filed Counsel also filed an opposition to TikTok's Ex Parte Application For Temporary Suspension of Preservation Order. ECF 21.

The Court's preservation order would not have occurred but-for First-Filed Counsel repeatedly and proactively raising concerns about TikTok's data preservation. First-Filed Counsel's leadership on the data preservation was based on their prior experience in privacy class actions. As Mr. Kafka explained at the April 14 status conference, he raised the data preservation issue early based, in part, on his experience that the defendant's data preservation is very important to privacy class actions. Mr. Kafka's experience with data preservation for social media companies includes serving as the primary drafter of a motion for sanctions in *In Re Meta Pixel Litigation* about Meta's data preservation, which resulted in the court finding that "Meta had a duty to preserve the lost information and that it did not take reasonable steps to preserve it." Order, 3:22-cv-03580 (N.D. Cal.), ECF 880 at 1:23-26.

**B. Counsel's Experience in Handling Complex Actions and Privacy Litigation**

First-Filed Counsel are well-qualified. Indeed, their respective firms have a track record of successfully litigating and resolving complex consumer class actions. *See, e.g. In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be counsel's "experience in, and knowledge of, the applicable law in this field"). Mr. Bloch and Mr. Kafka will call upon the resources, skill, and experience of their respective firms to vigorously prosecute this action.

**5. *Steven L. Bloch of Silver Golub***

Steven L. Bloch is a partner at Silver Golub and a leader of the firm's Class Action and Complex Civil Litigation practice groups, representing pension and retirement funds, investors, government entities, businesses, and individuals in a wide

12

1    range of class action matters involving financial services, insurance, antitrust,

2    securities, data privacy, employee benefits, and consumer fraud.

3        Mr. Bloch's current representations include playing a leading role in two

4    privacy-related matters involving COPPA: *Hubbard et al. v. Google LLC*, No. 5:19-

5    cv-07016 (N.D. Cal.) (the "YouTube Action"); and *A.B. et al. v. Google LLC*, No.

6    5:23-cv-03101 (N.D. Cal.) (the "Android App Action"). Like this action, the YouTube

7    and Android App Actions both involve underlying violations of COPPA and assert

8    state privacy and other common law claims and consumer protection claims

9    predicated on illegally tracking and collecting the personal information of children to

10    profit from targeted behavioral advertising.  As discussed in Section C, *infra*, these

11    two actions have achieved landmark results. And Mr. Bloch and Silver Golub just

12    reached a settlement of the YouTube Action for class-wide relief on behalf of millions

13    of children arising out of Google's alleged collection and commercial exploitation of

14    the children's personal information in violation of COPPA. *See Hubbard,* ECF No.

15    328. In addition, Mr. Bloch is currently playing a leading role in *Zaluda et al. v. Apple

16    Inc.*, No. 2019-CH-11771 (Cir. Ct. of Cook Cnty., Ill., Chancery Div.), involving

17    Apple's collection and use of voiceprints from Apple Siri users in violation of the

18    Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq*.

19        Beyond COPPA and privacy-related actions, Mr. Bloch has a strong record of

20    successfully prosecuting and securing major settlements in complex class action

21    litigation, particularly involving financial institutions and insurance companies.

22    Recently, he played a leading role in prosecuting actions on behalf of hedge fund and

23    mutual fund investors in Allianz Global Investors' Structured Alpha suite of

24    investment funds arising out of AllianzGI's fraud in failing to adhere to stated

25    investment strategies and risk controls, achieving a $145 million settlement for a class

26    of investors in *AllianzGI Structured Alpha Mutual Fund Litigation* (*Jackson v. Allianz

27    Global Investors U.S. LLC*, Sup. Ct. N.Y. Cnty., Index No. 651233/2021) and a series

28    of confidential settlements on behalf of investors in *AllianzGI Structured Alpha Hedge*

*Fund Litigation* (*In re AllianzGI Structured Alpha Class Action Litig.*, S.D.N.Y. Case No. 20-cv-07154). Mr. Bloch also played a leading role securing a $27.5 million settlement on behalf of a class of investors against Goldman Sachs for alleged securities violations in connection with collateralized debt obligations. (*Dodona I, LLC v. Goldman, Sachs & Co.*, S.D.N.Y., Case No. 1:10-cv-07497).

In addition, Mr. Bloch has led successful actions against major insurance firms, including a $72.5 million settlement in a civil RICO and fraud case against the Hartford Financial Services Group (*Spencer v. the Hartford Fin'l Svs. Grp.*, D. Conn., Case No. 3:05-cv-1681), a $75 million settlement arising out of Nationwide Mutual Insurance Company's failure to adhere to statutory requirements governing underinsured and uninsured motorist coverage (*Nationwide Mut. Inc. Co., v. O'Dell*, W.V. Cir. Ct., Roane Cnty., Case No. 00-C-37), and a $30 million settlement against United American Insurance concerning the sale of limited benefit health policies (Smith v. Collinsworth, Cir. Ct. of Saline Cnty., Ark., Case No. Cv-2004-72-2). These results reflect a consistent ability to deliver substantial recoveries for classes of aggrieved consumers and investors.

Silver Golub is a plaintiffs' firm that maintains a national class action and complex litigation practice and has achieved groundbreaking results in a variety of matters, recovering billions for its clients. Silver Golub undertook its first class action in 1983, successfully representing a nationwide class of 40,000 Xerox Corp. pensioners, and in the 1990's served as private lead counsel for the State of Connecticut in its sovereign enforcement action against the American tobacco industry, recovering $3.9 billion for Connecticut, with $370 million coming via special award from a panel of former Attorneys General in recognition of the contribution of Connecticut's Silver Golub-led legal team in helping to achieve the national settlement. *See State of Connecticut v. Philip Morris, Inc.*, et al., No. X02-CV-960148414S (Conn. Super. Ct. 1998). In 2015, Silver Golub obtained a $250+ million settlement on behalf of Connecticut public sector union employees fired in

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

1    violation of their First Amendment rights of free speech and association. *See SEBAC*

2    *v. Rowland*, 3:03-cv-00221 (D. Conn.) (J. Covello).

3        Steven L. Bloch's and Silver Golub's representations and qualifications are

4    more extensively set forth in the Silver Golub Firm Resume, attached as Exhibit A.

5    ### 6. *Eric Kafka of Cohen Milstein*

6        Eric Kafka is a partner at Cohen Milstein Sellers & Toll with deep experience

7    litigating class actions against large social media companies. Mr. Kafka has played a

8    major role in litigating three class actions against Meta Platforms, Inc. (f/k/a

9    Facebook, Inc.): *LLE One LLC v. Facebook Inc.* (N.D. Cal.); *DZ Reserve v. Meta*

10   *Platforms, Inc.* (N.D. Cal.); and *In Re Meta Pixel Healthcare Litigation* (N.D. Cal.).

11   In all three cases, Mr. Kafka took a leading role for the plaintiffs in drafting and

12   pursuing plaintiffs' affirmative discovery and working with experts to analyze

13   Facebook's relevant computer systems. Mr. Kafka has deposed Facebook's computer

14   engineers, corporate designees, and experts, and understands the discovery necessary

15   to prove claims related to privacy.

16       Mr. Kafka and Cohen Milstein achieved a $40 million class settlement in *LLE*

17   *One*. In *DZ Reserve*, Cohen Milstein successfully moved for class certification, which

18   was upheld by the Ninth Circuit and denied certiorari in the U.S. Supreme Court. And.

19   In *In Re Meta Pixel Healthcare Litigation*, defeated two motions to dismiss plaintiffs'

20   privacy claims. Mr. Kafka also was the primary drafter of a motion for sanctions

21   regarding data spoilation in *In Re Meta Pixel Healthcare Litigation.* ECF 880 at 1:23-

22   26. Mr. Kafka's experience litigating cutting edge legal issues in social media and

23   privacy class actions will benefit the Classes.

24       Mr. Kafka's other class action successes include *Prescott v. Reckitt Benckiser*

25   *LLC* (N.D. Cal.) (Mr. Kafka was personally appointed sole lead counsel for consumer

26   false advertising class action that resolved for more than $3 million); *Ariza et al v.*

27   *Luxottica Retail North America* (E.D.N.Y) (consumer false advertising class action

28   that resolved for $39.5 million); and *In re Anthem, Inc. Data Breach Litigation* (N.D.

15

Cal.) (data breach class action that resolved for $115 million, which is one of the ten largest data breach class action settlements ever).

Cohen Milstein is one of the largest, most successful, and most respected plaintiffs' class action firms in the country—with over 100 attorneys in 8 offices. And, Cohen Milstein is the largest Plaintiffs' firm that has filed a complaint in this MDL. Cohen Milstein has earned recognition as a "class-action powerhouse" (*Forbes*), "the most effective law firm in the U.S. for lawsuits with a strong social and political component" (*Corporate Legal Times*), one of "America's 25 Most Influential Law Firms" (*The Trial Lawyer*), and one of the "Most Feared Plaintiffs Law Firms" (*Law360*). Cohen Milstein's reputation is reflected in the firm's successes. For over 45 years, Cohen Milstein has recovered tens of billions of dollars on behalf of injured plaintiffs. Some examples include: *In re Flint Water Cases* (E.D. Mich.) ($625 million settlement for Flint residents in environmental toxic tort class action); *In re Urethane Antitrust Litig.* (D. Kan.) ($835 million class action settlement after obtaining the largest price fixing jury verdict in U.S. history); and *In re Electronic Books Antitrust Litig.* (S.D.N.Y.) ($566 million class action settlement).

Eric Kafka and Cohen Milstein's qualification are more extensively set forth in the Cohen Milstein Firm Resume, attached as Exhibit B.

**C. First-Filed Counsel Have Extensively Litigated the Applicable Law and Recently Created Important Ninth Circuit Privacy Law**

As set forth above, First-Filed Counsel are law firms with a national reputation for excellence and success in complex litigation. The firms have a strong background in consumer protection and privacy law, a demonstrated ability to manage intensive and complex fact and expert discovery, and have successfully litigated class actions in the field of data privacy. First-Filed Counsel joins together two firms that won important victories at the Ninth Circuit regarding pre-emption in cases involving COPPA and class certification in a social media class action, respectively.

16

1    Steven Bloch has been at the forefront of litigation involving COPPA. Silver

2    Golub obtained a landmark decision from the United States Court of Appeals for the

3    Ninth Circuit, reversing the dismissal of the YouTube Action, and establishing that

4    COPPA does not preempt enforcement of consistent state laws. This paved the way

5    for millions of American children and their parents to seek redress for online privacy

6    violations, including the plaintiffs in this case. *See Jones v. Google LLC*, 56 F.4th 735

7    (9th Cir. 2022), *amended by* 73 F.4th 636 (9th Cir. 2023) (*Pet. for Reh'g en banc*

8    *denied*). And in the Android App Action, the court denied Google's motion to dismiss

9    in its entirety. *A.B. by & Through Turner v. Google LLC*, 2024 WL 3052969, at *2

10   (N.D. Cal. June 18, 2024) (upholding state privacy law claims, state consumer

11   protection act claims, and claims for unjust enrichment).

12   Eric Kafka is a leader in social media and privacy class action law. Mr. Kafka

13   and Cohen Milstein recently secured an important Ninth Circuit ruling on class

14   certification upholding the district court's grant of class certification, in *DZ Rsrv. v.*

15   *Meta Platforms, Inc.*, 96 F.4th 1223, 1230 (9th Cir. 2024), *cert. denied*, 145 S. Ct.

16   1051, 220 L. Ed. 2d 381 (2025). This is one of the few class actions against a social

17   media company that has been certified as a litigation class (not just a settlement class)

18   and then affirmed by the Ninth Circuit.

19   More generally, this case raises claims based on both common law and state

20   consumer protection statutes. First-Filed Counsel have extensive experience litigating

21   these causes of action. Consumer class actions, like this one, also raise recurring

22   issues of class certification, standing, damages, and injunctive relief. First-Filed

23   Counsel likewise have extensive experience litigating large and complex class actions

24   where these issues are heavily litigated—and have consistently achieved successful

25   results.

26

27

28

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

**D. Silver Golub and Cohen Milstein Will Commit Substantial Resources to Litigation**

Combined, Silver Golub and Cohen Milstein have more than 100 attorneys that specialize in plaintiffs' and class action litigation and the firms regularly advance millions of dollars on behalf of the classes they represent. The firms are dedicated to pursuing the best interests of the proposed Classes in an efficient manner, and fully understand the investment of time and resources necessary to pursue this action to a successful resolution.

The firms have the resources necessary to lead this litigation and have extensive experience successfully managing complex, resource-intensive cases. The firms are well-versed in the necessary technology to handle voluminous and complex discovery, including discovery of the scope and nature anticipated in this case. They further have attorneys and other professionals sufficient to staff this case and each firm has designated a primary team of attorneys who will bring their unique skills and experience to representing the proposed Classes.

The firms are prepared to commit the resources necessary to prosecute this case to successful conclusion. In fact, Cohen Milstein and Silver Golub are regularly involved in cases requiring seven-figure sums to fund the litigation, and are prepared to do the same here. The firms are well established, reputable, and have demonstrated that they are capable of handling the challenges of this litigation and committing the necessary resources to represent the proposed Classes. First-Filed Counsel will establish a litigation fund to immediately support the litigation effort and will devote the resources necessary to litigate this case successfully.

## CONCLUSION

For the above reasons, it is respectfully requested that the Court enter the Proposed Order appointing Steven L. Bloch of Silver Golub & Teitell and Eric Kafka of Cohen Milstein Sellers & Toll as Interim Co-Lead Class Counsel, and grant such other and further relief as the Court may deem appropriate.

1

2      Pursuant to Local Rule 5-4.3.4, by my signature below, I, Eric Kafka, attest that

3   all other signatories concur in the filing's content and have authorized this filing.

4

5   Dated:  May 12, 2025

6                                          By:  /s/ Steven L. Bloch

7
                                                David S. Golub, (*pro hac vice*)
8                                               Steven L. Bloch, (*pro hac vice*)
                                                Ian W. Sloss, (*pro hac vice*)
9                                               Jennifer Sclar, (*pro hac vice*)
                                                John Seredynski, (*pro hac vice*)
10                                              **SILVER GOLUB & TEITELL LLP**
                                                One Landmark Square, 15th Floor
11                                              Stamford, Connecticut 06901
                                                Telephone: (203) 325-4491
12                                              dgolub@sgtlaw.com

13                                         By:  /s/ Eric Kafka

14                                              Eric Kafka (*pro hac vice*)
                                                **COHEN MILSTEIN SELLERS & TOLL**
15                                              **PLLC**
                                                88 Pine Street, 14th Floor
16                                              New York, NY 10005
                                                Telephone: (212) 838-7797
17                                              Facsimile: (212) 838-7745
                                                ekafka@cohenmilstein.com
18
                                                Karina Puttieva (SBN 317702)
19                                              Jenna Waldman (SBN 341491)
                                                **COHEN MILSTEIN SELLERS & TOLL**
20                                              **PLLC**
                                                1100 New York Ave. NW, Suite 800
21                                              Washington, DC 20005
                                                Telephone: (202) 408-4600
22                                              Facsimile: (202) 408-4699
                                                kputtieva@cohenmilstein.com
23                                              jwaldman@cohenmilstein.com

24                                              ***Attorneys for Plaintiffs in J.C., et. al. v.***
                                                ***ByteDance, et al. (Case No. 24-cv-06784)***
25                                              ***and the Putative Classes***

26                                              Patrick Carey, (SBN 308623)
                                                Mark Todzo, (SBN 168389)
27                                              **LEXINGTON LAW GROUP, LLP**
                                                503 Divisadero Street
28                                              San Francisco, California 94105

---

19

1                                             Telephone: (415) 913-7800
                                           pcarey@lexlawgroup.com

2                                             mtodzo@lexlawgroup.com

3                                             ***Local Counsel for Plaintiffs in J.C., et. al. v.***

4                                             ***ByteDance, et al. (Case No. 24-cv-06784)***
                                           ***and the Putative Classes***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Plaintiffs, certifies that this brief contains 5,845 words, which complies with the word limit of L.R. 11-6.1.


Dated: May 12, 2025                    Respectfully Submitted,


COHEN MILSTEIN SELLERS & TOLL PLLC


By:    */s/ Eric Kafka*
       Eric Kafka
       Attorney for Plaintiffs and Putative Class

MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL