| | |
|---|---|
| Eric Kafka (*pro hac vice*)<br>**COHEN MILSTEIN**<br>**SELLERS & TOLL PLLC**<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br>ekafka@cohenmilstein.com<br><br>Karina Puttieva (SBN 317702)<br>Jenna Waldman (SBN 341491)<br>**COHEN MILSTEIN SELLERS & TOLL**<br>**PLLC**<br>1100 New York Ave. NW, Suite 800<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>kputtieva@cohenmilstein.com<br>jwaldman@cohenmilstein.com | David S. Golub, (*pro hac vice*)<br>Steven L. Bloch, (*pro hac vice pending*)<br>Ian W. Sloss, (*pro hac vice*)<br>Jennifer Sclar, (*pro hac vice*)<br>John Seredynski, (*pro hac vice*)<br>**SILVER GOLUB & TEITELL LLP**<br>One Landmark Square, 15th Floor<br>Stamford, Connecticut 06901<br>Telephone: (203) 325-4491<br>dgolub@sgtlaw.com<br><br>Patrick Carey, (Bar No. 308623)<br>Mark Todzo, (Bar No. 168389)<br>**LEXINGTON LAW GROUP, LLP**<br>503 Divisadero Street<br>San Francisco, California 94105<br>Telephone: (415) 913-7800<br>pcarey@lexlawgroup.com<br>mtodzo@lexlawgroup.com |

*Attorneys for Plaintiffs in J.C., et. al. v. ByteDance, et al. (Case No. 24-cv-06784) and the Putative Classes*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re TikTok Inc. Minor Privacy Litigation**<br><br>ALL ACTIONS | MDL No. 3144<br><br>Case No: 2:25-ml-03144-GW (RAOx)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF STEVEN L. BLOCH IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL**<br><br>DATE: May 29, 2025<br>TIME: 10:00 a.m.<br>JUDGE: Hon. George H. Wu<br>DEPT.: Courtroom 9D |

# DECLARATION

I, Steven L. Bloch, declare as follows:

1. I am an active member of the Bars of the State of Connecticut, State of New York, and Commonwealth of Pennsylvania, and a partner at the law firm Silver Golub & Teitell, counsel for Plaintiffs and the Putative Classes in the case captioned *J.C., et al. v. ByteDance, et al.*, 2:25-cv-6784-ODW-RAOx, which has been consolidated in the MDL, *In re TikTok Inc. Minor Privacy Litigation*, 2:25-ml-03144-GW-RAOx.

2. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, I could and would so testify. I submit this declaration in support of Plaintiffs' Motion for Appointment of Interim Lead Class Counsel.

3. I have over two decades of experience representing institutional and individual clients in a wide range of complex class actions involving privacy violations, financial fraud, antitrust, securities, insurance misconduct, and consumer protection. Silver Golub is a nationally recognized plaintiffs' firm with a distinguished track record of achieving groundbreaking results in class actions and complex litigation. The firm has recovered billions of dollars for its clients, including serving as lead private counsel for the State of Connecticut in its landmark tobacco litigation, resulting in a $3.9 billion recovery for the state. These representations and qualifications are more extensively set forth in the Silver Golub Firm Resume, attached hereto as **Exhibit A**.

4. On August 9, 2024, my firm filed the first class action complaint against Defendants on behalf of children whose privacy had been violated under the Children's Online Privacy Protection Act ("COPPA"). The complaint was informed by our prior experience litigating similar privacy actions and a thorough investigation into TikTok's conduct. We filed this case one week after the United States filed its own action involving similar conduct.

5. In September 2024, our action remained one of only two privacy class

actions pending against Defendants based on the COPPA violations. At that time, I conferred with Eric Kafka of Cohen Milstein, counsel in the related *Villanueva* action, and we agreed to work together and consolidate our actions in the interest of efficiency and coordination. I have worked closely with Eric Kafka and the team at Cohen Milstein Sellers & Toll to advance the interests of the putative Classes.

6. In particular, the work I have performed to date in this action has included, *inter alia*: (i) drafting complaints; (ii) drafting opposition to other plaintiffs' petition before the Judicial Panel on Multidistrict Litigation to transfer and consolidate this action with the Social Media Addiction MDL; (iii) arguing before the JPML in opposition to the petition; (iv) drafting the opposition to defendants' motion to dismiss; (v) negotiating various procedural matters with defendants and the Department of Justice regarding this action; (vi) working to secure the preservation of evidence by defendants; (vii) drafting the opposition to defendants' *ex parte* application for relief from the Court's extant Preservation Order; and (viii) appearing on behalf of Plaintiffs in the *J.C. Action* and the Putative Classes before the Court – all of which is described at length in the accompanying Memorandum in Support of the Motion for Appointment of Lead Class Counsel.

7. I have extensive experience leading data privacy litigation, including cases based on violations of COPPA. I currently play a leading role in two such matters: *Hubbard et al. v. Google LLC*, No. 5:19-cv-07016 (N.D. Cal.), and *A.B. et al. v. Google LLC*, No. 5:23-cv-03101 (N.D. Cal.). Both cases assert state privacy, common law, and consumer protection claims arising from the illegal collection of children's personal information. My firm and I recently reached a landmark class settlement in the YouTube Action, securing class-wide relief on behalf of millions of children affected by Google's alleged unlawful data practices.

8. In addition to privacy matters, I have successfully led numerous complex class actions against financial institutions and insurance companies, consistently delivering significant results for class members. These include a $145 million

settlement in the AllianzGI Structured Alpha Mutual Fund Litigation, a $27.5 million securities fraud settlement with Goldman Sachs (Dodona I, LLC v. Goldman, Sachs & Co.), and a $72.5 million civil RICO and fraud settlement with the Hartford Financial Services Group. A more detailed sampling of my current and prior representations in a leading role is contained in the accompanying Memorandum in Support of the Motion for Appointment of Lead Class Counsel and the Silver Golub Firm Resume, attached hereto as **Exhibit A**.

9. Silver Golub is fully committed to dedicating the substantial resources necessary to lead this litigation through to resolution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 12, 2025 in Stamford, Connecticut.

By: */s/ Steven L. Bloch*
Steven L. Bloch

# EXHIBIT A



# For the Plaintiffs

| Stamford | Hartford | New Haven |
|---|---|---|
| One Landmark Square<br>Floor 15<br>Stamford, CT 06901 | 225 Asylum Street<br>Floor 15<br>Hartford, CT 06103 | 195 Church Street<br>Floor 11<br>New Haven, CT 06510 |

WWW.SGTLAW.COM

# Firm Overview

Silver Golub & Teitell LLP ("SGT") is a Connecticut law firm committed to plaintiffs' litigation. Since 1978, SGT has pursued life-changing cases in Connecticut and across the United States. We only take significant cases and built our reputation by litigating resource-intensive cases. After five decades, our track record speaks for itself: we've returned billions of dollars in jury verdicts and settlements in class action, complex litigation, personal injury, and medical malpractice matters.

SGT's class action and complex litigation practice groups have represented individuals, consumers, state and local governments, unions, and retirement funds throughout the years to help offset the impact of controversies touching our communities. Some notable past representations include representing the State of Connecticut against the American tobacco industry, representing unionized employees whose first amendment rights were violated via anti-union layoffs, and establishing the right of political parties to determine the eligibility of non-party members to vote in primaries.

SGT's attorneys are also proud to serve in leadership roles in various organizations and institutions. Our name partners have taught trial practice at Yale Law School, the University of Connecticut School of Law, and Quinnipiac University Law School, and several SGT partners have served as President of the Connecticut Trial Lawyers Association.





# Class Action & Complex Litigation

# Select Prior Representations

### *State Employees Bargaining Coalition, et al. v. Rowland.*

In *SEBAC v. Rowland,* SGT achieved a court-approved settlement which has provided $250+ million in compensation to thousands of unionized state employees who alleged they were deliberately and illegally singled out for layoffs by the State of Connecticut in violation of their First Amendment rights. Specifically, the class members alleged that after their union refused to yield statutorily statutorily-protected contract rights during negotiations, the State of Connecticut, in violation of the unions' and their members' exercise of protected First Amendment rights of free speech and free association, and with anti-union animus, ordered the layoff of thousands of state employees.

The State of Connecticut argued that the layoffs were carried out to force the union to agree to concessions that would ultimately save the State of Connecticut money. However, the United States Court of Appeals for the Second Circuit in a precedential decision disagreed and found that the layoffs violated the unions' and union members' First Amendment right to freedom of association. SGT's work achieved a settlement of over $250 million for a class of more than 40,000 unionized public employees in 2015. The settlement was approved on October 1, 2015.

The case was *State Employees Bargaining Coalition, et al. v. Rowland,* No. 03-CV-221 and was brought in the United States District Court for the District of Connecticut before Hon. Alfred C. Covello, Senior United States District Judge.



3

## *Allianz Global Investors U.S. Structured Alpha Litigation.*

Silver Golub & Teitell represented hedge fund and mutual fund investors in Allianz Global Investors U.S. LLC's Structured Alpha suite of investment funds who were victimized by AllianzGI's "egregious, long-running and extensive fraud that went undetected for years." In March 2020, following the onset of market dislocations brought on by the COVID-19 pandemic, AllianzGI's Structured Alpha funds lost in excess of $7 billion in market value, including over $3.2 billion in investment principal, faced margin calls and redemption requests, and ultimately were shut down. The scheme victimized more than 100 institutional investors, representing more than 100,000 individuals, including Connecticut pension and retirement funds for municipal employees and healthcare workers, teachers in Arkansas, laborers in Alaska, bus drivers and subway conductors in New York City.

## *AllianzGI Structured Alpha Mutual Fund Class Action Litigation.*

SGT obtained a $145 million settlement on behalf of AllianzGI mutual fund investors with Allianz Global Investors U.S. LLC. The mutual fund investors had alleged, *inter alia*, violations of Section 11 of the of the Securities Act, 15 U.S.C. § 77k, Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2), and Section 15 of the Securities Act, 15 U.S.C. § 77o, as a result of a massive multi-billion-dollar fraud committed by AllianzGI's Structured Products Group. On March 9, 2023, the Hon. Andrew Borrok of the New York State Supreme Court, New York County Commercial Division granted final approval of a $145 million settlement. The case was *Jackson v. Allianz Global Investors U.S. LLC*, Index No. 651233/2021, New York State Supreme Court, New York County Commercial Division.

## *AllianzGI Structured Alpha Private Fund Class Action Litigation.*

SGT represented private hedge fund investors against AllianzGI alleging, *inter alia*, violations of the Employee Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., breach of contract, and breach of fiduciary duty. Following a ruling denying in substantial part AllianzGI's motion to dismiss, SGT's clients entered into individual settlement agreements with AllianzGI on confidential terms. The cases were *Town of Fairfield et al. v. Allianz Global Investors U.S. LLC*, No. 1:20-cv-05817 (S.D.N.Y.) (J. Failla), and *In re AllianzGI Structured Alpha Class Action Litigation*, No. 20-cv-07154 (S.D.N.Y.) (J. Failla).



## *State of Connecticut v. Philip Morris, Inc., et al.*

Silver Golub & Teitell served as lead private counsel for the State of Connecticut from 1996-98 in its action against the American tobacco industry. SGT was one of only a few Connecticut firms to answer the Connecticut Attorney General's call for firms to represent the State in the litigation. Connecticut's action was part of the nationwide litigation which resulted in the November 1998 Master Settlement Agreement for $246 billion being entered between plaintiffs and the four major tobacco companies Philip Morris USA, R. J. Reynolds, Brown & Williamson Tobacco Corp., and Lorillard.

The terms of Master Settlement Agreement provided for Connecticut to receive $3.6 billion. Additionally, a special panel of former attorneys general concluded that contribution of Connecticut's SGT-led legal team to the national litigation and settlement warranted that the State of Connecticut receive an additional $370 million of the national settlement proceeds, bringing Connecticut's total recovery to nearly $4 billion.

The case was *State of Connecticut v. Philip Morris, Inc.*, *et al.,* No. X02-CV-960148414S.

## *Spencer v. Hartford Financial Services Group, et al.*

SGT served as court-appointed co-lead counsel and obtained a $72.5 million cash settlement on the eve of trial for two certified subclasses of approximately 22,000 owners of structured settlement annuities in a nationwide class action against Hartford Financial Services Group, Inc and its affiliates. Plaintiffs and the class alleged that in order to fund class members' structured settlements, the Hartford property and casualty insurers purchased annuities from their affiliate, Hartford Life. By purchasing the annuity from Hartford Life, The Hartford companies allegedly were able to retain up to 15% of the structured amount of the settlement in the form of undisclosed costs, commissions and profit – all of which was concealed from the settling claimants.

The case was *Spencer v. Hartford Financial Services Group, Inc.*, No. 05-CV-1681 and was brought in the United States District Court for the District of Connecticut before Hon. Janet C. Hall.



5

## *Town of New Hartford, et al. v. Conn. Resources Recovery Authority.*

SGT obtained a $40+ million trial judgment as court-appointed lead counsel in a certified class action for 70 Connecticut municipalities to recover for losses sustained as a result of a quasi-public trash authority's improper dealings with Enron Corporation. The plaintiffs alleged they suffered damages in the form of increased costs when Enron defaulted on a $220 million loan made by the Connecticut Resources Recovery Authority ("CRRA") to Enron.

Plaintiffs' complaint alleged that the CRRA's loan to Enron was illegal and that the expenditure of funds was an *ultra vires* act on the part of the CRRA. Plaintiffs further alleged, *inter alia*, that that CRRA breached a fiduciary duty which it owed to the municipalities, and that CRRA breached its duty of fair dealing and good faith.

The case was *Town of New Hartford, et al v. Connecticut Resources Recovery Authority,* No. UWY-CV-04-0185580S and was brought in Connecticut Superior Court, Judicial District of Waterbury before Hon. Dennis G. Eveleigh.

## *United States ex rel. Keeth v. United Technologies Corporation.*

Silver Golub & Teitell represented the relator in a federal False Claims Act ("FCA") action against United Technologies Corporation which alleged, *inter alia*, that UTC had prematurely billed the government for work not yet performed on a helicopter contract and had inflated material inventories used as a basis for progress bills on its fixed-price contracts. The relator Douglas Keeth also alleged that UTC officials attempted to suppress disclosure of the improper Sikorsky practices after the company discovered and investigated the practices while participating in the Defense Department's voluntary disclosure program.

The *qui tam* litigation resulted in a $150 million settlement which at the time was the largest ever recovery for an action brought under the FCA. SGT's client received a relator's share of $22.5 million which was then also the largest such FCA award ever given to a relator.

The case was *United States ex rel. Keeth v. United Technologies Corporation,* No. H-89-323 brought in the United States District Court for the District of Connecticut before Hon. Alan H. Nevas.



6

### *Anglim v. Xerox Corporation.*

Silver Golub & Teitell served as lead counsel in nationwide class action for 40,000 Xerox pensioners for violations under ERISA, resulting in a settlement that provided increased pension benefits for approximately 40,000 present and former Xerox employees. The case was *Anglim x. Xerox Corporation,* B-83-2511 and was brought in the United States District Court for the District of Connecticut.

### *Town of Fairfield v. Madoff.*

Silver Golub & Teitell represented the Town of Fairfield, Connecticut and its pension plans from 2008-2013 in litigation against several feeder fund entities that enabled the Town to successfully recover $15+ million it had invested in Madoff-related investment vehicles. The case *was Town of Fairfield, et al. v. Bernard L. Madoff, et al*., X08 1 CV09 5011561S.

### *Westport Taxi Service, Inc. v. Westport Transit.*

SGT represented a Westport, Connecticut taxi service against the Westport Transit District, claiming that the district had intentionally engaged in monopolistic practices in violation the Connecticut Antitrust Act. The trial court found that defendants Westport Transit District had gained monopoly power and engaged in predatory pricing. As a result, the trial court-imposed liability on the defendant Westport Transit District and awarded the treble damages, including lost profits, business value, and prejudgment interest.





7

# Class Action & Complex Litigation

# Select Current Representations

**Westminster, Mass. PFAS Contamination Litigation.**

SGT represents a putative class of hundreds of residents of Westminster, Massachusetts residents private drinking water wells and topsoil have been contaminated with dangerous levels of PFAS or "forever" chemicals. The contamination was discovered in February 2022 by a private citizen tested his private drinking well water for PFAS. The results were the highest ever PFAS concentrations recorded on private property in Massachusetts history.

The complaint alleges that the contamination resulted from activities of a local composting facility MassNatural and several paper mills located in the Westminster area. Specifically, the complaint alleges that MassNatural and paper mill operators Seaman Paper and the Newark Group failed to take proper precautions mandated by Massachusetts law to ensure that the paper sludge the paper mills were dumping at the site did not contain chemicals that presented a hazard to human health, and that 3M Company is additionally responsible for the harms as the inventor of PFAS that concealed its harmful effects for decades.

The case is *Ryan et al. v. The Newark Group, Inc.* et al., No. 4:22-cv-40089 (D. Mass) and is currently pending before United States Judge Margaret R. Guzman of the District of Massachusetts.



## *Coinbase Unregistered Securities Exchange Litigation.*

Silver Golub & Teitell LLP has been appointed co-lead counsel on behalf of a putative class of users of the digital asset trading platform operated by Coinbase Global, Inc. ("Coinbase"), alleging that Coinbase has been illegally operating an unlicensed securities exchange. Plaintiffs, on behalf of themselves and the proposed class of digital asset investors, are seeking, inter alia, rescissory damages pursuant to the Federal Securities laws.

In April 2024 SGT and co-counsel achieved a reversal of Judge Engelmeyer's dismissal of the case, with the Second Circuit reversing Judge Engelmeyer's decision and holding that SGT's clients had sufficiently alleged violations of the federal securities laws to survive Coinbase's motion to dismiss, reviving the suit. In February 2025, the district court denied Coinbase's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

The case is *Underwood v. Coinbase, Global, Inc.*, No. 21-cv-08353 (S.D.N.Y.) and is currently pending before United States Judge for the Southern District of New York Paul A. Engelmayer.

## *Digital Currency Group Securities Fraud Litigation.*

SGT is court appointed co-lead counsel for a class of investors alleging that Digital Currency Group and owner Barry Silbert violated the federal securities laws by engaging in an unregistered securities offering and committed securities fraud by misrepresenting the financial health of Genesis Global Capital, a wholly-owned subsidiary of Digital Currency Group, in order to stave off withdrawals of capital.

The alleged fraud was exposed in November 2022 and shortly thereafter, Genesis Global Capital declared bankruptcy. SGT's filed actions in response to these events preceded investigations by the Department of Justice, the U.S. Securities and Exchange Commission, and the New York AG's office.

The case is *McGreevy v. Digital Currency Group*, No. 23-cv-00082 (D. Conn.) and is currently pending before United States Judge Stefan R. Underhill.





9

### *In re Insulin Pricing Litigation.*

Silver Golub & Teitell LLP serves on the Plaintiff's Steering Committee for the class action track in these MDL proceedings, representing direct purchasers of insulin from manufacturers including Novo Nordisk, Eli Lilly, and Sanofi Pharmaceuticals. Specifically, the plaintiffs bring claims against the manufacturers and the nation's three largest pharmacy benefit managers alleging violations of RICO and certain antitrust laws predicated on inflation of insulin prices.

The case is *In re Insulin Pricing Litigation*, Case No. 23-md-3080 (MDL No. 3144) (D.N.J.), *In re Direct Purchaser Insulin Pricing Litigation* (*Rochester Drug Co-Operative, Inc. v. Eli Lilly & Company et al.*), Case No. 20-cv-3426 (D.N.J.), pending before United States Judge Brian R. Matinotti.

### *In re EpiPen Direct Purchaser Litigation.*

Silver Golub & Teitell LLP, along with-co-counsel, represents direct purchasers against the brand manufacturer of EpiPen and the nation's three largest pharmacy benefit managers alleging violations of RICO and certain antitrust laws predicated on inflation of EpiPen prices. Direct purchaser plaintiffs have defeated in substantial part three motions to dismiss under Rule 12, including two Rule 12(b) motions to dismiss and one Rule 12(c) motion for judgment on the pleadings.

The case is *In re EpiPen Direct Purchaser Litigation*, Case No. 20-cv-00827 (D. Minn.), pending before United States Judge Eric C. Tostrud.

### *Fire Fighter Protective Gear PFAS Contamination Litigation.*

SGT represents the City of Stamford, Connecticut, all unionized firefighters in the State of Connecticut, and the Old Mistic Fire District in a lawsuit against 3M, DuPont, and the manufacturers of fire fighter protective gear which is alleged to be contaminated with dangerous PFAS chemicals. The action seeks several remedies, including to recover damages to pay for medical monitoring of fire fighters who have been exposed to PFAS in carrying out their duties via the protective gear they were issued, and to recover damages associated with the purchase of defective, dangerous fire fighter gear by the City of Stamford and other protective fear purchasers who now must purchase new, PFAS-free protective gear.

The case is *Uniformed Professional Fire Fighters Association et al. v. 3M Company, et al.*, No. 24-cv-01101, pending before Hon. Alvin W. Thompson, U.S.D.C., District of Connecticut.



10

## *YouTube Children's Data Collection Litigation.*

Silver Golub & Teitell LLP represents a proposed class of children YouTube users against Google LLC ("Google") and YouTube LLC ("YouTube"), as well as children's entertainment companies that operated YouTube channels such as Hasbro, Mattel, Cartoon Network and others, alleging claims under state privacy and consumer protection laws based on tracking of the online activity of minors, including children under the age of thirteen in violation of the federal Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. 6501-6506.

The suit is based on the behavior that led Google to pay a fine of $170 million to settlement claims brought by the Federal Trade Commission and New York State Attorney General that Google had violated COPPA by knowingly serving behavioral advertising to viewers of content on channels directed at children under the age of 13.

On December 28, 2022, a unanimous three-judge panel overturned two dismissals by the District Judge presiding over the case, noting that the Ninth Circuit has held in a "long line of cases" that state law damages remedies for conduct that also violates federal regulations are not preempted, and the word "inconsistent" in the preemption context refers to contradictory state law requirements, or requirements that serve as obstacles to federal goals. The decision was unanimously affirmed upon reconsideration.

The case is *C.H.. v. Google et al.*, 5:19-cv-07016 (N.D. Cal.) and is pending in the United States District Court for the Northern District of California before United States Magistrate Judge Susan van Keulen.

## *Google Play Store Designed for Families Program Data Collection Litigation.*

Silver Golub & Teitell LLP represents a proposed class of children Google Android device users against Google LLC ("Google") and AdMob LLC, alleging claims under state privacy and consumer protection laws based on tracking of the online activity of minors, including children under the age of thirteen in violation of the federal Children's Online Privacy Protection Act ("COPPA") while the children were playing games marketed as safe and age appropriated for children. 15 U.S.C. 6501-6506. On June 18, 2024, United States District Judge Casey Pitts denied defendants' motion to dismiss in its entirety, sustained all of plaintiffs' claims.

The case is *A.B. v. Google et al.*, 23-cv-03101-PCP (N.D. Cal.) and is pending in the United States District Court for the Northern District of California before United States District Judge Casey Pitts.



11

## *Zaluda v. Apple Inc.*

Silver Golub & Teitell represents a proposed class of users of Apple Siri-enabled devices in Illinois alleging Apple illegally created, collected, or otherwise obtained and stored their biometric voiceprints without consent in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS/14 *et seq*.

On December 9, 2020, the Court denied Apple's motion to dismiss, holding that SGT clients had plausibly stated claims against Apple for violations of BIPA. The case is *Zaluda v. Apple Inc.*, No. 2019-CH-11771 and is pending before Hon. Michael T. Mullen of the Circuit Court of Cook County, Illinois, Chancery Division.

## *Aerospace Industry No-Poach Antitrust Litigation.*

SGT represents lead plaintiff Zoe Borozny in a putative class action pending in the United States District Court for the District of Connecticut against defendants Pratt & Whitney (a division of Raytheon Technologies Corp.) and several aerospace engineer staffing companies alleging that they conspired to restrict competition and suppress wages via "no-poach" agreements in violation of federal antitrust laws.

The case is *Borozny et al. v. v. Raytheon Technologies Corporation*, *Pratt & Whitney Division, et al,* No.3:21-cv-01657 and is pending before Hon. Sarala V. Nagala in the United States District Court for the District of Connecticut.





# Additional Noteworthy Representations

### *Izzarelli v. R.J. Reynolds Tobacco Company.*

In 2016, Silver Golub & Teitell represented plaintiff and former smoker Barbara Izzarelli against tobacco company R.J. Reynolds Tobacco Company ("RJR") in the first smoker's case to come to trial in Connecticut history and first jury verdict against a tobacco company in New England history. After Ms. Izzarelli was diagnosed with smoking-related larynx cancer, SGT commenced a products liability suit on Ms. Izzarelli's behalf under the theories of strict liability and negligent design. After years of motion practice and appeals, the case proceeded to trial where SGT won a $28 million verdict in Ms. Izzarelli's favor finding RJR liable for both strict liability and negligent design.

Ms. Izzarelli was awarded $52.3 million after the judge awarded punitive damages and calculated pre-judgment interest. The case was *Izzarelli v. R.J. Reynolds Tobacco Company*, No. 99-CV-2338 and was brought in the United States District Court for the District of Connecticut before Hon. Stefan R. Underhill.

### *Tigani v. Westchester Medical Group.*

In 2024, Silver Golub & Teitell represented Elizabeth Tigani, who, because of a doctor's delay in ordering a C-section and negligence in performing the operation, suffered severe and permanent injuries to her bladder and uterus and left her unable to bear more children.

SGT won a jury verdict of $30 million on Ms. Tigani's behalf at trial, which increased to $58 million with pre-judgment interest based on an earlier offer to resolve the case.



13

## *Republican Party of State of Conn. v. Tashjian.*

SGT founding partner and lifelong democrat David S. Golub represented the Republican Party of Connecticut before the Supreme Court alleging that a Connecticut statute mandating that only registered party members could participate in a party's primary election violated the party's associational rights as guaranteed by the First and Fourteenth Amendments to United States Constitution. Golub represented the Republican Party from case initiation all the way to the Supreme Court of the United States, arguing before the Court on October 8, 1986. On December 10, 1986, the Supreme Court of the United States ruled in favor of SGT's client, finding that the Connecticut law infringed upon their associational rights, establishing the right of political parties, and not the state, to decide who votes in party primary elections. *See Tashjian v. Republican Party*, 479 U.S. 208 (1986).

## *Cohn v. Shoreline Pools.*

SGT Partner Ernie achieved a $40 million individual wrongful death settlement against several defendants, including pool equipment manufacturers and a pool installer, a settlement that was the largest known individual personal injury settlement in New England to date and the incident resulted in substantial changes to pool safety practices in the State of Connecticut.

## *Oram v. DeCholnoky.*

Silver Golub & Teitell LLP obtained a $38.5 million jury verdict—at the time the largest in Connecticut history—for client Elizabeth Oram in a medical malpractice action. The action stemmed from actions occurring in September 2002 and thereafter when SGT client Elizabeth Oram sought prenatal and obstetrical medical care from Dr. DeCholnoky in connection with her twin pregnancy. At trial, the jury found that the defendant doctor violated the prevailing standard of care by waiting too long to order a c-section, failing to make clear that time was of the essence, and performing the c-section too slowly and/or inefficiently. As a result, the jury awarded economic damages of $30 million and $7.5 million in non-economic damages to compensate ethe child for his pain and suffering, with an additional $1 million awarded to the parents.

The case was *Oram v. DeCholnoky*, No. X05 CV 05 4005513 S.



14