Kiley L. Grombacher (SBN 245960)
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
kgrombacher@bradleygrombacher.com

Derek W. Loeser (*pro hac vice*)
**KELLER ROHRBACK L.L.P.**
1202 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
dloeser@kellerrohrkback.com

Andre M. Mura (SBN 298541)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
amm@classlawgroup.com

*Counsel for the Humbert Plaintiffs*
[Additional counsel listed on next page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TIKTOK, INC. MINOR PRIVACY LITIGATION, | Case No. 2:25-ml-03144-GW-RAO<br><br>**THE HUMBERT PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date: May 29, 2025<br>Time: 10:00am<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

Bryan F. Aylstock, Esq.
**AYLSTOCK WITKIN KREIS & OVERHOLZ PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com

*Counsel for Plaintiffs Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., and Monroe Seigle on behalf of M.S.*

James E. Cecchi
**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com

*Counsel for Plaintiff J.R. a minor, by and through his legal guardian, Sal Rivera*

Tyler W. Hudson
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100
thudson@wcllp.com

*Counsel for Plaintiff Christina Middleton as guardian and next of kin on behalf of A.B.*

Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
Telephone: (888) 546-8799
cseeger@seegerweiss.com

*Counsel for Plaintiff Kathleen Lanser as guardian and next of kin on behalf of A.L.*

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 29, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the United States District Court Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiffs[1] (collectively, "the Humbert Plaintiffs") will and hereby do move this Court for a Motion for Appointment of Interim Class Counsel Pursuant to Federal Rule of Civil Procedure 23(g) and this Court's April 28, 2025, Minute Order. The following attorneys respectfully apply for appointment to the plaintiffs' leadership as follows:

**Co-Lead and Interim Class Counsel**: Kiley Grombacher (Bradley Grombacher LLP); Derek Loeser (Keller Rohrback L.L.P.); and Andre Mura (Gibbs Mura LLP).

**Executive Committee**: Bryan Aylstock (Aylstock Witkin Kreis Overholtz); James Cecchi (Carella, Byrne, Cecchi, Brody & Agnello); Tyler Hudson (Wagstaff & Cartmell); and Christopher Seeger (Seeger Weiss).

This Motion is based on this notice of motion and motion; the accompanying memorandum of points and authorities; the accompanying declarations of Kiley L. Grombacher, Derek Loeser, Andre Mura, Bryan Aylstock, James Cecchi, Tyler Hudson, and Christopher Seeger and firm resumes submitted therewith; all documents on file in

---

[1] "Plaintiffs" shall mean Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., Monroe Seigle on behalf of M.S., Nick McKissick on behalf of A.M., Christina Middleton as guardian and next of kin on behalf of A.B., Kathleen Lanser as guardian and next of kin on behalf of A.L., Katherine R. Walters on behalf of L.W., Tatiana Brodiski, Steven Burda, Amanda Hinkle, A.H. a minor, Chantell Martin on behalf of T.M., Jacquelyn Williams on behalf of K.P, Jonathan Riley on behalf of W.C.R., T.S.R.R., N.A.R., T.A.R., and N.J.R., Michael White on behalf of K.L.W. and K.L.W., Michael Luong on behalf of D.L., Ramlawi-Benton, R.W. a minor by and through their guardian ad litem, Pamela Hancock, Katrice Lindsey on behalf of J.D.W., J.Y.W. and S.M.W., J.R. a minor, by and through his legal guardian, Sal Rivera, Tessa Green, on behalf of S.V., and Kristi Vazquez, on behalf of J.B.

i

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

the above-captioned action and in related actions; the arguments presented by counsel at the hearing on this Motion; and any other matter the Court may wish to consider.

DATED: May 12, 2025

Respectfully submitted,

**GIBBS MURA LLP**

*/s/ Andre M. Mura*
Andre M. Mura
Steve Lopez
Hanne Jensen
Anna J. Katz
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
amm@classlawgroup.com
sal@classlawgroup.com
hj@classlawgroup.com
ajk@classlawgroup.com

*Counsel for Plaintiffs Tessa Green, on behalf of S.V., and Kristi Vazquez, on behalf of J.B.*

Kiley Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
kgrombacher@bradleygrombacher.com

*Counsel for Plaintiff Nick McKissick on behalf of A.M.*

Derek W. Loeser
Cari Campen Laufenberg
**KELLER ROHRBACK L.L.P.**
1202 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com

ii

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

Christopher L. Springer
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
cspringer@kellerrohrback.com

*Counsel for Plaintiffs Tatiana Brodiski and Steve Burda*

Bryan F. Aylstock, Esq.
**AYLSTOCK WITKIN KREIS & OVERHOLZ PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com

*Counsel for Plaintiffs Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., and Monroe Seigle on behalf of M.S.*

James E. Cecchi
Jason H. Alperstein
Jordan M. Steele
**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com
jalperstein@carellabyrne.com
jsteele@carellabyrne.com

*Counsel for Plaintiff J.R. a minor, by and through his legal guardian, Sal Rivera*

Tyler W. Hudson
Thomas P. Cartmell
Eric Barton
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100

iii

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

thudson@wcllp.com
tcartmell@wcllp.com
ebarton@wcllp.com

*Counsel for Plaintiff Christina Middleton as guardian and next of kin on behalf of A.B.*

Christopher A. Seeger
Christopher L. Ayers
Jennifer R. Scullion
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
Telephone: (888) 546-8799
cseeger@seegerweiss.com
cayers@seegerweiss.com
jscullion@seegerweiss.com

*Counsel for Plaintiff Kathleen Lanser as guardian and next of kin on behalf of A.L.*

iv

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ................................................................................................. i

I.      INTRODUCTION ............................................................................................ 1

II.     BACKGROUND .............................................................................................. 3

III.    LEGAL STANDARD ...................................................................................... 4

IV.     ARGUMENT ................................................................................................... 6

    A.   The Court should appoint the Humbert Group as Interim Class Counsel. ........... 6

        1.   Proposed Interim Class Counsel performed work investigating this action and have led efforts to advance the litigation. ................................ 7

        2.   Proposed Interim Class Counsel have relevant experience and knowledge. ...................................................................................... 8

            Kiley Grombacher ............................................................................. 8

            Derek Loeser ..................................................................................... 9

            Andre Mura ..................................................................................... 10

            Bryan Aylstock ............................................................................... 11

            James Cecchi ................................................................................... 12

            Tyler Hudson ................................................................................... 14

            Christopher Seeger .......................................................................... 15

        3.   The Humbert Group is supported by the overwhelming majority of firms and plaintiffs. ........................................................................ 16

        4.   The Humbert Group has sufficient resources to litigate this action. ............ 16

        5.   The Humbert Group has proven it works effectively as a team. ................... 17

        6.   The Humbert Group benefits from geographic and other diversity and will foster the development of younger lawyers. ................................. 17

V.      CONCLUSION ............................................................................................... 18

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                           Page(s)

*Bowen v. Energizer Holdings, Inc.*,
   118 F.4th 1134 (9th Cir. 2024) ...................................................................................9

*Imran v. Vital Pharms., Inc.*,
   2019 WL 1509180 (N.D. Cal. Apr. 5, 2019) .............................................................5

*In re Apple Inc. Device Performance Litig.*,
   2018 WL 11360203 (N.D. Cal. May 15, 2018) .........................................................6

*In re: Consumer Vehicle Driving Data Tracking Collection*,
   No. 1:24-md-3115-TWT (N.D. Ga. Aug. 19, 2024).................................................2, 9

*In re Facebook, Inc. Consumer Privacy User Profile Litig.*,
   MDL No. 2843, (N.D. Cal.).......................................................................................10

*In re Future Motion, Inc. Prods. Liab. Litig.*,
   No. 5:23- md-3087 (N.D. Cal.)....................................................................................6

*In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Prac. and Prods. Liab. Litig.*,
   No. 0:21-md-03015-SINGHAL (S.D. Fla.)...............................................................9

*In re Lenovo Adware Litig.*,
   2015 WL 10890657 (N.D. Cal. July 27, 2015)..........................................................8

*In re Mercedes-BenzEmissions Litig.*,
   2021 WL 7833193 (D.N.J. Aug. 2, 2021).................................................................14

*In re Mun. Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008).................................................................................5

*In re: Oral Phenylephrine Mktg. and Sales Pracs. Litig.*,
   No. 1:23-md-03089 (S.D.N.Y.)...................................................................................9

*In re Packaged Ice Litig.*,
   2009 WL 1518428 (E.D. Mich. June 1, 2009) ..........................................................7

*In re: PayPal Honey Browser Extension Litig.*,
   No. 5:24-cv-09470-BLF (N.D. Cal. Mar. 25, 2025)..................................................2

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

*In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*,
  No. 4:22-md-03047 (N.D. Cal. Nov. 10, 2022) ......................................................... 6, 13

*In re SSA Bonds Antitrust Litig.*,
  2016 WL 7439365 (S.D.N.Y. Dec. 22, 2016) .......................................................... 16

*In re: TikTok Inc. In App Browser Priv. Litig.*,
  No. 1:24-cv-02110-RRP-SRH (N.D. Ill.) ................................................................ 13

*In re Trader Joe's Tuna Litig.*,
  2016 WL 7407329 (C.D. Cal. Dec. 21, 2016) .......................................................... 4

*In re Valeant Pharms. Int'l, Inc. Third-Party Payor Litig.*,
  2022 WL 525807 (D.N.J. Feb. 22, 2022) ................................................................ 13

*In re: Vizio, Inc. Consumer Privacy Litig.*,
  No. 8:16-ml-02693-JLS (C.D. Cal. June 8, 2016) .................................................... 2, 10

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
  No. 9:20-md-02924-RLR, ECF No. 685 (S.D. Fla. May 8, 2020) .............................. 18

*In re ZF-TRW Airbag Control Units Products Liability Litig.*,
  No. 2:19-md-02905-JAK-FFM, MDL 2905 (C.D. Cal.) ............................................ 6

*Lozano v. AT&T Wireless Services, Inc.*,
  No 2:02-CV-00090 (C.D. Cal.) ................................................................................ 9

*Pfeiffer v. RadNet, Inc.*,
  2021 WL 4864743 (C.D. Cal. Mar. 17, 2021) .......................................................... 16

*Sapir v. Averback*,
  2015 WL 858283 (D.N.J. Feb. 26, 2015) ................................................................ 14

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill. 2014) .............................................................................. 16

*Smith v. Wm. Wrigley Jr. Co.*,
  2010 WL 2401149 (S.D. Fla. June 15, 2010) .......................................................... 8

*Stern v. AT&T Mobility Corporation f/k/a Cingular Wireless Corp.*,
  No. 2:05-CV-08842 (C.D. Cal.) .............................................................................. 8, 9

vii

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

*Thomas v. Gerber Prod. Co.*,
  2012 WL 1606627 (D.N.J. May 8, 2012).........................................................14

*Waudby v. Verizon Wireless Servs.*, LLC,
  248 F.R.D. 173 (D.N.J. 2008)........................................................................14

*White v. TransUnion, LLC*,
  239 F.R.D. 681 (C.D. Cal. 2006)....................................................................5

Rules

Fed. R. Civ. P. 23...............................................................................passim

Other Authorities

Manual for Complex Litigation, Fourth, § 21.11.........................................4, 5, 17

MDL STANDARDS AND BEST PRACTICES, Duke Law School Center for
  Judicial Studies (Sept. 11, 2024)....................................................................1

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

Pursuant to Federal Rule of Civil Procedure 23(g) and this Court's April 28, 2025, Minute Order, the following attorneys (collectively, the "Humbert Group")[3] respectfully apply for appointment to the plaintiffs' leadership positions:

**Co-Lead and Interim Class Counsel:** Kiley Grombacher (Bradley Grombacher LLP); Derek Loeser (Keller Rohrback L.L.P.); and Andre Mura (Gibbs Mura LLP).

**Executive Committee:** Bryan Aylstock (Aylstock Witkin Kreis & Overholtz); James Cecchi (Carella, Byrne, Cecchi, Brody & Agnello); Tyler Hudson (Wagstaff & Cartmell); and Christopher Seeger (Seeger Weiss).

## I.   **INTRODUCTION**

This is one of the largest and potentially most impactful multi-district privacy litigations in the nation. If the Department of Justice and the private class plaintiffs prevail, millions of U.S. consumers will benefit not only from a potential damages judgment but most importantly from implementing effective controls governing the use of the TikTok app by children. TikTok's damaging and unlawful conduct will come to an end, preventing harm to many children.

The stakes are—admittedly—quite high. TikTok will fund and litigate this MDL to the hilt given the revenues it stands to lose. The private class plaintiffs should be represented by a team with the experience, skill, personnel, and funding to go toe-to-toe with TikTok and its experienced counsel. The group of lawyers that have come together to submit this application on behalf of the private plaintiffs are such a team.

As explained below, the Humbert Group's proposed leadership slate includes (1) Co-Lead Counsel, a diverse group with decades of effective, efficient, and successful

---

[3] The Humbert Group identifies individual counsel for appointment as recommended by numerous authorities. *See, e.g.*, MDL STANDARDS AND BEST PRACTICES, Duke Law School Center for Judicial Studies (Sept. 11, 2024) ("MDL STANDARDS"), at 29. Because the Group will also commit the resources of their firms to the litigation, we also provide firm information for the Court's consideration.

1

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

leadership of some of the most complex and impactful class action and MDL matters, including data privacy actions and other major cases against social media companies, and (2) a Plaintiffs' Executive Committee with ample experience and judgment to contribute meaningfully to the briefing, discovery, and expert committees that will be needed in this case.

The Humbert Group is aware that another group of leadership applicants intends to propose an alternative structure that would place the fate of this groundbreaking case in the hands of just a few law firms. We respectfully believe that approach will not best serve the class members. The complexity, size, and stakes of this case require a multi-layered leadership structure, which balances the benefits of strong, centralized leadership with the ability to draw on the skills, resources, and manpower of multiple law firms, as needed.

The Humbert Group's structure has substantial precedent in large, complex class actions. *See, e.g.*, *In re: Vizio, Inc. Consumer Privacy Litig.*, No. 8:16-ml-02693-JLS (C.D. Cal. June 8, 2016), ECF No. 85 (Staton, J.) (appointing co-leads and executive committee); *In re: PayPal Honey Browser Extension Litig.*, No. 5:24-cv-09470-BLF (N.D. Cal. Mar. 25, 2025), ECF No. 131 (appointing three co-leads and executive committee); *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-md-3115-TWT (N.D. Ga. Aug. 19, 2024), ECF No. 63 (appointing multiple co-leads and executive committee).

With these and other precedents in mind, we propose a leadership team consisting of three Co-Lead Counsel and four Executive Committee members. To avoid duplication of effort and to control costs, Co-Lead Counsel will direct all litigation decisions and will assign tasks—legal research and briefing, depositions, document review, and the development of expert testimony—to members of the Executive Committee. Only work assigned and approved by Co-Lead Counsel will be submitted as part of any requested award of attorneys' fees. Finally, as is our practice in cases of this magnitude, Co-Lead

2

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

Counsel will develop a billing and timekeeping protocol for all counsel, hire an auditor to conduct monthly audits of contemporaneous time records, and provide the Court with periodic reports.

The three Co-Leads and four Executive Committee lawyers comprising our proposed team are among the leading plaintiffs' lawyers in the United States, having successfully litigated many privacy and consumer protection cases and complex actions, including some of the most impactful consumer privacy lawsuits in history. They also represent diverse identities and backgrounds—important when representing the interests of a diverse proposed class. The Humbert Group has received overwhelming support among the law firms representing clients in this MDL—counsel in 17 of the 20 cases on file believe their clients are best served by the Humbert Group's leadership. The Humbert Group's breadth and depth of experience, significant pooled resources, diversity of backgrounds, and consensus of support make them the best choice for plaintiffs' leadership.

For these reasons, and as detailed below, the Humbert Plaintiffs respectfully request an order granting this Motion.

## II.    **<u>BACKGROUND</u>**

Plaintiffs are young TikTok users who allege the platform collected their personal information without providing parental notice or obtaining verifiable parental consent in violation of the Children's Online Privacy Protection Act ("COPPA"), the accompanying FTC regulation ("COPPA Rule"), and the consumer protection laws of various states. Plaintiffs filed twenty distinct actions in Districts throughout the United States that were consolidated into this MDL. This MDL is the product of work by members of the Humbert Group who, recognizing that centralization would serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation, expeditiously

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

petitioned the Judicial Panel on Multidistrict Litigation ("JPML") for centralization. The JPML agreed and transferred the various actions to this Court.

Since the creation of the MDL, the Humbert Group has worked to build and promote consensus amongst the plaintiffs in this litigation.[4] We endeavored to propose a consensus leadership group and worked extensively to include representatives from each of the groups of counsel who are active in this litigation. While two of the many firms involved in this case rebuffed these efforts, we continued to work collaboratively with these firms on the initial tasks the plaintiffs faced, including the upcoming deposition regarding TikTok's document preservation issues. Candidly, we would have preferred to present the Court with an agreed leadership structure but, having been unable to persuade all counsel to join, we urge the Court to appoint the Humbert Group to lead this litigation forward and to its eventual conclusion.

### III.    **LEGAL STANDARD**

Rule 23(g)(3) empowers the Court to appoint interim lead counsel "before the certification decision is made." Fed. R. Civ. P. 23(g) Advisory Committee's Note (2003). Appointing interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation, Fourth, § 21.11 ("Manual"). Where, as here, there is "rivalry or uncertainty" regarding which attorney or law firm is authorized to act on behalf of the putative class—such as when "overlapping, duplicative, or competing class suits are pending before a court"—appointment of interim class counsel is often appropriate. *In re Trader Joe's Tuna Litig.*, No. 2:16-CV-01371-ODW(AJWX), 2016 WL 7407329, at *2

---

[4] Even prior to the creation of the MDL, members of the Humbert Group have worked to build agreement amongst the various groups at play in this litigation. Indeed, while some plaintiffs and defendants initially opposed the creation of the MDL, there was unanimity at the hearing for the centralization of this litigation.

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

(C.D. Cal. Dec. 21, 2016) (citing Fed. R. Civ. P. 23(g)(3)); *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual, Fourth, § 21.11); *Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019). In this case, the need for interim class counsel is apparent as efforts to build an agreed structure were not successful.

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Under Rule 23(g)(1)(A), the court considers: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Here, the Humbert Group is the product of private ordering, a common and encouraged means of selecting class counsel. See Manual, Fourth, § 21.272 ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class under Rule 23(g)."); §10.22 ("In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged."). The Humbert Group's leadership application reflects the considered consensus of counsel for plaintiffs in 17 of the 20 related class actions. The Humbert Group respectfully submits that they are best able to represent the proposed class under Rule 23.

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

IV.     **ARGUMENT**

    A.   **The Court should appoint the Humbert Group as Interim Class Counsel.**

      The Humbert Group meets all requirements for appointment under Rule 23(g)(3). They have successfully litigated many data privacy class actions on behalf of tens of millions of consumers, resulting in significant class recoveries and other meaningful relief. They have the necessary resources to prosecute this litigation, have the strong support of most plaintiffs in the consolidated cases, and are working collectively and with counsel for TikTok. The Humbert Group will continue to work in this fashion to manage this litigation effectively and efficiently.

      This case will be complex (legally and technologically) and labor-intensive, with extensive motion practice, discovery, and expert work. It requires the resources and flexibility of the proposed Co-Lead and Executive committee structure. Courts in this District and other districts in California routinely approve similar leadership structures. See e.g., *In re ZF-TRW Airbag Control Units Products Liability Litigation*, No. 2:19-md-02905-JAK-FFM, MDL 2905, ECF No. 105 (C.D. Cal.) (appointing two co-lead counsel, one liaison counsel, and twelve counsel to a steering committee); *In re Future Motion, Inc. Prods. Liab. Litig.*, No. 5:23- md-3087 (N.D. Cal.), ECF No. 98 (appointing two co-lead counsel, one liaison counsel, and nine counsel on executive committees); *In re Apple Inc. Device Performance Litig.*, 2018 WL 11360203, at *2 (N.D. Cal. May 15, 2018) (appointing two co-lead counsel and 37 counsel on executive committees). Judge Gonzalez Rogers also implemented a similar leadership structure in the social media addiction MDL, with three co-lead counsel, one liaison counsel, and eighteen counsel in the steering committee. *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047, ECF No. 75 (N.D. Cal. Nov. 10, 2022) ("Social Media MDL"). That deep bench has proven necessary—the complexity of TikTok and other

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

social media companies' systems and data practices are such that a large team is crucial to effectively review documents and depose witnesses, some of whom are overseas. Although this MDL concerns different issues, it concerns one of the same technologically advanced defendants and will require substantial resources to litigate effectively.

**1. Proposed Interim Class Counsel performed work investigating this action and have led efforts to advance the litigation.**

As with other litigation where government action spurs private litigation, "much of the work of identifying and investigating the potential claims has largely been performed by the Department of Justice. No applicant can, therefore, claim an advantage in performing the major leg-work on these claims." *In re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428, at *2 (E.D. Mich. June 1, 2009). Nevertheless, the Proposed Interim Class Counsel have undertaken significant and beneficial work in investigating, organizing and advancing the litigation.

Before filing their respective complaints, the Humbert Group interviewed prospective clients, investigated the facts surrounding the controversy, and analyzed the merits of the class claims. Declaration of Kiley Grombacher ("Grombacher Decl.") ¶ 22. A recent complaint filed by a Humbert Group member reflects the Group's evolving thinking on the class period, which differs from the shorter period proposed by the first two actions on file. *Id.* ¶ 24. Since filing, the Humbert Group has led efforts to organize and consolidate the related actions which were filed in districts throughout the country, including moving the JPML to form this MDL. *Id.* ¶ 20. They have also interviewed and vetted plaintiffs from several others states in preparing to file a consolidated complaint, *id.* ¶ 23, and successfully briefed an opposition to TikTok's ex parte application.

To advance the actions, the Humbert Group has communicated regularly with counsel in all related actions, as well as with defense counsel, concerning early case management issues. *Id.* ¶¶ 21, 26. Moreover, the Humbert Group worked hard to organize

7

and avoid any delay that could result from a leadership dispute and will continue to address the merits of the case as expeditiously as possible. *Id.* ¶ 27. Accordingly, the meaningful work and investigation to date weigh in favor of appointing the Humbert Group as Interim Class Counsel under Rule 23(g)(3).

### 2. Proposed Interim Class Counsel have relevant experience and knowledge.

A primary factor in selecting interim counsel is the experience, skill, and knowledge and familiarity with the relevant law. *See, e.g.*, *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *5 (S.D. Fla. June 15, 2010) ("[P]roposed class counsel must demonstrate that he possesses both the experience and qualifications necessary to conduct this litigation."). Courts have found that proposed leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015) (finding class-action and complex litigation leadership experience relevant for appointment).

Each of the proposed Co-Lead Counsel in the Humbert Group has extensive, directly relevant experience leading major class actions, including privacy cases against social media companies. Their qualifications and experience are detailed in their respective declarations and firm resumes accompanying this motion. *See* Grombacher Decl., Ex. 1; Loeser Decl., Ex. 1; Mura Decl., Ex. 1. Notable details about the proposed Co-Lead Counsel are as follows:

### Kiley Grombacher

Ms. Grombacher is a founding partner of Bradley Grombacher LLP and her practice is based in this District. Ms. Grombacher has deep experience with this District's local rules and standards of practice and has repeatedly been entrusted with responsibility for significant class actions in this District. *See e.g.*, *Stern v. AT&T Mobility Corporation f/k/a Cingular Wireless Corporation*, No. 2:05-CV-08842 (C.D. Cal.) (Snyder, J.); *Lozano v.*

8

*AT&T Wireless Services, Inc.*, No 2:02-CV-00090 (C.D. Cal.) (Snyder, J.); Grombacher Decl. ¶¶ 2, 9.

Ms. Grombacher has focused her practice on complex litigation arguing cases before trial courts and courts of appeal including the recent Ninth Circuit victory in *Bowen v. Energizer Holdings, Inc*., 118 F.4th 1134 (9th Cir. 2024) clarifying the standard for adjudication of Article III challenges at the pleading stage of litigation. Grombacher Decl. ¶ 11. Ms. Grombacher has successfully litigated a number of data privacy class actions and is presented serving on the leadership committee of the *In re: Consumer Vehicle Driving Data Tracking Collection MDL*, No. 1:24-MD-3115 (N.D. Ga.). Grombacher Decl. ¶ 10.

Ms. Grombacher has demonstrated her ability to lead complex nation-wide class actions through appointments as Co-Lead Counsel in other important consumer MDLs. *See, e.g.*, *In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Prac. and Prods. Liab. Litig*., No. 0:21-md-03015-SINGHAL (S.D. Fla.); *In re: Oral Phenylephrine Mktg. and Sales Pracs. Litig.*, No. 1:23-md-03089 (S.D.N.Y.). Grombacher Decl. ¶ 11.

Ms. Grombacher is a co-founder of Trial Lawyers of Mass Torts ("TLMT"), an organization whose mission is to promote constructive conversations that enhance collegiality and mutual understanding between the bench and the bar. *Id.* ¶ 16. She has received recognition for her work from organizations such as the Daily Journal and the Los Angeles Times as well as the esteemed judges before whom she has litigated. *Id.* ¶¶ 12, 13.

### Derek Loeser

Mr. Loeser is a partner at Keller Rohrback and a member of the firm's Executive Committee. He maintains a national practice prosecuting class action and large-scale individual cases, where he frequently serves in leadership roles. Through all stages of litigation, including trial and appeals, he has helped recover billions of dollars for

9

consumers, employees, investors, retirees, retirement plans, governments, and institutions in complex and class actions. In 2024, Mr. Loeser was recognized by Law360 as a "Titan of the Plaintiffs Bar."

Mr. Loeser's work in data privacy class actions is well known. For example, he served as co-lead counsel in *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL No. 2843, (N.D. Cal.), the consumer privacy class action prompted by the Facebook/Cambridge Analytica scandal. The case was an enormous undertaking, against a social media company with unlimited litigation resources. After over four years of hard-fought litigation that required dozens of motions, over 50 depositions, and significant monetary sanctions against the defendant for discovery abuse, the parties reached a $725 million settlement, approved October 11, 2023, and affirmed by the Ninth Circuit on February 13, 2025. The settlement is the largest privacy class action settlement in the United States and the most Facebook has paid to resolve a class action. Mr. Loeser has led numerous other successful class actions, as set forth in his attached declaration. His Keller Rohrback team includes several other lawyers with years of experience litigating against social media companies, including TikTok. With over three decades of class action leadership experience, Mr. Loeser is committed to working closely and collaboratively with the proposed leadership team.

**Andre Mura**

Mr. Mura is a partner at Gibbs Mura LLP (previously Gibbs Law Group) and has significant experience litigating complex consumer privacy cases. He is often entrusted by co-counsel to handle key briefing and oral arguments, a testament to his skill, judgment, and ability to collaborate with others. *See* Mura Decl. ¶ 10.

In this District, Mr. Mura and his firm led multidistrict litigation against a television manufacturer accused of collecting and selling data about consumers' viewing habits without their consent. *In re: Vizio Consumer Priv. Litig.*, No. 8:16–ml–02693 (C.D. Cal.)

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

(Staton, J.). Mr. Mura led briefing on plaintiffs' dispositive motions and was the only one to argue them. He also briefed and argued nearly every discovery motion. Judge Staton appointed him co-lead counsel for the settlement class after he and co-counsel negotiated monetary relief and significant business practice changes. *See* Final Approval Order, ECF No. 337 at 7. His work was well received. *Id.* at 14 (finding class counsel "demonstrated exceptional skill in litigating this case"; "astutely navigated a technically complex, procedurally fraught, and legally uncertain course to achieve a superior result"; and "has consistently demonstrated superb candor, diligence, organization, and aptitude."). Judge Staton is familiar with Mr. Mura's qualifications in a complex consumer privacy MDL, if a reference would be helpful.

Mr. Mura is a member of the Plaintiffs' Steering Committee Leadership in the Social Media MDL, and serves as co-chair of TikTok/ByteDance discovery. In that role, he has managed offensive discovery, organized the work of many law firms, and deposed several current and former TikTok employees, including (later this month) an apex witness in Singapore. Mr. Mura serves on the boards of the Impact Fund and the Civil Justice Research Initiative of Berkeley Law, is past chair of the American Association for Justice's LGBT Caucus, and has been honored twice with a California Lawyer Attorney of the Year Award, in 2019 and 2023.

*   *   *

The proposed Co-Leads are supported by four highly experienced class action lawyers; they and their respective firms have also litigated numerous privacy and consumer class actions. This group will provide important assistance to meet the demands of this case when called upon by the proposed Co-Leads to do so.

### Bryan Aylstock

Having successfully litigated (and resolved) two of the largest MDLs in history, Aylstock brings decades of experience and a mountain of resources to the table on behalf

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

of the minor plaintiffs in this MDL.  In the prior Transvaginal Mesh MDL where Aylstock served as coordinating co-lead counsel, he personally led the negotiating team that resolved tens of thousands of cases with the same firm that represents the Defendants here. In the 3M Combat Arms MDL, Aylstock (together with Seeger) personally resolved the largest MDL in history – a case in which Aylstock also served as lead counsel and lead trial lawyer in many of the successful trial verdicts of those bellwether cases. To achieve those verdicts, Aylstock also led the communications and coordination with the Department of Justice attorneys, successfully resolving numerous complex issues with the government that needed to be resolved in order to proceed with the civil cases against 3M. No stranger to complex litigation and class actions, Aylstock (and his firm) serve as class counsel in numerous data privacy cases, and Aylstock Witkin specifically serves as the point in matters related to COPPA and CSAM in both the *Social Medial MDL* and JCCP litigations, both of which involve TikTok specifically. In this litigation in particular, Aylstock has been extremely active from shortly after the United States filed its case, moving to intervene first in the A.A. case filed before Judge Wright, successfully moving and then arguing in favor of an MDL in the JPML, coordinating more than a dozen of other plaintiffs' counsel who also filed class actions around the country, personally meeting and conferring with defense counsel[5] prior to the first MDL hearing on matters to be discussed, drafting the proposed 30(b)(6) notice on preservation issues, and spearheading the efforts to secure the highly qualified expert to respond to Defendants' ex parte motion.

### James Cecchi

James E. Cecchi, a former federal prosecutor, should be appointed as a member of the Executive Committee. Mr. Cecchi has held leadership positions in many of the nation's most complex and important consumer class actions affecting consumer rights in the last

---

[5] To our knowledge, we are the only plaintiffs' counsel who reached out to defense counsel.

12

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

twenty years and, under his leadership, the firm has returned billions of dollars to consumers.[6] Besides securing substantial compensation for class members, Mr. Cecchi's efforts prosecuting class action cases in New Jersey and nationwide have won him the respect and esteem of fellow class action litigators across the country. As head of his firm's class action litigation practice, Mr. Cecchi has been selected to serve as lead, co-lead, liaison, and Executive Committee member in many multidistrict litigations—cases that have resulted in significant settlements. Moreover, Mr. Cecchi's extensive experience encompasses prosecuting numerous social media-related class actions in which he was either a member of the leadership committee or had his action selected for bellwether proceedings. For example, in the Social Media MDL, Mr. Cecchi and his team represent New Jersey public school districts seeking to recover costs related to managing student mental health crises allegedly worsened by addictive social media platform designs, with two of these cases selected to proceed in bellwether trials tentatively scheduled in early 2026. No. 4:22-md-03047-YGR, MDL 3047 (N.D. Cal.). S*ee also In re: TikTok Inc. In App Browser Priv. Litig.*, No. 1:24-cv-02110-RRP-SRH (N.D. Ill.) (Mr. Cecchi appointed to Plaintiffs' Steering Committee). These appointments reflect the confidence that other federal courts have expressed regarding his skills and professionalism in handling large and important multi-district litigation.[7] The history of working successfully together—and

---

[6] *See e.g., National Prescription Opiate Litigation*, where Mr. Cecchi was appointed to the Executive Committee, No. 1:17-MD-2804-DAP, MDL 2804 (N.D. Ohio). Specifically, Carella Byrne was entrusted with prosecuting all distribution and prescribing claims against Walmart. After years of litigation, Walmart reached a national settlement of over $4 billion. *See also In re Mercedes Emissions*, No. 2:16-cv-00881-KM-ESK (D.N.J.) where Mr. Cecchi as Co-Lead Counsel independently tested the suspect Mercedes vehicles and developed the factual record supporting the operative civil complaints; after five years of hard-fought litigation, the case settled in excess of $700,000,000.

[7] *See also, e.g., In re Valeant Pharms. Int'l, Inc. Third-Party Payor Litig.*, No. 16-3087, 2022 WL 525807, at *5 (D.N.J. Feb. 22, 2022) (finding that Carella Byrne as "Lead Counsel has extensive experience and expertise in litigating complex class actions")

---

13

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

the independent experiences Carella Byrne brings to the team—certainly would enhance the strength of the leadership slate proposed to the Court.

### Tyler Hudson

Mr. Hudson is a partner at Wagstaff & Cartmell and leads the firm's class action practice. He has a national practice prosecuting class actions and other large, complex cases. As described in more detail in the attached declaration, Mr. Hudson and his partners have been appointed to leadership positions and played key roles in class actions and MDLs across the country, including data breach and privacy class actions. As lead counsel, he has tried cases in state and federal courts, as well as in JAMS, AAA, and FINRA arbitrations. Mr. Hudson has been recognized for his achievements in class actions and other financial litigation. He and his firm will commit substantial resources to prosecuting this litigation. He and his firm pride themselves on their ability to work efficiently and cooperatively with others, and they have a history of doing so with the other attorneys seeking leadership appointments for plaintiffs in this case. Mr. Hudson and his firm will bring specialized knowledge to this litigation, given their experiences in data privacy class actions and the firm's involvement in the MDL and JCCP matters against TikTok and other

---

(citing cases); *In re Mercedes-Benz Emissions Litig.*, No. 16-881, 2021 WL 7833193, at *9 (D.N.J. Aug. 2, 2021) (characterizing Carella Byrne and two other firms as "qualified and experienced in complex class litigation and who have resources, zeal, and a successful record in class cases"); *Sapir v. Averback*, No. 14- 07331, 2015 WL 858283, at *3 (D.N.J. Feb. 26, 2015) ("Carella Byrne, Cecchi, Olstein, Brody & Agnello, P .C., is a well-respected law firm, and its attorneys have experience litigating complex commercial actions."); *Thomas v. Gerber Prod. Co.*, No. 12-1098, 2012 WL 1606627, at *2 (D.N.J. May 8, 2012) ("[I]t is clear that Carella Byrne has sufficiently demonstrated its qualifications as experienced litigators in the area of class action and complex litigation," and "has extensive experience in class action litigation dealing with consumer fraud[.]"); *Waudby v. Verizon Wireless Servs.*, LLC, 248 F.R.D. 173, 176 (D.N.J. 2008) ("Carella Byrne has extensive class action experience in class actions involving cases" and "are proven, high-powered litigators involved in some of the most complex class-action lawsuits in the country[.]").

14

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

social media companies alleged to have designed their platforms to addict children, in the Social Media MDL and in Judicial Council Coordination Proceeding (JCCP) No. 5255 – Social Media Cases.

### Christopher Seeger

Mr. Seeger is the founding partner of Seeger Weiss LLP, and is widely regarded as one of the nation's preeminent complex litigation attorneys. With a career defined by landmark victories, multidistrict leadership, and an ability to build broad consensus and resolve intricate and high-stakes cases, courts and his peers have time and again trusted Mr. Seeger to lead some of the largest and most complex multidistrict litigations. *See, e.g.*, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885 (N.D. Fla.) (Co-Lead Counsel; oversaw negotiation of global settlement worth $6 billion); *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio) (Executive Committee member and Co-Lead Counsel of the Negotiation Class, which reached settlements to date worth over $50 billion); *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323 (E.D. Pa.) (Lead Class Counsel; negotiated a 65 year settlement program paying over $1 billion in monetary awards to date); *In re Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation*, No. 2:21-MC-1230 (W.D. Pa.) (Co-Lead Counsel; led negotiation of three global settlements valued at over $1.5 billion).

As further detailed in his accompanying declaration, Mr. Seeger similarly has deep experience in complex technical and privacy-related litigation, including as Counsel to the Co-Leads and Settlement Counsel against TikTok and other social media companies in the Social Media MDL.

\*        \*        \*

This is an accomplished group that has agreed to work together to serve the best interests of the class. The proposed Co-Leads will direct the action and ensure the case is litigated forcefully, effectively and efficiently.

---

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

### 3. The Humbert Group is supported by the overwhelming majority of firms and plaintiffs.

The proposed leadership structure has the support of plaintiffs from 17 separate actions. Their ability to effectively lead this case and work cooperatively with other attorneys is confirmed by the fact that nearly all counsel across the related actions support the requested appointment. *See, e.g.*, *Pfeiffer v. RadNet, Inc.*, No. 2:20-CV-09553-RGK-SK, 2021 WL 4864743, at *2 (C.D. Cal. Mar. 17, 2021) (support received from other counsel weighed in favor of lead counsel appointment).

### 4. The Humbert Group has sufficient resources to litigate this action.

Counsel in the Humbert Group hail from the largest and most respected plaintiffs' class action firms in the country. They can, as needed, draw upon the skills and talents of attorneys and staff across the country, and they understand the time, energy, and skill necessary to lead this litigation. They have also committed the resources required to ensure effective and efficient representation. They are expected to pay assessments to ensure that adequate funds are available to prosecute this litigation, and none of them intends to use third-party litigation funding for this case. As their résumés and experience indicate, the Humbert Group has the financial resources to see this litigation through to its conclusion, including trial and appeals.[8]

---

[8] Where the class faces well-financed adversaries represented by capable and well-funded counsel, counsel with similar resources should represent it. *See In re SSA Bonds Antitrust Litig.*, 2016 WL 7439365, at *3 (S.D.N.Y. Dec. 22, 2016) (the firms appointed had "substantially more resources at their disposal than the other applicant teams"). The Court must be satisfied that counsel "will commit sufficient attorney time and financial resources to vigorously prosecute the putative class's claims." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 289 (N.D. Ill. 2014). The proposed team meets this standard.

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

### 5. The Humbert Group has proven it works effectively as a team.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. Leading complex litigation demands professionalism, cooperation, courtesy, and accepting the obligations owed as officers of the Court to successfully manage the litigation. *See* Manual, Fourth, §10.21. A challenge of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id.* Selecting lawyers who have worked together has many benefits—they have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." Duke Guidelines at 43. Many members of the Humbert Group are currently working together on major privacy cases involving children's interests and even TikTok itself. They have also repeatedly and successfully worked together in prior litigation.

The Court has already seen the benefit of this synergy. When TikTok filed its ex parte application seeking to suspend the Court's preservation order, the Humbert Group worked quickly and cooperatively to oppose TikTok's motion, retain a highly qualified expert and obtain his declaration, and prepare an extensive 30(b)(6) deposition notice. Even on a tight timeline, the Humbert Group worked cooperatively and inclusively to protect plaintiffs' interests.

### 6. The Humbert Group benefits from geographic and other diversity and will foster the development of younger lawyers.

Finally, the Humbert Group will benefit from its diverse membership and commitment to fostering the next generation of lawyers. The proposed Co-Lead Counsel and the attorneys at their respective law firms reflect the diversity of the bar—representing various ages, genders, experiences, and geographic locations. *See* Duke Guidelines at 38,

17

45-46 ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds."). The Humbert Group also asks that this Court establish a Lawyer Development Committee ("LDC") to foster growth opportunity for junior attorneys. Younger lawyers often work behind the scenes, and their contributions may go unrecognized—making it harder to obtain future leadership positions. LDCs are one way courts combat this. *See* Pretrial Order No. 20, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-02924-RLR, ECF No. 685 (S.D. Fla. May 8, 2020) (establishing LDC because "[t]he Court believes these attorneys will benefit from the mentorship and experience gained from participation in a large and complex MDL, and that the MDL will equally benefit from their enthusiasm and fresh perspective.").

Accordingly, the Humbert Group respectfully requests that this Court establish an LDC selected by the Humbert Group and approved by the Court. If appointed, counsel commit to "provide an opportunity for a broader array of attorneys to have experiences that position them to take on more senior roles in future [cases]." *See id.*

## V.    **CONCLUSION**

For the foregoing reasons, the Humbert Plaintiffs respectfully request an order appointing the proposed Co-Lead and Interim Class Counsel and Interim Executive Committee pursuant to Rule 23(g), and establishing the Leadership Development Committee described above.

DATED: May 12, 2025            Respectfully submitted by:

                              By:    */s/ Andre M. Mura*

                                     Andre M. Mura
                                     Steve Lopez

Hanne Jensen
Anna J. Katz
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
amm@classlawgroup.com
sal@classlawgroup.com
hj@classlawgroup.com
ajk@classlawgroup.com

*Counsel for Plaintiffs Tessa Green, on behalf of S.V., and Kristi Vazquez, on behalf of J.B.*

Kiley Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
kgrombacher@bradleygrombacher.com

*Counsel for Plaintiff Nick McKissick on behalf of A.M.*

Derek W. Loeser
Cari Campen Laufenberg
**KELLER ROHRBACK L.L.P.**
1202 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com

Christopher L. Springer
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
cspringer@kellerrohrback.com

19

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

*Counsel for Plaintiffs Tatiana Brodiski
and Steve Burda*

Bryan F. Aylstock, Esq.
**AYLSTOCK WITKIN KREIS &
OVERHOLZ PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com

*Counsel for Plaintiffs Scott Humbert on
behalf of E.H. and J.H., Tonia
Lightwine on behalf of B.L., and
Monroe Seigle on behalf of M.S.*

James E. Cecchi
Jason H. Alperstein
Jordan M. Steele
**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com
jalperstein@carellabyrne.com
jsteele@carellabyrne.com

*Counsel for Plaintiff J.R. a minor, by
and through his legal guardian, Sal
Rivera*

Tyler W. Hudson
Thomas P. Cartmell
Eric Barton
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112

20

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

Telephone: (816) 701-1100
thudson@wcllp.com
tcartmell@wcllp.com
ebarton@wcllp.com

*Counsel for Plaintiff Christina
Middleton as guardian and next of kin
on behalf of A.B.*

Christopher A. Seeger
Christopher L. Ayers
Jennifer R. Scullion
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
Telephone: (888) 546-8799
cseeger@seegerweiss.com
cayers@seegerweiss.com
jscullion@seegerweiss.com

*Counsel for Plaintiff Kathleen Lanser
as guardian and next of kin on behalf
of A.L.*

Plaintiffs' counsel who are not
themselves seeking appointment but
supporting the Humbert Group:

James R. Dugan, II
David Scott Scalia
Monica M. Vela-Vick
**DUGAN LAW FIRM PLC**
365 Canal St., Suite 1000
New Orleans, LA 70130
Telephone: (504) 648-0180
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
monica@dugan-lawfirm.com

21

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

Roderick Alvendia
**ALVENDIA, KELLY & DEMARES**
909 Poydras St., Suite 1625
New Orleans, LA 70112
Telephone: (504) 618-1601
rico@akdlalaw.com

*Counsel for Plaintiff Chantell Martin*
*on behalf of T.M. and Jacquelyn*
*Williams on behalf of K.P.*

Troy Giatras
Matthew Stonestreet
**GIATRAS LAW FIRM**
118 Capitol Street Suite 400
Charleston, WV 25301
Telephone: (304) 343-2900
troy@thewvlawfirm.com
matt@thewvlawfirm.com

*Counsel for Plaintiffs Amanda Hinkle,*
*A.H. a minor*

Charles Philip Hall
**PHIL HALL PA**
4300 Bayou Boulevard, Suite 32
Pensacola, FL 32503
Telephone: (850) 760-2156
phil@askalawyerfirst.com

*Counsel for Plaintiff Katrice Lindsey*
*on behalf of J.D.W., J.Y.W., and*
*S.M.W.*

Gary Klinger
John Nelson
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
402 West Broadway, Suite 1760

22

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

San Diego, CA 92101
gklinger@milberg.com
jnelson@milberg.com

Heather Marie Lopez
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
148 Dolphin Court
American Canyon, CA 94589
Telephone: (707) 334-3727
hlopez@milberg.com

*Counsel for Plaintiff R.W. a minor by and through their guardian ad litem, Pamela Hancock*

Nicholas Ryan Mayfield
**THE GORI LAW FIRM PC**
156 N. Main Street
Edwardsville, IL 62025
Telephone: (618) 600-1166
rmayfield@gorilaw.com

*Counsel for Plaintiff Michael White on behalf of K.L.W. and K.L.W.*

Clayton Morris Connors
**LAW OFFICE OF CLAYTON M. CONNORS**
4300 Bayou Boulevard, Suite 37
Pensacola, FL 32503
Telephone: (850) 473-0401
cmc@westconlaw.com

*Counsel for Plaintiff Jonathan Riley on behalf of W.C.R., T.S.R.R., N.A.R., T.A.R., and N.J.R.*

Joseph A. Osborne

23

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

**OSBORNE AND ASSOCIATES
LAW FIRM PA**
433 Plaza Real Suite 271
Boca Raton, FL 33432
Telephone: (561) 293-2600
josborne@oa-lawfirm.com

*Counsel for Plaintiff Michael Luong on
behalf of D.L.*

Jeffrey E. Ostrow
Kristen Lake Cardoso
**KOPELOWITZ OSTROW PA**
One West Las Olas Boulevard, Suite
500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
ostrow@kolawyers.com
cardoso@kolawyers.com

*Counsel for Plaintiff J.O., a minor, by
and through her mother Danaa
Carrillo, and H.T., a minor, by and
through her legal guardian Milagro
Almodovar*

Justin Parafinczuk
**PARAFINCZUK WOLF LAW
FIRM**
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Telephone: (954) 462-6700
jparafinczuk@parawolf.com

*Counsel for Ramlawi-Benton*

Thomas W. Pirtle
**LAMINACK PIRTLE &
MARTINES**

24

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

5020 Montrose Boulevard, 9th Floor
Houston, TX 77006
Telephone: (713) 292-2750
tomp@lpm-triallaw.com

*Counsel for Plaintiffs Scott Humbert on
behalf of E.H. and J.H., Tonia
Lightwine on behalf of B.L., and
Monroe Seigle on behalf of M.S.*

Michael Sacchet
Heather M. McElroy
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
hmm@ciresiconlin.com
mas@ciresiconlin.com

*Counsel for Plaintiff Katherine R.
Walters on behalf of L.W.*

25

THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO