Kiley L. Grombacher (State Bar No. 245960)
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
Email: kgrombacher@bradleygrombacher.com

*Counsel for Plaintiff Nick McKissick on behalf of A.M.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TIKTOK, INC. MINOR PRIVACY LITIGATION | Case No. 2:25-ml-03144-GW-RAO<br><br>**DECLARATION OF KILEY LYNN GROMBACHER IN SUPPORT OF THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date: May 29, 2025<br>Time: 10:00am<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |

DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF THE HUMBERT
PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

I, Kiley Lynn Grombacher, declare under penalty of perjury:

1. I am a founding partner at Bradley/Grombacher LLP ("BG"). I am a member in good standing of the bars of the States of California and Tennessee.

2. Bradley/Grombacher LLP is located in this District, and I have deep experience with this District's local rules and standards of practice. I have repeatedly been entrusted with responsibility for significant class actions in this District as detailed below.

3. I am counsel of record for plaintiff Nick McKissick.[1]

4. I have prepared this Declaration in Support of the Humbert Group's proposed leadership structure for Multidistrict Litigation Number 3144 *In Re: Tiktok, Inc. Minor Privacy Litigation*, and for my appointment as Co-Lead Interim Class Counsel, Pursuant to Federal Rule of Civil Procedure 23(g) ("Motion for Appointment") within that structure.

5. Specifically, in this declaration, I shall address the criteria for leadership positions as set forth in the Manual for Complex Litigation. These criteria include: (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. (*See* Sections 10.22 and 40.1 of the *Manual for Complex Litigation* (4th ed.).)

6. I will also address the actions taken by the attorneys and law firms on the proposed leadership slate to advance the litigation.

7. The following statements are based on my personal knowledge and review of the files and, if called on to do so, I could and would testify competently thereto.

///

///

---

[1] *McKissick v Bytedance et.al.,* transferred from the Northern District of California, Case Number 3:24-cv-08051.

1

DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

## EXPERIENCE OF COUNSEL & ABILITY TO WORK COOPERATIVELY WITH AND LEAD OTHERS

8.  Bradley/Grombacher LLP is a national plaintiffs' law firm representing a broad array of clients in class and mass actions, individual arbitrations, and multidistrict litigation matters at the trial and appellate levels across federal and state courts. Serving hundreds of thousands of clients in litigation and arbitration, we have prosecuted high-profile employment, privacy, consumer-rights, and product liability cases. Details on the work, experience and accomplishments of the firm can be found at www.bradleygrombacher.com.

9.  I have been a member of the State Bar of California since 2006 and a member of the State Bar of Tennessee since 2017. I am also a member of the bars of the Ninth, Seventh and Third Circuit and I am admitted to practice before the United States Court of Federal Claims. I hold the following degrees: B.A., Psychology and Political Science, University of California, Los Angeles; J.D., Chapman University.

10. I have considerable experience handling significant and complex consumer litigation in this District.  See e.g. *Stern v. AT&T Mobility Corporation f/k/a Cingular Wireless Corporation*, United States District Court Central District of California (Case No. 2:05-CV-08842-CAS)(settlement with total value of the available settlement benefits equaling $38,280,748); *Lozano v. AT&T Wireless Services, Inc.*, United States District Court Central District of California (Case No 2:02-CV-00090-CAS)(settlement with total value of the available settlement benefits equaling $42,700,800.)

11. I have been appointed lead counsel nationwide in consumer MDLs where I have worked cooperatively with other counsel including some of the counsel seeking appointment in the Humbert Group. See e.g. *In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Prac. and Prods. Liab. Litig.*, No. 21-MD-3015; *In re: Oral Phenylephrine Marketing and Sales Practices Litigation*, Case Number 1:23-md-03089. I have past experience working with many of the proposed members of this leadership slate. We have

2

DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

in the past litigated in an efficient and cooperative manner in order to avoid duplication of work and efforts. I will ensure that we similarly coordinate and cooperate in this action.

12. Additionally, I have extensive experience with privacy litigation including appointment to MDLs at the forefront of discovery issues. See e.g. *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-MD-3115 (N.D. Ga.).

13. I have argued cases before trial courts and courts of appeal including the recent Ninth Circuit victory in *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134 (9th Cir. 2024) clarifying the standard for adjudication of Article III challenges at the pleading stage of litigation. This decision has been cited by nearly thirty District Courts since its issuance less than a year ago.

14. My writings on legal topics pertaining to class and representative actions have appeared in professional publications and I have been called upon to speak at conferences and seminars for professional organizations. I have also been honored as a Super Lawyer in the area of class actions by Los Angeles Magazine since 2018 and was selected by the magazine as a Rising Star in this area in 2015 and 2016. I have been honored by the Los Angeles Times as a Top Consumer Attorney of Southern California (2024), and Business Visionary (2025). I have also been honored by the Daily Journal for several years in a row including awards for Top Women Lawyers (2025, 2023); Leading Commercial Litigators (2024) and Top Plaintiff Lawyers (2023).

15. I, and my firm, have repeatedly received favorable judicial recognition[2]. For example, Judge Singhal recently noted that "Class Counsel's experience in product liability class action litigation generally and experience in false advertising litigation specifically has been brought to bear here, as they effectively worked to bring this case to a successful resolution." *In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Prac.*

---

[2] A true and correct copy of the firm's resume is attached hereto as Exhibit "A".

3
DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

*and Prods. Liab. Litig.*, 2023 WL 2284684, at *9 (S.D. Fla. Feb. 28, 2023)). Similarly, in June of last year, Cormac J. Carney (US District Court, Central District of California) remarked, "I do want to tell you I appreciate the professionalism in reaching the settlement. I think it's a very fair and good settlement." *Rodriguez v. Mitsubishi Chemical Carbon Fiber and Composite, Inc. et al.,* Case Number 8:21-cvg-01711-CJC-JDE.

16. I believe in our justice system and I work to promote civility and professionalism. To this end, I am a co-founder of Trial Lawyers of Mass Torts ("TLMT"), an organization whose mission is to promote constructive conversations that enhance collegiality and mutual understanding between the bench and the bar.

## **WILLINGNESS AND ABILITY TO COMMIT TO THIS LITIGATION & ACCESS TO RESOURCES**

17. Bradley Grombacher has the willingness and availability to expend the financial and manpower resources necessary to prosecute this litigation on behalf of the proposed class. My firm is well resourced and has accepted no outside litigation funding other than typical bank lines of credit and loans.

18. Additionally, I will personally devote the time necessary to act as interim Co-Lead class counsel.

19. I appreciate the Court's consideration of my application and, if appointed, I look forward to serving the Court and working with the other lawyers and law firms to prosecute this litigation on behalf of our clients and our common interests.

## **THE LAW FIRMS IN THE HUMBERT GROUP HAVE WORKED TO ADVANCE THE LITIGATION EFFICIENTLY TO THE BENEFIT OF THE CLASS**

20. This MDL is the product of work by members of the Humbert Group who, recognizing that centralization would serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation, expeditiously petitioned the Judicial Panel on Multidistrict Litigation ("JPML") for centralization. The JPML agreed

and transferred the various actions to this Court.

21.    Since the creation of the MDL, the Humbert Group has worked to build and promote consensus amongst the Plaintiffs in this litigation.

22.    Before filing their respective complaints, the Humbert Group interviewed prospective clients, investigated the facts surrounding the controversy, and analyzed the merits of the class claims.

23.    Since the filing of this complaint the Humbert Group has continued to vet potential plaintiffs for inclusion in this litigation.

24.    Moreover, the Humbert Group has continued to investigate the claims and their strategies and approaches continue to evolve.  A recent complaint of a Humbert GRoup member reflects the Group's evolving thinking on the class period, which differs from the shorter period proposed by the first two actions on file.

25.    The Humbert Group has worked cooperatively with experts to investigate the claims, formulate case strategy, and even prepare successful oppositions to TikTok's ex parte application for relief of its preservation obligations.

26.    To advance the actions, the Humbert Group has communicated regularly with counsel in all related actions, as well as defense counsel, concerning early case management issues.  This has included in-person conferences with counsel for defendant as well as counsel for the Government.

27.    Moreover, the Humbert Group worked hard to organize and avoid any delay that could result from a leadership dispute and will continue to address the merits of the case as expeditiously as possible. Accordingly, the meaningful work and investigation to date weigh in favor of appointing the Humbert Group as Interim Class Counsel under Rule 23(g)(3).

28.    Attached as **Exhibit 1** is a true and correct copy of the Bradley Grombacher firm resume.

///

5

DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF THE HUMBERT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

1  I declare under penalty of perjury that the foregoing is true and correct. Executed
2  on May 12, 2025, in Westlake Village, CA.
3
4                           */s/ Kiley Grombacher*
5                           Kiley Lynn Grombacher

6
DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF THE HUMBERT
PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO. 2:25-ml-03144-GW-RAO

# EXHIBIT 1



www.bradleygrombacher.com

---

Bradley/Grombacher LLP (the "Firm") is a national law firm based in California. The Firm is actively engaged in complex litigation, particularly in the fields of consumer protection, human rights, and employment class actions. The Firm is well-respected for both the zealous advocacy with which it represents its clients' interests, as well as the highly-professional and ethical manner by which it achieves results. The Firm's unparalleled experience and capabilities in these fields are based upon the talents of its attorneys who have successfully prosecuted hundreds of class-action lawsuits.

For these reasons, the Firm, have repeatedly received favorable judicial recognition.

- Judge Singhal recently noted that "Class Counsel's experience in product liability class action litigation generally and experience in false advertising litigation specifically has been brought to bear here, as they effectively worked to bring this case to a successful resolution." *In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Prac. and Prods. Liab. Litig.*, 2023 WL 2284684, at *9 (S.D. Fla. Feb. 28, 2023).
- Judge Cormac J. Carney (US District Court, Central District of California) remarked, "I do want to tell you I appreciate the professionalism in reaching the settlement. I think it's a very fair and good settlement." *Rodriguez v. Mitsubishi Chemical Carbon Fiber and Composite, Inc. et al.*, Case Number 8:21-cvg-01711-CJC-JDE.

Bradley/Grombacher LLP was formed in 2016, and, since that time, the Firm has recovered more than Fifty Million dollars ($50,000,000) for injured class members

and the principals of the Firm have been instrumental in recovering over Eight Hundred Million dollars ($800,000,000) on behalf of workers and consumers throughout their careers including the following settlements:

   a. **Guttierez v. State Farm Mutual,** Superior Court for the State of California, County of Los Angeles. The case settled for $135 million just prior to trial.

   b. **Bednar v. Allstate Insurance Company**, Superior Court for the State of California, County of Los Angeles. The case settled for $120 million just prior to trial.

   c. **Roberts v. Coast National Insurance**, Superior Court for the State of California, County of Orange. The case was settled at arbitration for an amount in excess of $18 million.

   d. ***CNA Class Action Litigation***, Superior Court for the State of California, County of Los Angeles. The case settled for $33 million.

   e. **Dotson v. Royal SunAlliance,** Superior Court for the State of California, County of Orange. The case settled for $12.3 million.

   f. **Parris v. Lowe's Home Improvement,** Superior Court for the State of California, County of Los Angeles. The case settled for $29.5 million.

   g. **Pardo v. Toyota Motor Sales, et al.**, Superior Court for the State of California, County of Los Angeles. The case settled for $7.75 million.

   h. **Smith/Ballard v. Wal-Mart Stores, Inc.** The action was certified and settled for $86 million.

   i. **Hoyng v. AON**, Superior Court for the State of California, County of Los Angeles. The case settled for $10.5 million.

   j. **Heather Stern et al v. New Cingular Wireless Services Inc.,** United States District Court for the Central District of California. Class action settlement worth up to $250 million.

   k. **In Re Bank of America Wage and Hour Employment Practices Litigation,** MDL 2138, United States District Court for the District of Kansas. The case settled for $73 million.

   l. **H & R Block Litigation**, United States District Court for the Northern District of California. Class certified, and settlement of $35 million.

m. **Roberts v. TJ Maxx of CA LLC.,** United States District Court for the Northern District of California. Class action settlement of $8.5 million.

n. **Brenner v. Kevita, Inc.,** Superior Court, State of California, County of Ventura(Case No. 56-2017-00502340-CU-FR-VTA). Settlement with total value of available monetary benefits that could have been claim equaling more than $5,000,000 and injunctive relief valuing between $26,200,446.76 and$34,397,145.69.

## Principals

**Kiley Lynn Grombacher**



Kiley Grombacher is a member in good standing of the State Bar of California (since 2006) and the State Bar of Texas (since 2017). Ms. Grombacher is also admitted to practice before the Third, Seventh and Ninth Circuit Court of Appeals and the Court of Federal Claims. Ms. Grombacher's involvement in various forms of class action litigation spans more than a decade during which time she has litigated hundreds of class actions. Ms. Grombacher began her legal career at Arias, Ozzello & Gignac where she specialized in and gained extensive experience litigating consumer cases. Thereafter, Ms. Grombacher joined Marlin & Saltzman in 2010 where she focused her practice almost exclusively on class, collective and enforcement actions including the reported case, *Faulkinbury v. Boyd & Associates*, which clarified the holding in a seminal case, *Brinker Restaurant Corp. v. Superior Court* to establish that legality of certain company policies could be determined on a class-wide basis even if the application of the

polices varies by individual.

Ms. Grombacher has been appointed either lead or co-lead counsel including cases in multi-district litigation or coordinated proceedings where she worked collaboratively and cooperatively with co-counsel to bring about an efficient and beneficial resolution for all class members as the above results demonstrate.

Ms. Grombacher has successfully briefed and argued cases before trial courts and courts of appeal. Her writings on legal topics pertaining to class and representative actions have appeared in professional publications and she has been called upon to speak at conferences and seminars for professional organizations. I have also been honored as a Rising Star and/or Super Lawyer in the area of class actions by Los Angeles Magazine for multiple years including the current year and was selected as a Top 100 Women in Law and a Top 100 Plaintiff Lawyer by the Daily Journal.

**<u>Marcus Bradley</u>**



Mr. Bradley, has practiced since 1994.   He has been responsible for all facets of class action and other complex litigation, from pre-filing investigation through trial and appeal.  Mr. Bradley has been honored as a Super Lawyer in the area of class actions by Los Angeles Magazine for multiple years including 2018.

He is a member of a number of professional organizations including the Consumer Attorneys of Los Angeles, the Consumer Attorneys of California, the California Employment Lawyers Association, and the American Association of Justice.