DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: TikTok, Inc. Minor Privacy Litigation | Case No. 2:25-ml-03144-GW-RAO<br><br>**DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF DEFENDANTS' PROPOSAL REGARDING PRESERVATION OF DATA** |

# DECLARATION

I, Daniel M. Petrocelli, declare as follows:

1. I am a member of the Bar of the State of California and am admitted to practice in the United States District Court for the Central District of California. I am an attorney at the law firm of O'Melveny & Myers LLP, counsel of record for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, "Defendants"). I submit this declaration in support of Defendants' Proposal Regarding Preservation of Data. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so under oath.

2. Attached as **Exhibit A** is a true and correct copy of the preservation letter Plaintiffs sent to Defendants on April 22, 2025.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of May, 2025 in Los Angeles, California.

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

# Exhibit A

Plaintiffs' Counsel in MDL 3144 write regarding Defendants' preservation obligations in MDL 3144.[1] Defendants have "a duty to preserve evidence that kick[ed] in once [TikTok had] some notice that evidence will be potentially relevant to the litigation." *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, 2023 WL 6866273, at *2 (9th Cir. Oct. 18, 2023) (quoting *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015)). Plaintiffs' counsel thus expects that Defendants long ago preserved evidence relevant to claims and defenses in this litigation. However, out of an abundance of caution, Plaintiffs' counsel provide an illustrative list of categories of relevant evidence that Plaintiffs seek to discuss with Defendants' counsel to confirm that Defendants/all TikTok entities preserved them. For avoidance of doubt, this list does not limit or cabin Defendants' preservation obligations in any way – Defendants must continue to preserve all documents in its possession, custody, or control that are potentially relevant to the claims or defenses in MDL 3144.

1. Documents and Communications regarding children's[2] creation of accounts on TikTok and their use of the TikTok platform;
2. Documents and Communications regarding the creation of accounts on TikTok;
3. Documents and Communications regarding TikTok's knowledge that children create TikTok accounts and use the TikTok platform;
4. Documents and Communications regarding TikTok targeting its platform towards children, including Documents and Communications regarding content directed towards children;
5. Documents and Communications regarding identifying children's accounts on TikTok;
6. Documents and Communications regarding calculating or estimating the number of children's accounts on TikTok;

---

[1] The term "Defendants" as used herein refers to Bytedance, Inc., Bytedane, Ltd., TikTok, Ltd., TikTok, Inc., TikTok PTE. LTD., TikTok U.S. Data Security, Inc., and any other already-named Defendants in the referenced matter.

[2] The term "children" as used herein refers to any individual under the age of 18, including persons TikTok has referred to or may refer to as "youth" or "young people," including those who are under the age of 13. *See* Community Guidelines | TikTok, last accessed April 18, 2024.

7. Documents and Communications regarding TikTok's internal analyses and classifications of TikTok users as children;

8. Documents and Communications regarding TikTok's age-determining technology or grade level;

9. Documents and Communications regarding TikTok Kid's Mode or Under-13, including the types of data collected from TikTok Kid's Mode or Under-13 accounts;[3]

10. Documents and Communications regarding the process through which users create/sign-up for TikTok accounts, including inputting their date of birth;

11. Documents and Communications regarding TikTok's process to verify the age of TikTok users, including but not limited to keyword matching and accounts referred from moderation queues;

12. Documents and Communications regarding the collection of TikTok user data, including the type of data collected, the manner in which that data is collected, and the manner in which that data is stored;

13. Documents and Communications regarding the sale, distribution, or disclosure of TikTok user data to third parties;

14. Documents and Communications regarding notice(s) that TikTok provides to parents about what information TikTok collects from children, how TikTok uses such information, and TikTok's disclosure practices for such information;

15. Documents and Communications regarding obtaining parents' consent to TikTok's collection of child user data;

16. Documents and Communications regarding the process for parents to request deletion of their child's user data;

17. Documents and Communications regarding TikTok accounts and content that contains child-oriented subject matter;

18. Documents and Communications regarding how TikTok uses the data that it collects from TikTok to feature advertisements and for non-advertising purposes;

19. Documents and Communications regarding any methods that TikTok uses to identify children's TikTok accounts, including technology, user reports, and human moderation;

20. Documents and Communications regarding TikTok's advertising revenue;

21. Documents and Communications regarding the TikTok accounts of Named Plaintiffs in matters transferred to MDL 3144;

---

[3] This category encompasses any separate under-13 TikTok experience options.

Exhibit A - 5

22. Documents required to have been preserved pursuant to the prior consent decree and/or any agreement with the Department of Justice;

23. For every TikTok account,

    a. The data that TikTok collected from the account, including but not limited to, the first and last name, age, email address, phone number, persistent identifiers for the device(s) used to access TikTok, social media account information, and all profile image(s), as well as photographs, videos, and audio files containing the user's image and voice and the metadata associated with such media (such as when, where, and by whom the content was created), usage information, device information, location data, image and audio information, metadata, and data from cookies and similar technologies that track user across different websites and platform;

    b. How and where the account data is stored;

    c. The revenue that TikTok earned from the account on a monthly, quarterly, and annual basis;

    d. The advertisements that were shown to the account.

24. Documents and Communications regarding how TikTok values user data, including user data from children; and

25. TikTok's source code.


From: Plaintiffs' Counsel in MDL 3144