Steven L. Bloch, (*pro hac vice*)
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, Connecticut 06901
Telephone: (203) 325-4491
dgolub@sgtlaw.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Attorneys for Plaintiffs in J.C., et. al. v. ByteDance, et al. (Case No. 24-cv-06784) and the Putative Classes*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re TikTok Inc. Minor Privacy Litigation** | MDL No. 3144 |
| | Case No: 2:25-ml-03144-GW (RAOx) |
| | **CLASS ACTION** |
| **ALL ACTIONS** | **RESPONSE IN SUPPORT OF THE J.C. ACTION PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL** |
| | DATE: May 29, 2025<br>TIME: 10:00 a.m.<br>JUDGE: Hon. George H. Wu<br>DEPT.: Courtroom 9D |

1

## TABLE OF CONTENTS

2

Page

3

4    ARGUMENT ............................................................................................................ 1

5    A.    The Four Rule 23(g) Factors All Favor
6         First-Filed Counsel.................................................................................... 1

7    B.    Other Considerations Support Appointment of First-Filed Counsel .... 3

8

9         1.    The *Humbert* Application Is An Attempt by Social Media
              Addiction MDL Attorneys to Control This Litigation, Not
10            an Organic Team.......................................................................... 3

11        2.    First-Filers' Lean Leadership Structure Is Another
12             Consideration Supporting Their Appointment .......................... 4

13    CONCLUSION....................................................................................................... 5

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

3

<u>Cases</u>                                                                                                          <u>Page</u>

4

*A.B. by & Through Turner v. Google LLC*,
    2024 WL 3052969 (N.D. Cal. June 18, 2024) ................................................. 2

5

6

*Aberin v. American Honda Motor Co., Inc*.,
    2017 WL 3641793 (N.D. Cal. Aug. 24, 2017) ................................................. 5

7

8

*Brown v. Accellion, Inc.*
    2023 WL 1930348 (N.D. Cal. Feb. 10, 2023) ................................................. 5

9

10

*Diaz v. Univ. of S. California*,
    2020 WL 5044419 (C.D. Cal. July 17, 2020) ................................................. 3

11

12

*In re 5-Hour Energy Mktg. v. Innovation Ventures, LLC*,
    2013 WL 12134144 (C.D. Cal. Nov. 8, 2013) ................................................. 5

13

14

*In re Bystolic Antitrust Litig.*,
    2020 WL 6700830 (S.D.N.Y. Nov. 12, 2020) ........................................... 3, 5

15

16

*In re Nelnet Servicing, LLC*,
    2023 WL 1108253 (D. Neb. Jan. 30, 2023) ............................................... 3, 4

17

18

*In re Shop-Vac Mktg. & Sales Pracs. Litig*.,
    2013 WL 183855 (M.D. Pa. Jan. 17, 2013) ................................................. 4

19

20

*Jones v. Google LLC*,
    73 F.4th 636 (9th Cir. 2023) ........................................................... 2

21

22

*Kjessler v. Zaappaaz, Inc.*,
    No. 4:17-CV-3064,
    2018 WL 8755737 (S.D. Tex. Aug. 31, 2018) ................................................. 1

23

24

25

<u>Statutes and other authorities</u>:

26

Fed R. Civ. P. 23(g) ................................................................. 1, 2, 3

27

*Manual for Complex Litigation* 10.221 (4th ed. 2004) ................................................. 5

28

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  The Court should appoint Steven L. Bloch and Eric Kafka ("First-Filed

3  Counsel") as Interim Lead Class Counsel. First-Filed Counsel's appointment is

4  supported by all four Rule 23(g) factors, including that they have done far more work

5  identifying, investigating, and litigating the claims in this MDL than the *Humbert*

6  Group. Additionally, First-Filed Counsel will prosecute this case efficiently with two

7  focused and dedicated firms rather than a bloated seven-firm structure.

8

## <u>ARGUMENT</u>

9  **A.    The Four Rule 23(g) Factors All Favor First-Filed Counsel.**

10  The Rule 23(g) factors all support the appointment of First-Filed Counsel as

11  Interim Lead Counsel. *See* Fed R. Civ. P. 23(g)(1)(A). For the first Rule 23(g) factor,

12  Mr. Bloch and Mr. Kafka have done far more work identifying, investigating, and

13  litigating the claims in this MDL than the *Humbert* Group. *See* FRCP 23(g)(1)(A)(i);

14  (ECF No. 29 at 7-12). The *Humbert* Group does not argue that the first factor supports

15  them. Instead, they contend that "[n]o applicant can … claim an advantage in

16  performing the major leg-work on these claims" because the class actions followed a

17  complaint filed by the Department of Justice ("DOJ"). (ECF 30 at 7). The *Humbert*

18  Group misses the mark. Even where there is an earlier DOJ action, courts still credit

19  counsel, such as First-Filed Counsel here, who have identified and investigated the

20  classes' claims. *See e.g., Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL

21  8755737, at *2, 4 (S.D. Tex. Aug. 31, 2018) (appointing lead counsel based on first

22  Rule 23(g) factor even though private plaintiffs filed after DOJ action).

23  Here, First-Filed Counsel (i) conducted substantial investigations (independent

24  of the DOJ) and filed the first two complaints; (ii) successfully advocated for the data

25  privacy class actions to remain an independent case; (iii) fully briefed TikTok's

26  motion to dismiss; and (iv) proactively raised preservation concerns, which led to the

27

28

RESPONSE IN SUPPORT OF THE J.C. ACTION PLAINTIFFS'
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

1  Court entering the preservation order,[1] (*see* ECF No. 29 at 7-12), and helped spur

2  TikTok's efforts to preserve data (*see* ECF Nos. 21, 41, 41-3, 41-4). First-Filed

3  Counsel also developed legal theories and factual allegations not contained in the

4  government's case. The *J.C. Action* brings state-law claims for invasion of privacy,

5  violation of consumer protection acts, and unjust enrichment based on TikTok's

6  alleged COPPA violations, and includes a litany of factual allegations not in the DOJ

7  complaint. *Compare J.C. et. al.*, Consolidated Amended Complaint, ECF 73 with DOJ

8  Complaint, 2:24-cv-06535, at 1.  And First-Filed Counsel marshalled its independent

9  factual allegations to oppose TikTok's motion to dismiss. *See e.g., J.C.*, ECF 88, at

10  6:4-9 (citing research regarding child-oriented content on TikTok to support that

11  TikTok targets children); 9:13-22 (citing research regarding economic value of

12  personal information to support plaintiffs' consumer protection claims).

13      The second and third Rule 23(g) factors (counsel's experience and knowledge

14  of the applicable law) also favor First-Filed Counsel. *See* FRCP 23(g)(1)(A)(ii)-(iii).

15  Though Mr. Bloch, Mr. Kafka, and many members of the *Humbert* Group have

16  experience in technology and privacy class actions, First-Filed Counsel are uniquely

17  experienced in handling COPPA privacy class actions, having secured successful

18  results in the courts, *see Jones v. Google LLC*, 73 F.4th 636, 644 (9th Cir. 2023) (no

19  preemption of consistent state law claims) ("Hubbard"); *A.B. by & Through Turner v.*

20  *Google LLC*, 2024 WL 3052969, at *2 (N.D. Cal. June 18, 2024) (upholding state

21  privacy law claims, state consumer protection act claims, and claims for unjust

22  enrichment), and through settlement, *see Hubbard*, Case No. 5:19-cv-07106 (N.D.

23  Cal.), (ECF No. 328).

24      The fourth Rule 23(g) factor (commitment of resources)–supports First-Filed

25  Counsel. FRCP 23(g)(1)(A)(iv).  By spending hundreds of hours advancing the case,

26

27  _____

28  [1] April 14, 2025 Hearing Transcript at 33 (Mr. Kafka discussing concerns about
   TikTok's data preservation).

First-Filed Counsel have demonstrated their commitment to benefit the class. Further, Cohen Milstein is one of the largest plaintiffs' firms in the country and larger than any firm in the *Humbert* Group. *See Diaz v. Univ. of S. California*, 2020 WL 5044419, at *5 (C.D. Cal. July 17, 2020) (considering the size of law firms in appointing lead counsel). Silver Golub and Cohen Milstein have a track record of advancing millions of dollars of costs in the largest and most expensive litigation. (ECF No. 29 at 18). Finally, the fourth Rule 23(g) factor favors lead counsel who can litigate the case solely based on their own resources without drawing on an executive committee. *In re Bystolic Antitrust Litig.*, No. 20-CV-5735 (LJL), 2020 WL 6700830, at *1 (S.D.N.Y. Nov. 12, 2020).

## B.    Other Considerations Support Appointment of First-Filed Counsel.

Under Rule 23(g), the Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FRCP 23(g)(1)(B). The *Humbert* Group's application focuses on two considerations: (i) the *Humbert* Group has support from 17 of the 20 cases filed in the MDL and (ii) the *Humbert* Group has a 7-member slate and thus a larger leadership structure. In reality, the *Humbert* Group is trying to position weaknesses in its application as strengths. First, the *Humbert* Group does not have organic support; rather, the *Humbert* Group (and its supporters) are members of the unrelated *Social Media Addiction MDL* that have sought to wrest control of this litigation. Second, courts favor leaner leadership structures, such as appointing two co-leads without an executive committee. Both considerations support First-Filed Counsel.

### 1.    The *Humbert* Application Is An Attempt by *Social Media Addiction MDL* Attorneys to Control This Litigation, Not an Organic Team

As a general matter, support from other firms in the MDL should not be a substantial consideration in selecting leadership. "[T]he appointment of counsel is not supposed to be a popularity contest," including in cases where counsel "has secured the support of the plaintiffs" from the majority of consolidated cases. *In re Nelnet*

3

*Servicing, LLC*, 2023 WL 1108253, *5 (D. Neb. Jan. 30, 2023) (internal quotations omitted); *In re Shop-Vac Mktg. & Sales Pracs. Litig*., 2013 WL 183855, at *3 (M.D. Pa. Jan. 17, 2013).

The *Humbert* Group's ostensible "support" here rings hollow because it is not organic. Rather, six of the seven members of *Humbert* Group (and many of its supporters) represent plaintiffs in the *Social Media Addiction MDL.* ECF 24, at 7, fn. 7. The *Humbert* Group admits that they have "repeatedly" worked together. (ECF 30 at 17.) And the formation of the *Humbert* Group is a second attempt by members of the *Social Media Addiction MDL* leadership to wrest control of this case. The *Humbert* Group entered this litigation by asking the JPML to consolidate this action with the unrelated *Social Media Addiction MDL*, ECF 29 at 5, 9-10, which would have rendered this action an appendage of an unrelated MDL and subjected it to substantial delays. Fortunately, the JPML recognized that this case was different, and should remain independent, from the *Social Medial Addiction MDL*. Transfer Order at 2. The *Humbert* Group's application raises additional concerns. If the *Humbert* Group is appointed as the leadership here, the *Social Media Addiction MDL* and this MDL will have overlapping leadership, which will not serve the interests of the class. This important privacy class action deserves leadership that is independent and dedicated to this case, rather than counsel who have their attention trained simultaneously on litigating the sprawling *Social Media Addiction MDL* and different claims for physical and emotional injuries on behalf of different claimants, accomplishing – in effect – what the JPML rejected.

### 2.     First-Filers' Lean Leadership Structure Is Another Consideration Supporting Their Appointment.

This case will benefit from a two-firm leadership structure that can efficiently prosecute the case. A lean leadership team—especially one that has already invested significant time and resources into developing the claims—can more nimbly pursue discovery, brief the relevant legal issues, and move the case forward.

The *Humbert* Group fails to provide any justification for its seven-firm leadership structure or four-member executive committee. Courts "routinely deny requests for appointment of executive committees where a plaintiff fails to demonstrate that such an appointment is necessary." *Aberin v. American Honda Motor Co., Inc.*, 2017 WL 3641793, at *2-3 (N.D. Cal. Aug. 24, 2017). Similarly, courts recognize that expansive leadership structures are not only unnecessary but can also hinder the class. In *Brown v. Accellion, Inc.*, the court explained that "the class would be best served by a lean and efficient lead counsel arrangement, as opposed to a towering leadership structure with committees." 2023 WL 1930348, at *3 (N.D. Cal. Feb. 10, 2023); *see also In re Bystolic Antitrust Litigation*, 2020 WL 6700830, *1-2 (S.D.N.Y. Nov. 12, 2020) (appointing two co-lead counsel and denying request to appoint executive committee); *In re 5-Hour Energy Mktg. v. Innovation Ventures, LLC*, 2013 WL 12134144, at *2–3 (C.D. Cal. Nov. 8, 2013); *Manual for Complex Litigation* 10.221 (4th ed. 2004) (executive committees "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making").

The streamlined structure makes sense in litigating against technology defendants like TikTok, where it is critical that every plaintiff's firm master the technical complexity of the litigation. This is best accomplished by appointing two firms instead of spreading the work thinly among a half dozen firms or more.

If the Court determines that a larger leadership group is necessary—which, respectfully, J.C. Plaintiffs believe is unwarranted under the circumstances in this action—it should appoint First-Filed Counsel as Lead Counsel and designate additional counsel to a Plaintiffs' Executive Committee.

## **CONCLUSION**

For the above reasons, it is respectfully requested that the Court appoint Steven L. Bloch of Silver Golub & Teitell and Eric Kafka of Cohen Milstein Sellers & Toll as Interim Co-Lead Class Counsel.

1    Pursuant to Local Rule 5-4.3.4, by my signature below, I, Eric Kafka, attest that

2    all other signatories concur in the filing's content and have authorized this filing.

3    Dated:  May 22, 2025

4                                              By:  */s/ Steven L. Bloch*_____

5                                                   David S. Golub, (*pro hac vice*)
                                                    Steven L. Bloch, (*pro hac vice*)
6                                                   Ian W. Sloss, (*pro hac vice*)
                                                    Jennifer Sclar, (*pro hac vice*)
7                                                   John Seredynski, (*pro hac vice*)
                                                    **SILVER GOLUB & TEITELL LLP**
8                                                   One Landmark Square, 15th Floor
                                                    Stamford, Connecticut 06901
9                                                   Telephone: (203) 325-4491
                                                    dgolub@sgtlaw.com
10                                                  sbloch@sgtlaw.com
                                                    isloss@sgtlaw.com
11                                                  jsclar@sgtlaw.com
                                                    jseredynski@sgtlaw.com
12

13                                            By:  */s/ Eric Kafka*_____

14                                                  Eric Kafka (*pro hac vice*)
                                                    **COHEN MILSTEIN SELLERS & TOLL**
15                                                  **PLLC**
                                                    88 Pine Street, 14th Floor
16                                                  New York, NY 10005
                                                    Telephone: (212) 838-7797
17                                                  Facsimile: (212) 838-7745
                                                    ekafka@cohenmilstein.com
18
                                                    Karina Puttieva (SBN 317702)
19                                                  Jenna Waldman (SBN 341491)
                                                    **COHEN MILSTEIN SELLERS & TOLL**
20                                                  **PLLC**
                                                    1100 New York Ave. NW, Suite 800
21                                                  Washington, DC 20005
                                                    Telephone: (202) 408-4600
22                                                  Facsimile: (202) 408-4699
                                                    kputtieva@cohenmilstein.com
23                                                  jwaldman@cohenmilstein.com

24                                                  ***Attorneys for Plaintiffs in J.C., et. al. v.***
                                                    ***ByteDance, et al. (Case No. 24-cv-06784)***
25                                                  ***and the Putative Classes***

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Patrick Carey, (SBN 308623)
Mark Todzo, (SBN 168389)
**LEXINGTON LAW GROUP, LLP**
503 Divisadero Street
San Francisco, California 94105
Telephone: (415) 913-7800
pcarey@lexlawgroup.com
mtodzo@lexlawgroup.com

*Local Counsel for Plaintiffs in J.C., et. al. v. ByteDance, et al. (Case No. 24-cv-06784) and the Putative Classes*

7

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2  The undersigned, counsel of record for the Plaintiffs, certifies that this brief

3 contains 1,629 words, which complies with the word limit of L.R. 11-6.1.

4

5  Dated: May 22, 2025      Respectfully Submitted,

6

7           COHEN MILSTEIN SELLERS & TOLL PLLC

8

9        By:  */s/ Eric Kafka*

10          Eric Kafka
            Attorney for Plaintiffs and Putative Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE IN SUPPORT OF THE J.C. ACTION PLAINTIFFS'
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL