Kiley L. Grombacher (SBN 245960)
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
kgrombacher@bradleygrombacher.com

Derek W. Loeser (*pro hac vice*)
**KELLER ROHRBACK L.L.P.**
1202 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
dloeser@kellerrohrback.com

Andre M. Mura (SBN 298541)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
amm@classlawgroup.com

*Counsel for the Humbert Plaintiffs*
[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TIKTOK, INC. MINOR PRIVACY LITIGATION | Case No. 2:25-ml-03144-GW-RAO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSAL REGARDING PRESERVATION OF DATA**<br><br>Date: May 29, 2025<br>Time: 10:00am<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................1

II.     LEGAL STANDARD ............................................................................................3

III.    ARGUMENT ..........................................................................................................4

        A.     Defendants' preservation proposal excludes data central to this case................4

               1.    Defendants do not address preservation of data of children younger than 13 who may be on TikTok's 13+ Experience.......................................................4

               2.    Defendants fail to preserve Kids Mode data without justification and provide no proposal for its preservation..................................................................5

               3.    The preservation proposal has other deficiencies. .........................................6

        B.     Neither Plaintiffs nor the Court can evaluate the reasonableness of Defendants' proposal without additional discovery related to data collection, storage, and preservation capabilities. ..................................................................................6

               1.    Plaintiffs request limited discovery on several data categories. ...................7

               2.    Plaintiffs need this discovery because Defendants based their preservation proposal on improper testimony and refused to present a 30(b)(6) witness................................................................................................8

        C.     With further discovery and meaningful participation by Plaintiffs, the parties can craft a mutually acceptable preservation plan. .........................................11

IV.     CONCLUSION.....................................................................................................11

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  888 F. Supp. 2d 976 (N.D. Cal. 2012) ...................................................3

*Compass Bank v. Morris Cerullo World Evangelism*,
  104 F. Supp. 3d 1040 (S.D. Cal. 2015)...................................................3

*Edwards v. Toys "R" Us*,
  527 F. Supp. 2d 1197 (C.D. Cal. 2007)...................................................9

*Guangzhou Yuchen Trading Co. v. DBest Prods. Inc.*,
  2023 WL 2626373 (C.D. Cal. Feb. 24, 2023) ........................................10

*Herriges v. Cnty. of Macomb*,
  2020 WL 4726940 (E.D. Mich. Aug. 14, 2020) .......................................9

*Sanders v. Los Angeles Cnty.*,
  2019 WL 12831725 (C.D. Cal. Aug. 1, 2019) ..........................................3

*Snapp v. United Transp. Union*,
  889 F.3d 1088 (9th Cir. 2018)...............................................................10

*Starline Windows Inc. v. Quanex Bldg. Prods. Corp.*,
  2016 WL 4485568 (S.D. Cal. Aug. 19, 2016) ..........................................3

*United States v. Joy*,
  192 F.3d 761 (7th Cir. 1999).................................................................9

*United States v. Kitsap Physicians Serv.*,
  314 F.3d 995 (9th Cir. 2002).................................................................3

<u>Rules</u>

Fed. R. Civ. P. 30(b)(6) .......................................................................10

Fed. R. Civ. P. 37(e) ..........................................................................3, 4

Fed. R. Evid. 602 ..................................................................................9

<u>Other Authorities</u>

Manual for Complex Litig., Fourth, § 11.442............................................3

ii

The Humbert Plaintiffs and the J.C. Plaintiffs jointly submit the following response to Defendants' Proposal Regarding Preservation of Data (ECF No. 41).

## I.    INTRODUCTION

After admitting their failure to comply with longstanding data preservation obligations, Defendants now ask this Court to adopt their unilaterally devised proposal for preservation of some *unspecified portion* of relevant electronically stored information about children under 13 who use TikTok. The Court should see this proposal for what it is: a self-serving effort to cover up prior misconduct and circumvent existing data preservation obligations, which were recently reinforced by this Court's April 25, 2025 Order. *See* ECF No. 11. Plaintiffs respectfully submit that an Order adopting Defendants' proposal would be premature, and likely inadequate, without additional discovery and meaningful negotiation between the parties.

Defendants' proposal has at least three fatal flaws. *First*, it is limited to the preservation of "identified under-13 users," ECF No. 41 at 13, and makes no mention of the potentially millions of TikTok users under 13 who engage with the version of TikTok suitable for persons 13 and older, also known as the 13+ Experience.[1] Defendants cannot meet their preservation obligations without addressing these users' data. *Second*, the proposal omits any plan for the preservation of user data from minors who self-identify as under the age of thirteen and engage with TikTok in the Under 13 Experience ("Kids Mode"). Defendants leave out Kids Mode data in their proposal, asking the Court to condone destroying Kids Mode data without giving any justification. And *third*, Plaintiffs have identified deficiencies in several data categories even among the data the proposal would preserve, including geolocation data and data related to advertising and revenue.

Plaintiffs have had two business days to assess Defendants' preservation proposal, but cannot adequately do so without information that Defendants have refused to provide.

---

[1] *See* United States Compl., 2:24-cv-06535, ECF No. 1 at ¶ 61 ("Since 2019, Defendants have allowed millions of children to create general TikTok accounts—*i.e.*, accounts outside of Kids Mode.").

Although this Court permitted a deposition of "Defendants" on the subject of ESI preservation after Plaintiffs submitted a Rule 30(b)(6) notice on that subject for the Court's review, *see* ECF Nos. 20-2, 25, Defendants declined to designate a Rule 30(b)(6) representative to testify on that subject. Defendants instead proffered two witnesses who ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Plaintiffs still need the opportunity to depose a designated Rule 30(b)(6) representative who can testify competently about ESI preservation through testimony that binds the company, consistent with the Court's prior Order. *See* ECF No. 25.

Even without this critical testimony, Defendants' proposal is obviously deficient in several ways. ███████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Defendants also claim that they face significant hurdles in preserving data and that their preservation proposal is therefore proportional to the needs of the case. But Defendants overlook that much of the data they intend to destroy is critical to Plaintiffs' claims involving huge numbers of under-13 TikTok users on the 13+ Experience—such a proposal eviscerates Plaintiffs' needs. While aspects of Defendants' proposal may indeed be appropriate going forward, Defendants fail to make the evidentiary showing necessary to modify their preservation obligations related to this litigation, which this Court's April 28, 2025 Order only reinforced.

Given these infirmities and others addressed below, Plaintiffs oppose the relief sought by Defendants at this time. Plaintiffs appreciate, however, that Defendants have recently taken steps toward a baseline preservation strategy. Plaintiffs remain hopeful that, with further discovery, discourse between Defendants' in-house technology teams and Plaintiffs' experts, and negotiations between counsel, the parties will be able to submit a joint proposal to the Court that is adequate and fair to all parties.

2

Accordingly, Plaintiffs propose that this Court:

(1)    deny Defendants' proposal without prejudice;

(2)    affirm Defendants' obligation to preserve all relevant user data, whether on the 13+ Experience or on Kids Mode;

(3)    permit Plaintiffs limited discovery necessary to enable them to evaluate Defendants' presently unsubstantiated representations regarding data collection and storage, preservation capabilities, and burden; and

(4)    order the parties to meet and confer further and without delay on Defendants' preservation proposal.

## II.    LEGAL STANDARD

"A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). The obligation to preserve evidence arises from the moment that litigation is reasonably anticipated. *Sanders v. Los Angeles Cnty.*, 2019 WL 12831725, at *2 (C.D. Cal. Aug. 1, 2019). Rule 37(e) requires a party under a duty to preserve electronically stored information ("ESI") to take reasonable steps to preserve it. Fed. R. Civ. P. 37(e). This duty extends to the suspension of document destruction policies, where appropriate, and the preservation of all documents relevant to the litigation. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012).

A party seeking to destroy relevant evidence is "required to show good cause before destruction is permitted." Manual for Complex Litig., Fourth, § 11.442. "Whether preservation or discovery conduct is acceptable in a case depends on what is *reasonable*, and that in turn depends on whether what was done—or not done—was *proportional* to that case and consistent with clearly established applicable standards." *Starline Windows Inc. v. Quanex Bldg. Prods. Corp.*, 2016 WL 4485568, at *9 (S.D. Cal. Aug. 19, 2016) (citation omitted). The Court should consider a party's sophistication and resources in

determining whether the party took reasonable steps to preserve ESI. *See* Fed. R. Civ. P. 37(e) Advisory Committee Note to 2015 Amendment.

## III.    ARGUMENT

### A.    Defendants' preservation proposal excludes data central to this case.

#### 1.    Defendants do not address preservation of data of children younger than 13 who may be on TikTok's 13+ Experience.

Defendants assert that they are "investigat[ing] and implement[ing] measures to preserve data associated with accounts on the TikTok platform *identified* as belonging to U.S. users under the age of 13 years old ('Underage User Data')." ECF No. 41 at 4 (emphasis added). But beyond dismissing the preservation of "every TikTok account" as infeasible, Defendants say nothing about another crucial swath of user data in this case: data belonging to under-13 users on the 13+ Experience whom Defendants have not identified as under-13. By limiting their preservation efforts to the data of "identified under-13 users" or "newly banned under-13 users," *id.* at 13, 15, Defendants' preservation proposal encompasses just a fraction of the user data at issue in this case.

Plaintiffs' complaints include allegations that TikTok collects data from millions of children under the age of 13, including users TikTok classifies as being of unknown age. Plaintiffs also allege that TikTok allows users to circumvent their "age gate" and does not adequately use the tools it has to identify under-13 users on the 13+ Experience. ██████████████████████████████████████████████████████████ Deposition of Ethan Spector ("Spector Dep.") at 104:1–4. Defendants' failure to address ██████ ████████████████████████████████████ renders their preservation proposal inadequate given the scope of this case. The Court should decline to endorse it for this reason alone.

//

//

//

### 2.    Defendants fail to preserve Kids Mode data without justification and provide no proposal for its preservation.

Defendants' preservation proposal is also silent on the preservation of Kids Mode data. Defendants' witness Ethan Spector, a Senior Data Science Manager on TikTok U.S. Data Security Inc.'s User Business Operations team,



Specifically, Mr. Spector testified as follows:





Spector Dep. at 25:3–23.



Spector Dep. at 23:10–15. And Defendants have already

ECF No. 41 at 14. Yet despite Defendants' practice of collecting such relevant data on under-13 users and

that they highlight in their preservation proposal, the proposal fails to segregate and preserve Kids Mode data,

Defendants have provided no proposal for

5

preservation of this data and no justification for such failure. The Court should not approve the destruction of critical relevant evidence and thus should reject Defendants' preservation proposal.

### 3.    The preservation proposal has other deficiencies.

While Defendants' initial steps to preserve a subset of Underage User Data relevant to the litigation is a positive—albeit belated—step towards a mutually acceptable preservation plan, Plaintiffs have identified numerous other deficiencies in the scope of the preservation proposal. Specifically, Defendants' proposal fails to adequately isolate and preserve the following categories of data:

- persistent identifiers for the device(s) used to access TikTok;
- IP addresses and other device information;
- metadata associated with video, voice, and audio media;
- usage information;
- location data;
- data from cookies and similar technologies that track user across different websites and platform;
- data related to revenue that TikTok earned from a user's account on a monthly, quarterly, and annual basis; and
- advertisements that were shown to a user's account.

Accordingly, Plaintiffs request that the Court deny Defendants relief from its Preservation Order and order the parties to further meet and confer regarding these categories of minor data.

### B.    Neither Plaintiffs nor the Court can evaluate the reasonableness of Defendants' proposal without additional discovery related to data collection, storage, and preservation capabilities.

Given the importance of Defendants' user data to this litigation, and Defendants' failure to substantiate that it would be unduly burdensome or otherwise infeasible to preserve such data, Defendants' proposal should be denied without prejudice. At this

6

time, neither Plaintiffs nor the Court can fully assess Defendants' preservation proposal due to the opacity regarding the scope of data collected, data storage sources and capacity, and preservation capabilities. As one example, while Defendants listed seven bullet-points outlining data they are working to preserve from Hive tables, *see* ECF No. 41 at 15, ████████████████████████████████████████ ████████████████████████████ Spector Dep. at 89:8–90:11. What is included, and what has been left out, remains a mystery. Put simply, Plaintiffs cannot meaningfully evaluate the adequacy of Defendants' preservation proposal until they understand its full scope, and therefore seek further discovery into TikTok's data collection, storage, and preservation capabilities.

      **1.**      **Plaintiffs request limited discovery on several data categories.**

The following topics must be investigated to fully evaluate Defendants' preservation proposal:

- The existence of any additional storage sources for relevant data,[2] the scope of information maintained in the sources presently identified,[3] and the scope of retention for all databases;[4]
- Whether additional relevant information related to usage, metadata, or cookies and tracking data needs to be isolated and preserved;
- Identity of advertisers and numbers of advertisements;
- The database administrators of Hive;



[2] Spector Dep. at 26:7–14 ████████████████████████████████ ██████████ and 33:7–12 ████████████████████████████████████████ ██████████████████████████████████████ Declaration of Tianyu Zhao ("Zhao Dep.") at 28:11–23 ████████████████
[3] Spector Dep. at 28:11–24 ████████████████████████████████████
[4] Spector Dep. at 28:11–24 ████████████████████████████████████

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO

- Identification and storage of Kids Mode data;[5]
- Clarification regarding ██████████████████████████████ ████████████████ and whether such tables are being preserved;[6] and
- Confirmation that Defendants are preserving deletion logs.

Plaintiffs submit that the most efficient first step in this process would be for Defendants to promptly furnish Plaintiffs with: ██████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████ Spector Dep. at 24:7–25:2,[7] 76:13–21. Plaintiffs are also working with their experts to develop a targeted set of document requests that would enable Plaintiffs and their experts to properly evaluate TikTok's preservation efforts and capabilities, and to enable the Plaintiffs to propose and negotiate a fair and reasonable evidence preservation plan going forward.

**2.      Plaintiffs need this discovery because Defendants based their preservation proposal on improper testimony and refused to present a 30(b)(6) witness.**

In their attempt to justify modification of their current data preservation obligations and adoption of their preservation proposal, Defendants variously argue feasibility, burden, and proportionality. ECF No. 41 at 15–16. None of these arguments meet the

---

[5] Spector Dep. at 22:17–23:9 ████████████████████████████████ ████████████████████████████████████████████████████

[6] Spector Dep. at 21:16–19 ████████████████████████████████

[7] Spector Dep. at 24:7–25:2 ████████████████████████████████ ████████████████████████████████████████████████████

good cause standard based on the current evidentiary record. The support for Defendants' arguments rests on the personal Declaration of TikTok employee Ethan Spector. Mr. Spector, however, admitted in his deposition ███████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ *See, e.g.,* Spector Dep. at 45:20–46:7. Mr. Spector also admitted that ████████████████████████████████████████████████████████████████████ ██████████████████████████████████ *Id.* at 14:3–15:10. ████████████████████████████████████████████████████████████████████ ████████████████████████████████ Spector Decl. at 11.

Submission of such testimony violates Rule 602 of the Federal Rules of Evidence, which requires that personal testimony offered in federal court be based on personal knowledge. Fed. R. Evid. 602. Personal knowledge "includes opinions and inferences grounded in observations and experience." *United States v. Joy*, 192 F.3d 761, 767 (7th Cir. 1999). It can be "inferred from a declarant's position within a company or business." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007). It also can come from reviewing business records. *Herriges v. Cnty. of Macomb*, 2020 WL 4726940, at *7 (E.D. Mich. Aug. 14, 2020). But personal knowledge cannot be derived from rank hearsay, and certainly not, as here, from conversations with counsel. Given that the hearsay declaration of Mr. Spector provides much of the basis for Defendants' preservation proposal, it must be disregarded, and the proposal denied for that reason alone.

Defendants also refused to produce a 30(b)(6) witness. This Court's May 5, 2025 Order permitted "Plaintiffs to conduct one deposition *of Defendants* on the subject of Electronically Stored Information preservation for no longer than three hours." ECF No. 25 at 2 (emphasis added). Rather than abide by this Court's Order or seek to be relieved

9

of it, Defendants belatedly proposed that Plaintiffs depose declarants Spector and Zhao in their personal capacities. This would only allow Defendants to circumvent their obligation to produce witnesses who can competently testify about designated topics. Plaintiffs proceeded with the depositions to gain any clarity they could given the time constraints, but the inadequate testimony of two TikTok employees ██████████████ ██████████████ is not a reasonable substitute for Defendants' corporate testimony.

"A Rule 30(b)(6) witness speaks for the corporate entity about matters to which the corporation has reasonable access." *Guangzhou Yuchen Trading Co. v. DBest Prods. Inc.*, 2023 WL 2626373, at *1 (C.D. Cal. Feb. 24, 2023) (citing Fed. R. Civ. P. 30(b)(6)). "Such testimony is not limited to matters within her personal knowledge but also extends to matters 'known or reasonably available to the party designating the witness.'" *Id.* (citation omitted). And "[b]ecause a Rule 30(b)(6) witness 'speaks' on behalf of the corporation, the Rule obligates the corporate party to 'prepare its designee to be able to give binding answers on behalf of the corporation.'" *Id.* at *2 (citation omitted). So bound, a corporation "generally cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1103 (9th Cir. 2018) (citation omitted).

As Plaintiffs feared, the witness-declarants' knowledge was limited to the declarations they prepared (and in the case of the Spector, ████████████████ ████████████████████████████████████████████████████ rather than the subject of the company's ESI preservation more generally. Defendants could have, but did not, designated either witness on certain preservation topics and prepared them to speak on behalf of Defendants, but chose not to do so. Plaintiffs therefore request that this Court order Defendants to permit Plaintiffs to take the 30(b)(6) deposition to which they are entitled. Providing Plaintiffs with the opportunity to take a more fulsome deposition of a witness fully prepared on the preservation issues and designated to bind the company would provide clarity on many of the issues before the

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO

Court and permit the parties—or the Court if necessary—to devise a fair and reasonable evidence preservation plan going forward.

### C. With further discovery and meaningful participation by Plaintiffs, the parties can craft a mutually acceptable preservation plan.

While Plaintiffs appreciate that Defendants have taken steps to begin complying with their long-standing preservation obligations, such efforts are materially deficient. Further information is needed before the Court can evaluate whether relieving Defendants of their obligations adequately balances the needs of the case against Defendants' purported burdens. This information is knowable and obtainable, but requires additional discovery; at this time, allowing Defendants to proceed with their proposed preservation plan risks destroying crucial evidence and prejudicing Plaintiffs' cases.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court decline to endorse Defendants' preservation proposal. In addition, the Court should permit Plaintiffs to conduct the corporate deposition of the Defendant previously ordered by this court, and obtain discovery into Defendants' data collection, identification, and storage capabilities. Finally, the Court should direct the parties to negotiate a mutually acceptable preservation plan that meets the needs of this case while accounting for technical or other practical limitations with preservation that are unduly burdensome or disproportionate.

DATED: May 26, 2025                    Respectfully submitted,

                                       By:    */s/ Andre M. Mura*

                                       Andre M. Mura
                                       Steve Lopez
                                       Hanne Jensen
                                       Anna J. Katz
                                       **GIBBS MURA LLP**
                                       1111 Broadway, Suite 2100
                                       Oakland, CA 94607

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO

Telephone: (510) 350-9700
amm@classlawgroup.com
sal@classlawgroup.com
hj@classlawgroup.com
ajk@classlawgroup.com

*Counsel for Plaintiffs Tessa Green, on behalf of S.V., and Kristi Vazquez, on behalf of J.B.*

Kiley Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
kgrombacher@bradleygrombacher.com

*Counsel for Plaintiff Nick McKissick on behalf of A.M.*

Derek W. Loeser
Cari Campen Laufenberg
**KELLER ROHRBACK L.L.P.**
1202 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com

Christopher L. Springer
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
cspringer@kellerrohrback.com

*Counsel for Plaintiffs Tatiana Brodiski and Steve Burda*

Bryan F. Aylstock, Esq.

12

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO

**AYLSTOCK WITKIN KREIS & OVERHOLZ PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com

*Counsel for Plaintiffs Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., and Monroe Seigle on behalf of M.S.*

James E. Cecchi
Jason H. Alperstein
Jordan M. Steele
**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com
jalperstein@carellabyrne.com
jsteele@carellabyrne.com

*Counsel for Plaintiff J.R. a minor, by and through his legal guardian, Sal Rivera*

Tyler W. Hudson
Thomas P. Cartmell
Eric Barton
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100
thudson@wcllp.com
tcartmell@wcllp.com
ebarton@wcllp.com

*Counsel for Plaintiff Christina*

13

*Middleton as guardian and next of kin on behalf of A.B.*

Christopher A. Seeger
Christopher L. Ayers
Jennifer R. Scullion
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
Telephone: (888) 546-8799
cseeger@seegerweiss.com
cayers@seegerweiss.com
jscullion@seegerweiss.com

*Counsel for Plaintiff Kathleen Lanser as guardian and next of kin on behalf of A.L.*

David S. Golub
Steven L. Bloch
Ian W. Sloss
Jennifer Sclar
John Seredynski
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203)325-4491
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com
jsclar@sgtlaw.com
jseredynski@sgtlaw.com

Eric Kafka
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
ekafka@cohenmilstein.com

14

Karina Puttieva
Jenna Waldman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
kputtieva@cohenmilstein.com
jwaldman@cohenmilstein.com

Patrick Carey
Mark Todzo
**LEXINGTON LAW GROUP, LLP**
503 Divisadero Street
San Francisco, CA 94105
Telephone: (415) 913-7800
pcarey@lexlawgroup.com
mtodzo@lewlawgroup.com

*Counsel for the J.C. Plaintiffs*

James R. Dugan, II
David Scott Scalia
Monica M. Vela-Vick
**DUGAN LAW FIRM PLC**
365 Canal St., Suite 1000
New Orleans, LA 70130
Telephone: (504) 648-0180
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
monica@dugan-lawfirm.com

Roderick Alvendia
**ALVENDIA, KELLY & DEMARES**
909 Poydras St., Suite 1625
New Orleans, LA 70112
Telephone: (504) 618-1601
rico@akdlalaw.com

15

*Counsel for Plaintiff Chantell Martin
on behalf of T.M. and Jacquelyn
Williams on behalf of K.P.*

Troy Giatras
Matthew Stonestreet
**GIATRAS LAW FIRM**
118 Capitol Street Suite 400
Charleston, WV 25301
Telephone: (304) 343-2900
troy@thewvlawfirm.com
matt@thewvlawfirm.com

*Counsel for Plaintiffs Amanda Hinkle,
A.H. a minor*

Charles Philip Hall
**PHIL HALL PA**
4300 Bayou Boulevard, Suite 32
Pensacola, FL 32503
Telephone: (850) 760-2156
phil@askalawyerfirst.com

*Counsel for Plaintiff Katrice Lindsey
on behalf of J.D.W., J.Y.W., and
S.M.W.*

Gary Klinger
John Nelson
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
402 West Broadway, Suite 1760
San Diego, CA 92101
gklinger@milberg.com
jnelson@milberg.com

Heather Marie Lopez
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
148 Dolphin Court

16

American Canyon, CA 94589
Telephone: (707) 334-3727
hlopez@milberg.com

*Counsel for Plaintiff R.W. a minor by
and through their guardian ad litem,
Pamela Hancock*

Nicholas Ryan Mayfield
**THE GORI LAW FIRM PC**
156 N. Main Street
Edwardsville, IL 62025
Telephone: (618) 600-1166
rmayfield@gorilaw.com

*Counsel for Plaintiff Michael White on
behalf of K.L.W. and K.L.W.*

Clayton Morris Connors
**LAW OFFICE OF CLAYTON M.
CONNORS**
4300 Bayou Boulevard, Suite 37
Pensacola, FL 32503
Telephone: (850) 473-0401
cmc@westconlaw.com

*Counsel for Plaintiff Jonathan Riley on
behalf of W.C.R., T.S.R.R., N.A.R.,
T.A.R., and N.J.R.*

Joseph A. Osborne
**OSBORNE AND ASSOCIATES
LAW FIRM PA**
433 Plaza Real Suite 271
Boca Raton, FL 33432
Telephone: (561) 293-2600
josborne@oa-lawfirm.com

*Counsel for Plaintiff Michael Luong on
behalf of D.L.*

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeffrey E. Ostrow
Kristen Lake Cardoso
**KOPELOWITZ OSTROW PA**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
ostrow@kolawyers.com
cardoso@kolawyers.com

*Counsel for Plaintiff J.O., a minor, by and through her mother Danaa Carrillo, and H.T., a minor, by and through her legal guardian Milagro Almodovar*

Justin Parafinczuk
**PARAFINCZUK WOLF LAW FIRM**
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Telephone: (954) 462-6700
jparafinczuk@parawolf.com

*Counsel for Ramlawi-Benton*

Thomas W. Pirtle
**LAMINACK PIRTLE & MARTINES**
5020 Montrose Boulevard, 9th Floor
Houston, TX 77006
Telephone: (713) 292-2750
tomp@lpm-triallaw.com

*Counsel for Plaintiffs Scott Humbert on behalf of E.H. and J.H., Tonia Lightwine on behalf of B.L., and Monroe Seigle on behalf of M.S.*

18

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO

Michael Sacchet
Heather M. McElroy
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
hmm@ciresiconlin.com
mas@ciresiconlin.com

*Counsel for Plaintiff Katherine R.*
*Walters on behalf of L.W.*

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Tessa Green, on behalf of S.V., and Kristi Vazquez, on behalf of J.B., certifies that this brief contains 3,709 words, which complies with the word limit of Local Rule 11-6.1.

DATED: May 26, 2025                    Respectfully submitted,

                                                **GIBBS MURA LLP**

                              By:    */s/ Andre M. Mura*
                                                Andre M. Mura

PLAINTIFFS' RESPONSE TO DEFENDANTS' PRESERVATION PROPOSAL
CASE NO. 2:25-ml-03144-GW-RAO