Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax: (206) 623-3384

Eric Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797, Fax: (212) 838-7745

*Interim Lead Counsel*

Steven Bloch (*pro hac vice*)
sbloch@sgtlaw.com
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com

*Executive Committee*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION | MDL NO. 3144<br><br>2:25-ml-03144-GW-RAO<br><br>**DECLARATION OF ERIC A. KAFKA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF EXEMPLAR DATA FOR PURPOSES OF PRESERVATION DISPUTE** |

1

I, Eric A. Kafka, declare as follows:

1. I am an active member of the Bar of the State of New York and a partner at the law firm Cohen Milstein Sellers & Toll PLLC, co-lead counsel for Plaintiffs and the Putative Classes in the case captioned *In re TikTok Inc. Minor Privacy Litigation*, 2:25-ml-03144-GW-RAOx.

2. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, I could and would so testify. I submit this declaration in support of Plaintiffs' Motion to Compel Production of Exemplar Data for Purposes of Preservation Dispute.

3. At the April 28, 2025 status conference, a transcript of which is attached hereto as Exhibit A, TikTok argued that "preserving or identifying information for minors is against the law." Tr. 14:15-17.

4. At the May 29, 2025 hearing, a transcript of which is attached hereto as Exhibit B, Defense counsel told the Court that there were "massive preservations efforts that are underway and in place." Tr. 9:22-23.

5. At the July 14, 2025 tutorial, a sealed transcript of which is attached hereto as Exhibit C, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. In a July 17, 2025 email, a copy of which is attached hereto as Exhibit D, Plaintiffs' counsel proposed that TikTok produce the following information: (1) The account level data and metadata TikTok possesses from 50 current TikTok users in the United States, which should include: The 16 class representatives, 24 random users with full access accounts, 10 random users with Kids Mode accounts; (2) A full and complete list of every repository (such as a Hive table) and the associated fields where TikTok stores user data for current TikTok users in the United States; (3) Documents sufficient

2

to describe the data contained in each respective repository and field that stores user data for current TikTok users in the United States.

7. On July 25, 2025, TikTok's counsel stated in an email, a copy of which is attached hereto as Exhibit E, that it was "continuing the investigate the feasibility of providing exemplar data for the 16 named Plaintiffs."

8. On August 5, 2025, the Parties held a meet-and-confer, during which TikTok stated that Plaintiffs would have to agree to certain conditions before TikTok would produce Plaintiffs' exemplar data. In an email sent the same day and attached hereto as Exhibit F, Plaintiffs asked TikTok to provide the proposed language for the consent forms.

9. In an August 8, 2025 email, a copy of which is attached hereto as Exhibit G, counsel for TikTok indicated that they would not produce data for 34 random user accounts, citing privacy concerns. TikTok also refused to provide documents sufficient to describe the data contained in each respective repository and field that stores user data in TikTok's system because it asserted that the exemplar data would serve the same purpose.

10. On August 25, 2025, in correspondence attached hereto as Exhibit H, TikTok provided Plaintiffs with a proposed consent form that asked Plaintiffs to consent to ongoing collection, use, and disclosure of their children's information. A copy of the proposed consent form is attached hereto as Exhibit I.

11. On September 5, 2025, Plaintiffs objected to this proposal and instead offered to agree that TikTok could use Plaintiffs' data for preservation purposes. In email correspondence attached hereto as Exhibit J, Plaintiffs provided TikTok with a modified proposed consent form, attached hereto as Exhibit K. The proposed form specified that Plaintiffs' data could be used for preservation purposes only.

12. On September 10, 2025 in email correspondence attached hereto as Exhibit L, counsel for TikTok replied that it would not produce exemplars from the named Plaintiffs unless each signed a consent form that purportedly satisfied the requirements

3

of COPPA.

13. On September 23, 2025, in correspondence attached hereto as Exhibit M, TikTok indicated to Plaintiffs that if TikTok were to disable Plaintiffs' accounts, TikTok could not guarantee that the data pulls would include all data affiliated with Plaintiffs in TikTok's system.

14. In a September 25, 2025 email, attached hereto as Exhibit N, Plaintiffs disagreed that the Plaintiffs needed to sign TikTok's proposed consent form.

15. On September 25, 2025, during a meet-and-confer video conference, TikTok indicated that relevant portions of Plaintiffs' data could be lost if their accounts were not preserved on the platform.

16. During the September 25, 2025 meet-and-confer, Plaintiffs also asked TikTok's counsel to investigate whether it had obtained COPPA-compliant consent forms from minor plaintiffs in the separate, ongoing social media addiction litigation. Plaintiffs never received a response as to this issue from counsel for TikTok.

17. Based on Plaintiffs' review of filings in the social media addiction proceedings, TikTok appears to have preserved and produced data from those plaintiffs without a requirement that the plaintiffs sign COPPA-compliant consent forms.

18. On October 6, 2025, the Parties held another meet-and-confer, during which counsel for TikTok indicated that TikTok could not preserve the data of any underage user on the grounds that it would violate COPPA to do so.

19. During the October 6, 2025 meet-and-confer, TikTok further stated its position that COPPA overrode the Court's authority to order it to preserve data for users under the age of 13—in other words, that the Court did not have the authority to order it to preserve data for users under the age of 13 on account of COPPA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 9, 2025 in New York, New York.

By: */s/ Eric A. Kafka*
      Eric A. Kafka

4