DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone:   +1 310 553 6700
Facsimile:    +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:   +1 202 383 5300
Facsimile:    +1 202 383 5414

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:   +1 415 984 8700
Facsimile:    +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd.,*
*ByteDance Inc., TikTok Ltd., TikTok Inc.,*
*TikTok LLC, TikTok Pte. Ltd., and*
*TikTok U.S. Data Security Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: TIKTOK, INC. MINOR PRIVACY LITIGATION | Case No. 2:25-ml-03144-GW-RAO<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO REVISED AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hon. George H. Wu |

1

## **INTRODUCTION**

2      The TikTok platform[1] is an online entertainment media platform that enables

3  users aged 13 and up to create, share, and view videos.  In keeping with its mission

4  "to inspire creativity and bring joy,"[2] the TikTok platform provides a creative and

5  entertaining forum for users to share their talents, skills, passions, and ideas.  And it

6  empowers users to showcase products and services, tell their brand stories, and

7  connect with their target audiences, serving as an important avenue for American

8  businesses large and small to engage in commercial activity that helps drive the

9  American economy.  In all, more than 170 million Americans use the TikTok

10  platform every month to learn and share information about a range of topics.

11      TikTok does not allow children under 13 to access the portion of the TikTok

12  platform that is not directed to them (the "13+ Experience").  TikTok requires all

13  users to provide their birthdates before they can create an account, and for U.S.

14  users who are younger than 13, TikTok offers a separate experience referred to as

15  the 'Under 13 Experience' or 'Kids Mode.'  The Under 13 Experience is a distinct

16  portion of TikTok's service that is specifically designed to allow users under age 13

17  to experience the platform in an age-appropriate manner.  TikTok restricts the

18  personal information collected from Under 13 Experience users, consistent with the

19  Children's Online Privacy Protection Act ("COPPA"), and does not generate

20  revenue from Under 13 Experience users.

21      While COPPA does not require TikTok to proactively search for potential

22

23  [1] Plaintiffs' Complaint generally does not distinguish between the seven
Defendants.  Instead, throughout the Complaint, Plaintiffs refer to "Defendants" in

24  the aggregate.  In this Answer, Defendants likewise respond to aggregate
allegations with aggregate responses; this Answer uses "Defendants" or "TikTok"

25  to refer collectively to the seven named Defendants, except where a specific
company name is otherwise noted.  Defendants' response that "Defendants" or

26  "TikTok" engaged in certain conduct does not mean that each of the Defendants
engaged in that conduct, but that at least one did.  This Answer uses "the TikTok

27  platform" to refer to the platform that TikTok Inc. provides in the United States.

28  [2] About TikTok, https://www.tiktok.com/about?lang=en.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

child users on the 13+ Experience, TikTok has voluntarily implemented systems and processes to identify and remove users who may be under 13.  TikTok is constantly looking for ways to improve its systems and processes as needed with the goal of detecting and removing underaged users who manage to sign up for TikTok in contravention of the company's policies—again, going above and beyond COPPA's requirements.

As this action will confirm, TikTok has complied with COPPA in protecting children under 13 and safeguarding the platform.  There is no basis for granting the relief the Plaintiffs seek.

## **RESPONSE TO NUMBERED PARAGRAPHS**

The section headings in the Complaint do not require a response.  To the extent that the section headings contain allegations requiring a response, TikTok denies all such allegations.

## **NATURE OF THE ACTION**

1.      The allegations in Paragraph 1 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1.

2.      Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 2.

3.      The allegations in the first, third, fourth, and fifth sentences of Paragraph 3 are a series of purported legal conclusions not subject to admission or denial.  Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children,[3] consistent

---

[3] As used in the Answer, "child" and "children" refer to children under the age of 13 years old.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-experience), which speaks for itself in all respects.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit only that ByteDance Ltd. is the parent of ByteDance Inc. and TikTok Ltd.; that TikTok Ltd. is the parent of TikTok LLC and TikTok Pte. Ltd.; that TikTok LLC is the parent of TikTok Inc.; that TikTok Inc. is the parent of TikTok U.S. Data Security Inc.; and that the TikTok platform is offered in the United States.  Defendants admit that the TikTok platform is an entertainment platform, and that certain data is collected and processed from TikTok users in a manner that complies with applicable laws.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 4.

5.      The allegation in the first sentence of Paragraph 5 is a purported legal conclusion not subject to admission or denial.  Defendants aver that the article referenced in Footnote 6 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the article is read in its entirety and in context.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants respectfully refer to the complaint in *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Feb. 27, 2019) (Dkt. No. 10) and the text of the COPPA Statute, at 15 U.S.C. § 6501, *et seq* which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8.      Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 8.

9.      Defendants respectfully refer to the complaint in *United States v.*

*Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Defendants aver that the articles referenced in Footnotes 12-13 speak for themselves and deny any characterization of the articles that is inconsistent with their meaning when the articles are read in their entirety and in context.  Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10.    Defendants deny the allegations in Paragraph 10.  Defendants aver that the article referenced in Footnote 14 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the article is read in its entirety and in context.

11.    The allegations in Paragraph 11 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 11.

12.    Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.    Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Defendants otherwise deny the allegations in Paragraph 13.

14.    The allegations in the last sentence of Paragraph 14 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to the text of the COPPA Statute, at 15 U.S.C. § 6501, *et seq* which speaks for itself in all respects.  To the extent a further response is required, Defendants deny the allegations in Paragraph 14.

15.    No response is necessary to Paragraph 15 of the Complaint as it contains no allegations against Defendants.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

16.    The allegations in the last sentence of Paragraph 16 are a series of purported legal conclusions not subject to admission or denial.  No response to the first and second sentences of Paragraph 16 of the Complaint is necessary as they contain no allegations against Defendants.  To the extent a further response is required, Defendants deny the allegations in Paragraph 16.

17.    The allegations in Paragraph 17 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 17.

18.    The allegations in Paragraph 18 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 18.

19.    The allegations in Paragraph 19 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 20.

21.    Because Paragraph 21 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 21, and specifically deny that Plaintiffs are entitled to damages, restitution, unjust enrichment, injunctive relief, or equitable relief.

## **PARTIES**

### A.    **Plaintiffs**

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

**B.    Defendants**

54.    Defendants admit only that TikTok Inc. is a California corporation with its principal place of business at 5800 Bristol Parkway, Culver City, California 90230, and that TikTok Inc. transacts business in this District.  Except as expressly admitted, Defendants deny the allegations in Paragraph 54.

55.    Defendants admit only that TikTok LLC is a Delaware limited liability company.  Defendants admit that TikTok LLC is the parent of TikTok Inc.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 55.

56.    Defendants admit only that TikTok U.S. Data Security Inc. is a Delaware corporation with its principal place of business at 5800 Bristol Parkway, Culver City, California 90230 and that TikTok U.S. Data Security Inc. is a subsidiary of TikTok Inc.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence Paragraph 56.  Except as expressly admitted, Defendants deny the allegations in Paragraph 56.

57.    Defendants admit only that ByteDance Ltd. is a Cayman Islands company with its headquarters in Beijing, China.  Defendants further state that the allegations in the second sentence of Paragraph 56 are unspecified and vague and, on that basis, deny those allegations.  Except as expressly admitted, Defendants deny the allegations in Paragraph 57.

58.    Defendants admit only that ByteDance Inc. is a Delaware corporation with its principal place of business at 1199 Coleman Avenue, San Jose, California 95110.  Except as expressly admitted, Defendants deny the allegations in Paragraph 58.

59.    Defendants admit only that TikTok Pte. Ltd. is a Singapore company with its registered address  at 1 Raffles Quay, #26-10, South Singapore 04583. Defendants admit that TikTok Pte. Ltd. is identified as the seller of the TikTok app in the Apple App Store, and the developer of the TikTok platform in the Google Play and Microsoft Store.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 59.

60.    Defendants admit only that TikTok Ltd. is a Cayman Islands company and that TikTok Ltd. is identified as the developer of the TikTok platform in the Apple App Store.  Defendants admit that TikTok Ltd. is the parent of TikTok LLC and TikTok Pte. Ltd.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 60.

61.    Because Paragraph 61 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 61, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

**C.    Common Enterprise**

62.    Defendants admit only that ByteDance Ltd. is the parent of ByteDance Inc. and TikTok Ltd.; that TikTok Ltd. is the parent TikTok LLC and TikTok Pte. Ltd.; that TikTok LLC is the parent of TikTok Inc.; that TikTok Inc. is the parent of TikTok U.S. Data Security Inc.  Except as expressly admitted, Defendants deny the allegations in Paragraph 62.

63.    Defendants admit only that TikTok Inc. has marketed the TikTok platform in the United States, and that TikTok Inc. developed the TikTok platform to be accessible through the Apple App Store and the Google Play Store.  Except as expressly admitted, Defendants deny the allegations in Paragraph 63.

64.    Defendants admit only that TikTok Pte. Ltd. is identified as the developer of the TikTok platform in the Google Play Store and as the seller of the TikTok platform in the Apple App Store; TikTok Ltd. is identified as the developer

10

1  of the TikTok platform in the Apple App Store.  Except as expressly admitted or

2  alleged, Defendants deny the allegations in Paragraph 64.

3      65.    Defendants admit only that the TikTok platform utilizes algorithms to

4  drive video recommendations.  Defendants further state that the remaining

5  allegations in Paragraph 64 are unspecified and vague and, on that basis, deny those

6  allegations.  Except as expressly admitted, Defendants deny the allegations in

7  Paragraph 64.

8      66.    Defendants admit the allegations in Paragraph 66.

9      67.    Defendants deny the allegations in Paragraph 67.

10     68.    Defendants admit only that from March 2021 to April 2022, Shou Zi

11  Chew served as Chief Financial Officer of ByteDance Ltd., which is a holding

12  company with no employees; that Zhang Yiming, who served as CEO of

13  ByteDance Ltd. prior to November 2021, served as a Director at TikTok Ltd.,

14  which is a holding company with no employees, prior to July 2021; that Liang

15  Rubo, who has served as CEO of ByteDance Ltd. since November 2021, has served

16  as a Director at TikTok Ltd. since July 2021; that Roland Cloutier served as TikTok

17  Inc.'s Chief Information Security Officer.  Except as expressly admitted,

18  Defendants deny the allegations in Paragraph 68.

19     69.    Defendants admit only that some TikTok Inc. employees may

20  participate in ByteDance Ltd.'s stock option plan.  Except as expressly admitted,

21  Defendants deny the allegations in Paragraph 69.

22     70.    Defendants deny the allegations in Paragraph 70.

23     71.    No response is necessary to Paragraph 71 of the Complaint as it

24  contains no allegations against Defendants.  To the extent a response is necessary,

25  Defendants aver that the article referenced in Footnote 19 speaks for itself and deny

26  any characterization of the article that is inconsistent with its meaning when the

27  document is read in its entirety and in context.

28     72.    Defendants deny that ByteDance Ltd. (an equity holding company)

11

provides legal, safety, and privacy resources to other Defendants.  Defendants respectfully refer to the 2019 order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 72.

73.    Defendants admit only that employees use Lark's messaging feature where they can engage in chats and group chats with each other.  Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.    No response is necessary to Paragraph 74 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the website referenced in Footnote 21 speaks for itself and deny any characterization of the website that is inconsistent with its meaning when the website is read in its entirety and in context.

75.    No response is necessary to Paragraph 75 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the article referenced in Footnote 22 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.

76.    No response is necessary to Paragraph 76 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the article referenced in Footnote 23 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.

77.    Defendants deny the allegations in Paragraph 77.

78.    The allegations in Paragraph 78 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 78.

79.    The allegations in Paragraph 79 are a series of purported legal

12

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 79.

80.    The allegations in Paragraph 80 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 80.

## JURISDICTION AND VENUE

81.    The allegations in Paragraph 81 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 81.

82.    Defendants admit only that TikTok Inc. has operations in Los Angeles. The remainder of the allegations in Paragraph 82 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 82.

83.    Defendants admit only that there are millions of users of TikTok and that TikTok is used nationwide, including in California.  Defendants further aver that that the article referenced in Footnote 24 speaks for itself and deny any characterization of the article that is inconsistent with its meaning except when the document is read in its entirely and in context.  Except as expressly admitted, Defendants aver that the remaining allegations in Paragraph 83 are unspecified and vague and, on that basis, deny those allegations.

84.    The allegations in Paragraph 84, with the exception of Paragraph 84.c, are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 84.

　　　　a.    The allegation in Paragraph 83.a is a purported legal conclusion not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegation in Paragraph 84.a.

　　　　b.    The allegation in Paragraph 84.b is a purported legal conclusion

13

1    not subject to admission or denial.  To the extent a further response is

2    required, Defendants deny the allegation in Paragraph 84.b.

3        c.    Defendants admit only that TikTok Inc. is a California

4    corporation with its principal place of business at 5800 Bristol Parkway,

5    Culver City, California 90230 and that TikTok LLC is a Delaware

6    corporation with its principal place of business at 5800 Bristol Parkway,

7    Culver City, California 90230.  Defendants aver that the article referenced in

8    Footnote 25 speaks for itself and deny any characterization of the article that

9    is inconsistent with its meaning when the document is read in its entirety and

10    in context.  Except as expressly admitted or alleged, Defendants deny the

11    allegation in Paragraph 84.c.

12        d.    The allegation in Paragraph 84.d is a purported legal conclusion

13    not subject to admission or denial.  To the extent a further response is

14    required, Defendants deny the allegation in Paragraph 84.d.

15        e.    The allegation in Paragraph 84.e is a purported legal conclusion

16    not subject to admission or denial.  To the extent a further response is

17    required, Defendants deny the allegation in Paragraph 84.e.

18        f.    The allegation in Paragraph 84.f is a purported legal conclusion

19    not subject to admission or denial.  To the extent a further response is

20    required, Defendants deny the allegation in Paragraph 84.f.

21        g.    The allegation in Paragraph 84.g is a purported legal conclusion

22    not subject to admission or denial.  To the extent a further response is

23    required, Defendants deny the allegation in Paragraph 84.g.

24        h.    The allegation in Paragraph 84.h is a purported legal conclusion

25    not subject to admission or denial.  To the extent a further response is

26    required, Defendants deny the allegation in Paragraph 84.h.

27        i.    The allegation in Paragraph 84.i is a purported legal conclusion

28    not subject to admission or denial.  To the extent a further response is

14

1    required, Defendants deny the allegation in Paragraph 84.i.

2         85.   The allegation in Paragraph 85 is a purported legal conclusion not

3    subject to admission or denial.  To the extent a further response is required,

4    Defendants deny the allegation in Paragraph 85, and specifically deny that Plaintiffs

5    are entitled to the relief sought in the Complaint.

6         86.   The allegations in Paragraph 86 are a series of purported legal

7    conclusions not subject to admission or denial.  To the extent a further response is

8    required, Defendants deny the allegation in Paragraph 86, and specifically deny that

9    Plaintiffs are entitled to the relief sought in the Complaint.

10        87.   The allegations in Paragraph 87 are a series of purported

11   conclusions not subject to admission or denial.  To the extent a further response is

12   required, Defendants deny the allegation in Paragraph 87.

### SUBSTANTIVE ALLEGATIONS
### FACTUAL BACKGROUND

**A.    TikTok Collects and Exploits the Private Information and Kids Mode Private Information of Children Under Age 13.**

**1.    Private Information Defined.**

17        88.   The allegations in Paragraph 88 are a series of purported legal

18   conclusions not subject to admission or denial.  To the extent a further response is

19   required, Defendants deny the allegations in Paragraph 88.

20        89.   Defendants respectfully refer to the text of the COPPA Statute, at 15

21   U.S.C. § 6501, *et seq* which speaks for itself in all respects.  The remainder of the

22   allegations in Paragraph 89 are a series of purported legal conclusions not subject to

23   admission or denial.  To the extent a further response is required, Defendants deny

24   the allegations in Paragraph 89.

25        90.   The allegations in Paragraph 90 are a series of purported legal

26   conclusions not subject to admission or denial.  To the extent a further response is

27   required, Defendants deny the allegations in Paragraph 90.

28             a.    The allegation in Paragraph 90.a is a purported legal conclusion

15

1    not subject to admission or denial.  To the extent a further response is

2    required, Defendants deny the allegation in Paragraph 90.a.

3         b.    The allegation in Paragraph 90.b is a purported legal conclusion

4    not subject to admission or denial.  To the extent a further response is

5    required, Defendants deny the allegation in Paragraph 90.b.

6         c.    The allegation in Paragraph 90.c is a purported legal conclusion

7    not subject to admission or denial.  To the extent a further response is

8    required, Defendants deny the allegation in Paragraph 90.c.

9         d.    The allegation in Paragraph 90.d is a purported legal conclusion

10   not subject to admission or denial.  To the extent a further response is

11   required, Defendants deny the allegation in Paragraph 90.d.

12        e.    Defendants deny the allegation in Paragraph 90.e.

13        f.    The allegation in Paragraph 90.f is a purported legal conclusion

14   not subject to admission or denial.  To the extent a further response is

15   required, Defendants deny the allegation in Paragraph 90.f.

16        g.    The allegation in Paragraph 90.g is a purported legal conclusion

17   not subject to admission or denial.  To the extent a further response is

18   required, Defendants deny the allegation in Paragraph 90.g.

19        h.    The allegation in Paragraph 90.h is a purported legal conclusion

20   not subject to admission or denial.  To the extent a further response is

21   required, Defendants deny the allegation in Paragraph 90.h.

22        i.    The allegation in Paragraph 90.i is a purported legal conclusion

23   not subject to admission or denial.  To the extent a further response is

24   required, Defendants deny the allegation in Paragraph 90.i.

25        j.    The allegation in Paragraph 90.j is a purported legal conclusion

26   not subject to admission or denial.  To the extent a further response is

27   required, Defendants deny the allegation in Paragraph 90.j.

28        k.    The allegation in Paragraph 90.k is a purported legal conclusion

16

1    not subject to admission or denial. To the extent a further response is

2    required, Defendants deny the allegation in Paragraph 90.k.

3    　　　　l.　　　The allegation in Paragraph 90.l is a purported legal conclusion

4    not subject to admission or denial. To the extent a further response is

5    required, Defendants deny the allegation in Paragraph 90.l.

6    　　　　m.　　The allegation in Paragraph 90.m is a purported legal conclusion

7    not subject to admission or denial. To the extent a further response is

8    required, Defendants deny the allegation in Paragraph 90.m.

9    　　　　n.　　　The allegation in Paragraph 90.n is a purported legal conclusion

10   not subject to admission or denial. To the extent a further response is

11   required, Defendants deny the allegation in Paragraph 89.n.

12   　　　　o.　　　The allegation in Paragraph 90.o is a purported legal conclusion

13   not subject to admission or denial. To the extent a further response is

14   required, Defendants deny the allegation in Paragraph 90.o.

15   　　　　p.　　　The allegation in Paragraph 90.p is a purported legal conclusion

16   not subject to admission or denial. To the extent a further response is

17   required, Defendants deny the allegation in Paragraph 90.p.

18   　　　　q.　　　The allegation in Paragraph 90.q is a purported legal conclusion

19   not subject to admission or denial. To the extent a further response is

20   required, Defendants deny the allegation in Paragraph 90.q.

21   　　　　r.　　　The allegation in Paragraph 90.r is a purported legal conclusion

22   not subject to admission or denial. To the extent a further response is

23   required, Defendants deny the allegation in Paragraph 90.r.

24   　　　　s.　　　The allegation in Paragraph 90.s is a purported legal conclusion

25   not subject to admission or denial. To the extent a further response is

26   required, Defendants deny the allegation in Paragraph 90.s.

27   　　　　t.　　　The allegation in Paragraph 90.t is a purported legal conclusion

28   not subject to admission or denial. To the extent a further response is

17

1    required, Defendants deny the allegation in Paragraph 90.t.

2           u.     The allegation in Paragraph 90.u is a purported legal conclusion

3    not subject to admission or denial.  To the extent a further response is

4    required, Defendants deny the allegation in Paragraph 90.u.

5           v.     The allegation in Paragraph 90.v is a purported legal conclusion

6    not subject to admission or denial.  To the extent a further response is

7    required, Defendants deny the allegation in Paragraph 90.v.

8           w.     The allegation in Paragraph 90.w is a purported legal conclusion

9    not subject to admission or denial.  To the extent a further response is

10    required, Defendants deny the allegation in Paragraph 90.w.

11           x.     The allegation in Paragraph 90.x is a purported legal conclusion

12    not subject to admission or denial.  To the extent a further response is

13    required, Defendants deny the allegation in Paragraph 90.x.

14    91.    The allegation in Paragraph 91 is a purported legal conclusion not

15    subject to admission or denial.  To the extent a further response is required,

16    Defendants deny the allegation in Paragraph 91.

17    **2.    The TikTok Platform.**

18    92.    Defendants admit only that Musical.ly was a video-based platform

19    launched in 2014 and allege that in April 2019, Musical.ly was renamed TikTok

20    Ltd., and in May 2019, Musical.ly Inc. was renamed TikTok Inc.  Except as

21    expressly admitted or alleged, Defendants deny the allegations in Paragraph 92.

22    93.    No response is necessary to Paragraph 93 of the Complaint as it

23    contains no allegations against Defendants.  To the extent a response is necessary,

24    Defendants aver that the article referenced in Footnote 27 speaks for itself and deny

25    any characterization of the article that is inconsistent with its meaning when the

26    document is read in its entirety and in context.

27    94.    No response is necessary to Paragraph 94 of the Complaint as it

28    contains no allegations against Defendants.  To the extent a response is necessary,

Defendants aver that the article referenced in Footnote 28 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.

95.    No response is necessary to Paragraph 95 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the articles referenced in Footnotes 29-30 speak for themselves and deny any characterization of the articles that is inconsistent with their meaning when the articles are read in their entirety and in context.

96.    Defendants admit only that the TikTok platform launched globally, including in the United States, in 2017.  Except as expressly admitted, Defendants deny the allegations in Paragraph 96.

97.    Defendants admit only that in November 2017, ByteDance Ltd. purchased Musical.ly and in August 2018, Musical.ly's user base was combined with the users of the TikTok platform.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 97.

98.    Defendants deny that TikTok coins are purchased through the TikTok Shop, but otherwise admit the allegations in Paragraph 98 with respect to the 13+ Experience.  Except as expressly admitted, Defendants deny the allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99.  Defendants aver that the article referenced in Footnote 31 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.

100.    Defendants admit only that certain information is collected from users, consistent with TikTok's Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 100.

101.    Defendants admit only that certain information is collected from users, consistent with TikTok's Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Defendants aver that the article referenced in Footnote 34 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.  Except as expressly admitted, Defendants deny the allegations in Paragraph 101.

102.    The allegations in the first sentence of Paragraph 102 is a purported legal conclusion not subject to admission or denial.  Defendants aver that the article referenced in Footnote 35 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.

103.    The allegations in Paragraph 103 are a series of purported legal conclusions not subject to admission or denial.  Defendants aver that the article referenced in Footnote 36 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.  To the extent a further response is required, Defendants deny the allegations in Paragraph 103.

104.    Defendants admit only that the TikTok platform has more than 170 million monthly users in the United States.  Defendants aver that the article referenced in Footnote 37 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the document is read in its entirety and in context.

**3.    TikTok Knowingly Promotes Content to Under 13 Users on Its Full Access Platform**

105.    The allegation in Paragraph 105 is a purported legal conclusion not subject to admission or denial.  Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects.  Except as

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1  expressly admitted, Defendants deny the allegations in Paragraph 105.

2      106.   The allegations in Paragraph 106 are a series of purported legal

3  conclusions not subject to admission or denial.  To the extent a further response is

4  required, Defendants deny the allegations in Paragraph 106.

5      107.   The allegations in Paragraph 107 are a series of purported legal

6  conclusions not subject to admission or denial.  Defendants aver that the websites

7  referenced in Footnotes 39-45 speak for themselves and deny any characterization

8  of the websites that is inconsistent with their meaning when the websites are read in

9  their entirety and in context.  To the extent a further response is required,

10  Defendants deny the allegations in Paragraph 107.

11      108.   The allegations in Paragraph 108 are a series of purported legal

12  conclusions not subject to admission or denial.  To the extent a further response is

13  required, Defendants deny the allegations in Paragraph 108.

14      109.   The allegations in Paragraph 109 are a series of purported legal

15  conclusions not subject to admission or denial.  Defendants aver that the social

16  media profile referenced in Footnote 46 speaks for itself and deny any

17  characterization of the social media profile that is inconsistent with its meaning

18  when the social media profile is read in its entirety and in context.  To the extent a

19  further response is required, Defendants deny the allegations in Paragraph 109.

20      110.   The allegations in the first and fourth sentences of Paragraph 110 are a

21  series of purported legal conclusions not subject to admission or denial.

22  Defendants aver that the social media profile referenced in Footnote 47 speaks for

23  itself and deny any characterization of the social media profile that is inconsistent

24  with its meaning when the social media profile is read in its entirety and in context.

25  To the extent a further response is required, Defendants deny the allegations in

26  Paragraph 110.

27      111.   The allegation in the first sentence of Paragraph 111 is a purported

28  legal conclusion not subject to admission or denial.  Defendants respectfully refer to

the text of its Verified Accounts page (Verified accounts on TikTok, TikTok, https://support.tiktok.com/en/using-tiktok/growing-your-audience/how-to-tell-if-an-account-is-verified-on-tiktok) which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 111.

### 4.  TikTok Amasses Data to Build Profiles and Target Advertising to Under 13 Users

112.  Defendants admit only that, for TikTok users who self-identify as 13 or older at the age gate, certain information is collected, consistent with TikTok's Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 112.

113.  Defendants admit only that certain information is collected from users, consistent with TikTok's Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 113.

114.  TikTok admits only that users have the option to download data associated with their TikTok accounts consistent with TikTok's Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 114.

115.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 115.

116.  The allegations in Paragraph 116 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 116.

117.   The allegations in Paragraph 117 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 117.

118.   The allegations in Paragraph 118 are a series of purported legal conclusions not subject to admission or denial.  Defendants aver that the article referenced in Footnote 53 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the article is read in its entirety and in context.  To the extent a further response is required, Defendants deny the allegations in Paragraph 118.

**5.  Defendants Knowingly Creates Accounts for Children Under 13 and Collects Their Data without Parental Notice or Consent.**

119.   Defendants admit only that, since at least March 2019, when users in the United States attempt to create a TikTok account, they generally have had to provide a birthdate (day, month, and year).  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 119.

120.   Defendants admit only that since at least March 2019, when users in the United States attempt to create a TikTok account, they generally have had to go through the TikTok platform's age gate by providing a birthdate.  No response is necessary to the second sentence of  Paragraph 120 of the Complaint as it contains no allegations against Defendants.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 120.

121.   Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to users in the United States who provide a birthdate indicating an age under 13 years old at the TikTok platform's age gate.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 121.

122.   The allegations in the second and third sentences of Paragraph 122 are a series of purported legal conclusions not subject to admission or denial.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    Defendants admit and allege only that TikTok offers a separate experience referred

2    to as the 'Under 13 Experience' or 'Kids Mode' to children, consistent with

3    TikTok's Under 13 Experience policy (TikTok Under 13 Experience,

4    https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-

5    experience), which speaks for itself in all respects.  Defendants aver that the article

6    referenced in Footnote 54 speaks for itself and deny any characterization of the

7    article that is inconsistent with its meaning when the article is read in its entirety

8    and in context.  Except as expressly admitted or alleged, Defendants deny the

9    allegations in Paragraph 122.

10        123.    The allegations in Paragraph 123 are a series of purported legal

11   conclusions not subject to admission or denial.  To the extent a further response is

12   required, Defendants deny the allegations in Paragraph 123.

13        124.    The allegations in Paragraph 124 are a series of purported legal

14   conclusions not subject to admission or denial.  To the extent a further response is

15   required, Defendants deny the allegations in Paragraph 124.

16        125.    The allegations in the first, second, and fourth sentences of Paragraph

17   125 are a series of purported legal conclusions not subject to admission or denial.

18   Defendants admit only that, consistent with COPPA, until late 2020, if an

19   individual in the United States submitted a birthdate indicating that he or she was

20   under 13 years old, he or she potentially could have restarted the account creation

21   process.  Except as expressly admitted, Defendants deny the allegations in

22   Paragraph 125.

23        126.    The allegations in Paragraph 126 are a series of purported legal

24   conclusions not subject to admission or denial.  To the extent a further response is

25   required, Defendants deny the allegations in Paragraph 126.

26        127.    Defendants lack knowledge or information sufficient to form a belief

27   as to the truth of the allegations in Paragraph 127.  Defendants aver that the article

28   referenced in Footnote 55 speaks for itself and deny any characterization of the

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    article that is inconsistent with its meaning when the article is read in its entirety

2    and in context.

3        128.    The allegation in the first sentence of Paragraph 128 is a purported

4    legal conclusion not subject to admission or denial.  Defendants aver that the article

5    referenced in Footnote 56 speaks for itself and deny any characterization of the

6    article that is inconsistent with its meaning when the article is read in its entirety

7    and in context.  To the extent a further response is required, Defendants deny the

8    allegations in Paragraph 128.

9        129.    Defendants lack knowledge or information sufficient to form a belief

10   as to the truth of the allegations in Paragraph 129.  Defendants aver that the article

11   referenced in Footnote 57 speaks for itself and deny any characterization of the

12   article that is inconsistent with its meaning when the article is read in its entirety

13   and in context.  Except as expressly admitted, Defendants deny the allegations in

14   Paragraph 129.

15       130.    The allegation in Paragraph 130 is a purported legal conclusion not

16   subject to admission or denial.  Defendants respectfully refer to the complaint in

17   *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug.

18   2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Defendants aver that

19   the article referenced in Footnote 58 speaks for itself and deny any characterization

20   of the article that is inconsistent with its meaning when the article is read in its

21   entirety and in context.  Except as expressly admitted, Defendants deny the

22   allegation in Paragraph 130.

23       131.    The allegations in Paragraph 131 are a series of purported legal

24   conclusions not subject to admission or denial.  Defendants respectfully refer to the

25   complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO

26   (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.

27   Defendants otherwise deny the allegations in Paragraph 131.

28       132.    Defendants respectfully refer to the complaint in *United States v.*

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    *ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt.

2    No. 1), which speaks for itself in all respects.  Defendants admit only that, in 2020,

3    one of the age ranges for a technology that estimates the potential age ranges of

4    certain users was under 15 years, and that the age range was later changed to under

5    16 years.  Except as expressly admitted or alleged, Defendants deny the allegations

6    in Paragraph 132.

7          133.   The allegations in Paragraph 133 are a series of purported legal

8    conclusions not subject to admission or denial.  To the extent a further response is

9    required, Defendants deny the allegations in Paragraph 133.

10          134.   The allegations in Paragraph 134 are a series of purported legal

11    conclusions not subject to admission or denial.  Defendants respectfully refer to the

12    complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO

13    (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.

14    Defendants otherwise deny the allegations in Paragraph 134.

15          135.   Defendants admit only that users may sign up for TikTok using their

16    login credentials from certain third-party online services such as Google, and that

17    all TikTok users are required to pass through an age gate.  Except as expressly

18    admitted or alleged, Defendants deny the allegations in Paragraph 135.

19          136.   The allegations in Paragraph 136 are a series of purported legal

20    conclusions not subject to admission or denial.  To the extent a further response is

21    required, Defendants deny the allegations in Paragraph 136.

22          137.   Defendants deny the allegations in Paragraph 137.

23          138.   Defendants admit only that certain information is collected from users,

24    consistent with TikTok's Privacy Policy (Privacy Policy,

25    https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in

26    all respects.  Except as expressly admitted, Defendants deny the allegations in

27    Paragraph 138.

28

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

### 6. Defendants Collected Personal Information from "Kids Mode" Accounts.

139. Defendants admit and allege only that, since at least March 2019, TikTok has offered a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children in the United States who provide a birthdate indicating an age under 13 years old at the TikTok platform's age gate and that when a child inputs a birthdate on the account creation screen that indicates they are under 13 years old, the platform states the user is "about to access a TikTok experience designed just for you," thereby creating an Under 13 Experience account. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 139.

140. Defendants admit only that certain information is collected from users, consistent with TikTok's Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 140.

141. Defendants admit only that certain information is collected from users, consistent with TikTok's Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 141.

142. No response is necessary to Paragraph 142 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 142.

143. Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' and that consistent with COPPA, app activity data, device information, mobile carrier

27

1  information, and app information are collected from users in this experience.

2  Except as expressly admitted or alleged, Defendants deny the allegations in

3  Paragraph 143.

4      144.   Defendants deny the allegations in Paragraph 144.

5      145.   The allegation in the last sentence of Paragraph 145 is a purported

6  legal conclusion not subject to admission or denial.  Defendants respectfully refer to

7  the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-

8  ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10) and the complaint in *United*

9  *States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2,

10  2024) (Dkt. No. 1), which speak for themselves in all respects.  Defendants

11  otherwise deny the allegations in Paragraph 144.  Except as expressly admitted,

12  Defendants deny the allegations in Paragraph 145.

13      146.   Defendants admit and allege only that TikTok offers a separate

14  experience referred to as the 'Under 13 Experience' or 'Kids Mode' and that users

15  of such experience can send feedback using an in-app "Report a Problem" function

16  that, consistent with COPPA, was designed to allow a child to enter an email

17  address so that TikTok can respond to that request.  Except as expressly admitted or

18  alleged, Defendants deny the allegations in Paragraph 146.

19      147.   Defendants admit and allege only that TikTok offers a separate

20  experience referred to as the 'Under 13 Experience' or 'Kids Mode,' and that

21  between February 2019 and July 2022, users of such experience submitted over

22  300,000 reports that included email addresses.  Defendants respectfully refer to the

23  2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-

24  RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10) and the complaint in *United States v.*

25  *ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt.

26  No. 1), which speak for themselves in all respects.  Except as expressly admitted or

27  alleged, Defendants deny the allegations in Paragraph 147.

28

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

**7.    Defendants Ignored Parents' Requests to Delete Child Users' Data**

148.    The allegations in Paragraph 148 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10) and the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speak for themselves in all respects.  Defendants otherwise deny the allegations in Paragraph 148.

149.    Defendants aver that the websites referenced in Footnotes 66-68 speak for themselves and deny any characterization of the websites that are inconsistent with their meaning when the websites are read in their entirety and in context.  Defendants otherwise deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150 and respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.

151.    Defendants admit only that, previously, parents could request the deletion of their child's TikTok account and personal information by contacting a specified email address.  Except as expressly admitted, Defendants deny the allegations in Paragraph 151.

152.    Defendants admit only that in response to a request from someone purporting to be a parent of a child user to delete that user's account, employees review the account for objective indicators that the user is under 13 years old; and that reviewers were given guidance for identifying potential users under 13.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 152.

153.    Defendants admit only that under a former policy, if someone claimed to be the parent of an alleged child user, a trained moderator would review the user's account to assess whether the account met TikTok's criteria for identifying suspected users under age 13, and if the moderator did not determine that the account met the criteria, the purported parent would be required to complete and sign a form certifying his or her relationship to the child before the account was removed from the platform.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157 and respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.

158.    Defendants deny the first sentence of Paragraph 158.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

**8.    Defendants Have Failed To Delete Children's Accounts and Information Identified By Their Own Systems**

160.    Defendants admit only that TikTok uses technology, user reports, and human moderation to identify TikTok accounts potentially belonging to children, and allege that if an account is deemed to satisfy TikTok's criteria for identifying

1  suspected users under age 13, the account is removed.  Except as expressly

2  admitted or alleged, Defendants deny the allegations in Paragraph 160.

3      161.  Defendants admit only that keyword matching technology, among

4  other methods, searches users' bios for terms that suggest that the account may

5  belong to a child; and that accounts containing such terms are reviewed for

6  potential removal.  Defendants respectfully refer to the complaint in *United States*

7  *v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt.

8  No. 1), which speaks for itself in all respects.  Except as expressly admitted,

9  Defendants deny the allegations in Paragraph 161.

10      162.  Defendants admit only that human moderators review accounts

11  flagged as potentially belonging to children by the keyword matching process or by

12  other methods; and that the moderators are instructed to remove an account if the

13  account meets TikTok's criteria for identifying suspected users under age 13.

14  Except as expressly admitted, Defendants deny the allegations in Paragraph 162.

15      163.  Defendants admit only that prior to mid-2020, TikTok's underage

16  moderation policy required an admission indicating that a user may be under age 13

17  and sufficient indicators in the user's content that he or she may be under age 13;

18  that between mid-2020 and the first half of 2021, TikTok's underage moderation

19  policy was updated to require only an admission indicating that a user may be under

20  age 13; and that in second half of 2021, TikTok's underage moderation policy was

21  further updated to require either an admission indicating that a user may be under

22  age 13 or sufficient indicators in the user's content that he or she may be under age

23  13.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et*

24  *al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which

25  speaks for itself in all respects.  Except as expressly admitted or alleged,

26  Defendants deny the allegations in Paragraph 163.

27      164.  Defendants admit only that, to facilitate an independent and unbiased

28  review, moderators are not told why an account was flagged as potentially

31

belonging to a child; that moderators cannot view the videos watched by the user or the accounts the user follows; and that if TikTok's criteria for identifying suspected users under age 13 are not met, the moderator may not remove the account.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 164.

165.   Defendants admit only that at times, the TikTok platform has had tens of millions of monthly active users in the United States.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 165.

166.   Defendants deny the allegations in the first sentence of Paragraph 166. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166.

167.   Defendants deny the allegations in Paragraph 167.

**9.    TikTok Had Actual Knowledge That It Was Collecting, Storing and Using the Personal Information of Children Under the Age of 13.**

168.   Defendants admit only that a user may report another user's video as violating one of TikTok's policies; that a reported video is added to a video queue and reviewed by human moderators, who review the video to determine if it violates TikTok's policies; that if a moderator determines that the video satisfies TikTok's criteria for applying the "Content Depicting Under the Age of Admission" or "Suspected Underaged User" tag, they can apply the applicable tag; that moderators in the video queue lack unilateral authority to remove an account; and that an account that posted a video tagged as "Content Depicting Under the Age of Admission" or "Suspected Underaged User" is referred to a separate moderation team that assesses whether the account satisfies TikTok's criteria for identifying suspected users under age 13.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO

(C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 168.

169.   Defendants admit only that, for a time, accounts that posted videos tagged as "Content Depicting Under the Age of Admission" or "Suspected Underaged User" were not sent for underage account moderation review due to a technical issue, which has been resolved.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 169.

170.   Defendants admit only that TikTok conducts quality assurance reviews of its content moderation processes, wherein quality assurance reviewers review a subset of previously reviewed accounts or videos to evaluate whether moderators had correctly applied company policies to those accounts or videos.  Except as expressly admitted, Defendants deny the allegations in Paragraph 170.

171.   Defendants admit only that TikTok's quality assurance reviewers at times reached a different conclusion than the moderator with respect to whether an account satisfies TikTok's criteria for identifying suspected users under age 13. Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 171.

172.   Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 172.

173.   The allegations in the first sentence of Paragraph 173 include a

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

purported legal conclusion not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 173.

174.    Defendants admit only that a user's app log data may be retained for several months from the date of activity.  Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 174.

175.    Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 175.

176.    Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 176.

177.    Defendants respectfully refer to the complaint in *United States v. ByteDance, et al.*, No. 2:24-cv-06535-ODW-RAO (C.D. Cal. Aug. 2, 2024) (Dkt. No. 1), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

179.    The allegations in Paragraph 179 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 179.

**B.    Defendants Knowingly Collected and Exploited the Personal Information of Children Without Parental Consent In Violation of COPPA.**

**1.    The Children's Online Privacy Protection Act of 1998.**

180.    No response is necessary to Paragraph 180 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary,

Defendants respectfully refer to the text of the COPPA Statute, at 15 U.S.C. § 6501, et seq, and the text 114 Cong. Rec. S125787, which speak for themselves in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 180.

181. No response is necessary to Paragraph 181 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 181.

182. No response is necessary to Paragraph 182 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 182.

183. No response is necessary to Paragraph 183 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants aver that the website referenced in Footnote 71 speaks for itself and deny any characterization of the website that is inconsistent with its meaning when the website is read in its entirety and in context.

184. No response is necessary to Paragraph 184 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 184.

185. No response is necessary to Paragraph 185 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects. Except as expressly admitted, Defendants

1   deny the allegations in Paragraph 185.

2       186.   No response is necessary to Paragraph 186 of the Complaint as it

3   contains no allegations against Defendants.  To the extent a response is necessary,

4   Defendants respectfully refer to the text of the COPPA Statute, at 15 U.S.C. § 6501,

5   et seq, which speaks for itself in all respects.

6       187.   No response is necessary to Paragraph 187 of the Complaint as it

7   contains no allegations against Defendants.  To the extent a response is necessary,

8   Defendants respectfully refer to the text of the COPPA Statute, at 15 U.S.C. § 6501,

9   et seq, which speaks for itself in all respects.

10      188.   No response is necessary to Paragraph 188 of the Complaint as it

11  contains no allegations against Defendants.  To the extent a response is necessary,

12  Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312,

13  which speaks for itself in all respects.  Except as expressly admitted, Defendants

14  deny the allegations in Paragraph 188.

15      189.   No response is necessary to Paragraph 189 of the Complaint as it

16  contains no allegations against Defendants.  To the extent a response is necessary,

17  Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312,

18  which speaks for itself in all respects.  Except as expressly admitted, Defendants

19  deny the allegations in Paragraph 189.

20      190.   No response is necessary to Paragraph 190 of the Complaint as it

21  contains no allegations against Defendants.  To the extent a response is necessary,

22  Defendants aver that the website referenced in Footnote 73 speaks for itself and

23  deny any characterization of the website that is inconsistent with its meaning when

24  the document is read in its entirety and in context.

25      191.   No response is necessary to Paragraph 191 of the Complaint as it

26  contains no allegations against Defendants.  To the extent a response is necessary,

27  Defendants respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312,

28  which speaks for itself in all respects.  Except as expressly admitted, Defendants

deny the allegations in Paragraph 191.

192.   No response is necessary to Paragraph 192 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Statute, at 15 U.S.C. § 6501, *et seq* and the COPPA Rule, at 16 CFR Part 312, which speak for themselves in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 192.

193.   No response is necessary to Paragraph 193 of the Complaint as it contains no allegations against Defendants.

194.   No response is necessary to Paragraph 194 of the Complaint as it contains no allegations against Defendants.

**2.    TikTok unlawfully collects personal information from under age 13 users on the Full Access and Kids Mode Platforms.**

195.   The first sentence of Paragraph 195 is a purported legal conclusion not subject to admission or denial.  Because the second sentence of Paragraph 195 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 194, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

196.   The allegations in Paragraph 196 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 196.

197.   Defendants deny the allegation in the first sentence of Paragraph 197. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), and the text of the COPPA Statute, at 15 U.S.C. § 6501, et seq which speak for themselves in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 197.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    198.   Defendants deny the allegations in Paragraph 198.

2    199.   Defendants respectfully refer to its Privacy Policy (Privacy Policy,

3    https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in

4    all respects.  Except as expressly admitted, Defendants deny the allegations in

5    Paragraph 199.

6    200.   Defendants respectfully refer to its Privacy Policy (Privacy Policy,

7    https://www.tiktok.com/legal/page/us/privacy-policy/en), and the text of the

8    COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects.  Except as

9    expressly admitted, Defendants deny the allegations in Paragraph 200.

10    201.   Defendants respectfully refer to its Privacy Policy (Privacy Policy,

11    https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in

12    all respects.  Except as expressly admitted, Defendants deny the allegations in

13    Paragraph 201.

14    202.   Defendants respectfully refer to its Privacy Policy (Privacy Policy,

15    https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in

16    all respects.  Except as expressly admitted, Defendants deny the allegations in

17    Paragraph 202.

18    203.   Defendants respectfully refer to its Privacy Policy (Privacy Policy,

19    https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in

20    all respects.  Except as expressly admitted, Defendants deny the allegations in

21    Paragraph 203.

22    204.   Defendants respectfully refer to its Privacy Policy (Privacy Policy,

23    https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in

24    all respects.  Except as expressly admitted, Defendants deny the allegations in

25    Paragraph 204.

26    205.   Defendants respectfully refer to its Privacy Policy (Privacy Policy,

27    https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in

28    all respects.  Except as expressly admitted, Defendants deny the allegations in

Paragraph 205.

206.    Defendants deny the allegation in the second sentence of Paragraph of 206 and respectfully refer to the text of the COPPA Rule, at 16 CFR Part 312, which speaks for itself in all respects.

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants deny the allegations in Paragraph 208.

209.    No response is necessary to Paragraph 209 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Statute, at 15 U.S.C. § 6501, *et seq*, which speaks for itself in all respects.

210.    Defendants deny the allegations in Paragraph 210.

211.    No response is necessary to Paragraph 211 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants respectfully refer to the text of "Subpart C - Protections for the Privacy of Child Records, " at 45 C.F.R. Part 1303, the COPPA Statute, at 15 U.S.C. § 6501, *et seq*, and the FTC Act, at 15 U.S.C. §§ 41-58, which speak for themselves in all respects.

212.    No response is necessary to Paragraph 212 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants respectfully refer to the text of the COPPA Statute, at 15 U.S.C. § 6501, et seq which speaks for itself in all respects.

213.    Because Paragraph 213 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 213, and specifically deny that Plaintiffs are entitled to damages, restitution, unjust enrichment, injunctive relief, or equitable relief.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

### 3. Defendants' Actions Violated Class Members' Reasonable Expectations of Privacy and Are Highly Offensive.

214. The allegations in Paragraph 214 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 214.

215. No response is necessary to Paragraph 215 of the Complaint as it contains no allegations against Defendants.

216. No response is necessary to Paragraph 216 of the Complaint as it contains no allegations against Defendants.

217. No response is necessary to Paragraph 217 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants aver that the website referenced in Footnote 76 speaks for itself and deny any characterization of the website that is inconsistent with its meaning when the website is read in its entirety and in context.

218. No response is necessary to Paragraph 218 of the Complaint as it contains no allegations against Defendants.

219. No response is necessary to Paragraph 219 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants aver that the articles referenced in Footnotes 77-79 speak for themselves and deny any characterization of the articles that are inconsistent with their meaning when the articles are read in their entirety and in context.

220. No response is necessary to Paragraph 220 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary, Defendants aver that the articles referenced in Footnotes 80-81 speak for themselves and deny any characterization of the articles that is inconsistent with their meaning when the articles are read in their entirety and in context.

221. No response is necessary to Paragraph 221 of the Complaint as it contains no allegations against Defendants. To the extent a response is necessary,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    Defendants aver that the article referenced in Footnote 82 speaks for itself and deny

2    any characterization of the article that is inconsistent with its meaning when the

3    article is read in its entirety and in context.

4        222.   The allegations in Paragraph 222 are a series of purported legal

5    conclusions not subject to admission or denial.  To the extent a further response is

6    required, Defendants deny the allegations in Paragraph 222.

7        223.   The allegations in Paragraph 223 are a series of purported legal

8    conclusions not subject to admission or denial.  To the extent a further response is

9    required, Defendants deny the allegations in Paragraph 223.

10   **4.    Defendants' Actions Targeting Children in Violation of COPPA and the 2019 Permanent Injunction Are Highly Offensive and Egregious.**

11

12       224.   The allegations in the first sentence of Paragraph 224 are a series of

13   purported legal conclusions not subject to admission or denial.  No response to the

14   second sentence of Paragraph 224 of the Complaint is necessary as it contains no

15   allegations against Defendants.

16       225.   No response is necessary to Paragraph 225 of the Complaint as it

17   contains no allegations against Defendants.  To the extent a response is necessary,

18   Defendants aver that the article referenced in Footnote 83 speaks for itself and deny

19   any characterization of the article that is inconsistent with its meaning when the

20   article is read in its entirety and in context.

21       226.   The allegations in Paragraph 226 are a series of purported legal

22   conclusions not subject to admission or denial.  To the extent a further response is

23   required, Defendants deny the allegations in Paragraph 226.

24       227.   The allegations in Paragraph 227 are a series of purported legal

25   conclusions not subject to admission or denial.  To the extent a further response is

26   required, Defendants deny the allegations in Paragraph 227.

27

28

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

**C.    Plaintiffs and Members of the Classes Have Suffered Economic Injury While Defendants Have Been Enriched.**

228.    The allegations in Paragraph 228 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

229.    The allegations in Paragraph 229 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

230.    The allegations in Paragraph 230 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 230.

**1.    Private Information and Kids Mode Private Information Are Assets That Have Economic Value.**

231.    The allegation in the first sentence of Paragraph 231 is a purported legal conclusion not subject to admission or denial.  No response to the second sentence of Paragraph 231 of the Complaint is necessary as it contains no allegations against Defendants.

232.    No response is necessary to Paragraph 232 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the article referenced in Footnote 84 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the article is read in its entirety and in context.

233.    No response is necessary to Paragraph 233 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the article referenced in Footnote 85 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the article is read in its entirety and in context.

234.    No response is necessary to Paragraph 234 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1   Defendants aver that the article referenced in Footnote 86 speaks for itself and deny

2   any characterization of the article that is inconsistent with its meaning when the

3   article is read in its entirety and in context.

4   235.   No response is necessary to Paragraph 235 of the Complaint as it

5   contains no allegations against Defendants.  To the extent a response is necessary,

6   Defendants aver that the articles referenced in Footnotes 87-88 speak for

7   themselves and deny any characterization of the articles that is inconsistent with

8   their meaning when the articles are read in their entirety and in context.

9   236.   No response is necessary to Paragraph 236 of the Complaint as it

10  contains no allegations against Defendants.  To the extent a response is necessary,

11  Defendants aver that the article referenced in Footnote 89 speaks for itself and deny

12  any characterization of the article that is inconsistent with its meaning when the

13  article is read in its entirety and in context.

14  237.   No response is necessary to Paragraph 237 of the Complaint as it

15  contains no allegations against Defendants.  To the extent a response is necessary,

16  Defendants aver that the article referenced in Footnotes 90-93 speaks for itself and

17  deny any characterization of the article that is inconsistent with its meaning when

18  the article is read in its entirety and in context.

19  238.   The allegation in the last sentence of Paragraph 238 is a purported

20  legal conclusion not subject to admission or denial.  Defendants lack knowledge or

21  information sufficient to form a belief as to the truth of the remainder of the

22  allegations in Paragraph 238, and aver that the article referenced in Footnote 94

23  speaks for itself and deny any characterization of the article that is inconsistent with

24  its meaning when the article is read in its entirety and in context.

25  239.   No response is necessary to Paragraph 239 of the Complaint as it

26  contains no allegations against Defendants.  To the extent a response is necessary,

27  Defendants aver that the website referenced in Footnote 95 speaks for itself and

28  deny any characterization of the website that is inconsistent with its meaning when

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

the website is read in its entirety and in context.

240.    No response is necessary to Paragraph 240 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the article referenced in Footnote 96 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the article is read in its entirety and in context.

241.    No response is necessary to Paragraph 241 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants aver that the article referenced in Footnote 97 speaks for itself and deny any characterization of the article that is inconsistent with its meaning when the article is read in its entirety and in context.

242.    No response is necessary to Paragraph 242 of the Complaint as it contains no allegations against Defendants.  To the extent a response is necessary, Defendants respectfully refer to the text of the California Consumer Protection Act ("CCPA"), at Cal. Civ. Code § 1798.100 *et seq*, which speaks for itself in all respects.

**2.      Defendants Have Been Enriched by Taking Possession of and Using the Private Information and Kids Mode Private Information of Plaintiffs and the Class.**

243.    The allegations in Paragraph 243 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 243.

244.    The allegations in Paragraph 244 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 244.

245.    Defendants incorporate their responses to Paragraphs 1 through 244 as if set forth herein.

246.    The allegations in Paragraph 246 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

44

required, Defendants deny the allegations in Paragraph 246.

247.    The allegations in Paragraph 247 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 247.

248.    The allegations in Paragraph 248 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 248.

249.    The allegations in Paragraph 249 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 249.

250.    The allegations in Paragraph 250 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 250.

**D.    Equitable Relief is Necessary to Protect the Rights of the Class and Prevent Defendants from Profiting from their Wrongful Conduct.**

251.    The allegations in Paragraph 251 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 251.

252.    The allegations in Paragraph 252 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 252.

253.    The allegations in Paragraph 253 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 253.

254.    The allegation in the second half of Paragraph 254 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 254.

255.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 255.

256.    Because Paragraph 256 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 256, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

257.    Because Paragraph 257 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 257, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## **ALLEGATIONS RELATING TO PLAINTIFFS**

**A.    Plaintiffs G.K. and D.K., minors, by and through their parent Karin Robinson**

258.    No response is necessary to Paragraph 258 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 258.

259.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259.

260.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260.

261.    The allegations in Paragraph 261 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 261.

262.    The allegations in Paragraph 262 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 262.

263. Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 263.

264. The allegations in Paragraph 264 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264.

265. Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 265.

266. The allegation in the second half of Paragraph 266 is a purported legal conclusion not subject to admission or denial. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 266.

**B.    Plaintiff A.J., a minor, by and through their parent and guardian ad litem, Alexis Douglas**

267. No response is necessary to Paragraph 267 as it contains no allegations against Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 267.

268. Defendants lack knowledge or information sufficient to form a belief

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    as to the truth of the allegations in Paragraph 268.

2        269.    Defendants lack knowledge or information sufficient to form a belief

3    as to the truth of the allegations in Paragraph 269.

4        270.    The allegations in Paragraph 270 are a series of purported legal

5    conclusions not subject to admission or denial.  Defendants respectfully refer to its

6    Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

7    policy/en), which speaks for itself in all respects.  Except as expressly admitted,

8    Defendants deny the allegations in Paragraph 270.

9        271.    The allegations in Paragraph 271 are a series of purported legal

10    conclusions not subject to admission or denial.  Defendants respectfully refer to its

11    Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

12    policy/en), which speaks for itself in all respects.  Except as expressly admitted,

13    Defendants deny the allegations in Paragraph 271.

14        272.    The allegations in Paragraph 272 are a series of purported legal

15    conclusions not subject to admission or denial.  To the extent a further response is

16    required, Defendants lack knowledge or information sufficient to form a belief as to

17    the truth of the allegations in Paragraph 272.

18        273.    The allegations in Paragraph 273 are a series of purported legal

19    conclusions not subject to admission or denial.  To the extent a further response is

20    required, Defendants lack knowledge or information sufficient to form a belief as to

21    the truth of the allegations in Paragraph 273.

22        274.    The allegation in Paragraph 274 is a purported legal conclusion not

23    subject to admission or denial.  To the extent a further response is required,

24    Defendants lack knowledge or information sufficient to form a belief as to the truth

25    of the allegation in Paragraph 274.

26        275.    Defendants respectfully refer to the "Requesting Your Data"

27    instructions (TikTok, Requesting Your Data, TikTok Support,

28    https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

data/requesting-your-data) which speaks for itself in all respects. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 275.

276. The allegations in Paragraph 276 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276.

277. Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 277.

278. The allegation in the second half of Paragraph 278 is a purported legal conclusion not subject to admission or denial. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 278.

## C. Plaintiff B.M., a minor, by and through their parent and guardian ad litem, Marcelo Muto

279. No response is necessary to Paragraph 279 as it contains no allegations against Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 279.

280. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280.

281. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281.

282. The allegations in Paragraph 282 are a series of purported legal conclusions not subject to admission or denial. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted,

1    Defendants deny the allegations in Paragraph 282.

2       283.   The allegations in Paragraph 283 are a series of purported legal

3    conclusions not subject to admission or denial.  Defendants respectfully refer to its

4    Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

5    policy/en), which speaks for itself in all respects.  Except as expressly admitted,

6    Defendants deny the allegations in Paragraph 283.

7       284.   Defendants respectfully refer to the "Requesting Your Data"

8    instructions (TikTok, Requesting Your Data, TikTok Support,

9    https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-

10   data/requesting-your-data) which speaks for itself in all respects.  Defendants lack

11   knowledge or information sufficient to form a belief as to the truth of the remainder

12   of the allegations in Paragraph 284.

13      285.   The allegations in Paragraph 285 are a series of purported legal

14   conclusions not subject to admission or denial.  To the extent a further response is

15   required, Defendants lack knowledge or information sufficient to form a belief as to

16   the truth of the allegations in Paragraph 285.

17      286.   Defendants respectfully refer to the 2019 Order entered at *United*

18   *States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

19   2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly

20   admitted, Defendants deny the allegations in Paragraph 286.

21      287.   The allegation in the second half of Paragraph 287 is a purported legal

22   conclusion not subject to admission or denial.  Defendants lack knowledge or

23   information sufficient to form a belief as to the truth of the remainder of the

24   allegations in Paragraph 287.

25   **D.     Plaintiff S.T., a minor, by and through their parent, Samuel Tsou**

26      288.   No response is necessary to Paragraph 288 as it contains no allegations

27   against Defendants.  To the extent a response is required, Defendants deny the

28   allegations in Paragraph 288.

289.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289.

290.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290.

291.   The allegations in Paragraph 291 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 291.

292.   The allegations in Paragraph 292 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 292.

293.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 293.

294.   The allegations in Paragraph 294 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294.

295.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 295.

296.    The allegation in the second half of Paragraph 296 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 296.

**E.    Plaintiff J.C., a minor, by and through their parent and guardian ad litem, Jody Villanueva**

297.    No response is necessary to Paragraph 297 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 297.

298.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298.

299.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299.

300.    The allegations in Paragraph 300 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 300.

301.    The allegations in Paragraph 301 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 301.

302.    The allegations in Paragraph 302 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302.

303.    The allegations in Paragraph 303 are a series of purported legal

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303.

304.   The allegations in Paragraph 304 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304.

305.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 305.

306.   The allegations in Paragraph 306 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306.

307.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 307.

308.   The allegation in the second half of Paragraph 308 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 308.

**F.     Plaintiff L.F., a minor, by and through their parent and guardian ad litem, Heather Bresette**

309.   No response is necessary to Paragraph 309 as it contains no allegations

against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 309.

310.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310.

311.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311.

312.   The allegations in Paragraph 312 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 312.

313.   The allegations in Paragraph 313 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 313.

314.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 314.

315.   The allegations in Paragraph 315 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315.

316.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 316.

317.  The allegation in the second half of Paragraph 317 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 317.

**G.    Plaintiff D.G., a minor, by and through their parent, Kristy Bradley**

318.  No response is necessary to Paragraph 318 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 318.

319.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319.

320.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320.

321.  The allegations in Paragraph 321 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 321.

322.  The allegations in Paragraph 322 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 322.

323.  Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 323.

324.    The allegations in Paragraph 324 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324.

325.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 325.

326.    The allegation in the second half of Paragraph 326 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 326.

**H.    Plaintiff D.M., a minor, by and through their parent and guardian ad litem, Darryl Maultsby**

327.    No response is necessary to Paragraph 327 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 327.

328.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328.

329.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329.

330.    The allegations in Paragraph 330 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 330.

1    331.    The allegations in Paragraph 331 are a series of purported legal

2    conclusions not subject to admission or denial.  Defendants respectfully refer to its

3    Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

4    policy/en), which speaks for itself in all respects.  Except as expressly admitted,

5    Defendants deny the allegations in Paragraph 331.

6    332.    Defendants respectfully refer to the "Requesting Your Data"

7    instructions (TikTok, Requesting Your Data, TikTok Support,

8    https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-

9    data/requesting-your-data) which speaks for itself in all respects.  Defendants lack

10    knowledge or information sufficient to form a belief as to the truth of the remainder

11    of the allegations in Paragraph 332.

12    333.    The allegations in Paragraph 333 are a series of purported legal

13    conclusions not subject to admission or denial.  To the extent a further response is

14    required, Defendants lack knowledge or information sufficient to form a belief as to

15    the truth of the allegations in Paragraph 333.

16    334.    Defendants respectfully refer to the 2019 Order entered at *United*

17    *States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

18    2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly

19    admitted, Defendants deny the allegations in Paragraph 334.

20    335.    The allegation in the second half of Paragraph 335 is a purported legal

21    conclusion not subject to admission or denial.  Defendants lack knowledge or

22    information sufficient to form a belief as to the truth of the remainder of the

23    allegations in Paragraph 335.

24    **I.    Plaintiff E.B., a minor, by and through their parent, Ebony Baker**

25    336.    No response is necessary to Paragraph 336 as it contains no allegations

26    against Defendants.  To the extent a response is required, Defendants deny the

27    allegations in Paragraph 336.

28    337.    Defendants lack knowledge or information sufficient to form a belief

1     as to the truth of the allegations in Paragraph 337.

2         338.   Defendants lack knowledge or information sufficient to form a belief

3     as to the truth of the allegations in Paragraph 338.

4         339.   The allegations in Paragraph 339 are a series of purported legal

5     conclusions not subject to admission or denial.  Defendants respectfully refer to its

6     Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

7     policy/en), which speaks for itself in all respects.  Except as expressly admitted,

8     Defendants deny the allegations in Paragraph 339.

9         340.   The allegations in Paragraph 340 are a series of purported legal

10    conclusions not subject to admission or denial.  Defendants respectfully refer to its

11    Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

12    policy/en), which speaks for itself in all respects.  Except as expressly admitted,

13    Defendants deny the allegations in Paragraph 340.

14        341.   Defendants respectfully refer to the "Requesting Your Data"

15    instructions (TikTok, Requesting Your Data, TikTok Support,

16    https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-

17    data/requesting-your-data) which speaks for itself in all respects.  Defendants lack

18    knowledge or information sufficient to form a belief as to the truth of the remainder

19    of the allegations in Paragraph 341.

20        342.   The allegations in Paragraph 342 are a series of purported legal

21    conclusions not subject to admission or denial.  To the extent a further response is

22    required, Defendants lack knowledge or information sufficient to form a belief as to

23    the truth of the allegations in Paragraph 342.

24        343.   Defendants respectfully refer to the 2019 Order entered at *United*

25    *States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

26    2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly

27    admitted, Defendants deny the allegations in Paragraph 343.

28        344.   The allegation in the second half of Paragraph 344 is a purported legal

conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 344.

**J.      Plaintiff A.K., a minor, by and through their parent, Katherine Knight**

345.   No response is necessary to Paragraph 345 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 345.

346.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346.

347.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347.

348.   The allegations in Paragraph 348 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 348.

349.   The allegations in Paragraph 349 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 349.

350.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 350.

351.   The allegations in Paragraph 351 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351.

352. Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 352.

353. The allegation in the second half of Paragraph 353 is a purported legal conclusion not subject to admission or denial. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 353.

**K.     Plaintiff J.S., a minor, by and through their parent, Kiara Dennis**

354. No response is necessary to Paragraph 354 as it contains no allegations against Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 354.

355. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355.

356. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356.

357. The allegations in Paragraph 357 are a series of purported legal conclusions not subject to admission or denial. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 357.

358. The allegations in Paragraph 358 are a series of purported legal conclusions not subject to admission or denial. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

Defendants deny the allegations in Paragraph 358.

359.   The allegations in Paragraph 359 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359.

360.   The allegations in Paragraph 360 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360.

361.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 361.

362.   The allegations in Paragraph 362 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362.

363.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 363.

364.   The allegation in the second half of Paragraph 364 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 364.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

**L.      Plaintiff T.W., a minor, by and through their parent, Rachel Smith**

365.    No response is necessary to Paragraph 365 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 365.

366.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366.

367.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367.

368.    The allegations in Paragraph 368 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 368.

369.    The allegations in Paragraph 369 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 369.

370.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 370.

371.    The allegations in Paragraph 371 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371.

372.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 372.

373.    The allegation in the second half of Paragraph 373 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 373.

**M.    Plaintiff G.A., a minor, by and through their parent, Leyna Midkiff**

374.    No response is necessary to Paragraph 374 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 374.

375.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375.

376.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376.

377.    The allegations in Paragraph 377 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 377.

378.    The allegations in Paragraph 378 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 378.

379.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 379.

380.   The allegations in Paragraph 380 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380.

381.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 381.

382.   The allegation in the second half of Paragraph 382 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 382.

**N.     Plaintiff C.H., a minor, by and through their parent, Arthur Henry**

383.   No response is necessary to Paragraph 382 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 383.

384.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384.

385.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385.

386.   The allegations in Paragraph 386 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted,

1    Defendants deny the allegations in Paragraph 386.

2         387.   The allegations in Paragraph 387 are a series of purported legal

3    conclusions not subject to admission or denial.  Defendants respectfully refer to its

4    Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

5    policy/en), which speaks for itself in all respects.  Except as expressly admitted,

6    Defendants deny the allegations in Paragraph 387.

7         388.   Defendants respectfully refer to the "Requesting Your Data"

8    instructions (TikTok, Requesting Your Data, TikTok Support,

9    https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-

10   data/requesting-your-data) which speaks for itself in all respects.  Defendants lack

11   knowledge or information sufficient to form a belief as to the truth of the remainder

12   of the allegations in Paragraph 388.

13        389.   The allegations in Paragraph 389 are a series of purported legal

14   conclusions not subject to admission or denial.  To the extent a further response is

15   required, Defendants lack knowledge or information sufficient to form a belief as to

16   the truth of the allegations in Paragraph 389.

17        390.   Defendants respectfully refer to the 2019 Order entered at *United*

18   *States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

19   2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly

20   admitted, Defendants deny the allegations in Paragraph 390.

21        391.   The allegation in the second half of Paragraph 391 is a purported legal

22   conclusion not subject to admission or denial.  Defendants lack knowledge or

23   information sufficient to form a belief as to the truth of the remainder of the

24   allegations in Paragraph 391.

25   **O.    Plaintiff M.B., a minor, by and through their parent, Lynette Bouie**

26        392.   No response is necessary to Paragraph 392 as it contains no allegations

27   against Defendants.  To the extent a response is required, Defendants deny the

28   allegations in Paragraph 392.

393.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 393.

394.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394.

395.   The allegations in Paragraph 395 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 395.

396.   The allegations in Paragraph 396 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 396.

397.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 397.

398.   The allegations in Paragraph 398 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 398 .

399.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 399.

400.    The allegation in the second half of Paragraph 400 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 400.

**P.      Plaintiff J.H., a minor, by and through their parent, Tranay Holloway**

401.    No response is necessary to Paragraph 400 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 401.

402.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402.

403.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 403.

404.    The allegations in Paragraph 404 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 404.

405.    The allegations in Paragraph 405 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 405.

406.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 406.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

407.    The allegations in Paragraph 407 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407.

408.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 408.

409.    The allegation in the second half of Paragraph 409 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 409.

**Q.    Plaintiffs A.A.A., A.B.A., and E.A., minors, by and through their parent, Kelly Lynn Addis**

410.    No response is necessary to Paragraph 410 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 410.

411.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 411.

412.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 412.

413.    The allegations in Paragraph 413 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 413.

414.    The allegations in Paragraph 414 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 414.

415.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 415.

416.   The allegations in Paragraph 416 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 416.

417.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 417.

418.   The allegation in the second half of Paragraph 418 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 418.

**R.     Plaintiff K.M., a minor, by and through their parent, Dakota Moody**

419.   No response is necessary to Paragraph 419 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 419.

420.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420.

421.   Defendants lack knowledge or information sufficient to form a belief

69

as to the truth of the allegations in Paragraph 421.

422.  The allegations in Paragraph 422 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 422.

423.  The allegations in Paragraph 423 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 423.

424.  Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 424.

425.  The allegations in Paragraph 425 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425.

426.  Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 426.

427.  The allegation in the second half of Paragraph 427 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations in Paragraph 427.

**S.      Plaintiff A.L., a minor, by and through their parent, Tatum Dunne**

428.    No response is necessary to Paragraph 428 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 428.

429.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 429.

430.    The allegations in Paragraph 430 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 430.

431.    The allegations in Paragraph 431 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 431.

432.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 432.

433.    The allegations in Paragraph 433 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 433.

434.    Defendants respectfully refer to the 2019 Order entered at *United*

*States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 434.

435.    The allegation in the second half of Paragraph 435 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 435.

**T.    Plaintiff A.B., a minor, by and through their parent, Christina Middleton**

436.    No response is necessary to Paragraph 436 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 436.

437.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 437.

438.    The allegations in Paragraph 438 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 438.

439.    The allegations in Paragraph 439 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 439.

440.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 440.

441.    The allegations in Paragraph 441 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 441.

442.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 442.

443.    The allegation in the second half of Paragraph 443 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 443.

**U.    Plaintiffs H.J. and N.J., minors, by and through their parent, Amatullah Allen**

444.    No response is necessary to Paragraph 444 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 444.

445.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 445.

446.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 446.

447.    The allegations in Paragraph 447 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 447.

448.    The allegations in Paragraph 448 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 448.

449.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 449.

450.    The allegations in Paragraph 450 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 450.

451.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 451.

452.    The allegation in the second half of Paragraph 452 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 452.

## V.    Plaintiff I.T., a minor, by and through their parent, Yeni Castro

453.    No response is necessary to Paragraph 453 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 453.

454.    Defendants lack knowledge or information sufficient to form a belief

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1   as to the truth of the allegations in Paragraph 454.

2       455.   Defendants lack knowledge or information sufficient to form a belief

3   as to the truth of the allegations in Paragraph 455.

4       456.   The allegations in Paragraph 456 are a series of purported legal

5   conclusions not subject to admission or denial.  Defendants respectfully refer to its

6   Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

7   policy/en), which speaks for itself in all respects.  Except as expressly admitted,

8   Defendants deny the allegations in Paragraph 456.

9       457.   The allegations in Paragraph 457 are a series of purported legal

10   conclusions not subject to admission or denial.  Defendants respectfully refer to its

11   Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

12   policy/en), which speaks for itself in all respects.  Except as expressly admitted,

13   Defendants deny the allegations in Paragraph 457.

14       458.   Defendants respectfully refer to the "Requesting Your Data"

15   instructions (TikTok, Requesting Your Data, TikTok Support,

16   https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-

17   data/requesting-your-data) which speaks for itself in all respects.  Defendants lack

18   knowledge or information sufficient to form a belief as to the truth of the remainder

19   of the allegations in Paragraph 458.

20       459.   The allegations in Paragraph 459 are a series of purported legal

21   conclusions not subject to admission or denial.  To the extent a further response is

22   required, Defendants lack knowledge or information sufficient to form a belief as to

23   the truth of the allegations in Paragraph 459.

24       460.   Defendants respectfully refer to the 2019 Order entered at *United*

25   *States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

26   2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly

27   admitted, Defendants deny the allegations in Paragraph 460.

28       461.   The allegation in the second half of Paragraph 461 is a purported legal

conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 461.

**W.    Plaintiff M.G., a minor, by and through their parent and guardian ad litem, Valerie Gates**

462.    No response is necessary to Paragraph 462 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 462.

463.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 463.

464.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 464.

465.    The allegations in Paragraph 465 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 465.

466.    The allegations in Paragraph 466 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 466.

467.    The allegations in Paragraph 467 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 467.

468.    The allegations in Paragraph 468 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 468.

469.    The allegations in Paragraph 469 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 469.

470.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 470.

471.    The allegations in Paragraph 471 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 471.

472.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 472.

473.    The allegation in the second half of Paragraph 473 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 473.

**X.    Plaintiff V.M., a minor, by and through their parent, Ebony Nielsen**

474.    No response is necessary to Paragraph 474 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 474.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

475.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 475.

476.   The allegations in Paragraph 476 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 476.

477.   The allegations in Paragraph 477 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 477.

478.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 478.

479.   The allegations in Paragraph 479 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 479.

480.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 480.

481.   The allegation in the second half of Paragraph 481 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remainder of the
allegations in Paragraph 481.

**Y.    Plaintiff D.P., a minor, by and through their parent, Tammy Padgett**

482.    No response is necessary to Paragraph 482 as it contains no allegations
against Defendants.  To the extent a response is required, Defendants deny the
allegations in Paragraph 482.

483.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 483.

484.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 484.

485.    The allegations in Paragraph 485 are a series of purported legal
conclusions not subject to admission or denial.  Defendants respectfully refer to its
Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-
policy/en), which speaks for itself in all respects.  Except as expressly admitted,
Defendants deny the allegations in Paragraph 485.

486.    The allegations in Paragraph 486 are a series of purported legal
conclusions not subject to admission or denial.  Defendants respectfully refer to its
Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-
policy/en), which speaks for itself in all respects.  Except as expressly admitted,
Defendants deny the allegations in Paragraph 486.

487.    Defendants respectfully refer to the "Requesting Your Data"
instructions (TikTok, Requesting Your Data, TikTok Support,
https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-
data/requesting-your-data) which speaks for itself in all respects.  Defendants lack
knowledge or information sufficient to form a belief as to the truth of the remainder
of the allegations in Paragraph 487.

488.    The allegations in Paragraph 488 are a series of purported legal
conclusions not subject to admission or denial.  To the extent a further response is

required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488.

489.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 489.

490.    The allegation in the second half of Paragraph 490 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 490.

**Z.    Plaintiffs P.B., J.S., and J.F., minors, by and through their parent, Brittany Santisi**

491.    No response is necessary to Paragraph 491 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 491.

492.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 492.

493.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 493.

494.    The allegations in Paragraph 494 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 494.

495.    The allegations in Paragraph 495 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

Defendants deny the allegations in Paragraph 495.

496.    Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 496.

497.    The allegations in Paragraph 497 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 497.

498.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 498.

499.    The allegation in the second half of Paragraph 499 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 499.

**AA.    Plaintiffs Z.B. and I.B. minors, by and through their parent, Steven Burda**

500.    No response is necessary to Paragraph 500 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 500.

501.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 501.

502.    The allegations in Paragraph 502 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its

Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 502.

503.   The allegations in Paragraph 503 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 503.

504.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 504.

505.   The allegations in Paragraph 505 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 505.

506.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 506.

507.   The allegation in the second half of Paragraph 507 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 507.

**BB.   Plaintiff E.J., a minor, by and through their parent, Elizabeth Jacob**

508.   No response is necessary to Paragraph 508 as it contains no allegations

against Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 508.

509. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 509.

510. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 510.

511. The allegations in Paragraph 511 are a series of purported legal conclusions not subject to admission or denial. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 511.

512. The allegations in Paragraph 512 are a series of purported legal conclusions not subject to admission or denial. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 512.

513. Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 513.

514. The allegations in Paragraph 514 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 514.

515. Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 515.

516.  The allegation in the second half of Paragraph 516 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 516.

**CC.  Plaintiffs R.C., B.L.J., and B.R.J., minors, by and through their grandparent and guardian, Shirley Reed-Stallings**

517.  No response is necessary to Paragraph 517 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 517.

518.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 518.

519.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 519.

520.  The allegations in Paragraph 520 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 520.

521.  The allegations in Paragraph 521 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 521.

522.  Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

data/requesting-your-data) which speaks for itself in all respects. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 522.

523. The allegations in Paragraph 523 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 523.

524. Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 524.

525. The allegation in the second half of Paragraph 525 is a purported legal conclusion not subject to admission or denial. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 525.

**DD.  Plaintiff K.F., a minor, by and through their parent and guardian ad litem, Angela Faucett**

526. No response is necessary to Paragraph 526 as it contains no allegations against Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 526.

527. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 527.

528. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 528.

529. The allegations in Paragraph 529 are a series of purported legal conclusions not subject to admission or denial. Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects. Except as expressly admitted,

Defendants deny the allegations in Paragraph 529.

530.   The allegations in Paragraph 530 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 530.

531.   The allegations in Paragraph 531 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 531.

532.   The allegations in Paragraph 532 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 532.

533.   The allegations in Paragraph 533 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 533.

534.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 534.

535.   The allegations in Paragraph 535 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 535.

536.    Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 536.

537.    The allegation in the second half of Paragraph 537 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 537.

**EE.    Plaintiff J.W., a minor, by and through their parent and guardian ad litem, Kayla Jaramillo**

538.    No response is necessary to Paragraph 538 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 538.

539.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 539.

540.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 540.

541.    The allegations in Paragraph 541 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 541.

542.    The allegations in Paragraph 542 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to its Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 542.

543.    The allegations in Paragraph 543 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 543.

544.   The allegations in Paragraph 544 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 544.

545.   Defendants respectfully refer to the "Requesting Your Data" instructions (TikTok, Requesting Your Data, TikTok Support, https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data) which speaks for itself in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 545.

546.   The allegations in Paragraph 546 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 546.

547.   Defendants respectfully refer to the 2019 Order entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 547.

548.   The allegation in the second half of Paragraph 548 is a purported legal conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 548.

**FF.    Plaintiffs B.S. and A.S., minors, by and through their parent and guardian ad litem, Jennifer Seputis**

549.   No response is necessary to Paragraph 549 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the

1    allegations in Paragraph 549.

2        550.    Defendants lack knowledge or information sufficient to form a belief

3    as to the truth of the allegations in Paragraph 550.

4        551.    Defendants lack knowledge or information sufficient to form a belief

5    as to the truth of the allegations in Paragraph 551.

6        552.    The allegations in Paragraph 552 are a series of purported legal

7    conclusions not subject to admission or denial.  Defendants respectfully refer to its

8    Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

9    policy/en), which speaks for itself in all respects.  Except as expressly admitted,

10   Defendants deny the allegations in Paragraph 552.

11       553.    The allegations in Paragraph 553 are a series of purported legal

12   conclusions not subject to admission or denial.  Defendants respectfully refer to its

13   Privacy Policy (Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-

14   policy/en), which speaks for itself in all respects.  Except as expressly admitted,

15   Defendants deny the allegations in Paragraph 553.

16       554.    The allegations in Paragraph 554 are a series of purported legal

17   conclusions not subject to admission or denial.  To the extent a further response is

18   required, Defendants lack knowledge or information sufficient to form a belief as to

19   the truth of the allegations in Paragraph 554.

20       555.    The allegations in Paragraph 555 are a series of purported legal

21   conclusions not subject to admission or denial.  To the extent a further response is

22   required, Defendants lack knowledge or information sufficient to form a belief as to

23   the truth of the allegations in Paragraph 555.

24       556.    Defendants respectfully refer to the 2019 Order entered at *United*

25   *States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27,

26   2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly

27   admitted, Defendants deny the allegations in Paragraph 556.

28       557.    The allegation in the second half of Paragraph 557 is a purported legal

conclusion not subject to admission or denial.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 557.

## **TOLLING, ESTOPPEL AND RELATION BACK**

### A.    **Discovery Rule Tolling**

558.    The allegations in Paragraph 558 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 548.

559.    The allegations in Paragraph 559 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 559.

560.    No response is necessary to Paragraph 560 as it contains no allegations against Defendants.  To the extent a response is required, Defendants deny the allegations in Paragraph 560.

### B.    **Tolling of Statute of Limitations**

561.    The allegations in Paragraph 561 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 561.

562.    Defendants deny the allegations in the first and second sentences of Paragraph 562.  No response is necessary to the third sentence of Paragraph 562 as it contains no allegations against Defendants.

### C.    **Estoppel**

563.    The allegations in Paragraph 563 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 563.

564.    The allegations in Paragraph 564 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 564.

1

**CLASS ACTION ALLEGATIONS**

2  565. Defendants incorporate their responses to Paragraphs 1 through 564 as

3 if set forth herein.

4  566. Because Paragraph 566 is merely Plaintiffs' characterization of their

5 case, no response is required.  To the extent a further response is required,

6 Defendants deny the allegations in Paragraph 566, and specifically deny that

7 Plaintiffs are entitled to the relief sought in the Complaint.

8  567. Because Paragraph 567 is merely Plaintiffs' characterization of their

9 case, no response is required.  To the extent a further response is required,

10 Defendants deny the allegations in Paragraph 567, and specifically deny that

11 Plaintiffs are entitled to the relief sought in the Complaint.

12  568. Because Paragraph 568 is merely Plaintiffs' characterization of their

13 case, no response is required.  To the extent a further response is required,

14 Defendants deny the allegations in Paragraph 568, and specifically deny that

15 Plaintiffs are entitled to the relief sought in the Complaint.

16 **A.** **Multistate Intrusion Upon Seclusion Class**

17  569. Because Paragraph 569 is merely Plaintiffs' characterization of their

18 case, no response is required.  To the extent a further response is required,

19 Defendants deny the allegations in Paragraph 569, and specifically deny that

20 Plaintiffs are entitled to the relief sought in the Complaint.

21  570. Because Paragraph 570 is merely Plaintiffs' characterization of their

22 case, no response is required.  To the extent a further response is required,

23 Defendants deny the allegations in Paragraph 570, and specifically deny that

24 Plaintiffs are entitled to the relief sought in the Complaint.

25 **B.** **Multistate Unjust Enrichment Class**

26  571. Because Paragraph 571 is merely Plaintiffs' characterization of their

27 case, no response is required.  To the extent a further response is required,

28 Defendants deny the allegations in Paragraph 571, and specifically deny that

91

1    Plaintiffs are entitled to the relief sought in the Complaint.

2        572.    Because Paragraph 572 is merely Plaintiffs' characterization of their

3    case, no response is required.  To the extent a further response is required,

4    Defendants deny the allegations in Paragraph 572, and specifically deny that

5    Plaintiffs are entitled to the relief sought in the Complaint.

6    **C.    State Classes:**

7        **1.    The California Class**

8        573.    Because Paragraph 573 is merely Plaintiffs' characterization of their

9    case, no response is required.  To the extent a further response is required,

10   Defendants deny the allegations in Paragraph 573, and specifically deny that

11   Plaintiffs are entitled to the relief sought in the Complaint.

12       **2.    The Connecticut Class**

13       574.    Because Paragraph 574 is merely Plaintiffs' characterization of their

14   case, no response is required.  To the extent a further response is required,

15   Defendants deny the allegations in Paragraph 574, and specifically deny that

16   Plaintiffs are entitled to the relief sought in the Complaint.

17       **3.    The Florida Class**

18       575.    Because Paragraph 575 is merely Plaintiffs' characterization of their

19   case, no response is required.  To the extent a further response is required,

20   Defendants deny the allegations in Paragraph 575, and specifically deny that

21   Plaintiffs are entitled to the relief sought in the Complaint.

22       **4.    The Georgia Class**

23       576.    Because Paragraph 576 is merely Plaintiffs' characterization of their

24   case, no response is required.  To the extent a further response is required,

25   Defendants deny the allegations in Paragraph 576, and specifically deny that

26   Plaintiffs are entitled to the relief sought in the Complaint.

27       **5.    The Missouri Class**

28       577.    Because Paragraph 577 is merely Plaintiffs' characterization of their

1  case, no response is required.  To the extent a further response is required,

2  Defendants deny the allegations in Paragraph 577, and specifically deny that

3  Plaintiffs are entitled to the relief sought in the Complaint.

4       **6.**    **The New York Class**

5      578.  Because Paragraph 578 is merely Plaintiffs' characterization of their

6  case, no response is required.  To the extent a further response is required,

7  Defendants deny the allegations in Paragraph 578, and specifically deny that

8  Plaintiffs are entitled to the relief sought in the Complaint.

9       **7.**    **The Pennsylvania Class**

10     579.  Because Paragraph 579 is merely Plaintiffs' characterization of their

11 case, no response is required.  To the extent a further response is required,

12 Defendants deny the allegations in Paragraph 579, and specifically deny that

13 Plaintiffs are entitled to the relief sought in the Complaint.

14      **8.**    **The Washington Class**

15     580.  Because Paragraph 580 is merely Plaintiffs' characterization of their

16 case, no response is required.  To the extent a further response is required,

17 Defendants deny the allegations in Paragraph 580, and specifically deny that

18 Plaintiffs are entitled to the relief sought in the Complaint.

19     581.  Because Paragraph 581 is merely Plaintiffs' characterization of their

20 case, no response is required.  To the extent a further response is required,

21 Defendants deny the allegations in Paragraph 581, and specifically deny that

22 Plaintiffs are entitled to the relief sought in the Complaint.

23     582.  Because Paragraph 582 is merely Plaintiffs' characterization of their

24 case, no response is required.  To the extent a further response is required,

25 Defendants deny the allegations in Paragraph 582, and specifically deny that

26 Plaintiffs are entitled to the relief sought in the Complaint.

27     583.  Because Paragraph 583 is merely Plaintiffs' characterization of their

28 case, no response is required.  To the extent a further response is required,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

Defendants deny the allegations in Paragraph 583, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

584.   Because Paragraph 584 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 584, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

    a.    Because Paragraph 584a is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 584a, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

    b.    Because Paragraph 584b is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 584b, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

    c.    Because Paragraph 584c is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 584c, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

    d.    Because Paragraph 584d is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 584d, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

    e.    Because Paragraph 584e is merely Plaintiffs; characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 584e, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

    f.    Because Paragraph 584f is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is

1    required, Defendants deny the allegations in Paragraph 584f, and specifically

2    deny that Plaintiffs are entitled to the relief sought in the Complaint.

3            g.      Because Paragraph 584g is merely Plaintiffs'' characterization

4    of their case, no response is required.  To the extent a further response is

5    required, Defendants deny the allegations in Paragraph 584g, and specifically

6    deny that Plaintiffs are entitled to the relief sought in the Complaint.

7            h.      Because Paragraph 584h is merely Plaintiffs' characterization of

8    their case, no response is required.  To the extent a further response is

9    required, Defendants deny the allegations in Paragraph 584h, and specifically

10   deny that Plaintiffs are entitled to the relief sought in the Complaint.

11           i.      Because Paragraph 584i is merely Plaintiffs' characterization of

12   their case, no response is required.  To the extent a further response is

13   required, Defendants deny the allegations in Paragraph 584i, and specifically

14   deny that Plaintiffs are entitled to the relief sought in the Complaint.

15           j.      Because Paragraph 584j is merely Plaintiffs' characterization of

16   their case, no response is required.  To the extent a further response is

17   required, Defendants deny the allegations in Paragraph 584j, and specifically

18   deny that Plaintiffs are entitled to the relief sought in the Complaint.

19           k.      Because Paragraph 584k is merely Plaintiffs' characterization of

20   their case, no response is required.  To the extent a further response is

21   required, Defendants deny the allegations in Paragraph 584k, and specifically

22   deny that Plaintiffs are entitled to the relief sought in the Complaint.

23           l.      Because Paragraph 584l is merely Plaintiffs' characterization of

24   their case, no response is required.  To the extent a further response is

25   required, Defendants deny the allegations in Paragraph 584l, and specifically

26   deny that Plaintiffs are entitled to the relief sought in the Complaint.

27           m.      Because Paragraph 584m is merely Plaintiffs' characterization

28   of their case, no response is required.  To the extent a further response is

1    required, Defendants deny the allegations in Paragraph 584m, and

2    specifically deny that Plaintiffs are entitled to the relief sought in the

3    Complaint.

4        n.    Because Paragraph 584n is merely Plaintiffs' characterization of

5    their case, no response is required.  To the extent a further response is

6    required, Defendants deny the allegations in Paragraph 584n, and specifically

7    deny that Plaintiffs are entitled to the relief sought in the Complaint.

8        o.    Because Paragraph 584o is merely Plaintiffs' characterization of

9    their case, no response is required.  To the extent a further response is

10   required, Defendants deny the allegations in Paragraph 584o, and specifically

11   deny that Plaintiffs are entitled to the relief sought in the Complaint.

12       p.    Because Paragraph 584p is merely Plaintiffs' characterization of

13   their case, no response is required.  To the extent a further response is

14   required, Defendants deny the allegations in Paragraph 584p, and specifically

15   deny that Plaintiffs are entitled to the relief sought in the Complaint.

16       q.    Because Paragraph 584q is merely Plaintiffs' characterization of

17   their case, no response is required.  To the extent a further response is

18   required, Defendants deny the allegations in Paragraph 584q, and specifically

19   deny that Plaintiffs are entitled to the relief sought in the Complaint.

20       r.    Because Paragraph 584r is merely Plaintiffs' characterization of

21   their case, no response is required.  To the extent a further response is

22   required, Defendants deny the allegations in Paragraph 584r, and specifically

23   deny that Plaintiffs are entitled to the relief sought in the Complaint.

24   585.   Because Paragraph 585 is merely Plaintiffs' characterization of their

25   case, no response is required.  To the extent a further response is required,

26   Defendants deny the allegations in Paragraph 585, and specifically deny that

27   Plaintiffs are entitled to the relief sought in the Complaint.

28   586.   Because Paragraph 586 is merely Plaintiffs' characterization of their

case, no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 586, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

587. Because Paragraph 587 is merely Plaintiffs' characterization of their case, no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 587, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

588. Because Paragraph 588 is merely Plaintiffs' characterization of their case, no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 588, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

589. Because Paragraph 589 is merely Plaintiffs' characterization of their case, no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 589, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

590. Because Paragraph 590 is merely Plaintiffs' characterization of their case, no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 590, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

**CLAIMS FOR RELIEF**
**CLAIM 1 – MULTISTATE INTRUSION UPON SECLUSION**
**(AGAINST ALL DEFENDANTS BY MULTISTATE INTRUSION UPON SECLUSION PLAINTIFFS)**

591. Defendants incorporate their responses to Paragraphs 1 through 590 as if set forth herein.

592. Because Paragraph 592 is merely Plaintiffs' characterization of their case, no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 592, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

593.   The allegations in Paragraph 593 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 593.

594.   The allegations in Paragraph 594 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 594.

595.   The allegations in Paragraph 595 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 595.

596.   The allegations in Paragraph 596 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 596.

597.   The allegations in Paragraph 597 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 597.

598.   The allegations in Paragraph 598 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 598.

599.   The allegations in Paragraph 599 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 599.

600.   The allegations in Paragraph 600 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 600.

601.   The allegations in Paragraph 601 are a series of purported legal

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 601.

602.   Because Paragraph 602 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 602, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

**CLAIM 2 – MULTISTATE UNJUST ENRICHMENT CLAIM (AGAINST ALL DEFENDANTS BY MULTISTATE UNJUST ENRICHMENT PLAINTIFFS)**

603.   Defendants incorporate their responses to Paragraphs 1 through 602 as if set forth herein.

604.   Because Paragraph 604 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 604, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

605.   The allegations in Paragraph 605 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 605.

606.   The allegations in Paragraph 606 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 606.

607.   The allegations in Paragraph 607 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 607.

608.   The allegations in Paragraph 608 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 608.

609.   The allegations in Paragraph 609 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

required, Defendants deny the allegations in Paragraph 609.

610.   The allegations in Paragraph 610 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 610, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

611.   Because Paragraph 611 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 611, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

612.   The allegations in Paragraph 612 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 612, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## A.    CALIFORNIA CLAIMS

### CLAIM 3 – CALIFORNIA CONSTITUTIONAL RIGHT TO PRIVACY, CAL. CONST. ART. 1, § 1.

**(Against All Defendants by Plaintiffs A.J., B.M., S.T., and J.C., by and through their parents and guardians ad litem, and the California Class)**

613.   Defendants incorporate their responses to Paragraphs 1 through 612 as if set forth herein.

614.   The allegations in Paragraph 614 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 614.

615.   The allegations in Paragraph 615 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Paragraph 615 purports to quote Article 1, section 1, of the California Constitution.  Defendants deny that "privacy" is emphasized in the original text.

616.   The allegations in Paragraph 616 are a series of purported legal

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 616.

617.   The allegations in Paragraph 617 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 617.

618.   The allegations in Paragraph 618 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 618.

619.   The allegations in Paragraph 619 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 619.

620.   The allegations in Paragraph 620 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 620.

621.   The allegations in Paragraph 621 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 621.

622.   The allegations in Paragraph 622 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 622.

623.   The allegations in Paragraph 623 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 623.

624.   The allegations in Paragraph 624 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

1    required, Defendants deny the allegations in Paragraph 624.

2        625.    Because Paragraph 625 is merely Plaintiffs' characterization of their

3    case, no response is required.  To the extent a further response is required,

4    Defendants deny the allegations in Paragraph 625, and specifically deny that

5    Plaintiffs are entitled to the relief sought in the Complaint.

6                    ## CLAIM 4 – CALIFORNIA NEGLIGENCE

7    **(Against All Defendants by Plaintiffs A.J. B.M., S.T., and J.C., by and through
     their parents and guardians, ad litem and the California Class)**

8
9        626.    Defendants incorporate their responses to Paragraphs 1 through 625 as

     if set forth herein.
10
11       627.    The allegations in Paragraph 627 are a series of purported legal

12   conclusions not subject to admission or denial.  To the extent a further response is

     required, Defendants deny allegations in Paragraph 627.
13
14       628.    The allegations in Paragraph 628 are a series of purported legal

15   conclusions not subject to admission or denial.  To the extent a further response is

     required, Defendants deny the allegations in Paragraph 628.
16
17       629.    The allegations in Paragraph 629 are a series of purported legal

18   conclusions not subject to admission or denial.  To the extent a further response is

19   required, Defendants deny the allegations in Paragraph 629.

20       630.    The allegations in Paragraph 630 are a series of purported legal

21   conclusions not subject to admission or denial.  To the extent a further response is

22   required, Defendants deny the allegations in Paragraph 630.

23       631.    The allegations in Paragraph 631 are a series of purported legal

24   conclusions not subject to admission or denial.  To the extent a further response is

25   required, Defendants deny the allegations in Paragraph 631.

26       632.    The allegations in Paragraph  632 are a series of purported legal

27   conclusions not subject to admission or denial.  To the extent a further response is

28   required, Defendants deny the allegations in Paragraph 632.

633.    The allegations in Paragraph 633 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 633.

634.    The allegations in Paragraph 634 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 634.

635.    Defendants deny the allegations in Paragraph 635.

636.    The allegations in Paragraph 636 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 636.

637.    The allegations in Paragraph 637 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 637.

638.    The allegations in Paragraph 638 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 638.

639.    The allegations in Paragraph 639 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 639.

640.    The allegations in Paragraph 640 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 640.

641.    The allegations in Paragraph 641 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 641.

642.    The allegations in Paragraph 642 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 642.

643.   The allegations in Paragraph 643 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 643.

644.   The allegations in Paragraph 644 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 644.

645.   The allegations in Paragraph 645 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 645.

646.   The allegations in Paragraph 646 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 646.

647.   The allegations in Paragraph 647 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 647.

648.   The allegations in Paragraph 648 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 648 and each of its subparts.

649.   The allegations in Paragraph 649 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 649 and each of its subparts.

650.   The allegations in Paragraph 650 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 650.

651.   The allegations in Paragraph 651 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 651.

652.   The allegations in Paragraph 652 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 652.

653. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 653.

654. The allegations in Paragraph 654 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 654.

655. The allegations in Paragraph 655 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 655.

656. Because Paragraph 656 is merely Plaintiffs' characterization of their case, no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 656.

657. The allegations in Paragraph 657 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 657.

658. The allegations in Paragraph 658 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 658.

659. The allegations in Paragraph 659 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 659, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

660. Because Paragraph 660 is merely Plaintiffs' characterization of their case, no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 660, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

### CLAIM 5 – CALIFORNIA UNFAIR COMPETITION LAW (UCL), CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*

**(Against All Defendants by Plaintiffs A.J., B.M., S.T., and J.C., by and through their parents and guardians ad litem, and the California Class)**

661.    Defendants incorporate their responses to Paragraphs 1 through 660 as if set forth herein.

662.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 662.

663.    The allegations in Paragraph 663 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 663.

664.    The allegations in Paragraph 664 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that there are millions of users of TikTok and that TikTok is used nationwide, including in California.  Except as expressly admitted, Defendants deny the allegations of Paragraph 664.

665.    The allegations in Paragraph 665 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that California Business & Professions Code § 17200 prohibits "unfair competition" including any "unlawful, unfair, or fraudulent business practice" and "unfair, deceptive, untrue or misleading advertising." Defendants further aver that the statute speaks for itself.  Except as expressly admitted, Defendants deny the allegations of Paragraph 665.

666.    The allegations in Paragraph 666 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants aver that the decision speaks for itself.

667.    The allegations in Paragraph 667 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 667.

668.   The allegations in Paragraph 668 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 668.

669.   Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children, consistent with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-experience), which speaks for itself in all respects.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 669.

670.   The allegations in Paragraph 670 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 670.

671.   The allegations in Paragraph 671 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 671.

672.   The allegations in Paragraph 672 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 672.

673.   The allegations in Paragraph 673 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 673.

674.   The allegations in Paragraph 674 are a series of legal conclusions not subject to admission or denial.

675.   The allegations in Paragraph 675 are a series of legal conclusions not

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    subject to admission or denial.  To the extent a response is required, Defendants

2    deny the allegations in Paragraph 675 and each of its subparts.

3       676.   The allegations in Paragraph 676 are a series of purported legal

4    conclusions not subject to admission or denial.  To the extent a response is required,

5    Defendants admit only that Paragraph 676 and Footnote 98 quotes from statutes and

6    regulations.  Defendants aver that the statutes and regulations referenced in

7    Paragraph 676 and Footnote 98 speak for themselves and deny any characterization

8    of the statutes and regulations that are inconsistent with their meaning when the

9    statutes and regulations are read in their entirety and in context.  Except as

10   expressly admitted, Defendants deny the allegations of Paragraph 676.

11      677.   The allegations in Paragraph 677 are a series of legal conclusions not

12   subject to admission or denial.  To the extent a response is required, Defendants

13   deny the allegations in Paragraph 677.

14      678.   The allegations in Paragraph 678 are a series of legal conclusions not

15   subject to admission or denial.  To the extent a response is required, Defendants

16   deny the allegations in Paragraph 678.

17      679.   The allegations in Paragraph 679 are a series of legal conclusions not

18   subject to admission or denial.  To the extent a response is required, Defendants

19   deny the allegations in Paragraph 679.

20      680.   The allegations in Paragraph 680 are a series of legal conclusions not

21   subject to admission or denial.  To the extent a response is required, Defendants

22   deny the allegations in Paragraph 680.

23      681.   The allegations in Paragraph 681 are a series of legal conclusions not

24   subject to admission or denial.  To the extent a response is required, Defendants

25   deny the allegations in Paragraph 681.

26      682.   The allegations in Paragraph 682 are a series of legal conclusions not

27   subject to admission or denial.  To the extent a response is required, Defendants

28   deny the allegations in Paragraph 682.

1    683.    The allegations in Paragraph 683 are a series of legal conclusions not

2    subject to admission or denial.  To the extent a response is required, Defendants

3    deny the allegations in Paragraph 683.

4    684.    The allegations in Paragraph 684 are a series of legal conclusions not

5    subject to admission or denial.  To the extent a response is required, Defendants

6    deny the allegations in Paragraph 684.

7    685.    The allegations in Paragraph 685 are a series of legal conclusions not

8    subject to admission or denial.  To the extent a response is required, Defendants

9    deny the allegations in Paragraph 685.

10    686.    The allegations in Paragraph 686 are a series of legal conclusions not

11    subject to admission or denial.  To the extent a response is required, Defendants

12    deny the allegations in Paragraph 686.

13    687.    The allegations in Paragraph 687 are a series of legal conclusions not

14    subject to admission or denial.  To the extent a response is required, Defendants

15    deny the allegations in Paragraph 687.

16    688.    The allegations in Paragraph 688 are a series of legal conclusions not

17    subject to admission or denial.  To the extent a response is required, Defendants

18    deny the allegations in Paragraph 688.

19    689.    The allegations in Paragraph 689 are a series of legal conclusions not

20    subject to admission or denial.  To the extent a response is required, Defendants

21    deny the allegations in Paragraph 689.

22    690.    The allegations in Paragraph 690 are a series of legal conclusions not

23    subject to admission or denial.  To the extent a response is required, Defendants

24    deny the allegations in Paragraph 690.

25    691.    Because Paragraph 691 is merely Plaintiffs' characterization of their

26    case, no response is required.  To the extent a further response is required,

27    Defendants deny the allegations in Paragraph 691, and specifically deny that

28    Plaintiffs are entitled to the relief sought in the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

692.    Because Paragraph 692 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 692, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

693.    The allegations in Paragraph 693 are a series of legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 693, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

694.    The allegations in Paragraph 694 are a series of legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 694, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

695.    The allegations in Paragraph 695 are a series of legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 695.

## B.    CONNECTICUT CLAIMS

### CLAIM 6 – CONNECTICUT NEGLIGENCE

**(Against All Defendants by Plaintiff L.F. by and through their parent and guardian ad litem, Heather Bresette, and the Connecticut Class)**

696.    Defendants incorporate their responses to Paragraphs 1 through 695 as if set forth herein.

697.    The allegations in Paragraph 697 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny allegations in Paragraph 697.

698.    The allegations in Paragraph 698 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny allegations in Paragraph 698.

699.    The allegations in Paragraph 699 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny allegations in Paragraph 699.

700. The allegations in Paragraph 700 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny allegations in Paragraph 700.

701. The allegations in Paragraph 701 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny allegations in Paragraph 701.

702. . Defendants deny allegations in Paragraph 702.

703. The allegations in Paragraph 703 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 703.

704. The allegations in Paragraph 704 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 704.

705. The allegations in Paragraph 705 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 705.

706. Defendants deny the allegations in Paragraph 706.

707. The allegations in Paragraph 707 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 707.

708. The allegations in Paragraph 708 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 708.

709. The allegations in Paragraph 709 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 709.

710.    The allegations in Paragraph 710 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 710.

711.    The allegations in Paragraph 711 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 711.

712.    The allegations in Paragraph 712 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 712.

713.    The allegations in Paragraph 713 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 713.

714.    The allegations in Paragraph 714 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 714.

715.    The allegations in Paragraph 715 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 715.

716.    The allegations in Paragraph 716 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 716.

717.    The allegations in Paragraph 717 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 717.

718.    The allegations in Paragraph 718 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 718.

719.    The allegations in Paragraph 719 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 719.

720.    The allegations in Paragraph 720 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 720 and each of its subparts.

721.    The allegations in Paragraph 721 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 721 and each of its subparts.

722.    The allegations in Paragraph 722 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 722.

723.    The allegations in Paragraph 723 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 723.

724.    The allegations in Paragraph 724 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 724.

725.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 725.

726.    The allegations in Paragraph 726 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 726.

727.    The allegations in Paragraph 727 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 727.

728.    Because Paragraph 728 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth

1    of the allegations in Paragraph 728.

2        729.    The allegations in Paragraph 729 are a series of purported legal

3    conclusions not subject to admission or denial.  To the extent a further response is

4    required, Defendants deny the allegations in Paragraph 729.

5        730.    The allegations in Paragraph 730 are a series of purported legal

6    conclusions not subject to admission or denial.  To the extent a further response is

7    required, Defendants deny the allegations in Paragraph 730.

8        731.    The allegations in Paragraph 731 are a series of purported legal

9    conclusions not subject to admission or denial.  To the extent a further response is

10    required, Defendants deny the allegations in Paragraph 731, and specifically deny

11    that Plaintiffs are entitled to the relief sought in the Complaint.

12        732.    Because Paragraph 732 is merely Plaintiffs' characterization of their

13    case, no response is required.  To the extent a further response is required,

14    Defendants deny the allegations in Paragraph 732, and specifically deny that

15    Plaintiffs are entitled to the relief sought in the Complaint.

16    **CLAIM 7 – CONNECTICUT UNFAIR TRADE PRACTICES ACT,
CONN. GEN. STAT. § 42-110A, *ET SEQ.***

17    **(Against all Defendants by Plaintiff L.F., a minor, by and through their
guardian ad litem, Heather Bresette and the Connecticut Class)**

18

19        733.    Defendants incorporate their responses to Paragraphs 1 through 732 as

20    if set forth herein.

21        734.    Because Paragraph 734 is merely Plaintiffs' characterization of their

22    case, no response is required.  To the extent a further response is required,

23    Defendants deny the allegations in Paragraph 734.

24        735.    The allegations in Paragraph 735 are a series of purported legal

25    conclusions not subject to admission or denial.  To the extent a response is required,

26    Defendants admit only that Connecticut Unfair Trade Practices Act (CUTPA),

27    Conn. Gen. Stat. § 42-110a et seq. states "unfair methods of competition and unfair

28    or deceptive acts or practices in the conduct of any trade or commerce are

114

unlawful." Defendants further aver that the statute speaks for itself.  Except as expressly admitted, Defendants deny the allegations of Paragraph 735.

736.   The allegations in Paragraph 736 are a series of purported legal conclusions not subject to admission or denial.  To the extent that a response is required, Defendants aver that the statute speaks for itself.

737.   The allegations in Paragraph 737 are a series of purported legal conclusions not subject to admission or denial.  To the extent that a response is required, Defendants aver that the statute speaks for itself.

738.   The allegations in Paragraph 738 are a series of purported legal conclusions not subject to admission or denial.  To the extent that a response is required, Defendants admit only that they are a "person" within the meaning of Conn. Gen. Stat. § 42-110a(3).  Defendants further aver that the statute speaks for itself.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 738.

739.   The allegations in Paragraph 739 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 739.

740.   The allegations in Paragraph 740 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants aver that the decision speaks for itself.

741.   The allegations in Paragraph 741 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 741.

742.   Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children, consistent with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-

under-13-experience), which speaks for itself in all respects.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 742.

743.   The allegations in Paragraph 743 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 743.

744.   The allegations in Paragraph 744 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 744.

745.   The allegations in Paragraph 745 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 745.

746.   The allegations in Paragraph 746 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 746.

747.   The allegations in Paragraph 747 are a series of purported legal conclusions not subject to admission or denial.

748.   The allegations in Paragraph 748 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 748 and each of its subparts.

749.   The allegations in Paragraph 749 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Paragraph 749 quotes from a statute.  Defendants aver that the statute speaks for itself and deny any characterization of the statute that is inconsistent with its meaning when the statute is read in its entirety and in context.

Except as expressly admitted, Defendants deny the allegations of Paragraph 749.

750.    The allegations in Paragraph 750 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 750.

751.    The allegations in Paragraph 751 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 751.

752.    The allegations in Paragraph 752 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 752.

753.    The allegations in Paragraph 753 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 753.

754.    Because Paragraph 754 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 754, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## C.    FLORIDA CLAIMS

### CLAIM 8 – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA), FLA. STAT. ANN. § 501.201 *ET SEQ.*

**(Against All Defendants by Plaintiffs D.G. and D.M., by and through their parents, and the Florida Class)**

755.    Defendants incorporate their responses to Paragraphs 1 through 754 as if set forth herein.

756.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 756.

757.    The allegations in Paragraph 757 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required,

Defendants deny the allegations in Paragraph 757.

758.   The allegations in Paragraph 758 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that there are millions of users of TikTok and that TikTok is used nationwide, including in Florida.  Except as expressly admitted, Defendants deny the allegations of Paragraph 758.

759.   The allegations in Paragraph 759 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Fla. Stat. Ann. § 501.204(1) states "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Defendants further aver that the statute speaks for itself.

760.   The allegations in Paragraph 760 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 760.

761.   The allegations in Paragraph 761 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 761.

762.   The allegations in Paragraph 762 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 762.

763.   Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children, consistent with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-experience), which speaks for itself in all respects.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 763.

764.   The allegations in Paragraph 764 are a series of purported legal

conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 764.

765.   The allegations in Paragraph 765 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 765.

766.   The allegations in Paragraph 766 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 766.

767.   The allegations in Paragraph 767 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 767.

768.   The allegations in Paragraph 768 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 768 and each of its subparts.

769.   The allegations in Paragraph 769 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Paragraph 769 and footnote 99 quotes from statutes and regulations.  Defendants aver that the statutes and regulations referenced in Paragraph 769 and Footnote 99 speak for themselves and deny any characterization of the statutes and regulations that are inconsistent with their meaning when the statutes and regulations are read in their entirety and in context.  Except as expressly admitted, Defendants deny the allegations of Paragraph 769.

770.   The allegations in Paragraph 770 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    Defendants deny the allegations in Paragraph 770.

2         771.   The allegations in Paragraph 771 are a series of purported legal

3    conclusions not subject to admission or denial.  To the extent a response is required,

4    Defendants deny the allegations in Paragraph 771.

5         772.   The allegations in Paragraph 772 are a series of purported legal

6    conclusions not subject to admission or denial.  To the extent a response is required,

7    Defendants deny the allegations in Paragraph 772.

8         773.   The allegations in Paragraph 773 are a series of purported legal

9    conclusions not subject to admission or denial.  To the extent a response is required,

10    Defendants deny the allegations in Paragraph 773.

11         774.   The allegations in Paragraph 774 are a series of purported legal

12    conclusions not subject to admission or denial.  To the extent a response is required,

13    Defendants deny the allegations in Paragraph 774.

14         775.   The allegations in Paragraph 775 are a series of purported legal

15    conclusions not subject to admission or denial.  To the extent a response is required,

16    Defendants deny the allegations in Paragraph 775.

17         776.   The allegations in Paragraph 776 are a series of purported legal

18    conclusions not subject to admission or denial.  To the extent a response is required,

19    Defendants deny the allegations in Paragraph 776.

20         777.   The allegations in Paragraph 777 are a series of purported legal

21    conclusions not subject to admission or denial.  To the extent a response is required,

22    Defendants deny the allegations in Paragraph 777.

23         778.   The allegations in Paragraph 778 are a series of purported legal

24    conclusions not subject to admission or denial.  To the extent a response is required,

25    Defendants deny the allegations in Paragraph 778, and specifically deny  that

26    Plaintiffs are entitled to the relief sought in the Complaint.

27              **CLAIM 9 – FLORIDA NEGLIGENCE**

28

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

**(Against All Defendants by Plaintiffs D.G. and D.M. by and through their parents, and the Florida Class)**

779.    Defendants incorporate their responses to Paragraphs 1 through 778 as if set forth herein.

780.    The allegations in Paragraph 780 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 780.

781.    The allegations in Paragraph 781 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 781.

782.    The allegations in Paragraph 782 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 782.

783.    The allegations in Paragraph 783 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 783.

784.    The allegations in Paragraph 784 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 784.

785.    The allegations in Paragraph 785 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 785.

786.    The allegations in Paragraph 786 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 786.

787.    The allegations in Paragraph 787 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 787.

788.   The allegations in Paragraph 788 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 788.

789.   Defendants deny the allegations in Paragraph 789.

790.   The allegations in Paragraph 790 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 790.

791.   The allegations in Paragraph 791 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 791.

792.   The allegations in Paragraph 792 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 792.

793.   The allegations in Paragraph 793 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 793.

794.   The allegations in Paragraph 794 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 794.

795.   The allegations in Paragraph 795 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 795.

796.   The allegations in Paragraph 796 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 796.

797.   The allegations in Paragraph 797 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 797.

798.    The allegations in Paragraph 798 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 798.

799.    The allegations in Paragraph 799 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 799.

800.    The allegations in Paragraph 800 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 800.

801.    The allegations in Paragraph 801 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 801.

802.    The allegations in Paragraph 802 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 802 and each of its subparts.

803.    The allegations in Paragraph 803 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 803 and each of its subparts.

804.    The allegations in Paragraph 804 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 804.

805.    The allegations in Paragraph 805 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 805.

806.    The allegations in Paragraph 806 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 806.

807.    Defendants lack knowledge or information sufficient to form a belief

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1    as to the truth of the allegations in Paragraph 807.

2        808.    The allegations in Paragraph 808 are a series of purported legal

3    conclusions not subject to admission or denial.  To the extent a further response is

4    required, Defendants deny the allegations in Paragraph 808.

5        809.    The allegations in Paragraph 809 are a series of purported legal

6    conclusions not subject to admission or denial.  To the extent a further response is

7    required, Defendants deny the allegations in Paragraph 809.

8        810.    Because Paragraph 810 is merely Plaintiffs' characterization of their

9    case, no response is required.  To the extent a further response is required,

10   Defendants lack knowledge or information sufficient to form a belief as to the truth

11   of the allegations in Paragraph 810.

12       811.    The allegations in Paragraph 811 are a series of purported legal

13   conclusions not subject to admission or denial.  To the extent a further response is

14   required, Defendants deny the allegations in Paragraph 811.

15       812.    The allegations in Paragraph 812 are a series of purported legal

16   conclusions not subject to admission or denial.  To the extent a further response is

17   required, Defendants deny the allegations in Paragraph 812.

18       813.    The allegations in Paragraph 813 are a series of purported legal

19   conclusions not subject to admission or denial.  To the extent a further response is

20   required, Defendants deny the allegations in Paragraph 813, and specifically deny

21   that Plaintiffs are entitled to the relief sought in the Complaint.

22       814.    Because Paragraph 814 is merely Plaintiffs' characterization of their

23   case, no response is required.  To the extent a further response is required,

24   Defendants deny the allegations in Paragraph 814, and specifically deny that

25   Plaintiffs are entitled to the relief sought in the Complaint.

26

27

28

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.    GEORGIA CLAIMS**

## CLAIM 10 – GEORGIA NEGLIGENCE

**(Against All Defendants by Plaintiffs E.B. and A.K., through their respective parents, and the Georgia Class)**

815.    Defendants incorporate their responses to Paragraphs 1 through 814 as if set forth herein.

816.    The allegations in Paragraph 816 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny allegations in Paragraph 816.

817.    The allegations in Paragraph 817 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 817.

818.    The allegations in Paragraph 818 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 818.

819.    The allegations in Paragraph 819 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 819.

820.    The allegations in Paragraph 820 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 820.

821.    The allegations in Paragraph 821 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the  allegations in Paragraph 821.

822.    The allegations in Paragraph 822 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 822.

823.    The allegations in Paragraph 823 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 823.

824.    The allegations in Paragraph 824 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 824.

825.    Defendants deny the allegations in Paragraph 825.

826.    The allegations in Paragraph 826 a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 826.

827.    The allegations in Paragraph 827 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 827.

828.    The allegations in Paragraph 828 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 828.

829.    The allegations in Paragraph 829 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 829.

830.    The allegations in Paragraph 830 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 830.

831.    The allegations in Paragraph 831 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 831.

832.    The allegations in Paragraph 832 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 832.

833.    The allegations in Paragraph 833 are a series of purported legal

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 833.

834.    The allegations in Paragraph 834 a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 834.

835.    The allegations in Paragraph 835 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 835.

836.    The allegations in Paragraph 836 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 836.

837.    The allegations in Paragraph 837 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 837.

838.    The allegations in Paragraph 838 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 838.

839.    The allegations in Paragraph 839 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 839 and each of its subparts.

840.    The allegations in Paragraph 840 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 840 and each of its subparts.

841.    The allegations in Paragraph 841 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 841.

842.    The allegations in Paragraph 842 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

required, Defendants deny the allegations in Paragraph 842.

843.   The allegations in Paragraph 843 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 843.

844.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844.

845.   The allegations in Paragraph 845 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 845.

846.   The allegations in Paragraph 846 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 846.

847.   Because Paragraph 847 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 847.

848.   The allegations in Paragraph 848 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 848.

849.   The allegations in Paragraph 849 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 849.

850.   The allegations in Paragraph 850 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 850, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

851.   Because Paragraph 851 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required,

Defendants deny the allegations in Paragraph 851 and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

**CLAIM 11 – GEORGIA FAIR BUSINESS PRACTICES ACT, GA. CODE ANN. § 10-1-390, *ET SEQ.***

**(Against All Defendants by Plaintiff E.B. and A.K., through their respective parents, and the Georgia Class)**

852.    Defendants incorporate their responses to Paragraphs 1 through 851 as if set forth herein.

853.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 853.

854.    The allegations in Paragraph 854 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Ga. Code Ann. § 10-1-393(a) states "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful."  Defendants further aver that the statute speaks for itself.

855.    The allegations in Paragraph 855 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 855.

856.    The allegations in Paragraph 856 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 856.

857.    The allegations in Paragraph 857 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 857.

858.    Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children, consistent with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-

under-13-experience), which speaks for itself in all respects.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 858.

859.   The allegations in Paragraph 859 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 859.

860.   The allegations in Paragraph 860 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that there are millions of users of TikTok and that TikTok is used nationwide, including in Georgia.  Except as expressly admitted, Defendants deny the allegations of Paragraph 860.

861.   The allegations in Paragraph 861 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 861.

862.   The allegations in Paragraph 862 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 862.

863.   The allegations in Paragraph 863 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 863.

864.   The allegations in Paragraph 864 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 864.

865.   The allegations in Paragraph 865 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

Defendants deny the allegations in Paragraph 865 and each of its subparts.

866.    The allegations in Paragraph 866 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Paragraph 866 quotes from statutes.  Defendants aver that the statutes speak for themselves and deny any characterization of the statutes that is inconsistent with their meaning when the statutes are read in their entirety and in context.  Except as expressly admitted, Defendants deny the allegations of Paragraph 866.

867.    The allegations in Paragraph 867 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 867.

868.    The allegations in Paragraph 868 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 868.

869.    The allegations in Paragraph 869 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 869.

870.    The allegations in Paragraph 870 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 870.

871.    The allegations in Paragraph 871 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 871.

872.    The allegations in Paragraph 872 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 872.

873.    The allegations in Paragraph 873 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants

deny the allegations in Paragraph 873.

874.    The allegations in Paragraph 874 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 874.

875.    The allegations in Paragraph 875 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 875, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## E.    MISSOURI CLAIMS

### CLAIM 12 – MISSOURI NEGLIGENCE

**(Against All Defendants by Plaintiffs A.L. and A.B., by and through their parents, and the Missouri Class)**

876.    Defendants incorporate their responses to Paragraphs 1 through 875 as if set forth herein.

877.    The allegations in Paragraph 877 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 877.

878.    The allegations in Paragraph 878 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 878.

879.    The allegations in Paragraph 879 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 879.

880.    The allegations in Paragraph 880 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 880.

881.    The allegations in Paragraph 881 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

1  required, Defendants deny the allegations in Paragraph 881.

2  882.  The allegations in Paragraph 882 are a series of purported legal

3  conclusions not subject to admission or denial.  To the extent a further response is

4  required, Defendants deny allegations in Paragraph 882.

5  883.  The allegations in Paragraph 883 are a series of purported legal

6  conclusions not subject to admission or denial.  To the extent a further response is

7  required, Defendants deny the allegations in Paragraph 883.

8  884.  The allegations in Paragraph 884 are a series of purported legal

9  conclusions not subject to admission or denial.  To the extent a further response is

10  required, Defendants deny the allegations in Paragraph 884.

11  885.  The allegations in Paragraph 885 are a series of purported legal

12  conclusions not subject to admission or denial.  To the extent a further response is

13  required, Defendants deny the allegations in Paragraph 885.

14  886.  Defendants deny the allegations in Paragraph 886.

15  887.  The allegations in Paragraph 887 are a series of purported legal

16  conclusions not subject to admission or denial.  To the extent a further response is

17  required, Defendants deny the allegations in Paragraph 887.

18  888.  The allegations in Paragraph 888 are a series of purported legal

19  conclusions not subject to admission or denial.  To the extent a further response is

20  required, Defendants deny the allegations in Paragraph 888.

21  889.  The allegations in Paragraph 889 are a series of purported legal

22  conclusions not subject to admission or denial.  To the extent a further response is

23  required, Defendants deny the allegations in Paragraph 889.

24  890.  The allegations in Paragraph 890 are a series of purported legal

25  conclusions not subject to admission or denial.  To the extent a further response is

26  required, Defendants deny the allegations in Paragraph 890.

27  891.  The allegations in Paragraph 891 are a series of purported legal

28  conclusions not subject to admission or denial.  To the extent a further response is

1    required, Defendants deny the allegations in Paragraph 891.

2    892.    The allegations in Paragraph 892 are a series of purported legal

3    conclusions not subject to admission or denial.  To the extent a further response is

4    required, Defendants deny the allegations in Paragraph 892.

5    893.    The allegations in Paragraph 893 are a series of purported legal

6    conclusions not subject to admission or denial.  To the extent a further response is

7    required, Defendants deny the allegations in Paragraph 893.

8    894.    The allegations in Paragraph 894 are a series of purported legal

9    conclusions not subject to admission or denial.  To the extent a further response is

10   required, Defendants deny the allegations in Paragraph 894.

11   895.    The allegations in Paragraph 895 are a series of purported legal

12   conclusions not subject to admission or denial.  To the extent a further response is

13   required, Defendants deny the allegations in Paragraph 895.

14   896.    The allegations in Paragraph 896 are a series of purported legal

15   conclusions not subject to admission or denial.  To the extent a further response is

16   required, Defendants deny the allegations in Paragraph 896.

17   897.    The allegations in Paragraph 897 are a series of purported legal

18   conclusions not subject to admission or denial.  To the extent a further response is

19   required, Defendants deny the allegations in Paragraph 897.

20   898.    The allegations in Paragraph 898 are a series of purported legal

21   conclusions not subject to admission or denial.  To the extent a further response is

22   required, Defendants deny the allegations in Paragraph 898.

23   899.    The allegations in Paragraph 899 are a series of purported legal

24   conclusions not subject to admission or denial.  To the extent a further response is

25   required, Defendants deny the allegations in Paragraph 899.

26   900.    The allegations in Paragraph 900 are a series of purported legal

27   conclusions not subject to admission or denial.  To the extent a further response is

28   required, Defendants deny the allegations in Paragraph 900 and each of its subparts.

901.   The allegations in Paragraph 901 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 901 and each of its subparts.

902.   The allegations in Paragraph 902 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 902.

903.   The allegations in Paragraph 903 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 903.

904.   The allegations in Paragraph 904 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 904.

905.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 905.

906.   The allegations in Paragraph 906 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 906.

907.   The allegations in Paragraph 907 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 907.

908.   Because Paragraph 908 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 908.

909.   The allegations in Paragraph 909 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 909.

910.   The allegations in Paragraph 910 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 910.

911.   The allegations in Paragraph 911 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 911.

912.   Because Paragraph 912 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 912, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## CLAIM 13 – MISSOURI MERCHANDISING PRACTICES ACT (MMPA), MO. REV. STAT. ANN. CH. 407

### (Against All Defendants by Plaintiffs A.L. and A.B., by and through their parents, and the Missouri Class)

913.   Defendants incorporate their responses to Paragraphs 1 through 912 as if set forth herein.

914.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 914.

915.   The allegations in Paragraph 915 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Mo. Rev. Stat. Ann. § 407.020 states "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice."  Defendants further aver that the statute speaks for itself.

916.   The allegations in Paragraph 916 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 916.

917.   The allegations in Paragraph 917 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 917.

918.   The allegations in Paragraph 918 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 918.

919.   Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children, consistent with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-experience), which speaks for itself in all respects.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 919.

920.   The allegations in Paragraph 920 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 920.

921.   The allegations in Paragraph 921 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that there are millions of users of TikTok and that TikTok is used nationwide, including in Missouri.  Except as expressly admitted, Defendants deny the allegations of Paragraph 921.

922.   The allegations in Paragraph 922 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 922.

923.   The allegations in Paragraph 923 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 923.

924.   The allegations in Paragraph 924 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

required, Defendants deny the allegations in Paragraph 924.

925. The allegations in Paragraph 925 are a series of legal conclusions not subject to admission or denial. To the extent a response is required, Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 925.

926. The allegations in Paragraph 926 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 926 and each of its subparts.

927. The allegations in Paragraph 927 are a series of purported legal conclusions not subject to admission or denial. To the extent a response is required, Defendants admit only that Paragraph 927 and Footnote 100 quotes from statutes and regulations. Defendants aver that the statutes and regulations referenced in Paragraph 927 and Footnote 100 speak for themselves and deny any characterization of the statutes and regulations that are inconsistent with their meaning when the statutes and regulations are read in their entirety and in context. Except as expressly admitted, Defendants deny the allegations of Paragraph 927.

928. The allegations in Paragraph 928 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 928.

929. The allegations in Paragraph 929 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 929.

930. The allegations in Paragraph 930 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 930.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

931.   The allegations in Paragraph 931 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 931.

932.   The allegations in Paragraph 932 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 932.

933.   The allegations in Paragraph 933 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 933.

934.   The allegations in Paragraph 934 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 934.

935.   The allegations in Paragraph 935 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 935.

936.   The allegations in Paragraph 936 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 936, and specifically deny that Plaintiffs are entitled to relief sought in the Complaint.

**F.     NEW YORK CLAIMS**

**CLAIM 14 – NEW YORK CIVIL RIGHTS LAW §§ 50-51**

**(Against All Defendants by Plaintiffs I.T., M.G., and V.M., by and through their parents, and the New York Class)**

937.   Defendants incorporate their responses to Paragraphs 1 through 936 as if set forth herein.

938.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 938.

939.   The allegations in Paragraph 939 are a series of purported legal

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 939.

940.   Defendants deny the allegations in Paragraph 940.

941.   Defendants deny the allegations in Paragraph 941.

942.   The allegations in Paragraph 942 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 942.

943.   Defendants deny the allegations in Paragraph 943.

944.   The allegations in Paragraph 944 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 944.

945.   The allegations in Paragraph 945 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 945.

946.   The allegations in Paragraph 946 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 946.

947.   The allegations in Paragraph 947 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 947.

948.   The allegations in Paragraph 948 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 948, and Defendants specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

**CLAIM 15 – NEW YORK NEGLIGENCE**

**(Against All Defendants by Plaintiffs I.T., M.G. V.M., by and through their parents, and the New York Class)**

949.   Defendants incorporate their responses to Paragraphs 1 through 948 as if set forth herein.

950.   The allegations in Paragraph 950 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 950.

951.   The allegations in Paragraph 951 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 951.

952.   The allegations in Paragraph 952 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 952.

953.   The allegations in Paragraph 953 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 953.

954.   The allegations in Paragraph 954 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 954.

955.   The allegations in Paragraph 955 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 955.

956.   The allegations in Paragraph 956 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 956.

957.   The allegations in Paragraph 957 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 957.

958.   The allegations in Paragraph 958 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 958.

959.   Defendants deny the allegations in Paragraph 959.

1    960.    The allegations in Paragraph 960 are a series of purported legal

2    conclusions not subject to admission or denial.  To the extent a further response is

3    required, Defendants deny the allegations in Paragraph 960.

4    961.    The allegations in Paragraph 961 are a series of purported legal

5    conclusions not subject to admission or denial.  To the extent a further response is

6    required, Defendants deny the allegations in Paragraph 961.

7    962.    The allegations in Paragraph 962 are a series of purported legal

8    conclusions not subject to admission or denial.  To the extent a further response is

9    required, Defendants deny the allegations in Paragraph 962.

10    963.    The allegations in Paragraph 963 are a series of purported legal

11    conclusions not subject to admission or denial.  To the extent a further response is

12    required, Defendants deny the allegations in Paragraph 963.

13    964.    The allegations in Paragraph 964 are a series of purported legal

14    conclusions not subject to admission or denial.  To the extent a further response is

15    required, Defendants deny the allegations in Paragraph 964.

16    965.    The allegations in Paragraph 965 are a series of purported legal

17    conclusions not subject to admission or denial.  To the extent a further response is

18    required, Defendants deny the allegations in Paragraph 965.

19    966.    The allegations in Paragraph 966 are a series of purported legal

20    conclusions not subject to admission or denial.  To the extent a further response is

21    required, Defendants deny the allegations in Paragraph 966.

22    967.    The allegations in Paragraph 967 are a series of purported legal

23    conclusions not subject to admission or denial.  To the extent a further response is

24    required, Defendants deny the allegations in Paragraph 967.

25    968.    The allegations in Paragraph 968 are a series of purported legal

26    conclusions not subject to admission or denial.  To the extent a further response is

27    required, Defendants deny the allegations in Paragraph 968.

28    969.    The allegations in Paragraph 969 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 969.

970.    The allegations in Paragraph 970 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 970.

971.    The allegations in Paragraph 971 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 971.

972.    The allegations in Paragraph 972 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 972.

973.    The allegations in Paragraph 973 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 973 and each of its subparts.

974.    The allegations in Paragraph 974 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 974 and each of its subparts.

975.    The allegations in Paragraph 975 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 975.

976.    The allegations in Paragraph 976 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 976.

977.    The allegations in Paragraph 977 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 977.

978.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 978.

143

979.   The allegations in Paragraph 979 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 979.

980.   The allegations in Paragraph 980 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 980.

981.   The allegations in Paragraph 981 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 981.

982.   The allegations in Paragraph 982 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 982.

983.   The allegations in Paragraph 983 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 983.

984.   The allegations in Paragraph 984 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 984, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

985.   Because Paragraph 985 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 985, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## G.    PENNSYLVANIA CLAIMS

### CLAIM 16 – PENNSYLVANIA NEGLIGENCE

**(Against All Defendants by Plaintiffs Z.B. and I.B., minors, by and through their parent, Steven Burda, and the Pennsylvania Class)**

986.    Defendants incorporate their responses to Paragraphs 1 through 985 as if set forth herein.

987.    The allegations in Paragraph 987 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 987.

988.    The allegations in Paragraph 988 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 988.

989.    The allegations in Paragraph 989 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 989.

990.    The allegations in Paragraph 990 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 990.

991.    The allegations in Paragraph 991 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 991.

992.    The allegations in Paragraph 992 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 992.

993.    The allegations in Paragraph 993 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 993.

994.    The allegations in Paragraph 994 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 994.

995.    The allegations in Paragraph 995 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 995.

996.    Defendants deny the allegations in Paragraph 996.

997.    The allegations in Paragraph 997 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 997.

998.    The allegations in Paragraph 998 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 998.

999.    The allegations in Paragraph 999 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 999.

1000.    The allegations in Paragraph 1000 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1000.

1001.    The allegations in Paragraph 1001 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1001.

1002.    The allegations in Paragraph 1002 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1002.

1003.    The allegations in Paragraph 1003 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1003.

1004.    The allegations in Paragraph 1004 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1004.

1005. The allegations in Paragraph 1005 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1005.

1006. The allegations in Paragraph 1006 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1006.

1007. The allegations in Paragraph 1007 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1007.

1008. The allegations in Paragraph 1008 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1008.

1009. The allegations in Paragraph 1009 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1009.

1010. The allegations in Paragraph 1010 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1010 and each of its subparts.

1011. The allegations in Paragraph 1011 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1011 and each of its subparts.

1012. The allegations in Paragraph 1012 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1012.

1013. The allegations in Paragraph 1013 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

required, Defendants deny the allegations in Paragraph 1013.

1014. The allegations in Paragraph 1014 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1014.

1015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1015.

1016. The allegations in Paragraph 1016 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1016.

1017. The allegations in Paragraph 1017 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1017.

1018. Because Paragraph 1018 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1018.

1019. The allegations in Paragraph 1019 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1019.

1020. The allegations in Paragraph 1020 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1020.

1021. The allegations in Paragraph 1021 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1021, and Defendants specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

1022. Because Paragraph 1022 is merely Plaintiffs' characterization of their case, no response is required.  To the extent a further response is required,

Defendants deny the allegations in Paragraph 1022, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

**CLAIM 17 – PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL), PA. STAT. ANN. TIT. 73 § 210-1 *ET SEQ.***

**(Against All Defendants by Plaintiffs Z.B. and I.B., minors, by and through their parent, Steven Burda, and the Pennsylvania Class)**

1023. Defendants incorporate their responses to Paragraphs 1 through 1022 as if set forth herein.

1024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1024.

1025. The allegations in Paragraph 1025 are a series of purported legal conclusions not subject to admission or denial. To the extent a response is required, Defendants admit only that Pa. Stat. Ann. tit. 73, § 201-3 states "[u]nfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 2 of this act and regulations promulgated under section 3.1 of this act are hereby unlawful." Defendants further aver that the statute speaks for itself.

1026. The allegations in Paragraph 1026 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1026.

1027. The allegations in Paragraph 1027 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1027.

1028. The allegations in Paragraph 1028 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1028.

1029. Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children,

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

consistent with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-experience), which speaks for itself in all respects.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 1029.

1030.  The allegations in Paragraph 1030 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1030.

1031.  The allegations in Paragraph 1031 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that there are millions of users of TikTok and that TikTok is used nationwide, including in Pennsylvania.  Except as expressly admitted, Defendants deny the allegations of Paragraph 1031.

1032.  The allegations in Paragraph 1032 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1032.

1033.  The allegations in Paragraph 1033 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1033.

1034.  The allegations in Paragraph 1034 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1034.

1035.  The allegations in Paragraph 1035 are a series of legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1035.

1036. The allegations in Paragraph 1036 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1036 and each of its subparts.

1037. The allegations in Paragraph 1037 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants admit only that Paragraph 1037 and footnote 101 quotes from statutes and regulations.  Defendants aver that the statutes and regulations referenced in Paragraph 1037 and footnote 101 speak for themselves and deny any characterization of the statutes and regulations that are inconsistent with their meaning when the statutes and regulations are read in their entirety and in context. Except as expressly admitted, Defendants deny the allegations of Paragraph 1037.

1038. The allegations in Paragraph 1038 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1038.

1039. The allegations in Paragraph 1039 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1039.

1040. The allegations in Paragraph 1040 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1040.

1041. The allegations in Paragraph 1041 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1041.

1042. The allegations in Paragraph 1042 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1042.

1043. The allegations in Paragraph 1043 are a series of purported legal

conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1043.

1044. The allegations in Paragraph 1044 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1044.

1045. The allegations in Paragraph 1045 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1045.

1046. The allegations in Paragraph 1046 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1046, and Defendants specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## H.    WASHINGTON CLAIMS

### CLAIM 18 – WASHINGTON NEGLIGENCE

**(Against All Defendants by Plaintiffs K.F. and J.W., minors, by and through their parents and guardians ad litem, and the Washington Class)**

1047. Defendants incorporate their responses to Paragraphs 1 through 1046 as if set forth herein.

1048. The allegations in Paragraph 1048 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1048.

1049. The allegations in Paragraph 1049 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1049.

1050. The allegations in Paragraph 1050 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1050.

1051. The allegations in Paragraph 1051 are a series of purported legal

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1051.

1052. The allegations in Paragraph 1052 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1052.

1053. The allegations in Paragraph 1053 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1053.

1054. The allegations in Paragraph 1054 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1054.

1055. The allegations in Paragraph 1055 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1055.

1056. The allegations in Paragraph 1056 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1056.

1057. Defendants deny the allegations in Paragraph 1057.

1058. The allegations in Paragraph 1058 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1058.

1059. The allegations in Paragraph 1059 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1059.

1060. The allegations in Paragraph 1060 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1060.

1061. The allegations in Paragraph 1061 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1061.

1062. The allegations in Paragraph 1062 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1062.

1063. The allegations in Paragraph 1063 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1063.

1064. The allegations in Paragraph 1064 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1064.

1065. The allegations in Paragraph 1065 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1065.

1066. The allegations in Paragraph 1066 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1066.

1067. The allegations in Paragraph 1067 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1067.

1068. The allegations in Paragraph 1068 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1068.

1069. The allegations in Paragraph 1069 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 1069.

1070. The allegations in Paragraph 1070 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

required, Defendants deny the allegations in Paragraph 1070.

1071. The allegations in Paragraph 1071 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1071 and each of its subparts.

1072. The allegations in Paragraph 1072 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1072 and each of its subparts.

1073. The allegations in Paragraph 1073 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1073.

1074. The allegations in Paragraph 1074 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1074.

1075. The allegations in Paragraph 1075 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1075.

1076. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1076.

1077. The allegations in Paragraph 1077 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1077.

1078. The allegations in Paragraph 1078 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1078.

1079. The allegations in Paragraph 1079 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is

1    required, Defendants deny the allegations in Paragraph 1079.

2    1080. The allegations in Paragraph 1080 are a series of purported legal

3    conclusions not subject to admission or denial.  To the extent a further response is

4    required, Defendants deny the allegations in Paragraph 1080.

5    1081. The allegations in Paragraph 1081 are a series of purported legal

6    conclusions not subject to admission or denial.  To the extent a further response is

7    required, Defendants deny the allegations in Paragraph 1081.

8    1082. The allegations in Paragraph 1082 are a series of purported legal

9    conclusions not subject to admission or denial.  To the extent a further response is

10   required, Defendants deny the allegations in Paragraph 1082.

11   1083. The allegations in Paragraph 1083 are a series of purported legal

12   conclusions not subject to admission or denial.  To the extent a further response is

13   required, Defendants deny the allegations in Paragraph 1083, and Defendants

14   specifically deny that Plaintiffs are entitled to relief sought in the Complaint.

**CLAIM 19 – WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE. § 19.86.010, *ET SEQ***

**(Against All Defendants by Plaintiffs K.F. and J.W., minors, by and through their parents and guardians ad litem, and the Washington Class)**

18   1084. Defendants incorporate their responses to Paragraphs 1 through 1083

19   as if set forth herein.

20   1085. The allegations in Paragraph 1085 are a series of purported legal

21   conclusions not subject to admission or denial.  To the extent that a response is

22   required, Defendants admit only that they are "persons" within the meaning of

23   Wash. Rev. Code § 19. 86.010(2).  Defendants further aver that the statute speaks

24   for itself.  Except as expressly admitted, Defendants lack knowledge or information

25   sufficient to form a belief as to the truth of the remainder of the allegations in

26   Paragraph 1085.

27   1086. The allegations in Paragraph 1086 are a series of purported legal

28   conclusions not subject to admission or denial.  To the extent a further response is

required, Defendants deny the allegations in Paragraph 1086.

1087. The allegations in Paragraph 1087 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 1087.

1088. The allegations in Paragraph 1088 are a series of purported legal conclusions not subject to admission or denial. To the extent a response is required, Defendants admit only that Washington's Consumer Protection Act, Wash. Rev. Code § 19.86.010 *et seq*. ("CPA") prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020." Defendants further aver that the statute speaks for itself.

1089. The allegations in Paragraph 1089 are a series of purported legal conclusions not subject to admission or denial. To the extent a response is required, Defendants admit only that Paragraph 1089 quotes Wash Rev. Code § 19.86.920. Defendants further aver that the statute speaks for itself.

1090. The allegations in Paragraph 1090 are a series of purported legal conclusions not subject to admission or denial. To the extent a response is required, Defendants deny the allegations in Paragraph 1090.

1091. The allegations in Paragraph 1091 are a series of purported legal conclusions not subject to admission or denial. To the extent a response is required, Defendants deny the allegations in Paragraph 1091.

1092. Defendants admit and allege only that TikTok offers a separate experience referred to as the 'Under 13 Experience' or 'Kids Mode' to children, consistent with TikTok's Under 13 Experience policy (TikTok Under 13 Experience, https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-experience), which speaks for itself in all respects. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 1092.

1093. The allegations in Paragraph 1093 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1093.

1094. The allegations in Paragraph 1094 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1094.

1095. The allegations in Paragraph 1095 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1095.

1096. The allegations in Paragraph 1096 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1096.

1097. The allegations in Paragraph 1097 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1097.

1098. The allegations in Paragraph 1098 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1098.

1099. The allegations in Paragraph 1099 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1099.

1100. The allegations in Paragraph 1100 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1100.

1101. The allegations in Paragraph 1101 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 1101.

1102. The allegations in Paragraph 1102 are a series of purported legal conclusions not subject to admission or denial.  To the extent a response is required,

Defendants deny the allegations in Paragraph 1102, and specifically deny that Plaintiffs are entitled to the relief sought in the Complaint.

## **PRAYER FOR RELIEF**

Defendants admit only that Plaintiff requests the forms of relief detailed in subparts A through H.  Defendants otherwise deny that Plaintiffs are entitled to any relief.

A.    Defendants deny that Plaintiffs are entitled to the relief requested in subpart A.

B.    Defendants deny that Defendants deny that Plaintiffs are entitled to the relief requested in subpart B.

C.    Defendants deny that Plaintiffs are entitled to the relief requested in subpart C.

D.    Defendants deny that Plaintiffs are entitled to the relief requested in subpart D.

E.    Defendants deny that Plaintiffs are entitled to the relief requested in subpart E.

F.    Defendants deny that Plaintiffs are entitled to the relief requested in subpart F.

G.    Defendants deny that Plaintiffs are entitled to the relief requested in subpart G.

H.    Defendants deny that Plaintiffs are entitled to the relief requested in subpart G.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.

## **DEFENSES**

In addition to the reasons stated above, Plaintiffs are not entitled to relief, and Defendants are entitled to judgment in their favor and against Plaintiffs, on the basis of the following Defenses, pleaded in the alternative to the extent they may be

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

found to be inconsistent.  In asserting these defenses, Defendants do not assume the burden of proof and/or the burden of producing evidence on any particular defense or issue that would otherwise rest on Plaintiffs.  Further, Defendants reserve all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, in law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST DEFENSE

*Statute of Limitations*

Plaintiffs' claims are barred in whole or in part by any relevant statute(s) of limitations.

## SECOND DEFENSE

*Laches*

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.  To the extent Plaintiffs seek to hold Defendants liable for conduct that occurred years ago, Plaintiffs unreasonably delayed bringing such claims.

## THIRD DEFENSE

*No Actual Knowledge of Alleged Child Users*

Plaintiffs' claims are barred in whole or in part because Defendants lacked "actual knowledge that [they were] collecting personal information from a child." 15 U.S.C. § 6502(a)(1).  To the extent any child users circumvented the TikTok platform's age gate by entering false birthdates, TikTok was entitled to rely on those users' representations.  *See* Fed. Trade Comm'n, Complying With COPPA: Frequently Asked Questions, https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions ("[A]n operator of a general audience site or service that chooses to screen its users for age in a neutral fashion may rely on the age information its users enter, even if that age information is not accurate.").  Nor do TikTok's affirmative efforts to identify and remove suspected child users from the 13+ Experience indicate that Defendants had actual

160

knowledge that they were collecting personal information from children.  COPPA does not require Defendants to "ferret through a host of circumstantial information to determine who may or may not be a child." Children's Online Privacy Protection Rule, 76 Fed. Reg. 59804, 59806 (Sept. 27, 2011).  Imposing liability on TikTok where it at most has "circumstantial information" indicating a user's potential age would create a "'constructive knowledge' standard, " which the COPPA Rule rejects.  *See id.*; *see also* Children's Online Privacy Protection Rule, 78 Fed. Reg. 3972, 3977 (Jan. 17, 2013) (rejecting "knows or has reason to know" standard).  The FTC has recognized that the mere existence of users under-13 that lie about their age does not impute "actual knowledge" onto defendants.  *See* Hearing Before the Subcomm. on Communications of the Comm. on Commerce, Science, & Transp., 105th Cong., 2d Sess. 14 (1997) ("The FTC has vast authority but controlling the behavior of 11-year-olds, for example, calling themselves 13-year-olds is beyond our reach").  Plaintiffs' claims are thus barred insofar as Defendants did not or do not have actual knowledge of specific users' ages.

### **FOURTH DEFENSE**

*Not Directed to Children*

Plaintiffs' claims are barred in whole or in part because, outside of the Under 13 Experience, the TikTok platform is not "directed to children." 15 U.S.C. § 6502(a)(1).  Considering "subject matter, visual content, use of animated characters or child-oriented activities and incentives, music or other audio content, age of models, presence of child celebrities or celebrities who appeal to children, language or other characteristics of the Web site or online service, as well as whether advertising promoting or appearing on the Web site or online service is directed to children"; "competent and reliable empirical evidence regarding audience composition"; and "evidence regarding the intended audience, " the TikTok platform is not "directed to children." 16 C.F.R. § 312.2 (definition of "Web site or online service directed to children").  To the extent TikTok is determined to be a

1    mixed-audience service, the TikTok platform is not "directed to children" because

2    it (1) "[d]oes not collect personal information from any visitor prior to collecting

3    age information, " and (2) "[p]revents the collection, use, or disclosure of personal

4    information from visitors who identify themselves as under age 13 without first

5    complying with the notice and parental consent provisions of this part." *Id.*  TikTok

6    age-gates all users before allowing them to create an account.  When a user

7    indicates that he or she is younger than 13, the user cannot create a TikTok account

8    in the 13+ Experience, and is instead directed to the Under 13 Experience.

9    TikTok's collection of information from Under 13 Experience users complies with

10   COPPA and the COPPA Rule.

### FIFTH DEFENSE

*No Private Right of Action under COPPA or COPPA Rule*

13   Plaintiffs' pleas for civil penalties are barred because, to the extent there was

14   any alleged violation of the COPPA Rule, neither COPPA nor its Rule provide a

15   private right of action for private plaintiffs.  *See* 15 U.S.C. § 6501 *et seq*; *see also*

16   16 CFR Part 312.

### SIXTH DEFENSE

*Failure to Satisfy Statutory Requirements for Injunctive Relief*

19   Plaintiffs' pleas for injunctive relief are barred to the extent Plaintiffs cannot

20   prove that Defendants are "violating, or [are] about to violate," COPPA or the

21   COPPA Rule. 15 U.S.C. § 53(b)(1).  Much of the Complaint is premised on alleged

22   conduct that, by Plaintiffs' admission, has ceased.  *E.g.*, Compl. ¶¶ 134, 152, 158.

23   Under the FTC Act, Plaintiffs cannot seek to enjoin alleged violations that are

24   neither ongoing nor imminent.

### SEVENTH DEFENSE

*No Actual Knowledge of Alleged COPPA Rule Violations*

27   Plaintiffs' pleas for civil penalties are barred because, to the extent there was

28   any alleged violation of the COPPA Rule, Defendants lacked "actual knowledge or

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

knowledge fairly implied on the basis of objective circumstances" that their alleged conduct was "unfair or deceptive and . . . prohibited by [the COPPA Rule]." 15 U.S.C. § 45(m)(1)(A).

### EIGHTH DEFENSE

*Support for Internal Operations*

Plaintiffs' claims are barred in whole or in part because TikTok is not required to provide notice or obtain verifiable parental consent for the collection of persistent identifiers from Under 13 Experience users.  Because TikTok's collection of persistent identifiers from Under 13 Experience users is used for the sole purpose of providing support for the internal operations of the TikTok platform, there is no obligation to provide notice or obtain verifiable parental consent.  16 C.F.R. § 312.5(c)(7).  Plaintiffs' claims are therefore barred insofar as they seek to hold Defendants liable under COPPA or the COPPA Rule for the collection, use, or disclosure of persistent identifiers from Under 13 Experience users.

### NINTH DEFENSE

*Section 230 of the Communications Decency Act (47 U.S.C. § 230)*

Plaintiffs' claims are barred in whole or in part by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.  Section 230 protects online content providers from liability for publishing or curating content provided by other information content providers, including third parties and users.  Insofar as the alleged unlawful conduct consists of publishing or curating information provided by another information content provider, Plaintiffs' claims are barred by Section 230.

### TENTH DEFENSE

*First Amendment*

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.  The First Amendment protects online platforms when they publish third-party content, including when those online platforms

exercise editorial discretion in deciding what content to display. *Moody v. NetChoice, LLC*, 144 S.Ct. 2383, 2393, 2406 (2024). Yet Plaintiffs' complaint seeks to stop and operates to chill TikTok from publishing third-party content. Because Plaintiffs cannot show that their interpretation of the law meets First Amendment scrutiny, Plaintiffs' claims fail.

### ELEVENTH DEFENSE

*Excessive Fines*

To the extent any civil penalties are imposed, certain awards would violate the Eighth (Excessive Fines) and Fourteenth (Due Process) Amendments of the United States Constitution.

### TWELFTH DEFENSE

*Due Process – Lack of Fair Notice*

Plaintiffs' claims are barred in whole or in part by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. "A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Yet many of Plaintiffs' allegations assign fault for alleged conduct that does not violate the plain language of COPPA or the COPPA Rule. To the extent Plaintiffs seek to hold Defendants liable for conduct permitted by COPPA or the COPPA Rule, Plaintiffs' claims are barred by the Due Process Clause.

### THIRTEENTH DEFENSE

*Arbitrary, Capricious, an Abuse of Discretion, or Contrary to Law*

Plaintiffs' claims are barred in whole or in part because provisions of the COPPA Rule are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. 5 U.S.C. § 706(2)(A). To the extent Plaintiffs seek to hold Defendants liable for conduct under a provision of the COPPA Rule that is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, Plaintiffs' claims

1  are barred.

2  ## FOURTEENTH DEFENSE

3  *Estoppel*

4  Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

5  Plaintiffs are estopped from asserting that Defendants violated COPPA, the COPPA

6  Rule, or the FTC Act due to any conduct that Plaintiffs or the FTC consented to.

7  ## FIFTEENTH DEFENSE

8  *Waiver*

9  Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.  To

10  the extent that Plaintiffs consented to any of Defendants' conduct, Plaintiffs have

11  waived any right to challenge that conduct in this lawsuit.

12  ## SIXTEENTH  DEFENSE

13  Plaintiffs cannot obtain relief on their claims based on actions undertaken by

14  Defendants of which Defendants provided notice of all reasonable facts, including

15  by notice provided through the TikTok Platform's Terms of Service and

16  Community Guidelines.

17  ## SEVENTEENTH  DEFENSE

18  Defendants are entitled to have any damages that may be awarded to Plaintiff

19  reduced by the value of any benefit or payment received, available, or to be

20  received by Plaintiffs from any collateral source such as indemnification, insurance,

21  settlements with others, charitable benefits, or governmental benefits, including any

22  awards, settlements, or any other payments from Defendants in any case now or

23  later brought in other jurisdictions.

24  ## EIGHTEENTH DEFENSE

25  Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

26  ## NINETEENTH DEFENSE

27  Plaintiffs' claims are barred or limited by any applicable consent judgment,

28  including by operation of the doctrines of res judicata and collateral estoppel,

failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by conflict preemption, express preemption, or implied preemption, including insofar as they conflict, in whole or in part, with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, or otherwise are preempted by federal or state law, including the Federal Communications Decency Act, the Federal Trade Commission Act, and the Children's Online Privacy Protection Act.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clause of the United States Constitution

## TWENTY-SECOND DEFENSE

Plaintiffs have failed to join necessary or indispensable parties.

## TWENTY-THIRD DEFENSE

Plaintiffs' equitable claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law, because Plaintiffs have no factual or legal basis for the grant of equitable relief, and because Plaintiffs' requested equitable relief would duplicate legal remedies.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs procured Defendants' services through conduct that was fraudulent, illegal, or otherwise improper. Defendants' services were and continue to be age-restricted. Plaintiffs who began using Defendants' services below the permitted age unlawfully obtained those services while under the permitted age(s) and through the use of deception, fraud, or other improper conduct, such as through misrepresentation of their true ages, use of fake identification, or attempts to circumvent age-gating technology

1

**TWENTY-FIFTH DEFENSE**

2      Plaintiffs' claims are barred, in whole or in part, because Defendants'

3   allegedly offending conduct or practice has ceased, and Defendants have cured or

4   taken sufficient corrective action in regard to the alleged defects of which Plaintiffs

5   complain.

6

**TWENTY-SIXTH DEFENSE**

7      If Plaintiffs have sustained cognizable injuries or losses, they were the result

8   of intervening or superseding proximate causes, events, factors, occurrences, or

9   conditions, which were not reasonably foreseeable and not caused by Defendant

10   and for which Defendant is not liable.

11

**TWENTY-SEVENTH DEFENSE**

12      Plaintiffs' alleged injuries from the alleged conduct of Defendants are too

13   remote to provide a basis for liability as a matter of law and due process.

14

**TWENTY-EIGHTH DEFENSE**

15      Plaintiffs' claims are barred, in whole or in part, because any and all damages

16   alleged by Plaintiffs were caused by misuse of the TikTok platform or failure to use

17   the platform properly by third parties over whom Defendants had no control and for

18   whom Defendants were not responsible.

19

**TWENTY-NINTH DEFENSE**

20      Plaintiffs' claims are barred to the extent they are moot because Plaintiffs

21   have made numerous allegations about historical practices or other practices that

22   have ceased and that cannot support a request for injunctive or other relief.

23

**THIRTIETH DEFENSE**

24      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to

25   mitigate damages allegedly sustained.

26

**THIRTY-FIRST DEFENSE**

27      Defendants assert their right to a proportionate reduction of any award found

28   against Defendants based on the negligence, fault, or other conduct of any

1  responsible third party or Plaintiffs.

2  <u>**THIRTY-SECOND DEFENSE**</u>

3      Plaintiffs' claims are barred by a lack of standing under the various state laws

4  because they have no cognizable injury with respect to such claims.

5  <u>**THIRTY-THIRD DEFENSE**</u>

6      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean

7  hands.

8  <u>**THIRTY-FOURTH DEFENSE**</u>

9      Plaintiffs' claims are barred, in whole or in part, by the TikTok Platform's

10  Terms of Service, which Plaintiffs consented to and are bound by.

11  <u>**THIRTY-FIFTH DEFENSE**</u>

12  *Additional Defenses*

13      Defendants are informed and believe, and on that basis allege, that there may

14  be additional defenses available to Defendants, which are not now fully known and

15  of which they are not now aware.  Defendants reserve the right to raise additional

16  defenses once such defenses have been ascertained.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO

Dated:        January 8, 2026                Respectfully submitted,


                                             By: */s/ Daniel M. Petrocelli*
                                                     Daniel M. Petrocelli

                                             DANIEL M. PETROCELLI
                                             dpetrocelli@omm.com
                                             O'MELVENY & MYERS LLP
                                             1999 Avenue of the Stars
                                             Los Angeles, California 90067-6035
                                             Telephone:  +1 310 553 6700
                                             Facsimile:   +1 310 246 6779

                                             STEPHEN D. BRODY
                                             sbrody@omm.com
                                             O'MELVENY & MYERS LLP
                                             1625 Eye Street, NW
                                             Washington, D.C. 20006-4001
                                             Telephone:  +1 202 383 5300
                                             Facsimile:   +1 202 383 5414

                                             MATTHEW D. POWERS
                                             mpowers@omm.com
                                             O'MELVENY & MYERS LLP
                                             Two Embarcadero Center, 28th Floor
                                             San Francisco, California 94111-3832
                                             Telephone: +1 415 984-8700
                                             Facsimile: +1 415 984-8700

                                             *Attorneys for Defendants ByteDance Ltd.,
                                             ByteDance Inc., TikTok Ltd., TikTok Inc.,
                                             TikTok LLC, TikTok Pte. Ltd., and TikTok
                                             U.S. Data Security Inc.*

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:25-ML-03144-GW-RAO