# EXHIBIT 3

Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax: (206) 623-3384

Eric Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797, Fax: (212) 838-7745

*Interim Lead Counsel*

Steven Bloch (*pro hac vice*)
sbloch@sgtlaw.com
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com

*Executive Committee*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION | MDL NO. 3144<br><br>2:25-ml-03144-GW-RAO<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANTS, SET ONE** |

**PROPOUNDING PARTY:** PLAINTIFFS

**RESPONDING PARTY:** DEFENDANTS

**SET NO.:** ONE

Pursuant to the Federal Rules of Civil Procedure 26 and 34, Plaintiffs, by and through their undersigned counsel, hereby request that Defendants ByteDance Inc.;

1

ByteDance Ltd.; TikTok Ltd.; TikTok Inc.; TikTok Pte. Ltd.; and TikTok U.S. Data Security Inc. (collectively, "TikTok") preserve and produce documents responsive to these requests, including non-identical copies, within the time allotted under the Federal Rules of Civil Procedure. Production is to be made to the office of Cohen Milstein Sellers & Toll PLLC, 88 Pine Street, 14th Floor, New York, NY 10005, or otherwise by agreement of the parties. Plaintiffs are available to meet and confer to discuss the scope of these requests.

Plaintiffs request that Defendants serve a written response to each request in accordance with the Federal Rules of Civil Procedure, and the instructions, below, on or before December 19, 2025, as instructed by the Court. Plaintiffs further request that Defendants serve supplemental responses if they obtain further or different information, as required by Federal Rule of Civil Procedure 26(e). Plaintiffs reserve the right to serve additional discovery with regard to other matters in this action.

## DEFINITIONS

The Definitions provided herein are intended to streamline language used in these requests for production and facilitate a common understanding of the information sought. Defendants should accept the Definitions provided herein, for the limited purpose of responding to each request for production, even if Defendants dispute a Definition's accuracy or otherwise finds it objectionable.

1. "All" means "any and all," as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

3. "Any" shall be deemed to include and encompass the words "each" and "all," as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4. "Communication" means any contact, oral or documentary, formal or informal, at any time or place or under any circumstances whatsoever, whereby information of any nature is transmitted or transferred, including correspondence, and references to notes, letters, memorandum, e-mail, reports, or any other document by which information is passed or conveyed from one individual to another.

5. "COPPA" refers to the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6502(c) and 6505(d), and the corresponding regulations set forth in the Children's Online Privacy Protection Act Rule, 16 C.F.R. Part 312.

6. "Document(s)" includes any data, document, ESI, or Electronic Media stored in any medium and is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and Federal Rules of Evidence 101(4)(6), and 1101, including, but not limited to, programming source code, electronic or computerized data compilations, Communications, electronic chats, instant messaging, encrypted or self-destructing messages, e-mail Communications, other electronically stored information from personal computers, sound recordings, photographs, and hard copy Documents.

7. "Douyin" refers to the version of the TikTok social media platform that ByteDance operates in the People's Republic of China.

8. "Each" shall be construed as "every," and "every" shall be construed to include "each."

9. "Electronic Media" means any magnetic, optical, or other storage media device used to record ESI including but not limited to computer memory, hard disks, floppy disks, flash memory devices, CDs, DVDs, Blu-ray discs, cloud storage (e.g., DropBox, Box, OneDrive, or SharePoint), tablet computers (e.g., iPad, Kindle, Nook, or Samsung Galaxy), cellular or smart phones (e.g., BlackBerry, iPhone, or Samsung Galaxy), personal digital assistants, magnetic tapes of all types, or any other means for digital storage and/or transmittal.

10. "Electronically Stored Information" or "ESI" means information that is stored in Electronic Media, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes, but is not limited to, metadata, system data, deleted data, fragmented data, data pertaining to or maintained in Apps, database contents, and computer code.

11. "Employee(s)" means, without limitations, any person who acted or purported to act on behalf of any TikTok entity, or another person or persons including, but not limited to, current and former officers, directors, executives, managers, supervisors, department heads, sales personnel, secretaries, staff, messengers, agents, contractors, consultants, accountants and auditors, attorneys, representatives, or any person acting or authorized to act on behalf of TikTok or any division, subsidiary or entity of TikTok, individually or collectively.

12. "Full Access Platform" means the standard version of the TikTok Platform that is used when a user represents that their birthdate corresponds with an age 13 or older.

13. "Including" shall be construed broadly to mean "including, but not limited to" and "without limitation."

14. "Information" means written, recorded, graphic, or other electronic data, including metadata, of any nature whatsoever, regardless of how recorded, and whether an original or copy, including: any electronic data conveyed through an Internet communication; any electronic data associated with an Internet communication; any electronic data associated with the user participating in an Internet communication; and any inference, profiling or other association derived from a user's Internet communication, whether in isolation or in aggregate.

15. "Kids Mode" refers to the version of the TikTok Platform that is used when a user represents that their birthdate corresponds with an age under 13.

16. "Person(s)" means a legal person: a human being or a non-human entity recognized as having the rights and obligations of a human being and all subsidiaries, affiliates, divisions, departments, branches, or other units thereof.

17. "Personal Information" is information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular Person. It includes references that can create a profile about a Person reflecting the Person's preferences, characteristics, psychological trends, predispositions, behaviors, attitudes, intelligence, abilities, or aptitudes.

18. "Plaintiff(s)" refers collectively to the Plaintiffs named in the operative Complaint in the above-referenced Action.

19. "Policy" or "Policies" means any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded or unrecorded, that was recognized or followed, explicitly or implicitly.

20. "Regard," "regarding," "refer," "referring," "relate," "relating," "pertain," "pertaining," means all Documents that explicitly or implicitly, in whole or in part, were prepared or received in conjunction with, or were generated as a result of, the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

21. "TikTok," "Defendants," "ByteDance," "You," and "Your" means Defendants ByteDance Inc.; ByteDance Ltd.; TikTok Ltd.; TikTok Inc.; TikTok Pte. Ltd.; and TikTok U.S. Data Security Inc. and any of your corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents, as well as their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions.

5

22. "TikTok Platform" refers to the application platform branded as TikTok, including all content and features currently or formerly affiliated with TikTok or on any TikTok application.

23. "TikTok User(s)" or "User(s)" means any Person who has created an account on TikTok, including any Person whose account was originally created on the Musical.ly platform and subsequently transferred, migrated, merged, or converted to TikTok (whether automatically or through user action).

24. Except for the terms defined hereof, and unless another meaning is obvious from the context and from a term's plain and ordinary usage, the terms used herein shall have the same meaning as they have in the operative Complaint in this Action.

## INSTRUCTIONS

1. Any request for production that inquires as to the knowledge, conduct, activities, or materials possessed by Defendants shall be taken to include the knowledge, conduct, activities, or materials possessed by Defendants' subsidiaries, parents, affiliates, and merged or acquired predecessors, as well as the present or former investigators, accountants, attorneys, directors, officers, partners, employees, and other agents of Defendants; and references to the "personnel" of Defendants shall include such individuals.

2. For each request herein, the singular shall be construed to include the plural and the plural shall be construed to include the singular.

3. For each request herein, the present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense. The use of a verb in any tense shall be construed to be in the tense necessary to bring within the scope of a request all responses that might otherwise be construed as outside the scope. By way of example, Request for Production No. 36 requests "TikTok's data retention and deletion policies." Documents responsive to Request for Production No. 36 will include those pertaining to the current data retention and deletion policies and the data retention and deletion policies at any time during the Relevant Time Period, as defined

below. If TikTok objects to this instruction and intends to withhold documents based on its objection(s), Plaintiffs request that the parties meet and confer as soon as practicable.

4. For each request herein, all undefined terms used in the requests shall be construed in an ordinary common-sense manner and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

5. If You claim any form of privilege, work product, or other protection, whether based on statute or otherwise, as a ground for not answering a request or any part of a request or declining to produce any Document, You must set forth in detail the facts upon which the assertion is based.

6. If any Document was but no longer is in Your possession or subject to Your control, please provide a complete and detailed explanation of all circumstances surrounding the disposition of the document including dates and manner of disposition (*e.g.*, lost, destroyed, transferred to a third party, *etc.*).

7. These requests are continuing, and Defendants should supplement their responses and production immediately whenever they acquire additional information and Documents pertaining thereto.

8. Unless otherwise agreed by the parties or ordered by the Court, all Documents, things, and electronically stored information (ESI) shall be in native format.

## RELEVANT TIME PERIOD

The relevant time-period for all areas of inquiry runs from March 28, 2014—five years prior to the date when TikTok entered into the Permanent Injunction with the United States Government—to the present (the "Relevant Time Period") unless otherwise specified by the request, agreed upon by the Parties, or pursuant to any subsequent Order by the Court. Documents created outside of the time period, but which relate to the subject matter of the operative Complaint, should be included when interpreting the requests set forth herein. For example, if any request relates to a policy or business practice employed, a Document transmitted or created, a device or product that existed, or an event that occurred during a specific period of time (the "Relevant

Time Period," for the purposes of this instruction), but which was first conceived, designed, discussed, drafted, tested, implemented, or used before or after the Relevant Time Period, please provide responses and Documents from outside the Relevant Time Period if they relate to the policy, practices, document, or event at issue.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents that TikTok produced to the Federal Trade Commission ("FTC") and/or the Department of Justice ("DOJ") in connection with *United States v. ByteDance Ltd.*, No. 2:24- cv-06535-GW-RAO (C.D. Cal. Aug. 2, 2024) and/or *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (the "2019 Stipulated Order").

**REQUEST FOR PRODUCTION NO. 2:**

Documents addressing TikTok's compliance with the terms of the 2019 Stipulated Order.

**REQUEST FOR PRODUCTION NO. 3:**

Documents that TikTok has produced to other governmental entities in response to government investigation(s) relating to TikTok's COPPA compliance.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents that TikTok has produced in response to discovery requests in the *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03076-YGR (PHK) (N.D. Cal.) ("Social Media Addiction MDL") that are relevant to the claims at issue in this litigation, including but not limited to the following issues:

- Targeting children as a "core audience";
- Research regarding the use of TikTok by school children, including surveys and interviews of school children by TikTok;
- Marketing and advertising to school children, including through its partnership with the PTA;

8

- Marketing to advertisers promoting TikTok as a platform for advertising to school children;
- Age gating, including the implementation of age gating in February 2019 ;
- Age gating for the Chinese version of TikTok (Douyin), including its Age Model (Age Assurance) program;
- Internal estimates of the number of under 13 users;
- TikTok's Minor Safety and Privacy program;
- TikTok's Project M ("Minor");
- Discussions about the importance and/or profitability of under 13 users to TikTok, including with respect to growth and/or advertising;
- TikTok's age inference model, including the use of inferred age for purposes of targeted advertising, including communications with regulators about its age modeling capabilities;
- Communications regarding COPPA;
- Account deletion requests by parents or guardians;
- TikTok's deletion of more than 20 million underage accounts in 2024; and/or
- Communications regarding age gating and engagement metrics and/or advertising revenue.

*See, e.g.*, Pls' Corr. Omnibus Opp. to Defs' Mot. for Summ. J., Social Media Addiction MDL Dkt. No. 2480 at 77-116.

**REQUEST FOR PRODUCTION NO. 5:**

Documents, including communications, addressing TikTok's compliance or non-compliance with COPPA.

**REQUEST FOR PRODUCTION NO. 6:**

TikTok's privacy policies for the collection and use of data from users, including under-13 users, on the Full Access Platform and/or Kids Mode.

9

**REQUEST FOR PRODUCTION NO. 7:**

For each named plaintiff, the data in TikTok's possession that TikTok has collected from them, inferred about them, or associated with their account.

**REQUEST FOR PRODUCTION NO. 8:**

For each child under 13 years old, the data in TikTok's possession that TikTok has collected from them, inferred about them, or associated with their account.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify every repository (such as a Hive table) and the associated fields where TikTok stores user data for TikTok users in the United States.

**REQUEST FOR PRODUCTION NO. 10:**

Data dictionaries, or other documents sufficient to describe the data contained in each field or other repository that stores user data for TikTok users in the United States.

**REQUEST FOR PRODUCTION NO. 11:**

Organizational charts, or other documents, sufficient to show the individuals responsible for the issues discussed in Plaintiffs' operative Complaint, including but not limited to the user sign up experience, age gating, age inference models, obtaining parental consent, regulatory compliance, advertising, marketing to children, data collection and storage, user identifiers, account deletion, user growth, and revenues.

**REQUEST FOR PRODUCTION NO. 12:**

Documents relating to consent obtained and/or verified by TikTok on the Full Access Platform and/or Kids Mode concerning the collection, use and/or disclosure of user data or Personal Information from under-13 users, including any documents that you contend reflect consent from under-13 users.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to set forth the number of users under the age of 13 that use the Full Access Platform and/or Kids Mode on an annual, quarterly, weekly, and daily basis.

**REQUEST FOR PRODUCTION NO. 14:**

Documents, including analyses, reports, or financial models, assessing the value, revenue impact, or commercial benefit to TikTok of collecting or using data from under-13 users on the TikTok Platform and/or on Kids Mode.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show your Average Revenue Per User on a quarterly basis on the Full Access Platform and/or on Kids Mode.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the corporate structure, ownership, and interrelationships among all TikTok and ByteDance entities, including the responsibilities of each entity.

**REQUEST FOR PRODUCTION NO. 17:**

Documents relating to the design, implementation, testing, functioning, accuracy, or effectiveness of TikTok's age-gate, including documents concerning potential modifications to TikTok's age-gate that were not implemented, such as those utilized in the Chinese version of TikTok (Douyin).

**REQUEST FOR PRODUCTION NO. 18:**

Documents, including internal studies, audits, evaluations, or analyses, concerning the presence of under-13 users on the Full Access Platform and the collection of their Personal Information and/or data.

**REQUEST FOR PRODUCTION NO. 19:**

Documents regarding the collection of Personal Information and/or data from children on Kids Mode.

**REQUEST FOR PRODUCTION NO. 20:**

Documents relating to measures that TikTok has used or considered using to stop under-13 users from using the Full Access Platform, including documents concerning potential measures that were not implemented, such as those utilized in the Chinese version of TikTok (Douyin).

**REQUEST FOR PRODUCTION NO. 21:**

Documents relating to measures that TikTok has taken to encourage or discourage under-13 users from using the Full Access Platform.

**REQUEST FOR PRODUCTION NO. 22:**

Documents relating to all tools TikTok uses or has considered using to determine or infer the age of TikTok users, including whether a user is under the age of 13, for any purpose, including for the purpose of removing under age 13 users from the TikTok Full Access Platform.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify TikTok users who indicated they are over age 13 for purpose of TikTok age-gating, including users that TikTok has determined are over the age of 13, and the tools utilized by TikTok to make this determination.

**REQUEST FOR PRODUCTION NO. 24:**

Documents concerning any decision not to implement proposed age verification tools, including analyses of alternatives as well as projected impacts on growth, user engagement, and/or revenue.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents regarding differences in the age-gating, age-detection, or under-13 identification systems between TikTok and Douyin, including any analyses comparing the age gating / detection / identification used in China to the age gating / detection / identification used in the United States.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents regarding differences in safety measures, content restrictions, or minor-protection protocols between TikTok and Douyin, including Documents showing why protections implemented in China were not implemented in the United States.

**REQUEST FOR PRODUCTION NO. 27:**

Documents relating to what data TikTok collects from users of the Full Access Platform and/or Kids Mode and what data TikTok associates with from users of the Full Access Platform and/or Kids Mode (including inferential data).

**REQUEST FOR PRODUCTION NO. 28:**

Documents relating to how TikTok uses Personal Information from users, including under-13 users, including for content recommendation, advertising, algorithm training, engagement optimization, or other internal purposes.

**REQUEST FOR PRODUCTION NO. 29:**

Documents concerning how TikTok's advertising systems function, including how TikTok selects behavioral advertisements for users and how advertisers target users with advertisements.

**REQUEST FOR PRODUCTION NO. 30:**

Documents regarding sharing of Personal Information or derived data of under-13 users with third parties, including advertisers, data partners, analytics providers, or TikTok affiliates.

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to the design, functionality, and limitations of Kids Mode, including technical specifications and engineering documentation.

**REQUEST FOR PRODUCTION NO. 32:**

Documents reflecting parental requests to delete children's accounts or data, including logs, tickets, automated systems, response workflows, or compliance tracking.

**REQUEST FOR PRODUCTION NO. 33:**

Documents describing TikTok's systems for flagging, investigating, and deleting data of known or suspected under-13 users.

**REQUEST FOR PRODUCTION NO. 34:**

Documents relating to data retained by TikTok after obtaining knowledge that users were under age 13.

**REQUEST FOR PRODUCTION NO. 35:**

Documents demonstrating TikTok's COPPA compliance policies, training materials, monitoring tools, or audit results, whether internal or created by third parties.

**REQUEST FOR PRODUCTION NO. 36:**

TikTok's data retention and deletion policies.

**REQUEST FOR PRODUCTION NO. 37:**

Documents, including presentations, dashboards, metrics, or periodic reporting regarding under-13 user engagement or presence on the Full Access Platform.

**REQUEST FOR PRODUCTION NO. 38:**

Documents, communications, complaints, concerns, or warnings regarding TikTok's collection of data from under-13 users.

**REQUEST FOR PRODUCTION NO. 39:**

All Communications with advertisers, partners, or content providers concerning under-13 audiences.

**REQUEST FOR PRODUCTION NO. 40:**

The source code, including revision history, used to detect, identify, or infer users under the age of 13.

**REQUEST FOR PRODUCTION NO. 41:**

The source code, including revisions, relating to any age-gating processes, including date-of-birth validation, and age-inference models.

**REQUEST FOR PRODUCTION NO. 42:**

The source code, including revision history, relating to the serving, filtering, or restriction of advertisements on the Full Access and Kids Mode Platforms to users, including under-13 users.

DATED this 10th day of December, 2025.

      KELLER ROHRBACK L.L.P.

By: /s/ *Derek Loeser*
 Derek W. Loeser (*pro hac vice*)
 dloeser@kellerrohrback.com
 Cari Campen Laufenberg (*pro hac vice*)
 claufenberg@kellerrohrback.com
 1201 Third Avenue, Suite 3400
 Seattle, WA 98101
 (206) 623-1900, Fax (206) 623-3384

 *Interim Lead Counsel*

COHEN MILSTEIN SELLERS AND TOLL PLLC

By: */s/ Eric Kafka*
 Eric A. Kafka (*pro hac vice*)
 ekafka@cohenmilstein.com
 Cohen Milstein Sellers and Toll PLLC
 88 Pine Street, 14th Floor
 New York, NY 10005
 212-838-7797
 212-838-7745 (fax)

 *Interim Lead Counsel*

SILVER GOLUB & TEITELL LLP

 Steven L. Bloch (*pro hac vice*)
 sbloch@sgtlaw.com
 One Landmark Square, 15th Floor
 Stamford, Connecticut 06901
 Telephone: (203) 325-4491

 *Executive Committee*