# EXHIBIT 4

Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax: (206) 623-3384

Eric Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797, Fax: (212) 838-7745

*Interim Lead Counsel*

Steven Bloch (*pro hac vice*)
sbloch@sgtlaw.com
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com

*Executive Committee*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION | MDL NO. 3144<br><br>2:25-ml-03144-GW-RAO<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS, SET ONE** |

**PROPOUNDING PARTY:**    **PLAINTIFFS**

**RESPONDING PARTY:**    **DEFENDANTS**

**SET NO.:**    **ONE**

Pursuant to the Federal Rules of Civil Procedure 26 and 33, Plaintiffs, by and through their undersigned counsel, hereby request that Defendants ByteDance Inc.;

1

ByteDance Ltd.; TikTok Ltd.; TikTok Inc.; TikTok Pte. Ltd.; and TikTok U.S. Data Security Inc. (collectively, "TikTok") answer the following First Set of Interrogatories, under oath, in accordance with the Federal Rules of Civil Procedure, and the instructions, below, within 30 days of the date of service of this set of Interrogatories. Plaintiffs further request that Defendants serve supplemental responses if they obtains further or different information, as required by Federal Rule of Civil Procedure 26(e). Plaintiffs reserve the right to serve additional discovery with regard to other matters in this action.

## **DEFINITIONS**

The Definitions provided herein are intended to streamline language used in these requests for production and facilitate a common understanding of the information sought. Defendants should accept the Definitions provided herein, for the limited purpose of responding to each request for production, even if Defendants dispute a Definition's accuracy or otherwise finds it objectionable.

1.  "All" means "any and all," as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

2.  "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

3.  "Any" shall be deemed to include and encompass the words "each" and "all," as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4.  "COPPA" refers to the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6502(c) and 6505(d), and the corresponding regulations set forth in the Children's Online Privacy Protection Act Rule, 16 C.F.R. Part 312.

5.  "Each" shall be construed as "every," and "every" shall be construed to include "each."

6.      "Employee(s)" means, without limitations, any person who acted or purported to act on behalf of any TikTok entity, or another person or persons including, but not limited to, current and former officers, directors, executives, managers, supervisors, department heads, sales personnel, secretaries, staff, messengers, agents, contractors, consultants, accountants and auditors, attorneys, representatives, or any person acting or authorized to act on behalf of TikTok or any division, subsidiary or entity of TikTok, individually or collectively.

7.      "Full Access Platform" means the standard version of the TikTok Platform that is used when a user represents that their birthdate corresponds with an age 13 or older.

8.      "Including" shall be construed broadly to mean "including, but not limited to" and "without limitation."

9.      "Information" means written, recorded, graphic, or other electronic data, including metadata, of any nature whatsoever, regardless of how recorded, and whether an original or copy, including: any electronic data conveyed through an Internet communication; any electronic data associated with an Internet communication; any electronic data associated with the user participating in an Internet communication; and any inference, profiling or other association derived from a user's Internet communication, whether in isolation or in aggregate.

10.     "Person(s)" means a legal person: a human being or a non-human entity recognized as having the rights and obligations of a human being and all subsidiaries, affiliates, divisions, departments, branches, or other units thereof.

11.     "Plaintiff(s)" refers collectively to the Plaintiffs named in the operative Complaint in the above-referenced Action.

12.     "Policy" or "Policies" means any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded or unrecorded, that was recognized or followed, explicitly or implicitly.

13.     "Regard," "regarding," "refer," "referring," "relate," "relating," "pertain," "pertaining," means all Documents that explicitly or implicitly, in whole or in part, were prepared or received in conjunction with, or were generated as a result of, the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

14.     "TikTok," "Defendants," "ByteDance," "You," and "Your" means Defendants ByteDance Inc.; ByteDance Ltd.; TikTok Ltd.; TikTok Inc.; TikTok Pte. Ltd.; and TikTok U.S. Data Security Inc. and any of your corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents, as well as their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions.

15.     "TikTok Platform" refers to the application platform branded as TikTok, including all content and features currently or formerly affiliated with TikTok or on any TikTok application.

16.     "TikTok User(s)" or "User(s)" means any Person who has created an account on TikTok, including any Person whose account was originally created on the Musical.ly platform and subsequently transferred, migrated, merged, or converted to TikTok (whether automatically or through user action).

17.     Except for the terms defined hereof, and unless another meaning is obvious from the context and from a term's plain and ordinary usage, the terms used herein shall have the same meaning as they have in the operative Complaint in this Action.

## INSTRUCTIONS

1.     Any interrogatory that inquires as to the knowledge, conduct, activities, or materials possessed by Defendants shall be taken to include the knowledge, conduct, activities, or materials possessed by Defendants' subsidiaries, parents, affiliates, and

merged or acquired predecessors, as well as the present or former investigators, accountants, attorneys, directors, officers, partners, employees, and other agents of Defendants; and references to the "personnel" of Defendants shall include such individuals. For each Request herein, the singular shall be construed to include the plural and the plural shall be construed to include the singular.

2.      For each Interrogatory herein, the singular shall be construed to include the plural and the plural shall be construed to include the singular.

3.      For each Interrogatory herein, the present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense. The use of a verb in any tense shall be construed to be in the tense necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed as outside the scope. If Defendants object to this instruction and intends to withhold documents based on its objection(s) Plaintiffs request that the parties meet and confer as soon as practicable.

4.      For each Interrogatory herein, all undefined terms used shall be construed in an ordinary common-sense manner and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

5.      If You claim any form of privilege, work product, or other protection, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any part of an Interrogatory, or declining to produce any Document, You must set forth in detail the facts upon which the assertion of privilege is based.

6.      If any Document was, but no longer is, in Your possession or subject to Your control, please provide a complete and detailed explanation of all circumstances surrounding the disposition of the document including dates and manner of disposition (e.g., lost, destroyed, transferred to a third party, *etc.*).

7.      These Interrogatories are continuing, and Defendants should supplement Defendants' responses and production immediately whenever they acquire additional information and Documents pertaining thereto.

5

8.    Unless otherwise agreed by the parties or ordered by the Court, all
Documents, things, and electronically stored information (ESI) shall be in native format.

## RELEVANT TIME PERIOD

The relevant time-period for all areas of inquiry runs from March 28, 2014—five
years prior to the date when TikTok entered into the Permanent Injunction with the
United States Government—to the present (the "Relevant Time Period") unless
otherwise specified by the request, agreed upon by the Parties, or pursuant to any
subsequent Order by the Court. Documents created outside of the time period, but which
relate to the subject matter of the operative Complaint, should be included when
interpreting the Interrogatories set forth herein. For example, if any Interrogatory relates
to a policy or business practice employed, a Document transmitted or created, a device
or product that existed, or an event that occurred during a specific period of time (the
"Relevant Time Period," for the purposes of this instruction), but which was first
conceived, designed, discussed, drafted, tested, implemented, or used before or after the
Relevant Time Period, please provide responses and Documents from outside the
Relevant Time Period if they relate to the policy, practices, document, or event at issue.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by name and title each current or former TikTok Employee, and the
names and descriptions of the teams, who was responsible for: TikTok's policies or
practices concerning compliance with COPPA; detecting, identifying, or inferring users
under the age of 13 on the Full Access Platform; the user sign up experience; age-
gating, age inference models; obtaining parental consent; regulatory compliance
regarding COPPA; advertising or marketing to children; data collection and storage;
user identifiers; account deletion; user growth; and revenues.

**INTERROGATORY NO. 2:**

Describe how TikTok uses data from TikTok users for content recommendation,
advertising, algorithm training, engagement optimization, and other internal purposes.

**INTERROGATORY NO. 3:**

Identify each TikTok user who identified as over the age of 13 when they created a TikTok account that (1) TikTok subsequently determined was not over the age of 13; and for each such person (2) the date the account was created; (3) the date the account was deleted or otherwise removed from the Full Access Platform; (4) the mechanism or tool used by TikTok to determine that the user was not over the age of 13; and the date on which each such mechanism or tool was first used by TikTok to identify or estimate a user's age for any purpose by TikTok.

DATED this 10th day of December, 2025.

KELLER ROHRBACK L.L.P.


By: /s/ Derek Loeser
    Derek W. Loeser (*pro hac vice*)
    dloeser@kellerrohrback.com
    Cari Campen Laufenberg (*pro hac vice*)
    claufenberg@kellerrohrback.com
    1201 Third Avenue, Suite 3400
    Seattle, WA 98101
    (206) 623-1900, Fax (206) 623-3384

    *Interim Lead Counsel*

COHEN MILSTEIN SELLERS AND TOLL PLLC


By: /s/ Eric Kafka
    Eric A. Kafka (*pro hac vice*)
    ekafka@cohenmilstein.com
    Cohen Milstein Sellers and Toll PLLC
    88 Pine Street, 14th Floor
    New York, NY 10005
    212-838-7797
    212-838-7745 (fax)

    *Interim Lead Counsel*

SILVER GOLUB & TEITELL LLP


Steven L. Bloch (*pro hac vice*)
sbloch@sgtlaw.com
One Landmark Square, 15th Floor
Stamford, Connecticut 06901
Telephone: (203) 325-4491

*Executive Committee*