DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:  +1 202 383 5300
Facsimile:   +1 202 383 5414

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:  +1 415 984 8700
Facsimile:   +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd.,
ByteDance Inc., TikTok Ltd., TikTok Inc.,
TikTok LLC, TikTok Pte. Ltd., and
TikTok U.S. Data Security Inc.*

DEREK W. LOESER (*pro hac vice*)
dloeser@kellerrohrback.com
CARI CAMPEN LAUFENBERG
(*pro hac vice*)
claufenberg@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

Eric Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone:  (212) 838-7797
Facsimile:   (212) 838-7745

*Plaintiffs' Interim Lead Counsel*

Steven Bloch (*pro hac vice*)
sbloch@sgtlaw.com
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone:  (203) 325-4491
Facsimile:   (203) 325-3769

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION | MDL NO. 3144<br><br>2:25-ml-03144-GW-RAO<br><br>**JOINT REPORT ON TIKTOK'S PRODUCTION OF SOURCE CODE** |

1

Pursuant to the Court's Order at ECF No. 196, the Parties submit this joint report concerning Defendants' (or "TikTok's") production of source code in response to Plaintiffs' Requests for Production Nos. 49, 50, and 51. After a meet-and-confer conducted in good faith, the parties have reached an impasse.

## I.    Plaintiffs' Position

### A. RFP No. 49

RFP No. 49 asks for "[t]he source code (in repository form where versions of the source code can be extracted), including revision/version history and commit logs, used to detect, identify, or infer users under the age of 13."

**Summary of Plaintiffs' Position:** TikTok should produce the full source code responsive to RFP No. 49. TikTok has agreed in principle that RFP No. 49 seeks relevant information. Plaintiffs appreciate this concession. However, TikTok simultaneously seeks to reserve the right to assert possible future objections based on burden or otherwise limit its production in some unspecified manner. TikTok's sandbagging is not permitted under the Federal Rules, which require parties to either agree to produce the requested documents or "state whether any responsive materials are being withheld on the basis of [an] objection." Fed. R. Civ. P. 34(a)(2). Moreover, it is contrary to the Court's order that the parties complete their meet and confer regarding RFP Nos. 49 to 51 by March 20. *See* ECF No. 196.

### B. RFP No. 50

RFP No. 50 requests "[t]he source code (in repository form where versions of the source code can be extracted), including revision/version history and commit logs, relating to any age-gating processes, including date-of-birth validation, and age-inference models."

**Summary of Plaintiffs' Position:** TikTok should produce the full source code responsive to RFP No. 50. TikTok seeks to withhold relevant source code related to age-prediction or age-classification models not expressly designed to identify users under the age of 13. However, TikTok's age models, including those designed to avoid

2

identifying under-13 users, are highly relevant to Plaintiffs' claims. Plaintiffs allege that TikTok intentionally refused to use some of its age-prediction technology to remove children under 13 from the platform. *See, e.g.*, ECF No. 144 ¶ 130. Similarly, the Department of Justice has alleged that TikTok created an age-identification model using a cutoff of 16, rather than 13, to avoid removing under-13 users from the platform. *See* Complaint, in *United States of America v. Bytedance Ltd.*, 2:24-cv-06535-GW-RAO (C.D. Cal.), ECF No. 1 ¶ 105.

Accordingly, allowing TikTok to withhold source code about age models not expressly designed to identify under-13 users would improperly exclude central evidence bearing on intent, knowledge, and systemic design decisions at issue in this litigation.

### C. <u>RFP No. 51</u>

RFP No. 51 asks for "[t]he source code (in repository form where versions of the source code can be extracted), including revision/version history and commit logs, relating to the serving, filtering, and/or restricting of advertisements to users on the Full Access and Kids Mode Platforms to users, including users identified or inferred as being under the age of 13."

**Summary of Plaintiffs' Position:** TikTok should produce the full source code responsive to RFP No. 51. TikTok's advertising systems are central to Plaintiffs' case: Plaintiffs allege that TikTok targeted advertisements to children under 13 and that this advertising activity is a substantial factor demonstrating that TikTok operates a child-directed platform. There is also public evidence indicating that TikTok developed, within its advertising systems, models capable of identifying or targeting children under 13 but did not deploy these models in TikTok's age-verification systems to remove under-13 accounts. *See, e.g.*, Plaintiffs' Opposition to Summary Judgment, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 4:22-mc-03047-YGR (N.D. Cal.), ECF No. 2480, at 108. Plaintiffs therefore dispute TikTok's contention that production of advertising source code is superfluous or should be deferred pending review of other discovery.

3

## II.   Defendants' Position

Courts weigh the production of source code against less burdensome alternatives. *Young v. Salesforce*, 2025 WL 1800149, at *2 (N.D. Cal. June 30, 2025). And "[b]ecause [] source code is a trade secret, plaintiffs have the burden to establish that it is both relevant and necessary." *In re Apple & AT&T Antitrust Litig.*, 2010 WL 1240295, at *4 (N.D. Cal. Mar. 26, 2010); *see also Saleh v. Nike, Inc.*, 2021 WL 4434352, at *2 (C.D. Cal. Aug. 16, 2021) (Oliver, M.J.). Defendants believe that Plaintiffs' broad requests for multiple categories of source code—which constitute some of the TikTok platform's most valuable trade secrets—at this early stage of the case is premature and unwarranted. Discovery has only just commenced, and Defendants recently produced to Plaintiffs millions of pages of documents and broad categories of data pertaining to Plaintiffs' accounts on the TikTok platform. Defendants maintain that Plaintiffs should first pursue less burdensome alternatives—such as review of other documents provided or deposition testimony—before insisting that Defendants turn over the various source code materials they have requested. *See Saleh*, 2021 WL 4434352, at *2 (denying production of source code where "alternative means" of obtaining the requested information were available). Despite Plaintiffs not meeting their heavy burden, Defendants nonetheless agree to provide the following:

**RFP 49.** Defendants agree to provide relevant source code responsive to RFP 49. Plaintiffs argue, however, that Defendants should not be permitted to reserve the right to assert a burden objection to the production of any source code. If accepted, Plaintiffs' position would effectively require Defendants to waive any such objection entirely. Given the limited time Defendants had to assess their position on RFPs 49-51 (which were served less than a month ago), it was impossible to fully evaluate any burden prior to the filing of this joint report. Defendants had approximately six business days to assess what source code exists and is responsive to RFPs 49-51. That time is simply insufficient to begin pulling source code and preparing it for production in a manner that would allow Defendants to fully understand the associated burden, particularly where Defendants do

not yet know the full scope of the source code to be produced.  Indeed, the nature of source code is such that it may require time-consuming disentanglement from other source code, justifying denying the production of source code on burden grounds.  *See, e.g.*, *Saleh*, 2021 WL 4434352, at *1 (denying production of source code because it would require "disentangle[ment]" that "would require approximately 120 hours or more of … employee time") (Oliver, M.J.).  Defendants respectfully request the ability to preserve any burden objection and, should Defendants conclude that producing source code is unduly burdensome, they will raise that issue with the Court prior to the April 20 hearing on Plaintiffs' forthcoming motion to compel.

**RFP 50.**  Defendants agree to provide relevant source code responsive to RFP 50, which encompasses the TikTok platform's age gate, age validation, and age assurance models used to identify users under the age of 13 (that is, users protected by COPPA).  This constitutes the bulk of what RFP 50 seeks and is the source code directly relevant to this litigation.

Plaintiffs' assertion that Defendants should produce source code for age assurance models for all age groups lacks merit.  This case concerns under-13 users, not other age groups.  Moreover, Plaintiffs offer no explanation for why this source code is relevant or necessary.  This is especially so given that, by definition and Plaintiffs' own admission, it has nothing to do with identifying users under 13.  To the extent Plaintiffs claim they are seeking evidence that Defendants "intentionally refused to use some of [their] age predicted technology to remove children under 13 from the platform," they are looking in the wrong place.  The source code for those models would not provide any such evidence.  And as with RFP 49, Defendants request the ability to preserve any burden objection.

**RFP 51.**  Defendants have asked Plaintiffs to narrow the request so that it seeks something less than literally all advertising-related source code.  It is difficult to conceive how source code responsive to RFP 51 is relevant at all.  To put it plainly: Plaintiffs' case

does not challenge advertising and, in any event, advertising models are not trained on data from accounts belonging to users under the age of 13.

DATED this 23rd day of March, 2026.

KELLER ROHRBACK L.L.P.


By: */s/ Derek W. Loeser*
    Derek W. Loeser (*pro hac vice*)
    dloeser@kellerrohrback.com
    1201 Third Avenue, Suite 3400
    Seattle, WA 98101
    (206) 623-1900, Fax (206) 623-3384

    *Plaintiffs' Interim Lead Counsel*

COHEN MILSTEIN SELLERS AND TOLL PLLC


By: */s/ Eric A. Kafka*
    Eric A. Kafka (*pro hac vice*)
    ekafka@cohenmilstein.com
    Cohen Milstein Sellers and Toll PLLC
    88 Pine Street, 14th Floor
    New York, NY 10005
    212-838-7797
    212-838-7745 (fax)

    *Plaintiffs' Interim Lead Counsel*

SILVER GOLUB & TEITELL LLP


    Steven L. Bloch (*pro hac vice*)
    sbloch@sgtlaw.com
    One Landmark Square, 15th Floor
    Stamford, CT 06901
    (203) 325-4491

*Plaintiffs' Executive Committee*

By: */s/ Daniel M. Petrocelli*
    DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
    O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, Suite 800
    Los Angeles, California 90067-6035
    Telephone: (310) 553-6700
    Facsimile: (310) 246-6779

    STEPHEN D. BRODY (*pro hac vice*)
    sbrody@omm.com
    O'MELVENY & MYERS LLP
    1625 Eye Street, NW
    Washington, D.C. 20006-4001
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414

    MATTHEW D. POWERS (S.B. #212682)
    mpowers@omm.com
    O'MELVENY & MYERS LLP
    Two Embarcadero Center
    San Francisco, CA 94111
    Telephone: (415) 984-8700
    Facsimile: (415) 984-8701

    *Attorneys for Defendants ByteDance Ltd.,*
    *ByteDance Inc., TikTok Ltd., TikTok Inc.,*
    *TikTok LLC, TikTok Pte. Ltd., and*
    *TikTok U.S. Data Security Inc.*

7

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4(a)(2)**

I, Eric Kafka, attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

Executed this 23rd day of March, 2026, at New York, New York.


*/s/     Eric Kafka*
Eric Kafka

8

## CERTIFICATE OF SERVICE

I, Laura Roberts, hereby certify that on March 23, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/    *Laura Roberts*
Laura Roberts