Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: (206) 623-1900, Fax: (206) 623-3384

Eric Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797, Fax: (212) 838-7745

Steven Bloch (*pro hac vice*)
sbloch@sgtlaw.com
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, CT 06901
Tel: (203) 325-4491

*Attorneys for Plaintiffs and Putative Classes*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION | MDL NO. 3144<br><br>2:25-ml-03144-GW-RAO<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND DEFENSES TO REVISED AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Courtroom: 9D (9th Floor)<br>Date: July 2, 2026<br>Time: 8:30 a.m |

1

## I.    INTRODUCTION

With its motion to amend, TikTok seeks this Court's absolution for its own inexcusable failure. Despite being a named party to two prior settlements in 2019 and 2020 that it now deems crucial to this case, TikTok never once, in the history of this litigation, gave any indication that it planned to invoke these settlements as part of its defense. It filed one answer, then an amended answer, with no mention of these settlements. It then propounded its first discovery requests, and responded to Plaintiffs' first discovery requests, with no mention of these settlements. Now, months into a truncated discovery period in an expedited case schedule, TikTok asks the Court to add a defense related to those settlements. Federal Rule of Civil Procedure 16 is designed to prevent this eleventh-hour behavior by requiring "good cause" to change a case schedule. TikTok has not, and cannot, make that showing. On the contrary, it has engaged in undue delay, acted in bad faith, and would prejudice Plaintiffs with its amendment. Accordingly, the Court should deny TikTok's motion or, in the alternative, enter a deadline by which all Parties would be required to amend. Similarly, the Court should reject TikTok's cynical attempt to limit its discovery responses based on this unproven defense.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(c)(1) expressly enumerates "release" as an affirmative defense that "a party must affirmatively state" "in responding to a pleading." In addition, pursuant to Federal Rule of Civil Procedure 12(b), "every defense to a claim for relief in any pleading must be asserted in the responsive pleading." Fed. R. Civ. P. 12(b). *See also Lowery v. Channel Comm'n, Inc. (In re Cellular 101, Inc.)*, 539 F.3d 1150, 1155 (9th Cir. 2008) ("Settlement and release is an affirmative defense and is generally waived if not asserted in the answer to a complaint.").

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This "good cause" standard "primarily considers the diligence of the party seeking amendment." *Johnson*

*v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013) (denying leave to amend). The court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

### III.   ARGUMENT

**A.     Rule 16, not Rule 15, governs TikTok's motion to amend.**

TikTok's motion is premised on a fundamental error. Contrary to TikTok's assertion that Rule 15 governs this motion (*see* ECF No. 232 at 19–21), Rule 16's "good cause" standard applies because this Court set a deadline for TikTok to amend its answer. As TikTok recites in its motion, it filed its first answer on January 8, 2026. *See* ECF No. 160. At Plaintiffs' request, the Parties met and conferred on deficiencies in the answer and a potential motion to strike. *See* ECF No. 232-5 (related email correspondence). At the January 30, 2026 status conference, the Court set a hearing date for a potential motion to strike, including a deadline for Plaintiffs' reply, but otherwise left it to the Parties to agree on a briefing schedule. *See* ECF No. 178. Following the conference, the Parties proposed—and the Court entered—an order permitting TikTok to amend its answer by February 11, 2026. *See* ECF Nos. 182–83. That order constituted part of the Court-ordered case schedule, as it "limit[ed] the time" for TikTok to "amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). TikTok complains that the Court's March 13, 2026 order (*see* ECF No. 191) did not contain a separate deadline for TikTok to amend its answer (*see* ECF No. 232 at 20), but of course it did not: the Court had already dealt with the issue when it approved the February 11 deadline to amend. It

would be nonsensical for the Court to enter another deadline addressing the same issue.

Moreover, TikTok's invocation of "criteria" for a "scheduling order" is unsupported and wrong in any event. *See* ECF No. 232 at 19. The only "criteria" TikTok recites is Rule 16(b)(3)'s requirement that a court limit the time for a party to take various actions, including "amend[ing] the pleadings." But this Court did just that: the February 11 deadline "limit[ed]" TikTok's time to amend its answer. TikTok offers no other purported "criteria" for such an order—nor could it, as Rule 16 contains no further "criteria" and does not proscribe a particular form for setting case deadlines. This Court has implicitly recognized that "*any* order," not one specifically formatted order, could "set a last date to amend pleadings in the action." *DivX LLC v. Netflix, Inc.*, 2025 WL 2994540, at *1 (C.D. Cal. July 29, 2025) (Wu, J.) (emphasis added). The Federal Rules are not concerned with the format or title of a court's orders, but rather the substance—namely, setting deadlines and keeping a case on track to a speedy, efficient, and just conclusion. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.").

TikTok itself has interpreted the Court's orders consistently with this view, even though it tries now to take a different position. In the Parties' Joint Rule 26(f) Report, TikTok argued that Plaintiffs should not be permitted to amend pleadings to add additional plaintiffs. *See* ECF No. 187 at 19–20. TikTok argued that "Plaintiffs have already had multiple opportunities—including one amendment and a stipulated addition after the deadline set by the Court—to identify the named Plaintiffs in this action." *Id.* at 20. In doing so, TikTok relied on a deadline not contained in a formal "scheduling order," but instead on a deadline adopted as part of the Court's ruling on TikTok's motion to dismiss. *See id.* at 20 (quoting ECF No. 128 at 17). TikTok also complained

that it needed "certainty as to the universe of named Plaintiffs going forward" and suggested additional plaintiffs would "jeopardize the Parties' proposed schedule and delay resolution of this matter." *Id.* If TikTok understands the Court-ordered case-management deadlines to be part of the "schedule," and objects to actions that do not adhere to those deadlines, then it should be held to the same standard here.

**B.    TikTok cannot demonstrate "good cause" as it has instead engaged in undue delay, acted in bad faith, and prejudiced Plaintiffs.**

To support its showing of good cause, TikTok offers only: "Defendants have acted diligently in seeking leave to amend, and Plaintiffs cannot identify any conceivable prejudice." *See* ECF No. 232 at 20–21. This is far from the showing required under Rule 16. On the contrary, TikTok has failed to act diligently to amend its answer and has engaged in undue delay. It was a party to both of the settlements at issue and had all the facts necessary, prior to the inception of this case, to assess whether to allege a defense on this basis. TikTok has also already had an opportunity to amend its answer. Finally, TikTok's objective conduct demonstrates bad faith, and Plaintiffs would be prejudiced by the amendment.[1]

**1.    TikTok has not demonstrated diligence in seeking amendment.**

TikTok knew, or should have known, of its potential settlement defense prior to when the first case was filed in this now-consolidated matter. The "Class Period" in that case was defined as "from March 1, 2019, through the present" at time of filing, August 9, 2024. *See A.A. v. ByteDance Inc.*, No. 2:24-cv-06784-GW-RAO, ECF No. 1 ¶ 1 (C.D. Cal. Aug. 9, 2024). TikTok contends in its motion that claims from as late as August or October 2022 have been released. *See* ECF No. 232 at 2–4. As such, as of August 2024, TikTok knew or should have known there were three years of overlap

---

[1] Apropos of nothing, TikTok asserts that two law firms who represented plaintiffs in the 2020 settlement also represent plaintiffs in this case. *See* ECF No. 232 at 8 n.7. This is irrelevant to TikTok's motion. Moreover, the two law firms do not represent any named Plaintiffs in this matter.

between with the alleged Class Period and dates of the purported released claims. Yet TikTok took no action, nor made any indication on the record that this was a defense it intended to raise.

Plaintiffs' first consolidated complaint put TikTok on further notice that it could raise a potential settlement defense. The "Class Period" was defined as "March 28, 2019 to the present" at time of filing, July 11, 2025. *See* ECF No. 94 ¶ 1. Plaintiffs alleged that TikTok was "unwilling to cease [its] unlawful business practices despite a Permanent Injunction" entered in March 2019. *Id.* ¶ 2. Plaintiffs noted that "[a]s a result of [TikTok's] continued violations of COPPA and its failure to abide by the terms of the 2019 Permanent Injunction," the U.S. Department of Justice had filed a new case. *Id.* ¶ 12. Plaintiffs made frequent reference to the DOJ's allegations throughout the consolidated complaint, signaling that their case covered a substantially similar time period as the DOJ's case.

TikTok weakly asserts that it could not have raised its proposed defenses earlier because "counsel did not reveal the named Plaintiffs' approximate ages until April 1, 2026, at which point Defendants were able to determine for the first time exactly which named Plaintiffs' claims are likely barred in whole or in part" by the settlements. ECF No. 232 at 18–19. In no way does this excuse TikTok's delay in seeking this amendment. TikTok could have and should have asserted the defense in its initial Answer, because at that time it was aware that the defense could apply to any named Plaintiff or Class Member.

Moreover, TikTok has been aware, since the first private case and the first consolidated complaint, that the named Plaintiffs were under 13 for at least some time period during the Class Period—that is, March 2019 to the present. *See, e.g.*, *A.A.*, ECF No. 1 ¶ 23 ("A.A. was under the age of 13 during the Class Period. . . . During the Class Period A.A. had a TikTok account, and regularly viewed content on the platform."); ECF No. 94 ¶ 243 ("During the Class Period, J.C. created and used TikTok accounts (while under the age of 13) and viewed content on the TikTok Platform."). The first

consolidated complaint also identified Plaintiffs' approximate ages when they created their TikTok accounts. *See, e.g.*, ECF No. 94 ¶ 244 ("J.C. created a TikTok account when J.C. was approximately 8 years old."). Moreover, the Consolidated Complaint identified at least one Plaintiff as having been under 13 during the time period that TikTok asserts the settlement releases apply, providing a screenshot from Plaintiff K.F.'s account demonstrating that they were "11 years old" as of November 25, 2021:

```
                },
                {
                  "date": "2021-11-25 08:45:55",
                  "comment": "be my bestay I love charli I have my own fp in fact my @chrz...br0wni3 and I'm 11 years old and I love the show and movies
Chucky :)",
                  "photo": "N/A",
                  "url": ""
                },
```

*See* ECF No. 94 ¶ 353. More broadly, *all* Plaintiffs were no older than 17 at the time of filing the Consolidated Complaint in 2025, given that they each brought their claims "by and through" their parent or guardian. *See id.* at 7. It is therefore a mathematical certainty that all Plaintiffs were no older than 11 in 2019—the start of the period allegedly covered by the settlements. The notion that TikTok still needed each Plaintiff's age to confirm they were under 13 in 2019—when basic arithmetic shows they couldn't have been older than 11—strains all credulity.

Thus, TikTok had more than a plausible basis to plead and pursue its settlement defense in any prior answer, even if it did not yet have conclusive evidence of Plaintiffs' exact ages. Indeed, this is how TikTok otherwise approached its asserted defenses. For example, TikTok pleaded various defenses related to the knowledge and/or conduct of Plaintiffs, presumably because it had only a plausible basis (and not conclusive evidence) to assert those defenses. *See, e.g.*, ECF No. 186 at 171–72 (estoppel, waiver), 175 (fraud), 176 (misuse), 178 (unclean hands). Its failure to raise its settlement defense at any earlier point in this matter, despite having asserted other defenses, plainly demonstrates a lack of diligence and constitutes undue delay. *See Henriquez v. City of Bell*, 2014 WL 12707230, at *3 (C.D. Cal. Sep. 11, 2024) (Wu, J.) (rejecting plaintiffs' argument that it did not have sufficient information to assert an ADA claim at time of filing initial complaint); *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17

(9th Cir. 1999) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)) (alteration in original)).

### 2. TikTok's conduct is evidence of bad faith.

TikTok's conduct is also objective evidence of its bad faith in seeking this late amendment. "Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were or should have been apparent early." *Hendrix v. Gipson*, 2012 WL 3775970, at *1 (E.D. Cal. 2012) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)), *report and recommendation adopted*, 2012 WL 4504154 (Sep. 28, 2012). "Such facts might also support a finding that the party acted in a dilatory fashion when seeking to amend." *Id.* (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). "[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Id.* (quoting *Bonin*, 59 F.3d at 845) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)).

Here, TikTok's proposed settlement defense should have been apparent from the first-filed case, and TikTok cannot provide a satisfactory explanation for its failure to assert this defense in its initial answer. Unlike *DivX*, where defendant gave plaintiff notice of its defenses *a year before* its motion, TikTok remained silent until April 24, 2026, and is "springing [the defense] on Plaintiff[s] at the last minute." 2025 WL 2994540, at *2.

Moreover, TikTok is now improperly attempting to use this unproven defense to resist Plaintiffs' discovery. On April 23, 2026—the day before TikTok raised the defense in its supplemental initial disclosures and proposed that Plaintiffs agree to stipulate to TikTok amending its answer—TikTok served responses to Plaintiffs' first set of requests for admission in which it stated that it would limit its responses to the

time period from January 1, 2022 and later on account of the releases at issue herein:

> Pursuant to the class action settlement agreements entered in *T.K. v. ByteDance*, No. 1:19-cv-07915 (N.D. Ill. 2019), and *In Re: TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.), plaintiffs and other similarly situated class members waived any and all claims against Defendants for the identical conduct alleged herein up to and through August 2022 and October 2022, respectively. As a result, ***any discovery*** by Plaintiffs directed to documents, information, and/or admissions predating these periods ***is overbroad, irrelevant, burdensome, and unreasonably disproportionate***. Unless otherwise indicated, ***Defendants' responses herein are limited to the time period January 1, 2022 to present***.

Declaration of Derek W. Loeser ("Loeser Decl.") ¶ 4, Ex. 1 (emphases added). Tellingly, TikTok did not raise this objection just one month earlier in its responses to Plaintiffs' first set of interrogatories or requests for production on March 27, 2026—objecting to the time period of the requests insofar as "the time period begins before the TikTok platform's creation in May 2017 and predates the purported 'Class Period' as defined in the Complaint by two years." *Id.* ¶ 5, Ex. 2. This is entirely improper. TikTok cannot withhold discovery on the basis of a new defense, the merits of which have not been adjudicated.

TikTok is also propounding discovery requests on Plaintiffs based on these purported releases—which are not asserted in the operative Answer and TikTok only now seeks leave to amend its Answer to assert.[2] Remarkably, TikTok seeks discovery that predates 2022 while at the same time refusing to answer Plaintiffs' discovery for

---

[2] TikTok complains that Plaintiffs have failed to respond to TikTok's discovery requests. *See* ECF No. 232 at 15 & n.9. However, TikTok ignores that it has prematurely propounded this discovery—because it is based on proposed affirmative defenses that are not part of the operative answer in this matter, and therefore are neither "relevant to any party's claim or defense" nor currently within the scope of discovery in this action. *See* Fed. R. Civ. P. 26(b)(1). Moreover, TikTok fails to mention that the Parties are meeting and conferring about these requests—and, most glaringly, TikTok fails to address that Plaintiffs offered to withdraw their objection to the relevance of these requests as part of their proposal to resolve the subject of this Motion, but TikTok rejected the proposal. *See* Loeser Decl. ¶¶ 2–3.

9

the same time period. In other words, TikTok wants to try to prove its defense while denying Plaintiffs the evidence to refute it—such as evidence that TikTok misrepresented their compliance with the settlement.

TikTok's conduct demonstrates that it seeks amendment in bad faith and to prevent Plaintiffs from obtaining obviously relevant discovery.

### 3. Plaintiffs would suffer prejudice from this amendment.

Finally, Plaintiffs are prejudiced by TikTok's late amendment. Plaintiffs have been parties to this case for months or even years, and Plaintiffs' counsel has spent that time working with Plaintiffs and preparing them for litigation. Unlike the defendant in *Playvuu v. Snap, Inc.*, 2023 WL 4681598 (C.D. Cal. June 28, 2023), TikTok is not adding only facts, but an entirely new theory of defense, with only three months remaining for document production.

Plaintiffs dispute that the settlements at issue effectively release any given Plaintiff,[3] but, per TikTok's assertions, if it is permitted to assert its proposed defense and is successful in its argument that many of the Plaintiffs are barred in whole or part by the release, Plaintiffs' counsel would need to identify new plaintiffs to replace any the Court deems to be impacted by this defense. Indeed, by TikTok's own unproven "preliminary analysis," as many as "20 of the 31 named plaintiffs' claims—*or approximately 65%*—are barred in whole or in part." ECF No. 232 at 15 (emphasis in original). Had counsel known as early as the *A.A.* filing, or any time later, that TikTok would invoke these settlements, counsel could have identified different Plaintiffs from the outset and made different strategic decisions regarding litigation of this matter. TikTok should not be allowed to raise this new defense at this stage, when Plaintiffs and their counsel would clearly be prejudiced by TikTok's untimely and unwarranted late

---

[3] TikTok spends a great deal of its brief discussing the merits of its proposed defense. *See* ECF No. 232 at 14–17. But whether the defense is ultimately successful is irrelevant to TikTok's motion to amend and a Rule 16 "good cause" analysis, particularly when Plaintiffs do not argue that amendment would be futile.

10

amendment. Compounding the prejudice, as noted above, TikTok is now refusing to produce discovery prior to 2022 based on its newfound defense. Indeed, this appears to be a significant motivation for the assertion of the defense.

**C.      If the Court is inclined to grant TikTok's motion, Plaintiffs request an amended deadline for all Parties to amend pleadings.**

In an effort to obviate the need for this motion and ease the burden on the Court, Plaintiffs proposed that they would not oppose TikTok's motion if TikTok would not oppose Plaintiffs' forthcoming motion to amend the complaint to add plaintiffs. *See* Loeser Decl. ¶ 2. As part of this proposal, Plaintiffs also requested that TikTok withdraw its temporal objections to Plaintiffs' discovery requests and not withhold discovery on this basis subject to resolution of the merits of TikTok's defense. *See id.* ¶ 2. Unfortunately, TikTok refused, necessitating Plaintiffs to file this opposition and requiring the Court's time and attention to TikTok's motion. *See id.* ¶ 3.

If the Court is inclined to grant TikTok's motion, Plaintiffs respectfully request that the Court enter a deadline by which both Parties may amend. This would ensure equity—such that Plaintiffs are likewise granted leave to amend their complaint to add new plaintiffs as necessary and appropriate in light of TikTok's newly asserted defense as well as other circumstances that may require adding additional plaintiffs as the case evolves. Because Plaintiffs will need sufficient time to identify and vet new plaintiffs, Plaintiffs request that the Court set a deadline of August 11, 2026 for the Parties to amend pleadings. Finally, Plaintiffs request that the Court overrule TikTok's temporal objections to Plaintiffs' written discovery.

## IV.   CONCLUSION

For all the foregoing reasons, the Court should deny TikTok's motion. In the alternative, the Court should grant Plaintiffs' request for a deadline of August 11, 2026, by which all Parties may amend pleadings, and overrule TikTok's temporal objections to Plaintiffs' written discovery for the reasons set forth above.

DATED this 11th day of June, 2026.

KELLER ROHRBACK L.L.P.


By */s/ Derek W. Loeser*
 Derek W. Loeser (*pro hac vice*)
 dloeser@kellerrohrback.com
 Cari Campen Laufenberg (*pro hac vice*)
 claufenberg@kellerrohrback.com
 1201 Third Avenue, Suite 3400
 Seattle, WA 98101
 (206) 623-1900, Fax (206) 623-3384

 *Interim Lead Counsel*

COHEN MILSTEIN SELLERS AND TOLL PLLC


By: */s/ Eric A. Kafka*
 Eric A. Kafka (*pro hac vice*)
 ekafka@cohenmilstein.com
 Cohen Milstein Sellers and Toll PLLC
 88 Pine Street, 14th Floor
 New York, NY 10005
 212-838-7797
 212-838-7745 (fax)

 *Interim Lead Counsel*

SILVER GOLUB & TEITELL LLP


 Steven L. Bloch (*pro hac vice*)
 sbloch@sgtlaw.com
 One Landmark Square, 15th Floor
 Stamford, CT 06901
 (203) 325-4491

 *Executive Committee*

12

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4(a)(2)**

I, Derek W. Loeser, attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

Executed this 11th day of June, 2026, at Seattle, Washington.

*/s/ Derek W. Loeser*
Derek W. Loeser

13

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,672 words, which [choose one]:

X   complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date]."

Executed this 11th day of June, 2026, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

14

**CERTIFICATE OF SERVICE**

I, Sarah Skaggs, hereby certify that on June 11, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ Sarah Skaggs
Sarah Skaggs