DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone:  +1 310 553 6700
Facsimile:    +1 310 246 6779

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:  +1 415 984 8700
Facsimile:    +1 415 984 8701

SID MODY (*pro hac vice*)
smody@omm.com
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, TX 7501
Telephone:  +1 972-360-1900
Facsimile:    +1 972-360-1901

*Attorneys for Defendants ByteDance Ltd.,
ByteDance Inc., TikTok Ltd., TikTok Inc.,
TikTok LLC, TikTok Pte. Ltd., and
TikTok USDS Joint Venture LLC*

DEREK W. LOESER (*pro hac vice*)
dloeser@kellerrohrback.com
CARI CAMPEN LAUFENBERG
(*pro hac vice*)
claufenberg@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax: (206) 623-3384

ERIC KAFKA (*pro hac vice*)
ekafka@cohenmilstein.com
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797, Fax: (212) 838-7745

*Plaintiffs' Interim Lead Counsel*

STEVEN BLOCH (*pro hac vice*)
sbloch@sgtlaw.com
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com

*Plaintiffs' Executive Committee*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TIKTOK, INC. MINOR PRIVACY LITIGATION | Case No. 2:25-ml-03144-GW-RAO |
| | **JOINT STATUS REPORT ON ESI PROTOCOL STEPS** |
| | Hon. Rozella A. Oliver<br>Courtroom: 590<br>Hearing: N/A |

# JOINT REPORT

Pursuant to the Court's June 4, 2026 Order, ECF No. 247, ("June 4 Order") Plaintiffs and Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, the "Parties") hereby submit this Joint Status Report on discussions related to identifying custodians, constructing search terms operations, and steps taken pursuant to the ESI protocol.[1]

## I.   SCHEDULE

### A.  Agreed Deadlines

The parties have agreed on the following deadlines.

| Event | Deadline |
|---|---|
| Plaintiffs and Defendants Exchange Initial Search Terms and Supplemental Custodians for Both Parties' Discovery Requests[2] | June 18, 2026 |
| Plaintiffs Provide UIDs and Usernames for Plaintiffs' Parents TikTok Accounts | June 24, 2026[3] |
| Plaintiffs and Defendants Exchange Counter-Proposals to Search Terms and Custodians for Both Parties' Discovery Requests | June 26, 2026 |

---

[1] The parties are mindful of the Court's June 18 deadline to file this report and sincerely apologize for the delay. The parties' delay is due to additional discussions about the scope and content of the report, which successfully narrowed some disputes. The parties assure the Court that no similar delay will occur in the future.

[2] Both parties previously provided their initial lists of custodians on May 18, 2026.

[3] TikTok's review of these accounts will be limited to the agreed-upon or Court-ordered scope. To the extent the parties have not agreed to the scope of Defendants' review by June 24, 2026, Defendants have agreed they will not engage in any review based on the information provided.

| Event | Deadline |
|---|---|
| Defendants Serve Supplemental Responses to Interrogatory Nos. 1 and 2 | June 30, 2026 |
| Plaintiffs Serve Amended Responses to Defendants' First Set of Requests For Admission | July 1, 2026 |
| Plaintiffs will File a Motion for Reconsideration and/or Clarification as to RFPs 35, 36, 52, and/or 53 Only, if the Parties Are Unable to Reach Agreement after Further Meeting and Conferring | July 8, 2026 |
| Defendants and Plaintiffs Exchange Hit Reports Based on Search Terms Proposals and Counter-Proposals for Both Parties' Discovery Requests | July 13, 2026 |
| Parties Will Seek Informal Discovery Conference on Remaining Disputes Regarding Search Terms and Custodians | By or before July 20, 2026 |

**B. Disputed Deadlines**

The parties have discussed and do not agree on the deadlines for Plaintiffs to serve Amended Responses to Defendants' First and Second Sets of Interrogatories (both of which were served on February 25, 2026), and the deadline for Defendants to serve Amended Responses to Plaintiffs' First Set of Requests for Admission (which were served on March 24, 2026).

    **i. Plaintiffs' Position**

        **1.    <u>Request for Informal Discovery Conference</u>**

Plaintiffs believe that the dispute regarding the deadline for Plaintiffs to respond to TikTok's interrogatories is not yet ripe for adjudication by the Court, as the parties have only begun and have not yet exhausted the meet and confer process. However, as TikTok unilaterally declared that the parties are at an impasse regarding this deadline, Plaintiffs respectfully request that the Court set an informal

discovery conference pursuant to the Court's Informal Discovery Dispute Resolution procedures as soon as possible to discuss this issue before it either rules on this issue or before any briefing pursuant to those procedures occurs. Further, as TikTok has insisted on raising this dispute rather than continuing the meet and confer process, in the event that the Court schedules an informal discovery conference, Plaintiffs request that the Court also address the other issues set forth below.

### a. Deadline for TikTok's Responses to Requests for Admission

Plaintiffs have agreed to provide supplemental responses to TikTok's requests for admission (served on February 25, 2026) by July 1, 2026. *See infra* Section I.A. However, TikTok has not agreed to set a date for its supplemental responses to Plaintiffs' requests for admission (served on March 24, 2026). Plaintiffs therefore have reasonably proposed that TikTok respond to Plaintiffs' requests for admission on July 29, 2026—four weeks after the date to which Plaintiffs agreed to provide their supplemental responses, to account for the different dates of service between TikTok's and Plaintiffs' requests for admission.

TikTok's refusal to agree to a deadline for their responses to Plaintiffs' requests for admission is unreasonable. The parties met and conferred about these requests on May 29, 2026, at which time Plaintiffs advised TikTok of all of the issues in dispute, and on June 5, 2026 Plaintiffs memorialized those meet and confer discussions. TikTok's assertion that "[s]ince the parties' May 29, 2026 meet and confer, Plaintiffs have substantially broadened the scope of the disputed issues," is incorrect. Nor is it correct that "discussions regarding Defendants' responses remain in their early stages": TikTok has already been advised of the issues remaining in dispute, and although TikTok has requested an additional meet and confer regarding these requests, which is scheduled for June 22, 2026, TikTok

has not advised Plaintiffs of any issues remaining for discussion. In any event, Plaintiffs are prepared to discuss and promptly respond to any such issues on or shortly after the June 22, 2026 meet and confer, so there is no reason for TikTok to delay its responses beyond the proposed July 29, 2026 deadline. Moreover, not setting a response deadline as Plaintiffs propose would incentivize TikTok to unreasonably extend the parties' meet and confer discussions.

### b. Deadlines for Plaintiffs' Responses to Interrogatories

Plaintiffs believe that TikTok's proposed July 3, 2026 deadline for Plaintiffs to respond to TikTok's initially propounded interrogatories is unworkable for a number of reasons. First, these responses were recently ordered by the Court, and the proposed deadline simply does not provide enough time to provide fulsome responses consistent with the Court's direction, particularly in light of the number of parties to which the discovery is directed, the fact that these are individuals who—unlike TikTok's employees—are not getting paid for the time and effort required to respond to these discovery requests, and who have to find time between other work and life obligations to provide and review the requested voluminous information to ensure its accuracy—while at the same time responding to other recently Court-ordered discovery such as the collection of numerous DYD or equivalent files from other online and streaming services.

Moreover, these interrogatories either relate to the subject matter of requests ordered by the Court to be produced 30 days after the other requests in the Order or relate to documents from the online and streaming services that were recently ordered to be collected and are subject to the Parties' ongoing negotiations regarding scope and search terms. In particular, Interrogatory 15 requests Plaintiffs to identify documents produced in response to requests for production 32-35, and the Court ordered that responses to those requests be staggered by 30 days. ECF

No. 247 at 16. Similarly, Interrogatory 8 relates to examples of TikTok content that Plaintiffs' contend should have led TikTok to know that the Plaintiffs were under 13, which relates to requests for production for which the Court ordered that responses be staggered by 30 days. ECF No. 247 at 16 (regarding requests for production 32-35 and 57). Further, Interrogatory 6 relates to documents from the online and streaming services that were recently ordered to be collected and are subject to the Parties' ongoing negotiations regarding scope and search terms.

Plaintiffs therefore reasonably proposed staggered dates for their responses to TikTok's initially propounded interrogatories, as follows.

- **July 29, 2026**, for all Requests except for Interrogatories 6, 8, and 15

- **August 28, 2026**, for Interrogatories 6, 8, and 15

These dates are consistent with the staggered 30 day deadlines set by the Court's Order set forth above, and Plaintiffs will still be required to work diligently and consistently to provide responses by these proposed dates. Further, TikTok will not be prejudiced in any respect by waiting four weeks from their initially proposed date to receive responses to most of their interrogatories, particularly on account of the ongoing search terms and custodial negotiations, which, if not agreed to, will have to be raised with the Court by July 20, 2026 pursuant to the parties' stipulation regarding other deadlines, *see infra* Section I.A, as well as the fact that documents responsive to those search terms will not be produced until after that time.

### c. <u>Other Issues for Which Plaintiffs Request an Informal Discovery Conference</u>

Plaintiffs would also like to address the following additional issues at the requested informal discovery conference.

- **TikTok's position that it will only search for documents dating from January 1, 2022 to the present**

In the parties' briefing regarding Plaintiffs' First Set of Requests for Production, TikTok asked the Court to limit Plaintiffs' discovery requests to documents dating from January 1, 2022 to the present, ECF 230 at 3, and Plaintiffs opposed this limitation, ECF No. 237 at 2. Plaintiffs once again request that the Court reject any such limitation.

In its June 4 order, the Court did not rule in either parties' favor regarding TikTok's time period objection. ECF No. 247. Unfortunately, TikTok is now proceeding as though the Court authorized TikTok to limit discovery with its meritless (and thrice waived) time period objection. And, when TikTok provided its proposed search terms and amended list of custodians on June 18, 2026, it took the unjustifiable position that it would limit its custodial production and search terms to documents dating from January 1, 2022 to the present. *This issue must be resolved as soon as possible to avoid a substantial delay in discovery.*

TikTok's pre-2022 time period objection should be rejected. First, TikTok's proposed time period limitation is based on an affirmative defense regarding settlement agreements that TikTok waived by failing to put the defense in its answer.[4] Second, TikTok never raised this pre-2022 time period objection in its initial written responses to Plaintiffs' discovery requests, so it is waived. Third, TikTok did not mention the pre-2022 time period objection until after the parties had already held their meet-and-confers regarding Plaintiffs' First Set of Requests for Production on April 14 and 17, thus waiving the objection a third time. Fourth, the merits of the

---

[4] The Parties have briefed the issue of TikTok's untimely and unmeritorious affirmative defense separately, before Judge Wu. Dkt. Nos. 232, 251, 263. As previously noted, the merits of the settlement releases would not apply here even if they had been timely raised. However, regardless of whether TikTok is permitted to add its prior settlement-related affirmative defense to its answer, and regardless of whether that defense applies on the merits, this Court can rule *now* on the issue of whether Plaintiffs are entitled to relevant documents from before January 1, 2022.

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ml-03144-GW-RAO

settlement releases would not apply here even if they had been timely raised. Fifth, even if the settlements were not waived and applied here, Plaintiffs would still be entitled to discovery before 2022 because Plaintiffs allege that TikTok never ceased violating COPPA, including in the wake of any settlements with the government or private litigants. Sixth, even if TikTok had timely asserted its temporal objection (which it did not), there is no merit to TikTok's contention that it can limit the period of discovery based on an unproven affirmative defense (which is not even included in the operative answer).

TikTok asserts below that it is premature to hold a conference on its time period objection "because the parties have not fully met and conferred on this issue." This is misleading. As an initial matter, the parties have already briefed this issue. ECF No. 237 at 2. Furthermore, TikTok's position only highlights TikTok's waiver: TikTok failed to raise its pre-2022 time period objection during the parties' April 14 and 17 meet-and-confers, and instead asserted the objection within the parties' briefing. TikTok should not benefit from its own waiver. The issue is now briefed and pending before the Court. To require the parties to meet-and-confer again on an issue they have already briefed (and the Court has yet to rule on) is nothing but intentional delay.

- **The scope of materials to be produced from the named Plaintiffs' DYD files for other online accounts**

TikTok represented to the Court at the June 3, 2026 hearing that it was only interested in a subset of the materials in the Plaintiffs' DYD files for other online and streaming accounts,[5] and the Court ordered the parties to meet and confer

---

[5] During the June 3, 2026 hearing on this matter, counsel for TikTok stated that: "not everything in these other services is going to be relevant"; "[w]e're not looking for every single video that they launched or every single message" from those online and streaming services; and "[w]e're happy to negotiate search terms and cull out the relevant materials, like discussions about what age they might have

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ml-03144-GW-RAO

regarding the scope of that subset of materials. ECF No. 247 at 12. Despite these representations and the Court's Order, in the process of drafting this joint report, TikTok has taken the position that the scope of these materials should include all materials "regarding plaintiffs' use of and experience on those other online services"—which, as Plaintiffs have previously explained, would encompass the entire DYD files for those services, because the contents of those DYD files would all relate to Plaintiffs' use of and experience on those services. *See* ECF 238-3 at 7.

TikTok's attempt to sidestep this issue is unavailing. In short, TikTok would have the Court believe that its intended scope—which it tacitly admits encompasses Plaintiffs' entire DYD files for other online and streaming services—will not in fact result in the Plaintiffs' entire DYD files being turned over, because search terms will be applied to those DYD files. *See infra* Section I.B.ii.3.b. But this elides what the Court ordered: "the parties should meet and confer on ***the types of communications and documents Defendants are seeking*** and agree upon search terms." ECF No. 247 at 12 (emphasis added). Plaintiffs requested that TikTok describe and provide examples of the types of documents and communications it is seeking from the DYD files, but TikTok has refused to do so, asserting instead that it believes all of the documents from the DYD files are relevant, subject to the application of search terms. *See infra* Section I.B.ii.3.b. But in addition to the application of search terms, Plaintiffs also will "conduct a responsiveness review of search term hits" pursuant to the Court's Order. ECF No. 247 at 12. As such, the parties must also negotiate the scope of responsive materials, and TikTok must provide examples of the documents and communications it is seeking so that the parties can meaningfully engage in these negotiations.

---

entered to get onto the platform in the first place, discussions about what data was being shared, data reflecting and evincing knowledge of privacy policies, and that sort of content." Tr. of June 3, 2026 Hearing at 72-73.

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ml-03144-GW-RAO

- **The scope of materials to be reviewed from the parents' and guardians' TikTok account DYD file.**

TikTok represented to the Court at the June 3, 2026 hearing that it was only interested in reviewing a subset of the materials in the parents' and guardians TikTok account DYD files,[6] and the Court ordered the parties to meet and confer regarding the scope of that subset of materials. ECF No. 247 at 12. Despite these representations and the Court's Order, in the process of drafting this joint report, TikTok has taken the position that the scope of these materials should include all materials "related to Plaintiffs' parents' use of and experience on TikTok"—which would encompass the parents' and guardians' entire DYD files, because the contents of those DYD files would all relate to the parents' and guardians' use of and experience on TikTok.

As with the named Plaintiffs' DYD files for other online accounts, TikTok's attempt to sidestep this issue is unavailing. TikTok asserts that its intended scope—which it tacitly admits encompasses the parents' and guardians' entire TikTok DYD files —will not in fact result in the parents' and guardians' entire DYD files being reviewed, because search terms will be applied to those DYD files. *See infra* Section I.B.ii.3.c. But this elides what the Court ordered: "the parties must meet and confer on ***the scope of information Defendants may review from those accounts***." ECF No. 247 at 12 (emphasis added). Plaintiffs requested that TikTok describe and provide examples of the types of documents and communications it is seeking from

---

[6] At the June 3, 2026 hearing on this matter, counsel for TikTok stated that: "what I'd suggest is if the parties could meet and confer, you know, once they provide the IDs things we would agree not to look into, . . . we would agree to limitations that the plaintiffs would be comfortable, you know, we'd be able to look at general aspects of the accounts, things like whether they accept on the privacy policy and whether they were communicating with their minor children, but protects the rest of this from, you know, some kind of, you know, overreach." Tr. of June 3, 2026 Hearing at 48.

the parents' and guardians' DYD files, but TikTok has refused to do so, asserting instead that it believes all of the documents from the DYD files are relevant, subject to the application of search terms. *See infra* Section I.B.ii.3.c. But the Court has ordered the parties to meet and confer about "the scope of information Defendants may review from those accounts." ECF No. 247 at 12. As such the parties must negotiate the scope of responsive materials, and TikTok must provide examples of the documents and communications it is seeking so that the parties can meaningfully engage in these negotiations.

- **Regularly scheduled informal discovery conferences with the Court**

In order to make the parties' meet and confer discussions as productive as possible, and with the goal of resolving discovery disputes as expeditiously as possible, Plaintiffs suggest regularly scheduling informal discovery conferences with the Court while the parties are negotiating significant discovery disputes.

### d. <u>Other Issues for Which TikTok Requests an Informal Discovery Conference</u>

- **TikTok's attempt to expand the list of online and streaming services from which Plaintiffs must collect and search DYD files**

In its portion of the joint report, TikTok has attempted to rewrite the Court's Order—which states unequivocally that "Defendants have agreed to limit the list of online services to *10 specific platforms*." ECF No. 247 at 12 (emphasis added). Instead, TikTok asserts that the Court's Order should be expanded to encompass "*the first 10 of the following 15 Online Services for which Plaintiffs currently have accounts*:  Snapchat, YouTube (including YouTube Kids), Netflix (including Netflix Kids), Disney+, Instagram, Hulu, Roblox, Amazon Prime Video, Discord, Facebook, Roku, Reddit, Among Us, Pinterest, Minecraft." *See infra* Section I.B.ii.3.b.

This attempt to rewrite the Court's Order should not be countenanced. In TikTok's reply letter brief on this subject, it stated that "[t]he parties have already agreed to limit the list of Online Services to 15 specific platforms," and "Defendants have agreed to further narrow this list from 15 to 10 Online Services." ECF 238 at 3. Likewise, at the June 3, 2026 hearing, counsel for TikTok stated that "[w]e went to 15, now we're down to 10 online services." Tr. of June 3, 2026 Hearing at 75. And the Court's Order reflects TikTok's proposed limitation as the Court understood it, stating that "Defendants have agreed to limit the list of online services to *10 specific platforms*." ECF No. 247 at 12 (emphasis added). The Court's Order is unequivocal, and TikTok's attempt to backdoor a motion for reconsideration in this manner is improper and should be rejected. *Cf. infra* Section I.B.ii.3.b.[7] Moreover, under TikTok's interpretation, its proposed "limitation" is equivalent to no limitation at all, as it would only apply to Plaintiffs (if any) who had accounts on more than 10 of the original 15 online and streaming services on TikTok's list. TikTok's attempt to rewrite the Court's Order should be rejected.

- **TikTok's "prior settlement" discovery**

TikTok's discovery requests regarding prior settlements that are not even asserted as affirmative defenses in the operative answer are premature, and Plaintiffs have appropriately objected to those requests accordingly. TikTok's request to brief this issue on an expedited basis is inappropriate, particularly given that the question of whether TikTok will be allowed to amend its answer to add this

---

[7] TikTok's argument below—that "[t]he language quoted above from Defendants' reply brief is clear as to what Defendants' offer was here, and Plaintiffs never expressed any different understanding until now"—is beside the point. *Cf. infra* Section I.B.ii.3.b. Plaintiffs never accepted TikTok's offer, so what is at issue is the Court's understanding as reflected in its Order, which clearly limits "the list of online services to *10 specific platforms*." ECF No. 247 at 12 (emphasis added). TikTok should not now be heard to complain because it failed to adequately explain its proposal and made it appear—both in its reply and at the June 3, 2026 hearing— that its proposal represented more of a limitation than it actually was. *See* ECF 238 at 3; Tr. of June 3, 2026 Hearing at 75.

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ml-03144-GW-RAO

affirmative defense is pending before the Court. To the extent that the Court is interested in discussing this issue before that pending motion is resolved, Plaintiffs request that the Court hold an informal discovery conference pursuant to the Court's Informal Discovery Dispute Resolution procedures before any briefing pursuant to those procedures occurs.

### ii.  Defendants' Position

Defendants maintain that the parties' joint status report is not the appropriate vehicle through which to request informal discovery conferences, which should be done according to procedure laid out in the Court's procedures page on Informal Discovery Dispute Resolution.  To ensure Plaintiffs' substantive arguments do not go unanswered, however, Defendants provide the following responses.

### 1.  Defendants' Amended Responses to Plaintiffs' First Set of Requests For Admission

Plaintiffs' attempt to link their response deadline to Defendants' is without basis. Since the parties' May 29 meet and confer, Plaintiffs have substantially broadened the scope of the disputed issues, which has prolonged the meet and confer process. In particular, Plaintiffs requested that Defendants re-review virtually all 116 Requests for Admission, requiring considerable time and effort. The parties are scheduled to meet and confer again on Monday, June 22, and discussions regarding Defendants' responses remain in their early stages. Because the parties have yet to meaningfully address which responses, if any, will be amended, it would be premature to impose a deadline for Defendants' amended responses at this time.

The procedural posture of Plaintiffs' own responses underscores this point. Defendants served only 40 Requests for Admission on Plaintiffs, and the meet and confer process as to those requests concluded by April 21. Plaintiffs have thus had over eight weeks to prepare their amended responses and, under the agreed-upon

schedule, will have a total of ten weeks. Requiring Defendants to respond within four weeks—while negotiations over 116 requests remain ongoing—would be inequitable. Defendants remain committed to amending their responses promptly once the meet and confer process concludes.

### 2. Plaintiffs' Amended Responses to Defendants' First and Second Sets of Interrogatories

The parties' dispute here reduces to the fact that Plaintiffs are asking for an excessive amount of time to respond to discovery that they should have answered many months ago.  Plaintiffs have had Defendants' Interrogatories since February 25, 2026, and their responses were compelled on June 4.  Plaintiffs have had plenty of time to investigate these matters and do not need additional time beyond the 30 days typically afforded under the Federal Rules to prepare their responses.  While Plaintiffs' counsel has raised new arguments that it will supposedly be time-consuming and difficult for the named Plaintiffs to respond to the Interrogatories, none of this was ever previously raised in the prior briefing and hearing on Defendants' motion, and there is no credible basis to believe that responding to a handful of interrogatories will be burdensome or more difficult compared to discovery in other cases.  Nor is there any basis to stagger responses to certain interrogatories an additional 30 days after responses to other interrogatories. Plaintiffs never asked for this in the prior briefing or hearing—indeed, they asked for this for the first time on June 17—and contrary to Plaintiffs' suggestion the Court did not order a staggered schedule for responses to Defendants' Interrogatories. [8]

---

[8] Plaintiffs seek to stagger their responses to Interrogatory Nos. 6, 8, and 15. Defendants agree that some staggering of Interrogatory No. 15 is appropriate but disagree with the dates Plaintiffs have proposed.  Defendants do not agree to stagger the remaining requests.

There simply is no good reason to wait until nearly August and nearly September to provide Defendants with the responses they have waited for since February, especially given the expedited schedule Judge Wu has implemented. Delaying Plaintiffs' responses until just before the deadline to produce documents will have a domino effect, delaying depositions (including depositions Defendants have already noticed for July and which dates are now in jeopardy given Plaintiffs' continued stonewalling), preventing Defendants from serving intentionally sequenced discovery requests based on Plaintiffs' responses, and so on.  Defendants respectfully request that this Court order Plaintiffs to provide full and complete responses to Defendants' Interrogatories by July 3, 2026.

### 3.    Other Issues for Which Plaintiffs Request an Informal Discovery Conference

Defendants provide the following responses to Plaintiffs' argument above.

### a.  TikTok's position that it will only search for documents dating from January 1, 2022 to the present

An IDC on this newly-raised topic is premature because the parties have not fully met and conferred on this issue.  Defendants' position that Plaintiffs are not entitled to any additional discovery prior to January 1, 2022[9] also relates to a separate issue on which the parties have met and conferred, and on which Defendants hereby request an IDC on—namely, the fact that Plaintiffs' claims are limited, in whole or in part, from August 2022 forward by virtue of two separate class action settlements.  Defendants served written discovery directed to identifying the full scope and impact of these prior settlements on Plaintiffs' claims, but Plaintiffs have refused to respond to that discovery.  Accordingly, Defendants

---

[9] To be clear, Plaintiffs have already been provided extensive discovery for periods prior to January 1, 2022, including millions of pages documents produced to the Department of Justice and in the social media addiction MDL proceedings.

seek the Court's assistance in resolving this issue and compelling Plaintiffs to provide full and complete responses to this written discovery. *See infra*, at section I.B.ii.4.a.

### b. The scope of materials to be produced from the named Plaintiffs' DYD files for other online accounts

Plaintiffs' request for an IDC on this issue is premature. The parties have only had a single written email exchange on this topic, following which Plaintiffs sua sponte raised this issue without the benefit of additional meet and confer discussions. Moreover, Plaintiffs' claim that Defendants are seeking production of "Plaintiffs' entire DYD files" is not accurate. While Defendants did propose that the scope of materials to be produced from Plaintiffs' DYD files from Online Services other than TikTok (Category 3 of Defendants' discovery in the Court's June 4 order) be limited to Plaintiffs' use of and experience on those platforms—the identical subject matter limitation Plaintiffs agreed to with respect to Category 1 of Defendants' discovery in the June 4 order—that does not mean Plaintiffs' entire DYD files will be required to be turned over. Any responsive materials from Plaintiffs' DYD files will be shaped and limited by the search terms negotiated and agreed to by the parties, a process which has only just commenced and is still underway.

Contrary to Plaintiffs' assertion, Defendants do not contend that "all of the documents from the DYD files are relevant" and have not "refused" to describe and provide examples of the types of documents and communications it is seeking from the DYD files. As explained above, Defendants have proposed the scope of these materials be limited to Plaintiffs' use of and experience on the Online Services—that is not the same as "all documents" and even if it was, application of relevant search terms would obviously cull out any non-responsive and irrelevant material. Moreover, the parties have had multiple discussions and email exchanges about the

meaning of "use of and experience on" those platforms during the prior IDC meet and confers and briefing. Indeed, that identical phrase was originally proposed by Plaintiffs in connection with Category 1 of Defendants' discovery. See ECF No. 238 at 4 n.7. The parties also discussed the type of documents Defendants are looking for here during the June 3 hearing on the IDC, so Plaintiffs' professed lack of clarity about what these words mean is disingenuous. In any event, Defendants are willing to provide Plaintiffs with yet another explanation of non-exhaustive examples of the type of documents sought here, but maintain that an IDC is premature until this process and the parties' negotiation over appropriate search terms is complete.

Defendants also raise a separate issue with respect to other Online Services. In the June 4 Order, the Court states that "Defendants have agreed to limit the list of online services to 10 specific platforms," and with regard to Interrogatory No. 5 that Plaintiffs may limit their response "to the 10 online services that Defendants have agreed to in their most recent compromise position." ECF 247 at 12. To be clear, Defendants' most recent compromise position was that Plaintiffs would produce their DYD or equivalent data from ***the first 10 of the following 15 Online Services for which Plaintiffs currently have accounts***: Snapchat, YouTube (including YouTube Kids), Netflix (including Netflix Kids), Disney+, Instagram, Hulu, Roblox, Amazon Prime Video, Discord, Facebook, Roku, Reddit, Among Us, Pinterest, Minecraft.[10] (ECF 238 at 4 n.6 (emphasis added).) Defendants assume

---

[10] For example, if a Plaintiff only has accounts for Snapchat, YouTube, Netflix, Disney+, Instagram, Hulu, Roblox, Amazon Prime Video, Discord, and Minecraft, then that Plaintiff would respond to and produce documents for all ten of those platforms, even though Minecraft is last in the list of fifteen, because those are the first ten platforms in the list of fifteen for which that Plaintiff has an account. By the same token, if a Plaintiff has accounts on all fifteen platforms, that Plaintiff would need only respond to and produce documents for Snapchat, YouTube,

17

this is also what the Court had in mind here when it referenced 10 Online Services, but request clarification and confirmation on this issue. Defendants are thus not trying to "rewrite" the Court's June 4 order, as Plaintiffs claim. The language quoted above from Defendants' reply brief is clear as to what Defendants' offer was here, and Plaintiffs never expressed any different understanding until now.

### c. The scope of materials to be reviewed from the parents' and guardians' TikTok account DYD file

For the same reasons described above, this issue is also premature. The parties have not completed their meet and confer discussions on this topic. Nor will Defendants' proposal that this discovery be limited to Plaintiffs' parents' use of and experience on TikTok result in production of their parents' entire DYD files because, as explained above, the relevant material can be culled and limited by virtue of negotiating appropriate search terms, which process is still underway. Again, Defendants are willing to provide Plaintiffs with yet another explanation of non-exhaustive examples of the type of documents sought here, but Plaintiffs' requested IDC is premature until those discussions are complete and the parties' negotiation over search terms has concluded.

### d. Regularly scheduled informal discovery conferences with the Court

Defendants believe that Plaintiffs' vague request seeking regularly scheduled IDCs on unspecified discovery matters is premature and unnecessary. This Court is more than capable of scheduling IDCs quickly and on short notice, as it has done so already in this case. Defendants are confident the Court will continue to respond to the parties' requests for informal discovery conferences as appropriate if and to the extent future disputes arise.

---

Netflix, Disney+, Instagram, Hulu, Roblox, Amazon Prime Video, Discord, and Facebook because those platforms are the first ten on the list of fifteen.

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ml-03144-GW-RAO

### 4.    Issues On Which Defendants Seek An Informal Discovery Conference

While Defendants maintain this joint status report is not the appropriate vehicle through which to request an informal discovery conference, in light of Plaintiffs' injection of new issues into the Joint Report Defendants hereby seek an informal discovery conference on the following issue.

### a.  Defendants' "Prior Settlement" Discovery

As mentioned above, Defendants previously served their Second Set of Requests For Admission, Second Set of Requests For Production, and Second and Third Sets of Interrogatories (collectively, the "Prior Settlement Discovery") on April 24, 2026.  The Prior Settlement Discovery concerns two prior class settlements which involved the identical claims at issue here, and which resolved those claims on a nationwide basis and included a broad release covering any use of the TikTok platform up to and through August 2022.  See *T.K., et al v. Bytedance Technology Co., Ltd, et al*, Case No. 1:19-cv-07915 (N.D. Ill. Dec. 5, 2019); *In re: TikTok, Inc., Consumer Privacy Litigation*, Case No. 1:20-cv-04699 (N.D. Ill. Feb. 25, 2021) (the "Privacy MDL").  Plaintiffs have objected and refused to respond to the Prior Settlement Discovery, which they claim is not relevant.  Defendants maintain the Prior Settlement Discovery is relevant for several reasons including because Plaintiffs' Complaint specifically alleges the "Class" excludes "persons whose claims in this matter have been finally adjudicated on the merits *or otherwise released*," ECF No. 157 ¶ 568 (emphasis added), and Defendants already asserted res judicata and settlement defenses in their Answer, ECF No. 186 at 173-74, which means the parties have placed the *T.K*. and Privacy MDL settlements squarely at issue in this case.  The parties have conducted several meet and confers on Plaintiffs' objections to the Prior Settlement Discovery, but have reached an impasse.  Accordingly, Defendants hereby request the Court schedule an IDC on this issue as soon as possible.  Defendants can be prepared to file their moving

papers by Wednesday, June 24, and request that the Court order that the moving papers be limited to 8 pages, the opposition be limited to 8 pages, and Defendants' reply be limited to 5 pages.

## II. PLAINTIFFS' DISCOVERY

The parties met and conferred on Monday, June 15, 2026 and exchanged subsequent correspondence to discuss Plaintiffs' discovery requests in light of the Court's June 4 Order and the search methodology process. Plaintiffs intend to seek reconsideration or clarification of four of the RFPs the Court ruled on: RFP 35 (Documents relating to what data TikTok collects from users of the Full Access Platform and/or Kids Mode and what data TikTok associates with from users of the Full Access Platform and/or Kids Mode (including inferential data)), RFP 36 (Documents relating to how TikTok uses Personal Information from users, including under-13 users, including for content recommendation, advertising, algorithm training, engagement optimization, or other internal purposes), RFP 52 (Documents relating to TikTok's user classifications and taxonomies related to serving advertisements or content on the Full Access and Kids Mode Platforms), and RFP 53 (Documents relating to TikTok's classifications, taxonomies, and ratings of advertisements or content on the Full Access and Kids Mode Platforms).

To avoid motion practice, if possible, the parties are continuing to meet-and-confer regarding these four RFPs. To facilitate the negotiation process, the parties have agreed on and have separately presented to the Court a stipulated schedule for continuing any motions for reconsideration as to the Court's Order for RFP Nos. 35, 36, 52, and 53 until July 8. Dkt. No. 261. The parties also submitted a separate stipulation before Judge Wu tolling the deadline for any Rule 72 objections for RFP Nos. 35, 36, 52, and 53 until fourteen days after this Court has ruled for any motion for reconsideration and/or clarification. Dkt. No. 262.

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ml-03144-GW-RAO

## III.    DEFENDANTS' DISCOVERY

The parties met and conferred on Monday, June 15, 2026 to discuss Defendants' affirmative discovery, in particular Defendants' Interrogatory 3, Interrogatory 8, Defendants' requests related to Plaintiffs' parents' documents (RFP Nos. 27-28; ROG Nos. 2, 4), and Defendants' requests related to Plaintiffs' use of other online and streaming services (RFP Nos. 21-22, 27-28, 46).

### A. Interrogatory No. 3:

The Court ordered that "Defendants may choose to have Plaintiffs respond to the interrogatory in full and have the interrogatory count as two interrogatories, or Defendants may choose to strike out the subpart asking whether any other person(s) had access to or used each account . . . ."  Order at 10.  Defendants informed Plaintiffs that they will strike out the subpart asking whether any other person(s) had access to or used each account.  Defendants reserve the right to seek discovery concerning whether any other person had access to or used Plaintiffs' TikTok accounts in the future.

### B. Requests Related to Plaintiffs' Parents' Documents:

For RFP Nos. 27-28 and ROG Nos. 2 and 4, the parties have discussed and will continue to meet and confer on the scope of these requests and will also exchange search terms consistent with the proposed schedule included in the Joint Report, with the goal of reaching agreement without Court intervention. *See supra* section I.A.

### C. Requests Related to Plaintiffs' Other Online and Streaming Accounts:

For RFP Nos. 21-22, and 46, the parties have discussed and will continue to meet and confer on the scope of these requests and will also exchange search terms consistent with the proposed schedule included in the Joint Report, with the goal of reaching agreement without Court intervention. *See supra* section I.A.

**D. Interrogatory No. 8:**

The parties agree that Plaintiffs will amend its response to provide at a minimum, 20-25 representative examples per Plaintiff of evidence that each contends led or should have led Defendants to know that Plaintiffs were under the age of 13.[11]

\*      \*      \*

Pursuant to Local Rule 5-4.3.4(a)(2), by my signature below, I, Daniel M. Petrocelli, attest that all other signatories concur in the filing's content and have authorized the filing.

Dated:      June 22, 2026      Respectfully submitted,

By: */s/ Derek W. Loeser*
          Derek. W. Loeser

DEREK W. LOESER (*pro hac vice*)
dloeser@kellerrohrback.com
CARI CAMPEN LAUFENBERG (*pro hac vice*)
claufenberg@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax (206) 623-3384

*Interim Lead Counsel for Plaintiffs*

By: */s/ Eric A. Kafka*
          Eric A. Kafka

ERIC A. KAFKA (*pro hac vice*)
ekafka@cohenmilstein.com
COHEN MILSTEIN SELLERS AND TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005

---

[11] Defendants reserve their rights to object to Plaintiffs' admission and use of examples that Plaintiffs attempt to rely on and that were not previously disclosed.

212-838-7797
212-838-7745 (fax)

*Interim Lead Counsel for Plaintiffs*

By: /s/ Steven L. Bloch_____

STEVEN L. BLOCH (*pro hac vice*)
sbloch@sgtlaw.com
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491

*Executive Committee*

By:  /s/ *Daniel M. Petrocelli*_____
            Daniel M. Petrocelli

DANIEL M. PETROCELLI
dpetrocelli@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone:   +1 310 553 6700
Facsimile:    +1 310 246 6779

MATTHEW D. POWERS
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3832
Telephone: +1 415 984-8700
Facsimile: +1 415 984-8700

SID MODY (pro hac vice)
smody@omm.com
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, TX 7501
Telephone:   +1 972-360-1900
Facsimile:    +1 972-360-1901

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC*

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ml-03144-GW-RAO

**CERTIFICATE OF SERVICE**

I certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically services all counsel of record for the parties who have appeared.

Dated: June 22, 2026

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

JOINT REPORT ON
ESI PROTOCOL STEPS
No. 2:25-ML-03144-GW-RAO