UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **MDL 25-3144-GW-RAOx** | Date | June 29, 2026 |
|---|---|---|---|
| Title | ***In re: TikTok, Inc., Minor Privacy Litigation*** | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:

None Present  |  None Present

**PROCEEDINGS:      IN CHAMBERS - TENTATIVE ORDER GRANTING DEFENDANTS'
MOTION FOR LEAVE TO AMEND ANSWER**

Before the Court is the Motion for Leave to Amend (the "Motion") filed by ByteDance Inc.,
ByteDance Ltd., TikTok Inc., TikTok Ltd., TikTok LLC, TikTok Pte. Ltd., and TikTok U.S. Data Security
Inc. (collectively, "Defendants"). *See* Motion, Docket No. 232. The Court has considered the Motion, the
opposition ("Opp.," Docket No. 251) filed by Plaintiffs J.C., A.J., B.M., L.F., D.M., D.G., A.B., A.L., M.G.,
V.M., Z.B., I.B., K.F., J.W., S.T., I.T., and E.B. (collectively, "Plaintiffs"), and Defendants' reply ("Reply,"
Docket No. 263). For the reasons stated herein, the Court would **GRANT** the Motion.

The Court is presently presiding over various class actions predicated on allegations that Defendants
collect and sell the personal information of minors without the requisite notice and consent. *See* Docket No.
1. On December 23, 2025, Plaintiffs filed the operative Revised Amended Consolidated Class Action
Complaint ("Complaint"). *See* Complaint, Docket No. 157. On January 8, 2026, Defendants filed their
Answer and Defenses to the Complaint. *See* Docket No. 160. Plaintiffs subsequently raised certain issues
with Defendants' Answer, and the parties indicated that either Defendants would amend the Answer or
Plaintiffs would file a motion to strike portions of it. *See* Docket No. 177. On February 6, 2026, the Court
set a briefing schedule for the potential motion to strike and ordered that "Defendants shall file their
amended answer by February 11, 2026." *See* Docket No. 182. Defendants then filed their first amended
Answer and Defenses to the Complaint ("Amended Answer") by that deadline. *See* Amended Answer,
Docket No. 186. Defendants now seek leave to file a Second Amended Answer and Defenses. *See
generally* Motion.

Specifically, Defendants "seek leave to amend their Answer to elaborate on their defense that
Plaintiffs' claims are barred in whole or in part" by settlement agreements in two previous actions: *T.K., et
al v. Bytedance Technology Co., Ltd, et al.*, No. 1:19-cv-07915 (N.D. Ill. Dec. 5, 2019), and *In re: TikTok,
Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill. Feb. 25, 2021). *See* Motion at 1. Plaintiffs

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **MDL 25-3144-GW-RAOx** | Date | June 29, 2026 |
|---|---|---|---|
| Title | ***In re: TikTok, Inc., Minor Privacy Litigation*** | | |

oppose the Motion, arguing (1) that Plaintiffs would suffer unfair prejudice from the amendment, (2) that Defendants have acted in bad faith, and (3) that Defendants have not acted with sufficient diligence in seeking to add the new defense. *See* Opp. at 2.

As a preliminary matter, the Court would agree with Defendants that Federal Rule of Civil Procedure 15 governs the instant Motion. Where the Court has not set a last day to amend the pleadings in an action, the standards for amendment under Rule 15(a)(2) are applicable. Here, while the Court set a deadline for Defendants to file their Amended Answer on February 11, 2026, *see* Docket No. 182, the Court never set a cutoff date for all amendments to the pleadings.[1]

Under Rule 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In addition, undue delay alone is insufficient to justify the denial of a motion to amend under Rule 15. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

The Court would find that Plaintiffs have not sufficiently shown that they will suffer undue prejudice warranting denial of leave to amend. Plaintiffs argue that amending to add a defense that could potentially impact a large portion of the named plaintiffs "with only three months remaining for document production" renders months of strategy wasted and would potentially require Plaintiffs to find replacement class representatives. *See* Opp. at 10-11. Thus, Plaintiffs' concern is merely that Defendants' clarified defense may be meritorious. "There is no prejudice to a plaintiff where an 'affirmative defense would have been dispositive' if asserted 'when the action was filed.'" *Garcia v. Salvation Army*, 918 F.3d 997, 1008-09 (9th Cir. 2019) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Moreover, it seems to the Court that Defendants would not be precluded from raising this defense even later, for example, at summary judgment. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment.").[2]

---

[1] In their Joint Rule 26(f) Report, the parties agreed on a "case schedule for class discovery and class certification," which did not include a last day to amend pleadings. *See* Docket No. 187 at 10-11. The parties instead set a date for a further status conference in May of 2027 to determine the remaining schedule and deadlines. *Id.* Plaintiffs now suggest a deadline of August 11, 2026 for any amended pleadings, and Defendants do not address this proposed date beyond arguing that any amendment by Plaintiffs is not warranted. *See* Opp. at 11; Reply at 8-10. The parties shall come to the hearing prepared to discuss a deadline for amended pleadings.

[2] That said, if Defendants' newly asserted defense impacts the named Plaintiffs to the extent they will need to find new class representatives, the Court would be inclined to grant Plaintiffs leave to amend upon their filing a proper motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **MDL 25-3144-GW-RAOx** | Date | June 29, 2026 |
|---|---|---|---|
| Title | ***In re: TikTok, Inc., Minor Privacy Litigation*** | | |

Plaintiffs have also not shown bad faith.  First, Plaintiffs argue that Defendants acted in bad faith by "springing" the amended defense on them.  *See* Opp. at 8.  The delay, however, is not enough for a finding of bad faith, especially given that there are months still remaining before the close of discovery.  Second, Plaintiffs assert that Defendants have acted in bad faith by refusing certain discovery requests on the basis of their new affirmative defense.  *See* Opp. at 9-10.  The Court would treat this discovery dispute as independent from the instant Motion, and therefore decline to find bad faith on that basis.  The Court notes, however, that granting leave to amend does not adjudicate the merits of Defendants' release defense.  Accordingly, Defendants may not withhold otherwise discoverable material solely on the ground that Plaintiffs' claims for a certain time period are barred by that unproven defense.

Finally, Plaintiffs argue that Defendants unduly delayed in bringing the instant Motion.  But "absent any demonstration . . . of prejudice" or bad faith, "any delay . . . is effectively irrelevant."  *See DivX, LLC v. Netflix, Inc.*, No. 2:19-cv-01602-GW-(AGRx), 2025 WL 2994540, at *1 (C.D. Cal. July 29, 2025).

Accordingly, the Court would **GRANT** Defendants' motion for leave to amend.

3