Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax (206) 623-3384

Eric Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797, Fax: (212) 838-7745

Steven Bloch (*pro hac vice*)
sbloch@sgtlaw.com
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, Connecticut 06901
Telephone: (203) 325-4491
sbloch@sgtlaw.com

*Plaintiffs Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION | MDL NO. 3144<br><br>2:25-ml-03144-GW-RAO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND CLARIFICATION OF ORDER OF U.S. MAGISTRATE JUDGE ROZELLA A. OLIVER DENYING IN PART PLAINTIFFS' MOTION TO COMPEL (ECF NO. 247); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 29, 2026<br>Time: 8:30 am<br>Judge: Honorable Rozella A. Oliver<br>Location: Courtroom 590 |

PLEASE TAKE NOTICE that on July 29, 2026, at 10:30 a.m., or as soon thereafter as this matter may be heard in the Courtroom of the Honorable Rozella A. Oliver of the above-titled Court, located at 350 West First Street, 5th Floor, Los Angeles, California 90012, Plaintiffs will and hereby do move the Court for an order reconsidering and clarifying the June 4, 2026 Order of Magistrate Judge Rozella A. Oliver denying in part Plaintiffs' Motion to Compel (Dkt. No. 247), as to Plaintiffs' Requests for Production Nos. 35, 36, 52 and 53. This motion is made pursuant to Local Rule 7-18.

Plaintiffs acknowledge that under L.R. 6-1 this motion would ordinarily be set for 10 am on August 5, 2026. Plaintiffs respectfully request that this motion be heard on July 29, 2026, because the Court already set a hearing on that date for "any other discovery disputes arising out of the Court's June 4, 2026 order, and any additional or new discovery disputes that the parties would like to discuss." Dkt. No. 277 at 2. Defendants do not object to this request.

This motion is based on the Notice of Motion, the Memorandum of Points and Authorities in support thereof, the [Proposed] Order, the Declaration of Eric Kafka, the pleadings and records on file in this action, and such further evidence and argument that may be presented at the hearing for this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 15, 2026 and June 30, 2026.

DATED this 8th day of July, 2026.

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, WA 98101

i

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

(206) 623-1900, Fax (206) 623-3384

*Interim Lead Counsel*

COHEN MILSTEIN SELLERS AND TOLL PLLC


By: */s/ Eric A. Kafka*
Eric A. Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
Cohen Milstein Sellers and Toll PLLC
88 Pine Street, 14th Floor
New York, NY 10005
212-838-7797
212-838-7745 (fax)

*Interim Lead Counsel*

SILVER GOLUB & TEITELL LLP


Steven L. Bloch (*pro hac vice*)
sbloch@sgtlaw.com
One Landmark Square, 15th Floor
Stamford, Connecticut 06901
Telephone: (203) 325-4491

*Executive Committee*

ii

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.   LEGAL STANDARD ...............................................................................2

III.  ARGUMENT..............................................................................................3

    A.    The Clarifying Definitions Offered for RFP No. 35 and TikTok's Subsequent Conduct Are New Material Facts Warranting Reconsideration..............................................................3

        1.    Definitions for "Data Associated with Users" and "Inferential Data"...............................................................3

        2.    TikTok Agrees to Identify Tables Containing "Data Associated with Users" and Admits It Has "Inferential Data" on Users ..............................................................5

    B.    A Limitation of RFP No. 36 to Advertising Disregards COPPA's Focus on Use and Rests on a Deficient Interrogatory Response..........................................................6

    C.    RFP Nos. 52 and 53 Should Be Reconsidered Based on Newly Discovered Evidence and the Court's Unsubstantiated Proportionality Determination.........................................9

IV.   CONCLUSION........................................................................................10

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ardestani v. BMW of N. Am., LLC*,
   2018 WL 6016955 (C.D. Cal. May 4, 2018) ........................................................4

*Bamberger v. Marsh USA, Inc.*,
   2015 WL 11438548 (C.D. Cal. May 5, 2015) ..........................................3, 5, 10

*Hupp v. San Diego County*,
   2014 WL 1404510 (S.D. Cal. 2014) ....................................................................4

*In re Social Media Adolescent Addiction/Personal Injury Products Liability
   Litigation*,
   No. 4:22-MD-03047, Dkt. No. 3214, slip op. (N.D. Cal. June 29, 2026) ............7

*Warsavsky v. Jaguar Land Rover N. Am., LLC*,
   2021 WL 5994533 (C.D. Cal. Sept. 17, 2021) ...................................................10

**Statutes**

15 U.S.C. § 6502(b)(1)(A)(ii) ....................................................................................7

**Other Authorities**

16 C.F.R. § 312.3 ........................................................................................................9

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs brought this litigation against Defendants ("TikTok") for violating various state laws by collecting and using children's personal information without parental consent in contravention of the Children's Online Privacy Protection Act ("COPPA"). Dkt. No. 157 ¶¶ 180–94. Plaintiffs allege, in part, that TikTok unlawfully tracked and used information from users younger than 13 years old on TikTok's Full Access Platform to serve them targeted advertisements, provide them with content recommendations, train TikTok's algorithm, and increase those underage users' engagement on TikTok. Dkt. No. 157 ¶¶ 195–213; ¶ 115 (TikTok uses data it collects from users to "train its powerful algorithm to learn users' preferences and provide a personalized curated content feed that extends users' time on the platform.").

On February 25, 2026, Plaintiffs served their First Set of Requests for Production ("RFPs"), and their First Set of Interrogatories. Dkt. Nos. 224-3, 224-4. The parties met and conferred, and reached an impasse on 26 of Plaintiffs' RFPs and both of their Interrogatories. Plaintiffs filed a motion to compel those Requests and Interrogatories on May 12, 2026, and the Court held a hearing on June 3, 2026. The Court subsequently issued an Order Re: Discovery Disputes on June 4, 2026. Dkt. No. 247 (the "Order"). In light of the Court's Order and pursuant to Local Rule 7-3, the parties met and conferred by videoconference on June 15, 2026 and June 30, 2026, as well as in written correspondence, regarding Plaintiffs' intention to file this Motion for Reconsideration and Clarification of RFPs 35, 36, 52, and 53.

*First*, Plaintiffs respectfully request that the Court reconsider its decision on RFP 35 because the Court narrowed RFP 35 based on a "vagueness" objection that was neither briefed nor conferred upon by the parties prior to the Court's ruling. Had that objection been sufficiently raised, Plaintiffs would have offered clarification to TikTok to more precisely set the parameters of the Request. Plaintiffs have since offered, and TikTok subsequently rejected, clarifying definitions for RFP 35. Dkt. No. 224-3 at 14, Ex. 1 at 2-

1

4, 11-15, Ex. 2 at 2; Ex. 3 at 1. Those clarifications were not articulated prior to the Order, making it impossible for the Court to have considered them as a material fact. Moreover, TikTok's insistence that terms "data associated with users" and "inferred data" remain vague is belied by TikTok's agreement to identify the tables for "data associated with" the Plaintiffs on July 2, and its supplemental response to Interrogatory No. 2 describing "infer[red] . . . information" on June 30. *See id.;* Exs. 5, 6 at 20-21. Those two events are new material facts under L.R. 7-18(b) which the Court could not have considered at the June 3 hearing.

*Second,* Plaintiffs ask the Court to clarify whether the Order limits the types of data use purposes that are responsive to RFP 36, in addition to the age group limitation. If it does, Plaintiffs respectfully urge the Court to reconsider its ruling on RFP 36, under L.R. 7-18(b), in light of TikTok's deficient answer to Interrogatory No. 2, served on June 30, because the Order expressly states that "the Court expects Defendants to provide a robust and complete response to that interrogatory" and "may reconsider its limitations to production of source code and document requests to specific age groups if Defendants' answer to this interrogatory is later deemed incomplete or insufficient." Order at 8.

*Third*, Plaintiffs respectfully request that the Court reconsider its narrowing of RFPs 52 and 53 to "documents sufficient to show." In late June, Plaintiffs identified a critical document that further illuminates the importance of these Requests, and which could not have been considered at the June 3 hearing. Reconsideration is therefore warranted under L.R. 7-18(b). Additionally, the Court narrowed these Requests as disproportionate, even though TikTok offered no declaration or other evidence of burden. The same Order declined to credit Plaintiffs' own burden objections for lack of supporting declarations. Because TikTok's failure to substantiate burden is a material fact the Order does not appear to have considered, reconsideration is also warranted under L.R. 7-18(c).

## II.    LEGAL STANDARD

In this District, a motion for reconsideration may be made when:

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18; *Bamberger v. Marsh USA, Inc.*, 2015 WL 11438548, at *2 (C.D. Cal. May 5, 2015).

### III.   ARGUMENT

### A.   The Clarifying Definitions Offered for RFP No. 35 and TikTok's Subsequent Conduct Are New Material Facts Warranting Reconsideration.

The Court's ruling on RFP 35 should be reconsidered for two reasons. First, after TikTok asserted vagueness for the ***first time*** at oral argument, Plaintiffs provided clarifying definitions for RFP 35, which they previously had no reason or opportunity to present, and which the Court could not have considered in its Order. Second, TikTok showed it understands what "data associated with users" and "inferential data" mean through its (a) July 2 agreement to identify all tables containing user or device identifiers and (b) sworn admission that it has "inferential data" on users because it uses information to "infer additional information about people on the platform, including age, gender, and interests[.]" Ex. 6 at 20-21. Both events are new material facts that could not have been considered during the June 3 hearing and warrant reconsideration under L.R. 7-18(b).

For avoidance of doubt, Plaintiffs also clarify the relationship between RFP 35 and the parties' long-standing disputes regarding the preservation and production of user data before Judge Wu. *See e.g.,* Dkt. Nos. 233, 252, 265. Judge Wu has retained jurisdiction over TikTok's preservation and production of user data, and TikTok's production of documents identifying and describing the tables that contain user data. Separately, RFP 35 seeks documents *relating to* that same user data, including communications where TikTok employees discuss user data.

　　　1.   *Definitions for "Data Associated with Users" and "Inferential Data"*

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

The second half of Plaintiffs' RFP 35 requests documents relating to "what data TikTok associates with from users of the Full Access Platform and/or Kids Mode (including inferential data)." Dkt. No. 224-2 at 7–8. In its opposition to Plaintiffs' motion to compel, TikTok raised a burden objection to RFP 35: "The request for all documents relating to data collection is limitless in scope and would require production of every engineering, product, and policy document at TikTok that touches data in any way." Dkt. No. 230 at 8. TikTok did not raise a vagueness objection in its opposition to Plaintiffs' motion to compel, and only did so belatedly at oral argument. *See* Dkt. No. 230 at 7-8; Ex. 4 at 27:3-12. Because TikTok did not raise that objection in its brief, TikTok abandoned it. *See, e.g., Ardestani v. BMW of N. Am., LLC*, 2018 WL 6016955, at *3 (C.D. Cal. May 4, 2018) (objections raised as boilerplate objections in initial responses to discovery but not in motion to compel briefing are considered abandoned); *see also Hupp v. San Diego County*, 2014 WL 1404510, *7 (S.D. Cal. 2014) (similar).

Nevertheless, the Court limited TikTok's obligation to respond to the second half of RFP 35 based on vagueness. The Court explained that "[a]s to the second part of the RFP, the Court continues to have difficulty understanding what Plaintiffs are seeking….the Court has an obligation to determine whether discovery it compels is within the scope of Rule 26(b)(1), and it cannot do so if it does not understand what a discovery request is seeking. However, *to the extent Defendants understand the second part of the RFP*, the Court directs Defendants to produce documents sufficient to show those categories of associated and/or inferential data," Order at 4–5 (emphasis added).

Because TikTok failed to assert vagueness in its briefing, Plaintiffs had no reason— and no opportunity—to offer clarifying definitions for the second half of RFP 35 prior to the June 3 hearing. However, subsequently, on June 15, Plaintiffs defined the "data TikTok associates with users" to include tables containing a user identifier or device identifier, and, for data not stored in tables, data in repositories containing a user identifier or device identifier. Ex. 2 at 2. For "inferential data", Plaintiffs adopted TikTok's definition: Information the TikTok platform's systems are able to infer about a user, Dkt.

4

No. 78 at 4. These clarifications were not and could not have been made in Plaintiffs' briefing. *Contra Bamberger*, 2015 WL 11438548, at \*2–3. Accordingly, Plaintiffs move for reconsideration under L.R. 7-18(b) because the definitions offered by Plaintiffs constitute new material facts that could not have been considered at the time of the Order, and ask that the Court order TikTok to respond to the second half of RFP 35 as written.

    2.    *TikTok Agrees to Identify Tables Containing "Data Associated with Users" and Admits It Has "Inferential Data" on Users*

As the Court's Order stands, TikTok can avoid responding to the second half of RFP 35 by simply claiming ignorance about what "data associated with users" or "inferential data" means. *See* Ex. 1 at 3. But that stance is not credible. On July 2, 2026, Judge Wu held a hearing on the issue of whether TikTok has adequately preserved and produced "data associated with users." *See* Dkt. Nos. 233, 252, 265; *see also* Jan. 30, 2026 Hrg. Tr, Dkt. No 265-5, at 12:21-13:07. At the hearing, TikTok agreed to identify the data tables that hold "data associated with" users and to provide basic information about those data tables (name, description, fields, field descriptions, retention period, and size). *See* Ex. 5. So, there is no question TikTok understands what "data TikTok associates with users" means. Plaintiffs defined it to include tables with a user identifier or device identifier, and TikTok agreed to identify those tables on July 2. *See* Ex. 5.

Likewise, in its June 30, 2026 supplemental response to Interrogatory No. 2, TikTok states that TikTok collects "user activity information . . . ***to infer additional information about people on the platform, including age, gender, and interests***[.]" Ex. 6 at 20-21 (emphasis added). That is inferential data. TikTok knows what it is and has it. TikTok's June 30 and July 2 admissions did not exist at the time of the Order and constitute new material facts. *See* C.D. Cal. L.R. 7-18(b). They demonstrate that— consistent with its failure to raise a vagueness objection in briefing—TikTok *does understand* the terminology in the second half of RFP 35 and should be compelled to produce related documents as requested. *See* Order at 4-5. Plaintiffs ask that the Court reconsider its ruling and order TikTok to respond to the second half of RFP 35 as written.

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

**B.      A Limitation of RFP No. 36 to Advertising Disregards COPPA's Focus on Use and Rests on a Deficient Interrogatory Response.**

Plaintiffs' RFP 36 requests documents relating to "how TikTok uses Personal Information from users, including under-13 users, including for content recommendation, advertising, algorithm training, engagement optimization, or other internal purposes." Dkt. No. 224-3 at 14. The Court's Order applied the same age-group limitations from the parties' source code dispute to RFP 36, and directed that the broader question of how TikTok uses Personal Information "more generally for advertising, etc." be addressed through TikTok's response to Interrogatory No. 2. Order at 8.

The parties' application of the Order raised two questions: (1) the range of user ages for which TikTok must produce responsive documents, and (2) the range of data uses those documents must address. On age, the parties met and conferred and agreed that TikTok will produce documents that either reference age groups that include users 24 and younger, or are not facially limited to age groups that include only users older than 24. Ex. 1 at 1-4. That dispute is resolved. The remaining dispute is about the scope of uses the document production covers. TikTok takes the position that RFP 36 requires it to produce documents related only to how it uses data for advertising, and not for content recommendation, algorithm training, and engagement optimization. Ex. 1 at 1. Plaintiffs disagree and seek clarification from the Court to resolve this dispute.

And, to the extent the Order intends to limit RFP 36 to advertising use only, Plaintiffs request that the Court reconsider under L.R. 7-18(b) based on a new material fact arising after the Order. The Court expressly reserved reconsideration "if Defendants' answer to this interrogatory is later deemed incomplete or insufficient." Order at 8. TikTok served its supplemental answer to Interrogatory No. 2 on June 30, 2026. Ex. 6 at 15-27. TikTok's response to Interrogatory No. 2 consists of recitations of ***publicly available policies*** without any description of ***how*** TikTok uses user data for enumerated purposes. *See id.*

6

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

One of the central issues in this case is how TikTok uses the data of under-13 users who gain access to the Full Access Platform. Dkt. No. 157 ¶¶ 195–213; ¶ 115 (TikTok uses data it collects from users to "train its powerful algorithm to learn users' preferences and provide a personalized curated content feed that extends users' time on the platform."). COPPA protects the *use* of data from under-13 users, not just collection. 15 U.S.C. § 6502(b)(1)(A)(ii) (requiring verifiable parental consent "for the collection, *use*, or disclosure of personal information from children.") (emphasis added).

A court in this Circuit recently applied these principles in COPPA litigation, holding that an operator's COPPA obligations extend to its use and maintenance of a child's data. *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-MD-03047, Dkt. No. 3214, slip op. at 34–36 (N.D. Cal. June 29, 2026). In denying summary judgment, that court relied on evidence of *use*, which was not limited to advertising, but included, for instance, use in "machine learning and generative AI training." *Id.* at 36–37. The same principle governs here: documents showing how TikTok uses data, and not merely a description of what it collects, are crucial to Plaintiffs' claims. TikTok cannot withhold categories of documents that Plaintiffs could rely on to defeat summary judgment. Furthermore, data use is relevant to Plaintiffs' state-law privacy claims. Whether an intrusion is "highly offensive" considers the nature and degree of the intrusion, including the purposes (i.e., the usages) for which the intruder exploits what it obtains. Order on Mot. to Dismiss, Dkt. No. 128 at 26. TikTok's interrogatory answer is insufficient. For each enumerated use[1] TikTok describes only that TikTok uses data, not how, and it **draws that description solely from TikTok's public materials**. On **content recommendation,** the answer describes only that TikTok's recommendation system "sorts and rank content based on a variety of factors, including user activity and engagement on the platform," and lists signals such as likes, comments, watch history, and search history. Ex. 6 at 22-23. It does not describe *how* those signals

---

[1] TikTok's response on advertising use is also deficient, but not addressed here, because TikTok agreed to produce documents related to how it uses user data for advertising.

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

are weighted or used to rank content, *how* the recommendation system treats the data of under-13 users on the Full Access Platform, or *how* recommendation interacts with age-based content filtering. This description summarizes TikTok's public Terms of Service and Privacy Policy rather than any internal documents. *Id.* at 25-27.

On ***algorithm training,*** the answer states that "TikTok relies on user data to train various algorithms used to operate the Full Access Platform, including their age-assessment algorithms, content-moderation algorithms, recommendation system algorithms, and advertising algorithms," but says nothing about *how* under-13 users' data is used to train those algorithms. Ex. 6 at 22. It instead simply asserts that "the algorithmic system for identifying traits for ad targeting is separate from the algorithmic system used to identify users who may be under 13." *Id.* Whether and how TikTok trains its models on the data of children on the Full Access Platform is precisely the kind of use questions that internal documents, rather than a recitation of publicly available policies, resolve.

On ***engagement optimization***, the answer does not describe the practice at all. TikTok objects to the term "engagement optimization" and disputes its premise, then recharacterizes the use as recommending content it "believes people will find relevant, interesting and enjoyable." Ex. 6 at 24-25. An objection to Plaintiffs' terminology is not a description of how TikTok uses data to optimize engagement and is a poor substitute for the documents that would show it.

TikTok never objected to the non-advertising uses on any ground specific to those uses. Dkt. No. 224-5 at 70-72. It lodged boilerplate relevance objections and vagueness objections to terms like "content recommendation," and never made any showing that producing documents on the other enumerated uses would be more burdensome. *See id.; see generally* Dkt. No. 230. Because the Order reserved reconsideration if the interrogatory response proved incomplete or insufficient, reconsideration is warranted under L.R. 7-18(b). Plaintiffs ask that the Court reconsider its Order to the extent it limits RFP 36 to advertising, and order TikTok to search for and produce documents that both (1) relate to "how TikTok uses Personal Information from users, including under-13 users,

8

including for content recommendation, advertising, algorithm training, engagement optimization, or other internal purposes" and (2) either reference user age groups that include 24 or younger or are not facially limited to age groups that only include users older than 24 years old.

**C.     RFP Nos. 52 and 53 Should Be Reconsidered Based on Newly Discovered Evidence and the Court's Unsubstantiated Proportionality Determination.**

RFP 52 seeks documents relating to TikTok's user classifications and taxonomies, and RFP 53 seeks documents relating to TikTok's classifications, taxonomies, and ratings of advertisements and content. Dkt. No. 224-3 at 16. The Court did not find either Request irrelevant, but narrowed both to "documents sufficient to show" the classifications and taxonomies and "how those classifications and taxonomies are used,", Order at 8, on the ground that "an exhaustive search here would be . . . disproportionate to what is really needed." Ex. 4 at 22:24-25.

Plaintiffs ask that the Court reconsider its decision for two reasons. First, on June 25, Plaintiffs identified a document that further demonstrates the importance of TikTok's classifications. Declaration of Eric Kafka ¶ 10; *see* C.D. Cal. L.R. 7-18(b). As discussed in Plaintiffs' motion to compel, ███████████████████████████. Dkt. No. 225-1 at 16. Plaintiffs allege (and TikTok denies) that TikTok acquires actual knowledge of its users' ages ██████████████████████. 16 C.F.R. § 312.3 (COPPA applies when a website operator has actual knowledge that a user is younger than 13). This newly found internal document provides evidence ████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████ Ex. 7 at TTI-AG-LIT-016128235. TikTok cannot contest "actual knowledge" while withholding documents about methods through which TikTok acquired actual knowledge of users' ages.

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

Second, a limitation resting on disproportionate burden must be supported by competent evidence of that burden, a requirement the Order itself recites: the party resisting discovery bears "the burden of . . . supporting its objections with competent evidence." Order at 3. TikTok's only stated objection to RFPs 52 and 53 in its briefing was that they "remain vague and overbroad." Dkt. No. 230 at 17. TikTok submitted no declaration or other evidence quantifying the burden of a fuller production. *See id.* The Order does not appear to have addressed the absence of any such evidence in narrowing these Requests on proportionality grounds. Order at 8. That omission is brought into relief by the same Order's treatment of Plaintiffs' own burden objections, which it declined to credit for lack of "supporting declarations." Order at 15.

Plaintiffs respectfully submit that TikTok's failure to substantiate burden as to RFPs 52 and 53 is a material fact bearing directly on the proportionality determination, and that reconsideration is warranted so that it may be evaluated. *See* C.D. Cal. L.R. 7-18(c); *Warsavsky v. Jaguar Land Rover N. Am., LLC*, 2021 WL 5994533, at *3 (C.D. Cal. Sept. 17, 2021) ("Because Defendants presented no evidence on the burden posed by Plaintiffs' discovery requests . . . Defendants failed to provide support for their contention that Plaintiffs' discovery requests violate Federal Rule of Civil Procedure 26(b)(1)'s proportionality requirement with admissible evidence."). That TikTok made no evidentiary showing of burden, while the Order required exactly such a showing of the Plaintiffs, is a material fact the Order does not appear to have considered in imposing a proportionality limitation, and reconsideration is warranted on that basis. *See* C.D. Cal. L.R. 7-18(c); *Bamberger*, 2015 WL 11438548, at *2–3. Plaintiffs respectfully request that the Court reconsider the narrowing of RFPs 52 and 53 and compel TikTok to produce documents responsive to both Requests as written.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider and clarify its decision regarding Plaintiffs' RFP Nos. 35, 36, 52, and 53.

10

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

DATED this 8th day of July, 2026.

KELLER ROHRBACK L.L.P.


By: */s/ Derek W. Loeser*

Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax (206) 623-3384

*Interim Lead Counsel*

COHEN MILSTEIN SELLERS AND TOLL PLLC


By: */s/ Eric A. Kafka*

Eric A. Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
Cohen Milstein Sellers and Toll PLLC
88 Pine Street, 14th Floor
New York, NY 10005
212-838-7797
212-838-7745 (fax)

*Interim Lead Counsel*

SILVER GOLUB & TEITELL LLP


Steven L. Bloch (*pro hac vice*)
sbloch@sgtlaw.com
One Landmark Square, 15th Floor
Stamford, Connecticut 06901
Telephone: (203) 325-4491

*Executive Committee*

11

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4(a)(2)

I, Eric. A. Kafka, attest that all other signatories listed, and on whose behalf the filing is submitted have concurred in the filings' content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2). Executed this 8th day of July, 2026, at New York, NY

*/s/ Eric. A. Kafka*
Eric A. Kafka

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 10 pages, which complies with the page limit set by the Court's June 22, 2026 Order (Dkt. No. 272).

Executed this 8th day of July, 2026, at New York, NY


*/s/ Eric. A. Kafka*
Eric A. Kafka

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

## CERTIFICATE OF SERVICE

I, Erin McCubbin, hereby certify that on July 8, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Erin McCubbin*
Erin McCubbin

PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION