DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:  +1 202 383 5300
Facsimile:   +1 202 383 5414

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
San Francisco, CA 94111
Telephone:  +1 415 984 8700
Facsimile:   +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd.,
ByteDance Inc., TikTok Ltd., TikTok Inc.,
TikTok LLC, TikTok Pte. Ltd., and
TikTok U.S. Data Security Inc.*

Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

Eric Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
**COHEN MILSTEIN SELLERS &
TOLL LLP**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone:  (212) 838-7797
Facsimile:   (212) 838-7745

*Plaintiffs' Interim Co-Lead Counsel*

Steven Bloch (*pro hac vice*)
sbloch@sgtlaw.com
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone:  (203) 325-4491
Facsimile:   (203) 325-3769

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION | MDL NO. 3144<br><br>2:25-ml-03144-GW-RAO<br><br>**JOINT STIPULATION RE FOREIGN DEPOSITION PROTOCOL** |

1

**WHEREAS**, on July 28, 2026, Plaintiffs[1] disclosed to Defendants[2] the names of thirty-six (36) individuals affiliated with Defendants that Plaintiffs seek to depose and informed Defendants that they seek forty (40) Rule 30(b)(1) depositions;

WHEREAS Defendants maintain that good cause is lacking for any more than twenty (20) Rule 30(b)(1) depositions;

**WHEREAS**, several of the deponents identified by Plaintiffs, and others they may identify at a later date, reside outside of the United States (the "Foreign Deponents");

**WHEREAS**, the Foreign Deponents may need interpreters;

**WHEREAS**, it is in the interests of justice, and consistent with the Federal Rules of Civil Procedure, to adopt procedures to organize discovery and minimize burdens on the Foreign Deponents, the Court, and the parties; and

**WHEREAS**, the Plaintiffs and the Defendants (collectively, the "Parties") have met and conferred and agree to the following protocol to govern the depositions of the Foreign Deponents;

**IT IS HEREBY STIPULATED BY THE PARTIES, BY AND THROUGH**

---

[1] "Plaintiffs" refers to A.J., a minor, by and through their parent and guardian ad litem, Alexis Douglas; S.T., a minor, by and through their parent Samuel Tsou; J.C., a minor, by and through their parent and guardian ad litem, Jody Villanueva; E.B., a minor, by and through their parent, Ebony Baker; J.S., a minor, by and through their parent, Kiara Dennis; T.W., a minor, by and through their parent, Rachel Smith; G.A., a minor, by and through their parent, Leyna Midkiff; M.B., a minor, by and through their parent, Lynette Bouie; K.M., a minor, by and through their parent, Dakota Moody; A.B., a minor, by and through their parent, Christina Middleton; M.G., a minor, by and through their parent and guardian ad litem, Valerie Gates; V.M., a minor, by and through their parent, Ebony Nielsen; Z.B. and I.B., minors, by and through their parent, Steven Burda; R.C., B.L.J., and B.R.J., minors, by and through their grandparent and guardian, Shirley Reed-Stallings; K.F., a minor, by and through their parent and guardian ad litem, Angela Faucett; and J.W., a minor, by and through their parent and guardian ad litem, Kayla Jaramillo.

[2] "Defendants" refers to ByteDance Ltd.; ByteDance, Inc.; TikTok Inc.; TikTok LLC; TikTok Ltd.; TikTok Pte Ltd.; and TikTok U.S. Data Security Inc.

THEIR RESPECTIVE COUNSEL OF RECORD:

## I.   NOTICES AND SUBPOENAS FOR DEPOSITIONS OF FOREIGN DEPONENTS

Plaintiffs may disclose to Defendants the names of their employee(s) or former employee(s) Plaintiffs wish to depose ("**Proposed Deponents**"). Following such disclosure, counsel for Defendants must tell Plaintiffs within fourteen (14) calendar days whether (1) Defendants' counsel represents or does not represent the Proposed Deponent and (2) Defendants or the deponent (if represented by Defendants' counsel) will assert that Plaintiffs must follow the Hague Service Convention and/or the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (collectively, the "**Hague Conventions**") to obtain their deposition testimony.[3] Defendants may not assert the presumptive limit of 10 depositions under the Federal Rules of Civil Procedure as a reason to refuse answering these two questions within the agreed-upon 14-day window.

The Parties are meeting and conferring about the number of depositions Plaintiffs may take. For the avoidance of doubt, Plaintiffs retain the right to request leave to take additional depositions under Federal Rule of Civil Procedure 30(a)(2), and Defendants retain the right to oppose Plaintiffs' request.

For any deponent who asserts the Hague Conventions and whom Plaintiffs ultimately depose, Defendants agree not to argue that Plaintiffs are barred from introducing the testimony of the deponent(s) in reply in support of any motion filed by Plaintiffs before securing the testimony of said deponent(s). If Plaintiffs introduce such testimony in any reply, Defendants may file a supplemental opposition to that reply addressing the same testimony and any arguments Plaintiffs make in reliance on this

---

[3] The Parties agree this Order is retroactive and applies to the Proposed Deponents Plaintiffs disclosed to Defendants on July 28, 2026. Defendants must tell Plaintiffs by August 11, 2026, whether (a) Defendants' counsel represents or does not represent those Proposed Deponents and (b) Defendants or the Proposed Deponents (if represented by Defendants' counsel) will assert that Plaintiffs must follow the Hague Conventions to obtain their testimony.

testimony. The Parties will meet and confer over page limits related to any such supplemental oppositions.

## II.    GOVERNING LAW

Depositions of Proposed Deponents who do not invoke the Hague Conventions will be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Central District of California (the "**Local Rules**"), except as otherwise provided herein or in any other order by this Court. To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure, the Local Rules, or this Court's orders or substantially interfere with the ability to take a deposition in that location, the Parties shall meet and confer and hold the deposition in an alternate location convenient to the witnesses which allows for their application.

## III.    INTERPRETERS, INTERPRETED DEPOSITION TESTIMONY, AND DOCUMENT TRANSLATIONS

A.    The noticing Party shall select and bear the expense of the lead interpreter. The Parties shall meet and confer to create an agreed-upon list of certifying or accrediting organizations, from which the Parties may select lead and check interpreters without objection from the opposing Party.

B.    If any Party brings a check interpreter to a deposition, and that check interpreter disagrees with any portion of an interpretation, the check interpreter's requested correction shall be stated simply for the record.  The interpreter of record need not respond.  All questions, answers, and objections shall be interpreted for the witness as necessary; however, all counsel shall refrain from unnecessary colloquy and speaking objections, so as not to obstruct the depositions.

C.    The Parties shall use reasonable efforts at the deposition to resolve any objection to any interpretation or translation.

D.    To the extent an interpreter is used for all or nearly all of a deposition, the time limit for that deposition shall be increased by 50%.  That additional 50% increase

4

in time per deposition will be excluded for purposes of calculating the amount of time to charge a party against their overall deposition time allotments.  To the extent an interpreter is not used for all or nearly all of a deposition, the time limit for that deposition will not be increased by 50%, but rather, by an amount agreed to by the parties to account for the use of the interpreter.  The Party requesting an interpreter shall indicate promptly, but in any event no less than ten (10) days prior to the deposition, whether the deponent is anticipated to need an interpreter for all or nearly all of a deposition, or only for part of the deposition, and will endeavor to explain the translation needs of the deponent.

E.    All translated documents entered as an exhibit or used during deposition shall be certified by a professional translator accredited or certified by, or holding a certificate in translation from a program approved by, the American Translator's Association or another member organization of the Federal Internationale de Traducteurs; and those approved and authorized to translate in California courts, including this District, by the Judicial Conferences of California.  By consent of the Parties, translators with comparable qualifications may be utilized.  Translators shall be required to execute Exhibit A to the Stipulated Protective Order, or any amendment thereto, if they review any documents subject to the Protective Order.

F.    Document translations shall bear the same Confidential or Highly Confidential – Attorneys' Eyes Only designation as the original if such designation is in place as of the time that the translation is prepared.  A translation should also share the same Bates and deposition exhibit numbers as the underlying document and should be followed with the letter "A" signifying it as a translated version of the document. Because languages occupy different amounts of space to say the same thing, it may be impractical for the translation to be paginated in the exact same way as the original. Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (e.g., the Bates number may physically fall in the middle of a page, rather than at the bottom).  Unless otherwise agreed,

document translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text.  A translation may not contain independent notes that are not within the text of the original document (e.g., notes from the translator or counsel).  Emphasis in the translation (e.g., bold, italics, underlined) must appear in the same form as in the original document.  However, translator notations such as "original text is in English," "original text is handwritten," or "untranslatable symbol" may be included in brackets.

G.    Documents entered as an Exhibit or used during a deposition must be translated in their entirety.  If another Party (or Parties) introduces a subsequent translation of the same underlying document, the subsequent translation(s) should also share the same Bates and exhibit numbers as the underlying document and should be followed consecutively with the letter "B," "C," etc.  Should a translated document entered into the record become altered as a result of resolved objections to the translation, the updated version should be labeled with the same numbered designation and followed with "AF" (or "BF" or "CF", etc.) signifying a final translated version.

H.    All certified translations shall be presumed to be accurate.  Objections to the accuracy of any document translations introduced as exhibits or used at a deposition shall be asserted within 30 days after the final transcript of the deposition is provided to the deponent for correction.  Objections shall state the specific inaccuracies of the translation and offer an alternative translation of the portions of the document objected to.  If the Parties are unable to resolve the dispute, it may be submitted to Magistrate Judge Oliver consistent with the procedures set forth in her chamber rules.   If no objection is made to a translation within the 30-day limit, it shall be deemed accurate, and no objection to admissibility on grounds of inaccuracy of the translation will be permitted.

I.    The Parties may agree on adjustments to this translation protocol to promote efficiency or fairness, and advise the Court accordingly.  Notwithstanding the provisions of this Order, the Court retains discretion to alter the treatment and

admissibility of translated documents at trial if necessary.

DATED this 7th day of August, 2026.

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari Campen Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900, Fax (206) 623-3384

*Interim Lead Counsel for Plaintiffs*

COHEN MILSTEIN SELLERS AND TOLL LLP

By: */s/ Eric A. Kafka*
Eric A. Kafka (*pro hac vice*)
ekafka@cohenmilstein.com
Cohen Milstein Sellers and Toll LLP
88 Pine Street, 14th Floor
New York, NY 10005
212-838-7797
212-838-7745 (fax)

*Interim Lead Counsel*

SILVER GOLUB & TEITELL LLP

Steven L. Bloch (*pro hac vice*)
sbloch@sgtlaw.com
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491

7

*Executive Committee*

By: */s/ Daniel M. Petrocelli*
    DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
    O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, Suite 800
    Los Angeles, California 90067-6035
    Telephone: (310) 553-6700
    Facsimile: (310) 246-6779

    STEPHEN D. BRODY (*pro hac vice*)
    sbrody@omm.com
    O'MELVENY & MYERS LLP
    1625 Eye Street, NW
    Washington, D.C. 20006-4001
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414

    MATTHEW D. POWERS (S.B. #212682)
    mpowers@omm.com
    O'MELVENY & MYERS LLP
    Two Embarcadero Center
    San Francisco, CA 94111
    Telephone: (415) 984-8700
    Facsimile: (415) 984-8701

    *Attorneys for Defendants ByteDance Ltd.,*
    *ByteDance Inc., TikTok Ltd., TikTok Inc.,*
    *TikTok LLC, TikTok Pte. Ltd., and*
    *TikTok U.S. Data Security Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4(a)(2)**

I, Derek W. Loeser, attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

Executed this 7th day of August, 2026, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

**CERTIFICATE OF SERVICE**

I, Sarah Skaggs, hereby certify that on August 7, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ Sarah Skaggs
Sarah Skaggs