DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: TIKTOK, INC. MINOR PRIVACY LITIGATION

MDL No. 3144

Case No. 2:25-ml-03144-GW-RAO

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT OR, ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS**

*[Filed Concurrently With: Request For Judicial Notice and [Proposed] Order]*

Courtroom: 9D (9th Floor)
Date: September 24, 2026
Time: 8:30 a.m.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 24, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the above-captioned Court, located at 350 W 1st Street, Los Angeles, California, defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC (collectively, "Defendants") will and hereby do move to dismiss Plaintiffs' claims, and any relief sought pertaining to those claims, up to and through August 22, 2022.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, pursuant to Federal Rule of Civil Procedure 12(c), on the grounds that Plaintiffs' claims in this case were previously settled and released by virtue of the court-approved settlement orders in *T.K. v. Bytedance Technology Co.*, No. 1:19-cv-07915 (N.D. Ill. Dec. 5, 2019), ECF No. 5-2 (the "*T.K.* settlement"), and *In re: TikTok, Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill. Feb. 25, 2021), ECF No. 122-1 (the "Privacy MDL settlement"). The *T.K.* matter was a nationwide class action brought by children under the age of 13, advancing invasion of privacy and other state law claims predicated on supposed violations of the Children's Online Privacy Protection Act for the alleged collection and use of plaintiffs' data by the TikTok and Musical.ly platforms. The Privacy MDL plaintiffs similarly alleged invasion of privacy and other state law claims based on alleged data collection practices, on behalf of all TikTok and Musical.ly users in the United States. The *T.K.* and Privacy MDL matters were each fully and finally settled and resolved by virtue of separate, judicially-approved class action settlements, and contained broad provisions releasing any and all claims up to and through August 22, 2022, and October 12, 2022, respectively.[1] As a result,

[1] As explained herein, Defendants seek dismissal of Plaintiffs' claims up to and through August 22, 2022, rather than through October 12, 2022, because the *T.K.* release covers a longer period of TikTok platform use (through August 22, 2022),

Plaintiffs' claims and remedies in this case—which involve many of the identical legal theories, claims, and allegations raised and settled in *T.K.* and the Privacy MDL—are barred up to and through August 22, 2022, by the doctrines of settlement, release, and res judicata.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice and the exhibits attached thereto, the pleadings and other materials in the Court's record, and such other matters or argument as may be provided on or before the hearing.

This motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3.

Dated: August 18, 2026

O'MELVENY & MYERS LLP

By: /s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli
Attorneys for Defendants

---

compared to the Privacy MDL release (which covers use of the platform prior to October 1, 2021). *See infra*.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs allege that Defendants violated the Children's Online Privacy Protection Act ("COPPA") by supposedly collecting data from children whom the platform has actual knowledge are under the age of 13. Plaintiffs seek to impose liability going back to March 28, 2019. ECF No. 358 ("Complaint" or "Compl.") at 1, ¶ 1. While Plaintiffs' claims have numerous problems, this motion focuses on one incurable legal defect: any claim predating August 22, 2022 is barred by the doctrines of settlement, release, and res judicata. That is because identical claims based on the same factual predicate were previously brought, resolved, and released in connection with two separate, nationwide class action settlements.

The first, *T.K. v. ByteDance*, settled and released through August 2022 any and all claims that the TikTok app used and collected data from under-13 users in violation of COPPA—the precise claims Plaintiffs have alleged here. The second, *In re: TikTok, Inc., Consumer Privacy Litigation*, settled similar privacy claims on behalf of a nationwide class of TikTok users, and released "any and all claims" up to and through October 2022 arising from or related to "the collection and use of *any user data*." These settlements are unambiguous, were judicially approved and not subject to legal challenge, and mandate the relief requested herein. The Court should grant Defendants' motion to dismiss and rule that Plaintiffs' claims and remedies, and the Class Period, are limited to August 22, 2022 forward.

## II. BACKGROUND

### A. The *T.K.* Settlement

In November 2019, TikTok entered into a written class action settlement agreement resolving various claims that arose in the wake of the DOJ's case against

Musical.ly and the March 2019 Musical.ly consent order.[2] *See* Ex. 1 (*T.K.* settlement) at 22-36. The draft *T.K.* class action complaint, which was attached to the settlement agreement, extensively referenced and parroted the DOJ's allegations. Just like Plaintiffs' Complaint here, the *T.K.* draft complaint (i) asserted that the Musical.ly and TikTok apps were "directed to children under age 13"; (ii) claimed defendants [ByteDance Ltd.[3] and Musical.ly, Inc.] had "actual knowledge they were collecting personal information from children"; (iii) alleged that defendants violated COPPA because they "collected, used, or disclosed the personal information of [the Plaintiff parents'] children without notifying the parents" and without "verifiable parental consent" and (iv) brought multi-state class claims for intrusion upon seclusion and claims for unfair trade practices under the laws of more than 20 states, among other claims. *Id.* (*T.K.* complaint) at 100, 102, ¶¶ 310, 311, 315; *see also id.* (*T.K.* settlement) at 24, ¶ 3.1 (describing demand letter and draft complaint alleging privacy violations "in connection with the operation of the Musical.ly and TikTok software applications").

In exchange for TikTok's payment of $1.1 million, the *T.K.* settlement included a broad release from the settlement class covering "all persons residing in the United States who registered for or used the Musical.ly and/or TikTok software application prior to the Effective Date[4] [August 22, 2022] when under the age of 13

[2] Musical.ly and the Musical.ly app were acquired by and merged with TikTok in or around 2017. Compl. at 3-4, ¶ 7. All exhibits referenced herein are attached to the Request for Judicial Notice ("RFJN"). References to Ex. 1 pages are to the ECF page, rather than the underlying page number available at the bottom of the document. Unless otherwise indicated, all emphases have been added to, and all citations, quotations, and alterations have been omitted from, the quoted material.

[3] ByteDance Ltd., as well as various TikTok entities, are defendants in this case. *See* Compl. at 3, ¶ 4.

[4] "Effective Date" is defined as "the first date after either (i) the time to appeal the Final Order and Judgment has expired with no appeal having been filed or (ii) the Final Order and Judgment is affirmed on appeal by a reviewing court and no longer reviewable by any court." Ex. 1 (*T.K.* settlement) at 22, ¶ 2.10. Following an appeal by an objecting class member, the court's final order and judgment

and their parents and/or legal guardians." *Id.* at 22, ¶ 2.3 (definition of "Class"). The *T.K.* release waived:

> *any claims, … of any kind … arising from the beginning of time through [August 22, 2022],* that were, could have been, or could be asserted by the Releasing Parties arising out of or relating to any acts, facts, omissions or obligations, whether known or unknown, whether foreseen or unforeseen, *arising out of or relating to the Civil Actions or the subject matter of the Complaint.*[5]

*Id*. at 24, ¶ 2.24 (definition of "Released Claims"). The settlement agreement provided that "regardless of whether any Class Member executes and delivers a written release, each Plaintiff and each Class Member … shall be deemed to waive, release and forever discharge TikTok and the Released Parties from all Released Claims." *Id*. at 30, ¶ 11.1. The agreement defined "Released Parties" as "TikTok Inc., Musical.ly Inc., Musical.ly the Cayman Islands corporation, [and] ByteDance Technology Co. Ltd.," among others. *Id*. at 24, ¶ 2.25.

On March 25, 2022, the court (Hon. John Blakey, presiding) entered its final approval order and judgment of the *T.K.* settlement. *See* Ex. 2 (*T.K.* final approval). Under that order, settlement class members "unconditionally, fully, and finally release, resolve, relinquish and forever discharge each and every one of the Released Parties from each of the Released Claims" and "will not institute any action or cause of action … arising from or related in any way to the Released Claims." *Id.* at 3, ¶ 11. Only six class members opted out of the *T.K*. settlement, none of whom are named plaintiffs in this case. *See id.*; *T.K. v. Bytedance Technology Co.*, No. 1:19-cv-07915 (N.D. Ill.), ECF No. 81-2 at 4-5, ¶ 16 (Declaration of Danielle Bracy), 28-54 (*T.K.* exclusion forms). Notably, in the final

---

approving the *T.K.* settlement was affirmed on August 22, 2022. *See T.K. v. Mark S.*, No. 22-1686 (7th Cir. Aug. 22, 2022), ECF No. 29.

[5] "Civil Actions" is defined as "all of the civil actions, arbitrations, or other legal proceedings that have been, will be, or could be initiated by Plaintiffs relating to the subject matter at issue in the Complaint," and "Complaint" is defined as "the draft complaint attached as an exhibit hereto." Ex. 1 (*T.K.* settlement) at 22, ¶¶ 2.2, 2.7.

approval order and judgment the court specifically found that the *T.K.* settlement was "fair, reasonable, and adequate," and that the class representatives adequately represented the interests of the class. *See T.K. v. ByteDance*, 2022 WL 888943, at *4-5, *10 (N.D. Ill. Mar. 25, 2022) (memorandum accompanying final approval order and judgment). The court also found the *T.K.* class notice program satisfied due process requirements for Rule 23(b)(3) opt-out classes, and overruled an absent class member's objection that the content and form of the notice was insufficient. *Id.* at *21-23.

**B. The Privacy MDL Settlement**

In September 2020, TikTok settled a multi-district litigation ("MDL") consisting of 21 putative class actions alleging invasion of privacy, unfair competition, and other claims based on the purported collection of various types of data by the TikTok app. *See* Ex. 3 (Privacy MDL complaint) at 3, ¶ 9 (alleging defendants collected "Plaintiffs' and Class Members' identities, unique identifying information, biometric data and information, images, video and digital recordings, audio recordings, clipboard data, geolocation, names, e-mail addresses, passcodes, social media accounts, messaging services, telephone numbers, and other private, nonpublic, or confidential data and information"). The settlement agreement, which provided for payment of $92 million, included a broad release covering anyone in the United States "who used the [TikTok] App prior to issuance of the Preliminary Approval Order [October 1, 2021]," and waived:

> *any and all claims … arising from or related to the Civil Actions or the collection and use of any user data … arising from the beginning of time through the Effective Date [October 12, 2022]*, that were, could have been, or could be asserted by the Releasing Parties.[6]

Ex. 4 (Privacy MDL settlement) at 2-4, ¶¶ 2.19, 2.30, 2.33.

---

[6] "Effective Date" is defined as "the first date after either (i) the time to appeal the Final Order and Judgment has expired with no appeal having been filed or (ii) the Final Order and Judgment is affirmed on appeal by a reviewing court and no longer

On August 22, 2022, the court (Hon. John Lee, presiding) issued an order and final judgment granting final approval of the Privacy MDL settlement. *See* Ex. 5 (Privacy MDL final approval). The final order and judgment stated that"[a]s of the Effective Date of the Settlement Agreement, Plaintiffs' Releasing Parties … irrevocably release, waive, and forever discharge … any and all Released Claims …." *Id.* at 8, ¶ 21. Moreover, class members who did not opt out "are barred from commencing or prosecuting any action … against Defendants' Released Parties based upon, relating to, or arising out of, any of the Released Claims." *Id*. at 9, ¶ 24. Like the final order and judgment approving the *T.K.* settlement, the Privacy MDL court specifically found that the settlement was "fair, reasonable, and adequate"; that the named plaintiffs fairly and adequately represented the class members' interests; and that the class notice followed the Court's order granting preliminary approval, satisfied the requirements of Rule 23(e) and due process, and constituted the best practicable notice. *See id.* at 3-4, ¶ 8.

### C. Defendants' Second Amended Answer & Defenses, and Plaintiffs' Second Amended Consolidated Class Action Complaint

On July 2, 2026, the Court granted Defendants' motion for leave to amend their answer and clarify their defenses of settlement, release, and res judicata based on the *T.K.* and Privacy MDL settlements. ECF No. 295. At the hearing on Defendants' motion, and in response to Plaintiffs' claim that they wanted to find new named plaintiffs who are not subject to the *T.K.* and Privacy MDL settlements,

reviewable by any court." Ex. 4 (Privacy MDL settlement) at 2, ¶ 2.12. The court preliminarily approved the Privacy MDL settlement on October 1, 2021, and issued its final approval order and judgment on August 22, 2022. *In re: TikTok, Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill.), ECF No. 162; Ex. 5 (Privacy MDL final approval). Although one class member appealed the final approval order, the appeal was later dismissed and the final order and judgment was affirmed on October 12, 2022. *In re: TikTok, Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill.), ECF No. 265. As previously noted, we focus herein on the *T.K.* settlement because that release covers a longer period of platform usage (on or before August 22, 2022 versus on or before October 1, 2021) compared to the Privacy MDL release.

the Court allowed Plaintiffs to further amend their complaint to add new plaintiffs by no later than August 11, 2026.

On July 6, 2026, Defendants filed their Second Amended Answer & Defenses, which elaborated defenses of settlement, release, and res judicata based on the *T.K.* and Privacy MDL settlements. ECF No. 305 at 174-75. On August 11, 2026, Plaintiffs filed their Second Amended Consolidated Class Action Complaint. ECF No. 358. The Complaint ignores and contains no mention of either the *T.K.* or Privacy MDL settlements. The Complaint also defines the "Classes" as excluding "persons whose claims in this matter have been finally adjudicated on the merits *or otherwise released*." *Id*. at 86, ¶ 471.

## III. LEGAL STANDARD

Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court may dismiss a plaintiff's complaint where the "[t]he defendants raised *res judicata* in their motion to dismiss under Rule 12(b)(6)" and the defense is based on a question of law. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *see also Bayone v. Baca*, 130 F. App'x 869, 871 n.5 (9th Cir. 2005) ("[T]he affirmative defense of res judicata may be raised in a motion to dismiss under Rule 12(b)(6)."); *Lee v. Sprint Nextel Corp*., 2010 WL 1854422, at *5 (N.D. Cal. May 6, 2010) (granting motion to dismiss class action claims released by prior class action settlement agreement).

On a Rule 12(b)(6) motion, the Court may consider materials outside the complaint if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to

reasonable dispute" because it is "generally known," including "undisputed matters of public record" and "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see Mack v. S. Bay Beer Distributors, Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986) (judicial notice of "matters of public record … does not convert a Rule 12(b)(6) motion to one for summary judgment"), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Rule 12(c). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

## IV. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AND ANY REMEDIES UP TO AND THROUGH AUGUST 22, 2022.

### A. Any Claims Based on Use of the Platform or Data Collected By TikTok Before August 2022 Were Settled and Released by the *T.K.* and Privacy MDL Settlements.

The gravamen of Plaintiffs' Complaint is that Defendants violated COPPA and, by extension, state law by "collecting intimate, deeply intrusive data points about them and their online behavior [on the TikTok platform] without notice and parental consent." Compl. at 2, ¶ 1. But any claims for use of the platform or data collected by TikTok prior to August 22, 2022, are barred by the doctrines of settlement and release because those issues were expressly raised in the *T.K.* and Privacy MDL actions, and expressly released in connection with those judicially approved class settlements.

To determine the "preclusive effect of a dismissal with prejudice entered in accordance with a settlement agreement," courts "look to the intent of the settling parties." *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019) (interpreting res judicata effect of prior class action settlement). "The best evidence of the parties' intent is ... the settlement agreement itself ..., as interpreted

according to traditional principles of contract law." *Id.*; *see also McCoy v. Kazi*, 2010 WL 11464785, at *3 (C.D. Cal. Aug. 23, 2010) ("[I]nterpretation of a release or settlement agreement is governed by the same principles applicable to any other contractual agreement."). Under California law, which applies to the *T.K.* and Privacy MDL settlements,[7] if the "contract language is clear" the Court must "give effect to its plain meaning." *Navarro v. Mukasey*, 518 F.3d 729, 734 (9th Cir. 2008). In approving a settlement class, "a federal court may release not only those claims alleged in the complaint, but also a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the [prior] class action." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992).

As explained below, the *T.K.* and Privacy MDL settlements clearly raised and released the identical claims and allegations Plaintiffs have advanced in this case.

_*T.K.*_ The *T.K.* settlement resolved claims by a nationwide class that the Musical.ly and TikTok apps violated COPPA by "collecting personal information from children" without parental notification and consent. Ex. 1 (*T.K.* complaint) at 100, 102, ¶¶ 310, 311, 315. This is the exact same conduct Plaintiffs have alleged here, namely, that "Defendants have knowingly permitted and encouraged children under the age of 13 to create user accounts on the TikTok full access platform … for the purpose of collecting intimate, deeply intrusive data points about them and their online behavior without notice and parental consent." Compl. at 1-2, ¶ 1. Specifically, the *T.K.* class—defined as "all persons residing in the United States who registered for or used the Musical.ly and/or TikTok software application prior to [August 22, 2022] when under the age of 13 and their parents and/or legal

[7] Ex. 1 (*T.K.* settlement) at 32, ¶ 15.2 ("This Agreement will be governed by and construed in accordance with the internal laws of the State of California without regard to conflicts of law principles that would direct the application of the laws of another jurisdiction."); Ex. 4 (Privacy MDL settlement) at 15, ¶ 16.2 (same)

guardians"—agreed to release "any claims … of any kind … arising from the beginning of time through [August 22, 2022], that were, could have been, or could be asserted by the Releasing Parties … arising out of or relating to the Civil Actions or the subject matter of the Complaint." Ex. 1 (*T.K.* settlement) at 22, 24 , ¶¶ 2.3, 2.24; *see also id*. at 30, ¶ 11.1 ("Plaintiff and each Class Member … shall be deemed to waive, release and forever discharge TikTok and the Released Parties from all Released Claims"); *id*. at 24, ¶ 2.25 (definition of "Released Parties").

Plaintiffs cannot seriously contest that the subject matter of this case is identical to the issues raised and released in *T.K.*, which means Plaintiffs cannot assert claims or seek remedies based on alleged conduct prior to August 22, 2022. Just like in *T.K.*, Plaintiffs have alleged intrusion upon seclusion claims on behalf of a multistate class, California constitutional right to privacy claims, and unfair trade practice claims under the laws of more than 20 states, based on TikTok's alleged collection of data from users under the age of 13. The below chart illustrates the near identical overlap between *T.K.* and this MDL:

| ***T.K.* Draft Complaint** | **Plaintiffs' Complaint** |
|---|---|
| The Musical.ly and TikTok apps were "directed to children under age 13." Ex. 1 (*T.K.* complaint) at 100, ¶ 310. | "TikTok is directed to children . . . under the age of 13." Compl. at 48, ¶ 188. |
| Defendants had "actual knowledge they were collecting personal information from children." *Id.* at 100, ¶ 311. | "TikTok has actual knowledge that it is collecting personal information from users who are under the age of 13." *Id.* at 48, ¶ 189. |
| "Each Defendant is an 'operator' pursuant to COPPA." *Id.* at 101, ¶ 313. | "As defined by COPPA, TikTok is an operator of a website and online service." *Id.* at 23, ¶ 97. |

| | |
|---|---|
| The TikTok app "collected, used, or disclosed the personal information of Plaintiffs' children without notifying the parents." *Id.* at 102, ¶ 315. | "TikTok collected, used and stored COPPA-protected personal information from Plaintiffs and Class Members without obtaining the verified parental consent." *Id.* at 61, ¶ 243. |
| "Defendants did not take any steps to ensure that the person who was responding to the request was a parent and not the child user." *Id.* at 99, ¶ 305. | "TikTok fails to take meaningful steps to verify a user's age when the user signs up for an account." *Id.* at 32, ¶ 116. |
| Defendants unlawfully collected "Plaintiffs' children's personal information for commercial gain." *Id.* at 102, ¶ 317. | "Defendants use this unlawfully collected Private Information to increase their profits." *Id.* at 1-2, ¶ 1. |
| "Defendants intentionally intruded on and into Plaintiffs' and Class members' solitude, seclusion, or private affairs by intentionally designing the [Musical.ly] App to surreptitiously obtain, improperly gain knowledge of, review, and/or retain Plaintiffs' and Class members' activities." *Id.* at 119, ¶ 386. | "Defendants intentionally intruded upon the seclusion of the Multistate Intrusion Upon Seclusion Plaintiffs and Members of the Multistate Intrusion Upon Seclusion Class by improperly collecting and using their personal information without obtaining consent." *Id.* at 94, ¶ 498. |
| Despite complaints from parents, Defendants "did not delete the users' videos or profile information from Defendants' servers." *Id.* at 99, ¶ 304. | "Defendants know their processes and policies are deficient, and they fail to delete accounts and information that even their own employees and systems identify as belonging to children." *Id.* at 39-40, ¶ 152. |
| "Defendants intentionally intruded on and into Plaintiffs' and Class members' solitude, seclusion, or private affairs by intentionally designing the App to surreptitiously obtain, improperly gain knowledge of, review, and/or retain Plaintiffs' and Class members' activities," in violation of the California right to privacy. *Id.* at 123, ¶ 418. | "Defendants intentionally invaded the California Plaintiffs' and California Class Members' privacy by improperly collecting and using the California Plaintiffs' and California Class Members' personal information, without obtaining consent from the California Plaintiffs and California Class Members." *Id.* at 98, ¶ 521. |

| | |
|---|---|
| Defendants violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law by "failing to obtain consent from parent or guardian before collecting and/or using personal information from children and by failing to delete personal information collected from children upon the request of the parent or guardian." *Id.* at 157-58, ¶ 681. | Defendants violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law by "unfairly and unlawfully collecting the personal information of the Pennsylvania Plaintiffs and Pennsylvania Class Members without notifying their parents and obtaining verifiable parental consent." *Id.* at 143-44, ¶ 811. |
| Defendants violated the Washington Consumer Protection Act by "failing to obtain consent from parent or guardian before collecting and/or using personal information from children and by failing to delete personal information collected from children upon the request of the parent or guardian." *Id.* at 167, ¶ 760. | Defendants violated the Washington Consumer Protection Act by "collecting and using personal information from Washington Plaintiffs' and Washington Class Members without notifying their parents and obtaining verifiable parental consent." *Id.* at 154, ¶ 877. |

<u>Privacy MDL.</u> Plaintiffs' claims were likewise settled and released in the Privacy MDL settlement. That release covered and included "*any and all claims … arising from or related to … the collection and use of any user data …* arising from the beginning of time through the Effective Date [October 12, 2022], that were, could have been, or could be asserted by the Releasing Parties." Ex. 4 (Privacy MDL settlement) at 3, ¶ 2.30; *see also id*. at 13, ¶ 12.1 ("[E]ach Class Representative and each Class Member shall be deemed to waive, release and forever discharge Defendants' Released Parties from all Released Claims."). Again, Plaintiffs cannot dispute that their claims—all of which are based on the assertion that "TikTok collected, used and stored COPPA-protected personal information from Plaintiffs and Class Members without obtaining the verified parental consent," Compl. at 61, ¶ 243—fall squarely within this same subject matter.

Plaintiffs' Complaint is based on an "identical factual predicate"—that TikTok collected and used users' personal information without notice and consent—as the claims released in the Privacy MDL settlement. *See Class Plaintiffs*, 955 F.2d at 1287 (federal court may release claims alleged in the complaint as well as "claim[s] based on the identical factual predicate"). For example:

- The Privacy MDL complaint alleged intrusion-upon-seclusion claims because defendants "review and retain the Plaintiffs' and the Class's private and personally identifiable data and content." Ex. 3 (Privacy MDL complaint) at 99, ¶ 363. Likewise here, Plaintiffs allege intrusion-upon-seclusion claims based on TikTok's collection of personal information without consent. *See* Compl. at 93-95, ¶¶ 493-504.
- The Privacy MDL plaintiffs alleged unjust enrichment claims because "Plaintiffs and the Class have conferred substantial benefits on Defendants by downloading and using the TikTok app," including "Defendants' collection and use of the Plaintiffs' and the Class's private and personally identifiable data and content." Ex. 3 (Privacy MDL complaint) at 107, ¶ 387. Likewise here, Plaintiffs allege unjust enrichment claims based on Defendants' purported "realiz[ation] [of] millions of dollars in revenue from their collection and use of" class members' "Private Information … through behavioral advertising and commercialization of Plaintiffs' personal information." Compl. at 95, ¶ 507.
- In the Privacy MDL, plaintiffs alleged that TikTok engaged in unfair competition by "t[aking] private and personally identifiable data and content – including User/Device Identifiers, biometric identifiers and information, and Private Videos and Private Video Images never intended for public consumption – from the Plaintiffs' and the Class's mobile

devices and other social media accounts" without "effective disclosure" of these alleged data collection practices. Ex. 3 (Privacy MDL complaint) at 102, ¶¶ 373-74. Similarly here, Plaintiffs allege Defendants engaged in "unfair" acts by "systematically collect[ing] and us[ing] personal information from children that they knew were under 13 in violation of COPPA" without notice and consent. Compl. at 107, ¶ 577.

More broadly, the Privacy MDL complaint alleged a range of privacy violations based on TikTok's collection and use of a variety of "private and personally identifiable user data and content," including user-generated content and data like viewing history, "likes," favorites, follows, and user and device information such as IP address, advertising ID, and browsing history. Ex. 3 (Privacy MDL complaint) at 4, 32-37, ¶¶ 11, 145-63. Those are the identical facts at issue in this case. *See* Compl. at 19-20, ¶ 82 (identifying more than 20 categories of personal information purportedly "collected by TikTok from under age 13 users on the Full Access Platform"). And to the extent particular data categories or specific alleged data practices may differ between the two cases, the alleged conduct is "transactionally related" and thus satisfies the "identical factual predicate" test. 6 Newberg and Rubenstein on Class Actions § 18:21 (6th ed.) ("The identical factual predicate test permits the release of claims that go beyond the particular claims pleaded in the class's complaint, so long as the claims are transactionally related to those at the heart of the case."); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 749 (9th Cir. 2006) (although prior class action "posit[ed] a different theory" than present action, claims were still barred because alleged "price-fixing predicate (price-fixing interchange rates) and the underlying injury [were] identical"); *Nichols v. Citibank, N.A.*, 715 F. App'x 681, 682 (9th Cir. 2018) (where release in prior action "covered a broader range of alleged misconduct" than was alleged in later action, later action was "based on the same factual predicate" and was barred).

* * * * *

Nor can Plaintiffs avoid the *T.K.* and Privacy MDL settlements and releases by claiming they failed to receive notice of the settlements, or that they were not part of the settlement classes. As explained above, both courts determined the class settlements were fair, reasonable, and adequate, that the class representatives adequately represented the classes' interests, and that the notice programs satisfied due process requirements. *See supra*. Moreover, only six people opted out of the *T.K.* settlement, none of whom were Plaintiffs,[8] and Plaintiffs recently admitted in written discovery responses that they did not opt out of either the *T.K.* or Privacy MDL settlements. *See Rangel v. PLS Check Cashers of Cal., Inc.*, 2016 WL 6821788, at *5 (C.D. Cal. Nov. 16, 2016) (prior class settlement notice "made clear that absent class members were bound by the judgment unless they opted out, and [plaintiff's failure to do so bound her to the Settlement's terms, including the claims release."), *aff'd*, 899 F.3d 1106 (9th Cir. 2018); *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 634-35 (9th Cir. 1982) (class members who fail to opt out are deemed members of the class).

### B. Plaintiffs' Claims Prior to August 22, 2022 Are Additionally Barred By the Doctrine of Res Judicata.

The Court should also dismiss Plaintiffs' pre-August 22, 2022 claims and relief for the independent reason that they are barred by the doctrine of res judicata. Res judicata, or claim preclusion, "protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Wojciechowski*, 923 F.3d at 687. Under the doctrine of res judicata, "a [1] final judgment on the merits in a case precludes a successive action between [2] identical parties or privies concerning [3] the same claim or cause of action." *Id.* at 689.

---

[8] *See T.K. v. Bytedance Technology Co.*, No. 1:19-cv-07915 (N.D. Ill.), ECF No. 81-2 at 4-5, ¶ 16 (Declaration of Danielle Bracy), 28-54 (*T.K.* exclusion forms).

All three elements of res judicata are plainly met here. *First*, both the *T.K.* and Privacy MDL cases were dismissed with prejudice as required by their respective settlement agreements, and both courts entered final judgments on the merits. *See* Ex. 2 (*T.K.* final approval); Ex. 5 (Privacy MDL final approval). "A judicially approved settlement agreement is considered a final judgment on the merits" for res judicata purposes. *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 903 (9th Cir. 2001).

*Second*, the parties are identical. Res judicata "applies to absent class members in the prior action as long as the certifying court in that action complied with due process requirements." *Rangel*, 2016 WL 6821788, at *5 (citing *Epstein v. MCA, Inc.*, 179 F.3d 641, 648 (9th Cir. 1999)). Plaintiffs' "[m]embership in [the] prior class action[s]" is thus "sufficient to establish privity for the purposes of res judicata." *Id.* at *4-5 (holding prior class action settlement barred absent class member's claims based on same factual predicate); *see also Ruben v. City of Los Angeles*, 2017 WL 11917603, at *5-11 (C.D. Cal. May 2, 2017) (same). Defendants are likewise the same in each case.[9] The below chart demonstrates the identicality of parties across each matter:

| Action | Plaintiffs | Defendants |
|---|---|---|
| *In re TikTok Minor Privacy Litigation* | "All persons residing in Arizona, California, Georgia, Illinois, Maryland, Minnesota, Missouri, New Jersey, North Carolina, Pennsylvania, Texas, and Washington (who were younger than 13 years old when they used TikTok) from whom Defendants | ByteDance Ltd. and various TikTok entities, including those that merged with Musical.ly. Compl. at 13, 21 ¶¶ 53-59, 89. |

[9] "Ninth Circuit courts regularly rely on allegations in the complaint to determine whether privity exists between former and current defendants." *Rolloco Holdings, Inc. v. VLP Cap., Inc.*, 2019 WL 1491175, at *5 (C.D. Cal. Apr. 4, 2019); *see In re JNC Companies*, 1993 WL 239306, at *4 (9th Cir. June 30, 1993) (identical allegations against two sets of defendants "demonstrate[d] that the claims asserted against [each set of defendants] [were] sufficiently similar … to support a finding of privity for the purposes of claim preclusion").

| | | |
|---|---|---|
| | collected and/or used Private Information and Kids Mode Private Information during the Class Period without first notifying their parents and obtaining verified parental consent beforehand." Compl. at 86, ¶ 472; *see also id*. at 87-89, ¶¶ 474-82 (multistate unjust enrichment class & various proposed state classes). | |
| *T.K.* | "[A]ll persons residing in the United States who registered for or used the Musical.ly and/or TikTok software application prior to [August 22, 2022] when under the age of 13 and their parents and/or legal guardians." Ex. 1 (*T.K.* settlement) at 22-24, ¶¶ 2.3, 2.5. 2.21, 2.26 (definition of "Class," "Class Member," "Plaintiffs," and "Releasing Parties"); *see also id*. (*T.K.* complaint) at 42, 103-15, ¶¶ 6, 328-72 (class action allegations). | "TikTok Inc., Musical.ly Inc., Musical.ly the Cayman Islands corporation, ByteDance Technology Co. Ltd." and related entities. Ex. 1 (*T.K.* settlement) at 22, 24 ¶¶ 1.1, 2.25, 2.30; *see also id*. (*T.K.* complaint) at 93, ¶¶ 283-84. |
| Privacy MDL | "[A]ll persons who reside in the United States who used the [TikTok or Musical.ly] App prior to issuance of the Preliminary Approval Order." Ex. 4 (Privacy MDL settlement) at 2, 4, ¶¶ 2.19, 2.34; Ex. 3 (Privacy MDL complaint) at 86-87, ¶ 322 (class definition and action allegations). | TikTok, Inc. f/k/a Musical.ly Inc.; ByteDance Inc.; Musical.ly n/k/a TikTok, Ltd.; and Beijing ByteDance Technology Co. Ltd. Ex. 3 (Privacy MDL complaint) at 1. Plaintiffs released claims against "TikTok Inc. and its successors or assigns of the rights and obligations of TikTok under this Agreement." Ex. 4 at 1-3, ¶¶ 1.1, 2.10, |

| | | |
|---|---|---|
| | | 2.34 (parties to agreement; definitions of "Defendants' Released Parties" and "TikTok"). |

*Third*, this case involves the same claims and causes of action as in *T.K.* and Privacy MDL. "When the prior proceeding that is alleged to have preclusive effect is a class action settlement, [the] 'same cause of action' inquiry looks first to the release contained in the prior proceeding's settlement agreement." *Raquedan v. Centerplate of Del. Inc.*, 2018 WL 3368820, at *6 (N.D. Cal. July 10, 2018). The "preclusive effect of the prior class action settlement extends to all causes of action that were released by the prior proceeding's settlement agreement so long as those causes of action are 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Id.* (quoting *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010)). Courts "look to the intent of the settling parties to determine the [agreement's] preclusive effect," the "best evidence" of which is the "settlement agreement itself." *Wojciechowski*, 923 F.3d at 689-90.

The parties to the *T.K.* and Privacy MDL settlements plainly intended to release any and all claims arising from TikTok's alleged collection of data from children under the age of 13 prior to August 22, 2022. *See supra*. In *T.K.*, plaintiffs asserted the TikTok app "collected, used, or disclosed the personal information of Plaintiffs' children without notifying the parents" and alleged intrusion upon seclusion, right to privacy, and unfair trade practice claims similar to those here. *Compare* Ex. 1 (*T.K.* complaint) at 102, 118-20, 123-24, 146-47, 157-58, 167-68, ¶¶ 315, 383-91, 415-23, 598-604, 678-84, 757-64, *with* Compl. at 93-95, 97-99, 126-31, 143-48, 153-55, ¶¶ 493-504, 515-27, 696-719, 806-29, 867-85. And the *T.K.* settlement agreement released "any claims, … of any kind … arising out of or relating to the Civil Actions or the subject matter of the Complaint." Ex. 1 (*T.K.* settlement) at 24, ¶ 2.24. Similarly, the Privacy MDL complaint alleged invasion of

privacy, unfair competition, and other claims based on the TikTok app's purported data collection, and the settlement agreement released "any and all claims … arising from or related to the Civil Actions or the collection and use of *any user data*." Ex. 3 (Privacy MDL complaint) at 96-104, 106-08, 114-15, ¶¶ 348-78, 386-92, 418-27; Ex. 4 (Privacy MDL settlement) at 1, 3, ¶¶ 2.4, 2.30. Plaintiffs' claims and any relief sought prior to August 22, 2022 are thus barred and precluded under the doctrine of res judicata.

## V. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss.

Dated: August 18, 2026

Respectfully submitted,

By: /s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli

DANIEL M. PETROCELLI
dpetrocelli@omm.com
DREW E. BREUDER
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

MATTHEW D. POWERS
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3832
Telephone: +1 415 984-8700
Facsimile: +1 415 984-8701

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, a true and correct copy of Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint or, Alternatively, Motion for Judgment on the Pleadings was served upon the following by email:

DEREK W. LOESER
dloeser@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900
(206) 623-3384 (fax)

ERIC A. KAFKA
ekafka@cohenmilstein.com
COHEN MILSTEIN SELLERS AND TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
212-838-7797
212-838-7745 (fax)

Dated: August 18, 2026

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC, certifies that Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint or, Alternatively, Motion for Judgment on the Pleadings contains 5,769 words, which complies with the word limit of L.R. 11-6.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of August, 2026 in Los Angeles, California.

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli