UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-ml-03144-GW (RAOx) | Date: | August 19, 2026 |
| Title: | In re: Tiktok, Inc., Minor Privacy Litigation | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| C. Delgado | N/A |
| Deputy Clerk | Court Recorder: N/A |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DIRECTING FURTHER MEET AND CONFER ON CUSTODIAN AND SEARCH TERM DISPUTES**

The Court has reviewed the parties' briefing on their ESI custodian and search term disputes and issues this order to direct more robust meet and confer efforts to narrow or eliminate the disputes prior to the August 28, 2026 IDC. The Court does not believe the parties' meet and confer efforts to date have been sufficient, and finds that an IDC on August 24, 2026 would not be helpful prior to additional meet and confer efforts. The August 24, 2026 IDC that was tentatively set is therefore VACATED.

The parties must meet and confer as directed by this order and include the results of those efforts in their August 26, 2026 joint status report. The Court expects the parties to significantly narrow or refine their disputes as courts generally should not need to intervene in the parties' selection of custodians and search terms. Given Plaintiffs' complaints of delay regarding responses to proposals, the parties are ordered to provide written responses to outstanding/pending proposals and requests for clarifications by August 22, 2026, and to conduct a further meet and confer after those responses and prior to the filing of the August 26, 2026 joint status report.

The Court cautions the parties that to the extent they are unable to reach compromises on these disputes by August 26, 2026, any resulting order by the Court is likely to be unsatisfactory for both sides. The Court encourages the parties **in the strongest terms** to resolve or greatly narrow their disputes so that further Court intervention is not required and there is no further delay in the review and production of documents.

With respect to the disputes raised by Plaintiffs, the Court will address those disputes at a general level to avoid the need to seal this order. If, however, the parties believe that this order discloses information that should be under seal, the parties should promptly inform the Court by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: August 19, 2026
Title: In re: Tiktok, Inc., Minor Privacy Litigation

email. The first dispute is over Defendants' choice of ESI custodians. Generally the selection of ESI custodians is left to the producing party. Plaintiffs may not simply point to an individual's relevant knowledge to support that the individual should be included as a custodian, as another individual may have custody of overlapping responsive documents. Plaintiffs should be prepared to explain why each proposed custodian is likely to have documents that other custodians would not have. Defendants on the other hand should be prepared to respond why specific agreed-upon custodians would have the information Plaintiffs seek from each proposed custodian, particularly if Plaintiffs point to evidence that suggests only specific individuals may be in possession of certain information. These discussions should be detailed and specific, and Defendants may not simply point to Plaintiffs' lack of knowledge, given that much of this knowledge is only within Defendants' possession. The Court believes that at least some of the proposed custodians from both categories of custodians should be added, but not to the extent requested by Plaintiffs. However, the list of additional custodians ordered by the Court is not likely to coincide with additional custodians that the parties would have agreed upon if ordered to do so given the parties' greater familiarity and knowledge of the case. Therefore, the parties are strongly encouraged to reach a compromise that both sides can live with, rather than leave the decision to the Court.

With respect to the dispute raised by Plaintiffs regarding search terms, to the extent Defendants contend that their systems do not allow for de-duplication and threading of emails, Defendants cannot point solely to a purportedly high hit number count to establish burden. While Defendants complain that they have explained the limitations of their system to Plaintiffs on numerous occasions, Defendants have not offered any compromise in determining whether the search terms are hitting on mostly responsive or non-responsive documents. If Defendants believe that a proposed search term is hitting on a disproportionately high number of unresponsive documents, Defendants may perform a review of a random sample of documents to confirm that suspicion. But given the limitations of Defendants' platforms, it is simply not sufficient to point to a high hit count that includes duplicate and unthreaded documents. For example, if a high percentage of hits for a search term is directly relevant but the number of hits is high because of the inability to de-duplicate and thread, the Court would likely find that Plaintiffs are entitled to those responsive and relevant documents. Plaintiffs are also ordered to consider compromises with respect to connectors, proximity searches, etc. that Defendants have flagged on page 9 of their brief so that the parties can reach a compromise without further Court intervention and without further delay. To the extent Plaintiffs have proposed or will propose narrower search terms and request Defendants to run an additional hit count report, Defendants should do so as soon as practicable so that the results may be discussed by the parties prior to the next IDC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: August 19, 2026
Title: In re: Tiktok, Inc., Minor Privacy Litigation

With respect to running search terms in Mandarin, Defendants must either agree to run search terms in Mandarin for all custodians, or identify which parts of its business conducted their activities entirely in English so the parties can continue their meet and confer efforts as to any additional custodians whose data should be searched in Mandarin.

With respect to the disputes raised by Defendants, Defendants note that an updated hit report was provided a few hours before Defendants filed their letter brief and that Defendants would continue to meet and confer with the goal of resolving or narrowing the issues before the IDC. Based on Plaintiffs' response, there have been further agreements, and Plaintiffs have counter-proposed search terms resulting in a review population of 222,945, comprising 1.8 million pages. The Court notes that Plaintiffs have agreed to certain requests such as disclosure of ESI sources so long as Defendants would do the same, but Defendants have yet to agree. Given that Defendants argue that this type of "custodian-level information is foundational and there is no basis for Plaintiffs to obfuscate," it is unclear why Defendants cannot expressly agree that both sides will provide this information. The parties are ordered to meet and confer and clarify what remains in dispute, and make efforts to resolve any remaining disputes prior to the next IDC.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer cd