DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: TIKTOK, INC. MINOR PRIVACY LITIGATION | MDL No. 3144<br><br>Case No. 2:25-ml-03144-GW-RAO<br><br>**DEFENDANTS' STATEMENT REGARDING DOCUMENT PRODUCTIONS PURSUANT TO THE COURT'S MARCH 13, 2026 MINUTE ORDER, ECF NO. 191** |

On March 13, 2026, the Court ordered that "[a]ll documents are to be produced on or before September 11, 2026" and that "[a]ny documents not produced must be identified." ECF No. 191 at 2. Pursuant to that order, Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., TikTok U.S. Data Security Inc., and TikTok USDS Joint Venture LLC (collectively, "Defendants") hereby submit the following statement:

Defendants have been working diligently to produce documents by today's deadline. To date, Defendants have produced and/or disclosed millions of documents pursuant to Court orders, Plaintiffs' First Set of Requests for Production of Documents served on February 25, 2026 ("First Set of RFPs"), and/or agreements with Plaintiffs, including the following:

- 2.3 million documents that were previously produced to the plaintiffs in *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047 (N.D. Cal. 2022) and *In re Social Media Cases*, JCCP No. 5255 (Cal. Super. Ct. L.A. Cty.) (ECF No. 191), as well as the privilege logs served in those cases (RFP No. 4);
- Approximately 139,000 documents and over 1 million ZenDesk tickets that were made available to the FTC/DOJ in connection with the pre-suit investigation which preceded the filing of *United States v. ByteDance Ltd.*, No. 2:24- cv-06535-GW-RAO (C.D. Cal. Aug. 2, 2024) (ECF No. 178) (RFP No. 1);
- Over 2,100 responsive, non-privileged custodial documents from 13 custodians' GSuite files (Gmail, Gdrive, and Gchat) in response to Plaintiffs' First Set of RFPs[1];
- Source code, including commit logs, for models used to detect, identify, or infer users under the age of 13 (RFP No. 49) or to infer age groups that

[1] As modified and narrowed by virtue of the parties' meet and confer discussions and any Court orders.

encompass users under 13 (RFP No. 50); for the age-gate (RFP No. 50); and for serving, filtering, or restricting advertisements based on age (RFP No. 51);

- Comprehensive data sets for over 100 named plaintiff and random user accounts, comprising more than 1 terabyte of data (ECF Nos. 134, 137);
- Key information about TikTok's data management systems, including data field descriptions prepared specifically for this litigation (ECF Nos. 134, 137), as well as lists of the database names, table names, table descriptions, table size, TTL, create date, last updated date, field names, and field descriptions for thousands of tables that contain U.S. user data;
- TikTok's compliance reports (ECF No. 337) (RFP Nos. 2, 5);
- Historical and current versions of TikTok's Privacy Policy for the Full Access Platform, Children's Privacy Policy, and the Younger User Policy (RFP No. 6);
- Average Revenue Per User Data (RFP No. 16);
- Income statements and balance sheets (RFP Nos. 17, 21, and 23);
- Current versions of certain data retention policies (RFP No. 46); and
- Information sufficient to show what data TikTok collects in Kids Mode and how TikTok's age gate operates.

All that said, Defendants still have more documents to produce. The Parties have engaged in lengthy, robust negotiations over disputes related to custodians and search terms for Plaintiffs' First Set of RFPs, which were only recently resolved by the Parties' August 26, 2026 agreement on 27 document custodians and the Court's order concerning search terms, issued just last week . *See* ECF No. 389. As a result, Defendants expect that the settled-upon custodians and search terms will require Defendants to review more than one million documents for potential responsiveness to Plaintiffs' First Set of RFPs.

Additionally, Plaintiffs served their Second Set of Requests for Production ("Second Set of RFPs") on July 31, 2026, Defendants served their responses and objections to that discovery on August 31, 2026, and the parties are still in the early stages of meeting and conferring regarding the scope of that discovery. Plaintiffs further served a Third Set of Requests for Production ("Third Set of RFPs") yesterday, the responses to which are not due until October 9, 2026. The Parties are only beginning to discuss custodians and search terms for Plaintiffs' Second and Third Set of RFPs.

Given the foregoing, as of today's date, the following categories of non-privileged documents remain to be searched for, reviewed, and produced:

- Additional responsive GSuite documents for all 27 agreed-upon custodians, including additional responsive GSuite documents for the 13 custodians whose documents were already produced, such as documents identified after running the Court-ordered search terms for Plaintiffs' First Set of RFPs;
- Lark documents responsive to Plaintiffs' First Set of RFPs for all 27 agreed-upon custodians;
- Custodial documents (including GSuite and Lark documents) responsive to Plaintiffs' Second Set of RFPs[2];
- Custodial documents (including GSuite and Lark documents) responsive to Plaintiffs' Third Set of RFPs[3];
- Additional non-custodial documents responsive to Plaintiffs' First, Second, and Third Sets of RFPs;
- Additional source code, as specified by the Court's order issued today, ECF No. 405;

[2] As may be modified and narrowed by virtue of the parties' ongoing meet and confer discussions and any Court orders.

[3] As may be modified and narrowed by virtue of Defendants' responses and objections thereto, any meet and confer discussions, and any Court orders.

- User data produced pursuant to the Pilot Search ordered by the Court, ECF Nos. 347, 365; and
- Such other documents as Defendants may identify during the course of this litigation, including but not limited to documents upon which Defendants intend to affirmatively rely.

Dated: September 11, 2026

Respectfully submitted,

By: /s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli

DANIEL M. PETROCELLI
dpetrocelli@omm.com
DREW E. BREUDER
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

MATTHEW D. POWERS
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3832
Telephone: +1 415 984-8700
Facsimile: +1 415 984-8701

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, a true and correct copy of Defendants' Statement Regarding Document Productions Pursuant To The Court's March 13, 2026 Minute Order, ECF No. 191, was served upon the following by CM/ECF:

DEREK W. LOESER
dloeser@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900
(206) 623-3384 (fax)

ERIC A. KAFKA
ekafka@cohenmilstein.com
COHEN MILSTEIN SELLERS AND TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
212-838-7797
212-838-7745 (fax)

Dated: September 11, 2026

*<u>/s/ Daniel M. Petrocelli</u>*
Daniel M. Petrocelli