UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | MDL 25-3144-GW-RAOx | Date | September 23, 2026 |
| Title | *In Re: Tiktok, Inc., Minor Privacy Litigation* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - TENTATIVE RULING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT OR, ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS [371]**

Attached is the Court's Tentative Ruling on Defendants' Motion [371] set for hearing on September 24, 2026 at 8:30 a.m.

:

Initials of Preparer JG

Defendants ByteDance Inc., ByteDance Ltd., TikTok Inc., TikTok Ltd., TikTok LLC, TikTok Pte. Ltd., and TikTok USDS Joint Venture LLC (collectively, "Defendants") move to dismiss the Second Amended Consolidated Class Action Complaint ("SACC," Docket No. 358) pursuant to Federal Rules of Civil Procedure 12(b)(6) or, alternatively, 12(c). *See* Motion to Dismiss ("Motion"), Docket No. 371. Plaintiffs L.G., A.J., S.T., J.C., E.B., J.S., T.W., G.A., M.B., J.E., G.E., D.A., B.A., K.M., A.B., L.M., M.G., V.M., K.A., Z.B., I.B., R.C., B.L.J., B.R.J., K.F., J.W., and S.N. (collectively, "Plaintiffs") oppose the motion. *See* Opposition to Motion to Dismiss ("Opp."), Docket No. 392. Defendants also submit a reply. *See* Reply, Docket No. 404. For the reasons stated herein, the Court would **DENY** the Motion.

## I. Background

### A. Factual Background

Plaintiffs in this action are minors who used TikTok, a social media platform that "allows users to create, upload, and share shortform videos." SACC ¶ 90. Plaintiffs contend that while under the age of 13, their personal information was collected, shared, and exploited without parental notice and consent and in violation of their privacy rights, and seek to impose liability going back to March 28, 2019. *Id.* ¶ 1. The privacy claims in this action are largely predicated on alleged violations of the Children's Online Privacy Protection Act ("COPPA").[1] The factual background of this action has been detailed in the Court's prior rulings, including its tentative (but later final) ruling on Defendants' motion to dismiss Plaintiffs' initial consolidated complaint. *See* Docket Nos. 128, 133. Relevant to the instant motion are two preceding nationwide class actions resulting in settlements that Defendants now argue are preclusive to Plaintiffs' claims.

[1] "COPPA aims to 'safeguard the confidentiality, security, and integrity of . . . children's personal online information' by requiring 'companies that operate websites and online services marketed toward children . . . [to] provide certain disclosures about their data collection activities.' Under COPPA it is unlawful for a website or online service that is 'directed to children' or has 'actual knowledge' of child users to collect personal information from those children unless the platform collects information in a manner permitted by FTC regulations. COPPA further defines a 'website or online service directed to children' as '(i) a commercial website or online service that is targeted to children; or (ii) that portion of a commercial website or online service that is targeted to children.' Thus, a company can become subject to COPPA's requirements in two ways: if its platform is 'directed to children' or it has 'actual knowledge' of child users." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 875 (N.D. Cal. 2024) (citations omitted) (first quoting *Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023); then quoting 15 U.S.C. § 6502(a)(1); and then quoting 15 U.S.C. § 6501(10)(A)).

The first is *T.K. v. Bytedance Technology Co.*, No. 1:19-cv-07915 (N.D. Ill. Dec. 5, 2019) ("*T.K.*" or "*T.K.* Action"). *T.K.* was a nationwide class action brought by children under the age of 13 that followed the Federal Trade Commission's ("FTC's") settlement, in March 2019, of an enforcement action concerning alleged COPPA violations by the operators of TikTok's predecessor Musical.ly.[2] A consent order entered in the enforcement action enjoined TikTok from continuing its past practices and required a $5.7 million penalty, along with certain continuing obligations for the platform. *See Musical.ly*, 2019 WL 13413086, at * 4-8. In the *T.K.* Action, it was subsequently alleged that the FTC's settlement in *Musical.ly* did "not [make] whole the millions of consumers harmed by [defendants'] unlawful conduct." *See* the Complaint in the *T.K.* Action ¶ 57, included as Exhibit 1 in Docket No. 393-1. The *T.K.* Action was settled for $1.1 million for a class of approximately 6 million individuals, as estimated by plaintiffs' counsel. *See* Exhibit 2 in Docket No. 371-2 at 26, 178 (the *T.K.* Action settlement agreement and attachments); Docket No. 393-2 at 11 (motion for preliminary approval).[3] In exchange for TikTok's payment of $1.1 million, the *T.K.* settlement included a broad release from the settlement class covering "all persons residing in the United States who registered for or used the Musical.ly and/or TikTok software application prior to the Effective Date [August 22, 2022] when under the age of 13 and their parents and/or legal guardians."[4] *See* Docket No. 371-2 at 22, ¶ 2.3.

The second is *In re TikTok, Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill.) (the "*Privacy MDL*"). On August 12, 2020, the United States Judicial Panel on

---

[2] *See United States v. Musical.ly*, No. 2:19-cv-01439-GW-(RAO), 2019 WL 13413086 (C.D. Cal. Mar. 27, 2019).

[3] The procedural history of the *T.K.* Action was somewhat unusual. The class action complaint was filed on December 3, 2019. *See* Docket No. 1 in Case No. 1:19-cv-07915 (N.D. Ill.). On December 5, 2019, Plaintiffs filed an "Unpposed [sic] Motion . . . for Preliminary Approval of Class Action Settlement" (*Id.*, Docket No. 5), which included a copy of the Settlement Agreement and Release, which was signed on November 18-19, 2019 (*Id.*, Docket No. 5-1, Exhibit 2). Said motion was granted at a hearing on December 19, 2019. *Id.*, Docket Nos. 12-13. Because of the COVID-19 pandemic, a hearing on the motion for final approval of the class action settlement was ultimately set for August 7, 2020. *Id.*, Docket No. 45. On May 11, 2020, Mark S. filed a motion to intervene and objections to the settlement agreement claiming *inter alia* that: (1) the named plaintiffs had not adequately represented the class, (2) class counsel had failed to act with integrity, (3) the proposed settlement required class members to release significant claims which class counsel had failed to allege, (4) the settlement was not the product of "arm's length" negotiations, and (5) the settlement did not provide class members with adequate relief. *Id.*, Docket No. 24. Following the August 7, 2020 hearing, the motions were taken under submission. *Id.*, Docket No. 46. On March 29, 2021, the court denied both the motion for final approval of the class action settlement without prejudice and Mark S.'s motion to intervene. *Id.*, Docket No. 61. Following extensive supplemental briefing, on March 25, 2022, the court issued its final approval of the class action settlement. *Id.*, Docket Nos. 93-95. A notice of appeal was taken by Mark S., but the appeal was voluntarily dismissed on August 22, 2022. *Id.*, Docket No. 107.

[4] The *T.K.* settlement did not include any injunctive relief.

Multidistrict Litigation transferred a number of separate lawsuits against TikTok to the Northern District of California. *See* Docket No. 1 in Case No. 1:20-cv-04699 (N.D. Ill.) (transfer order). While the consolidated cases concerned issues of consumer/user privacy, the *Privacy MDL* did not allege or focus on any violation of COPPA and made no contentions that TikTok failed to secure parental consent or similar deficiencies. The consolidated cases were focused primarily or exclusively on the Defendants' use of "automated software, proprietary algorithms, AI, facial recognition, and other technologies to . . . [obtain] Class Members' identities, unique identifying information, biometric data and information, images, video and digital recordings, audio recordings, clipboard data, geolocation, names, e-mail addresses, passcodes, social media accounts, messaging services, telephone numbers, and other private, non public, or confidential data and information" and, in turn, "transfer[] to servers in China (and to other servers accessible from within China) vast quantities of private and personally identifiable user data and content that could be employed to identify, profile, and track the physical and digital location and activities of United States users now and in the future." *Id.*, Docket No. 114 (*Privacy MDL* Consolidated Amended Class Action Complaint ¶¶ 9, 11). In September 2020, TikTok entered a settlement agreement with the *Privacy MDL* plaintiffs which provided for a $92 million settlement fund, as well as broad injunctive relief prohibiting Defendants from engaging in the alleged privacy violations going forward. *See In re TikTok, Inc., Consumer Privacy Litigation*, 617 F. Supp. 3d 904, 912 (N.D. Ill. 2022). The settlement purported to release "any and all claims, complaints, actions, proceedings, or remedies of any kind . . . arising from or related to the Civil Actions or the collection and use of any user data, including biometric data . . . arising from the beginning of time to the date that the final approval of the settlement is either affirmed on appeal or the date that the time to appeal the final approval order has expired." *Id.* at 917 n.6.

**B. Procedural History**

On April 3, 2025, in light of many similar private actions against Defendants having been filed by minors in federal courts across the country, the United States Judicial Panel on Multidistrict Litigation ordered the transfer of pending (and potential future) actions to the Central District of California. *See* Transfer Order, Docket No. 1. Plaintiffs filed a Consolidated Class Action Complaint on July 11, 2025. *See* Docket No. 94.

Plaintiffs asserted the following causes of action in the consolidated Complaint on behalf of themselves and proposed multistate classes or state-specific classes: (1) intrusion upon

seclusion under the laws of 38 states; (2) unjust enrichment under the laws of 44 states; (3) California Constitution invasion of privacy; (4) negligence under California law; (5) California Unfair Competition Law ("UCL"); (6) negligence under Connecticut law; (7) Connecticut Unfair Trade Practices Act ("CUTPA"); (8) Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"); (9) negligence under Florida law; (10) negligence under Georgia law; (11) Georgia Fair Business Practices Act ("GFBPA"); (12) negligence under Missouri law; (13) Missouri Merchandising Practices Act ("MMPA"); (14) New York Civil Rights Law ("NYCRL"); (15) negligence under New York law; (16) negligence under Pennsylvania law; (17) Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (18) negligence under Washington law; and (19) Washington Consumer Protection Act ("WCPA"). *See generally* Complaint. On November 6, 2025, the Court granted Defendants' motion to dismiss the Complaint in part – only with respect to "claims brought under the laws of states for which no Plaintiff is domiciled" – and granted leave to amend. *See* Docket Nos. 128, 133. Plaintiffs subsequently amended the Complaint on December 8, 2025, limiting its claims accordingly to the states in which at least one of the Plaintiffs was domiciled. *See generally* First Amended Consolidated Class Action Complaint, Docket No. 144.

On May 28, 2026, Defendants moved to amend their answer to Plaintiffs' amended complaint to include allegations related to defenses of settlement, release, and res judicata based on the *T.K.* and *Privacy MDL* settlements. *See* Docket No. 232. In their reply in support of their motion, Defendants explained that they "could not have raised defenses of release, settlement, or res judicata in their [prior] motion to dismiss because at least some minimal discovery is required to determine the precise scope and impact of the *T.K.* and *Privacy MDL* releases on Plaintiffs' claims – for example, discovery addressing which Plaintiffs were under the age of 13 at the time of those releases, which ones used their TikTok accounts during the prior settlement class periods and, if so, whether they opted out of the settlement classes." *See* Docket No. 263 at 6-7. The Court granted the motion but noted that it "does not adjudicate the merits of Defendants' release defense." *See* Docket No. 285 at 3; Docket No. 295. On July 6, 2026, Defendants filed their Second Amended Answer and Defenses. *See* Docket No. 305. On August 11, 2026, Plaintiffs filed the operative SACC, which added new plaintiffs and state claims. *See* SACC. One week later, Defendants filed the instant motion seeking a ruling "that Plaintiffs' claims and remedies, and the Class Period, are limited to August 22, 2022 forward." *See* Motion at 1.

## II. Legal Standard

### A. Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal pursuant to Rule 12(b)(6) is proper only for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In considering a Rule 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A plaintiff must "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Rule 12(c)

Federal Rule of Civil Procedure 12(c) allows for any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. Besides being available to plaintiffs, the other major difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is the time of filing. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The standard applied on a Rule 12(c) motion is essentially the same as that applied to Rule 12(b)(6) motions, meaning a judgment on the pleadings is appropriate when, even if all

material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

**III. <u>Discussion</u>**

**A. Requests for Judicial Notice**

Before turning to the substance of Defendants' motion to dismiss, the Court must address the parties' requests for judicial notice. *See* Defendants' RJN, Docket No. 371-1; Plaintiffs' RJN, Docket No. 393; Defendants' Supp. RJN, Docket No. 404-1.

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Once a fact is judicially noticed, the court "must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

On a motion to dismiss, courts are typically prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint may be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) and *Lee*, 250 F.3d at 688). A court considering a motion to dismiss may also take judicial notice of "matters of public record," "but not of facts that may be subject to reasonable dispute." *See id.* (citing *Lee*, 250 F.3d at 689). A court considering a motion to dismiss may not, "on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Id.*

Defendants ask the Court to judicially notice multiple docket entries from the *T.K.* Action and the *Privacy MDL*. From the *T.K.* docket, Defendants' request includes the settlement agreement and attached draft complaint (*see* Defendants' RJN, Ex. 1, Docket No. 371-2), the final settlement approval order (*id.* Ex. 2, Docket No. 371-3), and the class action opt-out forms

(Defendants' Supp. RJN, Ex. 6, Docket No. 404-2). From the *Privacy MDL*, Defendants similarly seek notice of the complaint (*see* Defendants' RJN, Ex. 3, Docket No. 371-4), the settlement agreement (*id.*, Ex. 4, Docket No. 371-5), the final settlement approval order (*id.*, Ex. 5, Docket No. 371-6), and the class action opt-out forms (*see Privacy MDL*, Docket No. 207, Exs. A-H). In response, Plaintiffs request notice of additional docket entries in those actions: the class action complaint in *T.K.* (*see* Plaintiffs' RJN, Ex. 1, Docket No. 393-1), the plaintiffs' motion for preliminary approval of the settlement in *T.K.* (*id.*, Ex. 2, Docket No. 393-2), the Judicial Panel on Multidistrict Litigation's transfer order in the *Privacy MDL* (*id.*, Ex. 3, Docket No. 393-3), and the order granting preliminary approval of the class action settlement in the *Privacy MDL* (*id.*, Ex. 4, Docket No. 393-4). All of these documents are matters of public record and do not appear to be subject to any reasonable dispute. As such, the Court finds it appropriate to take notice of all of the documents proffered by the parties.

**B. Motion to Dismiss**

Defendants seek to dismiss "Plaintiffs' claims, and any relief sought pertaining to those claims, up to and through August 22, 2022," the effective date of the *T.K.* settlement, which Defendants argue is preclusive to those claims.[5] *See* Motion at 2. In their Reply, Defendants clarify that the Motion "is not directed to" issues of class certification, including the adequacy and typicality of Plaintiffs' representation of the putative class. *See* Reply at 4. "Rather, this is a Rule 12 motion concerning whether the named Plaintiffs can assert a viable legal claim or seek damages for the alleged collection and use of their data before August 22, 2022."[6] *Id.*

Defendants contend that Plaintiffs' claims are precluded under the doctrine of res judicata or, alternatively, by the settlement releases in the prior actions. Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits in a case precludes a successive action between identical parties or privies concerning the same claim or cause of action." *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019) (quotation marks omitted). Res judicata "protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of

[5] Defendants seek dismissal of Plaintiffs' claims up to and through August 22, 2022, rather than through October 12, 2022, because the *T.K.* release covers a longer period of TikTok platform use compared to the *Privacy MDL* release – *i.e.*, through August 22, 2022 versus on or before October 1, 2021. *See* Motion at 5 n.6.

[6] Defendants also ask the Court to redefine the putative Class Period to begin after that date. *See* Reply at 22.

inconsistent decisions." *Id.* at 687 (quotation marks omitted). If res judicata applies, the doctrine precludes claims that were raised or could have been raised. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Release differs from res judicata in that a class settlement may be drafted broadly to release claims that were not asserted and might not have been asserted in the class action. Because a release may reach claims that could not have been asserted in the initial class action, courts have developed a requirement that the release may only reach claims that stem from an identical factual predicate as those in the underlying action." Kris J. Kostolansky & Diane R. Hazel, *Class Action Settlements: Res Judicata, Release, and the Identical Factual Predicate Doctrine*, 55 Idaho L. Rev. 263, 265 (2019); *see also Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action.") (citations and quotation marks omitted).

Preclusion on the basis of a previous class action settlement may be decided at the pleadings stage where the defense is established by the materials properly before the Court and raises no disputed issues of fact. In *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 745-49 (9th Cir. 2006), for example, the Ninth Circuit affirmed dismissal based on a prior class action settlement where the plaintiffs were members of the settlement class and were precluded from relitigating the prior court's determination that their claims were released. The court also concluded, in the alternative, that the settlement released their claims. *Id.* at 748-49. There, the named plaintiffs had objected through counsel to the prior settlement but had not opted out of the class action. *Id.* at 745. Thus, there was no dispute as to whether the named plaintiffs were members of that prior class. *See id.*; *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming dismissal on res judicata grounds and explaining that the defense may be raised under Rule 12(b)(6) when it "raises no disputed issues of fact"); *ASARCO, LLC v. Union Pacific Railroad Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (explaining that dismissal based on an affirmative defense is improper if the allegations and judicially noticeable materials leave disputed issues of fact).

Here, the Court would find that Defendants have not established that Plaintiffs herein are members of the *T.K.* class based on the record available at the pleadings stage. The settlement class included individuals residing in the United States – and their parents or legal guardians –

who registered for or used TikTok or its predecessor, Musical.ly, before August 22, 2022 (*see* footnote 3, *supra*) when under the age of 13. *See* Motion at 2-3 (quoting *T.K.* Settlement ¶ 2.3). Defendants have not established that the Plaintiffs herein registered for or used the applications before that date while under the age of 13. The SACC does not delineate the birth dates or first-use dates of any of the named Plaintiffs; it alleges instead that Plaintiffs were under the age of 13 and used TikTok *during the Class Period*, which is defined as March 28, 2019 to the present. *See* SACC ¶¶ 1, 22-43. Those allegations do not establish when within that period Plaintiffs used TikTok. Nor do any of the judicially noticed materials establish Plaintiffs' ages or first-use dates. Defendants point to opt-out notices in both actions, arguing that none of the initials of opted out plaintiffs match any of Plaintiffs' initials in this case. *See* Reply at 8-9 & n.2. Even assuming, however, that none of the Plaintiffs *opted out* of the previous actions, Defendants still have not shown that they were class members in the first place. A person need not opt out of a class to which that person never belonged. Indeed, Defendants have previously explained that "at least some minimal discovery is required to determine . . . which Plaintiffs were under the age of 13 at the time of those releases, which ones used their TikTok accounts during the prior settlement class periods and, if so, whether they opted out of the settlement classes." *See* Docket No. 263 at 6-7. Unlike in *Reyn's Pasta Bella*, where there was no dispute as to plaintiffs' membership in the prior settlement class, those membership facts remain unresolved here. *See* 442 F.3d at 745-49. The Court therefore would not dismiss Plaintiffs' claims based on the *T.K.* settlement at the pleadings stage.[7]

Defendants counter that Plaintiffs should not be able to avoid adjudication of res judicata and release simply by artfully pleading around the pertinent facts, and that no further discovery is required. *See* Reply at 8. Specifically, Defendants argue that "Plaintiffs knew these releases would be at issue" and "knew full well whether they were under 13 and used the platform prior to August 22, 2022 or October 1, 2021, which would make them members of the T.K. and Privacy MDL classes." *Id.* Because they "chose not to allege those facts" and "have not asked the Court for leave to amend to allege them," Defendants contend that Plaintiffs should not be permitted to rely on further discovery to avoid adjudication of the defenses. *Id.*

---

[7] The same problem arises with the *Privacy MDL* settlement. Its class definition requires use of the application before the October 1, 2021 preliminary approval order, but the pleadings and judicially noticed materials likewise do not establish that Plaintiffs herein used the application before that date. *See* Motion at 4; Opp. at 16-17.

The Court is unconvinced by this argument. Plaintiffs are not required to plead additional facts solely to anticipate and defeat an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212, 215-16 (2007), explains the distinction between pleading a claim and pleading around affirmative defenses like release and res judicata, *see* Fed. Rule Civ. Proc. 8(c)(1). As the Supreme Court explained:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground[.]

*Jones*, 549 U.S. at 215. Thus, even if Plaintiffs knew these defenses were coming and know their ages and use histories, they need not plead around Defendants' affirmative defenses of release and preclusion if they otherwise sufficiently plead their causes of action. *See* Fed. R. Civ. P. 8(c)(1). For the same reason, Defendants' futility argument does not supply a basis for dismissal. *See* Reply at 10. Defendants cite multiple cases addressing denial of leave to amend where amendment would be futile. *See, e.g.*, *Okai v. Kaiser Permanente Int'l*, No. 22-cv-112-TWR-(BGSx), 2024 WL 3857116, at *4 (S.D. Cal. July 11, 2024); *Bell v. Lee*, No. 13-cv-05820-SI, 2023 WL 4237582, at *5 (N.D. Cal. June 27, 2023). But those cases do not relieve Defendants of the need to establish a ground for dismissal in the first place. Here, there is no identified pleading deficiency requiring amendment, and Defendants have not established their defenses on the record properly before the Court.

Next, Defendants argue that the Court should dismiss Plaintiffs' claims arising before August 22, 2022, *regardless of whether they were members* of the prior settlement classes. *See* Reply at 6-10. Defendants create the following syllogism in support of this assertion: a plaintiff who was under 13 and used TikTok during the relevant period is bound by the settlements; one who did not cannot recover for that period and lacks standing to represent those who did; therefore, uncertainty as to whether Plaintiffs were under 13 and used TikTok before August 22, 2022 does not prevent dismissal. *Id.* at 2, 6, 9-10 & n.4. Thus, according to Defendants, Plaintiffs are either precluded or lack Article III standing because they were never injured during the relevant time period. Even considering this standing argument – raised only in Defendants' Reply – the Court is unpersuaded. This Court has consistently held that plaintiffs with standing to pursue their own

claims may, at the pleadings stage, pursue class claims involving injuries that are not identical to their own – at least where their injuries are sufficiently similar to those alleged on behalf of the class. *See, e.g.*, *Abbott v. Ticketmaster, LLC*, No. 2:25-cv-10757-GW-(KSx), Docket No. 73, at 7 (C.D. Cal. June 12, 2026); *Enriques v. Only What You Need, Inc.*, No. 2:24-cv-08969-GW-(BFMx), Docket No. 59, at 5-6 (C.D. Cal. Sept. 23, 2025).

In those circumstances, arguments that Plaintiffs did not suffer the exact same injuries as other class members go to class certification, not standing. While standing and class certification are overlapping concepts, the Ninth Circuit has explained that "[t]hey spring from different sources and serve different functions." *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015), *cert. denied sub nom. Maricopa Cnty., Ariz. v. Melendres*, 577 U.S. 1062 (2016). "*Standing* is meant to ensure that the injury a plaintiff suffers defines the scope of the controversy he or she is entitled to litigate. *Class certification*, on the other hand, is meant to ensure that named plaintiffs are adequate representatives of the unnamed class." *Melendres*, 784 F.3d at 1261 (emphasis in original). When there is a "disjuncture between the claims of named plaintiffs and those of absent class members," courts have inconsistently classified the disjuncture as either "an issue of standing" or "an issue of class certification." *Id.* (citation omitted). Under the Ninth Circuit's approach, however, "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." *Id.* at 1262 (citation omitted). Accordingly, "any issues regarding the relationship between the class representative and the passive class members – such as dissimilarity in injuries suffered – are relevant only to class certification, not to standing." *Id.* at 1262 (citations omitted). Here, Plaintiffs allege that Defendants collected and used their information without the required parental consent while they were under the age of 13 and seek to represent a class alleging the same type of injury. Whether Plaintiffs can represent class members who experienced that conduct earlier in the proposed Class Period concerns their representative capacity under Rule 23, and the possibility that Plaintiffs used TikTok only after August 22, 2022 does not defeat their standing to pursue the alleged claims.

Likewise, the Court would decline to entertain arguments for redefining the Class Period on the present Motion, *see* Reply at 22, because the temporal scope of Plaintiffs' representation is more appropriately addressed at class certification. One reason for this is that Defendants do not seek, through their preclusion argument, to dismiss any cause of action in its entirety. "This Court

does not typically 'dismiss' theories, or parts of claims in connection with a Rule 12(b)(6) motion." *Alcon Ent., LLC v. Tesla, Inc.*, No. 24-cv-09033-GW-(RAOx), 2025 U.S. Dist. LEXIS 66291, *30 (2025); *see also Franklin v. Midwest Recovery Sys., LLC*, 18-cv-02085-JLS-(DFMx), 2020 WL 3213676, at *1 (C.D. Cal. Mar. 9, 2020) (explaining that Rule 12(b)(6) "does not provide a mechanism for dismissing only a portion of a claim" and collecting cases). Even if the Court limited the Class Period in this action, Plaintiffs' causes of action would still survive. Defendants counter by pointing to cases allowing early restriction of a class period. *See, e.g.*, *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008); *Keilholtz v. Lennox Hearth Products*, No. C 08-00836 CW 2009, WL 2905960, at *3-5 (N.D. Cal. Sept. 8, 2009). The Court is unaware, however, of any *requirement* in the Ninth Circuit that courts must perform this analysis at the pleadings stage. To the contrary, "[c]ourts that have stricken class allegations at the pleading stage . . . have only done so in rare occasions where the class definition is obviously defective in some way." *See Bradshaw v. City of Los Angeles*, No. 19-cv-6661-GW-(MARx), 2023 WL 8113300, at *4 (C.D. Cal. Sept. 22, 2023) (citation and quotations omitted).

Indeed, other courts in this circuit have expressly deferred such issues to class certification. *See Hagins v. Knight-Swift Transp. Holdings Inc.*, No. CV-22-01835-PHX-ROS, 2023 WL 3627478, at *3 n.1 (D. Ariz. May 24, 2023) ("[T]he proposed class period is better argued and assessed at the class certification stage, rather than dismissing certain facts upon a motion to dismiss."); *see also In re Vaxart, Inc. Sec. Litig.*, 576 F. Supp. 3d 663, 675 (N.D. Cal. 2021) (declining to adjust the class period at the pleading stage despite identifying the first actionable statement as occurring ten days after the proposed period began). Defendants attempt to distinguish *Hagins*, arguing that it "depended on unpleaded facts," whereas their argument "depends entirely on the pleadings and judicially noticeable documents." *See* Reply at 7-8. Again, that distinction assumes away one of the precise problems with their own argument. Neither the pleadings nor the judicially noticed documents establish Plaintiffs' membership in the prior settlement classes, and Defendants' alternative standing argument does not cure that problem. As such, the Court need not reach the parties' remaining disputes concerning the preclusive effect of the *T.K.* or *Privacy MDL* settlements.[8]

---

[8] This conclusion is also supported by a similar determination in the *Privacy MDL*. There, TikTok argued that the settlement previously approved in that action barred later-filed class actions concerning data collection through

## IV. Conclusion

Based on the foregoing discussion, the Court would **DENY** Defendants' motion to dismiss without prejudice to Defendants' renewal of their res judicata and release defenses at an appropriate later stage.

---

TikTok's in-app browser. After the JPML transferred those actions into the existing MDL, the court exercised its retained jurisdiction to interpret and enforce its own settlement. *See In re TikTok, Inc., Consumer Priv. Litig.*, 713 F. Supp. 3d 470, 483-84 (N.D. Ill. 2024). The court examined the release's substantive scope but declined to dismiss the new claims because unresolved factual questions prevented it from determining whether the release encompassed those claims consistently with due process. *Id.* at 501-02. The court permitted the claims to proceed without prejudice to renewal of the release and claim-preclusion defenses following further factual development. *Id.* at 502.