UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: September 29, 2026
Title: In re: Tiktok, Inc., Minor Privacy Litigation

---

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | Tape No.: CS 9/29/2026 |
|---|---|
| Deputy Clerk | Court Recorder: CourtSmart |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Derek Loeser<br>Karina Puttieva<br>Eric Kafka<br>Cari Laufenberg<br>Nicandro Iannacci | Siddharth Mody<br>Esteban Rodriguez<br>Jonathan Le |

**Proceedings: MINUTES OF VIDEO DISCOVERY HEARING**

The case was called for an informal discovery conference ("IDC") by Zoom, and counsel entered their appearances by video. The audio recording and transcript for this hearing shall be sealed. Counsel for both sides are permitted to order transcripts for the hearing.

The Court confirmed with the parties that there are no proposed redactions to the Court's August 31, 2026 and September 11, 2026 orders.[1] *See* Dkt. Nos. 389, 405. **The Court directs the Clerk to unseal both orders.**

The Court grants the parties' requests to seal Defendants' motion for reconsideration and the letter briefing regarding the source code dispute based on their joint statements regarding sealing. *See* Dkt. Nos. 403, 417.

The Court and the parties discussed the pending disputes, summarized as follows:

1. **Function source code layers**: Based on the discussion on the record, Defendants shall comply with the Court's September 11, 2026 order for "Option 1," which was Plaintiffs' selection of the two options. The Court will not modify the deadlines at this time. Although Defendants should be prepared to fully comply with the order, the parties are

[1] Both orders directed the parties to email the Court with any proposed redactions within seven days. The Court did not receive any proposed redactions by email.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: September 29, 2026
Title: In re: Tiktok, Inc., Minor Privacy Litigation

strongly encouraged to meet and confer as to ways for Plaintiffs to obtain the most critical function source code and layers on an expedited timeline.

2. **Upstream source code (or whether/when/how source code)**: The Court orders Defendants to produce the upstream source code or to provide the information Plaintiffs are seeking with respect to "whether/when/how" source code. The Court's prior orders did not make a distinction between upstream and downstream source code. Based on Defendants' prior letter brief regarding source code and accompanying expert declaration, it is not clear that going "upstream" would involve the same branching issues as downstream source code. The Court directs Defendants to Plaintiffs' September 4, 2026 letter briefing regarding "whether/when/how" source code to focus their search and inquiries to provide Plaintiffs the information they are seeking.
3. **RFP No. 51**: Defendants agreed to comply with the Court's September 11, 2026 order to provide the source code for any advertisement model that serves, filters, and/or restricts advertisements for users 24 and under, even if the model does not expressly target those younger age groups.
4. **Mandarin search terms**: The parties are ordered to finalize the list of Mandarin search terms by the end of this week, Friday October 2, 2026.
5. **Depositions**: The Court expects depositions to begin by early November. Each side should provide opposing counsel with a list of no more than 20 depositions that they would like to prioritize for their briefing on the upcoming motion for class certification. Depositions should begin for both sides in November. While the prioritized depositions requested by Plaintiffs should take place with sufficient time for incorporation of testimony in moving papers, the Court views there to be some flexibility on timing with respect to Defendants' requested depositions given the later deadline for Defendants to oppose Plaintiffs' motion for class certification. However, this does not mean that Plaintiffs should insist that all their prioritized depositions take place before Defendants can begin taking their prioritized depositions. The Court orders the parties to begin the scheduling process and checking witness availability, with the understanding that calendaring is tentative and subject to modification based on witness availability and changes in priority after review of document production. The parties should also discuss prioritization of document production for earlier deponents, and the feasibility of accelerating document production for certain witnesses may inform the scheduling of those depositions. To the extent Defendants intend to assert any objections based on the apex witness doctrine, Defendants should inform Plaintiffs promptly upon receipt of Plaintiffs' list of prioritized depositions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: September 29, 2026
Title: In re: Tiktok, Inc., Minor Privacy Litigation

6. **Document production**: Plaintiffs confirmed an October 16, 2026 deadline for substantial document production, except as to delays that are out of their control with respect to DYD files from other online services. Defendants stated that they expect substantial production by the end of November, excluding Lark chats. This deadline is not acceptable given the need for documents prior to depositions, and the upcoming deadline for Plaintiffs to file their motion for class certification. The Court therefore orders substantial production by the end of October, with the understanding that Defendants should be making rolling productions throughout October.
7. **Defendants' request for login history from Plaintiffs' parents' TikTok files**: The Court will not order production of login history for the reasons stated on the record.
8. **Relevant time period**: Defendants confirmed that they served amended responses to Plaintiffs' Second Set of RFPs the night before the hearing and that they will strike or withdraw language that limited the relevant time period to a period shorter than what the Court previously ordered.
9. **Defendants' RFA Nos. 44 and 51**: Instead of directing Plaintiffs to admit or deny whether they are class members of prior settlements, the Court orders as follows. For RFA No. 44, the Court directs Plaintiffs to admit or deny whether they: (1) resided in the United States; (2) were under 13 as of August 22, 2022; and (3) registered for or used Musical.ly or TikTok before August 22, 2022. For RFA No. 51, the Court directs Plaintiffs to admit or deny whether they: (1) resided in the United States; and (2) used TikTok before October 1, 2021.
10. **Meet and confer**: The parties are ordered to complete their meet and confer efforts on Plaintiffs' written discovery and Rule 30(b)(6) notice and Defendants' request for hit reports for the DYD files of Plaintiffs' other online services by **October 6, 2026**.
11. **Next Joint Status Report (JSR) and IDC**: The parties shall file their next JSR by **October 7, 2026**.[2] The Court tentatively sets an IDC by Zoom for **Friday, October 9, 2026, at 10 a.m.**

**IT IS SO ORDERED.**

3 : 37
Initials of Preparer cd

[2] Given the limited time remaining before the deadline for filing a class certification motion, as stated on the record, the Court is unlikely to order letter briefing on disputes.