UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: October 9, 2026
Title: In re: Tiktok, Inc., Minor Privacy Litigation

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| C. Delgado | Tape No.: CS 10/09/2026 |
| Deputy Clerk | Court Recorder: CourtSmart |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Eric Kafka | Siddharth Mody |
| Karina Puttieva | Jonathan Le |
| Cari Laufenberg | Trevor Garmey[1] |
| Garrett Heilman | Nora Salem |
| Nicandro Iannacci | |
| Sam Wilson | |
| Krystyna Gancoss | |

**Proceedings: MINUTES OF VIDEO DISCOVERY HEARING**

The case was called for an informal discovery conference ("IDC") by Zoom, and counsel entered their appearances by video. In light of the sealed status of the parties' October 7, 2026 Joint Status Report, the audio recording and transcript for this hearing shall be sealed. Counsel for both sides are permitted to order transcripts for the hearing.

The Court and the parties discussed the pending disputes, summarized as follows:

1. **Source code production**: The Court directs the parties to meet and confer further with respect to Defendants' request for the parties' experts to speak with each other regarding the whether/when/how source code.

[1] It does not appear that Mr. Garmey and Ms. Salem are listed on the docket as attorneys of record for Defendants. Mr. Garmey and Ms. Salem shall file notices of appearance as soon as practicable. Going forward, any counsel who will be speaking at a discovery hearing should file a notice of appearance prior to the hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: October 9, 2026
Title: In re: Tiktok, Inc., Minor Privacy Litigation

2. **Prioritization of document production by custodian**: Defendants confirmed that they will prioritize according to Plaintiffs' list when possible and counsel stated that they would confer with their client to provide Plaintiffs with accurate information on what prioritization is possible and upcoming. Defendants shall provide an update to Plaintiffs as soon as practicable.
3. **Assertion of *Apex* doctrine**: Defendants confirmed that they will be asserting the *Apex* doctrine. By **October 13, 2026**, Defendants shall inform Plaintiffs of the Rule 30(b)(1) deponents for whom Defendants intend to assert the *Apex* doctrine.
4. **Rule 30(b)(6) deposition topics**: Plaintiffs indicated that they would send a letter today on the topics. The parties are directed to continue their meet and confer on these topics. As Defendants begin to identify witnesses on agreed-upon topics, they shall indicate, if known, whether designated witnesses will cover other topics and/or are also Rule 30(b)(1) witnesses.
5. **Lark chats and Mandarin search terms**: As stated on the record, the Court finds that Plaintiffs' request to expand the proximity connectors by a factor of 2.5 is untimely in light of the Court's direction to the parties to finalize Mandarin search terms by October 2, 2026. *See* Dkt. No. 423 at 2. Plaintiffs do not dispute Defendants' assertion that the October 2 version of Mandarin search terms that Defendants began to apply are consistent with a list previously provided by Plaintiffs except for corrections of syntax and other non-substantive changes. The Court will not direct Defendants to redo the implementation of the first round of search terms that began after October 2, 2026. However, the Court partially reverses itself in stating that this ruling is without prejudice to Plaintiffs requesting that certain of these search terms be applied with the expanded proximity connectors with the next round of search terms that are anticipated for Plaintiffs' second and third sets of RFPs. The Court recognizes that its August 31, 2026 order regarding search terms stated that it is "without prejudice to the parties returning after initial productions to address deficiencies or gaps with either side's production." Dkt. No. 389 at 2. The Court acknowledges the prejudice argued by Plaintiffs with respect to certain portions of the search terms that could be rendered null by a w/5 proximity connector because the Mandarin translated terms themselves would

count as more than 5 words or characters. To the extent that Defendants agree that it would be more efficient to redo the initial application of search terms with expanded connectors rather than include expanded search terms in a later wave, Defendants may choose to do so and inform Plaintiffs of that decision. As to Defendants' estimated dates of production, the Court's prior order setting deadlines continues to apply absent a modification of case deadlines by Judge Wu.

6. **Identification of custodial and non-custodial ESI sources**: The parties agreed that they will keep the opposing side updated to the extent they identify additional custodial sources, and there should be parity in information exchange. As to non-custodial ESI sources, the Court has reviewed the ESI protocol as cited by Plaintiffs. *See* Dkt. No. 156 at 9-10. Both sides shall comply with the ESI protocol regarding collection and production of documents or categories of documents that are easily identifiable and segregable without the use of search terms and identification of categories of documents that will be produced with and without the use of search terms.
7. **Plaintiffs' DYD files**: Plaintiffs indicated that they would be sending Defendants an update today and that they will continue to meet and confer with Defendants. The parties must work out a procedure or restriction so that non-plaintiff minors' images, videos, etc. are not disclosed. The Court directs the parties to include an update in the next Joint Status Report.
8. **Plaintiffs' responses to Defendants' RFPs**: There is no ripe dispute yet and the parties will continue to meet and confer.
9. **RFP Nos. 58 and 59**: Defendants agreed to provide, by the morning of October 14, 2026, their arguments in writing regarding these RFPs that were made on the record during the hearing. The parties shall meet and confer further, including on next steps if it becomes clear that further briefing is required.
10. **RFP No. 100**: Defendants indicated that the parties agreed to exchange documents cited in expert reports when the expert reports are exchanged, which resolves this dispute.
11. **Interrogatory counting**: The Court will not issue a ruling on whether Interrogatory Nos. 13-16 should count as more than one interrogatory each, given Plaintiffs' representation that these interrogatories relate to the user

data issues that are before Judge Wu. As to the remaining interrogatories, the Court finds that Interrogatory Nos. 3-7, 9, and 10 count as one interrogatory each. The parties informed the Court that Plaintiffs agreed to count Interrogatory No. 17 as four interrogatories. Even with this agreement, Plaintiffs have not exceeded the default limit for interrogatories.

12. **Interrogatory Nos. 3-7**: Defendants may rely on Rule 33(d) except as follows:
    - If there are any unwritten policies, procedures, processes, models, etc., they should be included in a narrative response. If there are no unwritten policies, procedures, processes, models, etc. after a diligent inquiry, Defendants shall state so in their written response.
    - Defendants must provide a narrative response identifying and describing “any material changes” for Interrogatory Nos. 3, 5, and 7.
    - Defendants must provide a narrative response stating “the reasons why [Defendants] did not implement” for Interrogatory Nos. 4 and 6.

    Additionally, where Defendants rely on Rule 33(d), they must link each responsive policy, procedure, process, model, etc. to the respective Bates number(s).
13. **Interrogatory Nos. 18, 19**: The Court will not order further responses at this time in light of Defendants’ assertion that the requested calculations require expert analysis.
14. **RFA Nos. 29, 30**: The Court confirms its tentative ruling that it will not order further responses to these RFAs as written. However, the parties should not extrapolate from this ruling that the Court would find acceptable other similar RFA responses.
15. **RFA Nos. 31-33, 75**: The Court finds that Defendants’ denials of these RFAs are sufficient.
16. **Defendants’ further amended responses to RFAs**: Defendants shall inform Plaintiffs by October 13, 2026, as to when they expect to serve their further amended responses.
17. **Next Joint Status Report (JSR) and IDC**: The parties shall file their next JSR by **October 20, 2026**. The Court sets an IDC by Zoom for **Thursday, October 22, 2026, at 10 a.m.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-ml-03144-GW (RAOx) Date: October 9, 2026

Title: In re: Tiktok, Inc., Minor Privacy Litigation

2 : 42

Initials of Preparer cd