# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

T.K., THROUGH HER MOTHER SHERRI LESHORE, and A.S., THROUGH HER MOTHER, LAURA LOPEZ, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

BYTEDANCE TECHNOLOGY CO., LTD., MUSICAL.LY INC. MUSICAL.LY THE CAYMAN ISLANDS CORPORATION,

Defendants.

Case No. 19-CV-7915

Judge John Robert Blakey

# FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Hearing on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Incentive Awards on August 31, 2021, notice of this Hearing having been duly given in accordance with this Court's Preliminary Approval Order [13] and Minute Order regarding the Supplemental Notice Program [68], having considered all matters submitted to it, and good cause appearing therefore,

This Court hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. This Order incorporates by reference the Settlement Agreement dated November 19, 2019, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein. This Order also incorporates by reference the terms of this Court's Preliminary Approval Order [13].

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the Settlement Class identified in this Court's Preliminary Approval and the Settlement Agreement.

3. The Court hereby finds the Settlement Agreement to be a product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, and Defendants and their counsel.

4. The Court hereby finds and concludes that Class Notice issued to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination complied with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, constituted the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by the Settlement Administrator to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Settlement Administrator has received, from certain members of the Settlement Class, requests for exclusion from the Class and has provided Class Counsel and Defendants' counsel copies of those requests. These timely requests for exclusion from the Settlement Agreement have been submitted to the Court. [81-2] at 29–54. The Court finds that the six members identified in [81-2] filed timely requests for exclusions with the Settlement Administrator and are excluded from the Class and will not be bound by the terms of the Settlement Agreement.

8. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions. Each non-excluded Settlement Class Member is hereby bound by the Settlement Agreement.

9. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel.

10. This Court hereby dismisses all claims against Defendants in this Action by current and former Plaintiffs with prejudice, except for those claims of the six Settlement Class Members who elected exclusion from the Settlement Class. The claims of those six Settlement Class Members shall be dismissed without prejudice.

11. Plaintiffs and each and every one of the Settlement Class Members, as well as their respective assigns, heirs, executors, administrators, successors, representatives, agents, partners, attorneys, predecessors-in-interest, and any (past or present) authorized users of their cellular or residential telephones unconditionally, fully, and finally release, resolve, relinquish and forever discharge each and every one of the Released Parties from each of the Released Claims. The Plaintiffs and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or related in any way to the Released Claims. This release shall be interpreted to the fullest extent of res judicata principles. In addition, this Order serves to terminate any rights of the Class Representatives and each and every one of the non-excluded Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws. Except that nothing in this Order shall be interpreted to prevent Class Members from participating in the TikTok MDL, No. 2948.

12. This Order permanently bars and enjoins Plaintiffs and each and every non-excluded Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, representatives, agents, partners, attorneys, predecessors-in-interest, and any (past or present) authorized users of their telephones, from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This Court finds this permanent bar and injunction necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and so orders this permanent bar and injunction in aid of this Court's jurisdiction and to protect its judgments.

13. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiffs in the Action. Further, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified for any purpose. To this end, the settlement of the Action, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or related to the Settlement Agreement: (i) are not and will not be deemed to be, and may not be

used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Further, evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

14. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

15. In the event that any provision of the Settlement or this Order is asserted by Defendants as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and the Court orders them in aid of its jurisdiction and to protect its judgment.

16. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

17. In connection with the Settlement, all forms of Class Notice specifically and clearly advised Class Members that Class Counsel would seek attorneys' fees of

up to 33% of the Settlement Fund, reimbursement for their out-of-pocket expenses litigating this matter, and service awards of $2,500 for the two named plaintiffs.

18. Accordingly, Class Counsel has petitioned the Court for attorneys' fees in the amount of $200,000, payable from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19. Class Counsel additionally seek reimbursement of their out-of-pocket costs of $16,133.53 incurred in prosecuting the case.

20. Class Counsel also respectfully move for an award of $2,500 to Plaintiffs for their work on behalf of the Class.

21. Defendant has not opposed the requested fees, costs, or incentive awards. Similarly, although the Class received notice of the requested fees, costs, and incentive awards, no other objection has been raised to the request.

22. The Court has considered the arguments and authorities in Class Counsel's petition, being fully advised thereof, and good cause having been shown, the Court finds a fee award of $200,000 fair and reasonable under the circumstances and consistent with the factors set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), and GRANTS the request in its entirety.

23. The Court further finds that Class Counsel's request for reimbursement of their out-of-pocket costs of $16,133.53 incurred in prosecuting the case is fair and reasonable.

24. The Court further finds incentive awards to Plaintiffs, in the amount of $1,000 each, fair, reasonable, and appropriate in light of their efforts on behalf of the class, and grants Plaintiffs' Motion for Incentive Awards in that amount.

25. Finding that there is no just reason for delay, this Court directs the Clerk of the Court to enter this Order on the docket, and it shall serve as a final judgment pursuant to Rule 54(b) forthwith.

**SO ORDERED**.

Dated: March 25, 2022

ENTERED:

John Robert Blakey
United States District Judge