# KELLER ROHRBACK L.L.P.

DEREK W. LOESER
(206) 224-7562
DLOESER@KELLERROHRBACK.COM

November 9, 2026

**VIA ECF**

Hon. Rozella A. Oliver
Edward R. Roybal Federal Building and
United States Courthouse
255 E Temple St., Room 590
Los Angeles, CA 90012

Re: *In re TikTok, Inc., Minor Privacy Litigation, MDL No. 3144*: Responsive Letter Brief re Plaintiffs' Requests for Production Nos. 58 and 59

Dear Magistrate Judge Oliver:

Pursuant to the Court's October 29, 2026 Order (Dkt. 478), Plaintiffs respond to Defendants' letter brief seeking a protective order sustaining their objections to Plaintiffs' Requests for Production ("RFPs") Nos. 58 and 59 (Dkt. 486).

Defendants are trying to obscure the question currently before the Court—whether certain subsections of RFP Nos. 58 and 59 are relevant[1]—by kicking up dust about the merits of their 19th Affirmative Defense asserting "Settlement, Release, and Res Judicata" based on *T.K.* and *Privacy MDL*. Dkt. 433 (Answer and Aff. Defenses) at 156. But even if Defendants were correct on the underlying merits of that defense—and as illustrated below, they are not—these RFPs would still be relevant and discoverable. Looking past Defendants' obfuscation, it is apparent that they are trying to assert a defense while simultaneously denying Plaintiffs any discovery to test that defense. The Court should reject this abuse of the discovery process.

As the party resisting discovery, Defendants "carry a heavy burden of showing why discovery [should be] denied." *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). And to win a protective order, Defendants may not rely on "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," but must make a "particularized showing of good cause." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (quotations and citation omitted). And, "[r]elevance under Rule 26(b) is broadly defined." *Burt v. Ramos*, No. 24-CV-00662, 2025 WL 1239621, at *3 (S.D. Cal. Apr. 29, 2025).

## I. The RFPs Are Discoverable to Show That Defendants' Res Judicata Defense Fails Regardless of Defendants' Merits Arguments.

Defendants' half-hearted argument that that RFP Nos. 58 and 59 are not relevant to their res judicata and release defense can be quickly disposed of. Their assertion that the identical factual predicate test "depends on the nature of the claims alleged in the complaints—not what the parties may have said to each other during settlement communications," Dkt. 486 at 5, is incorrect as shown by multiple cases discussed in Plaintiffs' letter brief. Dkt. 483 at 3–4. Their further assertion that only Defendants are entitled to discovery on this defense is also wrong. *See In re TikTok, Inc., Consumer Priv. Litig*., 713 F. Supp. 3d 470, 502 (N.D. Ill. 2024) ("If TikTok intends to rely upon additional factual information [related to the identical factual predicate analysis], Plaintiffs may seek discovery to test the merits and credibility of TikTok's position.").

Because the RFPs are relevant to the identical factual predicate analysis, the Court should compel Defendants to produce all non-privileged responsive documents regardless of whether the Court finds that they are irrelevant to the enforceability of prior settlements. Fed. R. Civ. P. 26(b)(1); *see also Martinez v. James River Ins. Co*., No. 19-CV-01646, 2020 WL 1975371, at *4 (D. Nev. Apr. 24, 2020). This is the only argument that the Court needs to rule on to find for Plaintiffs.

## II. It Would Be Inappropriate for the Court to Engage Defendants' Merits Arguments Through This Discovery Dispute.

---

[1] Defendants do not contend that RFP Nos. 58(a), (b) and (d), and 59(a) are outside the scope of their arguments. *See* below § III.A.

Defendants' letter brief is a lengthy argument about the merits of their 19th Affirmative Defense. Nearly the first three pages, out of only six total, argue that the *T.K.* and *Privacy MDL* courts are the exclusive forum in which to enforce the settlements, such that challenges to the enforceability of the prior settlements can only be addressed in the Northern District of Illinois. Dkt. 486 at 1–3. Two cases that they cite in their letter brief, *Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir. 1998), which is their primary case, and *In re VMS Sec. Litig.*, 103 F.3d 1317 (7th Cir. 1996), are the same as those that they also relied upon in their substantive briefing asserting this defense, Dkt. 404 (Defs.' Reply ISO Mot. to Dismiss) at 19.

But, as Plaintiffs explained in their letter brief, Defendants may not withhold discovery based on *their* conclusions about the merits of the defense. Dkt. 483 at 5 (discussing *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507 (D. Nev. 2020)). When Judge Wu granted Defendants leave to amend their answer to add their 19th Affirmative Defense, he noted that his order did not adjudicate the merits of the defense, called the defense "unproven," and directed Defendants not to withhold discovery based on that defense. Dkt. 285 (Tentative Order Granting Defendants' Motion for Leave to Amend) at 3, *adopted as final by* Dkt. 295. So, Defendants' assertion that "[t]his Court's lack of jurisdiction renders Plaintiffs' discovery irrelevant and warrants entry of a protective order" gets it backwards. Dkt. 486 at 3. The only way for Defendants to succeed on their discovery arguments is if Your Honor *first* rules with Defendants on their underlying merits arguments and against Plaintiffs' counterarguments presented below—*i.e.*, the Court must first rule that Defendants have *not* waived their contractual right to the settlement agreements' forum-selection provisions, and that claims for fraudulent inducement of a settlement agreement may be asserted only in the Northern District of Illinois. But those are questions of merits, not of discovery. The appropriate role for the Court at this time is to defer those merits questions until they are properly presented, and to conclude that these RFPs are relevant to the 19th Affirmative Defense and thusly discoverable. *See, e.g.*, *Dunhall Pharms., Inc. v. Discus Dental, Inc*., 994 F. Supp. 1202, 1204 (C.D. Cal. 1998) ("By placing [certain materials] at issue, the defendant creates a right to discovery of certain materials, even if those materials are not themselves admissible.").

## III. Even If the Court Considers Defendants' Merits Arguments, They Still Fail on the Substance.

### *A. Defendants Concede That Their Merits Arguments Do Not Apply to the Entirety of the RFPs.*

As an initial matter, even if the Court accepts Defendants' arguments about the merits of their 19th Affirmative Defense, it should still compel them to produce all responsive documents to RFP Nos. 58(a), (b), and (d); and 59(a). Defendants do not argue that these RFPs could be used to show mistake of fact, fraud or material breach of settlement. Dkt. 486 at 3. Accordingly, they have not even tried to make "particularized showing of good cause" for a protective order blocking them. *Phillips*, 307 F.3d at 1211.

***B. The RFPs Are Relevant to Defendants' Attempt to Enforce the Settlement Agreements In this Court.***

Defendants' defense of release and settlement is an assertion of their contractual rights under the prior settlement agreements. *See* Dkt. 371 (Defs.' Mot. to Dismiss) at 7–14; *see also Brown v. El Dorado Union High Sch. Dist.*, 76 Cal. App. 5th 1003, 1023 (2022) ("[C]ontract principles apply when interpreting a release . . . ." (citation omitted)). Accordingly, they do not and cannot contend that the question of whether the settlements were fraudulently induced is irrelevant to this defense. *See* Dkt. 486 at 2–3; *Architects & Contractors Estimating Servs., Inc. v. Smith*, 164 Cal. App. 3d 1001, 1008 (1985).

They now argue, however, that this Court is the wrong forum in which to adjudicate their contractual defense.[2] *See* Dkt. 486 at 2; *see also* Ex. 5 (Oct. 9, 2026 Hr'g. Tr.) at 62:10–17. But the Court should reject this argument because they have waived it by actively litigating the defense here—both in their motion to dismiss and in their answer, *see* Dkt. 433 at 156; Dkt. 371 at 7–14—instead of filing suit to enforce the settlement agreement, or urging the JPML to consolidate this MDL in the Northern District of Illinois. *See* Ex. 4 (Defs.' Resp. to Mot. to Transfer, Dkt. 26, MDL 3144 (JPML Jan. 3, 2025)) at 19–20.

By asserting the defense in their answer, moving to dismiss on it, and stating their intent to re-raise it later, Defendants have voluntarily injected it into this case. Put simply, they have sought to enforce the settlement agreements here. And to the extent that Defendants are belatedly invoking the forum-selection clauses from the settlement agreements, they have waived their right to enforce those clauses. *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 417–18 (2022) (applying the "ordinary procedural rule" concerning waiver of a contractual right to waiver of arbitration); *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (seeking a "judicial judgment" on a contractual right is inconsistent with, and thus waives, the right to seek adjudication in an arbitral forum (citation omitted)); *see also Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022) (arbitration clause is a kind of forum-selection clause). In *In re Google Assistant Privacy Litigation*, the court found that Google had waived its contractual right to compel arbitration by acting "inconsistent[ly]" with that right by failing to promptly move to compel arbitration and instead litigating the merits. No. 19-CV-04286, 2024 WL 251407, at *4–6 (N.D. Cal. Jan. 23, 2024). Just so here. Defendants *never* asserted their right to

---

[2] Defendants use the word "jurisdiction," a notoriously slippery term. *See, e.g.*, *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) ("Jurisdiction . . . is a word of many, too many, meanings." (citation omitted)). But in the context of the contractual defense of release, Defendants are referring to proper *venue* rather than to subject-matter jurisdiction. Because this Court undisputedly has subject-matter jurisdiction over the claims here, it has jurisdiction over defenses to those claims. *See United States v. Kernen Constr.*, 349 F. Supp. 3d 988, 998 (E.D. Cal. 2018). A contractual forum-selection clause cannot divest a federal court of congressionally conferred subject-matter jurisdiction. *See Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 666 (10th Cir. 2020).

have the Northern District of Illinois consider the merits of their release defense until Plaintiffs served these RFPs. Accordingly, Defendants have waived the contractual right to have the Northern District of Illinois enforce these contracts.

If the Court engages in Defendants' merits argument, it should find that they have waived their contractual rights to select which forum should decide the merits of its release defense.

### ***C. RFP Nos. 58 and 59 Go to Plaintiffs' Forthcoming Claim in the Alternative That Defendants Fraudulent Induced the Prior Settlements.***

Plaintiffs intend to amend their complaint to add a claim in the alternative that Defendants fraudulently induced the plaintiffs in *T.K.* and *Privacy MDL* to agree to the settlements by promising to cease their privacy violations when they never had any intention of doing so. A plaintiff may take discovery on forthcoming claims when, as is the case here, the claims are grounded in already-pleaded allegations or judicially noticeable materials. *See, e.g.*, Ex. 6 (*Berman v. Freedom Financial Network, LLC*, No. 18-cv-01060-YGR, Dkt. 211 (N.D.Cal. Order, Oct. 24, 2019)) at 1 ("All parties shall be permitted to take oral and written discovery relevant to the allegations in any proposed amended complaint).

This is no "fishing expedition" (Dkt. 486 at 3); Plaintiffs' intended claims are concretely defined and grounded in prior allegations and judicially noticeable materials. In *T.K.*, the plaintiffs agreed to settle their case on the belief that TikTok would comply with COPPA going forward. Dkt. 371-2 (*T.K.* draft complaint), ¶¶ 321, 322. But Defendants violated the 2019 FTC settlement from the very beginning. Dkt. 358 (SACC), ¶¶ 1, 12–13, 216, 243–49. Similarly, in *Privacy MDL*, the plaintiffs settled in 2022 on Defendants' promises that they would cease engaging in data misconduct such as collecting users' clipboard data. Defendants' Ex. D (*Privacy MDL* Settlement), at 9 § 6.1.3. But in 2025, the State of Alabama sued TikTok alleging, inter alia, that TikTok collects exactly that data. Ex. 7 (*State of Alabama ex rel. Marshall v. TikTok, Inc. et al.*, Complaint), ¶ 60.[3]

The jurisdiction retained by the *T.K.* and *Privacy MDL* courts does not encompass claims that the settlements themselves were fraudulently induced. *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206 (5th Cir. 2023). Defendants' attempt to distinguish *National Oilwell* mischaracterizes it. Dkt. 486 at 5 n.2. The Fifth Circuit affirmed that a court with ancillary jurisdiction over a settlement may enforce that settlement, but it also held that where a settlement is fraudulently induced, "'the fraud has no necessary connection with the settlement's enforcement or nonenforcement'" and that finding ancillary jurisdiction "'would stretch retained jurisdiction too far.'" *Nat'l Oilwell*, 68 F.4th at 215 (quoting *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 452 (5th Cir. 2022). In other words, while a settlement court may enforce a settlement agreement over which it has retained ancillary jurisdiction, adjudicating a

---

[3] *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (taking judicial notice of documents filed in other litigation).

claim that the settlement agreement was fraudulently induced does not fall within the scope of the ancillary jurisdiction.

*Vikas* is instructive. There, the parties settled and the district court retained jurisdiction. *Vikas*, 23 F.4th at 447. Later, the district court, acting through its ancillary jurisdiction, found that Vikas had breached the settlement agreement and induced the other party into it through fraud. *Id.* The Fifth Circuit found that the district court's ancillary jurisdiction allowed it to decide the breach of settlement claim but not the fraud claim, so it vacated the district court's ruling on the fraud claim. *Id.* at 447, 452. Under *National Oilwell* and *Vikas*, neither the *T.K.* court nor the *Privacy MDL* court could hear Plaintiffs' forthcoming fraud in the inducement claim without a separate basis for subject-matter jurisdiction.

Lastly, Plaintiffs' fraud claim will not be a collateral attack on the settlements or the judgments. To the contrary, a fraud claim *presupposes* that they are valid—that they have successfully deprived Plaintiffs of their claims in this case, thereby injuring them. Nor is a fraud claim barred by any preclusion doctrine. *See Great Plains Educ. Found., Inc. v. Student Loan Fin. Corp.*, 954 N.W.2d 844, 851–52 (Minn. Ct. App. 2020).

Thus, if Your Honor chooses to consider Defendants' merits arguments, it should rule that this Court, not the *T.K.* and *Privacy MDL* courts, has subject-matter jurisdiction over Plaintiffs' forthcoming claim that Defendants fraudulently procured those settlements.

**IV. Defendants' Other Arguments Do Not Move the Ball.**

Defendants' discussion of *Treadaway v. Acad. of Motion Picture Arts & Scis*., 783 F.2d 1418, 1421 (9th Cir. 1986) is off point. Dkt. 486 at 6. There, Ninth Circuit found that considerations of comity between different courts justified the district court's dismissal of the action. *Treadaway*, 783 F.2d at 1421. *Treadaway* is an attempt to litigate the merits of Defendants' defense and is irrelevant to this discovery dispute.

In arguing that RFPs 58 and 59 are not relevant to class certification because "[n]othing in the parties' settlement communications could possibly bear on the temporal impact of the prior releases on Plaintiffs' claims," Defendants miss the point entirely. Dkt. 486 at 6. Plaintiffs are not arguing that responsive documents will adjust the temporal scope of the class definition. They argue that this discovery is justified to show that the prior cases' claims and their own claims do not share an identical factual predicate so that the prior cases have no impact here.

Finally, Defendants appear to have dropped their argument that California's mediation privilege does not require them to log their privilege claims. *See* Dkt. 486 at 6 n.4. In any event, the argument was meritless. *See* Dkt. 483 at 1. Defendants must produce a privilege log.

Plaintiffs respectfully request that Your Honor deny Defendants' request for a protective order and compel Defendants to produce all non-privileged documents responsive to these RFPs.

Sincerely,

Derek W. Loeser

DWL:bes